Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

*Attorneys for Plaintiff and the Proposed Classes in*
*Pure Sweat Basketball, Inc. v. Google LLC, et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br> v. <br><br> GOOGLE LLC, *et al.*, <br><br> Defendants. | No. 3:20-cv-05671-JD <br><br> **PURE SWEAT BASKETBALL, INC.'S RESPONSE TO *SUA SPONTE* JUDICIAL REFERRAL FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES** |

## I.      INTRODUCTION

On August 31, 2020, pursuant to Civil L.R. 3-12(c), the Hon. Edward M. Chen issued a *Sua Sponte* Judicial Referral for Purposes of Determining Relationship of Cases in *Pure Sweat Basketball, Inc. v. Google LLC*, *et al.*, N.D. Cal. No. 20-cv-05792-EMC.  This referral is docketed at ECF No. 25 in the instant matter, *Epic Games, Inc. v. Google LLC, et al.*[1] The order asks this Court to determine whether the *Pure Sweat Basketball, Inc. v. Google LLC, et al.* case is related to above-captioned *Epic Games, Inc. v. Google LLC, et al.* matter. In the view of Pure Sweat Basketball, Inc., plaintiff in *Pure Sweat Basketball v. Google*, the answer is no.

Judge Chen's order also asks Judge Gonzales Rogers to determine whether the *Pure Sweat Basketball v. Google* case is related to *Cameron, et al. v. Apple Inc.*, N.D. Cal. No. 19-cv-03074-YGR or *Epic Games, Inc. v. Apple Inc.*, N.D. Cal. No. 20-cv-05640-YGR. In the view of Pure Sweat Basketball, Inc., the answer within the meaning of the local court rule is yes.[2]

## II.      PERTINENT FACTS

*Pure Sweat Basketball v. Google*, like the *Cameron* case pending before Judge Gonzalez Rogers, is a proposed class action brought by app and in-app product developers.[3]  In both of those matters, plaintiffs allege injuries based on willful monopolization, attempted monopolization,[4] and

---

[1] Judge Gonzalez Rogers previously had related the *Cameron* iOS developer matter to *Pepper v. Apple Inc.*, the long-pending iOS consumer matter that had gone to the Ninth Circuit and then the U.S. Supreme Court for appellate proceedings. *Cameron* ECF No. 40. Another consumer recently filed an Android consumer matter that involves the purchase of Android apps and in-app products. That case is styled *Carr v. Google LLC,* N.D. Cal. No. 20-cv-05761, and it is pending before Judge Labson Freeman of this Court.

[2] Pure Sweat Basketball, Inc., submits the Declaration of Robert F. Lopez in Support of Pure Sweat Basketball, Inc.'s Response to *Sua Sponte* Judicial Referral for Purposes of Determining Relationship of Cases along with this memorandum. It attaches its brief to Judge Gonzalez as Exhibit 3 to the declaration, and the *Epic v. Google* and *Pure Sweat Basketball v. Google* complaints as Exhibits 1 and 2, respectively. These complaints are referenced herein.

[3] Judge Gonzalez Rogers also recently related *Epic Games, Inc. v. Apple Inc.*, No. 20-cv-5640-YGR, to *Cameron*. In that case, Epic Games, the same single developer that is plaintiff in the above-captioned matter, alleges unlawful monopoly and attempted monopolization, and violation of California's UCL, among other laws, based on the behavior of an app store operator and seller of distribution services. *Epic Games, Inc. v. Google LLC et al.*, the case currently pending before this Court, is thus parallel to *Epic Games v. Apple*. (*Compare, generally, Epic v. Google* Compl. (*Epic v. Google* ECF No. 1*), with, generally, Epic v. Apple* Compl. (*Epic v. Apple* ECF No. 1.).)

