Bonny E. Sweeney (SBN 176174)
Samantha J. Stein (SBN 302034)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
bsweeney@hausfeld.com
sstein@hausfeld.com

*Counsel for Plaintiff Peekya Services, Inc.
and the Proposed Class*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EPIC GAMES, INC.,**<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**GOOGLE LLC; GOOGLE IRELAND LIMITED; GOOGLE COMMERCE LIMITED; GOOGLE ASIA PACIFIC PTE. LIMITED; and GOOGLE PAYMENT CORP.,**<br><br>　　　　　　　Defendants. | Case No. 3:20-cv-05671-JD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED, PURSUANT TO CIVIL L.R. 3-12** |

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED,
PURSUANT TO CIVIL L.R. 3-12

## I. Introduction

Plaintiff Peekya Services, Inc. respectfully moves this Court, pursuant to Civil Local Rule 3-12 to consider whether its recently filed case, *Peekya Services Inc., v. Google LLC et al.*, Case No. 3:20-cv-06772 (filed September 29, 2020), should be related to *Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD ("*Epic*"), the lowest-numbered, related case. *See also* Related Case Orders (ECF Nos. 42 and 46, respectively).

On August 13, 2020, app distributor Epic Games, Inc. filed an antitrust action against Google, alleging that Google's unlawful monopolization of and exclusionary conduct in the market in which Android apps are distributed enables Google to impose a supracompetitive 30% tax on apps purchased from the Google Play Store. App developers and consumers filed damages class actions on August 15 and 17, respectively (*Carr v. Google LLC et al.*, Case No. 20-cv-05761-JD (filed August 15, 2020), and *Pure Sweat Basketball, Inc. v. Google LLC et al.*, Case No. 20-cv-05792-JD (filed August 17, 2020)).

This Court found that the *Carr* consumer class action and the *Pure Sweat Basketball* app developer class action are both related to the *Epic* case, and ordered them related on September 9 and 10, 2020. Related Case Order, ECF No. 42 (September 9, 2020); Related Case Order, ECF No. 46 (September 10, 2020).

Plaintiff Peekya filed an app developer damages class action against Google on September 29, 2020. Like the *Epic*, *Carr*, and *Pure Sweat Basketball* cases, Peekya alleges that Google unlawfully monopolizes the relevant market and engages in unlawful exclusionary conduct in violation of federal and state antitrust and unfair competition laws. Like the *Pure Sweat Basketball* case, Peekya seeks to certify a damages class action on behalf of app developers that distribute their apps through the Google Play Store.

## II. Legal Standard for Relating Cases

"Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this

1

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE REALTED, PURSUANT TO CIVIL L.R. 3-12

District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b).

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

### III. The Actions Should be Related

Peekya's complaint involves substantially the same subject matter and parties as the *Epic*, *Carr*, and *Pure Sweat Basketball* cases. Each complaint names as defendants Google LLC, Google Ireland Limited, Google Commerce Limited, and Google Asia Pacific PTE Ltd.; challenges Google's conduct with regard to the Google Play Store; and alleges that Google engaged in unlawful monopolization and unreasonable restraints of trade in violation of federal and antitrust and unfair competition laws. All the plaintiffs share theories of anticompetitive harm and will seek the same or similar discovery from the Google entities, thus rendering separate actions before different courts unduly duplicative, burdensome, and likely to result in conflicting results.

### IV. Conclusion

For the reasons set forth above, Plaintiff respectfully requests that the Court order the Peekya action related to *Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671, the lowest-numbered case.

Dated: September 29, 2020

Respectfully submitted,

By: /s/ *Bonny E. Sweeney*
Bonny E. Sweeney (SBN 176174)
Samantha J. Stein (SBN 302034)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel.: (415) 633-1908 (main)
Tel.: (415) 633-1953 (direct)

2
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE REALTED, PURSUANT TO CIVIL L.R. 3-12


Fax: (415) 358-4980
bsweeney@hausfeld.com
sstein@hausfeld.com

Melinda R. Coolidge (*pro hac vice forthcoming*)
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Tel.: (202) 540-7200 (main)
Tel.: (202) 540-7144 (direct)
Fax: (202) 540-7201
mcoolidge@hausfeld.com

Katie R. Beran (*pro hac vice forthcoming*)
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel.: (215) 985-3270 (main)
Tel.: (267) 702-3215 (direct)
Fax: (215) 985-3271
kberan@hausfeld.com

Scott A. Martin (*pro hac vice forthcoming*)
Irving Scher (*pro hac vice forthcoming*)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel.: (646) 357-1100 (main)
Tel.: (646) 357-1195 (direct)
Fax: (212) 202-4322
smartin@hausfeld.com
ischer@hausfeld.com

Michael Lewis (*pro hac vice pending*)
**The Lewis Firm PLLC**
1300 I Street NW, Suite 400E
Washington, DC 20005
Tel.: (202) 355-8895
Fax: (888) 430-6695
mlewis@lewis-firm.com

*Counsel for Plaintiffs Peekya Services, Inc. and the Proposed Class*

3

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE REALTED, PURSUANT TO CIVIL L.R. 3-12