David Azar (State Bar No. 218319)
dazar@milberg.com
**MILBERG PHILLIPS GROSSMAN LLP**
16755 Von Karman Avenue, Suite 200
Irvine, California 92606
Telephone:  212-594-5300
Facsimile:  212-868-1229

Peggy J. Wedgworth (*pro hac vice forthcoming*)
pwedgworth@milberg.com
Robert A. Wallner (*pro hac vice forthcoming*)
rwallner@milberg.com
Elizabeth McKenna (*pro hac vice forthcoming*)
emckenna@milberg.com
Blake Yagman (*pro hac vice forthcoming*)
byagman@milberg.com
Michael Acciavatti (*pro hac forthcoming*)*
macciavatti@milberg.com
*admitted only in Pennsylvania
**MILBERG PHILLIPS GROSSMAN LLP**
One Penn Plaza, Suite 1920
New York, New York 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC., | CASE NO. 3:20-cv-05671-JD |
| Plaintiff, | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12** |
| v. | |
| GOOGLE LLC; GOOGLE IRELAND LIMITED; GOOGLE COMMERCE LIMITED; GOOGLE ASIA PACIFIC PTE. LIMITED; and GOOGLE PAYMENT CORP., | |
| Defendants. | |

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
PURSUANT TO CIVIL L.R. 3-12

Pursuant to Civil Local Rule 3-12, Plaintiffs Dianne Bentley, Jennifer Grace, Adan Moya, Coresa Trimble, and Robert Wing (collectively, "Plaintiffs") respectfully move this Court to consider whether their recently filed case, *Bentley et al. v. Google LLC et al.*, No. 5:20-cv-07079 (filed Oct. 9, 2020) ("*Bentley*"), should be related to *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD ("*Epic*"), the lowest-numbered, related case. *See also* Related Case Orders, ECF Nos. 42 and 46.

## I.      Relevant Background

On August 13, 2020, app distributor, Epic Games, Inc., filed an antitrust action against Google, alleging that Google's unlawful monopolization of and exclusionary conduct in the market in which Android apps are distributed enables Google to impose a supra-competitive 30% tax on apps purchased from the Google Play Store. Class actions on behalf of app developers and consumers were filed on August 16 and 17, 2020, respectively: *Carr v. Google LLC et al.*, No. 20-cv-05761-JD (Aug. 16, 2020) ("*Carr*"), and *Pure Sweat Basketball, Inc. v. Google LLC et al.*, No. 20-cv-05792-JD (Aug. 17, 2020) ("*Pure Sweat Basketball*"). This Court ordered the *Carr* consumer class action and the *Pure Sweat Basketball* app developer class action related to the *Epic* case on September 9 and 10, 2020, respectively. *See* Related Case Orders ECF No. 42 (Sept. 9, 2020) and 46 (Sept. 10, 2020). The app developer class action, *Peekya Services Inc., v. Google LLC et al.*, No. 3:20-cv-06772-JD ("*Peekya Services*"), was filed against Google on September 29, 2020, containing substantially the same allegations. At the Initial Case Management Conference held on October 8, 2020, this Court noted that "[c]onsolidation for all pre-trial and trial purposes is limited to *Carr*, 20-5761, and *Pure Sweat*, 20-5792, as well as *Peekya Services*, 20-6772, which is related without opposition. Plaintiffs in those cases will file a consolidated amended complaint by October 21, 2020." *See* Civil Minutes of Initial Case Management Proceedings, ECF No. 66 (Oct. 9, 2020). This Court ordered the *Peekya Services* class action related to the *Epic* case on October 9, 2020. *See* Related Case Order, ECF No. 67 (Oct. 9, 2020). On October 9, 2020, Plaintiffs filed *Bentley et al. v. Google LLC et al.*, No. 5:20-cv-07079, a second consumer class action.

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
PURSUANT TO CIVIL L.R. 3-12

## II.      Legal Standard for Relating Cases

"Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b). Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

## III.      The Actions Should be Related

The *Bentley* action involves substantially the same subject matter and defendants as the *Epic*, *Carr*, *Pure Sweat Basketball*, and *Peekya Services* cases. Each complaint names as defendants Google LLC, Google Ireland Limited, Google Commerce Limited, and Google Asia Pacific PTE. Ltd.; challenges Google's conduct with regard to the Google Play Store; and alleges that Google engaged in unlawful monopolization and restraints of trade, in violation of federal antitrust law. Plaintiffs in each of the cases likely will seek the same or similar discovery from the Google entities and non-parties, and Google likely will proffer common factual and legal defenses and expert witnesses in each of the cases, thus rendering separate actions before different courts unduly duplicative, burdensome, and likely to result in conflicting results.

## IV.      Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court order the *Bentley* case related to *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671, the lowest-numbered case.

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
PURSUANT TO CIVIL L.R. 3-12

1   Dated:  October 13, 2020                Respectfully submitted,

2                                           **MILBERG PHILLIPS GROSSMAN LLP**

3

4                                           */s/ David Azar*

5                                           David Azar (State Bar No. 218319)
                                            dazar@milberg.com
6                                           16755 Von Karman Avenue, Suite 200
                                            Irvine, California 92606
7                                           Telephone: (212) 594-5300
                                            Facsimile: (212) 868-1229

8
                                            Peggy J. Wedgworth (*pro hac vice forthcoming*)
9                                           pwedgworth@milberg.com
                                            Robert A. Wallner (*pro hac vice forthcoming*)
10                                          rwallner@milberg.com
                                            Elizabeth McKenna (*pro hac vice forthcoming*)
11                                          emckenna@milberg.com
                                            Blake Yagman (*pro hac vice forthcoming*)
12                                          byagman@milberg.com
                                            Michael Acciavatti (*pro hac forthcoming*)*
13                                          macciavatti@milberg.com
                                            *admitted only in Pennsylvania
14                                          **MILBERG PHILLIPS GROSSMAN LLP**
                                            One Penn Plaza, Suite 1920
15                                          New York, New York 10119
                                            Telephone: 212-594-5300
16                                          Facsimile: 212-868-1229

17
                                            *Attorneys for Plaintiffs and the Proposed Class*
18

19

20

21

22

23

24

25

26

27

                                            3
28   ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
                        PURSUANT TO CIVIL L.R. 3-12