**Pages 1 - 14**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

| | |
|---|---|
| EPIC GAMES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | **NO. C 20-05671 JD** |
| ) | |
| GOOGLE LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| MARY CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | **NO. C 20-05761 JD** |
| ) | |
| GOOGLE LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

San Francisco, California
Thursday, October 8, 2020

**TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**(CAPTION AND APPEARANCES CONTINUED ON NEXT PAGE)**

Reported By:      Marla F. Knox, RPR, CRR, RMR
                  Official Reporter

```
               UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge


PURE SWEAT BASKETBALL, INC.,   )
                               )
           Plaintiff,          )
                               )
  VS.                          )    NO. C 20-05792 JD
                               )
GOOGLE LLC, et al.,            )
                               )
           Defendants.         )
                               )
```

**APPEARANCES**:

For Plaintiff Epic Games, Inc.:

                CRAVATH, SWAINE & MOORE LLP
                Worldwide Plaza
                825 Eight Avenue
                New York, New York  10019
        **BY:  GARY A. BORNSTEIN, ATTORNEY AT LAW**


For Plaintiff Mary Carr:

                KOREIN TILLERY LLC
                505 N. 7th Street - Suite 3600
                St. Louis, Missouri  63101
        **BY:  JAMIE L. BOYER, ATTORNEY AT LAW**

For Plaintiff Pure Sweat Basketball:

                HAGENS BERMAN SOBOL SHAPIRO LLP
                1918 Eighth Avenue - Suite 3300
                Seattle, Washington  98101
        **BY:  STEVE W. BERMAN, ATTORNEY AT LAW**


**(APPEARANCES CONTINUED ON NEXT PAGE)**

**APPEARANCES:  (CONT'D)**

For Peekya Services, Inc.:

            HAUSFELD LLP
            600 Montgomery Street - Suite 3200
            San Francisco, California  94111
    BY:  **BONNY E. SWEENEY, ATTORNEY AT LAW**

For Google LLC:

            MORGAN LEWIS AND BOCKIUS LLP
            One Market - Spear Street Tower
            San Francisco, California  94105
    BY:  **BRIAN C. ROCCA, ATTORNEY AT LAW**

| | |
|---|---|
| 1 | **Thursday - October 8, 2020**                                    **11:14 a.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |

4  **THE CLERK:** Calling related action civil 20-5671, Epic
5  Games, Inc. versus Google, Inc.; civil 20-5761, Carr versus
6  Google LLC and civil 20-5792, Pure Sweat Basketball, Inc.
7  versus Google, Inc.
8     Will Counsel for Plaintiff Epic, please state your
9  appearance.
10                     (No response.)
11     **THE COURT:** You are on mute.
12     **THE CLERK:** Everyone, unmute your Zoom, please.
13     **MR. BORNSTEIN:** Your Honor, this is Gary Bornstein for
14  Epic. And I'm actually expected to be joined by my co-counsel,
15  Mr. Even who was intending to take the lead on this conference
16  and on the matters in the parties' statement.
17     **THE COURT:** Well --
18     **MR. BORNSTEIN:** I know he is available.
19     **THE COURT:** Well, you are lead counsel now. Let's
20  keep going with the appearances. Who is next?
21     **THE CLERK:** Plaintiffs for Carr?
22     **MS. BOYER:** Good morning, Your Honor, this is Jamie
23  Boyer for Plaintiff Mary Carr.
24     **THE COURT:** For Mary Carr; is that right?
25     **MS. BOYER:** Yes.

