GEORGE A. ZELCS (*pro hac vice*)
gzelcs@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

*Counsel for Plaintiffs and the Proposed Class in Carr v. Google LLC, et al.*

STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Counsel for Plaintiffs and the Proposed Class in Pure Sweat Basketball, Inc. v. Google LLC, et al.*

BONNY E. SWEENEY (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

*Counsel for Plaintiffs Peekya App Services, Inc. and the Proposed Class*

PEGGY J. WEDGWORTH (*pro hac vice*)
pwedgworth@milberg.com
**MILBERG PHILLIPS GROSSMAN LLP**
One Penn Plaza, Suite 1920
New York, New York 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229

*Counsel for Plaintiffs and the Proposed Class in Bentley v. Google LLC, et al.*

[Additional counsel appear on signature page]

PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC, et al.*

BRIAN C. ROCCA (221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

*Counsel for Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte. Ltd. and Google Payment Corp.*

JOINT PROPOSED PLAN FOR DISCOVERY COORDINATION AND CASE SCHEDULING
Case Nos.: 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:20-cv-06772-JD

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC., *Plaintiff,* v. GOOGLE LLC et al., *Defendants.* | Case No. 3:20-cv-05671-JD |
| MARY CARR, et al., *Plaintiffs,* v. GOOGLE LLC et al., *Defendants.* | Case No. 3:20-cv-05761-JD |
| PURE SWEAT BASKETBALL, INC., et. al, *Plaintiffs,* v. GOOGLE LLC et al., *Defendants.* | Case No. 3:20-cv-05792-JD |
| PEEKYA APP SERVICES, INC., et. al, *Plaintiffs,* v. GOOGLE LLC et al., *Defendants.* | Case No. 3:20-cv-06772-JD **JOINT PROPOSED PLAN FOR DISCOVERY COORDINATION AND CASE SCHEDULING** Judge: Hon. James Donato |

Pursuant to the Court's instructions for the Parties in the above-captioned related actions (the "Related Actions") to meet and confer to develop a joint proposed plan on issues related to case scheduling, coordinated discovery, and coordinated briefing (*Epic Games Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD ("*Epic*"), ECF No. 66; *Mary Carr, et al. v. Google LLC, et al.*, Case No. 3:20-cv-05761-JD ("*Carr*"), ECF No. 53; *Pure Sweat Basketball, Inc., et al. v. Google LLC, et al.*, Case No. 3:20-cv-05792-JD ("*Pure Sweat*"), ECF No. 53; and *Peekya App Services., Inc. v. Google LLC et al.*, Case No. 3:20-cv-06772-JD ("*Peekya*"), ECF No. 7), Plaintiff Epic Games, Inc. in *Epic* ("Epic"); Plaintiffs Mary Carr, et al. in *Carr* ("Carr") (Carr, together with Bentley (as defined below),[1] "Consumers"); Plaintiffs Pure Sweat Basketball, Inc., et al. in *Pure Sweat* ("Pure Sweat"); and Plaintiffs Peekya Services, Inc., et al. in *Peekya* ("Peekya") (Peekya, together with Pure Sweat, "Developers"); and Defendants in the Related Actions Google LLC; Google Ireland Limited; Google Commerce Limited.; Google Asia Pacific Pte. Limited.; and Google Payment Corp. (collectively, "Google")[2] (Google, together with Epic, Consumers, and Developers, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Plan for Discovery Coordination and Case Scheduling.

I.   **PRELIMINARY STATEMENT**

The Court directed the Parties to meet and confer by October 13, 2020 regarding issues of case scheduling, coordinated discovery, and coordinated briefing. (*Epic*, ECF No. 66; *Carr*, ECF No. 53; *Pure Sweat*, ECF No. 53; *Peekya*, ECF No. 7.) On October 13, and again on October 15, the Parties met and conferred to discuss the topics outlined in the above Order. The

---

[1] On October 9, 2020, a consumer class lawsuit, *Bentley, et al. v. Google LLC, et al.*, Case No. 5:20-CV-07079 ("*Bentley*"), was filed. On October 13, 2020, Plaintiffs Bentley et al. ("Bentley") moved to relate that action to *Epic*. (*Epic*, ECF No. 68). No Party opposes that motion. Accordingly, counsel for Bentley was included in the scheduling and discovery discussions reflected below and Bentley joins in this submission.

[2] Not all Google entities have been served in each of the actions. The submission of this statement and use of the definition, "Google," does not constitute a waiver of service as to any particular defendant. Relevant counsel will continue to discuss service issues.

