**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan (*pro hac vice* to be sought)
Hae Sung Nam (*pro hac vice* to be sought)
Frederic S. Fox (*pro hac vice* to be sought)
Donald R. Hall (*pro hac vice* to be sought)
Aaron L. Schwartz (*pro hac vice* to be sought)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
rkaplan@kaplanfox.com
hnam@kaplanfox.com
ffox@kaplanfox.com
dhall@kaplanfox.com
aschwartz@kaplanfox.com

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC; GOOGLE IRELAND LIMITED; GOOGLE COMMERCE LIMITED; GOOGLE ASIA PACIFIC PTE. LIMITED; and GOOGLE PAYMENT CORP., <br><br> Defendants. | Case No. 3:20-cv-05671-JD <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** <br><br> Related Case: <br><br> *Herrera v. Google LLC*, <br>     Case No. 20-cv-07365-JCS |

1     Plaintiffs Kondomar Herrera ("Plaintiff") submits this administrative motion, pursuant to Civil Local Rules 3-12(b) and 7-11(a), to consider whether *Herrera v. Google LLC*, No. 20-cv-07365-JCS (the "*Herrera* Action"), filed in this District on October 20, 2020, and pending before the Honorable Joseph C. Spero, should be related to *Epic Games, Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD (the "*Epic* Action"), which was filed on August 13, 2020, and is pending before this Court.  Plaintiff submits that these actions are related within the meaning of Civil Local Rule 3-12(a).  A proposed order is attached hereto.

Actions are related when (1) the actions substantially concern the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judicial officers.  Civ. L.R. 3-12(a).

On August 13, 2020, app distributor Epic Games, Inc. filed an antitrust action against, among others, Google LLC ("Google"), alleging that Google's unlawful monopolization of and exclusionary conduct in the market in which Android apps are distributed enables Google to impose a supracompetitive 30% tax on apps purchased from the Google Play Store.  App developers and consumers filed damages class actions on August 15 and 17, and September 29 respectively (*Carr v. Google LLC, et al.*, Case No. 20-cv-05761-JD (filed August 15, 2020); *Pure Sweat Basketball, Inc. v. Google LLC, et al.*, Case No. 20-cv-05792-JD (filed August 17, 2020)); *Peekya Services, Inc. v. Google LLC, et al.*, Case No. 20-cv-06772-JD (filed September 29, 2020).

This Court found that the *Carr* consumer class action, and the *Pure Sweat Basketball* and *Peekya Services* app developer class actions, are related to the *Epic* Action, and ordered them related.  *See* Related Case Order, ECF No. 42 (September 9, 2020); Related Case Order, ECF No. 46 (September 10, 2020); Related Case Order, ECF No. 67 (October 9, 2020).

Plaintiff filed a consumer damages class action against Google on October 20, 2020.  Like the *Epic*, *Carr*, *Pure Sweat Basketball*, and *Peekya Services* cases, the *Herrera* Action alleges that Google unlawfully monopolizes the relevant market and engages in unlawful exclusionary conduct in violation of federal and state antitrust and unfair competition laws.  Like the *Carr*

cases, Plaintiff seeks to certify a class action on behalf of all persons in the United States who paid for an app on Google Play, subscribed to an app obtained on Google Play, or paid for in-digital content on an app obtained on Google Play.  All the plaintiffs share the same or similar theories of anticompetitive harm and will seek the same or similar discovery from the Google entities.

Given these similarities, it "appears likely that there will be an unduly burdensome duplication of labor and expenses of conflicting results if the cases are conducted before different Judges."  Civ. L.R. 3-12(a)(2).  Indeed, having these actions prosecuted separately would create an undue burden on the Court and parties and cause duplication of labor and expense, as well as lead to potentially conflicting results.  Relating these actions will conserve judicial resources and ensure consistent results.

Accordingly, Plaintiff respectfully requests that the *Herrera* Action be deemed related to the *Epic* Action pursuant to Local Rule 3-12(a).

Respectfully submitted,

Dated:  October 21, 2020

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Mario M. Choi*
       Mario M. Choi

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Robert N. Kaplan (*pro hac vice* to be sought)
Hae Sung Nam (*pro hac vice* to be sought)
Frederic S. Fox (*pro hac vice* to be sought)
Donald R. Hall (*pro hac vice* to be sought)
Aaron L. Schwartz (*pro hac vice* to be sought)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715

*rkaplan@kaplanfox.com*
*hnam@kaplanfox.com*
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*aschwartz@kaplanfox.com*

*Counsel for Plaintiffs and the Proposed Class*

- 3 -  Case No. 3:20-cv-05671-JD
ADMINISTRATIVE MOTION TO RELATE CASES

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2020, I caused to be filed electronically a true and correct copy of this Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil Local Rules 3-12 and 7-11 with the Clerk of the Court using the CM/ECF system maintained by the United States District Court for the Northern District of California, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

I further certify that I caused to be electronically filed the foregoing document to the parties listed in the related case, *Herrera v. Google LLC*, Case No. 20-cv-07365-JCS, which will send notification of such filing to the email addresses denoted on the Court's Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: /s/ *Mario M. Choi*
      Mario M. Choi