Elizabeth C. Pritzker (CA SBN: 146267)
Jonathan K. Levine (CA SBN: 220289)
Bethany Caracuzzo (CA SBN: 190687)
Caroline C. Corbitt (CA SBN: 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
E-mail: ecp@pritzkerlevine.com; jkl@pritzkerlevine.com
bc@pritzkerlevine.com; ccc@pritzkerlevine.com

Heidi M. Silton (*pro hac vice* forthcoming)
Justin R. Erickson (*pro hac vice* forthcoming)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: hmsilton@locklaw.com; jrerickson@locklaw.com

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC; GOOGLE IRELAND LIMITED; GOOGLE COMMERCE LIMITED; GOOGLE ASIA PACIFIC PTE. LIMITED; and GOOGLE PAYMENT CORP.,<br><br>Defendants. | Case No. 3:20-cv-05671-JD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [CIVIL L.R. 3-12 AND 7-11]**<br><br><u>Case to be Related:</u><br>*Carroll, et al. v. Google LLC, et al.*, Case No. 3:20-cv-07379-SK; filed October 21, 2020 |

PLEASE TAKE NOTICE THAT:

Pursuant to Civil Local Rules 3-12(b) and 7-11(a), Plaintiffs Daniel Carroll, Daniel Egerter and Brenda Keegan, on behalf of themselves and all others similarly situated (the "*Carroll* Plaintiffs") respectfully submit this administrative motion to consider whether *Carroll v. Google LLC, et al.*, Case NO. 3:20-cv-07279-SK, filed on October 21, 2020, should be related to *Epic Games, Inc. v. Google, LLC et al.*, Case No. 3:20-cv-05671 ("*Epic Games*"). A copy of the *Carroll* complaint is attached as Exhibit A to the Declaration of Elizabeth C. Pritzker, filed herewith. A proposed order is also submitted herewith.

Actions are related when (1) the actions substantially concern the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judicial officers. Civ. L.R. 3-12(a). *Carroll* and *Epic Games* concern the same subject matter (restrictions Google imposes on Android compatible hardware manufacturers and application ("app") developers), the same factual and expert inquiry (whether such restrictions result in anticompetitive harm in a relevant antitrust market), and the same resulting claims (federal and state antitrust laws). The cases are appropriately related.

*Epic Games* was filed on August 13, 2020 alleging that Google's unlawful monopolization of and exclusionary conduct in the market in which Android apps are distributed enables Google to impose a supracompetitive 30% tax on apps purchased from the Google Play Store, in violation of antitrust laws.

On September 9, 2020, Judge Donato ordered that the action *Pure Sweat Basketball, Inc. v. Google LLC,* Case No. 20-cv-05792 be related to *Epic Games.* (Case No. 3:20-cv-05671-JD, ECF No. 42). *Pure Sweat Basketball* was originally filed on August 17, 2020, and was pending before Judge Chen.

On September 10, 2020, Judge Donato ordered that the action entitled *Carr v. Google LLC, et al.*, Case No. 20-cv-05761 be related to Epic Games. (Case NO. 3:20-cv-05671-JD, ECF No. 46). *Carr* was filed on August 16, 2020, and was originally pending before Judge Labson Freeman.

On October 9, 2020, Judge Donato ordered that the action *Peekya Services, Inc. v. Google LLC, et al.*, Case No. 20-cv-06772 be related to *Epic Games*. (Case No. 3:20-cv-05671-JD, ECF No. 67). *Peekya Services* was filed on September 29, 2020.

On October 13, 2020, plaintiffs in the action *Bentley, et al. v. Google LLC, et al.*, Case No. 5:20-cv-07079, moved to relate *Bentley* to *Epic Games*. (Case No. 3:20-cv-05671, ECF No. 68). That motion is currently pending. The *Bentley* complaint was filed on October 9, 2020.

On October 21, 2020, plaintiff in the action *Herrera v. Google LLC, et al.*, Case No. 20-cv-07365 filed an administrative motion to relate *Herrera* to *Epic Games* (Case No. 3:20-cv-05671, ECF No. 71). The *Herrera* complaint was filed on October 20, 2020, and the action is currently assigned to Judge Corley. *Herrera's* administrative motion to relate is pending before Judge Donato.

Also on October 21, 2020, plaintiff Brian McNamara in the action *McNamara v. Google LLC, et al.*, Case No. 3:20-cv-07361, moved to relate his case to *Epic Games*. (Case No. 3-20-cv-05671, ECF No. 72). The *McNamara* complaint was filed on October 20, 2020 and is currently assigned to Judge Corley.. The *McNamara* motion to relate is currently pending before Judge Donato.

On October 21, 2020, the *Carroll* Plaintiffs filed a consumer damages class action against the same Google entities. Like the *Epic Games*, *Carr*, *Pure Sweat Basketball*, and *Peekya Services* related-cases, and the *Bentley*, *Herrera*, and *McNamara* cases currently seeking to be related, the *Carroll* Plaintiffs allege that Google unlawfully monopolizes the relevant market and engages in unlawful exclusionary conduct in violation of federal and state antitrust and unfair competition laws. Like these cases, the *Carroll* action seeks to certify a class action on behalf of all persons in the United States who paid for an app on Google Play, subscribed to an app obtained on Google Play, or paid for content on an app obtained on Google Play. All the plaintiffs share the same or similar theories of anticompetitive harm and will seek the same or similar discovery from the Google entities. *McNamara* differs from the other complaints described herein as it asserts antitrust claims only against Google LLC and an additional defendant, Alphabet Inc.

Prosecuting these actions separately would create undue burden on the Court and the parties, and could result in potentially conflicting results. Relating *Carroll* to *Epic Games* would avoid inconsistent results, ensure efficiency, avoid duplication, and conserve judicial resources. *See* L.R. 3-12(a)(12)

(relation appropriate where, it "appears likely that there will be an unduly burdensome duplication of labor and expenses of conflicting results if the cases are conducted before different Judges.")

Accordingly, Plaintiffs respectfully request that the *Carroll* action be related to the *Epic Games* action pursuant to Civil Local Rule 3-12(a).

Respectfully Submitted

Dated: October 22, 2020

*Elizabeth C. Pritzker*
Elizabeth C. Pritzker (CA SBN: 146267)
Jonathan K. Levine (CA SBN: 220289)
Bethany Caracuzzo (CA SBN: 190687)
Caroline C. Corbitt (CA SBN: 305492)
**PRITZKER LEVINE LLP**
1900 Powell Street, Suite 450
Emeryville, CA 94608
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
E-mail: ecp@pritzkerlevine.com;
         jkl@pritzkerlevine.com;
         bc@pritzkerlevine.com;
         ccc@pritzkerlevine.com

Heidi M. Silton (*pro hac vice* forthcoming)
Justin R. Erickson (*pro hac vice* forthcoming)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: hmsilton@locklaw.com
         jrerickson@locklaw.com

*Counsel for the Carroll Plaintiffs and the Proposed Class*

# CERTIFICATE OF SERVICE VIA ECF

I hereby certify that on October 22, 2020, I caused to be filed electronically a true and correct copy of this Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil Local Rules 3-12 and 7-11 with the Clerk of the Court using the CM/ECF system maintained by the United States District Court for the Northern District of California, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

I further certify that on October 22, 2020 I caused to be electronically filed the foregoing document to the parties listed in the related case, *Carroll, et al. v. Google LLC*, Case No. 20-cv-07379-SK, via a Notice of Lodging of this Administrative Motion, which will send notification of such filing to the email addresses denoted on the Court's Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:  */s/ Elizabeth C. Pritzker*
      Elizabeth C. Pritzker