1   Karma M. Giulianelli (SBN 184175)
    karma.giulianelli@bartlitbeck.com
2   **BARTLIT BECK LLP**
    1801 Wewetta St., Suite 1200
3   Denver, Colorado 80202
    Telephone: (303) 592-3100
4
    Hae Sung Nam (*pro hac vice*)
5   hnam@kaplanfox.com
    **KAPLAN FOX & KILSHEIMER LLP**
6   850 Third Avenue
    New York, NY 10022
7   Telephone: (212) 687-1980

8   *Co-Lead Counsel for the Proposed Class in In re
    Google Play Consumer Antitrust Litigation*
9
    Steve W. Berman (*pro hac vice*)
10  steve@hbsslaw.com
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
11  1301 Second Ave., Suite 2000
    Seattle, WA 98101
12  Telephone: (206) 623-7292

13  *Co-Lead Counsel for the Proposed Class in In re
    Google Play Developer Antitrust Litigation and
14  Attorneys for Pure Sweat Basketball, Inc.*

15  Bonny E. Sweeney (SBN 176174)
    bsweeney@hausfeld.com
16  **HAUSFELD LLP**
    600 Montgomery Street, Suite 3200
17  San Francisco, CA 94104
    Telephone:  (415) 633-1908
18
    *Co-Lead Counsel for the Proposed Class in In re
19  Google Play Developer Antitrust Litigation and
    Attorneys for Peekya App Services, Inc.*
20
    [Additional counsel appear on signature page]
21

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH
LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (pro hac vice)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in
Epic Games, Inc. v. Google LLC et al.*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Daniel M. Petrocelli (SBN 97802)
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA  90067
Telephone:  (310) 553-6700

*Counsel for Defendants Google LLC et al.*

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD

*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD

Case No. 3:21-md-02981-JD

**STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS**

Judge: Hon. James Donato

- 2 -

1    WHEREAS, on December 10, 2020, the Court entered a Stipulated Protective Order in the

2    above-captioned cases, Case No. 3:20-cv-05671-JD, Dkt. No. 110, approving Dkt. No. 106-1;

3    Case No. 3:20-cv-05761-JD, Dkt. No. 117, approving Dkt. No. 109-1; Case No. 3:20-cv-05792-

4    JD, Dkt. No. 78, approving Dkt. No. 76-1 (the "Protective Order"), (collectively, "the

5    Litigations");

6    WHEREAS, Section 11(a) of the Protective Order states that its provisions should not "be

7    construed as prohibiting a Non-Party from seeking additional protections";

8    WHEREAS, materials that Parties intend to produce in the Litigations may contain

9    information that is subject to contractual obligations to a Non-Party, including but not limited to

10   non-disclosure agreements between a Party and Non-Party, or may otherwise contain Non-Party

11   Protected Material (as defined herein);

12   WHEREAS, Parties have served subpoenas pursuant to Rule 45 of the Federal Rules of

13   Civil Procedure on Non-Parties;

14   WHEREAS, certain Non-Parties have expressed concerns regarding the production of

15   competitively sensitive information to Parties in the Litigations absent certain additional

16   protections beyond those set forth in the Protective Order;

17   WHEREFORE, IT IS HEREBY ORDERED that documents or information disclosed or

18   produced by Non-Parties or by Parties to the extent such documents or information are designated

19   as containing Non-Party Protected Material in connection with the Litigations shall be subject to

20   the following provisions (the "Supplemental Protective Order"):

21   1.    GENERAL PROVISIONS

22   1.1    The definitions, terms and provisions contained in the Protective Order

23   shall be incorporated herein by reference as though fully set forth herein; provided, however, that

24   in the event of a conflict between any definition, term, or provision of this Supplemental

25   Protective Order and any definition, term, or provision of the Protective Order, this Supplemental

26   Protective Order will control with respect to such conflict.

27   1.2    The definitions, terms and provisions contained in this Supplemental

28

Protective Order shall apply only to those Discovery Materials designated as Non-Party Protected

Material in accordance with this Supplemental Protective Order, and nothing herein shall provide

any rights or protections to the Parties to the Litigations beyond those set forth in the Protective

Order.

2.       DEFINITIONS

2.1       Designating Party: a Party or Non-Party that designates information or

items that it produces in disclosures or in responses to discovery in the Litigations as "NON-

PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

2.2       Non-Party Protected Material: sensitive Non-Party confidential

information or documents, disclosure of which to another Party or Non-Party could create a

substantial risk of serious harm to the Non-Party.

3.       SCOPE

3.1       This Supplemental Protective Order covers not only documents designated

"NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", but also

any information copied, excerpted, or summarized from documents with such designation and

any testimony, conversations, or presentations by Counsel that might reveal information from

documents with such designation.  However, the protections conferred by this Supplemental

Protective Order do not cover the following: (a) any documents or information that is in the

public domain at the time of disclosure to a Receiving Party or becomes part of the public domain

after its disclosure to a Receiving Party for reasons not involving a violation of this Supplemental

Protective Order or the Protective Order, including becoming part of the public record through

trial or otherwise; and (b) any documents or information known to the Receiving Party prior to

the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

the document or information lawfully and under no obligation of confidentiality to the

Designating Party.

