Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

EPIC GAMES, INC.,

Plaintiff,

v.

GOOGLE LLC et al.,

Defendants.

Case No. 3:20-CV-05671-JD

**EPIC GAMES, INC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS FIRST AMENDED COMPLAINT**

Pursuant to Civil Local Rules 7-11 and 79-5(d) and (e), Plaintiff Epic Games, Inc. ("Epic") hereby moves the Court to issue an administrative order on the filing under seal of certain portions of Epic's First Amended Complaint for Injunctive Relief ("Epic's First Amended Complaint"). A public redacted version of Epic's First Amended Complaint has been filed in accordance with this Court's Local Rules and pursuant to the Court's July 7, 2021 Order.

Subsection (e) of Civil Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by the opposing party. Under subsection (e), the submitting party's "declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ('the Designating Party')". Pursuant to subsection (e)(1) of Local Rule 79-5, the Designating Party then has 4 days to file a declaration establishing that all of the designated material is "sealable". Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party "establishes that the documents, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law". Civ. L.R. 79-5(b). "A strong presumption of access to judicial records applies fully to dispositive pleadings" and "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion". *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). "[A] request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard" for sealing. *In re NVIDIA Corp. Derivative Litigation*, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008); *see also Delphix Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *1 & n.2 (N.D. Cal. Aug. 20, 2014) (applying "compelling reasons" standard in evaluating request to seal portions of amended complaint). Compelling reasons justifying the sealing of court records generally exist "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets". *Kamakana*, 447 F.3d at 1179 (internal quotation

marks omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records". *Id.*

On July 20, 2021, counsel for Defendants Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. (collectively, "Google") requested that Epic file a motion to seal any portions of its First Amended Complaint that are sourced from documents that Google has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" pursuant to the Protective Order entered by the Court, ECF No. 143. Those portions are identified in the Declaration of M. Brent Byars submitted herewith and highlighted in the under seal version of the First Amended Complaint. As required by Civil Local Rule 79-5(e), Epic is serving Google with this Motion and its Declaration so that Google may submit the required declaration establishing that some or all of the material is sealable. Epic requests leave to file a written response in opposition to any submission from Google seeking the sealing of any portions of Epic's First Amended Complaint.

Dated: July 21, 2021

CRAVATH, SWAINE & MOORE LLP

Christine Varney
Katherine B. Forrest
Gary A. Bornstein
Timothy G. Cameron
Yonatan Even
Lauren A. Moskowitz
Justin C. Clarke
M. Brent Byars

Respectfully submitted,

By: */s/ M. Brent Byars*
M. Brent Byars

*Attorneys for Plaintiff Epic Games, Inc.*