Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Willard K. Tom, *pro hac vice*
willard.tom@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001

Daniel M. Petrocelli, Bar No. 97802
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, Bar No. 189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: (202) 383-5106
Facsimile: (202) 383-5414

Stephen J. McIntyre, Bar No. 274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA  90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**RESPONSE TO EPIC GAMES' OPPOSITION TO REQUEST TO SEAL PORTIONS OF COMPLAINTS (ECF 160)**<br><br>Judge James Donato |

Google submits this Response and Objection to Epic Games' Opposition to Request to Seal Portions of Complaints (ECF 160).

In the Court's Minute Order (ECF 67, 21-md-02981) following the July 22, 2021 conference, the Court directed Google to "file by August 5, 2021, an omnibus response on the proposed sealing" in response to Epic's (and other plaintiffs') administrative motion to file under seal (ECF 157), a standard procedure under Local Rules that allows parties and non-parties to protect confidential and highly sensitive business information. Google's response was grounded in governing Ninth Circuit case law, and the supporting Declaration sought to protect the subset of material that comprised its confidential and highly sensitive business information.

The Court's Order made no provision for a reply brief by Epic. Moreover, the brief does not comply with the Local Rules, which limit to five pages any briefing related to an administrative motion, such as a motion to seal. L.R. 7-11(b). Epic's submission is double the permitted length. In light of Epic's failure to seek Court approval to file an extra brief, much less an overlong one, the Court should strike or disregard it.[1]

Beyond Epic's procedural violations, Epic's filing violates the operative Protective Order. Epic liberally–and selectively–quotes in its Amended Complaint confidential documents that Google produced pursuant to the Protective Order. And Epic now improperly describes and summarizes those passages in detail in an extraneous **public filing** before the Court has ruled on the pending motion to seal. The Protective Order articulates a process that Epic ignores. *See* ECF 143 at ¶ 3 (protective order governs "all copies, excerpts, summaries, or compilations of Protected Material"); *see also* ¶ 6.2 (mandating meet and confer process and court order before Protected Material may be disclosed). Epic made no attempt to meet and confer about the documents and their designation before summarizing their contents in a public filing. Epic's attempt to sidestep the Protective Order and sealing procedures by publicly summarizing and describing the confidential materials at issue prior to any Court ruling is improper and prejudicial. Google objects to Epic's disregard for the Court's Protective Order and the improper disclosure of its confidential information.

---

[1] Epic was the only plaintiff-party in the MDL to file a brief related to Google's omnibus response requesting sealing of limited portions of all four complaints.

Regardless, Google properly supported each of its requests to seal, and it did so on a targeted, item-by-item basis. Its declarant, Mr. Rope, is a legal project manager with knowledge of the complaints and confidential materials at issue, as well as Google's confidentiality practices and its treatment of confidential documents.[2] ECF 159-1, Rope Decl. ¶¶3-5. Indeed, while Mr. Rope is a qualified declarant, it is common practice within this District to submit a declaration in support of a motion to seal from in-house counsel or even outside counsel. *See*, *e.g.*, *Int'l Swimming League, Ltd. v. Fédération Internationale De Natation*, 2021 WL 2075572 (N.D. Cal. May 24, 2021) (granting motion to seal based on declaration from outside counsel); *Oracle v. Concentric Analgesics*, 2021 WL 1022874 (N.D. Cal. March 17, 2021) (granting in part motion to seal portions of complaint based on declaration from outside counsel). Further, Epic's unsworn response brief is refuted by Mr. Rope's sworn declaration. For example, Epic asserts that internal Google discussions about negotiations with Epic cannot be confidential because "Epic is not claiming confidentiality." (ECF 160 at 8:1-2). But if made public, *any other* developer or potential counterparty could use Google's internal analyses and deliberations to seek to obtain more favorable terms from Google. ECF 159-1, Rope Decl. ¶¶ 62-63.

Mr. Rope's declaration comports with Local Rule 79-5 and the practice in this District, but, if the Court believes that Google should support its request with either a supplemental declaration or additional detail in support of its sealing request, Google can provide such additional support and requests leave to do so. Google should not be penalized by Epic's improper attempt publicly to reveal the substance of confidential materials prior to the Court adjudicating the pending motion to seal, without advance notice to Google or Court approval to file a brief, and without any effort to meet and confer (as required by the Protective Order).

Dated: August 11, 2021

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Brian C. Rocca*

Attorneys for Defendants

---

[2] The decisions Epic cites at page 5 of its brief are inapposite. Two of the decisions are from other districts with different local procedural rules and an attorney declarant who lacked personal knowledge. And in the single case Epic cites from this District, *Qualcomm Inc. v. Apple Inc.*, 2021 WL 879817 (N.D. Cal. March 9, 2021), the Court did not rule based on some perceived procedural defect but considered the merits of each request to seal, and the declarant in that case, litigation counsel, did not even review any of the documents at issue. *Id*. at *4.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2   Case Nos. 3:21-md-02981-JD & 3:20-cv-05671-JD
RESPONSE TO EPIC GAMES' OPPOSITION TO REQUEST TO SEAL PORTIONS OF COMPLAINTS