| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewetta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100 | Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-7500 |
| Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Tel.: (212) 687-1980 | Christine A. Varney (*pro hac vice*)<br>cvarney@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* | *Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* |
| Steve W. Berman (*pro hac vice*)<br>steve@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1301 Second Ave., Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292 | Brendan P. Glackin (SBN 199643)<br>bglackin@agutah.gov<br>**OFFICE OF THE UTAH ATTORNEY GENERAL**<br>160 E 300 S, 5th Floor<br>PO Box 140872<br>Salt Lake City, UT 84114-0872<br>Telephone:  801-366-0260 |
| Eamon P. Kelly (*pro hac vice*)<br>ekelly@sperling-law.com<br>**SPERLING & SLATER P.C.**<br>55 W. Monroe, Suite 3200<br>Chicago, IL 60603<br>Telephone: 312-641-3200 | *Counsel for Utah and the Plaintiff States* |
| | Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.* | |
| Bonny E. Sweeney (SBN 176174)<br>bsweeney@hausfeld.com<br>**HAUSFELD LLP**<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94104<br>Telephone: (415) 633-1908 | Daniel M. Petrocelli (SBN 97802)<br>dpetrocelli@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars, 7th Fl.<br>Los Angeles, CA 90067-6035<br>Telephone:  (310) 553-6700 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.* | Glenn D. Pomerantz (SBN 112503)<br>glenn.pomerantz@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071-3426<br>Telephone:      (213) 683-9100 |
| [Additional counsel appear on signature page] | *Counsel for Defendants Google LLC et al.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS**<br><br>Judge: Hon. James Donato |

WHEREAS, on May 20, 2021, the Court entered a Stipulated Protective Order Governing Production of Protected Non-Party Materials (the "Non-Party Protective Order") in the above-captioned cases.  *See* Case No. 3:21-md-02981-JD, Dkt. No. 44;

WHEREAS on July 20, 2021, the Court entered an Order Determining Cases to be Related with respect to the case entitled *State of Utah, et al. v. Google LLC et al.*, Case No. 3:21-cv-5227-JSC, which consolidated that case into MDL Case No. 2981 (the "Litigation"). The Parties acknowledge that certain protective orders require amendment to govern the production by and to the Plaintiff States;

WHEREAS on December 10, 2020, the Court entered a Stipulated Protective Order in the following cases: Case No. 3:20-cv-05671-JD, Dkt. No. 110, approving Dkt. No. 106-1; Case No. 3:20-cv-05761-JD, Dkt. No. 117, approving Dkt. No. 109-1; Case No. 3:20-cv-05792; JD, Dkt. No. 78, approving Dkt. No. 76-1, and Parties have concurrently submitted an amendment to that Stipulated Protective Order to govern the production by and to the Plaintiff States ("Amended Protective Order");

WHEREAS, Section 11(a) of the Amended Protective Order states that its provisions should not "be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS, materials that Parties intend to produce in the Litigations may contain information that is subject to contractual obligations to a Non-Party, including but not limited to non-disclosure agreements between a Party and Non-Party, or may otherwise contain Non-Party Protected Material (as defined herein);

WHEREAS, Parties have served subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure on Non-Parties;

WHEREAS, certain Non-Parties have expressed concerns regarding the production of competitively sensitive information to Parties in the Litigations absent certain additional protections beyond those set forth in the Amended Protective Order;

WHEREFORE, IT IS HEREBY ORDERED that documents or information disclosed or produced by Non-Parties or by Parties to the extent such documents or information are designated

1

Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD;
3:21-cv-05227-JD
STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS

as containing Non-Party Protected Material in connection with the Litigations shall be subject to the following provisions (the "Amended Supplemental Protective Order"):

1. **GENERAL PROVISIONS**

    1.1     The definitions, terms and provisions contained in the Amended Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term, or provision of this Amended Supplemental Protective Order and any definition, term, or provision of the Amended Protective Order, this Amended Supplemental Protective Order will control with respect to such conflict.

    1.2     The definitions, terms and provisions contained in this Amended Supplemental Protective Order shall apply only to those Discovery Materials designated as Non-Party Protected Material in accordance with this Amended Supplemental Protective Order, and nothing herein shall provide any rights or protections to the Parties to the Litigations beyond those set forth in the Amended Protective Order.

2. **DEFINITIONS**

    2.1     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in the Litigations as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

    2.2     <u>Non-Party Protected Material</u>: sensitive Non-Party confidential information or documents, disclosure of which to another Party or Non-Party could create a substantial risk of serious harm to the Non-Party.

3. **SCOPE**

    3.1     This Amended Supplemental Protective Order covers not only documents designated "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", but also any information copied, excerpted, or summarized from documents with such designation and any testimony, conversations, or presentations by Counsel that might reveal information from documents with such designation. However, the protections conferred by this

Amended Supplemental Protective Order do not cover the following: (a) any documents or information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party for reasons not involving a violation of this Amended Supplemental Protective Order or the Amended Protective Order, including becoming part of the public record through trial or otherwise; and (b) any documents or information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the document or information lawfully and under no obligation of confidentiality to the Designating Party.

        3.2     Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

        4.     <u>DESIGNATION AND USE OF NON-PARTY PROTECTED MATERIAL</u>

        4.1     In order for materials produced in discovery to qualify for protection as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", the Designating Party must affix the legend "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which the Designating Party seeks protection under this Amended Supplemental Protective Order;

        4.2     Unless otherwise ordered by the Court or permitted by all implicated Non-Parties, a Receiving Party may disclose documents and information designated as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the following only:

        (a)     The Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the documents or information for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Amended Protective Order);

        (b)     State AGO Attorneys who have appeared on behalf of Plaintiff States in this litigation, who are actively prosecuting the Litigation, or to whom it is reasonably necessary to disclose the information for purposes of this litigation; State AGO Attorneys who have appeared will maintain a list of Attorneys as well as supervisors of support staff subject to

3

Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD;
3:21-cv-05227-JD
STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS

this section;

    (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for the Litigations and (2) who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Amended Protective Order);

    (d) The Court and its personnel;

    (e) Stenographic reporters, videographers, and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Amended Protective Order);

    (f) The author or recipient of a document containing the information or custodian or other person who otherwise possessed or knew the information.

    4.3 Filing and Filing under Seal.  A Party may not file in the public record in this action any Non-Party Protected Material.  Non-Party Protected Material may be filed only under seal pursuant to a Court order authorizing the sealing of the specific Non-Party Protected Material at issue.  A Party that seeks to file under seal any Non-Party Protected Material must comply with Civil Local Rule 79-5.  In addition to the requirements of Civil Local Rule 79-5(e), the Party seeking to file under seal any Non-Party Protected Material should identify the Non-Party whose Non-Party Protected Material has been designated as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and serve the supporting declaration on the Non-Party so that Non-Party has the opportunity to file a declaration establishing that all of the designated material is sealable pursuant to Civil Local Rule 79-5(e).  If a Receiving Party's or Non-Party's request to file Non-Party Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2), unless otherwise instructed by the Court.

    4.4 Use of Non-Party Protected Material at Depositions.  Except as may otherwise be ordered by the Court, any person may be examined as a witness at deposition and

4

Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD;
3:21-cv-05227-JD

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS

may testify concerning Non-Party Protected Material to the extent such person was the author, recipient, or custodian of the material, or otherwise possessed or had prior knowledge of such material.  For clarity,

    (a)    A present director, officer, agent, employee and/or designated Rule 30(b)(6) witness of a Non-Party may be examined and may testify concerning Non-Party Protected Material, but to the extent a document is designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all such materials, of which such person did not have prior knowledge, should be redacted prior to introducing any such document for examination;

    (b)    A former director, officer, agent, and/or employee of Non-Party may be interviewed or examined and may testify concerning Non-Party Protected Material to the extent such person was the author, recipient, or custodian of the material, or otherwise possessed or had prior knowledge of such material, but to the extent a document is designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all such materials, of which such person did not have prior knowledge, should be redacted prior to introducing any such document for examination;

    (c)    Any other witness may be examined at deposition or otherwise testify concerning any document containing Non-Party Protected Material which appears on its face or from other documents or testimony to have been received from, communicated to, or otherwise made known to that witness as a result of any contact or relationship with the Non-Party, but to the extent a document is designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all such materials, of which such person did not have prior knowledge, should be redacted prior to introducing any such document for examination; and

    (d)    At deposition, any person other than (i) the witness, (ii) the witness's outside attorney(s), and (iii) any Person(s) qualified to receive documents designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY under this

Amended Supplemental Protective Order shall be excluded from the portion of the examination concerning such information, unless the Non-Party or the witness appearing on behalf of the Non-Party whose Non-Party's Protected Material is at issue consents to that person's attendance. If the witness is represented by an outside attorney who is not qualified under this Amended Supplemental Protective Order to receive such information, then prior to the examination, the outside attorney shall be requested to sign and provide a signed copy of the "Acknowledgment and Agreement to be Bound" attached as Exhibit A to the Protective Order, and to confirm that he or she will comply with the terms of this Amended Supplemental Protective Order and maintain the confidentiality of information contained within documents designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY. In the event that such outside attorney declines to sign the "Acknowledgment and Agreement to be Bound" prior to the examination, the Non-Party may seek a protective order from the Court, in a motion to which the Parties will not object, prohibiting such outside attorney from disclosing Non-Party Protected Material.

    4.5 Use of Designated Material at Hearings. A Party must not disclose NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information, directly or indirectly, in an open hearing without prior consent from the Non-Party or without authorization from the court. If the disclosing party anticipates disclosing any NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information in any open hearing, the disclosing party must notify the Non-Party of its intent to disclose such material at least four (4) business days in advance of such disclosure, or, if such notice is not possible, as soon as is reasonably practicable, and describe the materials to be disclosed with reasonable particularity, so that the Non-Party has the opportunity to file an objection to such disclosure and establish that the materials to be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and the Court's standing orders. If such notice is not given or the Non-Party files such an objection, the Disclosing Party must request that the courtroom be sealed, and that only those authorized to review NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

information remain present during the presentation of such material, unless the Court orders otherwise.

        4.6    <u>Use of Designated Material at Trial</u>.  Any Party that discloses any NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY materials on any trial exhibit list exchanged with an opposing Party, or that is disclosed to the Court, must disclose such materials to the implicated Non-Party no later than two (2) business days after such exchange or disclosure, and describe the materials with reasonable particularity, so that the Non-Party has the opportunity to file an objection to such disclosure and establish that the materials to be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and the Court's standing orders.  If such notice is not given or the Non-Party files such an objection, the Disclosing Party must request that the courtroom be sealed, and that only those authorized to review NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information remain present during the presentation of such material, unless the Court orders otherwise.

Dated:  October 11, 2021

CRAVATH, SWAINE & MOORE LLP
Christine Varney *(pro hac vice)*
Katherine B. Forrest *(pro hac vice)*
Darin P. McAtee *(pro hac vice)*
Gary A. Bornstein *(pro hac vice)*
Timothy G. Cameron *(pro hac vice)*
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Omid H. Nasab *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:    /s/ Yonatan Even
        Yonatan Even

*Counsel for Plaintiff Epic Games, Inc.*

| | | |
|---|---|---|
| Dated: October 11, 2021 | | BARTLIT BECK LLP<br>Karma M. Giulianelli |
| | | KAPLAN FOX & KILSHEIMER LLP<br>Hae Sung Nam |
| | | Respectfully submitted, |
| | | By:  /s/ *Karma M. Giulianelli*<br>       Karma M. Giulianelli |
| | | *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* |
| Dated: October 11, 2021 | | PRITZKER LEVINE LLP<br>Elizabeth C. Pritzker |
| | | Respectfully submitted, |
| | | By:  /s/ *Elizabeth C. Pritzker*<br>       Elizabeth C. Pritzker |
| | | *Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* |
| Dated: October 11, 2021 | | HAGENS BERMAN SOBOL SHAPIRO LLP<br>Steve W. Berman<br>Robert F. Lopez<br>Benjamin J. Siegel |
| | | SPERLING & SLATER PC<br>Joseph M. Vanek<br>Eamon P. Kelly<br>Alberto Rodriguez |
| | | Respectfully submitted, |
| | | By:  /s/ *Steve W. Berman*<br>       Steve W. Berman |
| | | *Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Pure Sweat Basketball* |

8

Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD;
3:21-cv-05227-JD

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS

| | | |
|---|---|---|
| 1 | Dated: October 11, 2021 | HAUSFELD LLP |
| 2 | |    Bonny E. Sweeney |
| | |    Melinda R. Coolidge |
| 3 | |    Katie R. Beran |
| | |    Scott A. Martin |
| 4 | |    Irving Scher |

Respectfully submitted,

By:   /s/ *Bonny E. Sweeney*
       Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

Dated: October 11, 2021        OFFICE OF THE UTAH ATTORNEY GENERAL
    Brendan P. Glackin

Respectfully submitted,

By:   /s/ *Brendan P. Glackin*
       Brendan P. Glackin
*Counsel for Utah and the Plaintiff States*

Dated: October 11, 2021        MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

Respectfully submitted,

By:   /s/ *Brian C. Rocca*
       Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

9

Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD;
3:21-cv-05227-JD

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS

| | | |
|---|---|---|
| Dated: October 11, 2021 | | O'MELVENY & MYERS LLP<br>Daniel M. Petrocelli<br>Ian Simmons<br>Benjamin G. Bradshaw<br>Stephen J. McIntyre |

Respectfully submitted,

By:    */s/ Daniel M. Petrocelli*
          Daniel M. Petrocelli

*Counsel for Defendants Google LLC et al.*

Dated: October 11, 2021      MUNGER, TOLLES & OLSON LLP
          Glenn D. Pomerantz
          Kuruvilla Olasa
          Emily C. Curran-Huberty
          Jonathan I. Kravis
          Justin P. Raphael
          Kyle W. Mach

Respectfully submitted,

By:    */s/ Glenn D. Pomerantz*
          Glenn D. Pomerantz

*Counsel for Defendants Google LLC et al.*

## **ORDER**

Pursuant to stipulation, it is so ordered.

DATED: _____  _____
                                                       HON. JAMES DONATO
                                                       United States District Court Judge

10

Nos.: 3:21-md-02981-JD; 3:20-cv-05671-JD;
3:20-cv-05761-JD; 3:20-cv-05792-JD;
3:21-cv-05227-JD
STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS

**E-FILING ATTESTATION**

I, Brian C. Rocca, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                    */s/ Brian C. Rocca*
                                       Brian C. Rocca