```
1    Paul J. Riehle (SBN 115199)
     paul.riehle@faegredrinker.com
2    FAEGRE DRINKER BIDDLE & REATH LLP
     Four Embarcadero Center
3    San Francisco, California 94111
     Telephone: (415) 591-7500
4    Facsimile: (415) 591-7510

5    Christine A. Varney (pro hac vice)
     cvarney@cravath.com
6    Katherine B. Forrest (pro hac vice)
     kforrest@cravath.com
7    Gary A. Bornstein (pro hac vice)
     gbornstein@cravath.com
8    Timothy G. Cameron (pro hac vice)
     tcameron@cravath.com
9    Yonatan Even (pro hac vice)
     yeven@cravath.com
10   Lauren A. Moskowitz (pro hac vice)
     lmoskowitz@cravath.com
11   Justin C. Clarke (pro hac vice)
     jcclarke@cravath.com
12   M. Brent Byars (pro hac vice)
     mbyars@cravath.com
13   CRAVATH, SWAINE & MOORE LLP
     825 Eighth Avenue
14   New York, New York 10019
     Telephone: (212) 474-1000
15   Facsimile: (212) 474-3700

16   Attorneys for Plaintiff Epic Games, Inc.
```

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC et al., <br><br> Defendants. | Case No. 3:20-CV-05671-JD <br><br> **EPIC GAMES, INC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Epic Games, Inc. ("Epic") hereby moves the Court to issue an administrative order on the filing under seal of certain portions of Epic's <u>Answer and Affirmative Defenses to Google's Counterclaims</u> ("Epic's Answer"). A public redacted version of Epic's Answer has been filed in accordance with this Court's Local Rules.

Subsection (f) of Civil Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by the opposing party. Under subsection (f)(1), the Filing Party's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed "must identify each document or portions thereof for which sealing is sought". Pursuant to subsection (f)(3) of Local Rule 79-5, the Designating Party then has 7 days to file a declaration establishing that all of the designated material is "sealable" according to the standards set out in subsection (c)(1), after which any party may respond within 4 days, pursuant to subsection (f)(4). Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party makes "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient". Civ. L.R. 79-5(c)(1) (emphasis in original). "[A] strong presumption of access to judicial records applies fully to dispositive pleadings" and "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion". *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations omitted). A request to seal all or part of an Answer must meet the "compelling reasons" standard and not the "good cause" standard" for sealing. *See Hyosung (America), Inc. v. Hantle, Inc.*, 2011 WL 5520961 at *3 (N.D. Cal. Nov. 14, 2011) (denying a defendant's motion to seal his Answer and applying the "compelling reasons" standard); *Delfino Green & Green v. Workers Compansation Sols., LLC,* 2015 WL 4235356, at *2 (N.D. Cal. July 13, 2015) (applying "compelling reasons" standard in evaluating request to seal an Answer). Compelling reasons justifying the sealing of court records generally exist

"when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets". *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records". *Id.*  Moreover, "[t]he fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *In re Google Play Store Antitrust Litig.*, 2021 WL 4190165 (N.D. Cal. Aug. 25, 2021) (Donato, J.).

Epic's Answer contains portions that are sourced from documents that Defendants Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. (collectively, "Google") have designated as "CONFIDENTIAL" pursuant to the Protective Order entered by the Court, ECF No. 189.  Those portions are identified in the Declaration of M. Brent Byars submitted herewith and highlighted in the under seal version of Epic's Answer.

Dated: November 1, 2021

CRAVATH, SWAINE & MOORE LLP

Christine Varney
Katherine B. Forrest
Gary A. Bornstein
Timothy G. Cameron
Yonatan Even
Lauren A. Moskowitz
Justin C. Clarke
M. Brent Byars

Respectfully submitted,

By:   */s/ M. Brent Byars*
         M. Brent Byars

*Attorneys for Plaintiff Epic Games, Inc.*