UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  May 12, 2022                                                                 Judge:  Hon. James Donato

Time:  53 Minutes

Case Nos.   3:20-cv-05671-JD Epic Games, Inc. v. Google LLC et al
            3:21-md-02981-JD In re Google Play Store Antitrust Litigation

Attorney(s) for Plaintiff(s):   Lauren Weinstein/Paula Blizzard/Brian Wang/John Byars/
                                Lauren Moskowitz/Ben Siegel/Paul Riehle/Joseph Reiter/
                                Doug Dixon
Attorney(s) for Defendant(s):   Brian Rocca/Minna Naranjo/Ben Bradshaw/Glen Pomerantz/
                                Kupuvilla Olasa

Court Reporter:  Belle Ball

Deputy Clerk:  Lisa Clark

PROCEEDINGS

Status Conference -- Held

NOTES AND ORDERS

The Court discusses with the parties Epic Games, Inc.'s motion for preliminary injunction, MDL Dkt. No. 213.  The parties are directed to meet and confer on the issues presented by the motion, and file a joint statement by May 19, 2022.  If the parties are not able to reach a resolution, they should propose a briefing schedule in the joint statement.  As discussed on the record, any further briefing should focus only on the irreparable harm, balance of hardships, and public interest factors for an injunction.  The Match Group plaintiffs from Case No. 22-2746 should be included in the meet and confer, and the parties' discussions and joint statement should also account for the TRO motion filed in that case.  The Match Group plaintiffs' and Epic's motions will be held in abeyance pending further order.

For the document preservation issue raised by the consumer plaintiffs, the parties are directed to file by May 27, 2022, a joint statement, in the event the issue remains outstanding and the parties are in need of the Court's assistance.  In that case, the parties should jointly propose a method of resolution, including a possible evidentiary hearing.  The statement should also include a proffer from plaintiffs supporting their assertion that Google has engaged in the improper destruction of instant messages, as well as any other issues the parties wish the Court to resolve.

For class certification briefing limits and sealing procedures, the parties will meet and confer and file requests for Court action as needed. The parties are advised that the Court will not accept voluminous and duplicative filings from multiple parties. The Court will not approve the sealing of any material that does not meet the demanding standards for sealing as stated in prior orders in this litigation. Any proposed sealing procedure must provide maximum, contemporaneous access to the public of the parties' filings via the ECF docket.