Glenn D. Pomerantz (SBN 112503)
glenn.pomerantz@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Daniel M. Petrocelli, Bar No. 97802
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700

*Counsel for Defendants Google LLC et al.*

[Additional counsel appear on signature page]

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE &
REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>Case No. 3:20-cv-05671-JD<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING EPIC GAMES, INC.'S REQUEST FOR PRELIMINARY RELIEF**<br><br>Judge:  Hon. James Donato |

Plaintiff/Counter-Defendant Epic Games, Inc. ("Epic") and Defendants/Counterclaimants Google LLC; Google Ireland Limited; Google Commerce Limited; Google Asia Pacific Pte. Ltd.; and Google Payment Corp. (collectively "Google," and together with Epic the "Stipulating Parties"), through their respective attorneys of record and without waiving any rights, claims, or defenses except as expressly provided below, hereby stipulate to the following:

On April 28, 2022, Epic filed a Motion for Preliminary Injunction (ECF No. 213; the "Motion") seeking an order enjoining Google from "removing . . . or otherwise making unavailable the app Bandcamp . . . on the basis that Bandcamp offers in-app payments through means other than Google Play Billing." Consistent with the Court's guidance at the May 12, 2022 status conference encouraging the parties to confer in an effort to resolve the Motion and the relief sought therein (ECF No. 230), the Stipulating Parties have met and conferred on the issues presented by the Motion.

NOW, THEREFORE, the Stipulating Parties agree as follows (the "Agreement"):

1.  Google agrees that, for as long as this Agreement remains in effect and effective immediately, it will not remove from, de-list, refuse to list on, or otherwise make unavailable the Bandcamp app on the Google Play Store ("Google Play"), nor will Google reject, unreasonably delay, or refuse to distribute updates of the Bandcamp app, on the basis that the Bandcamp app or updates to the app offer in-app purchases of digital goods or services through means other than Google Play's billing system. For the avoidance of doubt, Google reserves the right to enforce all other provisions of the Google Play Developer Distribution Agreement (DDA) and Google Play Developer Program Policies to the extent such enforcement is consistent with the terms of this Agreement.

2. Beginning June 1, 2022, Epic shall pay into a mutually acceptable escrow account, on a monthly basis, the applicable fee under the DDA on all revenue collected for in-app transactions of digital goods and services in the Bandcamp app distributed through Google Play, which the Stipulating Parties agree, assuming the Bandcamp app maintains its current business model and practices, is 10% for the duration of this Agreement. Epic will provide Google with a monthly accounting of all in-app digital goods and services purchased in the prior month on the Bandcamp app distributed through Google Play sufficient to permit Google to verify the accuracy of the amounts paid into escrow in accordance with this Agreement.

3. The Stipulating Parties reserve and do not waive any defenses, rights, or claims for relief with respect to these actions, including (i) Epic's Complaint and any amendment thereto and (ii) Google's Answers, Defenses, and Counterclaims to Epic Games, Inc.'s First Amended Complaint for Injunctive Relief and any amendment thereto. Google also reserves and does not waive any of the terms of the DDA or any rights under or related to that agreement. Google expressly reserves the right to pursue any remedies available under law or equity, including but not limited to, for breaches of the DDA, and to establish its entitlement to damages, including but not limited to funds placed by Epic in escrow (as referenced in paragraph 2 above).

4. If, in a final judgment, Google's recovery on such claims or remedies is equal to or exceeds the amount placed in escrow by Epic, then Epic shall consent to the release of the funds in escrow to Google and pay Google the difference between the funds in escrow and the amount awarded to Google in the final judgment. If, in a final judgment, Google's recovery on such claims, if any, is less than the amount placed

in escrow, then Epic shall consent to release to Google the amount awarded to Google in the final judgment, and the remaining funds in the escrow account shall be returned to Epic.  If, in a final judgment, Epic prevails and Google has no recovery on such claims, then Google shall consent to the release of all funds in the escrow account to Epic.

5.   This Agreement does not apply to any app except the Bandcamp app (i.e. the app Bandcamp made available as of May 18, 2022 and that is the subject of the Motion), and the Stipulating Parties reserve all rights with respect to all other apps.

6.   Pursuant to this stipulation, the Stipulating Parties agree that the Motion shall be deemed provisionally denied as moot without prejudice in light of the Agreement set forth herein.  Epic reserves and does not waive the right to pursue the relief sought in the Motion in the event the Agreement is breached by Google or terminated for any reason, and Google reserves any defenses thereto.

7.   This Agreement is effective when filed, and terminates on the earlier of:

a.   The date of a final judgment or other disposition of this action (*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD) at the trial court level.

b.   Sixty days after Google or Epic notifies counsel of record for the other party, in writing, that it is terminating this Agreement.

1   Dated:  May 20, 2022                  CRAVATH, SWAINE & MOORE LLP
2                                             Christine Varney *(pro hac vice)*
                                              Katherine B. Forrest *(pro hac vice)*
3                                             Gary A. Bornstein *(pro hac vice)*
                                              Timothy G. Cameron *(pro hac vice)*
4                                             Yonatan Even *(pro hac vice)*
                                              Lauren A. Moskowitz *(pro hac vice)*
                                              Justin C. Clarke *(pro hac vice)*
5                                             M. Brent Byars *(pro hac vice)*

6                                         FAEGRE DRINKER BIDDLE & REATH LLP
                                              Paul J. Riehle (SBN 115199)
7
                                          Respectfully submitted,
8
                                          By:   */s/ Lauren A. Moskowitz*
9                                               Lauren A. Moskowitz

10                                              *Counsel for Plaintiff Epic Games, Inc.*

11

12   Dated:  May 20, 2022                  MORGAN, LEWIS & BOCKIUS LLP
13                                            Brian C. Rocca
                                              Sujal J. Shah
14                                            Michelle Park Chiu
                                              Minna L. Naranjo
15                                            Rishi P. Satia

16                                        Respectfully submitted,

17                                        By:   */s/ Brian C. Rocca*
                                                Brian C. Rocca
18

19   Dated:  May 20, 2022                  O'MELVENY & MYERS LLP
20                                            Daniel M. Petrocelli
                                              Ian Simmons
                                              Benjamin G. Bradshaw
21                                            Stephen J. McIntyre

22                                        Respectfully submitted,

23                                        By:   */s/ Ian Simmons*
24                                              Ian Simmons

25

26

27

28

1

2    Dated:  May 20, 2022                         MUNGER, TOLLES & OLSON LLP
                                                 Glenn D. Pomerantz
3                                                Kyle W. Mach
                                                 Kuruvilla Olasa
4                                                Justin P. Raphael
                                                 Emily C. Curran-Huberty
5                                                Jonathan I. Kravis
                                                 Dane P. Shikman

6                                                Respectfully submitted,

7
                                                 By:    /s/ Glenn D. Pomerantz
8                                                       Glenn D. Pomerantz

9                                                *Counsel for Defendants Google LLC et al.*

10

11                              **E-FILING ATTESTATION**

12          I, Kuruvilla Olasa, am the ECF User whose ID and password are being used to file

13   this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

14   signatories identified above has concurred in this filing.

15

16                                                */s/ Kuruvilla Olasa*
                                                   Kuruvilla Olasa
17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING EPIC'S REQUEST FOR PRELIMINARY RELIEF
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD

1   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    DATED: _____

4

5                                          _____

6                                          HON. JAMES DONATO
                                           U.S. District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING EPIC'S REQUEST FOR PRELIMINARY RELIEF
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD