1   Karma M. Giulianelli (SBN 184175)
2   karma.giulianelli@bartlitbeck.com
    **BARTLIT BECK LLP**
3   1801 Wewetta St., Suite 1200
    Denver, Colorado 80202
4   Telephone: (303) 592-3100

5   Hae Sung Nam (*pro hac vice*)
    hnam@kaplanfox.com
6   **KAPLAN FOX & KILSHEIMER LLP**
    850 Third Avenue
7   New York, NY 10022
    Tel.: (212) 687-1980

8   *Co-Lead Counsel for the Proposed Class in In*
9   *re Google Play Consumer Antitrust Litigation*

    Steve W. Berman (*pro hac vice*)
10  steve@hbsslaw.com
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
11  1301 Second Ave., Suite 2000
    Seattle, WA 98101
12  Telephone: (206) 623-7292

13  Eamon P. Kelly (*pro hac vice*)
    ekelly@sperling-law.com
14  **SPERLING & SLATER P.C.**
    55 W. Monroe, Suite 3200
15  Chicago, IL 60603
    Telephone: 312-641-3200
16

17  *Co-Lead Counsel for the Proposed Class in In*
    *re Google Play Developer Antitrust Litigation*
18  *and Attorneys for Pure Sweat Basketball, Inc.*

19  Bonny E. Sweeney (SBN 176174)
    bsweeney@hausfeld.com
20  **HAUSFELD LLP**
    600 Montgomery Street, Suite 3200
21  San Francisco, CA 94104
    Telephone: (415) 633-1908
22
    *Co-Lead* Counsel *for the Proposed Class in In*
23  *re Google Play Developer Antitrust Litigation*
    *and Attorneys for Peekya App Services, Inc.*
24
    Douglas J. Dixon (SBN 275389)
25  ddixon@hueston.com
    **HUESTON HENNIGAN LLP**
26  620 Newport Center Drive, Suite 1300
    Newport Beach, CA 92660
27  Telephone:   (949) 229-8640

28  *Counsel for Plaintiffs Match Group, LLC et al.*

---

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone:  801-366-0260
*Counsel for Utah and the Plaintiff States*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Daniel M. Petrocelli (SBN 97802)
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700

*Counsel for Defendants Google LLC et al.*

Glenn D. Pomerantz (SBN 97802)
glenn.pomerantz@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:      (213) 683-9100

*Counsel for Defendants Google LLC et al. in In re Google Play Consumer Antitrust Litig.; In re Google Play Developer Antitrust Litig.; Epic Games, Inc. v. Google LLC et al.; State of Utah et al. v. Google LLC et al.*

STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD

*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD

*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD

*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD

Case No. 3:21-md-02981-JD

**STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS**

Judge: Hon. James Donato

1
2
3

WHEREAS, on May 20, 2021, the Court entered a Stipulated Protective Order Governing Production of Protected Non-Party Materials (the "Non-Party Protective Order") in the above-captioned cases.  *See* Case No. 3:21-md-02981-JD, Dkt. No. 44;

4
5
6
7
8

WHEREAS on July 20, 2021, the Court entered an Order Determining Cases to be Related with respect to the case entitled *State of Utah, et al. v. Google LLC et al.*, Case No. 3:21-cv-5227-JSC, which consolidated that case into MDL Case No. 2981 (the "Litigation"). The Parties acknowledge that certain protective orders require amendment to govern the production by and to the Plaintiff States;

9
10
11
12
13
14

WHEREAS on December 10, 2020, the Court entered a Stipulated Protective Order in the following cases: Case No. 3:20-cv-05671-JD, Dkt. No. 110, approving Dkt. No. 106-1; Case No. 3:20-cv-05761-JD, Dkt. No. 117, approving Dkt. No. 109-1; Case No. 3:20-cv-05792; JD, Dkt. No. 78, approving Dkt. No. 76-1, and Parties have concurrently submitted an amendment to that Stipulated Protective Order to govern the production by and to the Plaintiff States ("Amended Protective Order");

15
16
17
18
19
20
21

WHEREAS on October 22, 2021, the Court entered a Stipulated Supplemental Protective Order Governing Production of Protected Non-Party Materials (the "First Amended Supplemental Protective Order") in the following cases:  Case No. 3:21-md-02981-JD, Dkt. No. 124, approving Dkt. No. 117; Case No. 3:20-cv-05671-JD, Dkt. No. 190, approving Dkt. No. 185; Case No. 3:20-cv-05761-JD, Dkt. No. 224, approving Dkt. No. 219; Case No. 3:20-cv-05792-JD, Dkt. No. 163, approving Dkt. No. 158; Case No. 3:21-cv-05227-JD, Dkt. No. 186, approving Dkt. No. 177;

22
23
24
25
26
27

WHEREAS on December 20, 2021, the Court entered a Stipulated Second Amended Protective Order in Case No. 3:21-md-02981-JD, Dkt. No. 170, approving Dkt. No. 154; Case No. 3:20-cv-05671-JD, Dkt. No. 203, approving Dkt. No. 199; Case No. 3:20-cv-05761-JD, Dkt. No. 239, approving Dkt. No. 232; Case No. 3:20-cv-05792- JD, Dkt. No. 177, approving Dkt. No. 168, Case No. 3:21-cv-05227-JD, Dkt. No. 204, approving Dkt. No. 198 (the "Second Amended Protective Order");

28

1    WHEREAS, the Parties in the above-captioned cases have filed concurrently herewith the

2  Stipulated [Proposed] Third Amended Protective Order (the "Third Amended Protective Order");

3    WHEREAS, Section 11(a) of the Third Amended Protective Order states that its

4  provisions should not "be construed as prohibiting a Non-Party from seeking additional

5  protections";

6    WHEREAS, materials that Parties intend to produce in the Litigations may contain

7  information that is subject to contractual obligations to a Non-Party, including but not limited to

8  non-disclosure agreements between a Party and Non-Party, or may otherwise contain Non-Party

9  Protected Material (as defined herein);

10    WHEREAS, Parties have served subpoenas pursuant to Rule 45 of the Federal Rules of

11  Civil Procedure on Non-Parties;

12    WHEREAS, certain Non-Parties have expressed concerns regarding the production of

13  competitively sensitive information to Parties in the Litigations absent certain additional

14  protections beyond those set forth in the Third Amended Protective Order;

15    WHEREAS, on May 9, 2022, Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish

16  Media ULC; and People Media, Inc. filed a complaint in Case No. 3:22-cv-02746-JD, which has

17  been related to the above matters, and too consent to the terms of the First Amended

18  Supplemental Protective Order;

19    WHEREFORE, IT IS HEREBY ORDERED that documents or information disclosed or

20  produced by Non-Parties or by Parties to the extent such documents or information are designated

21  as containing Non-Party Protected Material in connection with the Litigations shall be subject to

22  the following provisions (the "Second Amended Supplemental Protective Order"):

23    1.    <u>GENERAL PROVISIONS</u>

24    1.1    The definitions, terms and provisions contained in the Third Amended

25  Protective Order shall be incorporated herein by reference as though fully set forth herein;

26  provided, however, that in the event of a conflict between any definition, term, or provision of

27  this Second Amended Supplemental Protective Order and any definition, term, or provision of the

28

Third Amended Protective Order, this Second Amended Supplemental Protective Order will control with respect to such conflict.

   1.2 The definitions, terms and provisions contained in this Second Amended Supplemental Protective Order shall apply only to those Discovery Materials designated as Non-Party Protected Material in accordance with this Second Amended Supplemental Protective Order, and nothing herein shall provide any rights or protections to the Parties to the Litigations beyond those set forth in the Third Amended Protective Order.

  2. DEFINITIONS

   2.1 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in the Litigations as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

   2.2 Non-Party Protected Material: sensitive Non-Party confidential information or documents, disclosure of which to another Party or Non-Party could create a substantial risk of serious harm to the Non-Party.

  3. SCOPE

   3.1 This Second Amended Supplemental Protective Order covers not only documents designated "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", but also any information copied, excerpted, or summarized from documents with such designation and any testimony, conversations, or presentations by Counsel that might reveal information from documents with such designation.  However, the protections conferred by this Second Amended Supplemental Protective Order do not cover the following: (a) any documents or information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party for reasons not involving a violation of this Second Amended Supplemental Protective Order or the Third Amended Protective Order, including becoming part of the public record through trial or otherwise; and (b) any documents or information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

1   document or information lawfully and under no obligation of confidentiality to the Designating

2   Party.

3         3.2    Nothing in these provisions should be construed as prohibiting a Non-Party

4   from seeking additional protections.

5        4.    <u>DESIGNATION AND USE OF NON-PARTY PROTECTED MATERIAL</u>

6         4.1    In order for materials produced in discovery to qualify for protection as

7   "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", the

8   Designating Party must affix the legend "NON-PARTY HIGHLY CONFIDENTIAL –

9   OUTSIDE COUNSEL EYES ONLY" to each page of any document for which the Designating

10   Party seeks protection under this Second Amended Supplemental Protective Order;

11        4.2    Unless otherwise ordered by the Court or permitted by all implicated Non-

12   Parties, a Receiving Party may disclose documents and information designated as "NON-PARTY

13   HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the following only:

14        (a)    The Receiving Party's Outside Counsel of Record in this action, as

15   well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose

16   the documents or information for this litigation and who have signed the "Acknowledgment and

17   Agreement to be Bound" (Exhibit A to the Third Amended Protective Order);

18        (b)    State AGO Attorneys who have appeared on behalf of Plaintiff

19   States in this litigation, who are actively prosecuting the Litigation, or to whom it is reasonably

20   necessary to disclose the information for purposes of this litigation; State AGO Attorneys who

21   have appeared will maintain a list of Attorneys as well as supervisors of support staff subject to

22   this section;

23        (c)    Experts of the Receiving Party (1) to whom disclosure is reasonably

24   necessary for the Litigations and (2) who have signed the "Acknowledgment and Agreement to

25   be Bound" (Exhibit A to the Third Amended Protective Order);

26        (d)    The Court and its personnel;

27        (e)    Stenographic reporters, videographers, and their respective staff,

28

1    professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably

2    necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be

3    Bound" (Exhibit A to the Third Amended Protective Order);

4              (f)      The author or recipient of a document containing the information or

5    custodian or other person who otherwise possessed or knew the information.

6              4.3      Filing and Filing under Seal.  A Party may not file in the public record in

7    this action any Non-Party Protected Material.  Non-Party Protected Material may be filed only

8    under seal pursuant to a Court order authorizing the sealing of the specific Non-Party Protected

9    Material at issue.  A Party that seeks to file under seal any Non-Party Protected Material must

10   comply with Civil Local Rule 79-5.  In addition to the requirements of Civil Local Rule 79-5(e),

11   the Party seeking to file under seal any Non-Party Protected Material should identify the Non-

12   Party whose Non-Party Protected Material has been designated as "NON-PARTY HIGHLY

13   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and serve the supporting declaration

14   on the Non-Party so that Non-Party has the opportunity to file a declaration establishing that all of

15   the designated material is sealable pursuant to Civil Local Rule 79-5(e).  If a Receiving Party's or

16   Non-Party's request to file Non-Party Protected Material under seal pursuant to Civil Local

17   Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in

18   the public record pursuant to Civil Local Rule 79-5(e)(2), unless otherwise instructed by the

19   Court.

20             4.4      Use of Non-Party Protected Material at Depositions.  Except as may

21   otherwise be ordered by the Court, any person may be examined as a witness at deposition and

22   may testify concerning Non-Party Protected Material to the extent such person was the author,

23   recipient, or custodian of the material, or otherwise possessed or had prior knowledge of such

24   material.  For clarity,

25             (a)      A present director, officer, agent, employee and/or designated Rule

26   30(b)(6) witness of a Non-Party may be examined and may testify concerning Non-Party

27   Protected Material, but to the extent a document is designated as NON-PARTY HIGHLY

28

1   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's

2   Protected Material, all such materials, of which such person did not have prior knowledge, should

3   be redacted prior to introducing any such document for examination;

4           (b)    A former director, officer, agent, and/or employee of Non-Party

5   may be interviewed or examined and may testify concerning Non-Party Protected Material to the

6   extent such person was the author, recipient, or custodian of the material, or otherwise possessed

7   or had prior knowledge of such material, but to the extent a document is designated as NON-

8   PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains

9   another Non-Party's Protected Material, all such materials, of which such person did not have

10   prior knowledge, should be redacted prior to introducing any such document for examination;

11           (c)    Any other witness may be examined at deposition or otherwise

12   testify concerning any document containing Non-Party Protected Material which appears on its

13   face or from other documents or testimony to have been received from, communicated to, or

14   otherwise made known to that witness as a result of any contact or relationship with the Non-

15   Party, but to the extent a document is designated as NON-PARTY HIGHLY CONFIDENTIAL –

16   OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all

17   such materials, of which such person did not have prior knowledge, should be redacted prior to

18   introducing any such document for examination; and

19           (d)    At deposition, any person other than (i) the witness, (ii) the

20   witness's outside attorney(s), and (iii) any Person(s) qualified to receive documents designated as

21   NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY under this

22   Second Amended Supplemental Protective Order shall be excluded from the portion of the

23   examination concerning such information, unless the Non-Party or the witness appearing on

24   behalf of the Non-Party whose Non-Party's Protected Material is at issue consents to that

25   person's attendance.  If the witness is represented by an outside attorney who is not qualified

26   under this Second Amended Supplemental Protective Order to receive such information, then

27   prior to the examination, the outside attorney shall be requested to sign and provide a signed copy

28

of the "Acknowledgment and Agreement to be Bound" attached as Exhibit A to the Third

Amended Protective Order, and to confirm that he or she will comply with the terms of this

Second Amended Supplemental Protective Order and maintain the confidentiality of information

contained within documents designated as NON-PARTY HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL EYES ONLY.  In the event that such outside attorney declines to sign the

"Acknowledgment and Agreement to be Bound" prior to the examination, the Non-Party may

seek a protective order from the Court, in a motion to which the Parties will not object,

prohibiting such outside attorney from disclosing Non-Party Protected Material.

        4.5     Use of Designated Material at Hearings. A Party must not disclose NON-

PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information,

directly or indirectly, in an open hearing without prior consent from the Non-Party or without

authorization from the court.  If the disclosing party anticipates disclosing any NON-PARTY

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information in any open

hearing, the disclosing party must notify the Non-Party of its intent to disclose such material at

least four (4) business days in advance of such disclosure, or, if such notice is not possible, as

soon as is reasonably practicable, and describe the materials to be disclosed with reasonable

particularity, so that the Non-Party has the opportunity to file an objection to such disclosure and

establish that the materials to be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and

the Court's standing orders.  If such notice is not given or the Non-Party files such an objection,

the Disclosing Party must request that the courtroom be sealed, and that only those authorized to

review NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

information remain present during the presentation of such material, unless the Court orders

otherwise.

        4.6     Use of Designated Material at Trial.  Any Party that discloses any NON-

PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY materials on any

trial exhibit list exchanged with an opposing Party, or that is disclosed to the Court, must disclose

such materials to the implicated Non-Party no later than two (2) business days after such

1    exchange or disclosure, and describe the materials with reasonable particularity, so that the Non-

2    Party has the opportunity to file an objection to such disclosure and establish that the materials to

3    be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and the Court's standing orders.  If

4    such notice is not given or the Non-Party files such an objection, the Disclosing Party must

5    request that the courtroom be sealed, and that only those authorized to review NON-PARTY

6    HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information remain present

7    during the presentation of such material, unless the Court orders otherwise.

8
9    Dated: May 20, 2022                          CRAVATH, SWAINE & MOORE LLP
                                                          Christine Varney *(pro hac vice)*
10                                                        Katherine B. Forrest *(pro hac vice)*
                                                          Darin P. McAtee *(pro hac vice)*
11                                                        Gary A. Bornstein *(pro hac vice)*
                                                          Timothy G. Cameron *(pro hac vice)*
12                                                        Yonatan Even *(pro hac vice)*
                                                          Lauren A. Moskowitz *(pro hac vice)*
13                                                        Omid H. Nasab *(pro hac vice)*
                                                          Justin C. Clarke *(pro hac vice)*
                                                          M. Brent Byars *(pro hac vice)*
14
15                                                 FAEGRE DRINKER BIDDLE & REATH LLP
                                                          Paul J. Riehle (SBN 115199)
16
                                                   Respectfully submitted,
17
                                                   By:    */s/ Lauren A. Moskowitz*
18                                                        Lauren A. Moskowitz

19                                                        *Counsel for Plaintiff Epic Games, Inc.*

20   Dated: May 20, 2022                          BARTLIT BECK LLP
                                                          Karma M. Giulianelli
21
22                                                 KAPLAN FOX & KILSHEIMER LLP
                                                          Hae Sung Nam
23
24                                                 Respectfully submitted,

25                                                 By:    */s/ Karma Giulianelli*
                                                          Karma M. Giulianelli
26
27                                                        *Co-Lead Counsel for the Proposed Class in*
                                                          *In re Google Play Consumer Antitrust*
                                                          *Litigation*
28

1

2       Dated:  May 20, 2022                          PRITZKER LEVINE LLP
                                                      Elizabeth C. Pritzker
3
                                                      Respectfully submitted,
4
                                                      By:    /s/ Elizabeth Pritzker
5                                                            Elizabeth C. Pritzker

6                                                     *Liaison Counsel for the Proposed Class in
                                                      In re Google Play Consumer Antitrust
7                                                     Litigation*

8       Dated: May 20, 2022                           HAGENS BERMAN SOBOL SHAPIRO LLP
                                                      Steve W. Berman
9                                                     Robert F. Lopez
                                                      Benjamin J. Siegel
10
                                                      SPERLING & SLATER PC
11                                                    Joseph M. Vanek
                                                      Eamon P. Kelly
12                                                    Alberto Rodriguez

13
                                                      Respectfully submitted,
14
                                                      By:    /s/ Steve Berman
15                                                           Steve W. Berman

16                                                    *Co-Lead Interim Class Counsel for the
                                                      Developer Class and Attorneys for Plaintiff
17                                                    Pure Sweat Basketball*

18

19      Dated: May 20, 2022                           HAUSFELD LLP
                                                      Bonny E. Sweeney
20                                                    Melinda R. Coolidge
                                                      Katie R. Beran
21                                                    Scott A. Martin
                                                      Irving Scher
22

23                                                    Respectfully submitted,

24                                                    By:    /s/ Bonny Sweeney
                                                             Bonny E. Sweeney
25
                                                      *Co-Lead Interim Class Counsel for the
26                                                    Developer Class and Attorneys for Plaintiff
                                                      Peekya App Services, Inc.*
27

28

| | |
|---|---|
| 1 | Dated: May 20, 2022 |
| 2 | |

Dated: May 20, 2022

OFFICE OF THE UTAH ATTORNEY
GENERAL
    Brendan P. Glackin

Respectfully submitted,

By:   */s/ Brendan P. Glackin*
       Brendan P. Glackin
*Counsel for Utah and the Plaintiff States*

Dated: May 20, 2022

HUESTON HENNIGAN LLP
    John C. Hueston
    Douglas J. Dixon
    Joseph A. Reiter
    Michael K. Acquah
    William M. Larsen
    Julia L. Haines

Respectfully submitted,

By:   */s/ Douglas J. Dixon*
       Douglas J. Dixon
*Counsel for Match Group, LLC; Humor Rainbow,
Inc.; PlentyofFish Media ULC; and People
Media, Inc.*

Dated:  May 20, 2022

MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

Respectfully submitted,

By:   */s/ Brian Rocca*
       Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

1    Dated: May 20, 2022                    O'MELVENY & MYERS LLP
                                            Daniel M. Petrocelli
2                                           Ian Simmons
                                            Benjamin G. Bradshaw
3                                           E. Clay Marquez
                                            Stephen J. McIntyre
4

5                                           Respectfully submitted,

6

7                                           By:   */s/ Daniel Petrocelli*
                                                  Daniel M. Petrocelli

8                                           *Counsel for Defendants Google LLC et al.*

9

10

11   Dated: May 20, 2022                    MUNGER, TOLLES & OLSON LLP
                                            Glenn D. Pomerantz
12                                          Kuruvilla Olasa
                                            Emily C. Curran-Huberty
13                                          Jonathan I. Kravis
                                            Justin P. Raphael
14                                          Kyle W. Mach

15                                          Respectfully submitted,

16                                          By:   */s/ Glenn Pomerantz*
                                                  Glenn D. Pomerantz
17

18                                          *Counsel for Defendants Google LLC et al. in In
                                            re Google Play Consumer Antitrust Litig.; In re
19                                          Google Play Developer Antitrust Litig.; Epic
                                            Games, Inc. v. Google LLC et al.; State of Utah et
20                                          al. v. Google LLC et al.*

21

22                                              **ORDER**

23

24        Pursuant to stipulation, it is so ordered.

25
     DATED: _____       _____
26                                HON. JAMES DONATO
                                  United States District Court Judge
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **E-FILING ATTESTATION**

I, Douglas J. Dixon, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

_____ /s/ Douglas J. Dixon_____