1

Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Eamon P. Kelly (*pro hac vice*)
ekelly@sperling-law.com
**SPERLING & SLATER P.C.**
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.*

Bonny E. Sweeney (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.*

Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Counsel for Plaintiffs Match Group, LLC et al.*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone:  (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone:  801-366-0260
*Counsel for Utah and the Plaintiff States*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000

Daniel M. Petrocelli (SBN 97802)
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700

*Counsel for Defendants Google LLC et al.*

Glenn D. Pomerantz (SBN 97802)
glenn.pomerantz@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100

*Counsel for Defendants Google LLC et al. in In re Google Play Consumer Antitrust Litig.; In re Google Play Developer Antitrust Litig.; Epic Games, Inc. v. Google LLC et al.; State of Utah et al. v. Google LLC et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE**<br><br>Judge:  Hon. James Donato |

1  WHEREAS, on December 10, 2020, the Court entered a Stipulated Protective Order in

2  the above-captioned cases, Case No. 3:20-cv-05671-JD, Dkt. No. 110, approving Dkt. No. 106-

3  1; Case No. 3:20-cv-05761-JD, Dkt. No. 117, approving Dkt. No. 109-1; Case No. 3:20-cv-

4  05792-JD, Dkt. No. 78, approving Dkt. No. 76-1, and subsequently entered the operative Second

5  Amended Protective Order on December 20, 2021, Case No. 3:21-md-02981-JD, Dkt. No. 170,

6  approving Dkt. No. 154 (the "Protective Order");

7  WHEREAS, on May 20, 2021, the Court entered a Stipulated Supplemental Protective

8  Order Governing Production of Protected Non-Party Materials in the above-captioned cases,

9  Case No. 3:20-cv-05761-JD, Dkt. No. 165, Case No. 3:20-cv-05671-JD, Dkt. No. 147, Case No.

10  3:20-cv-05792-JD, Dkt. No. 117, and subsequently entered the operative Amended Supplemental

11  Protective Order Governing Production of Protected Non-Party Materials on October 22, 2021,

12  Case No. 3:21-md-02981-JD, Dkt. No. 124, approving Dkt. No. 117 ("Supplemental Protective

13  Order re: Non-Party Materials");

14  WHEREAS, on October 22, 2021, the Court entered a Stipulated Supplemental

15  Protective Order Governing Production of Protected Non-Party Materials (the "First Amended

16  Supplemental Protective Order re: Non-Party Materials") in the following cases:  Case No. 3:21-

17  md-02981-JD, Dkt. No. 124, approving Dkt. No. 117; Case No. 3:20-cv-05671-JD, Dkt. No.

18  190, approving Dkt. No. 185; Case No. 3:20-cv-05761-JD, Dkt. No. 224, approving Dkt. No.

19  219; Case No. 3:20-cv-05792- JD, Dkt. No. 163, approving Dkt. No. 158; Case No. 3:21-cv-

20  05227-JD, Dkt. No. 186, approving Dkt. No. 177;

21  WHEREAS, on December 20, 2021, the Court entered a Stipulated Second Amended

22  Protective Order in Case No. 3:21-md-02981-JD, Dkt. No. 170, approving Dkt. No. 154; Case

23  No. 3:20-cv-05671-JD, Dkt. No. 203, approving Dkt. No. 199; Case No. 3:20-cv-05761-JD, Dkt.

24  No. 239, approving Dkt. No. 232; Case No. 3:20-cv-05792- JD, Dkt. No. 177, approving Dkt.

25  No. 168, Case No. 3:21-cv-05227-JD, Dkt. No. 204, approving Dkt. No. 198 (the "Second

26  Amended Protective Order.");

27

28

WHEREAS, on May 16, 2022, the Court entered a Stipulated Supplemental Protective Order Governing Source Code ("Supplemental Protective Order Re: Source Code") in Case No. 3:21-md-02981-JD, Dkt. No. 231, and related cases Case No. 3:20-cv-05671-JD, Dkt. No. 248; Case No. 3:20-cv-05761-JD, Dkt. No. 267; Case No. 3:20-cv-05792-JD, Dkt. No. 199; and Case No. 3:21-cv-05227-JD, Dkt. No. 256;

WHEREAS, on May 9, 2022, Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc., filed a complaint in Case No. 3:22-cv-02746-JD, which has been related to the above matters, and too consent to the terms of the Supplemental Protective Order Re: Source Code;

WHEREAS, materials that Parties intend to produce in the Litigations may contain Source Code (as defined herein);

WHEREAS, the Parties in the above-captioned cases have filed concurrently herewith the Stipulated [Proposed] Third Amended Protective Order (the "Third Amended Protective Order");

WHEREFORE, IT IS HEREBY ORDERED that documents or information disclosed or produced by Parties to the extent such documents or information are designated as containing Source Code in connection with the Litigations shall be subject to the following provisions (the "Amended Supplemental Protective Order Re: Source Code"):

**1.    GENERAL PROVISIONS**

1.1    The definitions, terms and provisions contained in the Third Amended Protective Order and Supplemental Protective Order re: Non-Party Materials shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term, or provision of this Amended Supplemental Protective Order re: Source Code and any definition, term, or provision of the Third Amended Protective Order and/or Supplemental Protective Order re: Non-Party Materials, this Amended Supplemental Protective Order re: Source Code will control with respect to such conflict.

1.2    The definitions, terms and provisions contained in this Amended Supplemental Protective Order shall apply only to those Discovery Materials designated as

Source Code in accordance with this Amended Supplemental Protective Order re: Source Code, and nothing herein shall provide any rights or protections to the Parties to the Litigations beyond those set forth in the Third Amended Protective Order.

**2.    DEFINITIONS**

2.1    <u>Confidential Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.2    <u>Source Code</u>: extremely sensitive "Confidential Information or Items" consisting of non-publicly available computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which other than pursuant to the terms of this Amended Supplemental Protective Order re: Source Code would create a substantial risk of serious harm to the Producing Party that could not be avoided by less restrictive means.

2.3    <u>Source Code Documents</u>: a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents, that contains limited excerpts of Source Code.

**3.    INFORMATION DESIGNATED RESTRICTED CONFIDENTIAL - SOURCE CODE**

3.1    The RESTRICTED CONFIDENTIAL - SOURCE CODE designation is reserved for Source Code.  The following conditions shall govern the production, review and use of Source Code.

3.2    All such Source Code designated as "RESTRICTED CONFIDENTIAL - SOURCE CODE," shall be subject to the following provisions:

(a)    Source Code, to the extent any Producing Party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at an office of the Producing Party's Counsel or at a location mutually agreed upon by the Receiving and

Producing Parties.  Any review location shall be in the continental United States.  Source Code will be loaded on one or more (as proportionate to the volume of source code to be reviewed) non-networked computers ("Source Code Computer(s)") that are password protected and maintained in a secure, locked area.  Except as otherwise provided, use or possession of any input/output device (*e.g.*, USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other network or external system, etc.) will be prohibited while accessing the computer(s) containing the Source Code.  Proper identification of all authorized persons shall be provided prior to any access to the locked area or the Source Code Computer(s).  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, or by the government of the United States.  All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room.  The computer(s) containing Source Code will be made available for inspection during regular business hours on normal business days, upon reasonable notice to the Producing Party, which shall not be less than three business days in advance of the requested inspection.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  The Producing Party shall not be permitted to view any work product generated by the Receiving Party or the Receiving Party's representative(s), and the Producing Party shall not install any keystroke or other monitoring software on the Source Code Computer(s).

(b)   The Receiving Party's Outside Counsel of Record and/or Experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the Source Code Computer(s).   If the Producing Party has access to or a license for such software, it shall install such software in advance of the source code review.  If the Producing Party does not have access to or a license for such software, it shall notify the

Receiving Party at least ten business days in advance of the inspection, who will then have an opportunity to provide the Producing Party such software tool(s) at least four business days in advance of the inspection, which will then be installed on the Source Code Computer(s).

(c)   The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the Source Code at the time of the review.

(d)   The Receiving Party shall be entitled to take handwritten notes relating to the Source Code but may not copy the Source Code into such notes.  Any such notes shall not include copies or reproductions of portions of the Source Code; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, comments or procedure names.  No copies of all or any portion of the source code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  No notes shall be made or stored on the Source Code Computer(s), or left behind at the site where the Source Code Computer(s) are made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery.  Notwithstanding the foregoing, any such notes shall be stamped and treated as "RESTRICTED CONFIDENTIAL-SOURCE CODE."

(e)   No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except the Receiving Parties may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary for use in this action.  The Receiving Parties may not print more than twenty-five consecutive pages of Source Code and an aggregate total of more than 1000 pages of Source Code unless the Producing Party agrees, provided that the Producing Party agrees not to object to the Receiving Parties' request so long as these limits are not exceeded. In order to print more than twenty-five consecutive pages of Source Code or an aggregate of more than 1000 Pages of Source Code, the Receiving Parties

must obtain the prior written approval of the Producing Party. Within five business days or such

additional time as necessary due to volume requested, the Producing Party will provide four

copies of the requested material on watermarked or colored paper bearing Bates numbers and

the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE" on each page, unless

objected to as discussed below.  The printed pages shall constitute part of the Source Code

produced by the Producing Party in this action.  All copies shall be handled as if they are

originals consistent with the terms of this Order.  The printed pages must be produced in a

legible, clear fashion, and shall not be rasterized or blurred or in any way distorted from the

generated pdf original during the production process.

(f)    If the Receiving Parties request printing in excess of twenty-five

consecutive pages or an aggregate total of more than 1000 pages of the Source Code and the

Producing Party objects, the Producing Party shall make such objection known to the Receiving

Parties within five business days.  If after meeting and conferring the Producing Party and the

Receiving Parties cannot resolve the objection (where such meet-and-confer need not take place

in person), the Receiving Party shall be entitled, but not required, to seek a Court resolution of

whether the printed Source Code in question is reasonably necessary to any case preparation

activity.  Contested Source Code print outs need not be produced to the Requesting Parties until

the matter is resolved by the Court.

(g)    Any printed pages of Source Code designated by the Producing Party as

"RESTRICTED CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or

otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions,

expert reports, or court filings as discussed below.

(h)    Any paper copies designated "RESTRICTED CONFIDENTIAL -

SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel of Record

for the Receiving Party, (ii) the offices of outside Experts or consultants who have been

approved to access Source Code; (iii) the site where any deposition is taken; (iv) the courthouse;

or (v) any intermediate location necessary to transport the information to a hearing, trial or

- 6 -

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE
Case Nos. 3:21-md-02981; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-02746-JD
6189956

deposition.  Any such paper copies shall be maintained at all times in a secure location under the direct control of Counsel responsible for maintaining the security and confidentiality of the designated materials or under the direct control of such Counsel's Experts or consultants who have been approved to access Source Code.

(i)    A list of names of persons who will view the Source Code at the office of the Producing Party's Counsel or at a location mutually agreed upon by the Receiving and Producing Parties will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log, but only to ensure that there is no unauthorized access, recording, copying or transmission of the Source Code.

(j)    Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's Outside Counsel of Record and/or Experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

(k)    The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer(s) including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

(l)    Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

i.    Outside counsel of Record for the Parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law

firms;

    ii. Up to three Experts and/or consultants per Plaintiff Group (except upon the express written consent of the Producing Party, such consent not to be unreasonably withheld), pre-approved in accordance with Paragraphs 6.1-6.7 and specifically identified as eligible to access Source Code.  For the avoidance of doubt, Plaintiff Group shall refer to the Plaintiff or putative class of Plaintiffs in one of the following actions:  (i) *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD; (ii) *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05671-JD; (iii) *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD; and (iv) *State of Utah et al. v. Google LLC et al*., Case No. 3:21-cv-05227-JD.

    iii. The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by its production numbers;

    iv. While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

    (m) The Receiving Party's Outside Counsel of Record shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph l above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon

- 8 -

1   request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or

2   descriptions of the security measures employed by the Receiving Party and/or qualified person

3   that receives a copy of any portion of the Source Code;

4           (n)   Except as provided in this paragraph, the Receiving Party may not create

5   electronic images, or any other images, of the Source Code from the paper copy for use on a

6   computer (*e.g.*, may not scan the source code to a PDF, or photograph the code).  The Receiving

7   Party may create an electronic copy or image of limited excerpts of Source Code only to the

8   extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript,

9   other Court document, or any drafts of these documents (*i.e.*, Source Code Documents).  The

10  Receiving Party shall only include such excerpts as are reasonably necessary for the purposes

11  for which such part of the Source Code is used.  Images or copies of Source Code shall not be

12  included in correspondence between the parties (references to production numbers shall be used

13  instead) and shall be omitted from pleadings and other papers except to the extent permitted

14  herein.  The Receiving Party may create an electronic image of a selected portion of the Source

15  Code only when the electronic file containing such image has been encrypted using

16  commercially reasonable encryption software including password protection.  The

17  communication and/or disclosure of electronic files containing any portion of Source Code shall

18  at all times be limited to individuals who are authorized to see Source Code under the

19  provisions of this Protective Order.  The Receiving Party shall maintain a log of all electronic

20  images and paper copies of Source Code in its possession or in the possession of its retained

21  consultants, including the names of the recipients and reviewers of any electronic or paper

22  copies and the locations where the copies are stored.  Additionally, all electronic copies must be

23  labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

24          (o)   To the extent portions of Source Code are quoted in a Source Code

25  Document, either (1) the entire document will be stamped and treated as RESTRICTED

26  CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code will be

27

28

separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE

CODE.

(p)    All copies of any portion of the Source Code in whatever form shall be

securely destroyed if they are no longer in use.  Copies of Source Code that are marked as

deposition exhibits shall not be provided to the Court Reporter or attached to deposition

transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(q)    The Receiving Party's outside counsel may only disclose a copy of the

Source Code to individuals specified in Paragraph (l) above (*e.g.*, Source Code may not be

disclosed to in-house counsel).

## 4.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to

any information that is designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall

not be involved in the prosecution of patents or patent applications relating to the following

subject matters: a) automated scanning of mobile apps; b) automatic updating of mobile apps in a

store; and/or c) in-app purchasing on mobile devices, excluding patent or patent applications

directed at blockchain technologies ("Subject Matter Categories").  The Parties agree that these

Subject Matter Categories may need to be supplemented if additional Source Code is requested

after entry of this Order.

Notwithstanding the foregoing, however, nothing herein shall preclude any individual

from the prosecution of patents or patent applications relating to any of the foregoing Subject

Matter Categories unless such individual in fact reviewed RESTRICTED CONFIDENTIAL –

SOURCE CODE information relating to that Subject Matter Category.  For example, an

individual who reviewed RESTRICTED CONFIDENTIAL – SOURCE CODE information

relating to automatic updating of mobile apps in a store, but not in-app purchasing on mobile

devices, would not be prohibited from the prosecution of patents or patent applications relating

exclusively to in-app purchasing on mobile devices.

Each individual who receives access to information designated RESTRICTED

CONFIDENTIAL - SOURCE CODE shall provide an attestation that identifies whether they reviewed RESTRICTED CONFIDENTIAL – SOURCE CODE information in each of the Subject Matter Categories.  For example, an individual who reviewed RESTRICTED CONFIDENTIAL – SOURCE CODE information relating to automatic updating of mobile apps in a store shall provide an attestation stating that they reviewed that category of Source Code.  In addition, as set forth in Attachment B, the Producing Party may limit an individual's access to certain areas of Source Code and/or the individual may not access certain areas of Source Code based on the Subject Matter Categories identified in that individual's attestation.

The parties will meet and confer in good faith on the process for accessing relevant categorical source code and providing attestations.  For purposes of this Paragraph 4, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.   To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination).  This Prosecution Bar shall begin when inspection of RESTRICTED CONFIDENTIAL – SOURCE CODE information is first conducted by the affected individual and shall end 2 years after the individual has last viewed the RESTRICTED-CONFIDENTIAL – SOURCE CODE.

## 5.  ACQUISITION BAR

Absent written consent from the Producing Party, any individual who receives access to any information that is designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall not engage in any activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to the Subject Matter Categories identified in Paragraph 4; or (ii) advising or counseling clients regarding the same.

Notwithstanding the foregoing, however, nothing herein shall preclude any individual from such acquisition or counseling activity relating to any of the Subject Matter Categories unless such individual in fact reviewed RESTRICTED CONFIDENTIAL – SOURCE CODE

information relating to that Subject Matter Category.  Each individual who receives access to information designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall provide an attestation that identifies whether they reviewed RESTRICTED CONFIDENTIAL – SOURCE CODE information in each of the Subject Matter Categories, under the same terms and guidance as Paragraph 4.  This Acquisition Bar shall begin when inspection of RESTRICTED CONFIDENTIAL – SOURCE CODE information is first conducted by the affected individual and shall end 2 years after the individual has last viewed the RESTRICTED-CONFIDENTIAL – SOURCE CODE.

## 6.   DISCLOSURE OF SOURCE CODE TO EXPERTS AND CONSULTANTS

6.1     Information designated by the Producing Party under the category of Source Code and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's Experts and consultants.

6.2     No disclosure of Source Code to an Expert or consultant shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under paragraph 6.3, that objection is resolved according to the procedures set forth below.

6.3     A party desiring to disclose Source Code to an Expert or consultant shall also give prior written notice of the intended disclosure by email to the Producing Party and the Producing Party shall have three business days after such notice is given to object in writing to the disclosure.  The party desiring to disclose Source Code to an Expert or consultant must provide the following information for each Expert or consultant: name; city and state of primary residence; curriculum vitae; current employer; employment history for the past five years and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years.  No Source Code shall be disclosed to such Expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.  Notwithstanding the foregoing, however, any information provided by a Receiving Party

pursuant to this paragraph shall be used by the Producing Party exclusively for purposes of

ensuring that disclosure of Source Code to such Expert or consultant will not result in business

or economic harm to the Producing Party.  No information provided pursuant to the provisions

of this paragraph shall be used by a Producing Party in depositions or at trial, or in any other

effort to gain litigation advantage in the above-captioned proceedings.

6.4    A party objecting to disclosure of Source Code to an Expert or consultant

shall state with particularity the ground(s) of the objection.  The objecting party's consent to the

disclosure of Source Code to an Expert or consultant shall not be unreasonably withheld, and its

objection must be based on that party's good faith belief that disclosure of its Source Code to

the Expert or consultant will result in specific business or economic harm to that party.

6.5    If after consideration of the objection, the party desiring to disclose the

Source Code to an Expert or consultant refuses to withdraw the Expert or consultant, that party

shall provide notice to the objecting party.  Thereafter, the objecting party shall move the Court,

within three business days of receiving such notice, for a ruling on its objection.  A failure to

file a motion within the three business day period, absent an agreement of the parties to the

contrary or for an extension of such three business day period, shall operate as an approval of

disclosure of the Source Code to the Expert or consultant.  The parties agree to cooperate in

good faith to shorten the time frames set forth in this paragraph if necessary to abide by any

discovery or briefing schedules.

6.6    The objecting party shall have the burden of showing to the Court "good

cause" for preventing the disclosure of its Source Code to the Expert or consultant.  This "good

cause" shall include a particularized showing that:  (1) the Source Code is Confidential

Information or Items, (2) disclosure of the Source Code likely would result in a clearly defined

and serious injury to the objecting party's business, (3) the proposed Expert or consultant is in a

position to allow the Source Code to be disclosed to or become known by the objecting party's

competitors, and (4) that the Expert's or consultant's access to Source Code may create other

- 13 -

confidentiality or legal risks in connection with other patent-related activities or interests tied to the Expert or consultant.

6.7     A party who has not previously objected to disclosure of Source Code to an Expert or consultant or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to an Expert or consultant at a later time with respect to materials or information that are produced after the time for objecting to such an Expert or consultant has expired. Any such objection shall be handled in accordance with the provisions set forth above in Section 6.1 through 6.6.

**7.    EXPORT CONTROL**

7.1     Disclosure of Source Code shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Source Code, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance. Without the Receiving Parties agreeing that any laws or regulations relating to the export of technical data apply to any Source Code in this matter, Receiving Parties and their experts or consultants shall not remove any Source Code from the United States without providing Producing Party prior notification and giving Producing Party five calendar days to object.  Such objections will be subject to the procedure set forth in Section 6.1 through 6.6.  For the avoidance of doubt, the restrictions set forth in this paragraph shall not apply to handwritten notes as described in 3.2(d).

**ATTACHMENT A TO THE AGREED AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE CONFIDENTIALITY AGREEMENT**

1. My name is _____.

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have read the Agreed Supplemental Protective Order Governing Source Code dated _____, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled [CASE CAPTION].

6. I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies of any documents designated as RESTRICTED CONFIDENTIAL - SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated RESTRICTED CONFIDENTIAL - SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

7. I will not divulge to persons other than those specifically authorized by said Order and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8. In accordance with paragraph 5.3 of the Agreed Supplemental Protective Order Governing Source Code Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past five years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

9. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____ 20____.

- 15 -

**ATTACHMENT B TO THE AGREED AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE CONFIDENTIALITY AGREEMENT**

- Subject Matter Category:  Automated Scanning of Mobile Apps:  An individual who accesses or seeks access to the following source code directories must attest to the review of source code that scans apps on both Android clients and the Play Store servers for policy violations, including Google Play Protect and Advanced Protection Program.
    - /java/com/google
    - /quality
    - /security
    - /wireless

- Subject Matter Category:  Automatic Updating of Mobile Apps in a Store:  An individual who accesses or seeks access to the following source code directories must attest to the review of source code that is responsible for automatically updating apps distributed by the Play Store.
    - /play/console
    - /wireless

- Subject Matter Category:  In-App Purchasing on Mobile Devices (excluding patent or patent applications directed at blockchain technologies):  An individual who seeks access to the following source code directories must attest to the review of source code that is responsible for in-app purchasing within Play on Android devices
    - /wireless

1   Dated: May 20, 2022                    CRAVATH, SWAINE & MOORE LLP
                                              Christine Varney *(pro hac vice)*
2                                             Katherine B. Forrest *(pro hac vice)*
                                              Darin P. McAtee *(pro hac vice)*
3                                             Gary A. Bornstein *(pro hac vice)*
                                              Timothy G. Cameron *(pro hac vice)*
4                                             Yonatan Even *(pro hac vice)*
                                              Lauren A. Moskowitz *(pro hac vice)*
5                                             Omid H. Nasab *(pro hac vice)*
                                              Justin C. Clarke *(pro hac vice)*
6                                             M. Brent Byars *(pro hac vice)*
7
8                                          FAEGRE DRINKER BIDDLE & REATH LLP
                                              Paul J. Riehle (SBN 115199)
9
10                                         Respectfully submitted,
11                                         By:   */s/ Lauren A. Moskowitz*
                                                 Lauren A. Moskowitz
12
13                                               *Counsel for Plaintiff Epic Games, Inc.*
14   Dated: May 20, 2022                    BARTLIT BECK LLP
                                              Karma M. Giulianelli
15
16                                         KAPLAN FOX & KILSHEIMER LLP
                                              Hae Sung Nam
17
18                                               Respectfully submitted,
19                                         By:   */s/ Karma Giulianelli*
20                                               Karma M. Giulianelli
21                                               *Co-Lead Counsel for the Proposed Class in*
                                                 *In re Google Play Consumer Antitrust*
22                                               *Litigation*
23
24   Dated:  May 20, 2022                   PRITZKER LEVINE LLP
                                              Elizabeth C. Pritzker
25
26                                         Respectfully submitted,
27
28

- 17 -

|   |   |
|---|---|
| 1 | By:   */s/ Elizabeth Pritzker* |
| 2 |        Elizabeth C. Pritzker |
| 3 |        *Liaison Counsel for the Proposed Class in* |
|   |        *In re Google Play Consumer Antitrust* |
| 4 |        *Litigation* |
| 5 | Dated: May 20, 2022        HAGENS BERMAN SOBOL SHAPIRO LLP |
| 6 |        Steve W. Berman |
|   |        Robert F. Lopez |
| 7 |        Benjamin J. Siegel |
| 8 |        SPERLING & SLATER PC |
|   |        Joseph M. Vanek |
| 9 |        Eamon P. Kelly |
| 10 |        Alberto Rodriguez |
| 11 |        Respectfully submitted, |
| 12 |  |
| 13 | By:   */s/ Steve Berman* |
|   |        Steve W. Berman |
| 14 |        *Co-Lead Interim Class Counsel for the* |
| 15 |        *Developer Class and Attorneys for Plaintiff* |
|   |        *Pure Sweat Basketball* |
| 16 |  |
| 17 |  |
| 18 | Dated: May 20, 2022        HAUSFELD LLP |
|   |        Bonny E. Sweeney |
| 19 |        Melinda R. Coolidge |
| 20 |        Katie R. Beran |
|   |        Scott A. Martin |
| 21 |        Irving Scher |
| 22 |        Respectfully submitted, |
| 23 |  |
| 24 | By:   */s/ Bonny Sweeney* |
|   |        Bonny E. Sweeney |
| 25 |        *Co-Lead Interim Class Counsel for the* |
| 26 |        *Developer Class and Attorneys for Plaintiff* |
|   |        *Peekya App Services, Inc.* |
| 27 |  |
| 28 |  |

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE
Case Nos. 3:21-md-02981; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-02746-JD
6189956

Dated: May 20, 2022

OFFICE OF THE UTAH ATTORNEY
GENERAL
    Brendan P. Glackin

Respectfully submitted,

By:    */s/ Brendan P. Glackin*
       Brendan P. Glackin
*Counsel for Utah and the Plaintiff States*

Dated: May 20, 2022

HUESTON HENNIGAN LLP
    John C. Hueston
    Douglas J. Dixon
    Joseph A. Reiter
    Michael K. Acquah
    William M. Larsen
    Julia L. Haines

Respectfully submitted,

By:    */s/ Douglas J. Dixon*
       Douglas J. Dixon
*Counsel for Match Group, LLC; Humor Rainbow,
Inc.; PlentyofFish Media ULC; and People
Media, Inc.*

Dated:  May 20, 2022

MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

Respectfully submitted,

By:    */s/ Brian Rocca*
       Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

1    Dated: May 20, 2022                    O'MELVENY & MYERS LLP
                                            Daniel M. Petrocelli
2                                           Ian Simmons
                                            Benjamin G. Bradshaw
3                                           E. Clay Marquez
                                            Stephen J. McIntyre
4

5

6                                           Respectfully submitted,

7                                           By:  _/s/ Daniel Petrocelli_
                                                  Daniel M. Petrocelli
8
                                            _Counsel for Defendants Google LLC et al._
9

10

11   Dated: May 20, 2022                    MUNGER, TOLLES & OLSON LLP
                                            Glenn D. Pomerantz
12                                          Kuruvilla Olasa
                                            Emily C. Curran-Huberty
13                                          Jonathan I. Kravis
                                            Justin P. Raphael
14                                          Kyle W. Mach

15

16                                          Respectfully submitted,

17                                          By:  _/s/ Glenn Pomerantz_
                                                  Glenn D. Pomerantz
18

19                                          _Counsel for Defendants Google LLC et al. in In_
                                            _re Google Play Consumer Antitrust Litig.; In re_
20                                          _Google Play Developer Antitrust Litig.; Epic_
                                            _Games, Inc. v. Google LLC et al.; State of Utah et_
21                                          _al. v. Google LLC et al._

22

23

24

25

26

27

28

- 20 -

1

## **ORDER**

2

     Pursuant to stipulation, it is so Ordered.

3

4

DATED: _____

                        _____

5

                          HON. JAMES DONATO
                          United Stated District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE
Case Nos. 3:21-md-02981; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-02746-JD
6189956

1

## **E-FILING ATTESTATION**

2

      I, Douglas J. Dixon, am the ECF User whose ID and password are being used to file this

3

document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

4

signatories identified above has concurred in this filing.

5

6

                                     */s/ Douglas J. Dixon*

7

                                  _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] AMENDED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING SOURCE CODE
Case Nos. 3:21-md-02981; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-02746-JD
6189956