1   Karma M. Giulianelli (SBN 184175)
    karma.giulianelli@bartlitbeck.com
2   **BARTLIT BECK LLP**
3   1801 Wewetta St., Suite 1200
    Denver, Colorado 80202
4   Telephone: (303) 592-3100

5   Hae Sung Nam (*pro hac vice*)
    hnam@kaplanfox.com
6   **KAPLAN FOX & KILSHEIMER LLP**
    850 Third Avenue
7   New York, NY 10022
    Tel.: (212) 687-1980

8   *Co-Lead Counsel for the Proposed Class in In*
9   *re Google Play Consumer Antitrust Litigation*

    Steve W. Berman (*pro hac vice*)
10  steve@hbsslaw.com
    **HAGENS BERMAN SOBOL SHAPIRO LLP**
11  1301 Second Ave., Suite 2000
    Seattle, WA 98101
12  Telephone: (206) 623-7292

13  Eamon P. Kelly (*pro hac vice*)
    ekelly@sperling-law.com
14  **SPERLING & SLATER P.C.**
15  55 W. Monroe, Suite 3200
    Chicago, IL 60603
16  Telephone: 312-641-3200

17  *Co-Lead Counsel for the Proposed Class in In*
    *re Google Play Developer Antitrust Litigation*
18  *and Attorneys for Pure Sweat Basketball, Inc.*

19  Bonny E. Sweeney (SBN 176174)
    bsweeney@hausfeld.com
20  **HAUSFELD LLP**
    600 Montgomery Street, Suite 3200
21  San Francisco, CA 94104
    Telephone: (415) 633-1908

22  *Co-Lead* Counsel *for the Proposed Class in In*
23  *re Google Play Developer Antitrust Litigation*
    *and Attorneys for Peekya App Services, Inc.*

24  Douglas J. Dixon (SBN 275389)
    ddixon@hueston.com
25  **HUESTON HENNIGAN LLP**
26  620 Newport Center Drive, Suite 1300
    Newport Beach, CA 92660
27  Telephone:      (949) 229-8640

28  *Counsel for Plaintiffs Match Group, LLC et al.*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic*
*Games, Inc. v. Google LLC et al.*

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY**
**GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone:  801-366-0260
*Counsel for Utah and the Plaintiff States*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Daniel M. Petrocelli (SBN 97802)
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700

*Counsel for Defendants Google LLC et al.*

Glenn D. Pomerantz (SBN 97802)
glenn.pomerantz@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:      (213) 683-9100

*Counsel for Defendants Google LLC et al. in In*
*re Google Play Consumer Antitrust Litig.; In re*
*Google Play Developer Antitrust Litig.; Epic*
*Games, Inc. v. Google LLC et al.; State of Utah et*
*al. v. Google LLC et al.*

STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-
cv-02746-JD

1
2
3
4

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

5
6
7
8
9
10
11
12
13
14
15
16

**IN RE GOOGLE PLAY STORE
ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Match Group, LLC et al. v. Google LLC et al.*,
Case No. 3:22-cv-02746-JD

*Epic Games Inc. v. Google LLC et al.*, Case
No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust
Litigation*, Case No. 3:20-cv-05761-JD

*In re Google Play Developer Antitrust
Litigation*, Case No. 3:20-cv-05792-JD

*State of Utah et al. v. Google LLC et al.*, Case
No. 3:21-cv-05227-JD

Case No. 3:21-md-02981-JD

**STIPULATED [PROPOSED] SECOND
AMENDED SUPPLEMENTAL
PROTECTIVE ORDER GOVERNING
PRODUCTION OF PROTECTED
NON-PARTY MATERIALS**

Judge: Hon. James Donato

17
18
19
20
21
22
23
24
25
26
27
28

1    WHEREAS, on May 20, 2021, the Court entered a Stipulated Protective Order Governing

2    Production of Protected Non-Party Materials (the "Non-Party Protective Order") in the above-

3    captioned cases.  *See* Case No. 3:21-md-02981-JD, Dkt. No. 44;

4    WHEREAS on July 20, 2021, the Court entered an Order Determining Cases to be

5    Related with respect to the case entitled *State of Utah, et al. v. Google LLC et al.*, Case No. 3:21-

6    cv-5227-JSC, which consolidated that case into MDL Case No. 2981 (the "Litigation"). The

7    Parties acknowledge that certain protective orders require amendment to govern the production

8    by and to the Plaintiff States;

9    WHEREAS on December 10, 2020, the Court entered a Stipulated Protective Order in the

10   following cases: Case No. 3:20-cv-05671-JD, Dkt. No. 110, approving Dkt. No. 106-1; Case No.

11   3:20-cv-05761-JD, Dkt. No. 117, approving Dkt. No. 109-1; Case No. 3:20-cv-05792; JD, Dkt.

12   No. 78, approving Dkt. No. 76-1, and Parties have concurrently submitted an amendment to that

13   Stipulated Protective Order to govern the production by and to the Plaintiff States ("Amended

14   Protective Order");

15   WHEREAS on October 22, 2021, the Court entered a Stipulated Supplemental Protective

16   Order Governing Production of Protected Non-Party Materials (the "First Amended Supplemental

17   Protective Order") in the following cases:  Case No. 3:21-md-02981-JD, Dkt. No. 124, approving

18   Dkt. No. 117; Case No. 3:20-cv-05671-JD, Dkt. No. 190, approving Dkt. No. 185; Case No.

19   3:20-cv-05761-JD, Dkt. No. 224, approving Dkt. No. 219; Case No. 3:20-cv-05792-JD, Dkt. No.

20   163, approving Dkt. No. 158; Case No. 3:21-cv-05227-JD, Dkt. No. 186, approving Dkt. No.

21   177;

22   WHEREAS on December 20, 2021, the Court entered a Stipulated Second Amended

23   Protective Order in Case No. 3:21-md-02981-JD, Dkt. No. 170, approving Dkt. No. 154; Case

24   No. 3:20-cv-05671-JD, Dkt. No. 203, approving Dkt. No. 199; Case No. 3:20-cv-05761-JD, Dkt.

25   No. 239, approving Dkt. No. 232; Case No. 3:20-cv-05792- JD, Dkt. No. 177, approving Dkt.

26   No. 168, Case No. 3:21-cv-05227-JD, Dkt. No. 204, approving Dkt. No. 198 (the "Second

27   Amended Protective Order");

28

- 3 -

WHEREAS, the Parties in the above-captioned cases have filed concurrently herewith the Stipulated [Proposed] Third Amended Protective Order (the "Third Amended Protective Order");

WHEREAS, Section 11(a) of the Third Amended Protective Order states that its provisions should not "be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS, materials that Parties intend to produce in the Litigations may contain information that is subject to contractual obligations to a Non-Party, including but not limited to non-disclosure agreements between a Party and Non-Party, or may otherwise contain Non-Party Protected Material (as defined herein);

WHEREAS, Parties have served subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure on Non-Parties;

WHEREAS, certain Non-Parties have expressed concerns regarding the production of competitively sensitive information to Parties in the Litigations absent certain additional protections beyond those set forth in the Third Amended Protective Order;

WHEREAS, on May 9, 2022, Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc. filed a complaint in Case No. 3:22-cv-02746-JD, which has been related to the above matters, and too consent to the terms of the First Amended Supplemental Protective Order;

WHEREFORE, IT IS HEREBY ORDERED that documents or information disclosed or produced by Non-Parties or by Parties to the extent such documents or information are designated as containing Non-Party Protected Material in connection with the Litigations shall be subject to the following provisions (the "Second Amended Supplemental Protective Order"):

1.    <u>GENERAL PROVISIONS</u>

1.1    The definitions, terms and provisions contained in the Third Amended Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term, or provision of this Second Amended Supplemental Protective Order and any definition, term, or provision of the

- 4 -

Third Amended Protective Order, this Second Amended Supplemental Protective Order will control with respect to such conflict.

   1.2 The definitions, terms and provisions contained in this Second Amended Supplemental Protective Order shall apply only to those Discovery Materials designated as Non-Party Protected Material in accordance with this Second Amended Supplemental Protective Order, and nothing herein shall provide any rights or protections to the Parties to the Litigations beyond those set forth in the Third Amended Protective Order.

  2. <u>DEFINITIONS</u>

   2.1 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in the Litigations as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

   2.2 <u>Non-Party Protected Material</u>: sensitive Non-Party confidential information or documents, disclosure of which to another Party or Non-Party could create a substantial risk of serious harm to the Non-Party.

  3. <u>SCOPE</u>

   3.1 This Second Amended Supplemental Protective Order covers not only documents designated "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", but also any information copied, excerpted, or summarized from documents with such designation and any testimony, conversations, or presentations by Counsel that might reveal information from documents with such designation.  However, the protections conferred by this Second Amended Supplemental Protective Order do not cover the following: (a) any documents or information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party for reasons not involving a violation of this Second Amended Supplemental Protective Order or the Third Amended Protective Order, including becoming part of the public record through trial or otherwise; and (b) any documents or information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

1  document or information lawfully and under no obligation of confidentiality to the Designating

2  Party.

3         3.2      Nothing in these provisions should be construed as prohibiting a Non-Party

4  from seeking additional protections.

5        4.      <u>DESIGNATION AND USE OF NON-PARTY PROTECTED MATERIAL</u>

6        4.1      In order for materials produced in discovery to qualify for protection as

7  "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", the

8  Designating Party must affix the legend "NON-PARTY HIGHLY CONFIDENTIAL –

9  OUTSIDE COUNSEL EYES ONLY" to each page of any document for which the Designating

10  Party seeks protection under this Second Amended Supplemental Protective Order;

11        4.2      Unless otherwise ordered by the Court or permitted by all implicated Non-

12  Parties, a Receiving Party may disclose documents and information designated as "NON-PARTY

13  HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the following only:

14        (a)      The Receiving Party's Outside Counsel of Record in this action, as

15  well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose

16  the documents or information for this litigation and who have signed the "Acknowledgment and

17  Agreement to be Bound" (Exhibit A to the Third Amended Protective Order);

18        (b)      State AGO Attorneys who have appeared on behalf of Plaintiff

19  States in this litigation, who are actively prosecuting the Litigation, or to whom it is reasonably

20  necessary to disclose the information for purposes of this litigation; State AGO Attorneys who

21  have appeared will maintain a list of Attorneys as well as supervisors of support staff subject to

22  this section;

23        (c)      Experts of the Receiving Party (1) to whom disclosure is reasonably

24  necessary for the Litigations and (2) who have signed the "Acknowledgment and Agreement to

25  be Bound" (Exhibit A to the Third Amended Protective Order);

26        (d)      The Court and its personnel;

27        (e)      Stenographic reporters, videographers, and their respective staff,

28

- 6 -

professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for these Litigations and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Third Amended Protective Order);

(f)     The author or recipient of a document containing the information or custodian or other person who otherwise possessed or knew the information.

4.3     Filing and Filing under Seal.  A Party may not file in the public record in this action any Non-Party Protected Material.  Non-Party Protected Material may be filed only under seal pursuant to a Court order authorizing the sealing of the specific Non-Party Protected Material at issue.  A Party that seeks to file under seal any Non-Party Protected Material must comply with Civil Local Rule 79-5.  In addition to the requirements of Civil Local Rule 79-5(e), the Party seeking to file under seal any Non-Party Protected Material should identify the Non-Party whose Non-Party Protected Material has been designated as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and serve the supporting declaration on the Non-Party so that Non-Party has the opportunity to file a declaration establishing that all of the designated material is sealable pursuant to Civil Local Rule 79-5(e).  If a Receiving Party's or Non-Party's request to file Non-Party Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2), unless otherwise instructed by the Court.

4.4     Use of Non-Party Protected Material at Depositions.  Except as may otherwise be ordered by the Court, any person may be examined as a witness at deposition and may testify concerning Non-Party Protected Material to the extent such person was the author, recipient, or custodian of the material, or otherwise possessed or had prior knowledge of such material.  For clarity,

(a)     A present director, officer, agent, employee and/or designated Rule 30(b)(6) witness of a Non-Party may be examined and may testify concerning Non-Party Protected Material, but to the extent a document is designated as NON-PARTY HIGHLY

- 7 -

CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all such materials, of which such person did not have prior knowledge, should be redacted prior to introducing any such document for examination;

(b)    A former director, officer, agent, and/or employee of Non-Party may be interviewed or examined and may testify concerning Non-Party Protected Material to the extent such person was the author, recipient, or custodian of the material, or otherwise possessed or had prior knowledge of such material, but to the extent a document is designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all such materials, of which such person did not have prior knowledge, should be redacted prior to introducing any such document for examination;

(c)    Any other witness may be examined at deposition or otherwise testify concerning any document containing Non-Party Protected Material which appears on its face or from other documents or testimony to have been received from, communicated to, or otherwise made known to that witness as a result of any contact or relationship with the Non-Party, but to the extent a document is designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and contains another Non-Party's Protected Material, all such materials, of which such person did not have prior knowledge, should be redacted prior to introducing any such document for examination; and

(d)    At deposition, any person other than (i) the witness, (ii) the witness's outside attorney(s), and (iii) any Person(s) qualified to receive documents designated as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY under this Second Amended Supplemental Protective Order shall be excluded from the portion of the examination concerning such information, unless the Non-Party or the witness appearing on behalf of the Non-Party whose Non-Party's Protected Material is at issue consents to that person's attendance.  If the witness is represented by an outside attorney who is not qualified under this Second Amended Supplemental Protective Order to receive such information, then prior to the examination, the outside attorney shall be requested to sign and provide a signed copy

1   of the "Acknowledgment and Agreement to be Bound" attached as Exhibit A to the Third

2   Amended Protective Order, and to confirm that he or she will comply with the terms of this

3   Second Amended Supplemental Protective Order and maintain the confidentiality of information

4   contained within documents designated as NON-PARTY HIGHLY CONFIDENTIAL –

5   OUTSIDE COUNSEL EYES ONLY.  In the event that such outside attorney declines to sign the

6   "Acknowledgment and Agreement to be Bound" prior to the examination, the Non-Party may

7   seek a protective order from the Court, in a motion to which the Parties will not object,

8   prohibiting such outside attorney from disclosing Non-Party Protected Material.

9           4.5   Use of Designated Material at Hearings. A Party must not disclose NON-

10  PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information,

11  directly or indirectly, in an open hearing without prior consent from the Non-Party or without

12  authorization from the court.  If the disclosing party anticipates disclosing any NON-PARTY

13  HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information in any open

14  hearing, the disclosing party must notify the Non-Party of its intent to disclose such material at

15  least four (4) business days in advance of such disclosure, or, if such notice is not possible, as

16  soon as is reasonably practicable, and describe the materials to be disclosed with reasonable

17  particularity, so that the Non-Party has the opportunity to file an objection to such disclosure and

18  establish that the materials to be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and

19  the Court's standing orders.  If such notice is not given or the Non-Party files such an objection,

20  the Disclosing Party must request that the courtroom be sealed, and that only those authorized to

21  review NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

22  information remain present during the presentation of such material, unless the Court orders

23  otherwise.

24          4.6   Use of Designated Material at Trial.  Any Party that discloses any NON-

25  PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY materials on any

26  trial exhibit list exchanged with an opposing Party, or that is disclosed to the Court, must disclose

27  such materials to the implicated Non-Party no later than two (2) business days after such

28

- 9 -

exchange or disclosure, and describe the materials with reasonable particularity, so that the Non-Party has the opportunity to file an objection to such disclosure and establish that the materials to be disclosed are sealable pursuant to Civil Local Rule 79-5(e) and the Court's standing orders.  If such notice is not given or the Non-Party files such an objection, the Disclosing Party must request that the courtroom be sealed, and that only those authorized to review NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information remain present during the presentation of such material, unless the Court orders otherwise.

Dated: May 20, 2022

CRAVATH, SWAINE & MOORE LLP
Christine Varney *(pro hac vice)*
Katherine B. Forrest *(pro hac vice)*
Darin P. McAtee *(pro hac vice)*
Gary A. Bornstein *(pro hac vice)*
Timothy G. Cameron *(pro hac vice)*
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Omid H. Nasab *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   */s/ Lauren A. Moskowitz*
Lauren A. Moskowitz

*Counsel for Plaintiff Epic Games, Inc.*

Dated: May 20, 2022

BARTLIT BECK LLP
Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

Respectfully submitted,

By:   */s/ Karma Giulianelli*
Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in
In re Google Play Consumer Antitrust
Litigation*

- 10 -

1

2     Dated:  May 20, 2022                    PRITZKER LEVINE LLP
                                              Elizabeth C. Pritzker
3
                                              Respectfully submitted,
4
5                                             By:    /s/ Elizabeth Pritzker
                                                     Elizabeth C. Pritzker
6
                                              *Liaison Counsel for the Proposed Class in*
7                                             *In re Google Play Consumer Antitrust*
                                              *Litigation*

8     Dated: May 20, 2022                     HAGENS BERMAN SOBOL SHAPIRO LLP
                                              Steve W. Berman
9                                             Robert F. Lopez
                                              Benjamin J. Siegel
10
                                              SPERLING & SLATER PC
11                                            Joseph M. Vanek
                                              Eamon P. Kelly
12                                            Alberto Rodriguez

13
                                              Respectfully submitted,
14
15                                            By:    /s/ Steve Berman
                                                     Steve W. Berman
16
                                              *Co-Lead Interim Class Counsel for the*
17                                            *Developer Class and Attorneys for Plaintiff*
                                              *Pure Sweat Basketball*

18

19    Dated: May 20, 2022                     HAUSFELD LLP
                                              Bonny E. Sweeney
20                                            Melinda R. Coolidge
                                              Katie R. Beran
21                                            Scott A. Martin
                                              Irving Scher
22
23                                            Respectfully submitted,
24                                            By:    /s/ Bonny Sweeney
                                                     Bonny E. Sweeney
25
                                              *Co-Lead Interim Class Counsel for the*
26                                            *Developer Class and Attorneys for Plaintiff*
                                              *Peekya App Services, Inc.*
27

28
                                        - 11 -

1    Dated: May 20, 2022                   OFFICE OF THE UTAH ATTORNEY
                                           GENERAL
2                                              Brendan P. Glackin

3
                                           Respectfully submitted,
4
                                           By:    */s/ Brendan P. Glackin*
5                                                  Brendan P. Glackin
                                           *Counsel for Utah and the Plaintiff States*
6

7
     Dated: May 20, 2022                   HUESTON HENNIGAN LLP
8                                              John C. Hueston
                                               Douglas J. Dixon
9                                              Joseph A. Reiter
                                               Michael K. Acquah
10                                             William M. Larsen
                                               Julia L. Haines
11
                                           Respectfully submitted,
12
                                           By:    */s/ Douglas J. Dixon*
13                                                 Douglas J. Dixon
                                           *Counsel for Match Group, LLC; Humor Rainbow,*
14                                         *Inc.; PlentyofFish Media ULC; and People*
                                           *Media, Inc.*
15

16   Dated:  May 20, 2022                  MORGAN, LEWIS & BOCKIUS LLP
                                               Brian C. Rocca
17                                             Sujal J. Shah
                                               Michelle Park Chiu
18                                             Minna L. Naranjo
                                               Rishi P. Satia
19

20                                         Respectfully submitted,

21
                                           By:    */s/ Brian Rocca*
22                                                 Brian C. Rocca

23                                         *Counsel for Defendants Google LLC et al.*

24

25

26

27

28
                                          - 12 -

Dated: May 20, 2022

O'MELVENY & MYERS LLP
Daniel M. Petrocelli
Ian Simmons
Benjamin G. Bradshaw
E. Clay Marquez
Stephen J. McIntyre

Respectfully submitted,


By:   */s/ Daniel Petrocelli*
　　　Daniel M. Petrocelli

*Counsel for Defendants Google LLC et al.*


Dated: May 20, 2022

MUNGER, TOLLES & OLSON LLP
Glenn D. Pomerantz
Kuruvilla Olasa
Emily C. Curran-Huberty
Jonathan I. Kravis
Justin P. Raphael
Kyle W. Mach

Respectfully submitted,


By:   */s/ Glenn Pomerantz*
　　　Glenn D. Pomerantz

*Counsel for Defendants Google LLC et al. In*
*re Google Play Consumer Antitrust Litig.; In re*
*Google Play Developer Antitrust Litig.; Epic*
*Games, Inc. v. Google LLC et al.; State of Utah et*
*al. v. Google LLC et al.*

- 13 -

1

## **ORDER**

2

Pursuant to stipulation, it is so ordered.

3

4   DATED: _____      _____

5                                          HON. JAMES DONATO
                                           United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **E-FILING ATTESTATION**

I, Lauren Moskowitz, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

_____/s/ *Lauren Moskowitz*_____
Lauren Moskowitz

STIPULATED [PROPOSED] SECOND AMENDED SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING PRODUCTION OF PROTECTED NON-PARTY MATERIALS
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD