| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewetta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100<br><br>Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Telephone.: (212) 687-1980<br><br>*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*<br><br>Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-7500<br><br>Christine A. Varney (*pro hac vice*)<br>cvarney@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000<br><br>*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* | Brendan P. Glackin (SBN 199643)<br>bglackin@agutah.gov<br>**OFFICE OF THE UTAH ATTORNEY GENERAL**<br>160 E 300 S, 5th Floor<br>PO Box 140872<br>Salt Lake City, UT 84114-0872<br>Telephone: (801) 366-0260<br><br>*Counsel for Utah and the States*<br><br>John C. Hueston (SBN 164921)<br>jhueston@hueston.com<br>**HUESTON HENNIGAN LLP**<br>620 Newport Center Drive, Suite 1300<br>Newport Beach, CA 92660<br>Telephone: (949) 229-8640<br><br>*Counsel for Plaintiffs Match Group, LLC, et al.*<br><br>Glenn D. Pomerantz (SBN 112503)<br>glenn.pomerantz@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br><br>Daniel M. Petrocelli, Bar No. 97802<br>dpetrocelli@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars, 7th Fl.<br>Los Angeles, CA 90067-6035<br>Telephone:  (310) 553-6700<br><br>*Counsel for Defendants Google LLC et al.* |

1

JOINT STATEMENT REGARDING GOOGLE'S PRESERVATION OF INSTANT MESSAGES
CASE NOS. 3:21-MD-02981-JD; 3:20-CV-05671-JD; 3:20-CV-05761-JD; 3:20-CV-05792-JD;
3:21-CV-05227-JD; 3:21-CV-02746-JD

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Eamon P. Kelly (pro hac vice)
ekelly@sperling-law.com
**SPERLING & SLATER P.C.**
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc. and LittleHoots, LLC*

Bonny E. Sweeney (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc. and Scalisco LLC d/b/a Rescue Pets*

[Additional counsel appear on signature page]

2
Joint Statement Regarding Google's Preservation of Instant Messages
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD;
3:21-cv-05227-JD; 3:21-cv-02746-JD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT STATEMENT REGARDING GOOGLE'S PRESERVATION OF INSTANT MESSAGES** |

Pursuant to the Court's Minute Entry for the May 12, 2022 Status Conference (Dkt. No. 247, 3:21-md-02981-JD ("MDL")) dated May 13, 2022 ("May 13 Order"), the parties in the above-captioned MDL (the "Parties"), by and through their undersigned counsel, submit this Joint Statement proposing a briefing schedule to address Plaintiffs' allegations regarding Google's lack of preservation of instant messages created using Google Chat. Pursuant to the Court's request, Plaintiffs have described below and attached evidence in support of their claim that Google has spoliated instant messages.

## I. METHOD OF RESOLUTION

The Parties jointly propose the following briefing schedule for Plaintiffs' motion:

- Plaintiffs file an opening brief of 15 pages within 7 days of the Court entering the stipulation;

3

JOINT STATEMENT REGARDING GOOGLE'S PRESERVATION OF INSTANT MESSAGES
CASE NOS. 3:21-MD-02981-JD; 3:20-CV-05671-JD; 3:20-CV-05761-JD; 3:20-CV-05792-JD;
3:21-CV-05227-JD; 3:21-CV-02746-JD

- Google files a response brief of 15 pages within 21 days of Plaintiffs filing their opening brief;

- Plaintiffs file a reply brief of 10 pages within 7 days of Google filing its response brief;

- If, upon review of the papers and argument (if requested), the Court believes that an evidentiary hearing would be useful, the Parties would welcome the Court's guidance regarding the witnesses or other evidence that would be most helpful to the Court.

## II.   PLAINTIFFS' PROFFER

In their motion, Plaintiffs will argue the following points, which they expect to support with some of the following evidence:

1. Google employees, including the custodians in this case, communicate, or communicated during their tenure at Google, by instant messaging via Google Chat, often daily. *See, e.g.*, Ex. 1 Bankhead Dep. Tr. 234:17-18 ▮▮▮ ; Ex. 2 Brady Dep. Tr. 211:8-12 ▮▮▮ ; Ex. 3 Koh Dep. Tr. 113: 24-114:8 ▮▮▮ ; Ex. 4 Lim Dep. Tr. 447:4-10 ▮▮▮ ; Ex. 5 Marchak Dep. Tr. 31:4-11 ▮▮▮ ; Ex. 6 Rosenberg Dep. Tr. 127:3-8 ▮▮▮ .

2. Google employees, including the custodians in this case, routinely use or used Google Chat to hold substantive business conversations, including regarding the subject matter of this litigation. *See, e.g.*, Ex. 7 Glick Dep. Tr. 346:2-8 (testifying

4

JOINT STATEMENT REGARDING GOOGLE'S PRESERVATION OF INSTANT MESSAGES
CASE NOS. 3:21-MD-02981-JD; 3:20-CV-05671-JD; 3:20-CV-05761-JD; 3:20-CV-05792-JD;
3:21-CV-05227-JD; 3:21-CV-02746-JD

███████████████████████████████████████████

██████ ; Ex. 8 Kolotouros Dep. Tr. 396:5-15 (testifying █████████

██████████████████████████████████████████████ ; Ex.

4 Lim Dep. Tr. 436:12-15; 438:1-5; 446:15-23 (confirming that █████████

█████████████████████████████████████████

████████████████████████████ ; Ex. 9 Pimplapure Dep. Tr. 362:15-

363:20 (testifying that ██████████████████████████

████████████████████ ; Ex. 10 Wang Dep. Tr. 191:9-12

(testifying that ████████████████████████████████

████████████████████████████████ ; Ex. 11 (GOOG-

PLAY-005601967) (chat in which David Kleidermacher (VP, Engineering,

Security & Privacy, Android) describes █████████████████████

████████████████████████ ; Ex. 12 (GOOG-PLAY-004455818)

(chat in which Susan Wojcicki (CEO of YouTube) tells Hiroshi Lockheimer

(SVP, Platforms & Ecosystems) that █████████████████████

████████████████████████████████████ ; Exs. 13-25

(GOOG-PLAY-000087767; GOOG-PLAY-000353866; GOOG-PLAY-

000522209; GOOG-PLAY-001956162; GOOG-PLAY-007981137; GOOG-

PLAY-008706724; GOOG-PLAY-009909795; GOOG-PLAY-009911168;

GOOG-PLAY-009919077; GOOG-PLAY-009919155; GOOG-PLAY-

003600774; GOOG-PLAY-000855825; GOOG-PLAY-010077571) (further

examples of substantive chats about Google's business).

3. Google employees were aware that their chats typically were not preserved, and often warned each other not to conduct certain communications on platforms that were subject to preservation, such as e-mail or group chats where preservation

1   was set to "history on".[1] See Ex. 27 GOOG-PLAY-003929257 (chat in which a
2   participant asks, ███████████████████████████
3   ███████████████████████████████████; Ex. 28 GOOG-PLAY-
4   010510815 (chat from Sameer Samat (VP of Product Management for Android
5   and Google Play) reminding his colleague to ████████████████████
6   █████.

7   4. Google's default setting for Google Chat is "history off", such that Google Chats
8   automatically delete every 24 hours. See Ex. 29 Google's Responses and
9   Objections to Plaintiffs' Preservation Interrogatories, dated January 14, 2022
10  ("Google's Responses") at 18; Ex. 1 Bankhead Dep. Tr. 235:2-13 ████████
11  ████████████████████████████████████████████████████
12  ████████████████████████████████████████████████████
13  ██████████████████████; Ex. 8 Kolotouros Dep. Tr. 481:17-23 (testifying that
14  ████████████████████████████████████████████████████
15  ████████. That has been the default setting since before this litigation was
16  filed.

17  5. Google's Chat Retention Policy, made available to Google employees, informs
18  Google employees that ████████████████████████████████████
19  ██████████████████████████████████. The policy further cautions
20  Google employees: ██████████████████████████████████
21  ████████████████████████ Ex. 30 Exhibit A to 2021.11.11 Letter from B.
22  Rocca to L. Moskowitz.

---

[1] Chats that take place in threaded rooms/spaces are always set to "history on". Ex. 29 Google's Responses. Threaded Rooms / Spaces are defined as multi-participant chats that serve as a "central place where people can share files, assign tasks, and stay connected". Threaded Rooms / Spaces are distinguishable from "Group conversations", which are "direct message[s] with 2 or more people." Ex. 26 https://support.google.com/chat/answer/7659784?hl=en.

6. Google's Administrative Help page for Google Chat explains that administrators of Google Chat "can control whether to keep chat history for users in [their] organization" and provides instructions on how to turn "history on" administratively. *See* Ex. 30 Exhibit B to 2021.11.11 Letter from B. Rocca to L. Moskowitz.

7. Google has not administratively turned "history on" at any point since this litigation began, including after it became clear that its failure to do so was resulting in ongoing deletion of relevant chat messages. *See* Ex. 29 Google's Responses at 18; *see also* Ex. 30 2021.11.11 Letter from B. Rocca to L. Moskowitz (stating that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Google confirmed as recently as May 13 that it has not changed the default setting from "history off" to "history on". May 13, 2022 Meet and Confer Representation by M. Naranjo.

8. Many Google custodians in this case have not turned "history on" to preserve their relevant chats. *See* Ex. 1 Bankhead Dep. Tr. 235:6-13; Ex. 3 Koh Dep. Tr. 114:15-23; 117:19-25; Ex. 8 Kolotouros Dep. Tr. 481:24-482:2; Ex. 4 Lim Dep. Tr. 459:2-7; 462:1-13; Ex. 5 Marchak Dep. Tr. 31:17-24; Ex. 9 Pimplapure Dep. Tr. 366:9-367:16; 371:9-16; Ex. 6 Rosenberg Dep. Tr. 129:13-16; Ex. 10 Wang Dep. Tr. 192:3-9.

9. It is highly likely that many Google Chats with information relevant to this litigation have been deleted automatically by Google after it reasonably anticipated this litigation. *See* Ex. 4 Lim Dep. Tr. 462:1-17 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆; *see also* Exs. 31-36 (GOOG-PLAY-

005576717; GOOG-PLAY-009910540; GOOG-PLAY-010510806; GOOG-PLAY-010510810; GOOG-PLAY-005601967; GOOG-PLAY-003930716) (examples of relevant, substantive chats including Google custodians that post-date the filing of this litigation). Google has only produced 2,511 chats, which constitute less than 0.1% of Google's production to date.

10. Deleted Google Chats cannot be recovered. *See* Ex. 29 Google's Responses at 21 (stating that ████████████████████████████████████████████████████████████████████████████████████.

11. Plaintiffs are prejudiced by Google's irretrievable deletion (*see* Paragraph 10) of instant messages that contain substantive business conversations, which likely were relevant to this litigation (*see* Paragraphs 2, 9).

Plaintiffs have limited their proffer, as per the Court's guidance, to evidence "supporting their assertion that Google has engaged in the improper destruction of instant messages". (May 13 Order.) Plaintiffs will address Google's arguments below, which were improperly raised in this joint submission, during motion practice.

**III.    GOOGLE'S RESPONSE TO PLAINTIFFS' PROFFER**

Plaintiffs apparently intend to ask the Court to impose unspecified sanctions on Google for allegedly failing to preserve every single chat—regardless of relevance—of every custodian once litigation was reasonably anticipated. The standard for imposing sanctions for the alleged failure to preserve electronic evidence is high. At a minimum, Plaintiffs must show a "fail[ure] to take reasonable steps to preserve" the evidence and "prejudice…from loss of the information." Fed. R. Civ. P. 37(e)(1). Plaintiffs' allegations do not make this showing. In particular, plaintiffs cannot establish that Google failed to take reasonable steps to preserve relevant evidence in light of Google's Chat Retention Policy and the numerous chats that have been produced, nor can Plaintiffs establish prejudice in light of the voluminous document

production in this case–upwards of 2.5 million documents, including hundreds of thousands of emails, presentations, and Google documents.

The sum of Plaintiffs' proffer in support of their request for sanctions is as follows: (1) Google employees used ephemeral chats to communicate about "substantive business conversations, including regarding the subject-matter of this litigation," Proffer para. 2; (2) Google policies instruct employees not to delete chats subject to a litigation hold, *id.* para. 5; (3) the "history on" setting was not enabled to preserve every single chat for every single Google custodian once litigation was reasonably anticipated, *id.* paras. 7-8; and therefore (4) it is "highly likely" that relevant unspecified chats were deleted once litigation was reasonably anticipated, *id.* paras. 9, 11.  Plaintiffs do not proffer any specific evidence of any relevant chats that were not preserved, much less any resulting prejudice to their case.

Plaintiffs' allegations are insufficient to establish that Google failed to take reasonable steps to preserve any relevant evidence once litigation was reasonably anticipated.  To the contrary, Plaintiffs' proffer cites numerous chats that were produced in this litigation, *see* Proffer paras. 2, 3, 9, and notes that Google's Chat Retention Policy specifically instructed employees not to "manually delete any chats relevant to the matter at issue under any circumstances," *id.* para. 5.  Nevertheless, Plaintiffs contend that they are entitled to an affirmative discovery sanction because Google did not turn "history on" for every single chat of every single custodian once litigation was reasonably anticipated.  But Google was not required to preserve every chat of every custodian;  Rule 37 "does not call for perfection."  Adv. Comm. Notes to 2015 Amend. of Fed.R.Civ.P. 37(e).  Rather, Google was required to take "reasonable steps" to preserve and produce relevant documents, including the chats.  *Id.*

That is exactly what Google did.  Google has taken reasonable steps to preserve relevant documents by issuing legal holds (and subsequent reminders) to relevant custodians and preserved relevant documents within Google's document storage systems.  Consistent with these

efforts, Google has produced *thousands* of chats, some of which are cited in Plaintiffs' proffer, *see* Proffer paras. 2,3; *id.* para. 9 (citing "relevant, substantive chats including Google custodians that post-date the filing of this litigation"). Google collected over 129,000 chats from the agreed-upon custodians and over 44,000 group chats. After applying the parties' agreed-upon search terms and reviewing for responsiveness, only ~6,300 chats and 7,680 group chats hit on search terms and only 2,511 of those were identified as responsive and produced. That so few of the preserved and collected chats were responsive only underscores the generally non-substantive nature of these chats. As the Court anticipated at the recent status hearing, "[i]t seems unlikely" that chats are "more than: Would you like to grab a banh mi after this meeting?" May 12, 2022 Hr'g Tr. at 29:12-15.

The deposition testimony cited by Plaintiffs does not support their position. For example, Kobi Glick testified that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Glick Dep. Tr. 347:9-348:18. The chat between Jim Kolotouros and the Samsung executive cited by Plaintiffs, *see* Proffer para. 2, was produced in discovery in this case, and Mr. Kolotouros was questioned about it at his deposition. Kolotouros Dep. Tr. 396:16-397:9. And, as explained in a prior Joint Case Management Statement, Tian Lim testified that ████████████████████████████████████████████████████████████████████████; indeed, Plaintiffs introduced exhibits during Mr. Lim's deposition establishing that he had preserved substantive chats. See ECF No. 159, Joint Case Management Statement 11:8-19 (Dec. 9, 2021). In short, none of the testimony cited in Plaintiffs' proffer establishes that Google did not take reasonable steps to preserve evidence, and in fact the testimony supports the opposite proposition—that the custodians in this case were instructed about document preservation and followed those instructions, including with respect to chats.

Finally, Plaintiffs cannot establish prejudice in light of the substantial document production in this case. Google has produced upwards of 2.5 million documents in this litigation, totaling nearly 21 million pages. Google's business strategy, product decisions, and internal and external communications concerning app distribution on Android and the Google Play Store are reflected in hundreds of thousands of emails, Google documents, presentations, and other documents that Google produced to Plaintiffs. In light of this voluminous record, Plaintiffs cannot show that there are meaningful gaps in the evidentiary record. As the Court noted at the recent status hearing, "When you have email and memos and documents and everything else, the chats seem[] the tail on the dog, in terms of where you're going to find good evidence." May 12, 2022 Hr'g Tr. at 29:8-11.

Dated: May 27, 2022

**BARTLIT BECK LLP**
Karma M. Giulianelli

**KAPLAN FOX & KILSHEIMER LLP**
Hae Sung Nam

Respectfully submitted,

By:  /s/ Karma M. Giulianelli
Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: May 27, 2022

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker

Respectfully submitted,

By:  /s/ Elizabeth C. Pritzker
Elizabeth C. Pritzker

*Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: May 27, 2022

**CRAVATH, SWAINE & MOORE LLP**
  Christine Varney (pro hac vice)
  Katherine B. Forrest (pro hac vice)
  Gary A. Bornstein (pro hac vice)
  Timothy G. Cameron (pro hac vice)
  Yonatan Even (pro hac vice)
  Lauren A. Moskowitz (pro hac vice)
  Justin C. Clarke (pro hac vice)
  M. Brent Byars (pro hac vice)

**FAEGRE DRINKER BIDDLE & REATH LLP**
  Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   /s/ Yonatan Even
      Yonatan Even

*Counsel for Plaintiff Epic Games, Inc.*

Dated: May 27, 2022

**OFFICE OF THE UTAH ATTORNEY GENERAL**
  Brendan P. Glackin
  Lauren M. Weinstein

Respectfully submitted,

By:   /s/ Brendan P. Glackin
      Brendan P. Glackin

*Counsel for Utah*

Dated: May 27, 2022                     **HUESTON HENNIGAN LLP**
                                        John C. Hueston
                                        Douglas J. Dixon
                                        Joseph A. Reiter
                                        Michael K. Acquah
                                        William M. Larsen
                                        Julia L. Haines

                                               Respectfully submitted,

                                        By:    /s/ Douglas J. Dixon
                                               Douglas J. Dixon

                                        *Counsel for Plaintiffs Match Group, LLC, et al.*

Dated: May 27, 2022                     **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                          Steve W. Berman
                                          Robert F. Lopez
                                          Benjamin J. Siegel

                                        **SPERLING & SLATER PC**
                                          Joseph M. Vanek
                                          Eamon P. Kelly
                                          Alberto Rodriguez

                                               Respectfully submitted,

                                        By:    /s/ Steve W. Berman
                                               Steve W. Berman

                                        *Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Pure Sweat Basketball and LittleHoots, LLC*

Dated: May 27, 2022  **HAUSFELD LLP**
   Bonny E. Sweeney
   Melinda R. Coolidge
   Katie R. Beran
   Scott A. Martin
   Irving Scher

   Respectfully submitted,

   By:   /s/ Bonny E. Sweeney
       Bonny E. Sweeney

   *Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc. and Scalisco LLC d/b/a Rescue Pets*

Dated: May 27, 2022  **MORGAN, LEWIS & BOCKIUS LLP**
   Brian C. Rocca
   Sujal J. Shah
   Michelle Park Chiu
   Minna L. Naranjo
   Rishi P. Satia

   Respectfully submitted,

   By:   /s/ Brian C. Rocca
       Brian C. Rocca

   *Counsel for Defendants Google LLC et al.*

Dated: May 27, 2022  **O'MELVENY & MYERS LLP**
   Daniel M. Petrocelli
   Ian Simmons
   Benjamin G. Bradshaw
   Stephen J. McIntyre

   Respectfully submitted,

   By:   /s/ Daniel M. Petrocelli
       Daniel M. Petrocelli

   *Counsel for Defendants Google LLC et al.*

| | |
|---|---|
| Dated: May 27, 2022 | **MUNGER, TOLLES & OLSON LLP**<br>Glenn D. Pomerantz<br>Kuruvilla Olasa<br>Emily C. Curran-Huberty<br>Jonathan I. Kravis<br>Justin P. Raphael<br>Kyle W. Mach |

Respectfully submitted,

By: /s/ Glenn D. Pomerantz
     Glenn D. Pomerantz

*Counsel for Defendants Google LLC et al. in In re Google Play Consumer Antitrust Litigation; In re Google Play Developer Antitrust Litigation; Epic Games, Inc. in Epic Games, Inc. v. Google LLC; State of Utah et al. v. Google LLC et al.*

**E-FILING ATTESTATION**

I, Yonatan Even, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*s/ Yonatan Even*
Yonatan Even
