| | |
|---|---|
| Paul J. Riehle (SBN 115199) <br> paul.riehle@faegredrinker.com <br> **FAEGRE DRINKER BIDDLE & REATH LLP** <br> Four Embarcadero Center <br> San Francisco, California 94111 <br> Telephone: (415) 591-7500 <br> Facsimile: (415) 591-7510 <br><br> Christine A. Varney (*pro hac vice*) <br> cvarney@cravath.com <br> Katherine B. Forrest (*pro hac vice*) <br> kforrest@cravath.com <br> Gary A. Bornstein (*pro hac vice*) <br> gbornstein@cravath.com <br> Timothy G. Cameron (*pro hac vice*) <br> tcameron@cravath.com <br> Yonatan Even (*pro hac vice*) <br> yeven@cravath.com <br> Lauren A. Moskowitz (*pro hac vice*) <br> lmoskowitz@cravath.com <br> Justin C. Clarke (*pro hac vice*) <br> jcclarke@cravath.com <br> M. Brent Byars (*pro hac vice*) <br> mbyars@cravath.com <br> **CRAVATH, SWAINE & MOORE LLP** <br> 825 Eighth Avenue <br> New York, New York 10019 <br> Telephone: (212) 474-1000 <br> Facsimile: (212) 474-3700 <br><br> *Attorneys for Plaintiff Epic Games, Inc.* | Karma M. Giulianelli (SBN 184175) <br> karma.giulianelli@bartlitbeck.com <br> **BARTLIT BECK LLP** <br> 1801 Wewetta St., Suite 1200 <br> Denver, Colorado 80202 <br> Telephone: (303) 592-3100 <br><br> Hae Sung Nam (pro hac vice) <br> hnam@kaplanfox.com <br> **KAPLAN FOX & KILSHEIMER LLP** <br> 850 Third Avenue <br> New York, NY 10022 <br> Tel.: (212) 687-1980 <br><br> *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* <br><br> Brendan P. Glackin (SBN 199643) <br> bglackin@agutah.gov <br> **OFFICE OF THE UTAH ATTORNEY GENERAL** <br> 160 E 300 S, 5th Floor <br> PO Box 140872 <br> Salt Lake City, UT 84114-0872 <br> Telephone: 801-366-0260 <br><br> *Counsel for Utah and the Plaintiff States* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THIS DOCUMENT RELATES TO: <br><br> *Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD <br><br> *In re Google Play Consumer Antitrust* Litigation, Case No. 3:20-cv-05761-JD <br><br> *Utah v. Google LLC*, Case No. 3:21-cv-05227-JD | CASE NO. 3:21-MD-02981-JD <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Epic Games, Inc. ("Epic") hereby moves the Court to issue an administrative order on the filing under seal of certain portions of Plaintiffs' <u>Joint Discovery Letter Re: The Deposition Of Armin Zerza</u> ("Plaintiffs' Letter"). A public redacted version of Plaintiffs' Letter was filed as required by this Court's Local Rules.

Subsection (f) of Civil Local Rule 79-5 sets forth procedures that apply when a party (the "Filing Party") seeks to file information designated as confidential by another party or non-party (the "Designating Party"). Under subsection (f)(1), the Filing Party's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed "must identify each document or portions thereof for which sealing is sought". Pursuant to subsection (f)(3) of Local Rule 79-5, the Designating Party then has 7 days to file a declaration establishing that all of the designated material is "sealable" according to the standards set out in subsection (c)(1), after which any party may respond within 4 days, pursuant to subsection (f)(4). Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party makes "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient". Civ. L.R. 79-5(c)(1) (emphasis in original).

Epic's Motion contains portions that are sourced from documents that Defendants Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. (collectively, "Google"), and non-party Activision Blizzard, Inc., have designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "NON- PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", pursuant to the Protective Order entered by the Court, Case No. 3:21-md-02981-JD, ECF Nos. 123, 154 and 170. Those portions are identified in the Declaration of J. Wesley Earnhardt submitted herewith and highlighted in the under seal version of Epic's Motion.

Dated: May 27, 2022

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)

Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine Varney
Katherine B. Forrest
Gary A. Bornstein
Timothy G. Cameron
Yonatan Even
Lauren A. Moskowitz
Justin C. Clarke
M. Brent Byars

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Respectfully submitted,

By:  */s/ J. Wesley Earnhardt*
     J. Wesley Earnhardt

*Attorneys for Plaintiff Epic Games, Inc.*

**E-FILING ATTESTATION**

I, J. Wesley Earnhardt, am the ECF user whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ J. Wesley Earnhardt*
J. Wesley Earnhardt