| | |
|---|---|
| Brian C. Rocca, S.B. #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B. #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B. #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B. #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B. #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br>Facsimile: (415) 422-1001<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br><br>Ian Simmons, *pro hac vice*<br>isimmons@omm.com<br>Benjamin G. Bradshaw, S.B. #189925<br>bbradshaw@omm.com<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Telephone: (202) 383-5300<br>Facsimile: (202) 383-5414<br><br>*Attorneys for Defendants* | Glenn D. Pomerantz, S.B. #112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, S.B. #281509<br>kuruvilla.olasa@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, S.B. #282090<br>kyle.mach@mto.com<br>Justin P. Raphael, S.B. #292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, S.B. #293065<br>emily.curran-huberty@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Floor<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Avenue NW, Suite 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100<br><br>Daniel M. Petrocelli, S.B. #97802<br>dpetrocelli@omm.com<br>Stephen J. McIntyre, S.B. #274481<br>smcintyre@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars<br>Los Angeles, California 90067<br>Telephone: (310) 553-6700<br>Facsimile: (310) 246-6779 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust*, Case No. 3:20-cv-05761-JD<br><br>*Utah v. Google LLC*, Case No. 3:21- cv-05227-JD | CASE NO. 3:21-MD-02981-JD<br><br>**[PROPOSED] ORDER ON GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Having considered Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed and Plaintiffs' Declaration in Support of the Administrative Motion; the Administrative Motion to File Under Seal and Declaration of Christian Cramer filed in response by Defendants Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. (collectively, "Google"); and any other appropriate papers or argument:

The Court finds that Google has shown good cause to seal the materials identified in the table below and contained in Plaintiffs and Non-Party Activision Blizzard, Inc.'s joint discovery letter brief (MDL ECF No. 259), including "the legitimate private or public interests that warrant sealing; [] the injury that will result if sealing is denied; and [] why a less restrictive alternative to sealing is not sufficient," pursuant to N.D. Cal. Local Rule 79-5 and this Court's Standing Order For Civil Cases.

IT IS HEREBY ORDERED:

| Portion(s) to Seal | Reason(s) for Sealing | Ruling |
|---|---|---|
| Page 4, fourth paragraph, third sentence. Four words describing financial consideration in a confidential business contract.[1] | This clause purports to describe the financial consideration received by Activision Blizzard under a confidential agreement with Google. Cramer Decl. ¶¶ 8, 10. The terms of confidential business agreements are competitively sensitive. Public disclosure of Plaintiffs' purported description of the financial consideration received by Activision Blizzard could affect Google's | |

---

[1] Although Activision is the designating party for this portion of the sentence, for the reasons stated in the corresponding Reasons for Sealing, the Court finds that Google has standing to seek its sealing because it concerns terms of a deal to which Google was a party.

| Portion(s) to Seal | Reason(s) for Sealing | Ruling |
|---|---|---|
| | future business negotiations and inform decision-making by Google's competitors, and thereby damage Google's competitive position in the marketplace. | |
| Page 5, second paragraph, second sentence. From after "a competing app store" to end of sentence. | This clause purports to describe the nature and value of the consideration received by Activision Blizzard under a confidential agreement with Google. Cramer Decl. ¶¶ 9–10. The terms of confidential business agreements are competitively sensitive. Public disclosure of Plaintiffs' purported description of the nature and value of consideration received by Activision Blizzard could affect Google's future business negotiations and inform decision-making by Google's competitors, and thereby damage Google's competitive position in the marketplace. | |

Dated: _____, 2022

Hon. James Donato<br>
U.S. District Judge