Jeffrey L. Kessler (*pro hac vice* forthcoming)
JKessler@winston.com
Sofia Arguello (*pro hac vice* forthcoming)
SArguello@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Jeanifer E. Parsigian (SBN: 289001)
JParsigian@winston.com
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorney for Non-Party*
ACTIVISION BLIZZARD, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*<br>Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litig.*<br>Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litig.*<br>Case No. 3:20-cv-05792-JD<br><br>*State of Utah et al. v. Google LLC et al.*<br>Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF OMER SALIK IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>The Honorable James Donato |

I, Omer Salik, declare as follows:

1. I am Vice President of Litigation and Intellectual Property for Activision Blizzard, Inc. ("Activision Blizzard"). I joined Activision Blizzard in 2011. I make this Declaration on my own personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. In my current role at Activision Blizzard, I am responsible, in part, for Activision Blizzard's litigation and intellectual property matters, including matters regarding document collection, IP licensing and strategic decisions related thereto. Based on my work experience, I am familiar with the documents Activision Blizzard has produced to Plaintiff Epic Games, Inc. ("Epic") and Consumer Plaintiffs in the above-captioned litigation. Activision Blizzard keeps such information confidential to protect itself and its partners from potential harm.

3. I understand that, in the above-captioned action, Plaintiffs and Activision Blizzard filed a Joint Discovery Letter Brief ("Brief") on May 27, 2022, which contains (i) information that purportedly derives from documents Activision Blizzard has designated as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"; and (ii) information that purportedly derives from documents that Google produced in the action that implicates Activision Blizzard's highly confidential information. *See* ECF No. 259.[1] Accordingly, I understand that Plaintiffs filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Motion"). *See* ECF No. 261 amending ECF No. 260. In support of that Motion, I understand that Plaintiffs have submitted the Declaration of J. Wesley Earnhardt ("Earnhardt Declaration," ECF No. 261-1 amending ECF No. 260-1), which pinpoints the places in the Brief that contain protectable Activision and Google information.

4. Activision Blizzard outside counsel ("Outside Counsel") was provided with the full unredacted Brief. I was provided with the unredacted Brief, only insofar as it included Activision Blizzard's purported information. I was not privy to the portions of the Brief that included confidential information attributed to Google's productions. Based on my conversations with Outside Counsel

---

[1] The referenced ECF numbers correspond to Case No. 3:21-md-02981-JD.

1  regarding the substance of the redacted information, I explain below why certain references to
2  Activision Blizzard information in the Brief—either information that Plaintiffs allege derived from
3  Activision Blizzard productions or information that Plaintiffs allege derived from Google
4  productions—contain sensitive and highly confidential information that would cause serious harm to
5  Activision Blizzard if publicly released.

6       5.     In the interest of clarity, in filing this Declaration, Activision Blizzard does not accede
7  to Plaintiffs' characterization of the underlying documents.

8       6.     I understand that, where documents are "more than tangentially related to the merits of
9  a case," this Court requires a party to establish "compelling reasons" for sealing. *See Connor v. Quora,*
10 *Inc.*, No. 18-cv-07597, 2020 WL 7408233, at *1 (N.D. Cal. Oct. 15, 2020) (citations and internal
11 quotation marks omitted). By contrast, this Court requires a "lesser showing of 'good cause'" for
12 "[f]ilings that are only tangentially related to the merits." *See id.* (citation omitted). I also understand
13 that these standards apply where a non-party seeks to preserve the confidentiality of its information
14 by filing a declaration in support of a party's sealing motion. *See* Civil L.R. 79-5(f)(3) (incorporating
15 requirements of 79-5(c)(1)). As the Brief unquestionably is non-dispositive, the lesser "good cause"
16 standard should apply. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir.
17 2006). In any event, even the stricter "compelling reasons" standard is met where the subject of the
18 sealing request is a "source[] of business information" the disclosure of which "might harm a [non-
19 party's] competitive standing." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097
20 (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598
21 (1978)).

22      7.     Activision Blizzard is a leading global developer and publisher, whose objective is to
23 develop, publish, and distribute high-quality interactive entertainment content and services and deliver
24 engaging entertainment experiences to users worldwide. Maintaining the confidentiality of its
25 business plans and strategies was—and continues to be—integral to Activision Blizzard achieving its
26 status as a leader in the entertainment industry. Thus, Activision Blizzard has a legitimate interest in
27 preserving the confidentiality of its information.

28      8.     The information that is redacted in the Brief includes highly confidential, internal

business information of Activision Blizzard, which would result in serious competitive harm if disclosed. This information relates to (i) Activision Blizzard's exploration of an alternative proprietary game distribution platform; and (ii) Activision Blizzard's negotiations with Google. The redactions also include statements from Plaintiffs that purport to disclose the consideration underlying an Activision-Google deal and other deal terms. These references contain highly confidential information relating to Activision Blizzard's business strategy. *See Epic Games, Inc. v. Apple Inc.*, No. 4:20-cv-05640, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (granting non-party motion to seal "highly confidential information, including . . . business decision-making . . . belonging to [] a third-party non-party to th[e] action"); *Medimpact Healthcare Sys., Inc. v. IQVIA Inc.*, No. 19-cv-1865, 2021 WL 4595005, at *2 (S.D. Cal. Oct. 5, 2021) (granting motion to seal documents implicating, in part, confidential deal terms). Consistent with the highly-confidential nature of these references, Activision Blizzard appropriately designated the allegedly related documents as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in accordance with the protective orders in this matter. *See* ECF Nos. 117, 124, 154, 170, 237, 248.

9. The disclosure of Activision Blizzard's highly confidential information contained in the Brief would significantly harm Activision Blizzard's business. For example, Activision Blizzard's competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. *See Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) ("[U]nder Ninth Circuit law, . . . internal reports are appropriately sealable . . . where that information could be used to the company's competitive disadvantage."). This threat would be particularly imminent if Plaintiffs prevail in this litigation, thus rendering third-party app distribution platforms feasible. To prevent these competitive harms from coming to fruition, Activision Blizzard proactively maintains the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis. To the extent Plaintiffs' factual representations are mistaken, these competitive concerns nevertheless remain.

10. Preventing these competitive harms requires the sealing of the redacted information in the Brief. There is no less restrictive alternative. Sealing is the only means of preserving the sanctity

of Activision Blizzard's highly confidential, non-public, and competitively sensitive information. Absent sealing, Activision Blizzard competitors will undeservingly have access to this information.

11. The excerpts from the Brief that Activision Blizzard hereby seeks to seal, with the reasons for each request, are set forth below:

| Location of Reference in Brief | Reason for Sealing |
|---|---|
| Page 4, fourth paragraph, third sentence. From after "has revealed that" to second comma in sentence. | Though Plaintiffs' counsel has informed Activision Blizzard Outside Counsel that this reference derives from Google productions, Outside Counsel confirms that this reference facially contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration for a confidential, non-public business deal. |
| Page 4, fourth paragraph, third sentence. From second comma in sentence to end of sentence. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration for a confidential, non-public business deal. |
| Page 4, fifth paragraph, first sentence. From beginning of sentence to first comma. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. |
| Page 4, fifth paragraph, second sentence. From after "was interested in" to end of sentence. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. |
| Page 4, fifth paragraph, third through fifth sentences. | Though Plaintiffs' counsel has informed Activision Blizzard Outside Counsel that this reference derives from Google productions, Outside Counsel confirms that this reference facially contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. |
| Page 5, first paragraph, first through third sentence. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information.[2] |

---

[2] As indicated by the corresponding citation in the Brief, a portion of this reference derives from a document Activision Blizzard produced to Epic and Consumer Plaintiffs in the above-captioned litigation. Epic filed a sealed copy of this Activision Blizzard in connection with its filings relating to its Motion for a Preliminary Injunction ("Preliminary Injunction Motion"). *See* ECF Nos. 213, 218–19; Ex. 106 to ECF No. 219. Activision Blizzard understands that Epic and Google resolved the Preliminary Injunction Motion by agreement, and that it was, accordingly, "deemed provisionally denied as moot without prejudice." *See* ECF No. 233, 239. Activision Blizzard understands from Epic counsel that Epic and Google are determining how to proceed with the sealing issues. But in the interest of clarity, should the sealing issues remain active, Activision Blizzard intends to file a declaration in support of Epic's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed. *See* ECF No. 220.

| | |
|---|---|
| Page 5, first paragraph, fifth sentence | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information.[3] |
| Page 5, first paragraph, seventh sentence. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information.[4] |
| Page 5, second paragraph, first and second sentences. | Though Plaintiffs' counsel has informed Activision Blizzard Outside Counsel that this reference derives from Google productions, Outside Counsel confirms that this reference facially contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration for a confidential, non-public business deal and the terms of such deal. |
| Page 5, second paragraph, third sentence. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information.[5]  In addition, this reference purports to describe the consideration for a confidential, non-public business deal. |
| Page 5, fifth (final) paragraph, fourth sentence. From beginning of sentence to second comma. | Though Plaintiffs' counsel has informed Activision Blizzard Outside Counsel that this reference derives from Google productions, Outside Counsel confirms that this reference facially contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration for a confidential, non-public business deal. |
| Page 5, fifth (final) paragraph, fourth | Contains Activision Blizzard's highly confidential, non- |

---

[3] As indicated by the corresponding citation in the Brief, this reference derives from a document Activision Blizzard produced to Epic and Consumer Plaintiffs in the above-captioned litigation. Epic filed a sealed copy of this Activision Blizzard document in connection with its filings relating to its Preliminary Injunction Motion. *See* ECF Nos. 213, 218–19; Ex. 106 to ECF No. 219. As described in the preceding footnote, Activision Blizzard intends to file a declaration in support of Epic's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed, to the extent it is necessary. *See* ECF No. 220.

[4] As indicated by the corresponding citation in the Brief, this reference derives from a document Activision Blizzard produced to Epic and Consumer Plaintiffs in the above-captioned litigation. Epic filed a sealed copy of this Activision Blizzard document in connection with its filings relating to its Preliminary Injunction Motion. *See* ECF Nos. 213, 218–19; Ex. 106 to ECF No. 219. As described in footnote 2, Activision Blizzard intends to file a declaration in support of Epic's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed, to the extent it is necessary. *See* ECF No. 220.

[5] As indicated by the corresponding citation in the Brief, this reference derives from a document Activision Blizzard produced to Epic and Consumer Plaintiffs in the above-captioned litigation. Epic filed a sealed copy of this Activision Blizzard document in connection with its filings relating to its Preliminary Injunction Motion. *See* ECF Nos. 213, 218–19; Ex. 107 to ECF No. 219. As described in footnote 2, Activision Blizzard intends to file a declaration in support of Epic's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed, to the extent it is necessary. *See* ECF No. 220.

| | |
|---|---|
| sentence. From second comma to end of sentence. | public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration for a confidential, non-public business deal. |
| Page 6, first paragraph, third sentence. From after "was present for" to end of sentence. | Though Plaintiffs' counsel has informed Activision Blizzard Outside Counsel that this reference derives from Google productions, Outside Counsel confirms that this reference facially contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration for a confidential, non-public business deal. |
| Page 6, first paragraph, fourth sentence. From "Zerza's testimony on" to the end of the sentence. | Though Plaintiffs' counsel has informed Activision Blizzard Outside Counsel that this reference derives from Google productions, Outside Counsel confirms that this reference facially contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration for a confidential, non-public business deal. |
| Page 6, second paragraph, second sentence. From after semicolon to end of sentence. | Though Plaintiffs' counsel has informed Activision Blizzard Outside Counsel that this reference derives from Google productions, Outside Counsel confirms that this reference facially contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration for a confidential, non-public business deal. |
| Page 6, second paragraph, third sentence. From after "even present when" to end of sentence. | Though Plaintiffs' counsel has informed Activision Blizzard Outside Counsel that this reference derives from Google productions, Outside Counsel confirms that this reference facially contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration for a confidential, non-public business deal. |
| Page 6, second paragraph, fourth sentence. From after "not participate in" to end of sentence. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. |
| Page 7, first paragraph, third sentence. From after "several documents describing" to end of sentence. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. |
| Page 7, first paragraph, fifth sentence. From after "to further probe" to end of sentence. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. |

| | |
|---|---|
| Page 7, second paragraph, fifth sentence. From after "As for" to first comma. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. |
| Page 7, second paragraph, sixth sentence. From after "relevant details regarding" to end of sentence. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. |
| Page 8, fourth full paragraph, first sentence. From after "time to include" to end of sentence. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. |
| Page 9, first full paragraph, eighth sentence. From after "'need' to probe" to second comma. | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on June 3, 2022 in _____.

By: *Omer Salik*
Omer Salik
Activision Blizzard, Inc.