Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH
LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

[Additional Counsel Appear on Signature
Page]

Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Counsel for Plaintiffs Match Group, LLC, et al.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF MICHAEL J. ZAKEN IN SUPPORT OF EPIC'S AND MATCH'S MOTION TO AMEND COMPLAINTS**<br><br>Date:  Nov. 17, 2022 at 10:00 am<br>Courtroom:  11, 19th Floor<br>Judge:  Hon. James Donato |

I, Michael J. Zaken, declare as follows:

1.      I am Of Counsel at Cravath, Swaine & Moore LLP, counsel to Epic Games, Inc. ("Epic") in the above-captioned actions.  I am admitted to appear before this Court *pro hac vice*.

2.      I have personal, first-hand knowledge of the facts set forth in this Declaration.  If called as a witness, I could and would competently testify to these facts under oath.

3.      Attached hereto as **Exhibit A** is a true and correct copy of Epic's Proposed Second Amended Complaint ("SAC").

4.      Attached hereto as **Exhibit B** is a true and correct copy of a blackline of Epic Games, Inc.'s ("Epic") SAC to Epic's First Amended Complaint ("FAC") filed July 21, 2021 (Dkt. No. 64).[1]

5.      Attached hereto as **Exhibit C** is a true and correct copy of the document produced by Google in this litigation bearing Bates range GOOG-PLAY-007280918-920 (marked as Plaintiffs' Deposition Exhibit 150), which includes an email from Google's employee ███████ at the pages ending in '918-919, dated December 11, 2019.

6.      Attached hereto as **Exhibit D** is a true and correct copy of the document produced by Google in this litigation bearing Bates range GOOG-PLAY-007424789-790 (marked as Plaintiffs' Deposition Exhibit 1478 and 1523), which is an e-document titled "████████", dated November 17, 2020 from document metadata.

7.      Attached hereto as **Exhibit E** is a true and correct copy of the document produced by Google in this litigation bearing Bates range GOOG-PLAY-000929031-041 (marked as Plaintiffs' Deposition Exhibit 162), which is

---

[1] All citations are to the MDL docket unless otherwise indicated.

1  a document titled "████████████████████████████████████
2  ███████████████████", dated March 9, 2020.

3       8.    Attached hereto as **Exhibit F** is a true and correct copy of the document
4  produced by Google in this litigation bearing Bates range
5  GOOG-PLAY-007847561-565, which is a document titled "████████████████
6  ████████████████████████████████████████████", dated
7  January 24, 2020.

8       9.    Attached hereto as **Exhibit G** is a true and correct copy of the document
9  produced by Google in this litigation bearing Bates range
10 GOOG-PLAY-007273439-444 (marked as Plaintiffs' Deposition Exhibit 153), which is
11 a document titled "████████████████████████████████████████
12 ████████████████", dated January 25, 2020.

13      10.   Attached hereto as **Exhibit H** is an excerpt of a true and correct copy of the
14 deposition transcript of Google's former employee, ████████████████████
15 ██████████████████████████████

16      11.   Attached hereto as **Exhibit I** is an excerpt of a true and correct copy of the
17 deposition transcript of Google's employee, ████████████████████████
18 ████████████████

19      12.   Attached hereto as **Exhibit J** is an excerpt of a true and correct copy of the
20 deposition transcript of Activision's employee, ████████████████████████

21      13.   I am informed and believe that since December 3, 2021, Defendants
22 Google LLC, Google Ireland Limited, Google Commerce Limited and Google Asia
23 Pacific Pte. Limited (collectively, "Google") and multiple third parties produced
24 approximately 1,329,000 documents.

25      14.   I am informed and believe that since December 3, 2021, Google has
26 produced approximately 757,000 documents, about a quarter of its total production.

27

28

15.    I am informed and believe that since December 3, 2021, third parties have produced approximately 572,000 documents.

16.    I am informed and believe that since December 3, 2021, Plaintiffs[2] have taken 31 depositions of Google witnesses and 10 depositions of third-party witnesses.  I am informed and believe that Plaintiffs have noticed three additional depositions of Google witnesses that have yet to be taken.

17.    I am informed and believe that since December 3, 2021, Plaintiffs have questioned Google witnesses about Google's Project Hug deals, including in the depositions of ███████████, █████████, ███████████, ████████████████, ███████, ███████████, ███████████, █████████████████, ████████████████, ███████ and ███████████████.

18.    I am informed and believe that important discovery regarding Google's Project Hug deals was completed in late August and late September 2022, with the depositions of ████████████████ and ████████████████.

19.    On September 30, 2022, counsel for Epic informed counsel for Google that Epic was considering amending its First Amended Complaint.  On October 2, 2022, counsel for Epic emailed Google's counsel a copy of Epic's draft Second Amended Complaint and requested that Google inform Epic whether it would consent to the amendment.  Google informed Epic on October 7, 2022 that it did not consent.  The same day, Epic informed Google that Match intended to join in this motion and file a similar amendment.

20.    Attached hereto as **Exhibit K** is a true and correct copy of Plaintiffs Match Group LLC et al.'s ("Match") Proposed First Amended Complaint.

---

[2] "Plaintiffs" refers to Epic, Consumer Plaintiffs, State Attorneys General Plaintiffs and Plaintiffs Match Group LLC et al.

***REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED***

21.     Attached hereto as **Exhibit L** is a true and correct copy of a blackline of Plaintiffs Match's First Amended Complaint to Match's Complaint ("FAC") filed May 9, 2022 (Match Dkt. 1).

1    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

2    foregoing is true and correct and that I executed this declaration on October 7, 2022 in

3    New York, NY.

4

5                                  /s/ Michael J. Zaken
                                   Michael J. Zaken

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28