Jeffrey L. Kessler (*pro hac vice*)
JKessler@winston.com
Sofia Arguello (*pro hac vice*)
SArguello@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Jeanifer E. Parsigian (SBN: 289001)
JParsigian@winston.com
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Non-Party*
ACTIVISION BLIZZARD, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF OMER SALIK IN SUPPORT OF EPIC'S AND MATCH'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>The Honorable James Donato |

I, Omer Salik, declare as follows:

1. I am Vice President of Litigation and Intellectual Property for Activision Blizzard, Inc. ("Activision Blizzard"). I joined Activision Blizzard in 2011. I make this Declaration on my own personal knowledge and, if called as a witness, I could and would testify competently to the matters

set forth herein.

2. In my current role at Activision Blizzard, I am responsible, in part, for Activision Blizzard's litigation and intellectual property matters, including matters regarding document collection, IP licensing and strategic decisions related thereto. Activision Blizzard keeps such information confidential to protect itself and its partners from potential harm.

3. I understand that, in the above-captioned actions, Plaintiff Epic Games, Inc. ("Epic") and Plaintiffs Match Group, LLC, Humor Rainbow, Inc., Plenty of Fish Media ULC, and People Media, Inc. (collectively, "Match," and together with Epic, "Plaintiffs") filed a Notice of Motion and Motion to Amend Complaints ("Motion to Amend"), the Declaration of Michael J. Zaken ("Zaken Declaration") and accompanying exhibits ("Exhibits") (collectively, the "Motion to Amend Briefing"). I further understand from Epic counsel that the Motion to Amend Briefing includes Activision Blizzard information that is designated "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."[1] I also understand from reviewing the Motion to Amend Briefing and the unredacted excerpts provided by Epic counsel that Plaintiffs falsely misrepresent the deposition testimony an Activision Blizzard executive provided in the above-captioned action. We are addressing that issue separately.

4. Accordingly, I am aware that Plaintiffs have filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Sealing Motion"). ECF No. 345.[2] I write this Declaration in support of the Sealing Motion insofar as it relates to the Activision Blizzard information incorporated into the Motion to Amend Briefing and described in greater detail below. However, Activision Blizzard unequivocally objects to Plaintiffs' blatant mischaracterizations of the

---

[1] In submitting this Declaration, Activision Blizzard—a non-party to this case and which therefore is not privy to discovery in the matter—is reliant on counsel for Plaintiffs to identify references to Activision Blizzard "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information that warrants sealing. In submitting this Declaration, Activision Blizzard relied on correspondence from Epic counsel. Activision Blizzard reserves the right to supplement this Declaration or submit a new declaration if it learns that other Activision Blizzard "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information was included in the Plaintiffs' Motion to Amend Briefing but omitted from Epic counsel's correspondence.

[2] The referenced ECF numbers correspond to Case No. 3:21-md-02981-JD.

1  deposition testimony provided by the Activision Blizzard executive.

2      5.    I understand that, where documents are "more than tangentially related to the merits of a case," this Court requires a party to establish "compelling reasons" for sealing. *See Connor v. Quora, Inc.*, No. 18-cv-07597, 2020 WL 7408233, at *1 (N.D. Cal. Oct. 15, 2020) (citations and internal quotation marks omitted). By contrast, this Court requires a "lesser showing of 'good cause'" for "[f]ilings that are only tangentially related to the merits." *See id.* (citation omitted). I also understand that these standards apply where a non-party seeks to preserve the confidentiality of its information by filing a declaration in support of a party's sealing motion. *See* Civil L.R. 79-5(f)(3) (incorporating requirements of 79-5(c)(1)).

    6.    I understand that this Court has held that the "compelling reasons" standard applies to motions to amend complaints. *See Reyna v. Arris Int'l PLC*, No. 17-CV-01834-LHK, 2018 WL 1400513, at *2 (N.D. Cal. Mar. 20, 2018) (applying "compelling reasons" standard to amended complaint and motion for leave to file an amended complaint). The "compelling reasons" standard is met where the subject of the sealing request is a "source[] of business information" the disclosure of which "might harm a [non-party's] competitive standing." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

    7.    Activision Blizzard is a leading global developer and publisher, whose objective is to develop, publish, and distribute high-quality interactive entertainment content and services and deliver engaging entertainment experiences to users worldwide. Maintaining the confidentiality of its (i) business plans and strategies, and (ii) financial metrics and strategies was—and continues to be—integral to Activision Blizzard achieving its status as a leader in the entertainment industry. Thus, Activision Blizzard has a legitimate interest in preserving the confidentiality of its information.

    8.    The information that is redacted in the Motion to Amend Briefing includes highly confidential, internal business information of Activision Blizzard, which would result in serious competitive harm if disclosed. This information, in part, relates to (i) Activision Blizzard's exploration of an alternative proprietary game distribution platform; and (ii) Activision Blizzard's negotiations with Google. The redactions also include statements from Plaintiffs that purport to disclose—but, in

1  fact, falsely misrepresent—the consideration underlying the Activision Blizzard-Google deal.

2        9.     I understand that Activision Blizzard's underlying partnership with Google has been
3  made public as part of Epic's First Amended Complaint for Injunctive Relief ("Epic's First Amended
4  Complaint"). *See* ECF No. 82 ¶ 33 ("Google has reached preferential deals with major mobile app
5  developers, such as Activision Blizzard . . . ."). But as detailed below, the excerpts from the Motion
6  to Amend Briefing relating to Activision Blizzard go beyond merely acknowledging the *existence* of
7  an Activision Blizzard-Google partnership, and instead provide insight into: (i) the alleged terms and
8  incentives underlying the Activision Blizzard-Google partnership; (ii) the services and benefits
9  Activision Blizzard would have purportedly received in exchange for entering a deal with Google; and
10 (iii) the purported role an Activision Blizzard executive played in facilitating the Google deal.

11       10.     The Google-deal representations in the Motion to Amend Briefing contain highly
12 confidential information relating to Activision Blizzard's business strategy. *See Epic Games, Inc. v.*
13 *Apple Inc.*, No. 4:20-cv-05640, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding
14 "compelling reasons" for sealing "highly confidential information, including . . . business decision-
15 making . . . belonging to [] a third-party non-party to th[e] action"); *Open Text S.A. v. Box, Inc.*, No.
16 13-cv-04910, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014) (sealing information "refer[ring] to
17 [] confidential financial and revenue information, disclosure of which is likely to cause harm to
18 [business] if known by competitors"). Plaintiffs' representations also identify a non-party executive
19 who purportedly participated in this deal. Several courts have recognized the propriety of redacting
20 such non-party identifying information under the "compelling reasons" standard. *See, e.g.*, *Sentynl*
21 *Therapeutics, Inc. v. U.S. Specialty Ins. Co.*, No. 19-cv-1667-LAB-AHG, 2021 WL 794271, at *3
22 (S.D. Cal. Mar. 1, 2021) (noting that "redaction of non-party personal identifiers is warranted" under
23 the "compelling reasons" standard); *Romero v. Cnty. of Santa Clara*, No. 11-cv-04812-WHO, 2014
24 WL 12641990, at *3 (N.D. Cal. June 17, 2014).

25       11.     Consistent with the highly confidential nature of these references and information,
26 Activision Blizzard appropriately designated the information as "NON-PARTY HIGHLY
27 CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in accordance with the protective orders
28 in this case. *See* ECF Nos. 117, 124, 154, 170, 237, 248.

1       12.      The disclosure of Activision Blizzard's highly confidential information contained in the Motion to Amend Briefing would significantly harm Activision Blizzard's business. For example, Activision Blizzard's competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. *See Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) ("[U]nder Ninth Circuit law, . . . [] reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage."). Indeed, the alleged contours of Activision Blizzard's deal with Google could be used as a bargaining chip by Activision Blizzard's competitors in their negotiations with Google or a similarly situated counterparty. And disclosing the identity of the Activision Blizzard executive—when combined with the public representations raised in Epic's First Amended Complaint—will run a "substantial risk of exposing [Activision Blizzard and the executive in his individual capacity] to harassment," particularly in light of the Plaintiffs' blatant mischaracterizations of the Activision Blizzard-Google deal and the executive's testimony on the subject. *See Sentynl Therapeutics, Inc.*, 2021 WL 794271, at *3.

      13.      Preventing these competitive harms and the tangible risk of harassment requires sealing of the redacted information in the Motion to Amend Briefing. There is no less restrictive alternative. Sealing is the only means of preserving the sanctity of Activision Blizzard's highly confidential, non-public, and competitively sensitive information. Absent sealing, Activision Blizzard competitors will undeservingly have access to this information.

      14.      The excerpts from the Motion to Amend Briefing that Activision Blizzard hereby seeks to seal, with the reasons for each request, are set forth below:

| Location of Reference in Motion to Amend Briefing | Reason for Sealing |
|---|---|
| Motion to Amend (ECF No. 343), p. 2, line 15 | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |
| Motion to Amend (ECF No. 343), p. 4, | Identifies an Activision Blizzard executive, who may be |

| | | |
|---|---|---|
| 1 2 3 | line 12 (six words after "deposition of") | subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |
| 4 5 6 | Motion to Amend (ECF No. 343), p. 4 n.4 (words 5–6) | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |
| 7 8 9 10 | Motion to Amend (ECF No. 343), p. 4 n.4 (single word after "but") | Sealing of this reference is necessary to maintain the anonymity of the Activision Blizzard executive who was deposed and would be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of his testimony. |
| 11 12 13 | Motion to Amend (ECF No. 343), p. 5, line 5 (words 2–3) | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |
| 14 15 16 | Motion to Amend (ECF No. 343), p. 5, lines 5–7 (after "testified that") | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration and rationale for a confidential, non-public business deal. |
| 17 18 19 | Motion to Amend (ECF No. 343), p. 5, line 8 (word 1) | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |
| 20 21 22 | Motion to Amend (ECF No. 343), p. 5, lines 8–9 (after "However") | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference purports to describe the consideration and rationale for a confidential, non-public business deal. |
| 23 24 25 26 | Motion to Amend (ECF No. 343), p. 5, lines 10–11 (from "(*Id.*)" to next period) | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information. In addition, this reference—when combined with the preceding statements—purports to describe the consideration and rationale for a confidential, non-public business deal. |
| 27 28 | Motion to Amend (ECF No. 343), p. 5, line 11 (single word after "Ex. J") | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating |

| | | |
|---|---|---|
| | | to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |
| | Motion to Amend (ECF No. 343), p. 5, line 14 (words 3–4) | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |
| | Motion to Amend (ECF No. 343), p. 5, lines 24–26 (after "[but]" to next ellipses) | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information.  In addition, this reference purports to describe the consideration for a confidential, non-public business deal. |
| | Motion to Amend (ECF No. 343), p. 6, line 1 | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |
| | Motion to Amend (ECF No. 343), p. 6, lines 5–8 (block quote after "revealed that" to close of quotation) | Contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information.  In addition, this reference purports to describe the consideration and rationale for a confidential, non-public business deal. |
| | Motion to Amend (ECF No. 343), p. 9, line 2 | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |
| | Motion to Amend (ECF No. 343), p. 10, line 10 | Sealing of this reference is necessary to maintain the anonymity of the Activision Blizzard executive who was deposed and would be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of his testimony. |
| | Zaken Declaration (ECF No. 345-5), ¶ 12 | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |
| | Zaken Declaration (ECF No. 345-5), ¶ 18, line 14 (last three words of line) | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of the executive's testimony. |

| Exhibit J to the Zaken Declaration (ECF No. 345-26), document in its entirety | Identifies an Activision Blizzard executive, who may be subject to undue harassment if his identity is disclosed, particularly in light of Epic's public allegations relating to the Activision Blizzard-Google deal and Plaintiffs' false misrepresentation of his testimony. In addition, this document contains Activision Blizzard's highly confidential, non-public, and competitively sensitive strategic business information, and describes the strategic rationale for a confidential, non-public business deal. |
|---|---|

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on October ____, 2022 in _____.

By: *Omer Salik*
Omer Salik
Activision Blizzard, Inc.