DocuSign Envelope ID: 930BB434-8982-4E48-8AE5-F66C402994BB

1  Brian C. Rocca, Bar No. 221576
   brian.rocca@morganlewis.com
2  Sujal J. Shah, Bar No. 215230
   sujal.shah@morganlewis.com
3  Michelle Park Chiu, Bar No. 248421
   michelle.chiu@morganlewis.com
4  Minna Lo Naranjo, Bar No. 259005
   minna.naranjo@morganlewis.com
5  Rishi P. Satia, Bar No. 301958
   rishi.satia@morganlewis.com
6  **MORGAN, LEWIS & BOCKIUS LLP**
   One Market, Spear Street Tower
7  San Francisco, CA 94105
   Telephone: (415) 442-1000
8
   Richard S. Taffet, *pro hac vice*
9  richard.taffet@morganlewis.com
   **MORGAN, LEWIS & BOCKIUS LLP**
10 101 Park Avenue
   New York, NY 10178
11 Telephone: (212) 309-6000
12 *Counsel for Defendants*

   Glenn D. Pomerantz, Bar No. 112503
   glenn.pomerantz@mto.com
   Kuruvilla Olasa, Bar No. 281509
   kuruvilla.olasa@mto.com
   **MUNGER, TOLLES & OLSON LLP**
   350 South Grand Avenue, Fiftieth Floor
   Los Angeles, California 90071
   Telephone: (213) 683-9100

   Kyle W. Mach, Bar No. 282090
   kyle.mach@mto.com
   Justin P. Raphael, Bar No. 292380
   justin.raphael@mto.com
   Emily C. Curran-Huberty, Bar No. 293065
   emily.curran-huberty@mto.com
   **MUNGER, TOLLES & OLSON LLP**
   560 Mission Street, Twenty Seventh Fl.
   San Francisco, California 94105
   Telephone: (415) 512-4000

   Jonathan I. Kravis, *pro hac vice*
   jonathan.kravis@mto.com
   **MUNGER, TOLLES & OLSON LLP**
   601 Massachusetts Ave. NW, Ste 500E
   Washington, D.C. 20001
   Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br><br>**DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:  Hon. James Donato |

I, Christian Cramer, declare as follows

A.     I am currently a Finance Director for Non-Party Google LLC (along with Google-affiliated entities, "Google").  I have been employed by Google since September 2007 and have held my current position since March 2017.  Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

B.     I submit this declaration in support of the Administrative Motion to File Under Seal filed on October 17, 2022 in *In re Google Play Store Antitrust Litigation,* Case No. 3:21-md-02981-JD, *Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD, and *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD.

C.     The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google.  If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

D.     As a matter of routine practice and internal policy, Google and its employees strictly treat as confidential, *inter alia*, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public agreements with third parties; (iv) internal surveys and analyses of customer preferences, spending, revenue, market conditions, business strategy, competitive dynamics, and commercial opportunities; (v) non-public financial forecasts and business plans; (vi) trade secrets; and (vii) other sensitive material that, if publicly disclosed, could potentially enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, violate Google's confidentiality obligations to third parties, or otherwise prejudice Google's business interests.  In my experience and to the best of my knowledge, Google does not disclose internal documents,

1

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

data, or information of this nature outside of the company, except to authorized third parties when so required or permitted by law or contract.  To that end and in order to prevent inadvertent revelation of this information to the public, Google has several policies in place like prohibiting employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain internal systems, permitting access to document databases on a need-to-know basis, and requiring the use of an encrypted email system.  I am also aware that, generally, Google employees are required to sign a confidentiality agreement requiring each employee to keep information confidential, and shared only within the company.

E.      Third parties—including Google's customers, suppliers, business partners, and others who interact or transact with Google in an array of contexts—entrust highly sensitive, non-public, and confidential information to Google every day.  These third parties have an expectation that Google can and will protect the confidentiality of that information.  In many cases, Google is contractually bound to keep that information confidential.  In my experience and to the best of my knowledge, Google does not disclose internal documents, data, or information reflecting third parties' confidential information outside of the company, unless and only to the extent it has been authorized (or is lawfully permitted or required) to do so.  Rather, as noted above, Google policies and protocols are designed to ensure the confidentiality of third-party material is strictly maintained.

F.      I understand that the Administrative Motion to File Under Seal requests that the Court maintain the specific information identified below under seal.  For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly prejudice Google's competitive position by harming Google's relationship with business partners, putting Google at unfair disadvantage in future business negotiations, and permitting Google's competitors to gain unfair advantage in competition with Google.

2

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: 930BB434-8983-4E48-8A7E-F66C403994BB

## Specific Information to Be Sealed

**Epic's and Match's Notice of Motion and Motion to
Amend Complaints [MDL Dkt. No. 343]**

1.      **Page 1, line 28 (after "(2)") to page 2, line 1 (before ". By breaking")).**  This text reflects specific commercially sensitive, non-public deal terms between Google and multiple non-party app developers, the disclosure of which could cause Google competitive harm.  If publicly disclosed, this information could give other app developers a competitive advantage and unfair leverage over Google in ongoing or future business negotiations, which may cause significant harm to Google's competitive standing.  Similarly, Google's competitors could augment their own deal terms offered to app developers based on this information and gain an unfair competitive advantage against Google.

2.      **Page 3, lines 19-21 (between "Hug deal with" and ", with the" and between "understanding that" and ". (Zaken Decl.")).**  This text contains confidential, non-public information regarding a non-party app developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and its statements made during negotiations, when that developer has a reasonable expectation that Google will maintain the confidentiality of those negotiations and related contractual agreements.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals the company's internal strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Additionally, Google's competitors could use this non-party information to unfairly target Google's developer partners.

3.      **Page 3, line 24 (between "sum to" and ", another").**  This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.  Further, disclosure of this non-public information is likely to result in competitive

harm to Google as, for example, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer deal terms specifically designed to undercut those offered by Google.

4. **Page 4, lines 1-2 (between "order" and ". (*Id.* at").** This text contains confidential, non-public information regarding a non-party developer, and implicates the non-party's confidentiality interests, by revealing the identity of a Google business partner who is not party to this litigation, and who has a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

5. **Page 4, line 13 (from "Google's" to end of sentence).** This text contains confidential, non-public information regarding the comparative value of one of Google's contractual agreements with a non-party relative to those agreements Google has with other non-parties. Disclosure of this non-public information could result in competitive harm to Google as, for example, Google's competitors could use this non-party information to unfairly target Google's developer partners and inform their negotiation strategies. Additionally, this information could give other developers an unfair advantage over Google in negotiations. This information also implicates a non-party's confidentiality interests.

6. **Page 4, lines 15-18 (from "that" to the end of the sentence).** This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and its confidential information shared during negotiations, when that developer has a reasonable expectation that Google will maintain the confidentiality of contractual agreements and negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it

4

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

7. **Page 4, lines 20-21 (from "testified that" to the end of the sentence).** This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and its confidential information shared during negotiations, when that developer has a reasonable expectation that Google will maintain the confidentiality of contractual agreements and negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

8. **Page 4, n.3 (first word after "negotiations with").** This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, when that developer has a reasonable expectation that Google will maintain the confidentiality of confidential communications and negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google: Google's competitors could use this non-party information to unfairly target Google's developer partners.

9. **Page 5, lines 2-4 (between "prevent" and ", including"; and from "offering" to the end of the sentence).** This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and its confidential information shared during negotiations, when that developer has a reasonable expectation that Google will maintain the confidentiality of contractual agreements, specific deal terms, financial considerations, and negotiations. Further,

5

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

10.     **Page 5, lines 17-21 (between "top app developers that" and ". . . [and] systematically").**  This text contains confidential, non-public information regarding Google's contractual agreements with non-party developers.  Public disclosure of this information is likely to result in competitive harm to Google, as it reveals Google's strategic decision-making , which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

11.     **Page 5, lines 23-26 (between "and that" and ". . . [but]"; between "agreement with" and ", under which"; between "Google agreed to" and ". . . [and]"; and between ". . . [and]" and " (MDL Dkt. No. 213").**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, specific deal terms and financial considerations between Google and that developer, and that developer's confidential information shared during negotiations, when the developer has a reasonable expectation that Google will maintain the confidentiality of contractual agreements and negotiations.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

6

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: 930BB434-8082-4E48-8A7E-F66C402994BB

**Declaration of Michael J. Zaken in support of Epic's and Match's Motion to Amend Complaints ("Zaken Declaration") [MDL Dkt. No. 344]**

12.     **Zaken Declaration, page 1, paragraph 6, line 21 (between "titled" and "GVP deal").**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and the existence of an agreement between this developer and Google, when the developer has a reasonable expectation that Google will maintain the confidentiality of agreements.  Further, disclosure of this non-public information is likely to result in competitive harm to Google: Google's competitors could use this non-party information to unfairly target Google's developer partners.

13.     **Zaken Declaration, page 2, paragraph 8, line 6 (between "Google LLC and" and ", dated").**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and an agreement between this developer and Google, when the developer has a reasonable expectation that Google will maintain the confidentiality of agreements.  Further, disclosure of this non-public information is likely to result in competitive harm to Google: Google's competitors could use this non-party information to unfairly target Google's developer partners.

**Exhibit C to the Zaken Declaration [MDL Dkt. No. 344-3]**

14.     **Zaken Declaration, Exhibit C, pages -918, -919, and -920 (email addresses, phone numbers).**  The identified text identifies the email usernames and phone numbers of current or former Google employees, and no public interest is served by the public disclosure of this sensitive, personal information. This employee has a reasonable expectation of privacy that would be infringed upon if this information were to be made public.

15.     **Zaken Declaration, Exhibit C, page -918 (between "Fwd:" and "update," between "get the" and "done," between "needed, are" and "comfortable with," between "our new" and "He also stressed," between "we can" and "Here is what will," table below "Here is what will most likely get a deal done:"); and page -919 (between "for" and "needs**

1   **to be," between "these terms include" and "Other comments from Armin," between**

2   **"Other comment from Armin" and "I have copied").**  This text contains confidential, non-

3   public information regarding a non-party developer and implicates the non-party's

4   confidentiality interests by revealing the identity of that developer and the specific terms and

5   financial considerations of that developer's agreement with Google, when the non-party

6   developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public

7   information is likely to result in competitive harm to Google, as it indicates specific, non-

8   standard terms and financial considerations that Google has offered and agreed to with a

9   particular developer partner.  Google's competitors could use this non-party information to

10   unfairly target Google's developer partners and relationships, as well as by augmenting their own

11   offers to specifically undercut Google's offerings.  Further, this information could give other

12   developers an unfair advantage over Google in negotiations.

13            **Exhibit D to the Zaken Declaration [MDL Dkt. No. 344-4]**

14            16.      **Zaken Declaration, Exhibit D, page -789 (before "GVP Deal" between "GVP**

15   **offer" and "is excited," between "following in" and "footsteps," between "footsteps and**

16   **and "with Google," between "anxious to" and "in time," between "proposed a" and**

17   **"contract," between "with a" and "They have already," between "already committed" and**

18   **"which," between "promised them" and "for example," between "to get" and "Since then,"**

19   **between "they have" and "is also quite," between "timelines, as" and "The package,"**

20   **between "communicated to" and "was within," between "was within the" and "Now,"**

21   **between "later" and "launches," between "offer at" and "Strategic relevance," between**

22   **"GVP with" and "is both strategic," between "fully owned by" and "Conservative,"**

23   **between "closer to" and "The model," between "model below" and "As in," between "As in**

24   **the" and "we expect," between "expect to" and the end of the sentence, and the table at the**

25   **bottom of the page); and page -790 (between "Adressing" and "and," between "and" and**

26   **"expectations of future," between "To address" and "we would," between "treat the" and**

27   **"To see," between "To see" and "expectations," and between "would make" and the end of**

28

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

**the sentence).**  This text reflects the identity of a non-party developer, the substance of commercially sensitive discussions relating to that developer's business strategy, the existence of a confidential commercial agreement with that developer, and specific deal terms and financial considerations associated with the agreement.  Public disclosure of this information could cause competitive harm to both this non-party and to Google.  For example, Google's competitors could use this information in their own commercial negotiations to obtain a competitive advantage against Google with respect to deal terms.  With respect to the non-party, disclosure of their non-public, confidential discussions with Google could negatively affect their relationship with Google and future business dealings.

**Exhibit E to the Zaken Declaration [MDL Dkt. No. 344-5]**

17.     **Zaken Declaration, Exhibit E, page -031 (bullet 2.A between "applicable" and "where, subject"; between "terms of such" and "Google will provide"; between "Developer with" and "in an amount"; between "set forth in the" and ". The"; between ". The" and "may also include"; between "may also include" and "relating to"; from "Developer's use of" to the end of the paragraph; bullet 2.B between "applicable" and "where, subject"; between "terms of such" and "Google will"; between "with Google" and "in an amount"; between "set forth in the" and ". The"; between ". The" and "may also include"; between "may also include" and "relating to"; from "Developer's use of" to the end of the paragraph; bullet 2.C between "minimum of" and "in support as"; between "such as through" and "Following"; between "immediately below" and "Google may"; between "connection with the" and ". The"; and between ". The" and "may include"); page -032 (first three circular, solid bullets; bullet D. between "minimum of" and "for Developer"; between "agreed upon" and "Developer and Google"; between "details of the" and "Developer grants"; and from "Partners a" to the end of the paragraph; bullet E between "minimum of " and "in co-marketing"; first word in fourth circular, solid bullet; between "provided to developer for" and "Developer will have"; between "mutually agreed upon" and "Developer grants"; and between "Google's partners a" and "3. Developer**

9

Obligations"; bullet 3.A from "it will" to the end of the paragraph; bullet 3.B from "agrees that" to the end of the page); page -033 (all of first line; bullet (i) from "Developer agrees that" to the end of the paragraph; bullet (ii) from "Developer will" to the end of the paragraph; bullet (iii) from "Developer will have the ability to" to the end of the paragraph; bullet C from "Developer will not" to the end of the paragraph; bullet D from "faith efforts to" to the end of the paragraph; bullet E from "Developer will" to the end of the paragraph; bullet F from "faith efforts to" to the end of the paragraph; bullet 4.C between "the DDA, the" and "or any other"; and bullet 4.D from "Google, the" to the end of the page); page -034 (between "Addendum, the" and "and any other agreement"; bullet 5. from "not apply to" to the end of the paragraph; and the email address in bullet 6.B); page -036 (first three words of page title; first paragraph between "into the" and "between Google LLC"; bullet 1.A; bullet 1.B; bullet 1. D; bullet 1.E; and from "2." to the end of the page); page -037 (from "3." to the end of bullet 3.A; bullet 3.B from "receive its" to the end of the sentence); page -038 (entire table); page -039 (first three words of page title; first paragraph between "This" and "is entered into"; two instances of developer name; between "Company's" and "will be governed"; between "by (a)" and "that are in effect"; between "or if no" and "are in effect"; between "the standard" and "and (b)"; second paragraph between "defined in this" and "have the meanings"; between "resolution provisions of the" and "will apply"; from "apply to this" to the end of the second paragraph; bullet 1 between "eligible for" and "Company"; between "using either" and "for Engagement"; and from "Engagement," to the end of the paragraph; second and third words of bullet 2; bullet two between "applicable" and "and Google"; between "confirmation, the" and "will not be"; and from "deemed a" to the end of the paragraph; bullet 3. From "event Company" to the end of the paragraph; and from bullet 4 from "Company may" to the end of the page); page -040 (bullet 6 between "in accordance with the" and "or the terms of this"; between "or the terms of this" and "Company may earn"; between "Company may earn" and "for Qualifying Campaigns"; between "Expiration

10

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: 938BB434-B9B2-4E48-8A75-766C402994BB

1   Date for" and "earned through"; bullet 7 between "under this" and "including those";

2   between "related to" and "will be based"; and bullet 8 between "the terms of the" and "or

3   the Play Addendum"; and between "terms, this" and "will automatically"); and page -041

4   (from "Subject:" to the end of that line).  This text contains confidential, non-public

5   information regarding a non-party developer and implicates the non-party's confidentiality

6   interests by revealing the identity of that developer and the specific terms of that developer's

7   agreement with Google, when the non-party developer has a reasonable expectation of

8   confidentiality.  Further, disclosure of this non-public information is likely to result in

9   competitive harm to Google, as it indicates specific, non-standard terms and financial figures and

10  credit periods that Google has offered and agreed to with a particular developer partner.

11  Google's competitors could use this non-party information to unfairly target Google's developer

12  partners and relationships, as well as by augmenting their own offers to specifically undercut

13  Google's offerings.  Further, this information could give other developers an unfair advantage

14  over Google in negotiations by seeking similar or better terms.

15       18.    **Zaken Declaration, Exhibit E, pages -035, -037, and -040 (developer names;**

16  **completed signature blocks with signature and name); and page -041 (all individual names,**

17  **developer names, addresses, email addresses, IP addresses, and signatures).**  This text

18  contains confidential, non-public information regarding a non-party developer and implicates the

19  non-party's confidentiality interests by revealing the identity of that developer, when the non-

20  party developer has a reasonable expectation of confidentiality.  The identified text also

21  identifies the signatures of a non-party's employees, and no public interest is served by the public

22  disclosure of this sensitive, personal information. These employees have a reasonable

23  expectation of privacy that would be infringed upon if this information were to be made public.

24       **Exhibit F to the Zaken Declaration [MDL Dkt. No. 344-6]**

25       19.    **Zaken Declaration, Exhibit F, page -561 (last three words of document title;**

26  **first paragraph between "("Google") and" and "and are effective"; bullet 1.A between**

27  **"will provide" and "with up:"; between "up to" and "per year"; between "3 year term in"**

28

**and "pursuant to"; between "addendum to the" and "which addendum will"; between "terms of the" and "currently in effect"; between "between Google and" and "For clarification,"; from "For every" to the end of the paragraph; bullet 1.B between "will provide" to "with"; between "with" and "over the"; from "The" to the end of the paragraph; bullet 1.C from "total of" to the end of the paragraph; all of the first solid bullet and sub-bullets after "Google will provide"); page -562 (all text before bullet 1.D; bullet 1.D between "reference the" and "between Google"; between "Google and" and "affiliate"; between "3 year term and" and "The execution"; from "execution of the" to the end of the paragraph; first word in bullet 2; first word in bullet 2.A; bullet 2.A between "existing" and "agreement"; between "Google Inc. and" and "with a commitment"; and between "commitment to" and "The specific terms"); page -563 (bullet 2.B; first word of bullet 2.C; bullet 2.C from "terms of the DDA addendum" to the end of the paragraph; bullet 2.D; and the last three words of footnote 1); and page -564 (all text before bullet 2.F; first word of bullet 2.F; bullet 2.F from "regarding" to the end of the sentence; bullet 3.A between "2E," and "will not"; bullet 3.B between "Agreement between Google and" and "will terminate"; between "addendum with" and "referenced in Section 2C"; between "above. The" and "between Google and"; between "execution of the" and "with Google and"; between with Google and" and "referenced in Section 1A"; two developer names in bullet 3.C; and one developer name in bullet 3.D).** This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and the specific terms of that developer's agreement with Google, when the non-party developer has a reasonable expectation of confidentiality. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it indicates specific, non-standard terms and financial consideration that Google has offered and agreed to with a particular developer partner. Google's competitors could use this non-party information to unfairly target Google's developer partners and relationships, as well as by augmenting their own offers to specifically undercut

12

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

Google's offerings.  Further, this information could give other developers an unfair advantage over Google in negotiations by seeking similar or better terms.

20. **Zaken Declaration, Exhibit F, page -565 (developer name; both signature blocks including signatures, names, and titles).**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, when the non-party developer has a reasonable expectation of confidentiality.  The identified text also identifies the signature of a current or former Google employee, as well as the signature of a non-party's employee, and no public interest is served by the public disclosure of this sensitive, personal information. These employees have a reasonable expectation of privacy that would be infringed upon if this information were to be made public.

**Exhibit G to the Zaken Declaration [MDL Dkt. No. 344-7]**

21. **Zaken Declaration, Exhibit G, page -439 (between "entered into between" and "and its affiliates"; the first two words of the second paragraph under the "Background" heading; between "(the" and "). Upon execution"; the first two words after bullet 1.A;  the first three words after bullet 1.B;  the first two words after bullet 1.C;  all of bullet 1.D); page -440 (between "E." and "any other addenda"; bullet 1.F between "following titles:" and "For clarity,"; the first three words of bullet 1.I; bullet 2.A between "to the" and "where, subject to"; between "terms of such" and "Google will provide"; between "will provide Developer" and "For the avoidance"; between "enter into the" and "and (ii)"; from "have to provide Developer" to the end of the paragraph; bullet 2.B from "Developer and Google will enter into a" to the end of the paragraph; bullet 2.C between "binding term sheets" and "Sheets")"; from "3 year term and a" to the end of the paragraph; and bullet 2.D from "Google agrees to" to the end of the line); page -441 (first paragraph; first solid bullet and sub-bullets; second solid bullet from "does not" to the end of the sentence; third solid bullet; fourth solid bullet; bullet 3.A from "efforts to" to the end of the page); page -442 (first paragraph; bullet 3.B; bullet 3.C from "shall use" to the end**

13

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: 930BB434-8982-4E48-8A75-766C492994BB

**of the sentence; bullet 3.D from "Developer will" to the end of the sentence; bullet 3.F between "without limitation" and "comply with"); and page –443 (bullet 4.C between "any of the" and "Further"; from "terminate the" to the end of the sentence; bullet 4.D between "any of the" and "Developer may"; and both email addresses in bullet 5.B).** This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and the specific terms of that developer's agreement with Google, when the non-party developer has a reasonable expectation of confidentiality. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it indicates specific, non-standard terms and financial consideration that Google has offered and agreed to with a particular developer partner. Google's competitors could use this non-party information to unfairly target Google's developer partners and relationships, as well as by augmenting their own offers to specifically undercut Google's offerings. Further, this information could give other developers an unfair advantage over Google in negotiations.

22. **Zaken Declaration, Exhibit G, page –444 (developer name; all signature blocks including signatures, names, and titles).** This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, when the non-party developer has a reasonable expectation of confidentiality. The identified text also identifies the signature of a current or former Google employee, as well as the signature of a non-party's employee, and no public interest is served by the public disclosure of this sensitive, personal information. These employees have a reasonable expectation of privacy that would be infringed upon if this information were to be made public.

### Exhibit H to the Zaken Declaration [MDL Dkt. No. 344-8]

23. **Zaken Declaration, Exhibit H, page 200, line 9 (between "Q." and "was one"); and line 15 (between "A." and "were the").** This text contains confidential, non-public information regarding non-party developers and implicates the non-parties' confidentiality

interests by revealing the identities of those developers and an agreement between these developers and Google, when the developers have a reasonable expectation that Google will maintain the confidentiality of their agreements.  Further, disclosure of this non-public information is likely to result in competitive harm to Google: Google's competitors could use this non-party information to unfairly target Google's developer partners.

**Exhibit I to the Zaken Declaration [MDL Dkt. No. 344-9]**

24.     **Zaken Declaration, Exhibit I, page 19, line 8 (between "with" and "relating").**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, an agreement between this developer and Google, and the developer's confidential information, when the developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google: Google's competitors could use this non-party information to unfairly target Google's developer partners.

25.     **Zaken Declaration, Exhibit I, page 139, line 3 (from "if" to the end of line 3); lines 5-7 (from "yes." to the end of line 7); line 9 (between "if" and "launched"); line 12 (between "through" and "alternative"); lines 15-17 (between "And" and "that was"); and lines 18-23 (from "A" to the end of line 23).**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, the developer's confidential information, and details and scope of negotiations between the developer and Google, when the non-party developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it indicates multiple aspects of Google's strategic decision-making.  Additionally, Google's competitors could use this non-party information to unfairly target Google's developer partners.  Further, this information could give other developers an unfair advantage over Google in negotiations.

15

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

26.     **Zaken Declaration, Exhibit I, page 139, line 25 to page 140, line 1 (between "Play, that" and "would not").**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, an agreement between this developer and Google, and the developer's confidential information, when the developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google: Google's competitors could use this non-party information to unfairly target Google's developer partners.

27.     **Zaken Declaration, Exhibit I, page 140, lines 14-16 (from "You say," to the end of the sentence); and lines 19-21 (from "You go on to say," and the end of the sentence).**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, and details of negotiations between the developer and Google, as well as suggesting the developer's confidential information, when the non-party developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it describes Google's strategic decision-making regarding its partnerships.  Additionally, Google's competitors could use this non-party information to unfairly target Google's developer partners and relationships.  Further, this information could give other developers an unfair advantage over Google in negotiations.

28.     **Zaken Declaration, Exhibit I, page 145, line 3 (between "was" and ", as"); line 6 (between "with" and "?"); line 8 (between "that" and "presented"); line 9 (between "that" and "would"); and line 23 (from "titled" to the end of the line).**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, an agreement between this developer and Google, and the developer's confidential information, when the developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is

16

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: 938BB434-8982-4E48-8A75-766C492994BB

1   likely to result in competitive harm to Google: Google's competitors could use this non-party

2   information to unfairly target Google's developer partners.

3       29.     **Zaken Declaration, Exhibit I, page 148, lines 4-5 (between "Paren," and**

4   **"Hug,"); lines 10-11 (entirety of each line); and line 14 (between "that" and "was").**  This

5   text contains confidential, non-public information regarding a non-party developer and

6   implicates the non-party's confidentiality interests by revealing the identity of that developer,

7   specific terms of an agreement between that developer and Google, details of negotiations

8   between the developer and Google, and the developer's confidential information, when the non-

9   party developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-

10  public information is likely to result in competitive harm to Google, as it describes Google's

11  strategic decision-making regarding its partnerships.  Additionally, Google's competitors could

12  use this non-party information to unfairly target Google's developer partners and relationships,

13  including by augmenting their offers with specific terms designed to undercut those offered by

14  Google.  Further, this information could give other developers an unfair advantage over Google

15  in negotiations.

16      30.     **Zaken Declaration, Exhibit I, page 149, line 1 (from beginning of line to**

17  **"which"); lines 3-4 (entirety of each line); lines 5-6 (between "time this" and "; correct?");**

18  **line 9 (between "A" and "had told"); and lines 12-18 (from "we told" to the end of line 18).**

19  This text contains confidential, non-public information regarding a non-party developer and

20  implicates the non-party's confidentiality interests by revealing the identity of that developer,

21  terms of an agreement between that developer and Google, details of negotiations between the

22  developer and Google, and the developer's confidential information, when the non-party

23  developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public

24  information is likely to result in competitive harm to Google, as it describes Google's strategic

25  decision-making regarding its partnership with this developer and other non-party developers.

26  Additionally, Google's competitors could use this non-party information to unfairly target

27

28

Google's developer partners.  Further, this information could give other developers an unfair advantage over Google in negotiations.

31.  **Zaken Declaration, Exhibit I, page 150, line 6 (between "to get" and "to stop"); and line 21 (between "performed," and "did not").**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer, an agreement between this developer and Google, and the developer's confidential information, when the developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google: Google's competitors could use this non-party information to unfairly target Google's developer partners.

**Exhibits A and B to the Zaken Declaration [MDL Dkt. Nos. 344-1 and 344-2][1]**

32.  **Zaken Declaration, Exhibits A and B, Paragraph 198 (from "obligations on developers to" through end of sentence).**  This text reveals specific details about the non-public terms of contractual agreements Google may offer to certain non-party developers.  Public disclosure would reveal these specific deal terms and Google's business strategy, which could be used by Google's competitors to unfairly target Google's developer partners and relationships, as well as by augmenting their own offers to specifically undercut Google's offerings.  Further, this information could give other developers an unfair advantage over Google in negotiations by seeking similar or better terms.

33.  **Zaken Declaration, Exhibits A and B, Paragraph 199 (between "executives at Google," and "Google subsequently", between "entered into a", and "agreement", between "with" and "which was signed", between "signed on" and "pursuant", between "agreed to pay" and "approximately", between "approximately" and "million", between "In exchange" and "agreed to", and between "for example" and through end of sentence ).** This text contains confidential, non-public information regarding a non-party developer and

---

[1] I understand that Exhibit A to the Zaken Declaration is a copy of Epic's Proposed Second Amended Complaint and Exhibit B to the Zaken Declaration is a blackline of Epic's Proposed Second Amended Complaint to Epic's First Amended Complaint.

DocuSign Envelope ID: 938BB434-B982-4E48-8A75-766C402994BB

implicates the non-party's confidentiality interests by revealing the identity of that developer and the specific terms of that developer's agreement with Google, when the non-party developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it indicates specific, non-standard terms and financial consideration that Google has offered and agreed to with a particular developer partner. Google's competitors could use this non-party information to unfairly target Google's developer partners and relationships, as well as by augmenting their own offers to specifically undercut Google's offerings.  Further, this information could give other developers an unfair advantage over Google in negotiations by seeking similar or better terms.

34.  **Zaken Declaration, Exhibits A and B, Paragraph 200 (between "its agreement with" and "effectively", between "ensured that" and "would abandon", between "that" and "narrow path", from "depended on" through the end of the sentence, between "it was important for" and "to be able to", between "reached with," and "prevented such", between "would cause" and "not to launch", between "app store that" and "had been contemplating", between "thus paid" and "not to compete", and between "compete" and "has not entered").**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and the specific terms of that developer's agreement with Google, when the non-party developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it indicates specific, non-standard terms and financial consideration that Google has offered and agreed to with a particular developer partner.  Google's competitors could use this non-party information to unfairly target Google's developer partners and relationships, as well as by augmenting their own offers to specifically undercut Google's offerings.  Further, this information could give other developers an unfair advantage over Google in negotiations by seeking similar or better terms.

35.  **Zaken Declaration, Exhibits A and B, Paragraph 201 (between "As another example," and "another top game", between "entered into" and "Project Hug", between**

19

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

**"Google on" and "under which", between "Google paid" and "approximately", between "and" and "Google understood", between "intended that" and "(See *supra*", and between "¶ 200.)" and "has not entered").**  This text reflects the identity of a non-party developer who has entered into a commercial This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and the specific terms of that developer's agreement with Google, when the non-party developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it indicates specific, non-standard terms and financial consideration that Google has offered and agreed to with a particular developer partner.  Google's competitors could use this non-party information to unfairly target Google's developer partners and relationships, as well as by augmenting their own offers to specifically undercut Google's offerings.  Further, this information could give other developers an unfair advantage over Google in negotiations by seeking similar or better terms.

36.     **Zaken Declaration, Exhibits A and B, Paragraph 202 (between "for example," and "to minimize" and between "yet another agreement with" and "one of the").**  This text contains confidential, non-public information regarding a non-party app developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and the nature and subject of negotiations with that party, when that developer has a reasonable expectation that Google will maintain the confidentiality of those negotiations and related contractual agreements.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals the company's internal strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Additionally, Google's competitors could use this non-party information to unfairly target Google's developer partners.

37.     **Zaken Declaration, Exhibits A and B, Paragraph 208 (between "at least" and "top developers", between "been" and "or", and from "or" through end of sentence).**  This

20

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

1    text reveals the number and nature of non-party developers with whom Google has executed

2    certain contractual agreements, the disclosure of which could cause competitive harm to both

3    Google and those non-party developers.  This text reveals Google's non-public, internal strategic

4    decision making, the disclosure of which could, for example, could give a competitor or potential

5    business partner unfair leverage in competing against or negotiating with Google.  Additionally,

6    Google's competitors could use this non-party information to unfairly target Google's developer

7    partners.

8          38.    **Zaken Declaration, Exhibits A and B, Paragraph 209 (between "developers**

9    **to" and "; and for some agreements", between "developers in the" and "also to", and from**

10   **"also to" through end of sentence).**  This text reveals specific details about the non-public

11   terms of contractual agreements Google may offer to certain non-party developers.  Public

12   disclosure would reveal these specific deal terms and Google's business strategy, which could be

13   used by Google's competitors to unfairly target Google's developer partners and relationships, as

14   well as by augmenting their own offers to specifically undercut Google's offerings.  Further, this

15   information could give other developers an unfair advantage over Google in negotiations by

16   seeking similar or better terms.

17         39.    **Zaken Declaration, Exhibits A and B, Paragraph 213 (between "for**

18   **example," and "These inputs"; between "at risk of" and "Google has successfully";**

19   **between "at least" and "of the top"; and between "approximately" and "of all").**  This text

20   reveals the number and nature of non-party developers with whom Google has executed certain

21   contractual agreements, the disclosure of which could cause competitive harm to both Google

22   and those non-party developers.  This text reveals Google's non-public, internal strategic

23   decision making, the disclosure of which could, for example, could give a competitor or potential

24   business partner unfair leverage in competing against or negotiating with Google.  Additionally,

25   Google's competitors could use this non-party information to unfairly target Google's developer

26   partners.

27

28

**Exhibits K and L to the Zaken Declaration [MDL Dkt. Nos. 344-11 and 344-12][2]**

40.   **Zaken Declaration, Exhibits K and L, Paragraph 273 (from "obligations on developers to" through end of sentence).** This text reveals specific details about the non-public terms of contractual agreements Google may offer to certain non-party developers.  Public disclosure would reveal these specific deal terms and Google's business strategy, which could be used by Google's competitors to unfairly target Google's developer partners and relationships, as well as by augmenting their own offers to specifically undercut Google's offerings.  Further, this information could give other developers an unfair advantage over Google in negotiations by seeking similar or better terms.

41.   **Zaken Declaration, Exhibits K and L, Paragraph 274 (between "executives at Google," and "Google subsequently", between "entered into a", and "agreement", between "with" and "which was signed", between "signed on" and "pursuant", between "agreed to pay" and "approximately", between "approximately" and "million", between "In exchange" and "agreed to", and between "for example" and through end of sentence).**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and the specific terms of that developer's agreement with Google, when the non-party developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it indicates specific, non-standard terms and financial consideration that Google has offered and agreed to with a particular developer partner. Google's competitors could use this non-party information to unfairly target Google's developer partners and relationships, as well as by augmenting their own offers to specifically undercut Google's offerings.  Further, this information could give other developers an unfair advantage over Google in negotiations by seeking similar or better terms.

---

[2] I understand that Exhibit K to the Zaken Declaration is a copy of Match's Proposed First Amended Complaint and Exhibit L to the Zaken Declaration is a blackline of Match's Proposed First Amended Complaint to Match's Complaint.

42.     **Zaken Declaration, Exhibits K and L, Paragraph 275 (between "its agreement with" and "effectively", between "ensured that" and "would abandon", between "that" and "narrow path", from "depended on" through the end of the sentence, between "it was important for" and "to be able to", between "reached with," and "prevented such", between "would cause" and "not to launch", between "app store that" and "had been contemplating", between "thus paid" and "not to compete", and between "compete" and "has not entered").**  This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and the specific terms of that developer's agreement with Google, when the non-party developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it indicates specific, non-standard terms and financial consideration that Google has offered and agreed to with a particular developer partner.  Google's competitors could use this non-party information to unfairly target Google's developer partners and relationships, as well as by augmenting their own offers to specifically undercut Google's offerings.  Further, this information could give other developers an unfair advantage over Google in negotiations by seeking similar or better terms.

43.     **Zaken Declaration, Exhibits K and L, Paragraph 276 (between "As another example," and "another top game", between "entered into" and "Project Hug", between "Google on" and "under which", between "Google paid" and "approximately", between "and" and "Google understood", between "intended that" and "(See *supra*", and between "¶ 200.)" and "has not entered").**  This text reflects the identity of a non-party developer who has entered into a commercial This text contains confidential, non-public information regarding a non-party developer and implicates the non-party's confidentiality interests by revealing the identity of that developer and the specific terms of that developer's agreement with Google, when the non-party developer has a reasonable expectation of confidentiality.  Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it indicates specific, non-standard terms and financial consideration that Google has offered and

23

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD

1  agreed to with a particular developer partner. Google's competitors could use this non-party

2  information to unfairly target Google's developer partners and relationships, as well as by

3  augmenting their own offers to specifically undercut Google's offerings. Further, this

4  information could give other developers an unfair advantage over Google in negotiations by

5  seeking similar or better terms.

6      44.    **Zaken Declaration, Exhibits K and L, Paragraph 277 (between "for**

7  **example," and "to minimize" and between "yet another agreement with" and "one of the").**

8  This text contains confidential, non-public information regarding a non-party app developer and

9  implicates the non-party's confidentiality interests by revealing the identity of that developer and

10  the nature and subject of negotiations with that party, when that developer has a reasonable

11  expectation that Google will maintain the confidentiality of those negotiations and related

12  contractual agreements. Further, disclosure of this non-public information is likely to result in

13  competitive harm to Google, as it reveals the company's internal strategic decision-making,

14  which, for example, could give a competitor or potential business partner unfair leverage in

15  competing against or negotiating with Google. Additionally, Google's competitors could use this

16  non-party information to unfairly target Google's developer partners.

17      45.    **Zaken Declaration, Exhibits K and L, Paragraph 283 (between "at least" and**

18  **"top developers", between "been" and "or", and from "or" through end of sentence).** This

19  text reveals the number and nature of non-party developers with whom Google has executed

20  certain contractual agreements, the disclosure of which could cause competitive harm to both

21  Google and those non-party developers. This text reveals Google's non-public, internal strategic

22  decision making, the disclosure of which could, for example, could give a competitor or potential

23  business partner unfair leverage in competing against or negotiating with Google. Additionally,

24  Google's competitors could use this non-party information to unfairly target Google's developer

25  partners.

26      46.    **Zaken Declaration, Exhibits K and L, Paragraph 284 (between "developers**

27  **to" and "; and for some agreements", between "developers in the" and "also to", and from**

28

24

DocuSign Envelope ID: 938BB434-8982-4E48-8A75-766C402994BB

**"also to" through end of sentence).**  This text reveals the number and nature of non-party developers with whom Google has executed certain contractual agreements, the disclosure of which could cause competitive harm to both Google and those non-party developers.  This text reveals Google's non-public, internal strategic decision making, the disclosure of which could, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.  Additionally, Google's competitors could use this non-party information to unfairly target Google's developer partners.

47.     Because the public disclosure of the confidential material described above would harm Google's competitive position in the marketplace, there is good cause and there are compelling reasons to seal this material.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 17th day of October 2022 in Wailea, Maui County, Hawaii.

DocuSigned by:

*Christian Cramer*

7E2F7561498147C...

Christian Cramer

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF
GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:22-cv-02746-JD