Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

Case No. 3:21-md-02981-JD

**EPIC GAMES, INC.'S OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL, AND GOOGLE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

Plaintiff Epic Games, Inc. ("Epic") submits this Opposition to Google's Administrative Motion to File Under Seal (ECF No. 356), and Google's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 357).[1]

These administrative motions seek to seal information designated confidential by Google and Activision Blizzard King ("ABK") that appears in Google's October 23, 2022 opposition papers to Epic and Match's motion to amend their complaints. (ECF No. 355.) Earlier this month, Google (ECF No. 352) and ABK (ECF No. 350) sought to seal similar information appearing in Epic and Match's motion to amend and the proposed amended complaints (ECF Nos. 343, 344). Epic opposed these prior sealing efforts to the extent that Google and ABK failed to show the required compelling reasons for preventing the public from understanding the facts and allegations that form the basis of Epic's claims. (*See* ECF Nos. 353 (response to ABK), 354 (response to Google).) The information at issue in the present motions to seal portions of Google's opposition papers is substantially similar to the information that Epic opposed sealing in connection with Epic's moving papers. Therefore, for the reasons set forth in Epic's previous sealing oppositions (ECF Nos. 353, 354), and the reasons that follow, Google's motions should be denied in substantial part.

## I. Google's Administrative Motion to File Under Seal (ECF No. 356) Should Be Denied.

To keep information under seal, Google bears the burden of establishing "compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure". *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

Google seeks to seal (i) the identities of the counterparties to its agreements not to compete, and (ii) high-level descriptions of the key terms of those agreements that achieved Google's goal of preventing competition. (*See* ECF Nos. 356, 357.) This is the same type of information that Google sought to seal in connection with Epic's motion to amend—and Google's arguments for sealing it are substantially the same. As Epic previously explained, and reiterates below, Google has failed to establish "compelling reasons" for keeping this information under seal. (*See* ECF No. 354.)

[1] All citations are to the MDL docket unless otherwise indicated.

*First*, Google seeks to seal numerous references to the names of three counterparties to its Project Hug agreements.[2] Its effort to seal these names consists of boilerplate assertions that disclosure would "implicate[] the non-part[ies'] confidentiality interests" or "reveal[] strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google". (*E.g.*, ECF No. 356-1 ¶ 1.) As Epic previously explained, these are not compelling reasons for sealing. The fact that one of these developers signed a Project Hug agreement is already public (ECF No. 354 at 5); the unspecified interests of non-parties do not establish harm to Google itself (*id.* (citing *Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*, 2019 WL 8273956, at *2 (E.D. Cal. July 18, 2019))); and vague assertions like Google's are not "articulable facts identifying the interests favoring continued secrecy" (*id.* (quoting *Kamakana*, 447 F.3d at 1178-79)). Moreover, the identities of these major developers are not sealable information; they are important facts that will help the public understand why Project Hug foreclosed a significant portion of the Android app distribution market. (*See* ECF No. 354 at 5.)

*Second*, Google seeks to seal its own high-level (and incomplete) description of Project Hug.[3] Google's declaration makes the threadbare assertion that this description "reveals Google's strategic decision-making" (ECF No. 356-1 ¶ 2), and its sealing motion goes further and asserts that the description includes "Specific Deal Terms" (ECF No. 356 at 3). Even if this language disclosed specific deal terms (it does not), "essential contractual terms (as opposed to merely ancillary ones), [described] at a reasonably high level of generality", cannot be sealed absent "compelling reasons". *Tevra Brands LLC v. Bayer HealthCare LLC*, 2020 WL 1245352, at *3 (N.D. Cal. Mar. 16, 2020). Google has offered no such reasons here. (*See* ECF No. 354 at 3.)

Epic does not agree with Google's characterizations of Epic's claims and allegations. But because Google is opposing Epic's effort to plead those claims, the public has a strong interest in understanding the basis for Google's opposition, which Google's proposed redactions obscure. Google

[2] *See* ECF No. 355 at 3 (line 25), 5 (lines 13-14), 6 (line 27), 7 (lines 4-5, 8, 20-22), 10 (line 24); ECF No. 355-4 at 382:24, 383:1-6, 384:12-14.

[3] ECF No. 355 at 5 (lines 4-7).

has failed to establish compelling reasons for sealing the information relied on in its filing, and its motion should be denied.

**II. Google's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 357) Should Be Denied in Part.**

Through its second motion, Google asks the Court to consider sealing information designated confidential by ABK and the State plaintiffs. Epic takes no position on Google's request to seal the State plaintiffs' information.[4] The ABK information, however, is not properly sealable.

In its October 14, 2022 sealing request, ABK asked the Court to seal information found in Epic and Match's motion to amend their complaints and related filings. (ECF No. 350.) As Epic explained in its response, ABK failed to establish compelling reasons for keeping this information under seal. (*See* ECF No. 353.) The same arguments apply here, where substantially the same ABK information is at issue.

*First*, Google seeks to seal references to the fact that a specific ABK executive was deposed in this MDL.[5] As Epic previously explained, most of the facts surrounding this deposition are public—in part because *ABK made them public* (ECF No. 259 at 8), and the Court identified the executive by name in an order compelling him to sit for a deposition (ECF No. 321). To the extent this information is not already public, ABK has not presented (and cannot present) compelling reasons for keeping it under seal. (*See* ECF No. 353 at 2-3.)

*Second*, Google asks the Court to consider sealing a single page of a deposition transcript that contains ABK's purported confidential information.[6] Epic takes no position on sealing the portion of this transcript that arguably includes a pricing term.[7] But the remainder of the transcript cannot meet the Ninth Circuit's "compelling reasons" standard. The transcript reveals that a deposition took place, but this is not sealable information for the reasons set forth above. The only other relevant information is the deponent's assertion that contract terms described at a high level do not exist. (ECF No. 355-5 at 209:9-24.) The claimed non-existence of contract terms is far from the types of "pricing terms, royalty

[4] *See* ECF No. 355-2.

[5] *See* ECF No. 355 at 7 (lines 20-22).

[6] *See* ECF No. 355-5 (full document).

[7] Epic does not oppose sealing the portion of the transcript found at page 209, lines 2-8.

rates, and guaranteed minimum payment terms" that are sometimes subject to sealing. *See Tevra*, 2020 WL 1245352, at *2. While Epic disagrees with the deponent's assertions, there is no basis for keeping them under seal.

**CONCLUSION**

For the foregoing reasons, the Court should deny Google's Administrative Motion to File Under Seal (ECF No. 356) in full, and deny Google's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 357) in part.

Dated: October 25, 2022

Respectfully submitted,

By: */s/ Lauren A. Moskowitz*
Lauren A. Moskowitz

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc.*