Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B. #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B. #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

*Counsel for Defendants Google LLC et al.*

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
Nicholas R. Sidney, S.B. #308080
nick.sidney@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA,**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>This Document Relates To:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF ANDREW ROPE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>Judge:      Hon. James Donato |

I, Andrew Rope, declare as follows:

1.      I am a Scaled Operations Manager at Google LLC.  I make this declaration on personal knowledge and in support of Defendants' Opposition to Plaintiffs' Motion for Sanctions, unless I indicate that I make the statement on information and belief.  If called as a witness, I could and would competently testify to the matters stated herein.

**Google's Chat Products and Retention Policies**

2.      Since Epic filed its complaint on August 13, 2020, Google has offered Hangouts and/or Google Chat to provide for (1) one-on-one chats, as well as group chats among multiple employees, and (2) so-called "Threaded Rooms / Spaces," which are a variation of a group chat.

3.      In the ordinary course of business, all chats other than "Threaded Rooms / Spaces" default to a setting known as "history off."  Chats set to "history off" are retained for 24 hours (this is a static Google Chat product behavior that applies to all users and companies equally, rather than a Google-specific policy).  Google employees in a chat conversation can change that chat conversation to "history on."  Chat messages sent while history is "on" are not automatically removed after 24 hours.  Chats sent with "history on" to just one other person are retained for 30 days, and chats sent with "history on" in group conversations (including "Threaded Rooms / Spaces") are retained for 18 months.

4.      Chats classified as "Threaded Rooms / Spaces" are *always* set to "history on," and this setting cannot be changed by users.

5.      When a Google employee is on a legal hold, Google retains "history on" chats indefinitely, including all chat threads in "Threaded Rooms / Spaces" in which the employee has participated, for as long as the legal matter is pending.

6.      Google's Retention Policy[1] states that the following chats "will be preserved automatically (all retention periods are paused) while the relevant matter is pending": "On-the-record 1:1s, Group DMs, and flat space messages you've sent or received" and "Threaded space

---

[1] References to Google's Retention Policy are to the Google Chat Retention Policy attached as Exhibit A to Exhibit 1 of the Mason Declaration.  (Mason Decl., Ex. 1 at Ex. A ("Retention Policy"), ECF No. 348-3.).  That policy was in place from November 2020 to September 2021.

conversations in which you've participated (i.e., sent a message, not just received)."  "On-the-record" here is synonymous with "history on."  The Retention Policy further instructs employees not to "manually delete any chats relevant to the matter at issue under any circumstances."

7.     Google's Retention Policy "aims to reduce redundant, obsolete, and trivial information in corporate chats.  As that policy states: "By helping us all focus on our most meaningful and useful messages, we can reduce time spent sifting through irrelevant old messages and reduce storage costs."

**Google's Legal Hold Procedures**

8.     Google's company-wide practice is to issue written legal hold notices to individuals believed to possess relevant information when litigation is first reasonably anticipated.

9.     At a general level, Google's legal holds instruct hold recipients to preserve relevant material, including instructions on chat preservation.  Subsequent to issuing a legal hold, Google sends periodic messages to remind hold recipients of their preservation obligations.

10.    Consistent with this general practice, Google issued written legal hold notices, and subsequent reminders, in connection with this litigation.

11.    Google timely issued its first set of notices in September 2020, shortly after it was served with the first round of complaints.  Google subsequently sent reminders, continued to add employees to the hold, and issued updated hold notices to reflect additional parties and legal theories throughout 2020, 2021, and 2022.

12.    Specifically, Google sent updated hold notices in March 2021, January 2022, and May 2022, all of which included instructions on chat preservation.  Google also sent reminders to particular custodians on November 30, 2020, June 29, 2021, July 23, 2021, and July 26, 2021, which also included instructions on chat preservation.

13.    All told, Google has issued 3 updates to the original hold notice and 4 reminders between September 2020 and the present.

14.    Google also took technical steps to suspend standard retention policies as to email, chat, and other documents.  This included overriding time-driven retention rules for email and "history on" chats to indefinite retention.

15.     Google also employed custodial interviews with individuals likely to have discoverable information to identify data sources Google may need to preserve.  Where necessary, Google collected personal devices to collect relevant information that may have been stored on the device.

**Google's Production In this Litigation**

16.     Google collected over 176,000 chat conversations from the agreed custodians and non-custodial group chats.  Google subsequently applied search terms to the 176,000 chat conversations, reviewed the results for responsiveness, and ultimately produced 3,084 chats conversations.

17.     In all, Google has produced over 3.1 million documents, totaling over 21 million pages, in this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  November 3, 2022 Aptos, CA

DocuSigned by:

_Andrew Pope_

B255027F853942B...

Andrew Rope