1  Paul J. Riehle (SBN 115199)
   paul.riehle@faegredrinker.com
2  **FAEGRE DRINKER BIDDLE & REATH LLP**
3  Four Embarcadero Center, 27th Floor
4  San Francisco, CA 94111
   Telephone: (415) 591-7500
5

6  Christine A. Varney (*pro hac vice*)
   cvarney@cravath.com
7  **CRAVATH, SWAINE & MOORE LLP**
8  825 Eighth Avenue
   New York, New York 10019
9  Telephone: (212) 474-1000

10 *Counsel for Plaintiff Epic Games, Inc.*

11 [Additional Counsel Appear on Signature Page]
12

   **UNITED STATES DISTRICT COURT**

   **NORTHERN DISTRICT OF CALIFORNIA**

   **SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*,<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**EPIC GAMES, INC.'S RESPONSE IN OPPOSITION TO DECLARATION OF OMER SALIK** |

1    Plaintiff Epic Games, Inc. ("Epic") submits this Response in Opposition to the Declaration of
2 Omer Salik ("Salik Decl.") (ECF No. 368),[1] filed on behalf of Activision Blizzard, Inc. ("ABK"),
3 which seeks to seal certain information contained in Epic's and Match's Reply in Support of Motion to
4 Amend Complaints (ECF No. 362), as well as supporting declarations and exhibits (together, "Reply").
5 ABK previously filed a similar declaration in support of sealing information contained in Epic's and
6 Match's Notice of Motion and Motion to Amend Complaints and related filings (together, "Motion to
7 Amend"). (ECF No. 350.) For substantially the same reasons as stated in Epic's previous response
8 (ECF No. 353), ABK has not met its burden of establishing that this information should be sealed.

## DISCUSSION

10   ABK bears the burden of establishing "compelling reasons supported by specific factual
11 findings, that outweigh the general history of access and the public policies favoring disclosure". *See*
12 *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); (*see* Salik Decl.
13 ¶¶ 6-7). A party's exposure to "embarrassment, incrimination, or . . . further litigation will not, without
14 more, compel the court to seal its records". *Kamakana*, 447 F.3d at 1179. Where a complaint alleges
15 "violations of the antitrust laws . . . the public interest is particularly strong" and favors disclosure.
16 (Order re Sealing of Complaints 2 (ECF No. 79).) Moreover, any request to seal must be "narrowly
17 tailored" or else should be denied. *See* N.D. Cal. Civ. L.R. 79-5; *Romero v. Cnty. of Santa Clara*,
18 No. 11-cv-04812-WHO, 2014 WL 12641990, at *2 (N.D. Cal. June 17, 2014).

19   ABK seeks to seal *every* instance where its information is referenced in the Reply. The
20 information generally consists of the already-public identity of the ABK executive deposed in this
21 litigation, and information pertaining to Google's and ABK's already-public Project Hug agreement.
22 As to all of this information, ABK asserts that (i) the information is "highly confidential, non-public,
23 and competitively sensitive"; and/or (ii) that disclosure "would irreversibly connect an [ABK]
24 executive to Plaintiffs' demonstrably false and libelous misrepresentations in the Motion to Amend,
25 which are reaffirmed in the Reply". (Salik Decl. ¶ 13.) But ABK makes no effort to explain *why* the
26 information at issue (most of which is already public) is "competitively sensitive" (*id.*). And it does
27 not identify a single statement that it believes is "false and libelous" (*id.*), or point to any evidence that

---

[1] All citations are to the MDL docket unless otherwise indicated.

1  would substantiate this claim.  ABK's allegations are unsupported boilerplate and accordingly deserve
2  no weight.  *See* N.D. Cal. Civ. L.R. 79-5; *Romero*, 2014 WL 12641990, at *2-3 (denying motion to
3  seal where request was not "narrowly tailored to seek sealing only of sealable material").

4        The references to the identity of an ABK executive are not sealable.[2]  Plaintiffs *and ABK*
5  named the executive in a publicly-filed Joint Discovery Letter Brief pertaining to this deposition (ECF
6  No. 259), and the Court's Order regarding this dispute therefore also named this individual (ECF
7  No. 321).  Any "irreversibl[e] connect[ion]" between this executive and Plaintiffs' claims has already
8  been made—including by ABK itself.  Moreover, as Epic previously explained, the case ABK relies on
9  for its sealing argument is distinguishable in that it involved the disclosure of a third party's
10 involvement in a criminal investigation.  (ECF No. 353 at 2-3.)

11       As to ABK's contention that this executive would suffer "injury to his reputation and undue
12 harassment" if his identity were made public due to being associated with "demonstrably false and
13 libelous misrepresentations [by Plaintiffs]", ABK asks this Court to apply a standard that does not
14 exist.  ABK's baseless and unexplained accusations regarding Plaintiffs' allegations are not a basis for
15 keeping them under seal, and the single case it cites is plainly distinguishable.  *See Selling Source, LLC*
16 *v. Red River Ventures, LLC*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *4, *7 (D. Nev.
17 Apr. 29, 2011) (granting motion by both parties to seal non-party information where "[t]he parties
18 agree that this allegation is factually inaccurate").  What ABK disputes are aspects of the core antitrust
19 claims that will be decided by the fact finder at trial, such that ABK cannot meet the high burden to
20 show that the information it seeks to have sealed is both highly confidential and competitively
21 sensitive so that those interests outweigh the strong presumption in favor of public access.  In any
22 event, ABK's accusations are completely without merit.  ABK does not point to *any* representation in
23 Epic's and Match's Motion to Amend or Reply filings that it claims is false or libelous.  (ECF
24 No. 368.)  Nor can it:  Plaintiffs' allegations are drawn from documents and testimony provided by
25 Google and ABK itself.  (*See* ECF No. 343 at 3-5; ECF No. 345-07 ¶¶ 199-202, 208-209.)

---

[2] Salik Decl. 5-6, chart rows 1-5.

Based on the same theories, ABK asks to seal the same executive's testimony regarding ABK's Project Hug agreement with Google.[3]  Once again, ABK has failed to meet its burden.  As above, ABK has made no effort to explain why the information at issue is "competitively sensitive" (Salik Decl. ¶ 13) or otherwise sealable; its assertions are boilerplate and deserve no weight.  *First*, the information ABK seeks to seal has in large part already been made public.  Google and ABK issued a public press release in January 2020 regarding their "multi-year strategic relationship" (ECF No. 353 at 3 & n.5), and this Court unsealed information in Epic's First Amended Complaint specifically alleging that ABK and Google entered into a Project Hug agreement "to prevent . . . developers from competing with Google Play" (ECF No. 82 ¶ 128).  *Second*, much of what ABK seeks to seal are questions by Google's counsel probing at a high level why ABK entered a Project Hug deal with Google, not the ABK executive's responses.[4]  (ECF No. 368 at 5-6.)  *Third*, the ABK executive's responses that are included in the Reply reflect high-level descriptions about why ABK entered the agreement with Google and the value it expected to receive from the deal; they are not the type of specific financial or contract terms that may be subject to sealing.  *Tevra Brands LLC v. Bayer HealthCare LLC*, No. 19 cv-04312-BLF, 2020 WL 1245352, at *3 (N.D. Cal. Mar. 16, 2020) ("[E]ssential contractual terms (as opposed to merely ancillary ones), [described] at a reasonably high level of generality", cannot be sealed absent "compelling reasons").  ABK has failed to present compelling reasons why information that is largely public and described at this level of generality would lead to harm or outweigh the public's strong interest in disclosure.

## CONCLUSION

For the foregoing reasons, Epic submits that ABK's request to seal information contained in the Reply filings should be denied.

---

[3] Salik Decl. 5-6, chart rows 1-3, 5.

[4] Salik Decl. 5-6, chart rows 1-2.

Dated: November 8, 2022

Respectfully submitted,

By: /s/ *Lauren A. Moskowitz*
Lauren A. Moskowitz

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
Katherine B. Forrest (*pro hac vice*)
kforrest@cravath.com
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com

825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc.*