# EXHIBIT B

**BartlitBeck** LLP

Karma Giulianelli
Karma.Giulianelli@BartlitBeck.com

1801 Wewatta Street Place
Suite 1200
Denver, CO 80202
main: (303) 592-3100
direct: (303) 592-3165

BartlitBeck.com

November 19, 2022

**Via Electronic Mail**

Glenn Pomerantz
Munger, Tolles & Olson LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071
Glenn.Pomerantz@mto.com

> Re: *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD (N.D. Cal.); *Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671 (N.D. Cal.); *In re Google Play Consumer Antitrust Litigation,* Case No. 3:20-cv-05761-JD (N.D. Cal.); *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD (N.D. Cal.); *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746 (N.D. Cal.)

Dear Glenn:

I write on behalf of Plaintiffs in the above-referenced matters in advance of the January evidentiary hearing on Google's spoliation of Google Chats.

***First***, despite numerous requests, Google has refused to produce the litigation hold notices issued to its employees regarding this matter, or to describe the preservation instructions provided in those notices with any particularity. Google has cited attorney-client privilege and the work product doctrine. *See, e.g.*, Defendants' Response to Plaintiffs' Document Preservation Interrogatory No. 1. While litigation hold notices may be protected by privilege, depending upon their content, "most applicable authority from around the country provides that litigation hold letters should be produced if there has been a preliminary showing of spoliation." *Major Tours, Inc. v. Colorel*, 2009 WL 2413631, at *5 (D.N.J. Aug. 4, 2009); *see also City of Colton v. Am. Promotional Events, Inc.*, 2011 WL 13223880, at *5-6 (C.D. Cal. Nov. 22, 2011) (ordering production of litigation hold notices upon preliminary showing of spoliation). Google's admission that the chats at issue were destroyed, and the Court's order of an evidentiary hearing, remove any

**BartlitBeck**LLP

Glenn Pomerantz
November 19, 2022
Page 2 of 4

doubt that Plaintiffs have satisfied that preliminary showing. MDL Dkt. 375.[1] *See, e.g.*, *Al Otro Lado, Inc. v. Wolf*, 2020 WL 4432026, at *2 (S.D. Cal. July 31, 2020) (finding the "preliminary showing" satisfied where the defendants conceded that the documents at issue were destroyed). If Google intends to rely on preservation instructions of any kind, including but not limited to any witness testimony on the steps its employees took to preserve chat messages in furtherance of those instructions, Plaintiffs request that Google produce its litigation hold notices and supplement its responses to Plaintiffs' Document Preservation Interrogatory No. 1 no later than December 2, 2022. "A litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion." *U.S. ex rel. Baker v. Community Health Systems, Inc.*, 2012 WL 12294414, at *2 (D.N.M. Sept. 26, 2012) (ordering production of litigation hold documents after government submitted declaration regarding adequacy of litigation hold). Plaintiffs reserve all rights to move to exclude any testimony from Google witnesses on the steps they took to preserve Google Chats beyond what Google has disclosed in its interrogatory responses or produced documents.

*Second*, the Court's Order states that the January hearing will relate to "the use and operation of the electronic chat system, including storage and deletion policies, guidelines for chat content, and examples of typical chat communications," as well as "anything else the parties would like to present at the hearing." MDL Dkt. 375. To the extent Google will seek to present evidence on these topics during the hearing, Plaintiffs request that, no later than December 2, 2022, Google produce documents sufficient to show (i) "the use and operation" of Google Chats, (ii) Google's "storage and deletion policies" for Google Chats, (iii) any "guidelines for chat content", and (iv) any other documents on these or other topics on which Google intends to rely at the hearing. Plaintiffs will object to the admission of any unproduced evidence and reserve the right to seek any other remedy with the Court, including but not limited to further discovery related to any unproduced documents relied upon by Google.

*Third*, the Court's order specifies that the parties "will file a joint proposed witness list with testimony topics seven court days before the hearing date." MDL Dkt. 375. To meet this deadline, Plaintiffs propose that the parties exchange lists of proposed Google witnesses no later than December 2, 2022. Plaintiffs may need to depose witnesses who will appear at the evidentiary hearing and request that Google make any witness the Plaintiffs request to depose available for deposition no later than December 30, 2022.

*Fourth*, throughout the discovery period, Plaintiffs repeatedly asked Google to identify the few instant messages in its productions. *See, e.g.*, Ltr. from T. Cameron to B. Rocca 3 (July 13,

---

[1] The Court's Order makes clear it is Google's preservation efforts, and not Plaintiffs', that will be the subject of the January hearing. As such, there is no basis for Google to insist on a mutual exchange of litigation hold notices as it previously has done.

**BartlitBeck**LLP

2021). Google represented to Plaintiffs that, "[u]nfortunately, we do not have a metadata field that can be used to easily identify chats within the production." Ltr. from B. Rocca to L. Moskowitz & J. Byars 5 (Aug. 13, 2021). In Exhibit E to Plaintiffs' preservation interrogatories, Google identified approximately 1,150 chats. Defendants' Response to Plaintiffs' Document Preservation Interrogatory No. 6, Ex. E. Yet, in Google's opposition to Plaintiffs' adverse inference motion, Google represented to the Court that Google produced "3,084 relevant chats." MDL Dkt. 367 at 1. Please immediately supplement Exhibit E to your responses to Plaintiffs' Document Preservation Interrogatories to include all 3,084 chats described in Google's opposition brief and provide the method by which Google identified those chats. Please also inform Plaintiffs how many of these chats were those for which the default setting is "history on" (*e.g.*, chats from Threaded Rooms), and how many were "history off" chats that were nevertheless preserved.

*Fifth*, Google's opposition brief asserts that the "3,084 relevant chats" were produced "from a collection of over 176,000 chats," *id.*, meaning that among the chats Google preserved, "less than 1.8% were produced as responsive, showcasing how chats are largely a fishing expedition for irrelevant information that does nothing to bolster Plaintiffs' claims," *id.* at 7.

Google's brief fails, however, to explain whether Google's asserted 1.8% ratio of chats preserved to chats produced is comparable to the ratios for other categories of documents, such as emails. Please immediately disclose the number of emails Google preserved in connection with this MDL, and the number of these preserved emails that Google ultimately produced.

Further, please confirm whether the entirety of the "collection of over 176,000 chats" are chats for the custodians that Google agreed to produce, or, alternatively, if the collection included Chats from Google's customer service system, custodians who Google did not search for production, or other sources.

Plaintiffs request a meet and confer regarding the issues raised in this letter, as well as other logistical issues relating to the January hearing. Please let us know of Google's availability for a meet and confer on November 21 or 22.

Sincerely,

Karma Giulianelli

Cc:   PlayLitigation@morganlewis.com
      ~Play_MTO@mto.com
      GoogleEpic@omm.com

BartlitBeck LLP

Glenn Pomerantz
November 19, 2022
Page 4 of 4

matchgoogle@hueston.com
epic-mobileapps@cravath.com
statesgoogleplayleads@agutah.gov
googleAppConsumerCounsel@bartlitbeck.com