# EXHIBIT C

# MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

November 30, 2022

Writer's Direct Contact
(213) 683-9132
(213) 683-5132 FAX
Glenn.Pomerantz@mto.com

**VIA ELECTRONIC MAIL**

Karma Giulianelli
1801 Weatta Street Place
Suite 1200
Denver, CO 80202

Re:  *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal.);
*Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.);
*In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal.);
*In re Google Play Developer Antitrust Litigation*, No. 3:20-cv-05792-JD (N.D. Cal.);
*State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.)
*Match Group, LLC, et al. v. Google LLC.*, No. 3:22-cv-02746-JD (N.D. Cal.)

Counsel,

We received your Saturday, November 19 letter regarding Google's chats on the eve of the Thanksgiving holiday. As a threshold matter, we disagree that the vast majority of the information that Plaintiffs purport to demand is appropriate or warranted. As Plaintiffs are well aware, the Court did not re-open discovery nor was any new discovery authorized. In fact, Plaintiffs already conducted extensive discovery regarding chat preservation during the fact discovery period and chose to file their Motion based on the information they already collected. At no point did Plaintiffs assert that they required additional discovery on this topic, nor did they request additional discovery in their Motion. Accordingly, we believe Plaintiffs' eleventh hour

MUNGER, TOLLES & OLSON LLP

Karma Giulianelli
November 30, 2022
Page 2

demand for additional discovery on this topic is unwarranted.  Please explain on what basis Plaintiffs believe they are entitled to additional discovery.

   First, Plaintiffs' demand now for the production of Google's litigation hold notice is particularly inappropriate considering the actual record, which Plaintiffs mischaracterize.  On multiple occasions prior to the filing of Plaintiffs' Motion (and during the fact discovery period), Google offered to produce its hold notices to Plaintiffs, so long as Plaintiffs agreed such production would not be a waiver of privilege and all parties agreed to exchange relevant legal hold instructions.  As the cases in your letter affirm, hold notices are protected by privilege without a preliminary showing of spoliation.  In spite of the clear law regarding the privileged nature of these notices, Plaintiffs refused Google's offer, stating that "[a] non-waiver agreement concerning sharing information from respective litigation hold notices will not resolve Plaintiffs' concerns about that destruction."  *See* J. Byar May 10, 2022, 3:08 pm PT email to E. Curran-Huberty.  Ignoring the prior position that Google's hold notices were irrelevant, now Plaintiffs assert that Google should produce those notices because there is a "preliminary showing of spoliation."  We disagree.  Nothing in the Court's order requesting an evidentiary hearing suggests that there has been a showing of spoliation, nor is the mere fact that some chats were not retained in any way an admission of spoliation.  Please identify the basis for Plaintiffs' assertion that there has been any such "preliminary showing."

   While Google does not believe that Plaintiffs have established any "preliminary showing," Google is willing to produce its relevant legal hold instructions (as it was previously), subject to Plaintiffs' agreement that such production does not waive privilege.  Please confirm whether Plaintiffs agree.  Google also requests that Plaintiffs agree to do the same: Plaintiffs should produce their relevant legal hold instructions with the understanding that Google agrees not to claim that such production constitutes a waiver of any privilege.

   Second, Google strongly disagrees that Plaintiffs are entitled to depose additional witnesses in advance of the hearing.  Again, at no time until this November 19 letter have Plaintiffs requested additional discovery on this topic, and the Court's order does not authorize it.  Moreover, Plaintiffs had every opportunity to take discovery on the chats preservation issue, and indeed pursued and received such discovery through documents, interrogatories, and depositions, and could have sought a 30(b)(6) witness on this topic as well, but did not.  The fact discovery deadline in this matter has long passed, and Google will not be making any of its witnesses available for depositions in advance of the hearing.

   We understand that based on the Court's order, the parties are to jointly propose a witness list seven days in advance of the hearing.  While Google disagrees that the Court's order allows Plaintiffs to unilaterally call Google witnesses, we are willing to meet and confer on the witness list as ordered by the Court.  Google is prepared to share a proposed witness list on December 7 at noon PT, and would request that Plaintiffs share its witness list either at the same time or before then for our consideration.

MUNGER, TOLLES & OLSON LLP

Karma Giulianelli
November 30, 2022
Page 3

   Third, without conceding that such information is necessary here, Google will identify the chats that have been produced in this litigation by Bates number. Google does not have a reliable means of identifying whether a chat originated from a Threaded Room / Space, or another type of chat, e.g., 1:1, Group, or Flat Rooms / Spaces chats, but we are investigating. If we identify a way to categorize chats as requested, Google will share that information with Plaintiffs.

   Finally, to the extent that Google intends to rely on materials at the hearing other than those already produced, we will provide those materials 7 days before the hearing, so long as Plaintiffs will agree to produce any materials they intend to rely on that have not already been produced on that date as well. It is unreasonable for Plaintiffs to demand that Google disclose such materials any earlier, considering the Court confirmed that the hearing will take place on January 12.

   We are available to meet and confer on these issues on December 1 or 2. Please let us know your availability.

   Sincerely,

          Sincerely,

          *s/ Glenn D. Pomerantz*
          Glenn D. Pomerantz

cc: GoogleEpic@omm.com
   matchgoogle@hueston.com
   epic-mobileapps@cravath.com
   statesgoogleplayleads@agutah.gov
   googleAppConsumerCounsel@bartlitbeck.com
   PlayLitigation@morganlewis.com
   ~Play_MTO@mto.com