| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewetta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100<br><br>Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Telephone.: (212) 687-1980<br><br>*Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*<br><br>Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-7500<br><br>Christine A. Varney (*pro hac vice*)<br>cvarney@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000<br><br>*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* | Brendan P. Glackin (SBN 199643)<br>bglackin@agutah.gov<br>**OFFICE OF THE UTAH ATTORNEY GENERAL**<br>160 E 300 S, 5th Floor<br>PO Box 140872<br>Salt Lake City, UT 84114-0872<br>Telephone: (801) 366-0260<br><br>*Counsel for the Plaintiff States*<br><br>Douglas J. Dixon (SBN 275389)<br>ddixon@hueston.com<br>**HUESTON HENNIGAN LLP**<br>620 Newport Center Drive, Suite 1300<br>Newport Beach, CA 92660<br>Telephone: (949) 229-8640<br><br>*Counsel for Plaintiffs Match Group, LLC, et al.*<br><br>Glenn D. Pomerantz (SBN 112503)<br>glenn.pomerantz@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br><br>*Counsel for Defendants Google LLC et al.* |

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT SUBMISSION**<br><br>Judge:  Hon. James Donato |

Pursuant to the Court's January 13, 2023 Order directing the parties to file a joint proposal addressing (1) a date and time for closing arguments regarding the January 12, 2023 evidentiary hearing, as well as a plan for responding to the Court's questions, and (2) the trial date (MDL Dkt. No. 415), Plaintiff Epic Games, Inc., Plaintiffs Match Group, LLC, et al., Consumer Plaintiffs, State Attorneys General Plaintiffs (collectively, "Plaintiffs"), and Defendants Google LLC et al. ("Google," and collectively, the "Parties"), by and through their undersigned counsel, submit this Joint Submission.

**Resumption of January 12 Hearing & Response to Court's Questions**

The Parties jointly called the Courtroom Deputy on January 17, 2023 to ask for the Court's availability on January 26, 27, 30, and 31 for the resumption of the hearing on chat preservation.  Based on the Court's availability, the Parties propose the hearing take place on January 31, 2023.

1
JOINT SUBMISSION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

In addition, the Parties propose to submit written responses under oath to the questions in the Court's minute order, MDL Dkt. No. 415, seven days in advance of the hearing, on January 24, and any response thereto no later than four days in advance of the hearing, on January 27.[1]

**Trial Date**

The Court instructed the Parties to address the trial date for this case and indicated that it was "contemplating a trial in September or October 2023." Civil Minutes 2, MDL Dkt. No. 415 (Jan 13, 2023). The Parties have met and conferred regarding an amended trial date but have been unable to reach agreement. Plaintiffs propose a trial start date of October 2, 2023 and Google proposes a trial start date of October 23, 2023. The Parties' respective positions are set forth below. The Parties have agreed that, once the Court selects a trial date, they will meet and confer and propose a schedule of interim dates.

**Plaintiffs' Position**

Plaintiffs respectfully request that the Court set the trial date for **Monday, October 2, 2023**.

Trial in this matter has already been delayed several times—from October 17, 2022 (MDL Dkt. No. 122) to June 5, 2023 (MDL Dkt. No. 338), and now to the fall of 2023. Plaintiffs believe that additional delay should be minimized and that the case should proceed to trial as soon as practicable after the July 31, 2023 date that the Parties had jointly proposed to the Court (MDL Dkt. No. 392). Accordingly, and consistent with the Court's January 13, 2023 minute entry stating that the Court is "contemplating a trial in September or October 2023" (MDL Dkt. No. 415) and the Court's statement at the January 12, 2023 hearing that "September

---

[1] Plaintiffs note that they reserve the right to seek to examine any Google witness that submits written testimony under oath.

2
JOINT SUBMISSION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

1  25th is the date [it] had in mind" (2023.01.12 Hearing Tr. 136:7-8), Plaintiffs propose that trial

2  would begin on October 2, 2023.  Although Plaintiffs could be prepared to commence trial on

3  September 25, 2023, that day is the Jewish holiday of Yom Kippur, so Plaintiffs propose to start

4  trial the first Monday thereafter.

5        Plaintiffs object to Google's proposal to further delay trial by three additional weeks

6  beyond October 2, 2023.  Delaying the trial until October 23, as Google has proposed, is

7  impracticable and unnecessary.  An October 23, 2023 start date would risk pushing the trial

8  and/or jury deliberations into the Thanksgiving holiday.  While Google points to its trial in

9  *United States v. Google LLC*, 1:20-cv-03010-APM (D.D.C.), scheduled to begin on

10  September 12, 2023, as a reason for this proposed additional delay, that trial is a bench trial and

11  as Google's counsel represented at the January 12 hearing, "none of the [outside] lawyers here

12  are involved."  (2023.01.12 Hearing Tr. 143:21-24.)  Google's assertion of a potential overlap in

13  witnesses between the two cases is unlikely to be meaningful; Google has listed 29 former or

14  current Google employees on its most recent initial disclosures in this case, and Plaintiffs will

15  have deposed 39 Google employees; clearly, not all of these individuals will be trial witnesses.

16  In any event, to the extent some witnesses overlap, there should easily be sufficient flexibility in

17  the presentation of evidence and witnesses in both trials for Google to accommodate some

18  overlap in the trial schedules.

19  **Google's Position**

20        Google proposes a trial date of October 23, 2023.  Plaintiffs' proposed trial date of

21  October 2 will likely conflict with the trial in *United States v. Google*, 1:20-CV-03010 (D.D.C.)

22  ("the Search Matter"), which is scheduled for September 12, 2023, before Judge Mehta in the

23  U.S. District Court for the District of Columbia.  *See* ECF No. 108-1, 1:20-CV-03010 (D.D.C.,

24

25

3
JOINT SUBMISSION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

Feb. 3, 2021). The Search Matter concerns different antitrust claims in different alleged markets for "general search services, search advertising, and general search text advertising in the United States." Amended Complaint at 2-3, ECF No. 94, 1:20-CV-03010 (D.D.C., Jan 15, 2021). However, in support of those claims, the plaintiffs in that matter also include allegations regarding agreements between Android device manufacturers and Google. Those Android agreements are also at issue in this case. *Id.* 24-28.

Based on the allegations in the Search Matter, discovery to date in this case, and overlapping custodians and deponents between this case and the Search Matter, Google anticipates that the trials in this case and the Search Matter will have witnesses in common. Indeed, at least 8 of the individuals identified in Google's initial disclosures in this case are also listed on Google's initial disclosures in the Search Matter, and 12 of the Google employees or former employees whose depositions were taken in this case also had their depositions taken in the Search Matter. With respect to expert witness, Google has disclosed Prof. Catherine Tucker, an economist, as an expert witness in both cases. And all of the State AG Plaintiffs in this case are also plaintiffs in the Search Matter.

In light of the trial date conflict and potential witness scheduling conflicts, it would be unnecessarily disruptive to the trial in this case and unduly prejudicial to Google to proceed on Plaintiffs' proposed date. Google's proposal will reduce the risk that the jury will be inconvenienced by the unavailability of witnesses or the need to present witnesses out of order due to scheduling conflicts.

Plaintiffs have suggested that, because the trial in the Search Matter is a bench trial, Judge Mehta will have the flexibility to avoid potential witness and counsel conflicts that result from overlapping trials. But that suggestion merely imposes inefficiency and inconvenience on

4

JOINT SUBMISSION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

another court with a busy docket—inconvenience that can be minimized at the outset by selecting an October 23 trial date. Nor have Plaintiffs identified any prejudice from an October 23 trial date as compared to an October 2 trial date.  Plaintiffs suggest that an October 23 trial date risks a conflict with Thanksgiving, but October 23 is four and a half weeks before Thanksgiving, which is November 23.  The Court previously indicated that it anticipated an approximately three-week trial.  See Hr'g Tr. at 19 (Dec. 16, 2021).

Google therefore requests that the Court set a trial date of October 23, 2023.

Dated: January 17, 2023

CRAVATH, SWAINE & MOORE LLP
Christine Varney *(pro hac vice)*
Gary A. Bornstein *(pro hac vice)*
Timothy G. Cameron *(pro hac vice)*
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*
Michael J. Zaken *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: */s/ Lauren A. Moskowitz*
Lauren A. Moskowitz

*Counsel for Plaintiff Epic Games, Inc.*

Dated:  January 17, 2023

BARTLIT BECK LLP
Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

5
JOINT SUBMISSION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 |  | By: */s/ Karma M. Giulianelli* |
|   |  | Karma M. Giulianelli |
| 3 |  |   |
| 4 |  | *Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation* |
| 5 |  |   |
| 6 | Dated: January 17, 2023 | PRITZKER LEVINE LLP |
|   |  | Elizabeth C. Pritzker |
| 7 |  | Respectfully submitted, |
| 8 |  | By: */s/ Elizabeth C. Pritzker* |
|   |  | Elizabeth C. Pritzker |
| 9 |  |   |
| 10 |  | *Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* |
| 11 |  |   |
| 12 | Dated: January 17, 2023 | OFFICE OF THE UTAH ATTORNEY GENERAL |
|   |  | Brendan P. Glackin |
| 13 |  | Lauren Weinstein |
| 14 |  | Respectfully submitted, |
| 15 |  | By: */s/ Brendan P. Glackin* |
|   |  | Brendan P. Glackin |
| 16 |  | *Counsel for the Plaintiff States* |
| 17 |  |   |
| 18 | Dated: January 17, 2023 | HUESTON HENNIGAN LLP |
|   |  | Douglas J. Dixon |
| 19 |  | Christine Woodin |
| 20 |  | Joseph A. Reiter |
| 21 |  | Respectfully submitted, |
| 22 |  | By: */s/ Douglas J. Dixon* |
|   |  | Douglas J. Dixon |
| 23 |  | *Counsel for Plaintiffs Match Group, LLC et al.* |

6
JOINT SUBMISSION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

| | | |
|---|---|---|
| 1 | Dated:  January 17, 2023 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | Brian C. Rocca |
| | | Sujal J. Shah |
| 3 | | Michelle Park Chiu |
| | | Minna L. Naranjo |
| 4 | | Rishi P. Satia |
| 5 | | Respectfully submitted, |
| 6 | | By: /s/ Brian C. Rocca |
| | | Brian C. Rocca |
| 7 | | *Counsel for Defendants Google LLC et al.* |

Dated:  January 17, 2023     MUNGER, TOLLES & OLSON LLP
                             Glenn D. Pomerantz
                             Kyle W. Mach
                             Kuruvilla Olasa
                             Justin P. Raphael
                             Emily C. Curran-Huberty
                             Jonathan I. Kravis

                             Respectfully submitted,

                             By: /s/ Glenn D. Pomerantz
                                 Glenn D. Pomerantz

                             *Counsel for Defendants Google LLC et al.*

7
JOINT SUBMISSION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

# E-FILING ATTESTATION

I, Dane Shikman, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Dane Shikman*
Dane Shikman

8
JOINT SUBMISSION
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD