Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD<br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br>*State of Utah et al v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF GENARO LOPEZ IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSES TO MINUTE ORDER QUESTIONS**<br><br>Judge: Hon. James Donato |

I, Genaro Lopez, declare as follows

1. I am currently the Information Governance Lead for Defendant Google, LLC (along with Google-affiliated entities, "Google"). I have been employed by Google since October 2019 and have held my current position since the beginning of my employment. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning information governance programs to ensure that Google appropriately manages the information that it maintains and uses for business operations.

2. I have reviewed the portion of Plaintiffs' January 24, 2023 filing that says that the following statement in a November 11, 2021 letter from Google to Plaintiffs is inaccurate: "With respect to the technological processes required to be taken by individuals to preserve chats or instant messages following their receipt of litigation holds, Google responds that the technological settings on Google's chat retention policy (see Exhibit A) did not change, as Google does not have the ability to change default settings for individual custodians with respect to the chat history setting. See Exhibit B, Google Workspace Admin Help page re: chat history. Specifically:

   i. Google's default settings for chat history for the entire organization is set to off;
   ii. Google employees need to apply the "history on" setting on a chat-by-chat basis; and
   iii. Settings for chat history are set by each individual custodian."

3. I have also read that Plaintiffs point to my testimony at the January 12, 2023 hearing to suggest that I agree that the November 11, 2021 statement is inaccurate. Plaintiffs are incorrect, as I believe the above November 11, 2021 statement is accurate. Neither the Google Chat product nor Google's legal hold tool, Vault, have functionality that would allow Google to change default history settings on an individual-by-individual basis.

4. Consistent with my testimony provided on January 12, 2023, there are organizational units or groups, to which users can be added and default history can be changed at a group level. To the best of my knowledge, Google does not use, and has never used these

1
DECLARATION OF GENARO LOPEZ IN SUPPORT OF DEFENDANTS' BRIEF IN RESPONSE TO THE
COURT'S QUESTIONS REGARDING PRESERVATION OF CHAT MESSAGES
Case No. 3:21-md-02981-JD

1  groups for chat preservation.  And, consistent with my testimony, these groups have limitations
2  and drawbacks.
3       I declare under penalty of perjury that the foregoing is true and correct.  Executed on this
4  26th day of January 2023 in San Francisco.

*[DocuSigned by: Genaro Lopez, 89E3F19290474B0]*

Genaro Lopez