| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewatta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100<br><br>Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 687-1980<br><br>*Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*<br><br>Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-7500<br><br>Christine A. Varney (*pro hac vice*)<br>cvarney@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000<br><br>*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* | Brendan P. Glackin (SBN 199643)<br>bglackin@agutah.gov<br>**OFFICE OF THE UTAH ATTORNEY GENERAL**<br>160 E 300 S, 5th Floor<br>PO Box 140872<br>Salt Lake City, UT 84114-0872<br>Telephone: (801) 366-0260<br><br>*Counsel for the Plaintiff States in State of Utah et al. v. Google LLC et al.*<br><br>Douglas J. Dixon (SBN 275389)<br>ddixon@hueston.com<br>**HUESTON HENNIGAN LLP**<br>620 Newport Center Drive, Suite 1300<br>Newport Beach, CA 92660<br>Telephone: (949) 229-8640<br><br>*Counsel for Plaintiffs Match Group, LLC, et al. in Match Group, LLC et al. v. Google LLC et al.*<br><br>Glenn D. Pomerantz (SBN 112503)<br>glenn.pomerantz@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br><br>*Counsel for Defendants Google LLC et al.* |

[Additional counsel appear on signature page]

JOINT PROPOSED SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD; 3:22-cv-02746-JD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT STATEMENT RE: PROPOSED CASE SCHEDULE AND TRIAL STRUCTURE**<br><br>Judge: Hon. James Donato |

Pursuant to the Court's January 18, 2023 Order directing the parties to file a joint proposal regarding the case schedule (MDL Dkt. No. 421), Plaintiff Epic Games, Inc. ("Epic"), Plaintiffs Match Group, LLC, et al. ("Match"), Consumer Plaintiffs, State Attorneys General Plaintiffs, and Defendants Google LLC et al. ("Google," and collectively, the "Parties"), by and through their undersigned counsel, submit this Joint Statement Regarding Proposed Case Schedule and Trial Structure.

## I.   CASE SCHEDULE

The Parties suggest, in the table below, interim dates for expert depositions, summary judgment and *Daubert* motions (and responses and replies thereto), discovery relating to Epic's and Match's amended complaints, and the final pre-trial conference. The Plaintiffs' agreement to the motion briefing dates is somewhat contingent on the possible dates for a concurrent expert proceeding or dispositive motion hearing, and the Parties therefore respectfully request additional guidance from the Court, including with respect to the Court's availability in June, July and August 2023. The Parties have collectively disclosed 18 experts in this litigation, but

1

JOINT PROPOSED SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

do not anticipate that the Court will find it necessary to hear from all 18 experts in the concurrent proceeding or practical to have a single concurrent proceeding with numerous experts addressing different issues.

| Event | Current Deadline (MDL Dkt. Nos. 338 and 401) | Proposed Deadline |
|---|---|---|
| Fact discovery cut-off | Closed | Closed |
| Plaintiffs' merits expert reports | Closed | Closed |
| Google's merits expert reports | November 18, 2022 | Closed |
| Plaintiffs' merits expert rebuttal reports | December 23, 2022 | Closed |
| Epic and Match to respond to Google's contention interrogatories relating to Epic's and Match's amended complaints | N/A | Closed |
| Last day for Google to serve supplemental expert report relating to Epic's and Match's amended complaints | N/A | February 9, 2023 |
| Epic and Match to respond to Google's supplemental expert report relating to Epic's and Match's amended complaints | N/A | March 2, 2023 |
| Deadline for completion of third-party depositions relating to Epic's and Match's amended complaints[1] | N/A | March 31, 2023 |
| Merits experts discovery cut-off | February 3, 2023 | April 7, 2023 |
| Last day to file dispositive and *Daubert* motions if any[2] | February 7, 2023 | April 20, 2023 |
| Dispositive and *Daubert* motion responses | February 13, 2023 | May 18, 2023 |

---

[1] In the event that certain depositions cannot occur before this deadline for logistical or scheduling reasons, and the parties agree that such deposition(s) may proceed on a later date, the parties request that the Court allow the parties to schedule such deposition(s) without the need to seek Court relief from the scheduling order.

[2] With respect to dispositive and *Daubert* motions, the Parties will submit a stipulation for approval that states that they will file redacted versions of these briefs and supporting documents on April 20, May 18, and June 8, without accompanying motions to seal. Parties and non-parties shall then jointly file Omnibus Sealing Motions on June 22, 2023 (i.e., two weeks after the completion of briefing), or any date that the Court chooses following the completion of briefing.

2

JOINT PROPOSED SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

| Dispositive and *Daubert* motion replies | February 27, 2023 | June 8, 2023 |
|---|---|---|
| Joint submission for merits experts' concurrent expert proceeding | February 28, 2023 | 7 days before the concurrent expert proceeding |
| Concurrent expert proceeding for merits experts | March 7, 2023 | TBD |
| Dispositive motion hearing | March 23, 2023 | TBD |
| Final pretrial conference | May 18, 2023 | October 19, 2023 |
| Jury Trial | June 5, 2023 | November 6, 2023 |

3

JOINT PROPOSED SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

## II. CONCURRENT EXPERT PROCEEDING

### a. Plaintiffs' Position

Plaintiffs understand the primary purpose of the concurrent expert proceeding to be for the Court to hear firsthand from any experts whose testimony is the subject of a motion to exclude, and any experts intending to offer testimony on related topics. In an attempt to coordinate a date for such proceeding, Plaintiffs represented to Google that Plaintiffs will not move to exclude the testimony of any of Google's 7 experts, and asked Google to identify which of Plaintiffs' 11 experts Google may move against. Although Google has the complete reports of all Plaintiffs' experts, Google has taken the position that it cannot at this point provide any clarity about any *Daubert* motions it may file. As a result, the Parties have been unable to identify a date that works for all Parties and for all 18 experts in this case. Plaintiffs seek further guidance from the Court so that a manageable proceeding can be scheduled and presented to the Court.

### b. Google's Position

Hours before this joint statement was due, Plaintiffs disclosed that they would not file *Daubert* motions as to any of Google's experts and asked Google to provide "a list of which experts, if any, it intends to *Daubert*."

Plaintiffs have disclosed 11 affirmative merits experts in this proceeding, many of whom address overlapping issues. For example, Plaintiffs have disclosed two different security experts and five economists. Although Google expects to file a limited number of targeted *Daubert* motions, it has, so far, taken the depositions of only *two* of Plaintiffs' 11 merits experts (Plaintiffs have not yet taken the depositions of any merits experts). Google respectfully submits that it is premature for Plaintiffs to demand that Google identify the *Daubert* motions it may file, particularly because, under the Parties' proposal, merits expert discovery does not close until April 7, 2023.

4

JOINT PROPOSED SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

### III. TRIAL

With respect to the trial:

- Plaintiffs respectfully request the opportunity to discuss with the Court the impact of the Thanksgiving holiday on the trial and the possibility of an alteration of the trial date. Google notes that an earlier trial date than the November 6 date set by the Court could increase the possibility of a conflict between the trial in this case and the trial in *United States v. Google*, 1:20-CV-03010 (D.D.C.), which is set for September 16, 2023, and is anticipated to involve overlapping witnesses. *See* MDL Dkt. No. 419 at 3-4.

- States and Consumer Plaintiffs believe Google's counterclaims against Match and Epic should be severed from the core antitrust trial and heard separately. Google opposes severing its counterclaims and believes that the resolution of the counterclaims will require the presentation of evidence, witnesses, and issues that duplicate the proof presented in the trial on Plaintiffs' claims. Google contends that severance risks substantial inefficiency for the Court, the Parties, and the members of the jury or juries. Plaintiffs respond that the claims are irrelevant and hence inadmissible as to States and Consumers and will consume precious time in the trial on core antitrust issues. They also will substantially prejudice States and Consumers by confusing the jury. The Parties propose that they should brief this issue, and that Plaintiffs would seek severance via motion.

- The Parties jointly propose that equitable and other issues that the Court must decide (as opposed to the jury) should be addressed, if necessary, at a hearing before the Court after the jury trial in this case. Plaintiffs propose that the Court should reserve up to 2 days sometime in late January or early February of 2024, with a briefing schedule to be further negotiated and proposed by the Parties. Google defers to the Court as to the schedule for any hearing on equitable relief,

5

JOINT PROPOSED SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

but submits that the length and format of any such hearing should be decided once the scope of the issues to be heard is known after the jury trial.

Dated: January 30, 2023

CRAVATH, SWAINE & MOORE LLP
  Christine Varney *(pro hac vice)*
  Gary A. Bornstein *(pro hac vice)*
  Timothy G. Cameron *(pro hac vice)*
  Yonatan Even *(pro hac vice)*
  Lauren A. Moskowitz *(pro hac vice)*
  Justin C. Clarke *(pro hac vice)*
  Michael J. Zaken *(pro hac vice)*
  M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
  Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: */s/ Lauren A. Moskowitz*
  Lauren A. Moskowitz

  *Counsel for Plaintiff Epic Games, Inc.*

Dated:  January 30, 2023

BARTLIT BECK LLP
  Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
  Hae Sung Nam

Respectfully submitted,

By: */s/ Karma M. Giulianelli*
  Karma M. Giulianelli

  *Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

6

JOINT PROPOSED SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

| | | |
|---|---|---|
| 1 | Dated:  January 30, 2023 | PRITZKER LEVINE LLP |
| 2 | | Elizabeth C. Pritzker |
| | | Respectfully submitted, |
| 3 | | By: /s/ Elizabeth C. Pritzker |
| 4 | | Elizabeth C. Pritzker |
| 5 | | *Liaison Counsel for the Class in In re Google Play Consumer Antitrust Litigation* |
| 6 | | |
| 7 | | |
| 8 | Dated:  January 30, 2023 | OFFICE OF THE UTAH ATTORNEY GENERAL |
| | | Brendan P. Glackin |
| 9 | | Lauren Weinstein |
| 10 | | Respectfully submitted, |
| 11 | | By: /s/ Brendan P. Glackin |
| 12 | | Brendan P. Glackin |
| 13 | | *Counsel for the Plaintiff States in State of Utah et al. v. Google LLC et al.* |
| 14 | | |
| 15 | | |
| 16 | Dated:  January 30, 2023 | HUESTON HENNIGAN LLP |
| | | Douglas J. Dixon |
| 17 | | Christine Woodin |
| | | Joseph A. Reiter |
| 18 | | Respectfully submitted, |
| 19 | | By: /s/ Douglas J. Dixon |
| 20 | | Douglas J. Dixon |
| 21 | | *Counsel for Plaintiffs Match Group, LLC et al. in Match Group, LLC et al. v. Google LLC et al.* |

7

JOINT PROPOSED SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

Dated:  January 30, 2023          MORGAN, LEWIS & BOCKIUS LLP
                                       Brian C. Rocca
                                       Sujal J. Shah
                                       Michelle Park Chiu
                                       Minna L. Naranjo
                                       Rishi P. Satia

                                  Respectfully submitted,

                                  By: /s/ Brian C. Rocca
                                       Brian C. Rocca

                                  *Counsel for Defendants Google LLC et al.*


Dated:  January 30, 2023          MUNGER, TOLLES & OLSON LLP
                                       Glenn D. Pomerantz
                                       Kyle W. Mach
                                       Kuruvilla Olasa
                                       Justin P. Raphael
                                       Emily C. Curran-Huberty
                                       Jonathan I. Kravis

                                  Respectfully submitted,

                                  By: /s/ Glenn D. Pomerantz
                                       Glenn D. Pomerantz

                                  *Counsel for Defendants Google LLC et al.*

8

JOINT PROPOSED SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD

## E-FILING ATTESTATION

I, Glenn D. Pomerantz, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Glenn D. Pomerantz*
Glenn D. Pomerantz

9

JOINT PROPOSED SCHEDULE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD;
3:21-cv-05227-JD, 3:22-cv-02746-JD