Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants Google LLC et al*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br><br>**DECLARATION OF TIAN LIM IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Judge:  Hon. James Donato |

1    I, Tian Lim, declare as follows

2    1.    I was formerly employed as a vice president at Google from November 2017 to

3  January 2023.  I submit this declaration in support of Google's Administrative Motion to File

4  Under Seal filed on February 14, 2023 in the above captioned matters.  The following facts are

5  true of my personal knowledge and, if called to testify, I can and will competently testify thereto.

6    2.    On January 12, 2023, I sat for a deposition in the above captioned matters relating

7  to a hearing before this Court.  *See* Court's January 10, 2023 Minute Order (Dkt. 406).  During

8  the deposition, I was asked about PX-170, a document I recognized as a true and correct copy of

9  my working notes I kept during my tenure at Google.  I kept these notes as part of my

10 management role at Google, which, in part, required me to evaluate other employees who

11 reported to me and provide feedback regarding their performance.  These notes contain sensitive

12 and potentially embarrassing information, including my candid evaluation of other current and

13 former employees at Google – and identifies these employees by name.  For example, from

14 Pages -393 to -396, I recorded a chat with another executive at Google regarding that executive's

15 candid impressions of one of my direct reports.  I believe that revealing the names of the

16 executive and direct report would cause embarrassment for all persons named.  Similarly, at Page

17 -406, I detailed feedback to another direct report and, if the employee's name were disclosed,

18 would be embarrassing for both the employee referenced and me.  In addition, PX-170 includes

19 personally identifiable information ("PII"), in the form of email addresses, which implicates the

20 privacy interests of non-parties.

21    I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

22 14th day of February 2023 in San Mateo, California.



Tian Lim

---

DECLARATION OF TIAN LIM IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO SEAL
Case No. 3:21-md-02981-JD