Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:  Hon. James Donato |

GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD, 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

## INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's Standing Order for Civil Cases, Google Defendants ("Google") respectfully move the Court to seal portions of Exhibits 4 and 5 to the Kravis Declaration in support of Google's March 14, 2023 submission in *In re Google Play Store Antitrust Litigation,* Case No. 3:21-md-02981-JD, *Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD, *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD, *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, and *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD (MDL Dkt. 463-2).  Google and various third parties previously moved to seal the same information in connection with the parties' Joint Omnibus Motion to Seal Consumer Plaintiffs' Motion for Class Certification (MDL Dkt. 324).[1]  This Motion is supported by ¶¶ 425-459 and ¶¶ 500-501 of the Declaration of Christian Cramer (MDL Dkt. 324-5) submitted in connection with the parties' August 19, 2022 Omnibus Motion to Seal, third-party declarations submitted in connection with the parties' August 19, 2022 Omnibus Motion to Seal,[2] and the Proposed Order submitted herewith.

## LEGAL STANDARD

The Ninth Circuit holds that sealing is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotation marks omitted).  Compelling reasons may exist where, by way of example, the material to be disclosed includes "trade secrets,"[3] "confidential

---

[1] Exhibit 4 was attached to the parties' August 19, 2022 Omnibus Motion to Seal as Exhibit A22, MDL Dkt. 325-3.  Exhibit 5 was attached as Exhibit A30, MDL Dkt. 325-4.
[2] *See* MDL Dkt. 324-4 (Exhibit B38, Lee Declaration - Samsung); MDL Dkt. 324-4 (Exhibit B50, Singh Declaration - Nintendo); MDL Dkt. 324-4 (Exhibit B9, Tovoma Declaration - Aniplex); MDL Dkt. 324-4 (Exhibit B14, Datum Declaration - Bandai Namco); MDL Dkt. 324-4 (Exhibit B16, Jin Declaration - Century Games); MDL Dkt. 324-4 (Exhibit B31, Shouger Declaration - Niantic).
[3] *Kamakana*, 447 F.3d at 1179.

contracts,"[4] "contract negotiations,"[5] "long-term financial projections,"[6] discussions of business strategy,"[7] "business information that might harm a litigant's competitive standing,"[8] or personally identifiable information.[9]  Moreover, public release of "detailed financial information" can implicate a "significant interest" of a party because it could lead to competitive harm, such as ceding "an advantage in contract negotiations."  See *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (there are "compelling reasons" to seal if disclosure would create an "advantage in contract negotiations").

## ARGUMENT

As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again."  *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).  Recognizing that there is a presumption in favor of access to court papers, Google focuses this narrow sealing request on four specific, highly sensitive areas categories of non-public information.  These categories of confidential materials include: (a) specific deal terms (price and nonprice) of contracts with non-parties, (b) non-public financial information, (c) details of negotiations and negotiation strategies with non-parties, and (d) personally identifiable information ("PII").  Ninth Circuit courts have consistently held that these categories of confidential, non-public information may be sealed, pursuant to the "compelling reasons" standard.  *See, e.g.*, *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.") (citation omitted); *In re Electronic Arts, Inc.*, 298 F.

---

[4] *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).
[5] *Id.*
[6] *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011).
[7] *Id.*
[8] *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).
[9] Fed. R. Civ. P. 5.2; *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *Sameer v. Khera,* No. 117-CV-01748-DAD-EPG, 2018 WL 4772035, at *1 (E.D. Cal. Oct. 1, 2018).

App'x 568, 569 (9th Cir. 2008) (protecting competitive terms of a license agreement "which plainly falls within the definition of 'trade secrets'" because it provides "an opportunity to obtain an advantage over competitors who do not know or use it"); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) (permitting sealing of "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *2–5 (N.D. Cal. Aug. 2, 2016) (finding "compelling reasons" to seal, inter alia, "product-specific customer data," "detailed sales information for customers that could be used to the company's competitive disadvantage," "competitive intelligence," and "customer-specific sales data"); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) ("Our circuit allows parties to seal pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing agreement even under the 'compelling reasons' standard because that business information could 'harm a litigant's competitive standing.'") (quoting *Electronic Arts*, 298 F. App'x at 569).  Courts in the Ninth Circuit have also consistently held that personally identifiable information, such as home addresses, birth dates, telephone numbers, and email addresses, should be shielded from public disclosure. *See, e.g.*, Fed. R. Civ. P. 5.2; *Snapkeys*, 2021 WL 1951250, at *3 (granting Google's motion to file under seal personally identifiable information of its current and former employees, including their email addresses and telephone numbers); *Sameer*, 2018 WL 4772035, at *1 (holding that Plaintiff had improperly failed to properly redact home addresses and birthdays from the second amended complaint).

As discussed in detail in the declaration of Christian Cramer (Dkt. No. 324-5), public disclosure of this information will cause severe and irreparable harm to not only Google's business relationships and its competitive position in the marketplace, but also to Google's business partners—who are not parties to this lawsuit.  Similarly, the PII of Google's employees is highly sensitive, outweighing any public interest in disclosure.  The following examples are illustrative.

- **Non-Public Financial Information.** As described in Paragraphs 427, 428, 429, 435, 436, 437, 439, 440, 441, 442, 443, 444, 445, 447, 448, 451, 453, and 500 of the Cramer Decl. (MDL Dkt. 324-5), the attached documents reflect recent, internal strategy considerations by Google, including confidential Google financial information that Google does not report publicly. If publicly revealed, this information could cause Google competitive harm by giving other parties insight into Google's business performance and a competitive advantage over Google in ongoing or future business negotiations.

- **Identity and Financial Information of Non-Party Business Partners.** As described in Paragraphs 428, 455, 456, 458, and 500 of the Cramer Decl. (MDL Dkt. 324-5), the attached documents contain the identity and financial information of non-parties who negotiated with Google. This information implicates non-parties' confidentiality interests, and, if publicly revealed, could cause both Google and the non-parties competitive harm by giving other parties insight into their business and negotiation strategies, as well as non-public financial data that could give competitors a competitive advantage in ongoing or future business negotiations.

- **Specific Deal Terms of Contracts Discussed with Non-Parties**. As described in Paragraphs 425 and 426 of the Cramer Decl. (MDL Dkt. 324-5), the attached documents include information that reflects specific non-public details and deal terms offered by Google to certain of its partners. Public disclosure of these deal terms could give Google's competitors and developer partners an unfair advantage over Google in negotiations. Moreover, the text reveals Google's internal strategic financial considerations underlying these non-public deals and deal terms. Public disclosure of this information is likely to result in competitive harm to Google by giving other parties insight into Google's business strategy and a competitive advantage over Google in ongoing or future business negotiations.

- **Strategy with Regard to Non-Parties**. As described in Paragraphs 430, 431, 432, 433, 434, 436, 438, 439, 440, 443, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, and 459 of the Cramer Decl. (MDL Dkt. 324-5), the attached documents include information that reflects Google's non-public, competitively sensitive, recent internal information, including strategic analysis about dealings with counterparties, and financial projections or figures associated with those considered strategies.  If disclosed, this information could cause competitive harm by giving competitors key insights into Google's business strategy with respect to counterparties, and competitors could adjust their own business strategies or adopt similar actions as a consequence.

- **Personally Identifying Information.**  As described in Paragraph 501 of the Cramer Decl. (MDL Dkt. 324-5), the attached documents identify the email username of a current or former Google employee, who has a reasonable expectation of privacy that would be infringed upon if that information were made public.  No public interest is served by public disclosure of this personally identifying information.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the material identified at ¶¶ 425-459 (Exhibit A22, MDL Dkt. 325-3) and ¶¶ 500-501 (Exhibit A30, MDL Dkt. 325-4) of the August 19, 2022 Declaration of Christian Cramer (MDL Dkt. 324-5).

-5-

GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

| | | |
|---|---|---|
| 1 | Dated: March 14, 2023 | **MUNGER TOLLES & OLSON LLP** |
| | | Glenn D. Pomerantz |
| 2 | | Kuruvilla Olasa |
| | | Emily C. Curran-Huberty |
| 3 | | Jonathan I. Kravis |
| | | Justin P. Raphael |
| 4 | | Kyle W. Mach |

Respectfully submitted,

By:   /s/ *Jonathan Kravis*
       Jonathan I. Kravis

*Counsel for Defendants*

Dated: March 14, 2023     **MORGAN, LEWIS & BOCKIUS LLP**
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Minna L. Naranjo
Rishi P. Satia

Respectfully submitted,

By:   /s/ *Michelle Park Chiu*
       Michelle Park Chiu

*Counsel for Defendants*

-6-

GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD, 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

## E-FILING ATTESTATION

I, Glenn D. Pomerantz, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                            */s/ Glenn Pomerantz*
                                              Glenn Pomerantz