***REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED***

**From:** Daniel Ottaunick
**Sent:** Wednesday, May 10, 2023 6:25 PM
**To:** Pomerantz, Glenn
**Cc:** Brendan Glackin                    Lauren Weinstein                    Karma Giulianelli                    Xternal User - Hae Sung Nam                    Gary Bornstein                    Yonatan Even                    Lauren Moskowitz                    Douglas J. Dixon                    Epic Mobile Apps EXTERNAL                    Brian C. Rocca                    Shah, Sujal J.                    Chiu, Michelle Park                    Naranjo, Minna Lo                    Olasa, Kuruvilla                    Kravis, Jonathan
**Subject:** RE: Play Litigation

Counsel,

A letter from Plaintiffs regarding these issues is attached. As noted therein, Plaintiffs request a prompt meet and confer. Please provide Google's availability for a call this week.

Regards,

Daniel L. Ottaunick
Cravath, Swaine & Moore LLP
825 Eighth Avenue | New York, NY 10019

**From:** Pomerantz, Glenn
**Sent:** Tuesday, May 9, 2023 3:38 PM
**To:** Brendan Glackin                    Lauren Weinstein                    Karma Giulianelli                    Xternal User - Hae Sung Nam                    Gary Bornstein                    Yonatan Even                    Lauren Moskowitz                    J. Dixon Douglas
**Cc:** Brian C. Rocca                    Shah, Sujal J.                    Chiu, Michelle Park                    Naranjo, Minna Lo                    Olasa, Kuruvilla                    Kravis, Jonathan
**Subject:** Play Litigation

> External (glenn.pomerantz@mto.com)
>
> Report This Email  FAQ

Counsel:

I write to inform you that Google will be producing additional documents in the coming weeks because certain custodial documents were not collected in connection with these matters due to errors.  We recently learned of these issues and are in the process of collecting and reviewing the additional materials for production as quickly as possible.  In particular, Google's prior collections did not include certain documents in Google Drive, including Microsoft Office and PDF files, as well as certain files located in shared/team drive folders.  The collection and review process is underway.

We will advise once we have more information about the timing and size of future rolling productions.  We also will undertake best efforts to identify which documents are near duplicates of documents previously produced.  We understand the timing is unfortunate, and we will keep you updated on the status.

May 10, 2023

*In re: Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal.);
*Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD (N.D. Cal.);
*In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal.);
*State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.);
*Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.)

Dear Glenn:

I write on behalf of Plaintiffs in the above-captioned matters in response to Google's May 9, 2023 email revealing that Google failed to collect and produce an unspecified number of custodial documents.

As I am sure you recognize, this threatens to be deeply prejudicial to Plaintiffs. The parties agreed to substantially complete their document productions by June 30, 2021, and Google confirmed to Plaintiffs and the Court that it had met this deadline. (*See, e.g.*, MDL Dkt. 56 at 3 (Jul. 15, 2021) ("The Parties each represent they have completed substantial production of custodian documents . . . .").)[1] Fact discovery closed on September 22, 2022, expert discovery closed last month, and Plaintiffs' summary judgment and *Daubert* oppositions are due in eight days. Over the last two years of litigation, Plaintiffs have reasonably relied on Google's discovery representations in making decisions relating to depositions, class certification proceedings, expert discovery and more. We are now less than six months from the trial that Google has repeatedly sought to delay. All of this is of course separate and apart from the prejudice that Plaintiffs have already suffered from Google's intentional destruction of chat communications.

To help Plaintiffs assess the scope of the prejudice and consider next steps, please provide immediately, and no later than Friday, May 12, the following information:

- When did Google "learn[] of these issues"? (Email from G. Pomerantz (May 9, 2023).)

- How did Google "learn[] of these issues"? (*Id.*)

---

[1] After the Match Plaintiffs joined the MDL in May 2022, Google objected to the Match Plaintiffs' discovery requests, representing that Google had already produced documents sought by other Plaintiffs. (*See, e.g.*, Email from B. Bradshaw (June 28, 2022).) Google agreed to substantially complete additional document productions in response to the Match Plaintiffs' discovery requests by July 20, 2022. (*See, e.g.*, Email from J. Reiter (Jul. 1, 2022).)

- What specific "errors" led to Google's failure to collect and produce these documents? (*Id.*)

- When did the "collection and review process" that "is underway" begin? (*Id.*)

- When does Google expect to complete the collection of these documents?

- When does Google expect to complete the review and production of these documents?

- Which custodians' documents are at issue?

- What is the date range of the documents at issue?

- Which "shared/team drive folders" and which repositories within Google Drive were not collected and reviewed? (*Id.*)

- What is the volume of documents Google has collected (and/or that Google expects to collect) as part of this latest collection effort?

- How many additional documents does Google expect to produce, inclusive and exclusive of documents that Google believes are "near duplicates of documents previously produced"? (*Id.*)

- Does Google expect to withhold any of the newly collected documents on the basis of privilege or work product, and when does Google expect to produce a privilege log?

- Were the repositories of documents that Google failed to collect subject to a litigation hold, and were they in fact preserved? Can Google confirm that no potentially relevant document from these repositories was lost, destroyed or modified since the filing of this litigation in August of 2020?

Please provide Google's availability this week to meet and confer on these matters. Plaintiffs reserve the right to pose additional questions regarding these issues. Plaintiffs further reserve all rights to take steps to address any prejudice that Google's failure to collect and produce these documents has caused, including with respect to fact and expert discovery and any pending motions.

Sincerely,

*/s/ Gary A. Bornstein*
Gary A. Bornstein

Cc: Counsel of Record (via email)