DWIGHT C. DONOVAN (SBN 114785)
ddonovan@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104-2670
Telephone:    415.364.5540
Facsimile:    415.391.4436

Attorneys for Non-Party Valve Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case Nos.<br><br>3:21-md-02981-JD<br>3:20-cv-05671-JD<br>3:20-cv-05761-JD<br>3:21-cv-05227-JD<br>3:22-cv-02746-JD<br><br>**DECLARATION OF CHRISTOPHER SCHENCK IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' PROPOSED REMEDY RE GOOGLE'S DESTRUCTION OF CHAT EVIDENCE** |

-1-   SCHENCK DECLARATION ISO ADMINISTRATIVE MOTION; CASE NOS. 3:21-MD-02981-JD, 3:22-CV-02746-JD, 3:20-CV-05671-JD, 3:20-CV-05761-JD & 3:21-CV-05227-JD

| | |
|---|---|
| 1 | DWIGHT C. DONOVAN (SBN 114785) |
| 2 | ddonovan@foxrothschild.com<br>FOX ROTHSCHILD LLP |
| 3 | 345 California Street, Suite 2200<br>San Francisco, CA 94104-2670 |
| 4 | Telephone:   415.364.5540<br>Facsimile:    415.391.4436 |
| 5 | Attorneys for Non-Party Valve Corporation |

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC, et al, v. Google LLC, et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF CHRISTOPHER SCHENCK IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PLAINTIFFS' PROPOSED REMEDY RE GOOGLE'S DESTRUCTION OF CHAT EVIDENCE** |

I, Christopher Schenck, declare and state as follows in support of Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence[1]:

---

[1] Plaintiffs' Administrative Motion is found at:
- *In re Google Play Store Antitrust Litigation* (No. 21-md-02981-JD) (N.D. Cal) at Dkt. # 609.
- *In re Google Play Consumer Antitrust Litigation* (No. 3:20-cv-05761-JD) (N.D. Cal) at Dkt. # 459.
- *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.) at Dkt # 448.

-1-    SCHENCK DECLARATION ISO ADMINISTRATIVE MOTION; CASE NOS. 3:21-MD-02981-JD, 3:22-CV-02746-JD, 3:20-CV-05671-JD, 3:20-CV-05761-JD & 3:21-CV-05227-JD

1.      I am in-house counsel at Valve.  I am competent to testify and have personal knowledge of the facts stated below.

2.      Valve is a private company headquartered in Bellevue, Washington with approximately 350 employees that develops PC video games.  Valve also operates Steam, an online platform that lets users purchase and play PC games on their laptops and desktops.  Over 50,000 PC games are available on Steam, over 99% of which were made by third parties other than Valve.

3.      Valve is a privately held company with no outside shareholders or lenders.  It is not subject to public regulatory reporting and auditing requirements.  Valve does not publicly disclose its operational, sales, or other financial information, any confidential details about vendor usage or relationships, or its business strategies.  Valve derives a significant value from the confidentiality of such information.  In addition, because third party games are available on Steam, Valve obtains and maintains a large amount of confidential third-party sales and revenue information.  Valve specifically does not publicly disclose this information in order to protect the third parties' confidentiality.  Our agreements with these third parties require us to keep this information confidential.

4.      Valve requests sealing of portions of the following document, which discloses Valve's confidential information:

| Document | Portion to be Sealed |
|---|---|
| Exhibit 15 to Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Proposed Remedy Re Google's | • Row 3 (related to Valve), Columns between "Primary Cloud" and "GCP Bookings 2019"; Column after "GCP Bookings 2019" |

- *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.) at Dkt. # 195.
- *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.) at Dkt. # 440.

-2-   SCHENCK DECLARATION ISO ADMINISTRATIVE MOTION; CASE NOS. 3:21-MD-02981-JD, 3:22-CV-02746-JD, 3:20-CV-05671-JD, 3:20-CV-05761-JD & 3:21-CV-05227-JD

| Document | Portion to be Sealed |
|---|---|
| Destruction of Chat Evidence (Dkt. # 609-16 in Case No. 3:21-md-02981-JD)[2] | |

5. The portions mentioned in the table above from Exhibit 15 to Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Proposed Remedy Re Google's Destruction of Chat Evidence (Dkt. # 609-16 in Case No. 3:21-md-02981-JD, *see also* fn. 2) disclose and discuss Valve's usage of, and financial spend related to, Google Cloud services in 2019, which is highly confidential and competitively sensitive information. Moreover, malicious actors sometimes target cloud providers, so disclosing information about Valve's use of cloud providers risks inducing such malicious actors to target Valve. Further, Valve treats this information as highly confidential because it discloses competitively sensitive details regarding Valve's cloud usage and costs. Valve does not disclose or share this information outside the company, particularly to any competitor. Valve has chosen to stay private in part to avoid the intrusiveness and competitive harm that would come from publicly disclosing and reporting this type of operational and financial information. Public disclosure of this information would harm Valve's competitive standing as it would give significant and unfair insight into Valve's operations, vendor relationships and usage, financials, and business strategy.

//
//
//
//
//

---

[2] This document was filed as Exhibit 15 to the following docket entries as well: *In re Google Play Consumer Antitrust Litigation* (No. 3:20-cv-05761-JD) (N.D. Cal) at Dkt. # 459-16; *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.) at 448-16; *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.) at 195-16; *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.) at 440-16.

1  I declare under penalty of perjury that the foregoing is true and correct. Executed on
2 September 28, 2023 at Bellevue, Washington.

*DocuSigned by:*

*Chris Schenck*

9071C6D6666D418...

Christopher Schenck

-4-  SCHENCK DECLARATION ISO ADMINISTRATIVE MOTION; CASE NOS. 3:21-MD-02981-JD, 3:22-CV-02746-JD, 3:20-CV-05671-JD, 3:20-CV-05761-JD & 3:21-CV-05227-JD