| | |
|---|---|
| Douglas J. Dixon (SBN 275389) | Karma M. Giulianelli (SBN 184175) |
| ddixon@hueston.com | karma.giulianelli@bartlitbeck.com |
| **HUESTON HENNIGAN LLP** | **BARTLIT BECK LLP** |
| 620 Newport Center Drive, Suite 1300 | 1801 Wewetta St., Suite 1200 |
| Newport Beach, CA 92660 | Denver, Colorado 80202 |
| Telephone: (949) 229-8640 | Telephone: (303) 592-3100 |

*Counsel for Plaintiffs Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc.*

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone.: (212) 687-1980

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0260

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

*Counsel for the Plaintiff States*

Glenn D. Pomerantz (SBN 112503)
glenn.pomerantz@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

*Counsel for Defendants Google LLC et al.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC, et al., v. Google LLC, et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT STATEMENT REGARDING PARTIES' LIST OF CLAIMS SET FOR TRIAL**<br><br>Judge:  Honorable James Donato<br>Trial Date:  November 6, 2023<br>Time:  9:00 a.m.<br>Courtroom:  17 |

- 2 -

JOINT STATEMENT REGARDING PARTIES' CLAIMS SET FOR TRIAL
U.S.D.C. Case Nos. 3:21-md-02981-JD, 3:22-cv-02746-JD, 3:20-cv-05671-JD, 3:20-cv-05761-JD & 3:21-cv-05227-JD

The parties submit this joint statement of their respective claims that they intend to be tried on November 6, 2023.

In its August 4, 2023 minute order, the Court "directed [the parties] to formulate a joint list of the specific claims in each MDL member case that will be tried to the jury in the consolidated trial." MDL Dkt. 571 at 2. The Court ordered the parties to file this list on October 2, 2023. *Id.*

All Plaintiffs assert claims under the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*)[1], which are purely equitable claims to be decided by the Court. Plaintiffs' claims that are to be tried to the jury are addressed below.

Google's position in this submission assumes that the claims of both Epic and the Match Plaintiffs will be tried together. If that were to change, then it is Google's position that the Court and the parties may need to revisit the question of which claims and defenses will be tried to a jury. Google reserves the right to revise this list after further meet and confer discussions.

### *Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD

**Claims by Epic Against Google**

1. COUNT 1: Sherman Act § 2 (Unlawful Monopoly Maintenance in the Android App Distribution Market).

2. COUNT 2: Sherman Act § 1 (Unreasonable restraints of trade concerning Android App Distribution Market: OEMs).

3. COUNT 3: Sherman Act § 1 (Unreasonable restraints of trade concerning Android App Distribution Market: Developer Distribution Agreement).

---

[1] *See* Count 13, Epic Games, Inc. Second Amended Complaint for Injunctive Relief (ECF No. 378); Thirteenth Cause of Action, Match Group, LLC; Humor Rainbow, Inc.; PlentyOfFish Media ULC; and People Media, Inc. First Amended Complaint (ECF No. 380); Count 11, Consumer Plaintiffs Second Amended Class Action Complaint (ECF No. 172); Eighth Cause of Action, State Plaintiffs' First Amended Complaint (3:21-cv-05227-JD ECF No. 188).

4. COUNT 4: Sherman Act § 1 (Per se unreasonable restraints of trade concerning Android App Distribution Market: Project Hug (Games Velocity Program) and other Agreements with Developers).[2]

5. COUNT 5: Sherman Act § 1 (Unreasonable restraints of trade concerning Android App Distribution Market: Project Hug (Games Velocity Program) and Apps Velocity Program and other Agreements with Developers).

6. COUNT 6: Sherman Act § 2 (Unlawful Monopolization and Monopoly Maintenance in the Android In-App Payment Processing Market).

7. COUNT 7: Sherman Act § 1 (Unreasonable restraints of trade concerning Android In-App Payment Processing Market: Developer Distribution Agreement).

8. COUNT 8: Sherman Act § 1 (Tying Google Play Store to Google Play Billing).

9. COUNT 9: California Cartwright Act (Unreasonable restraints of trade in Android App Distribution Market: OEMs).

10. COUNT 10: California Cartwright Act (Unreasonable restraints of trade in Android App Distribution Market: Developer Distribution Agreement).

11. COUNT 11: California Cartwright Act (Unreasonable restraints of trade in Android In-App Payment Processing Market: Developer Distribution Agreement).

12. COUNT 12: California Cartwright Act (Tying Google Play Store to Google Play Billing).

**Counterclaims by Google Against Epic**

1. Breach of Contract
2. Breach of Implied Covenant of Good Faith and Fair Dealing
3. Quasi-Contract / Unjust Enrichment
4. Declaratory Judgment[3]

---

[2] As explained in the parties' forthcoming Joint Pretrial Statement, Google disputes that this claim is triable by jury.

[3] As explained in the parties' forthcoming Joint Pretrial Statement, Epic disputes that Google's counterclaim for a declaratory judgment against Epic is triable by jury.

<u>*Match Group, LLC, v. Google LLC*</u>**, No. 3:22-cv-02746-JD**

**Claims by the Match Plaintiffs Against Google**

1. First Cause of Action: Unlawful Tying of Google Play to Google Play Billing; Sherman Act § 1.
2. Second Cause of Action: Unlawful Monopoly Maintenance in the Android App Distribution Market or, Alternatively, the Dating App Distribution Market; Sherman Act § 2.
3. Third Cause of Action: Unreasonable Restraints of Trade in the Android App Distribution Market or, Alternatively, the Dating App Distribution Market: Sherman Act § 1.
4. Fourth Cause of Action: Unreasonable Restraint of Trade in the Android App IAP Market; Sherman Act § 1.
5. Sixth Cause of Action: Per Se Unreasonable Restraints of Trade Concerning Android App Distribution Market: Project Hug (Games Velocity Program) and other Agreements with Developers; Sherman Act § 1.[4]
6. Seventh Cause of Action: Unreasonable Restraints of Trade Concerning Android App Distribution Market: Project Hug (Games Velocity Program) and Apps Velocity Program and other Agreements with Developers; Sherman Act § 1.
7. Eighth Cause of Action: Unlawful Monopoly Maintenance in the Android App IAP Market; Sherman Act § 2.
8. Ninth Cause of Action: Attempted Monopolization of the Android App IAP Market; Sherman Act § 2.
9. Tenth Cause of Action: Unlawful Tying of Google Play to Google Play Billing; Cartwright Act.

---

[4] As explained in the parties' forthcoming Joint Pretrial Statement, Google disputes that this claim is triable by jury.

10. Eleventh Cause of Action:  Unreasonable Restraints of Trade in the Android App Distribution Market or, Alternatively, the Dating App Distribution Market; Cartwright Act.

11. Twelfth Cause of Action:  Unreasonable Restraints of Trade in the Android App IAP Market; Cartwright Act.

12. Fourteenth Cause of Action:  Tortious Interference with Contract.[5]

13. Fifteenth Cause of Action:  Tortious Interference with Prospective Economic Advantage.[6]

**Counterclaims by Google Against the Match Plaintiffs**

1. Breach of Contract

2. Breach of Implied Covenant of Good Faith and Fair Dealing

3. False Promise

4. Quasi-Contract / Unjust Enrichment

5. Declaratory Judgment[7]

*In re Google Play Consumer Antitrust Litigation*, **No. 3:20-cv-05761-JD**

**Claims by Consumer Plaintiffs Against Google**

1. COUNT 1: Sherman Act § 2 Unlawful Monopolization in the Android Application Distribution Market.

2. COUNT 2: Sherman Act § 1 Unreasonable Restraints of Trade Concerning the Android Application Distribution Market: OEMs.

3. COUNT 3: Sherman Act § 1 Unreasonable Restraints of Trade Concerning the Android Application Distribution Market: Developer Distribution Agreements.

4. COUNT 4: Sherman Act § 2 Unlawful Monopolization in the In-App Aftermarket.

---

[5] As explained in the parties' forthcoming Joint Pretrial Statement, Google disputes that this claim is triable by jury.

[6] As explained in the parties' forthcoming Joint Pretrial Statement, Google disputes that this claim is triable by jury.

[7] As explained in the parties' forthcoming Joint Pretrial Statement, the Match Plaintiffs dispute that Google's counterclaim for a declaratory judgment against the Match Plaintiffs is triable by jury.

5. COUNT 5: Sherman Act § 1 Unreasonable Restraints of Trade Concerning the In-App Aftermarket.

6. COUNT 6: Sherman Act § 1 Tying In-App Distribution, Including Google Play Billing, to the Google Play Store.

7. COUNT 7: California Cartwright Act Unreasonable Restraints of Trade in the Android Application Distribution Market: OEM Agreements.

8. COUNT 8: California Cartwright Act Unreasonable Restraints of Trade in the Android Application Distribution Market: Developer Agreements.

9. COUNT 9: California Cartwright Act Unreasonable Restraints of Trade in the In-App Aftermarket.

10. COUNT 10: California Cartwright Act Tying In-App Distribution, Including Google Play Billing, to the Google Play Store.

### *State of Utah v. Google LLC*, 3:21-cv-05227-JD

**Claims by State Plaintiffs Against Google**

#### 1. *The States' Federal and California State Law Claims*

The States assert several Sherman Act and Cartwright Act claims against Google. For these claims, the jury will determine liability and the amount of monetary damages, if any. The Court will determine the appropriate injunctive relief, along with any award of fees, expenses, and costs of suit.

- Unreasonable Restraints of Trade in the Android In-App Billing Market Under § 1 of the Sherman Act and the Cartwright Act. *See* ECF[8] 188, States' First Am. Compl. ("States' FAC") (Counts 6, 8).

- Unlawful Restraints of Trade (*Per Se* and Rule of Reason) in the Android App Distribution Market Under § 1 of the Sherman Act and the Cartwright Act. *See* States' FAC (Counts 2, 3, 8).

---

[8] *State of Utah et al. v. Google LLC et al.*, 21-cv-05227-JD.

- Unlawful Tying of Google Play to Google Play Billing Under § 1 of the Sherman Act and the Cartwright Act. *See* States' FAC (Counts 4, 8).
- Unlawful Exclusive Dealing in the Android In-App Billing Market Under the Sherman Act § 1 and the Cartwright Act. *See* States' FAC (Counts 7, 8).
- Unlawful Monopolization/Monopoly Maintenance in the Android App Distribution Market and in the Android In-App Billing Market Under the Sherman Act § 2. *See* States' FAC (Counts 1, 5).

### 2. *The States' Non-California State Law Claims*

The States allege violations of the antitrust, consumer protection, and unfair trade practice laws of various States, Commonwealths, and Districts.[9] The States also allege violations (identified in States' FAC Section III) of the consumer protection and unfair trade practice laws of various States, Commonwealths, and Districts.[10]

For these claims, the jury will determine liability and the amount of monetary damages, if any, for these claims. The jury will make any assessment of whether the relevant conduct was

---

[9] *See, e.g.*, Alaska Stat. §§ 45.50.562, 45.50.564, 45.50.471; Ariz. Rev. Stat. §§ 44-1402, 44-1403, 44-1522; Ark. Code §§ 4-75-206, 4-75-302; Cal. Bus. & Prof. Code §§ 16720, 16726; Colo. Rev. Stat. §§ 6-4-104, 6-4-105; Conn. Gen. Stat. §§ 35-26, 35-27, 42-110b; Del. Code tit. 6, § 2103; D.C. Code §§ 28-3904, 28-4502, 28-4503; Fla. Stat. §§ 501.204. 542.18, 542.19; Idaho Code §§ 48-104, 48-105; Ind. Code §§ 24-1-2-1, 24-1-2-2, 24-5-0.5-3; Iowa Code §§ 553.4-5, 714.16; Ky. Rev. Stat. § 367.175; La. Rev. Stat. tit. 51, §§ 122-124; Md. Com. Law Code §11-204; Mass. Gen. Laws ch. 93A, § 2; Minn. Stat. § 325D.51, 325D.52; Miss. Code §§ 75-21-1, 75-21-3, 75-24-5; Mo. Rev. Stat. §§ 416.031, 407.020; Mont. Code §§ 30-14-205, 30-14-103; Neb. Rev. Stat. §§ 59-801, 59-802, 59-1602, 59-1603, 59-1604; Nev. Rev. Stat. §§ 598A.060, 598.0923; N.H. Rev. Stat. §§ 356:2, 356:3; N.J. Stat. §§ 56:9-3, 56:9-4, 56:8-2, 56:8-4; N.M. Stat. §§ 57-1-1, 57-1-2; N.Y. Gen. Bus. Law § 340; N.Y. Exec. Law § 63(12); N.C. Gen. Stat. §§ 75-1, 75-1.1, 75-2, 75-2.1; N.D. Cent. Code §§ 51-08.1-02; 51-08.1-03; 79 Okla. Stat. § 203; Or. Rev. Stat. §§ 646.725, 646.730; R.I. Gen. Law §§ 6-36-4, 6-36-5; S.D. Codified Laws §§ 37-1-3.1, 37-1-3.2; Tex. Bus. & Com. Code § 15.05; Utah Code §§ 76-10-3104, 13-11-4; 9 Vt. Stat. § 2453; Va. Code §§ 59.1-9.5, 59.1-9.6; Wash. Rev. Code §§ 19.86.020, 19.86.030, 19.86.040; W. Va. Code §§ 47-18-3, 47-18-4.

[10] *See, e.g.*, Alaska Stat. § 45.50.471; Ariz. Rev. Stat. § 44-1522; Ark. Code § 4-88-107; Colo. Rev. Stat. § 6-1-105; Conn. Gen. Stat. § 42-110b; D.C. Code § 28-3904; Fla. Stat. § 501.204; Ind. Code § 24-5-0.5-3; Iowa Code § 714.16; Ky. Rev. Stat. § 367.170; La. Rev. Stat. tit. 51, § 1405; Mass. Gen. Laws ch. 93A, § 2; Miss. Code § 75-24-5; Mo. Rev. Stat. § 407.020; Mont. Code § 30-

knowing or willful. The Court will determine the injunctive relief, disgorgement and/or restitution, civil penalties, fees, expenses, and costs, and other equitable relief, if any.[11]

DATED:  October 2, 2023	HUESTON HENNIGAN LLP


By:  s/ *Douglas J. Dixon*
Douglas J. Dixon
*Attorneys for Plaintiffs*
*Match Group, LLC, Humor Rainbow, Inc.,*
*PlentyofFish Media ULC, and People Media, Inc.*


DATED:  October 2, 2023	OFFICE OF THE UTAH ATTORNEY GENERAL


By:  s/ *Brendan P. Glackin*
Brendan P. Glackin
*Attorneys for Plaintiff States*


DATED:  October 2, 2023	BARTLIT BECK LLP


By:  s/ *Karma M. Giulianelli*
Karma M. Giulianelli
*Lead Counsel for the Proposed Class*

---

14-103; Nev. Rev. Stat. §§ 598.0915, 598.0923; N.H. Rev. Stat. § 358-A:2; N.J. Stat. § 56:8-2; N.M. Stat. § 57-12-3; N.Y. Gen. Bus. Law § 349; N.Y. Exec. Law § 63(12); N.C. Gen. Stat. § 75-1.1; N.D. Cent. Code § 51-15-02; 15 Okla. Stat. § 753; S.D. Codified Laws § 37-24-6; Tex. Bus. & Com. Code § 17.46; Utah Code § 13-11-4; 9 Vt. Stat. § 2453; Wash. Rev. Code § 19.86.020.

[11] Google and the State Plaintiffs have met and conferred, and Google objects on the ground that the State Plaintiffs have not provided a "list of the *specific* claims" that the States intend to assert against Google, as the Court requested.  MDL Dkt. 571 at 2 (emphasis added).  Google further objects to the extent the State Plaintiffs are asserting any *per se* claim that was not pleaded in their complaint.

DATED: October 2, 2023                    KAPLAN FOX & KILSHEIMER LLP


By: s/ *Hae Sung Nam*
    Hae Sung Nam
    *Co-Lead Counsel for the Proposed Class*


DATED: October 2, 2023                    FAEGRE DRINKER BIDDLE & REATH LLP


By: s/ *Paul J. Riehle*
    Paul J. Riehle
    *Counsel for Plaintiff Epic Games, Inc.*


DATED: October 2, 2023                    CRAVATH, SWAINE & MOORE LLP


By: s/ *Christine A. Varney*
    Christine A. Varney (*pro hac vice*)
    *Counsel for Plaintiff Epic Games, Inc.*


DATED: October 2, 2023                    MUNGER, TOLLES & OLSON LLP


By: s/ *Glenn D. Pomerantz*
    Glenn D. Pomerantz
    *Attorneys for Defendants Google LLC et al.*


DATED: October 2, 2023                    MORGAN, LEWIS & BOCKIUS LLP


By: s/ *Brian C. Rocca*
    Brian C. Rocca
    *Attorneys for Defendants Google LLC et al.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the filer of this document attests that concurrence in the filing of the document has been obtained from each of the other signatories.

By:   s/ *Glenn D. Pomerantz*
        Glenn D. Pomerantz