| | |
|---|---|
| Brian C. Rocca, S.B. #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B. #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B. #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B. #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B. #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br><br>*Counsel for Defendants Google LLC, et al.* | Glenn D. Pomerantz, S.B. #112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, S.B. #281509<br>kuruvilla.olasa@mto.com<br>Nicholas R. Sidney, S.B. #308080<br>nick.sidney@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, S.B. #282090<br>kyle.mach@mto.com<br>Justin P. Raphael, S.B. #292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, S.B. #293065<br>emily.curran-huberty@mto.com<br>Dane P. Shikman, S.B. #313656<br>dane.shikman@mto.com<br>Rebecca L. Sciarrino, S.B. # 336729<br>rebecca.sciarrino@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Floor<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>Lauren Bell, *pro hac vice*<br>lauren.bell@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Avenue NW, Suite 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100<br><br>Neal Kumar Katyal, *pro hac vice*<br>neal.katyal@hoganlovells.com<br>Jessica L. Ellsworth, *pro hac vice*<br>jessica.ellsworth@hoganlovells.com<br>**HOGAN LOVELLS US LLP**<br>555 Thirteenth Street, NW<br>Washington, D.C. 20004<br>Telephone: (202) 637-5600 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION**<br><br>This Document Relates To:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation,* Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.,* Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF DANE P. SHIKMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO RULE 37(c)(1) TO EXCLUDE TRIAL TESTIMONY BY CARSON OLIVER**<br><br>**PUBLIC REDACTED VERSION**<br><br>Judge:     Hon. James Donato |

# DECLARATION OF DANE P. SHIKMAN

I, Dane P. Shikman, hereby declare:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am an attorney at the law firm of Munger, Tolles & Olson LLP ("MTO") and counsel of record for Defendants ("Google") in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein.

## Google's Negotiations with Apple

2. Counsel for Google contacted Apple's outside counsel on June 9, 2023, to discuss the possibility of Apple identifying a witness who would agree to appear at trial in this case. In the three months that followed, Google counsel had numerous conversations with Apple's outside counsel discussing whether Apple would voluntarily identify an Apple employee who would agree to testify at trial, and who that witness would be. Such conversations took place on, at least, June 12, July 6, July 20, and August 10, 2023. I also understand that Google's in-house counsel had multiple subsequent conversations with Apple's in-house counsel on this same subject. However, on September 11, 2023, Apple's in-house counsel definitively confirmed to Google's in-house counsel that Apple would not voluntarily identify or produce an Apple employee to testify at trial.

## Google's Disclosure of Mr. Oliver to Plaintiffs

3. The next day, September 12, Google disclosed Carson Oliver (Senior Director, Business Management, App Store, Apple) to Plaintiffs on Google's third witness list. The parties had negotiated and agreed that September 12, the third and final witness list exchange, would be the last date to add witnesses to their respective witness lists.

4. The parties also had previously negotiated a deadline to exchange descriptions of the substance of testimony for witnesses appearing on each side's witness lists. The parties' agreed-upon date for that exchange was September 29, and Google exchanged its descriptions on that date. Google's September 29 disclosure stated that Mr. Oliver would testify about the following: "Competition between the Apple App Store and the Google Play store."

**Standard Practice in This Litigation**

5. In late December 2021, the parties negotiated and stipulated to a deposition protocol for this case. MDL ECF No. 171. Anticipating that some individuals may testify at trial whom the parties had not yet deposed during discovery, the parties agreed on a provision that would permit the pre-trial deposition of a not-yet-deposed individual who appeared on a pre-trial witness list. Specifically, the stipulation states: "The Parties agree that any individual identified by any opposing Party as a trial witness who has not already been deposed shall be made available for Deposition by the opposing Party reasonably in advance of trial." *Id.* ¶ 22.

6. In light of this provision, all parties in this litigation have served initial disclosures listing third-party companies only at the entity level, and not listing individual employees of those companies.[1] All parties identified Apple at the entity level in their disclosures. Epic served amended initial disclosures identifying third parties companies only at the entity level as recently as July 2023.

7. Consistent with this practice, Plaintiffs identified third party individuals on their pre-trial witness list whom Plaintiffs did not list on their initial disclosures, and whom Google had not yet deposed. Specifically, Plaintiffs identified witnesses from Yoga Buddhi and Paddle who never appeared on any initial disclosures. Google did not complain, because the parties negotiated the pre-trial deposition stipulation, MDL ECF No. 171 ¶ 22, to prevent any prejudice in this circumstance. Since the Plaintiffs' disclosure of these individuals, Google deposed Ben Simon of Yoga Buddhi on September 19, 2023 and is in the process of scheduling the deposition of Christian Owen of Paddle.

**Discovery Relating to Mr. Oliver in This Case**

8. In May 2021, Plaintiffs served a document subpoena on Apple. In the summer of 2022, Google received rolling productions from Apple totaling 200,000 documents. In the transmission letter, Apple's counsel informed us that these productions were pursuant to

---

[1] The only minor exception to this practice is the State Plaintiffs' initial disclosures, which include certain individuals for a very small fraction of the entities listed. Epic also listed a writer and editor from a news outlet, but otherwise listed 100 companies only at the entity level.

-2-

SHIKMAN DECL. ISO DEFS' OPP. TO PLS' MOT. TO EXCL. TRIAL TESTIMONY BY CARSON OLIVER
Case Nos. 3:21-md-02981-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD, 3:21-cv-05227-JD, 3:22-cv-01746-JD

negotiations and an agreement with Plaintiffs in this case, and consisted of a subset of the documents produced by Apple in the *Epic v. Apple* and related class litigations. These productions contained roughly 13,400 of Carson Oliver's custodial documents.

**Epic's Prior Discovery Relating to Mr. Oliver**

9. In the *Epic v. Apple* litigation, Lauren Moskowitz of Cravath, Swaine & Moore LLP (counsel for Epic in that case, and for Epic in this litigation) filed a discovery letter that Epic sent to Apple, declaring that Epic "intend[s] to depose (or have deposed) the following 16 Apple witnesses," and included Carson Oliver in that list. *Epic Games, Inc. v. Apple, Inc.*, No 4:20-cv-05640-YGR, ECF No. 327 at 4.

10. In the same litigation, Epic filed a pre-trial witness list designating Mr. Oliver's deposition testimony at trial. No 4:20-cv-05640-YGR, ECF No. 488 at 9.

**Illustrative Oliver Documents Produced in This Case**

11. Attached as **Exhibit 1** is a true and accurate copy of a document that Apple produced in this litigation, bearing the Bates number APL-Goog_01320727. This is a presentation deck entitled ███████████████████████████████████████████ ███████████████████████████████ *See, e.g.*, -0735. Mr. Oliver is listed in the document metadata as a custodian.

12. Attached as **Exhibit 2** is a true and accurate copy of a document that Apple produced in this litigation, bearing the Bates number APL-Goog_00361212. This is an email from another Apple executive to Mr. Oliver asking him to ████████████████████████████ ████████████████████

13. Attached as **Exhibit 3** is a true and accurate copy of a document that Apple produced in this litigation, bearing the Bates number APL-Goog_00365515. This is an email from Mr. Oliver to another Apple executive, in which Mr. Oliver ██████████████████████ █████████████████████████████████████

████ Attached as **Exhibit 4** is a true and accurate copy of a document that Apple produced in this litigation, bearing the Bates number APL-Goog_00898564. This is an email from another Apple executive to Mr. Oliver ████████████████████████████████████████

1  ███████████████████████████████████████████████████████████████
2  ███████████████████████████████████████████████████████████

3       15.     Attached as **Exhibit 5** is a true and accurate copy of a document that Apple produced in this litigation, bearing the Bates number APL-Goog_01150054.  This is an email, copying Mr. Oliver, from an Apple employee ███████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████

       16.     Attached as **Exhibit 6** is a true and accurate copy of a document that Apple produced in this litigation, bearing the Bates number APL-Goog_01323287.  This is an email in which another Apple employee sends to Mr. Oliver ██████████████████████
████████████████████████████████████████

       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

       Executed on this 4th day of October, 2023, at San Francisco, California.

                                             *s/ Dane P. Shikman*
                                             Dane P. Shikman

-5-

**E-FILING ATTESTATION**

I, Glenn D. Pomerantz, am the ECF User whose ID and password ae being used to file this document. In compliance with Civil Local Rule 6-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

/s/Glenn D. Pomerantz
Glenn D. Pomerantz