# EXHIBIT 6

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1

1          UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3             SAN FRANCISCO DIVISION

4    ---------------------------------------------x

5    IN RE GOOGLE PLAY STORE              Case No.

     ANTITRUST LITIGATION                 3:21-md-02981-JD

6

     THIS DOCUMENT RELATES TO:

7

     Epic Games Inc. v. Google LLC,

8    et al.,

     Case No. 3:20-cv-05671-JD

9

10   ---------------------------------------------x

11

12      *HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY*

13

14    REMOTE VIDEOTAPED DEPOSITION BY VIRTUAL ZOOM OF

15                 DOUGLAS BERNHEIM

16              Thursday, April 6, 2023

17

18

19

20

21

22

23

24   Reported By: Lynne Ledanois, CSR 6811

25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 12

1              Thursday, April 6, 2023

2                    9:05 a.m.

3    ---------------------------------------------------------

4              THE VIDEOGRAPHER:  Good morning.  We're

5    going on the record at 9:05 a.m.  And audio and

6    video recording will continue to take place unless

7    all parties agree to go off the record.

8              This is Media Unit 1 of the video-recorded

9    deposition of Douglas Bernheim taken by counsel for

10   the defendant in the matter of In Re Google Play

11   Store Antitrust Litigation filed in the United

12   States District Court for the Northern District of

13   California, San Francisco Division.  Case number is

14   3:21-md-02981-JD.

15             My name is Jeffree Anderson representing

16   Veritext and I'm the videographer.  The court

17   reporter is Lynne Ledanois from the firm Veritext.

18             All parties are recorded on the record and

19   you may swear in the witness.  Thank you.

20

21                 DOUGLAS BERNHEIM, Ph.D.,

22        having been duly sworn, testified as follows:

23                      EXAMINATION

24   BY MR. MACH:

25        Q    Good morning, Dr. Bernheim.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 13

1      A     Good morning.

2      Q     Can you state your name for the record

3   please, sir?

4      A     My full name is Bert, B-E-R-T, Douglas,

5   Bernheim, B-E-R-N-H-E-I-M.

6      Q     And is Dr. Bernheim an appropriate way to

7   address you, sir?

8      A     That's totally fine.

9      Q     Okay.  Thank you.

10            How many times have you been deposed?

11      A     I really can't say.  I'm sure it's probably

12   a few dozen, but I don't know.

13      Q     More than, say, 30; is that fair?

14      A     I don't know.  I'm not sure it's more than

15   30.  It's probably in that general territory, but I've

16   honestly never tried to count up the number of times.

17      Q     Would it be fair to say approximately 25

18   to 30 times?

19      A     I don't want to say that with too much

20   conviction because I'm not really sure.  Again, I have

21   not counted it up.  I have to go back and figure out

22   how many cases I've been doing.

23            I'm just thinking to myself, you know,

24   I've been doing this for 30 years roughly and

25   probably have been having about a deposition a year

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 26

1    to load.  I switched documents.

2            I've got it now.  I'm sorry, you said

3    Paragraph 10?  Yes.

4        Q    In Paragraph 10 you say, "In working with

5    Bates White staff, I instructed them to gather, for

6    my review, all materials that were relevant to my

7    analyses, regardless of whether the information was

8    helpful to Epic or to Google."

9            Do you see that, sir?

10       A    I do, yes.

11       Q    So in general, did you find that you had

12   access to sufficient information to adequately

13   assess the issues discussed in your report?

14       A    I did, yes.

15       Q    What materials relevant to your analysis

16   did you review that you found helpful to Google?

17           MR. BORNSTEIN:  Object to the form of the

18   question.

19           THE WITNESS:  I would not classify things

20   that way.  There's materials that speak to, for

21   example, the degree of competition between Google

22   and Apple and whether that competition is in

23   smartphones or whether it's in something else.

24           There are documents that speak to

25   different degrees of competition.  So documents that