Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH
LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic
Games, Inc. v. Google LLC et al.*

Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:     (949) 229-8640

*Attorneys for Plaintiffs Match Group, LLC;
Humor Rainbow, Inc.; PlentyofFish Media ULC;
and People Media, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**EPIC AND THE MATCH PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:  Honorable James Donato |

1  Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's Standing

2  Order for Civil Cases, Epic Games, Inc. ("Epic") and Match Group, LLC; Humor Rainbow, Inc.;

3  PlentyofFish Media ULC; and People Media, Inc. (together, the "Match Plaintiffs") respectfully move

4  the Court to seal portions of Exhibits 1 and 2 to the Declaration of Justin R. Raphael in Support of

5  Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 2 ("Raphael Declaration") and portions of

6  Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 2.  (MDL Dkt. No. 637.)  This

7  Administrative Motion to File Under Seal is supported by the Declaration of Yonatan Even in Support

8  of the Administrative Motion to File Under Seal ("Even Declaration"), the Declaration of Ian Purves in

9  Support of the Administrative Motion to File Under Seal ("Purves Declaration"), and the Proposed

10  Order submitted herewith, and is submitted pursuant to Civil Local Rule 79-5(c).

11  ## LEGAL STANDARD

12  Sealing is appropriate where the "party seeking to seal a judicial record" demonstrates

13  "compelling reasons" that "outweigh the general history of access and the public policies favoring

14  disclosure".  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations

15  omitted).  "The Ninth Circuit has found that compelling reasons exist to keep personal information

16  confidential to protect an individual's privacy interest and to prevent exposure to harm or identity

17  theft."  *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2

18  (N.D. Cal. Nov. 1, 2007) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th

19  Cir. 2003).  A motion to seal a party's own document must include an explanation of "the legitimate

20  private or public interest that warrant sealing; the injury that will result if sealing is denied; and why a

21  less restrictive alternative to sealing is not sufficient".  Civil Local Rule 79-5(c).

22  ## EPIC'S ARGUMENT

23  Exhibit 1 to the Raphael Declaration is an email chain between Epic's Player Support and an

24  Epic customer on behalf of his child, a *Fortnite* user, from November 2019, which was produced by

25  Epic in this litigation.  (MDL Dkt. No. 637.)  Epic seeks to redact and keep under seal only three

26  pieces of information in the entire document: (1) the name of an Epic customer, (2) the name of his

27  minor son; and (3) the email address of the Epic customer.  Specifically, Epic seeks to exclude the

28  portions of Exhibit 1 to the Raphael Declaration identified below:

| Document and Location of Designated Information Name | Epic's Bases for Sealing |
|---|---|
| Exhibit 1 to the Raphael Declaration in Support of Google's Opposition to Plaintiffs' *Motion in Limine* No. 2.<br><br>Page ending -129 (the content of the "From:" line, containing an email address; the entire line, containing two names, that comes after the line beginning "Many thanks"; the name between "Hi" and "Thank you"; the name following "Hi", following the line beginning "November 13, 2019")<br><br>Page ending -130 (the name following the line beginning "Kind regards") | The document sought to be redacted contains non-party personally identifiable information, including the name of an Epic customer, the name of that customer's minor son, and the Epic customer's email address. Compelling reasons exist to seal this personal, non-party information to protect the privacy of the customer and his minor son and to protect them from an increased risk of identity theft and of being contacted or harassed about this litigation. This customer information has minimal relevance to the underlying cause of action, and the redactions to the document are narrowly tailored. Accordingly, the public's interest in access to court records will not be seriously affected by this redaction. |

Epic's customers' personal information should be kept confidential to protect their privacy interests, especially since it has no relevance to this litigation. *See Stiner v. Brookdale Senior Living, Inc*, No. 17-cv-03962, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action."). For names of minor children, the Federal Rules *require* redaction. Fed. R. Civ. P. 5.2(a)(3) (requiring the abbreviation or redaction of "the name of an individual known to be a minor"). This requirement is no less stringent where only the minor's first name appears in the filing. *See Claraty v. Hall-Mills*, No. 18-cv-06861, 2019 WL 1228237, at *1 (N.D. Cal. Mar. 15, 2019) (requiring "one instance of the first name of a minor" mentioned in a complaint to be redacted pursuant to Rule 5.2). Thus, the name of the minor, *Fortnite* user included in Exhibit 1 to the Raphael Declaration should be redacted.

Additionally, courts in this Circuit commonly permit redaction of the names of adults who are not parties to the suit. *See O'Connor v. Uber Tech., Inc.*, No. C-13-3826, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015) (finding compelling reasons to seal the name of "a non-party to [the] litigation"). This is true where only the first name of the individual appears in a document or filing.

2

EPIC AND THE MATCH PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

1   *See TV Ears, Inc.*, v. *Joyshiya Develop. Ltd.*, No. 20-cv-01708, 2021 WL 5396111, at *15 (S.D. Cal.

2   Nov. 18, 2021) (finding compelling reasons to seal a document that contained "the customers' first

3   names"). Thus, the name of the parent to the *Fortnite* user, included in Exhibit 1 to the Raphael

4   Declaration, should also be redacted.

5          Finally, courts in this Circuit have frequently held that compelling reasons exist to seal email

6   addresses. *See Stiner*, 2022 WL 1180216, at *2 (finding compelling reasons to seal personally

7   identifiable information for "employees, residents, and/or individuals affiliated with third-party

8   entities", including "email addresses"); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658, 2021

9   WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal personally

10  identifiable information "of [a party's] current and former employees, including their email

11  addresses"). The rationale for protecting the privacy of an individual's email address is even more

12  compelling where that individual is a non-party to the litigation. *See O'Connor*, 2015 WL 355496, at

13  *2 (finding compelling reasons to seal the "email address" of "a non-party to [the] litigation" because

14  that email address "is not relevant to any of the issues in this litigation, nor would the public have any

15  real interest in its disclosure."). Epic's customer's email address should be redacted and kept under

16  seal to protect his personal privacy.

17         If the three pieces of customer information included in Exhibit 1 to the Raphael Declaration are

18  not sealed, Epic's customers could suffer injury, including an increased risk of identity theft and of

19  being contacted or harassed about this litigation. *See Benedict v. Hewlett-Packard Co.*, No. 13-CV-

20  00119, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (sealing the plaintiffs' "personal contact

21  information" including his "email address" to "prevent exposure to harm or identity theft"); *See

22  Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.*, No. 19cv1667, 2021 WL 794271, at *3 (S.D. Cal.

23  Mar. 1, 2021) (sealing "non-parties' personal identifying information" because public disclosure of

24  such information "runs a substantial risk of exposing those individuals to harassment").

25         The proposed redactions are the least restrictive method of protecting these individuals from

26  injury. Rather than move to seal the entire document, Epic has proposed narrowly tailored redactions

27  to only the personally identifiable information of the non-party individuals, leaving the entire

28  document except for few words available to the public. Accordingly, "the public's interest in access to

1   court records [would] not [be] seriously affected" by the sealing of this information.  *See TV Ears*,

2   2021 WL 5396111, at *15.

3   <u>**MATCH PLAINTIFFS' ARGUMENT**</u>

4          Civil Local Rule 79-5(b) allows sealing any document that is "privileged, protectable as a trade

5   secret or otherwise entitled to protection under the law."  "[T]he public has less of a need for access to

6   court records attached only to non-dispositive motions because those documents are often unrelated, or

7   only tangentially related, to the underlying cause of action."   *Kamakana*, 447 F.3d at 1179. The Ninth

8   Circuit and Supreme Court have long recognized that trade secrets and other information "that might

9   harm a litigant's competitive standing" satisfy the compelling reasons standard.  *In re Elec. Arts, Inc.*,

10  298 F. App'x 568, 569 (9th Cir. 2008) (unpublished) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

11  U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business

12  information that might harm a litigant's competitive standing")); *see also Ctr. v. Auto Safety v.*

13  *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (same). "Examples include when a court

14  record might be used to as sources of business information that might harm a litigant's competitive

15  standing." *Ctr. for Auto Safety*, 809 F.3d at 1097.

16         The information Match Plaintiffs seek to seal would allow Match Plaintiffs' competitors and

17  counterparties to understand consumers' renewal habits and trend data in relation to Match Plaintiffs'

18  dating services, and would accordingly potentially harm Match Plaintiffs' competitive standing.  The

19  Match Plaintiffs have "narrowly tailored" their request to "only redact the portions of filings and the

20  precise exhibits" that implicate "confidential business information," and this information is "not

21  available to the public." *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. 2017). The Match

22  Plaintiffs accordingly ask that these materials be maintained under seal and provide the Declaration of

23  Ian Purves in support of this Administrative Motion to Seal.

24         Specifically, the Match Plaintiffs seek to exclude the portions of Exhibit 2 to the Raphael

25  Declaration and the portions of Defendants' Opposition to Plaintiffs' *Motion in Limine* No. 2 below:

26

27

28

| Document and Location of Designated Information Name | Match Plaintiffs' Bases for Sealing |
|---|---|
| Exhibit 2 to Declaration of Justin Raphael in Support of Google's Opposition to Plaintiffs' *Motion in Limine* No. 2: Page ending -739 (between "2. On POF" and "4. Lastly") | Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within and general information on user retention regarding Match Plaintiffs' services. Similarly, Match Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. Moreover, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. |
| Exhibit 2 to Declaration of Justin Raphael in Support of Google's Opposition to Plaintiffs' *Motion in Limine* No. 2: Page ending -740 (between "unfortunately" and end of paragraph) | Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within and general information on user retention regarding Match Plaintiffs' services. Similarly, Match Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. |
| Google's Opposition to Plaintiffs' *Motion in Limine* No. 2: Page 2, lines 16 – 20 (between "explained:" and "Ex. 2" and within parenthetical) | Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within and general information on user retention regarding Match Plaintiffs' services. Similarly, Match Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. Moreover, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. |

## CONCLUSION

For the foregoing reasons, Epic and the Match Plaintiffs respectfully request that the Court seal the respective material that they have identified above in Exhibits 1 and 2 to the Raphael Declaration, and to the identified portions of Defendants' Opposition to Plaintiffs' *Motion in Limine* No. 2.

Dated:  October 5, 2023

CRAVATH, SWAINE & MOORE LLP
Christine Varney *(pro hac vice)*
Gary A. Bornstein *(pro hac vice)*
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*
Michael J. Zaken *(pro hac vice)*
M. Brent Byars *(pro hac vice)*


FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: */s/ Gary A. Bornstein*
Gary A. Bornstein

*Counsel for Plaintiff Epic Games, Inc.*


HUESTON HENNIGAN LLP
Douglas J. Dixon
Christine Woodin
Joseph A. Reiter

Respectfully submitted,

By: */s/ Douglas J. Dixon*
Douglas J. Dixon

*Counsel for Plaintiffs Match Group, LLC et al.*

1

**E-FILING ATTESTATION**

2

3        I, Gary A. Bornstein, am the ECF User whose ID and password are being used to file this

4 document.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories

5 identified above has concurred in this filing.

6
                                                    */s/ Gary A. Bornstein*
7                                                     Gary A. Bornstein

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28