[4] Plaintiffs in both the *Pure Sweat Basketball* and *Cameron* matters alternatively base their claims on charges of unlawful monopsony, or attempted monopsony.

unfair competition pursuant to California's Unfair Competition Law. In both matters, plaintiffs seek monetary and injunctive relief on behalf of themselves and similarly situated developers. While there are differences between the two cases, plaintiffs in both matters allege injuries within what they allege to be fully discrete, *i.e.*, mutually exclusive, but parallel, markets.

By contrast, *Epic v. Google*, the case pending before this Court, is not a proposed class action. Also, the plaintiff seeks only injunctive relief.

In light of all of the foregoing, Pure Sweat Basketball submits that the criteria for relating these cases under Civil L.R. 3-12(a) is best met as to the *Cameron* matter before Judge Gonzalez Rogers. In its view, the *Pure Sweat Basketball* action is substantially similar for purposes of the present inquiry to *Cameron*, and it would promote judicial efficiency for Judge Gonzalez Rogers to preside over both of those cases.

### III.    ANALYSIS

Civil L.R. 3-12(a) states that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *Pure Sweat Basketball v. Google* meets these criteria with respect to *Cameron v. Apple*.

*First*, those actions "concern substantially the same parties, property, transaction or event" in the sense that the actions speak to the same sorts of circumstances and allegedly anticompetitive behavior and harm.[5] Both are nationwide class actions brought by developers in discrete markets on behalf of groups of application and digital add-on developers in those markets.[6] Also, Pure Sweat Basketball, Inc., is a named plaintiff in both of those matters.

Both cases speak to the monopolization of the distribution systems for apps and in-app products in the Google market(s) on the one hand and the Apple market(s) on the other hand. With respect to each, the plaintiffs and proposed class members purchase distribution services and

---

[5] *See* Civil L.R. 3-12(a)(1).

[6] *Compare Pure Sweat Basketball* Compl., *Pure Sweat Basketball* ECF No. 1, at, *e.g.*, ¶¶ 57-60, 124-37, *with Cameron* Consol. Compl., *Cameron* ECF No. 53, at, *e.g.*, ¶¶ 45-51, 106-111.

payment processing from an app store operator that they claim to be a monopolist (or attempted monopolist). It thus seems likely that Google will assert the same sorts of defenses as Apple in their respective cases.

Further, while those cases do not contain *identical* parties, facts, or claims, that is not required by Civil L.R. 3-12. Rather, the rule requires substantial similarities.[7] Indeed, despite the fact that the iOS developer and consumer cases—*Cameron* and *Pepper*—do not involve identical parties or claims, Judge Gonzalez Rogers previously determined that those matters are related.[8]

*Second*, it appears at this point "likely that there will be" some "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."[9] The Google and Apple cases are discrete, and each will be decided on its own merits. But relating the above-listed actions should promote efficiency and judicial economy. For many years, Judge Gonzalez Rogers has presided over the *Pepper v. Apple* action, which was filed in 2011. And since shortly after iOS developers filed *Cameron* last year, Judge Gonzalez Rogers has presided over that matter, too. Also, Judge Gonzalez Rogers now presides over the *Epic v. Apple* matter, another case about alleged monopolization and the App Store-related distribution system. Judge Gonzalez Rogers' knowledge and experience with respect to Apple's App Store, which Apple operates in its own walled garden, supports relating the *Pure Sweat Basketball* and *Cameron* cases, given that Google operates its own discrete app store, Google Play, with its Google Play-related distribution system, in its own walled garden.

---

[7] *See, e.g.*, *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, No. 14-cv-1130, 2015 WL 4452136, at *12 (N.D. Cal. July 20, 2015) (relating cases involving "substantially the same matter" despite "slightly differing parties" and "a differing underlying FOIA request"); *Fin. Fusion Inc. v. Ablaise Ltd.*, No. 06-2451 PVT, 2006 WL 3734292 at *3 (N.D. Cal. Dec. 18, 2006) (holding cases were related even though different plaintiffs were involved because both plaintiffs were vendors providing contractual services to the same accused infringer); *In re Leapfrog Enters., Inc. Sec. Litig.*, No. 03-cv-5421, 2005 WL 5327775, at *1 (N.D. Cal. July 5, 2005) (relating cases involving different plaintiffs that "name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act").

[8] *See* n.1, *supra*.

[9] *See* Civil L.R. 3-12(a)(2).

By contrast, the difference between *Pure Sweat Basketball v. Google* and *Epic v. Google* are significant, and do not support relation. *See, e.g., Tecson v. Lyft, Inc.*, No. 18-cv-06792-YGR, 2019 WL 1903263, *1-4 (N.D. Cal. Apr. 29, 2019). There, the court denied a motion to relate though there were Lyft-text-message recipients as plaintiffs in *both* cases and the same defendant in both as well. In *Tecson*, the court observed that "the putative classes in each case would likely be significantly different, if not wholly separate from each other." *See id.* at *3. Here, of course, plaintiff Epic does not even seek to represent a class, and it seeks only injunctive relief, both of which contrast with the relief sought by the plaintiff in *Pure Sweat Basketball.* Thus, as the court observed in *Tecson*, "[t]he instant action and the [purportedly related action] involve different facts and claims so the judge in each case would be focused on resolving separate issues of law and fact for different parties. *Id.* For that reason, "[t]he rulings in each case would not interfere with one another." *See id.* at *4.

In sum, in Pure Sweat Basketball, Inc.'s view, failure to relate the *Pure Sweat Basketball* action to *Cameron* could result in "an unduly burdensome duplication of labor and expense," whereas relating those cases would provide for adjudication by a judge who is already acquainted with class claims involving an app store as well as app and in-app product distribution systems. And while each case has its own merits and discrete factual and legal considerations,[10] nonetheless, conducting the *Pure Sweat Basketball* case before Judge Gonzalez Rogers also will reduce the risk, whatever the magnitude, of conflicting results and promote the just and efficient resolution of both of those actions.

## IV.    CONCLUSION

In light of the fact that the *Cameron v. Apple* and *Pepper v. Apple* actions, as well as the *Epic v. Apple* action, already have been deemed related by Judge Gonzales Rogers, and given that Court's experience with those cases and the opportunities for further efficiency and judicial economy, Pure Sweat Basketball, Inc., respectfully requests that this Court find and order that the *Pure Sweat Basketball v. Google* action is not related to above-captioned *Epic v. Google* matter.

---

[10] The summaries and characterizations in this memorandum are not meant to substitute for the actual factual allegations and claims stated in the *Pure Sweat Basketball* and *Cameron* complaints, or in other pleadings and documents filed, or to be filed, in those separate cases. They are made solely for purposes of addressing considerations set forth in Civil L.R. 3-12 at this point in time.

1    DATED: September 4, 2020                HAGENS BERMAN SOBOL SHAPIRO LLP

2                                            By:  _/s/ Steve W. Berman_____

3                                                 Steve W. Berman (*pro hac vice*)
                                             Robert F. Lopez (*pro hac vice*)
4                                            1301 Second Ave., Suite 2000
                                             Seattle, WA 98101
5                                            Telephone: (206) 623-7292
                                             Facsimile:  (206) 623-0594
6                                            steve@hbsslaw.com
                                             robl@hbsslaw.com
7

8                                            Benjamin J. Siegel (SBN 256260)
                                             HAGENS BERMAN SOBOL SHAPIRO LLP
9                                            715 Hearst Avenue, Suite 202
                                             Berkeley, CA 94710
10                                           Telephone: (510) 725-3000
                                             Facsimile:  (510) 725-3001
11                                           bens@hbsslaw.com

12                                           *Attorneys for Plaintiff and the Proposed Classes in Pure*
                                             *Sweat Basketball, Inc. v. Google LLC, et al.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28