1         **THE COURT:**  All right.
2         **THE CLERK:**  Counsel, for Pure Sweat Basketball.
3         **MR. BERMAN:**  Good morning, Your Honor, Steve Berman on
4    behalf of Pure Sweat.
5         **THE CLERK:**  Okay.  Can I have Defense for -- in the
6    Epic case, please state your appearance.
7         **MR. ROCCA:**  Brian Rocca --
8         **THE COURT:**  No, no.  Sorry, there is one more
9    Plaintiff, Ms. Sweeney, Peekya.
10        **THE CLERK:**  Oh, yes, for Peekya.  Counsel for Peekya.
11                    (No response.)
12        **THE COURT:**  Ms. Sweeney, you are on mute.
13        **MS. SWEENEY:**  Good morning, Your Honor, Bonny Sweeney
14   from Hausfeld for Peekya Services, Inc.  We are not in this
15   case yet, but we filed a motion to relate to the Epic case.
16        **THE COURT:**  Do you know if that's going to be opposed?
17   Have you heard from --
18        **MS. SWEENEY:**  I believe it's not, but I will let other
19   counsel speak for their clients, Your Honor.
20        **THE COURT:**  Mr. Rocca, why don't you make your
21   appearance.
22        **MR. ROCCA:**  Good morning, Your Honor, Brian Rocca of
23   Morgan Lewis representing Google.
24        **THE COURT:**  Any opposition to Peekya's motion to
25   relate?

1          **MR. ROCCA:**  Not from Google, Your Honor.

2          **THE COURT:**  Okay.  All right.  Well, I may just end up
3  doing it sooner rather than later because it's time to get the
4  trains out of the station.

5          Okay.  Now, I am concerned.  I see the seeds of chaos.
6  I'm not saying they have germinated or flowered yet, but I do
7  see the seeds of chaos.

8          Now, I don't want to get into a -- I'm not going to single
9  anybody out or do anything that would be perceived as
10 disciplinary.  You know, it was pretty clear that this was a
11 case management conference, and so people need to file joint
12 statements.

13         This is not the time to do talmudic readings, text orders.
14 This is the time to pitch in and get things done.  So don't let
15 this happen again.

16         When I ask for a joint statement, it needs to be joint.
17 And that means that everybody needs to participate.

18         The second thing is I'm a little mystified about how one
19 group of people can think you had a Rule 26(f) conference and
20 the other group of people could think that you didn't.

21         In my experience -- and this goes back to -- I'm not going
22 to tell you how far back it goes.  It goes back more than a
23 couple of decades -- I have never been in a situation or heard
24 of a situation where two parties were confused about whether
25 they had a Rule 26(f) conference or not.

1   So here is what I want to do:  I'm going to turn it over
2   to you.  You-all are going to get together by this Friday and
3   come up with a master plan on how we are going to go forward.
4        I'm not going to order full consolidation at this time.  I
5   do think there is enough difference among the Plaintiff groups
6   that -- and it doesn't necessarily make sense.
7        As I would do in typical, for example, Section 1 antitrust
8   case, I almost always would consolidate.  I think that is less
9   sensible here.
10       So I'm not saying that day won't happen, but for now we
11  are not going to formally consolidate; but we are going to come
12  up with a very tight coordinated schedule and discovery
13  practices and briefing practices to the extent we can.
14       Now, I'm as I said, you-all are going to make that happen.
15  So you-all get together by this Friday and come up with a
16  master plan on how we are going to make discovery efficient but
17  not burdensome.  You know, no multiple depositions.  No
18  producing the same document five times.  All of that.  You
19  know, your ESI and protective orders, make sure you get those
20  in place.
21       If there is any dispute, my default is the standard form
22  orders on the website.  All right.  Just a word to the wise --
23  and you all are qualified for that -- I'm not going to
24  adjudicate disputes over ESI orders or protective orders.  If
25  you reach an agreement, that's great.  If you don't, I will

1  just enter the form order on the website.  All right.
2      And, by the way, on that note, please, please, do me the
3  favor and yourself the favor of reading my last several orders
4  on motions to seal.  I follow the rules that I have let out --
5  set out in those motions.
6      This is a courtroom of the people of the United States.
7  This is not a private arbitration where everything is swept
8  under the rug and kept out of the public eye.
9      Now, there is no question that a very small handful of
10 things may be subject to sealing.  Those are typically trade
11 secrets; commercially sensitive information that would have a
12 damaging or detrimental impact on the party if disclosed.
13 Short of that, you have an uphill road to walk under governing
14 precedent and my orders on sealing.
15      So before you submit -- I'm just projecting this based on
16 other cases -- before you submit a request to seal 50 or 60
17 documents, read my orders because I will not -- we are not
18 going to -- if you don't follow my orders from the get-go, it
19 is just going to come right back to you.  Okay.
20      And so you will save yourself a lot of time, and you will
21 save me some work too if you just adhere to those closely.
22 Just go on Westlaw and you will find them.  I have had a couple
23 in the last six months in particular where I have put a finer
24 point on the sealing process that I want parties to follow.
25      Outside of that, I'm looking forward to hearing from you

1    about how you want to do the briefs.  Whatever you would like
2    is generally fine.  You know, since it is consolidated, I'm
3    more than happy to give extra pages.  That's not an issue.
4         Let me just tell you what I have done in other antitrust
5    cases -- this has worked out quite well -- the legal issues
6    are, you know, typically shared in common.  So one brief on
7    that is fine.
8         On occasion a party -- this is less true here because
9    there is a single Defendant -- but on occasion a party may have
10   some facts specific to that party that may or may not have an
11   impact on the application over rule of law.  And so I typically
12   would say that party can have five extra pages as long as it is
13   unique, you know, to explain why something is different.
14        It may be in this case the Plaintiffs have that because
15   the Plaintiff classes are so different.  And that's fine.
16   Okay.  So I'm perfectly happy with that.
17        I would suggest if you -- you know, I know you do have the
18   time.  So go and look through my antitrust MDL; all right.
19   It's for -- it's called *In Re: Capacitors*.  And look at some of
20   the early consolidation and scheduling orders that I issued
21   which provided substantial guidance on how to do all of this.
22        And that would be a good basis for your discussion, you
23   know, sometime between now and Friday on what to do.
24        Now, after you have this discussion -- and just for -- to
25   be clear, this is now your official Rule 26(f) conference which

 1  you will complete by Friday.  You need to file by Wednesday --
 2  one second -- oh, yes, that's tomorrow.  Just get it done by
 3  tomorrow.  How about Monday?  Is Monday better?  You want to do
 4  it through Monday?
 5          **MR. BORNSTEIN:**  Yes.
 6          **THE COURT:**  Actually Monday -- Monday is technically a
 7  Federal holiday but you tell me.  Who would like through
 8  Monday?  Who would like through Tuesday?  Let me start -- I
 9  will just look at my screen.  Mr. Rocca, Tuesday or Monday?
10          **MR. ROCCA:**  Your Honor, I think Tuesday is more
11  realistic in light of the number of counsel involved.
12          **THE COURT:**  All right.  Ms. Sweeney, you are not
13  officially here yet.  Mr. Bornstein?
14          **MR. BORNSTEIN:**  I'm not going to quibble over a day,
15  Your Honor, that's fine.
16          **THE COURT:**  Tuesday.  Okay.  Mr. Berman, Tuesday?
17          **MR. BERMAN:**  Tuesday is great, Your Honor.
18          **THE COURT:**  Ms. Sweeney, you vote for Tuesday?
19          **MS. SWEENEY:**  Yes, Your Honor.
20          **THE COURT:**  You should probably participate, but I
21  don't -- it doesn't sound like there is an opposition to the
22  consolidation motion or relation motion.
23       Okay.  So get that done by Tuesday and then file with me
24  by the following Friday.  I will put dates in the minute order,
25  your plan.

1   Now, this is for me to think about.  But any reasonable
2 suggestions you can bank on my taking.  All right.  So I will
3 leave it up to you to take the lead in organizing the case, and
4 then we will be off after that.
5   All right.  So anything else, Mr. Bornstein?
6     **MR. BORNSTEIN:**  Just one thing, Your Honor, which it
7 might be helpful to get the Court's guidance as we have the
8 discussions which we will have over the weekend heading into
9 Tuesday, which is:  It is clear there is a difference of
10 opinion between the two sides -- Plaintiffs on the one hand and
11 Defendant on the other -- as to whether or not discovery will
12 be stayed pending the motion to dismiss that Google has
13 indicated it will file.
14     **THE COURT:**  Oh, okay, yes.  Let me just short circuit
15 that.  I do not -- except in extraordinary circumstances, which
16 are not present here, I do not -- as is typically the practice,
17 I do not stay discovery pending a motion to dismiss.
18     **MR. BORNSTEIN:**  Thank you for the guidance,
19 Your Honor.
20     **THE COURT:**  All right.  Okay.  Mr. Rocca, anything
21 else?
22     **MR. ROCCA:**  Nothing from Google, Your Honor.
23     **THE COURT:**  All right.  Mr. Berman or Ms. Sweeney,
24 anything else?
25     **MR. BERMAN:**  Just a small technical question for the

1  court.
2          **THE COURT:**  Yes.
3          **MR. BERMAN:**  I assume the order to relate would be
4  granted.  And then the case should also be consolidated, not
5  just related to the Pure Sweat case.  Does Your Honor want us
6  to submit a stipulation?  How do you want to handle the
7  consolidation, Your Honor?
8          **THE COURT:**  You are talking about the Peekya case?
9          **MR. VERRILLI:**  Yes.
10         **THE COURT:**  Is that your plan, Ms. Sweeney?
11         **MS. SWEENEY:**  Yes, Your Honor.  We have already
12 spoken, and we expect that Your Honor will grant the motion.
13 We believe it is appropriate to consolidate.
14         **THE COURT:**  Okay.  So you -- so Peekya wants to be
15 formally consolidated with Pure Sweat Basketball?
16         **MS. SWEENEY:**  Yes, Your Honor.
17         **MR. BERMAN:**  Same class, Your Honor.
18         **THE COURT:**  Well, I'm just thinking.  Let's think out
19 loud.  How about if I just grant that motion today.  And why
20 don't you file a consolidated amended complaint, how about
21 that; just to keep the docket looking clean.  Does that make
22 sense?
23         **MR. BERMAN:**  That was our plan.  We were hoping to do
24 that by October 21st.
25         **THE COURT:**  Okay.  I mean, it's not going to change --

1   well, you don't have to say it.  I presume it will be more or
2   less consistent with what has been said so far.  Is that right?
3           **MR. BERMAN:**  There will be some clarifications in
4   light of additional information that came out this week.
5           **THE COURT:**  It will be in the form of refinements as
6   opposed to revolutions?
7           **MR. BERMAN:**  Yes, Your Honor.
8           **THE COURT:**  In other words, you can still go ahead and
9   have the conference and there won't be anything coming up that
10  will be a surprise?
11          **MR. BERMAN:**  That's correct.
12          **THE COURT:**  Okay.  Great.  That sounds fine.  I will
13  do that.  You can count on that.
14      Ms. Sweeney, anything else?
15          **MS. SWEENEY:**  No, Your Honor.
16          **THE COURT:**  All right.  Well, I'm looking forward to
17  this.
18      Oh, one other thing when we get to experts and -- I'm
19  looking forward to seeing this.  I have been waiting to see a
20  good Section 2 case, and this is a good one.  I do hot tubs.
21  And you may want to look at my two hot tub proceedings in the
22  MDL case I mentioned earlier, *In Re: Capacitors*.
23      I will certainly be doing that again here.  And this time
24  you will have, you know, considerably more advance notice about
25  how that will go and what that will look like and how that

1  might go.
2      You can certainly talk to the lawyers.  I would encourage
3  you to do that.  There were a number of -- a lot of lawyers in
4  the case, and it probably would be good for you to talk to
5  them.
6      And I'm looking to -- I like the process.  It has been
7  extraordinarily helpful to me in dealing with Daubert motions.
8  And I am also, of course, always looking to improve it.  As you
9  talk to Counsel and you hear anything that you think might be
10 worth proposing for us as a group to think about for the hot
11 tub as a potential way of making it better, don't be shy about
12 raising that.  I would be happy to hear it.  But we will have a
13 hot tub when the time comes.
14      Okay.  Thanks very much, everyone.  And I will set all the
15 deadlines out in the minute order.
16          **MR. BORNSTEIN:**  Thank you, Your Honor.
17          **MR. ROCCA:**  Thank you, Your Honor.
18          **MS. SWEENEY:**  Thank you, Your Honor.
19          **MS. BOYER:**  Thank you, Your Honor.
20              (Proceedings adjourned at 11:27 a.m.)
21                       ---oOo---
22
23
24
25

**CERTIFICATE OF REPORTER**

    We certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Thursday, October 8, 2020

_____

Marla F. Knox, RPR, CRR
U.S. Court Reporter