Parties are continuing to confer and are hopeful they will reach agreement on most of these topics. The Parties provide below a summary of their agreements thus far, and further submit for the Court's consideration proposed case schedules for the *Epic* case and the Consumers/Developers cases.

In addition, the Court entered an Order instructing the Plaintiffs in *Carr*, *Pure Sweat* and *Peekya* to file a consolidated complaint on or before October 21, 2020. (*Epic*, ECF No. 66). The Developers intend to file a consolidated complaint for their actions on October 21, 2020, and the Consumers intend to file a separate consolidated complaint on that same day. Google does not object to this proposal.

## II.    COORDINATION

### A.    Coordination of Discovery

The Parties have met and conferred regarding a number of discovery coordination issues, including (i) coordination of discovery requests, (ii) document production across the Related Actions, (iii) coordination of fact depositions, and (iv) coordination of third-party discovery. The Parties agree that they will endeavor to coordinate all aspects of discovery as much as reasonably possible among the Related Actions. The Parties are continuing to meet and confer on these issues, and will file with the Court a Stipulation and Proposed Order Regarding Coordination of Discovery (or any dispute related thereto) on or before October 22, 2020, which is seven days before the next joint status conference.

### B.    Electronically Stored Information ("ESI") and Protective Orders

The Parties are continuing to meet and confer regarding the stipulated terms of an ESI Order and a Protective Order and will file with the Court proposed Orders on or before October 22, 2020.

### C.    Disclosures

The Parties agree to serve the information required by Fed. R. Civ. P. 26(a)(1) on counsel for all Parties in the Related Actions by November 9, 2020.

## III. SCHEDULING

### A. Introduction

**Plaintiffs' Position**: All of the Related Actions can proceed simultaneously up to a point, but because of certain differences between the class actions and *Epic*, it is most efficient for the schedules for the class actions, on the one hand, and *Epic*, on the other hand, ultimately to diverge. Specifically, the plaintiffs believe that the cases can be on a unified, overlapping schedule through the completion of fact depositions in *Epic*, *i.e.*, up to the point when the parties in *Epic* turn to expert discovery and the Developers and Consumers move the Court to certify their respective classes. The proposed schedules for the unified and separate portions of *Epic* and the class actions are reflected below.

**Epic's Position:** Epic proposes to hold the trial in *Epic* on February 28, 2022, or as soon thereafter as the Court's calendar permits. Epic's proposal allows 16 months for pre-trial proceedings, consistent with this Court's Standing Order for Civil Cases, which calls for trials to be held "no more than 18 months from the date of the initial conference to trial".

Google's assertion below, that "it does not believe Epic has shown a need for its case to proceed faster than the class cases", is mistaken. Epic needs this case to move to trial with alacrity so that it can distribute its blockbuster game, *Fortnite*, to Android users without the anticompetitive roadblocks imposed by Google. Epic will not delve at length into the merits as Google does below; suffice it to say that at present, *Fortnite* has been removed from the Google Play Store, which distributes over 90% of apps to Android users, and Epic will not be able to return it to that store – or to present all Android users with a viable alternative distribution channel – until it prevails in this Action. Google suggests that Epic can get back to the Google Play Store by providing Google with a *Fortnite* version that "complies" with Google's illegal restrictions. But that is hardly a cure to the harm Epic is suffering. Epic has taken a stand against Google's anticompetitive behavior; Epic is seeking to undo Google's monopoly over app distribution, not help Google sustain it. Google's other proposed "solutions" are just as meaningless; as detailed in

Epic's Complaint, Google has ensured, through a host of technical restrictions, that direct download of apps, including *Fortnite*, is not a viable option for all but the most tech-savvy Android users. And Google's suggestion that Epic can reach Android users by distributing *Fortnite* to users of gaming consoles ignores the fact that the number of Android users dwarfs the number of gaming consoles; simply put, virtually every owner of a gaming console owns a smartphone, but only a small portion of smartphone users own gaming consoles. In short, Epic's harm is clear and concrete, and it is Google that has not shown a need for the *Epic* case to be bogged down by class action issues that might take many months to resolve.[3]

Google also has not shown a need for this case to take more than the 16 months proposed by Epic, let alone the full 24 months Google proposes. Google claims that additional time is necessary to complete third party discovery. Without going into the scope of third party discovery called for in this case, Epic's schedule provides Google and Epic with a full year to complete fact discovery; nothing prevents Google from proceeding with its third party discovery immediately. Google gives no explanation why it needs several months more, or why it believes that third parties that could not be compelled to produce documents by late October of 2021 would nonetheless produce these documents by late February of 2022.

Epic believes its proposed schedule strikes the appropriate balance between the need to obtain discovery, the need to expeditiously resolve this dispute, coordination with the Related Actions, and adherence to this Court's Standing Order.

**Google's Position**: Google's proposals here reflect a compromise from its view that the schedules in these Related Actions should proceed on the same track. Google has maintained from the beginning that, in the interest of efficiency and fairness, the *Epic* and class cases should have the same general discovery periods, the same or similar dispositive motion deadlines, and the same or similar trial dates. Epic, however, continues to demand that its case

---

[3] Google's Seventh Amendment concerns are not fully explained and certainly should not affect case scheduling, as Google seems to concede given its proposed schedules.

proceed on a separate, faster schedule. While Google recognizes that Epic does not need to deal with class certification briefing, it does not believe Epic has shown a need for its case to proceed faster than the class cases. It would be more efficient for the Court to hear dispositive motions, if any, at the same time. Google is also concerned that an earlier *Epic* bench trial on issues that potentially overlap with the issues in a potential jury trial in the class cases may implicate the parties' right to a jury trial under the Seventh Amendment.[4]

Nevertheless, to help resolve this threshold scheduling dispute, Google has offered a compromise position, which allows a separate schedule for the *Epic* case that diverges from the class cases. But separate case schedules must make sense when considered together in context, in particular with respect to discovery burdens on parties and third-parties, and they must provide sufficient time to address the significant third party discovery needs of all Related Actions.

Plaintiffs' complaints implicate a number of third parties, including many that reside outside the United States. First, the complaints challenge Google's agreements with OEMs as anticompetitive, which necessarily requires third party discovery. *See, e.g.,* Epic Compl. ¶¶ 15-17, 81-87, 145 (challenging Google's agreements with OEMs, including specific factual allegations regarding OnePlus, a Chinese OEM, and LG, a Korean OEM). Second, Android is open. App developers who do not find value in Google Play's services have alternatives on Android. They can distribute their app directly via their website, through one of the many other Android app stores, or by working with an Android device maker or carrier to preload their apps. Moreover, app developers can also distribute their apps on devices made by non-party Apple, and game developers, like Epic, can also distribute their games on a number of different consoles made by non-parties. The complaints allege these facts. *See, e.g.,* Epic Compl. ¶¶ 71-72 (alleging alternative app stores from Samsung and LG, both Korean OEMs, and Aptoide, a third-

---

[4] Google respectfully requests the ability to brief potential Seventh Amendment issues before the Court at the appropriate time, likely at the end of fact discovery, when there will be more clarity regarding the overlap between the *Epic* case and the class cases.

party app store from Portugal); ¶¶ 48, 64 (alleging distribution on Apple devices is not in the relevant market); ¶¶ 50, 65 (alleging distribution on Microsoft's Xbox and Sony PlayStation are not in the relevant market).  Third-party discovery will be important, and it will take time.  Google believes the schedule it agreed to with the Developers and Consumers is already aggressive with respect to third party discovery, but is committed to reaching a compromise and working diligently to meet that schedule.  Epic's case schedule, however, is unrealistic.

Epic once again claims it needs to "move to trial with alacrity" so that it can distribute *Fortnite* on Android.  Epic can resubmit a compliant version of *Fortnite* and be back on Google Play in short order if it so chooses.  As the Court in *Epic Games v. Apple* noted in response to Epic's motion for a temporary restraining order, the "current predicament appears of [Epic's] own making."  *Epic Games v. Apple Inc.*, 2020 U.S. Dist. LEXIS 154231, *8 (N.D. Cal. Aug. 24, 2020).  In addition, as Epic has repeatedly publicized, *Fortnite* is currently available to Android users by direct download from Epic's website or through the Samsung Galaxy App Store.  In any event, *Fortnite* remains widely available to consumers through other portable devices (e.g., Nintendo Switch, laptops) or devices that can be primarily played within the home (e.g., Xbox, PlayStation, PCs).

Google also believes that, in the interest of fairness and efficiency it is important to have a unified fact discovery cut-off in the Related Actions.  In the absence of that cut-off, Google is concerned that third parties will be subject to two different discovery cut off dates and the deadlines will not be clear.  That may make it more difficult to coordinate third party discovery (and related negotiations regarding that discovery), and thus expedite any motion practice to enforce third party subpoenas, creating unnecessary burden on both the Court and third parties and leading to inefficiencies.  Discovery from third parties that may be relevant to the *Epic* case will continue to be produced in the class cases after fact discovery technically closes in the *Epic* case.  Epic thus far has not proposed how the parties or the Court should treat such discovery.  If such discovery is admitted in the *Epic* case, that makes an earlier fact discovery cut off illusory.  If it is

excluded, the parties may be forced to ignore facts relevant to the underlying dispute. Regardless, Google believes that this may lead to disputes that burden the Court, and that can be avoided with a single discovery cut-off. Google therefore believes a single, reasonable, fact discovery cut-off makes the most sense for purposes of coordinating discovery.

### B. Unified Schedule

All Parties have reached agreement on the unified schedule below.

| ACTIVITY | PROPOSAL |
|---|---|
| Consumers and Developers to File Consolidated Complaints | Oct. 21, 2020 |
| Google to file MTD | Nov. 13, 2020 |
| Plaintiffs to file MTD Oppositions | Dec. 21, 2020 |
| Google to file MTD Reply | Jan. 20, 2021 |
| Substantial Completion of Party Document Production | July 16, 2021 |

### C. Schedule for Separate Portion of Epic Action

Per the positions of Epic and Google stated above, Epic and Google propose the schedules below for *Epic*.

| ACTIVITY | EPIC'S PROPOSAL | GOOGLE'S PROPOSAL |
|---|---|---|
| Expert Witness Disclosure | Sep. 27, 2021 | Jan. 25, 2022 |
| Fact Discovery Cut Off | Oct. 22, 2021 | Feb. 8, 2022 |
| Opening Expert Reports (both sides) | Nov. 1, 2021 | Mar. 8, 2022 |
| Rebuttal Expert Reports (both sides) (rebuttal experts need not be disclosed on the Expert Witness Disclosure date) | Dec. 1, 2021 | Apr. 8, 2022 |
| Expert Discovery Cut Off | Dec. 22, 2021 | May 20, 2022 |
| Dispositive Motions | Jan. 5, 2022 | June 3, 2022 |
| *Daubert* Motions (both sides) | Jan. 5, 2022 | June 3, 2022 |
| Dispositive Motions Opp'n | Jan. 26, 2022 | July 1, 2022 |
| *Daubert* Motions Opp'n | Jan. 26, 2022 | July 1, 2022 |
| Dispositive Motions Reply | Feb. 9, 2022 | July 29, 2022 |

| *Daubert* Replies (both sides) |  | July 29, 2022 |
| --- | --- | --- |
| Merits Expert Hot Tub | Feb. 16, 2022 | August 11, 2022 |
| Dispositive Motion Hearing |  | August 18, 2022 |
| *Epic* Trial | Feb. 28, 2022 | Oct. 10, 2022 |

### D. Schedule for Separate Portion of Class Actions

**Class Plaintiffs' Position**: With one exception noted below, the Class Plaintiffs and Google have reached agreement on a proposed class schedule. That exception is Google's request to impose one common fact discovery cut-off (subject to brief reopening after class certification) on Epic and the Class Plaintiffs. Class Plaintiffs are committed to coordinating discovery to the maximum extent practicable and anticipate completing most discovery on the same schedule as the *Epic* case. But given the different nature of class actions, it is important for discovery to remain open until 56 days after the ruling on class certification. This will allow the parties to take discovery on issues that arise during class certification briefing, or as a result of the Court's ruling. Moreover, under Google's proposal, the fact discovery deadline immediately precedes Google's opposition to class certification, such that Google will be afforded the chance to take discovery after the Class Plaintiffs file their motion for class certification, but the Class Plaintiffs would not have the opportunity to take discovery on any new issues raised in Google's opposition.

**Google's Position**: As noted above, Google believes that, in the interest of fairness and efficiency, it is important to have a unified fact discovery cut-off in the Related Actions. In the absence of that cut-off, third parties will be subject to two different discovery cut off dates and the deadlines will not be clear, leading to more discovery disputes requiring Court intervention. With respect to Class Plaintiffs' desire for more fact discovery after a ruling on class certification, Google is proposing the reopening of fact discovery for a period of 56 days after the decision. As for Class Plaintiffs' desire for new discovery in response to Google's opposition to class certification, Google does not believe Class Plaintiffs should be permitted to pursue new discovery to submit in support of its reply.

Additionally, Google notes one issue with respect to the sequencing of class certification briefing and expert reports. Google initially proposed a schedule modeled after the *Capacitors* cases, which had the expert reports exchanged first, followed by the parties' briefing. Google continues to see efficiency benefits with that approach. Class Plaintiffs prefer an alternative approach, as reflected in the table below. If the Court prefers the sequencing in *Capacitors*, counsel will promptly meet and confer to propose a modified schedule.

| ACTIVITY | PROPOSAL |
| --- | --- |
| Plaintiff Class Cert Motion and Expert Opening Report | December 6, 2021 |
| Google Proposed Common Fact Discovery Cut Off (all cases) | **Google proposal**: February 8, 2022 |
| Defendant Class Cert Opposition and Expert Opposition Report | February 18, 2022 |
| Plaintiff Class Cert Reply and Expert Rebuttal Report | April 18, 2022 |
| Class Cert Hearing (including Expert Testimony/Hot Tubbing if the Court requests) | To be set by Court |
| Class Proposed Fact Discovery Cut Off | **Class proposal**: Discovery remains open until 56 days after class certification ruling<br>**Google proposal**: Discovery reopens for 56 days after ruling on class certification. |
| Class-Merits Expert Disclosure (including report) | 56 days after ruling on class certification |
| Class-Merits Expert Response | 56 days after submission of initial reports |
| Class-Merits Expert Reply | 21 days after responsive reports |
| Class-Merits Expert Discovery Cut Off | 42 days after reply the reports |
| Class-Dispositive Motion | 35 days after close of expert discovery |
| Class-Daubert (both sides) | 35 days after close of expert discovery |
| Class-Dispositive Motion Opp'n | 56 days after opening brief |
| Class-Daubert Opposition (both sides) | 56 days after opening brief |
| Class-Dispositive Motion Reply | 35 days after opposition brief |
| Class-Daubert Replies (both sides) | 35 days after opposition brief |
| Class-Hearing on Dispositive Motion/Daubert Motion (including expert testimony/hot tubbing) | 35 days after reply briefs |
| Class Trials | To be determined after order on class certification. |

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: October 16, 2020 | CRAVATH, SWAINE & MOORE LLP<br>   Christine Varney |
| 3 | |    Katherine B. Forrest<br>   Gary A. Bornstein |
| 4 | |    Yonatan Even<br>   Laurent A. Moskowitz |
| 5 | |    M. Brent Byars |

Respectfully submitted,

By:  /s/  *Gary A. Bornstein*
      Gary A. Bornstein

*Counsel for Plaintiff Epic Games, Inc.*

Dated: October 16, 2020

KOREIN TILLERY, LLC
   George A. Zelcs
   Robert E. Litan
   Randall P. Ewing, Jr.
   Jonathan D. Byrer
   Stephen M. Tillery
   Michael E. Klenov
   Carol L. O'Keefe

BARTLIT BECK LLP
   Karma M. Giulianelli
   Glen E. Summers

MCMANIS FAULKNER
   Ann Ravel

Respectfully submitted,

By:  /s/  *Jamie L. Boyer*
      Jamie L. Boyer

*Counsel for Plaintiffs and the Proposed Class in Carr v. Google LLC et al.*

| | | |
|---|---|---|
| Dated: October 16, 2020 | | HAGENS BERMAN SOBOL SHAPIRO LLP<br>    Robert F. Lopez<br>    Benjamin J. Siegel |

Respectfully submitted,

By:   /s/  *Steve W. Berman*
       Steve W. Berman

*Counsel for Plaintiffs and the Proposed Class in Pure Sweat Basketball v. Google LLC et al.*

Dated: October 16, 2020

MILBERG PHILLIPS GROSSMAN LLP
Peggy J. Wedgworth
Robert A. Wallner
Elizabeth McKenna
Blake Yagman
Michael Acciavatti

Respectfully submitted,

By:   /s/  *Peggy J. Wedgworth*
       Peggy J. Wedgworth

*Counsel for Plaintiffs and the Proposed Class in Bentley, et al. v. Google LLC et al.*

Dated: October 16, 2020

HAUSFELD LLP
    Melinda R. Coolidge
    Katie R. Beran
    Samantha J. Stein
    Scott A. Martin
    Irving Scher

Respectfully submitted,

By:   /s/  *Bonny E. Sweeney*
       Bonny E. Sweeney

*Counsel for Plaintiffs and the Proposed Class in Peekya App Services, Inc. v. Google LLC et. al*

Dated: October 16, 2020

MORGAN, LEWIS & BOCKIUS LLP
Sujal J. Shah
Michelle Park Chiu
Minna Lo Naranjo
Rishi P. Satia

Respectfully submitted,

By: /s/ *Brian C. Rocca*
Brian C. Rocca

*Counsel for Defendants*

-14-
JOINT PROPOSED PLAN FOR DISCOVERY COORDINATION AND CASE SCHEDULING
Case Nos.: 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:20-cv-06772-JD