3.2       Nothing in these provisions should be construed as prohibiting a Non-Party

from seeking additional protections.

4.        DESIGNATION AND USE OF NON-PARTY PROTECTED MATERIAL

4.1        In order for materials produced in discovery to qualify for protection as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", the Designating Party must affix the legend "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which the Designating Party seeks protection under this Supplemental Protective Order;

4.2        Unless otherwise ordered by the Court or permitted by all implicated Non-Parties, a Receiving Party may disclose documents and information designated as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the following only:

(a)        The Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the documents or information for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective Order);

(b)        Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the Litigations and (2) who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective Order);

(c)        The Court and its personnel;

(d)        Stenographic reporters, videographers, and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective Order);

(e)        The author or recipient of a document containing the information or custodian or other person who otherwise possessed or knew the information.

4.3        Filing and Filing under Seal.  A Party may not file in the public record in this action any Non-Party Protected Material.  Non-Party Protected Material may be filed only under seal pursuant to a Court order authorizing the sealing of the specific Non-Party Protected Material at issue.  A Party that seeks to file under seal any Non-Party Protected Material must

- 5 -

1  comply with Civil Local Rule 79-5.  In addition to the requirements of Civil Local Rule 79-5(e),

2  the Party seeking to file under seal any Non-Party Protected Material should identify the Non-

3  Party whose Non-Party Protected Material has been designated as "NON-PARTY HIGHLY

4  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and serve the supporting declaration

5  on the Non-Party so that Non-Party has the opportunity to file a declaration establishing that all of

6  the designated material is sealable pursuant to Civil Local Rule 79-5(e).  If a Receiving Party's or

7  Non-Party's request to file Non-Party Protected Material under seal pursuant to Civil Local

8  Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in

9  the public record pursuant to Civil Local Rule 79-5(e)(2), unless otherwise instructed by the

10  Court.

11        4.4      Use of Non-Party Protected Material at Depositions.  Except as may

12  otherwise be ordered by the Court, any person may be examined as a witness at deposition and

13  may testify concerning Non-Party Protected Material to the extent such person was the author,

14  recipient, or custodian of the material, or otherwise possessed or had prior knowledge of such

15  material.  For clarity,

16        (a)      A present director, officer, agent, employee and/or designated Rule

17  30(b)(6) witness of a Non-Party may be examined and may testify concerning Non-Party

18  Protected Material, but to the extent a document is designated as NON-PARTY HIGHLY

19  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's

20  Protected Material, all such materials, of which such person did not have prior knowledge, should

21  be redacted prior to introducing any such document for examination;

22        (b)      A former director, officer, agent, and/or employee of Non-Party

23  may be interviewed or examined and may testify concerning Non-Party Protected Material to the

24  extent such person was the author, recipient, or custodian of the material, or otherwise possessed

25  or had prior knowledge of such material, but to the extent a document is designated as NON-

26  PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains

27  another Non-Party's Protected Material, all such materials, of which such person did not have

28

prior knowledge, should be redacted prior to introducing any such document for examination;

(c)     Any other witness may be examined at deposition or otherwise testify concerning any document containing Non-Party Protected Material which appears on its face or from other documents or testimony to have been received from, communicated to, or otherwise made known to that witness as a result of any contact or relationship with the Non-Party, but to the extent a document is designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all such materials, of which such person did not have prior knowledge, should be redacted prior to introducing any such document for examination; and

(d)     At deposition, any person other than (i) the witness, (ii) the witness's outside attorney(s), and (iii) any Person(s) qualified to receive documents designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY under this Supplemental Protective Order shall be excluded from the portion of the examination concerning such information, unless the Non-Party or the witness appearing on behalf of the Non-Party whose Non-Party's Protected Material is at issue consents to that person's attendance.  If the witness is represented by an outside attorney who is not qualified under this Supplemental Protective Order to receive such information, then prior to the examination, the outside attorney shall be requested to sign and provide a signed copy of the "Acknowledgment and Agreement to be Bound" attached as Exhibit A to the Protective Order, and to confirm that he or she will comply with the terms of this Supplemental Protective Order and maintain the confidentiality of information contained within documents designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY.  In the event that such outside attorney declines to sign the "Acknowledgment and Agreement to be Bound" prior to the examination, the Non-Party may seek a protective order from the Court, in a motion to which the Parties will not object, prohibiting such outside attorney from disclosing Non-Party Protected Material.

4.5     Use of Designated Material at Hearings. A Party must make good faith effort to avoid disclosing NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

1    EYES ONLY information, directly or indirectly, in an open hearing without prior consent from

2    the Non-Party.  If the disclosing party anticipates disclosing any NON-PARTY HIGHLY

3    CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information in any open hearing, the

4    disclosing party must notify the Non-Party of its intent to disclose such material at least four (4)

5    business days in advance of such disclosure, or, if such notice is not possible, as soon as is

6    reasonably practicable, and describe the materials to be disclosed with reasonable particularity, so

7    that the Non-Party has the opportunity to file an objection to such disclosure and establish that the

8    materials to be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and the Court's

9    standing orders.  If such notice is not given or the Non-Party files such an objection, the

10   Disclosing Party must request that the courtroom be sealed, and that only those authorized to

11   review NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

12   information remain present during the presentation of such material, unless the Court orders

13   otherwise.

14            4.6      Use of Designated Material at Trial.  Any Party that discloses any NON-

15   PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY materials on any

16   trial exhibit list exchanged with an opposing Party, or that is disclosed to the Court, must disclose

17   such materials to the implicated Non-Party no later than two (2) business days after such

18   exchange or disclosure, and describe the materials with reasonable particularity, so that the Non-

19   Party has the opportunity to file an objection to such disclosure and establish that the materials to

20   be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and the Court's standing orders.  If

21   such notice is not given or the Non-Party files such an objection, the Disclosing Party must

22   request that the courtroom be sealed, and that only those authorized to review NON-PARTY

23   HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information remain present

24   during the presentation of such material, unless the Court orders otherwise.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS
Case No. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1

Dated: May 18, 2021

CRAVATH, SWAINE & MOORE LLP

2
Christine Varney (*pro hac vice*)
Katherine B. Forrest (*pro hac vice*)

3
Gary A. Bornstein (*pro hac vice*)
Yonatan Even (*pro hac vice*)

4
Lauren A. Moskowitz (*pro hac vice*)
M. Brent Byars (*pro hac vice*)

5

6
FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle

7

8
Respectfully submitted,

9
By: */s/ Yonatan Even*

10
Yonatan Even

11
*Counsel for Plaintiff Epic Games, Inc.*

12

13
Dated: May 18, 2021

BARTLIT BECK LLP
Karma M. Giulianelli

14

15
KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

16

17
Respectfully submitted,

18
By: */s/ Karma M. Giulianelli*

19
Karma M. Giulianelli

20
*Co-Lead Counsel for the Proposed Class in
In re Google Play Consumer Antitrust Litigation*

21

22

23

24

25

26

27

28

- 10 -

1   Dated: May 18, 2021                    PRITZKER LEVINE LLP
                                           Elizabeth C. Pritzker
2

3                                          Respectfully submitted,

4                                          By: /s/ Elizabeth C. Pritzker
5                                              Elizabeth C. Pritzker

6                                              *Co-Lead Counsel for the Proposed Class in*
                                               *In re Google Play Consumer Antitrust Litigation*
7

8
    Dated: May 18, 2021                    HAGENS BERMAN SOBOL SHAPIRO LLP
9                                          Steve W. Berman
                                           Robert F. Lopez
10                                         Benjamin J. Siegel

11                                         SPERLING & SLATER PC
12                                         Joseph M. Vanek
                                           Eamon P. Kelly
13                                         Alberto Rodriguez

14

15                                         Respectfully submitted,

16                                         By: /s/ Steve W. Berman
17                                             Steve W. Berman

18                                             *Co-Lead Interim Class Counsel for the*
                                               *Developer Class and Attorneys for Plaintiff*
19                                             *Pure Sweat Basketball*

20

21

22

23

24

25

26

27

28

- 11 -

1   Dated: May 18, 2021                    HAUSFELD LLP

2                                              Bonny E. Sweeney
                                               Melinda R. Coolidge
3                                              Katie R. Beran
                                               Scott A. Martin
4                                              Irving Scher

5
                                           Respectfully submitted,
6
                                           By: _/s/ Bonny E. Sweeney_____
7                                              Bonny E. Sweeney

8                                              *Co-Lead Interim Class Counsel for the*
                                               *Developer Class and Attorneys for Plaintiff*
9                                              *Peekya App Services, Inc.*

10

11  Dated: May 18, 2021                    MORGAN, LEWIS & BOCKIUS LLP

12                                             Brian C. Rocca
                                               Sujal J. Shah
13                                             Minna L. Naranjo
                                               Rishi P. Satia
14                                             Michelle Park Chiu

15
                                           O'MELVENY & MYERS LLP
16
                                               Daniel M. Petrocelli
                                               Ian Simmons (*pro hac vice*)
17                                             Benjamin G. Bradshaw

18
                                           Respectfully submitted,
19
                                           By: _/s/ Daniel M. Petrocelli_____
20                                             Daniel M. Petrocelli

21                                             *Counsel for Defendants Google LLC et al.*

22

23

24

25

26

27

28
                                           - 12 -

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3       DATED:                              _____
                                            HON. JAMES DONATO
4                                           United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## E-FILING ATTESTATION

I, Daniel M. Petrocelli, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS
Case No. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD