HUESTON HENNIGAN LLP
John C. Hueston, State Bar No. 164921
jhueston@hueston.com
Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:    (949) 229-8640

HUESTON HENNIGAN LLP
Joseph A. Reiter, State Bar No. 294976
jreiter@hueston.com
Christine Woodin, State Bar No. 295023
cwoodin@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340

Attorneys for Plaintiffs Match Group, LLC;
Humor Rainbow, Inc.; PlentyofFish Media ULC;
and People Media, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | Case No. 3:21-md-02981-JD |
|---|---|
| THIS DOCUMENT IS RELATED TO: | **DECLARATION OF IAN PURVES IN SUPPORT OF MATCH PLAINTIFFS' SEALING REQUEST IN CONNECTION WITH DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE NO. 2** |
| *Match Group, LLC, et al., v. Google LLC, et al.*, Case No. 3:22-cv-02746-JD | |
| *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | |
| *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | |

## DECLARATION OF IAN PURVES

I, Ian Purves, declare:

1. I am Director of Program Management, Distribution Channels and Payments for Match Group, LLC ("MGL").

2. Through the course of my employment with MGL, I have become familiar with MGL's treatment of proprietary business information as it pertains to the dating services operated by MGL, including Tinder and Match. Through my role, I am also familiar with how other companies within the Match Group, Inc. portfolio, including Humor Rainbow, Inc., PlentyofFish Media ULC, and People Media, Inc. (collectively, with MGL, the "Match Plaintiffs") handle their respective proprietary business information, including such information as it pertains to their respective brands, OkCupid, PlentyofFish, and OurTime, as well as how other Match Group, Inc. portfolio brands, which are not operated by Match Plaintiffs, handle confidential and proprietary business information. I make this declaration in response to the parties' motion in limine filings pursuant to Civil Local Rule 79-5(e) on behalf of Match Plaintiffs. I know the facts stated herein based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

3. Since 2015, I have been employed by MGL, which, like the other Match Plaintiffs, is an online dating service provider within the highly competitive online dating category. Companies in these industries, including Match Plaintiffs, undertake extensive measures to protect their confidential information from competitors to ensure that they maintain their competitive advantages. Match Plaintiffs are key innovators and constantly seek to gain—and maintain—an edge in this always evolving industry; Match Plaintiffs compete vigorously with both new and established companies that are eager to imitate ideas or garner strategic insights from others in the industry like Match Plaintiffs. There is no doubt that competitors would be very eager to acquire and study Match Plaintiffs' non-public, confidential and proprietary business information and exploit it to gain competitive advantage.

4. I understand that Google is filing an Opposition to Plaintiffs' Motion in Limine No. 2 at Case No. 3:21-md-02981-JD. I have reviewed the portions relevant to Match Plaintiffs of the

unredacted materials identified below. Specified portions of those materials should remain under seal for the reasons stated in this declaration.[1]

5. Specifically, disclosing this information to third parties could be used against Match Plaintiffs in their future business negotiations with third parties. Information that may seem insignificant on its own can (individually or with other documents) give an expert reader or industry competitor meaningful insight. This insight can be derived even if the information is several years old. Companies in our industry do not and would not release this type of information publicly.

6. Match Plaintiffs request to seal the following materials listed below.

| Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
| --- | --- | --- |
| Exhibit 2 to Declaration of Justin Raphael in Support of Google's Opposition to Plaintiffs' Motion in Limine No. 2 | Page ending - 739 (between "2. On POF" and "4. Lastly") | Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within and general information on user retention regarding Match Plaintiffs' services. Similarly, Match Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. Moreover, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. |
| Exhibit 2 to Declaration of Justin Raphael in Support of Google's Opposition to Plaintiffs' Motion in Limine No. 2 | Page ending - 740 (between "unfortunately" and end of paragraph) | Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within and general information on user retention regarding Match Plaintiffs' services. Similarly, Match |

---

[1] In addition to having been filed in the MDL docket, Case No. 3:21-md-02981-JD, I understand that these documents have also been filed on the individual dockets at *Match Group, LLC et al. v. Google LLC et al.*, 3:22-cv-02746-JD ("Match Action"); *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD (N.D. Cal.) ("Consumer Action"), *State of Utah et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.) ("States Action"); and *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal) ("Epic Action") (collectively, "Individual Dockets"). All references herein refer to the same documents on the Individual Dockets.

- 3 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|
| | | Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. |
| Google's Opposition to Plaintiffs' Motion in Limine No. 2 | Page 2, lines 16 – 20 (between "explained:" and "Ex. 2" and within parenthetical) | Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within and general information on user retention regarding Match Plaintiffs' services. Similarly, Match Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. Moreover, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. |

7.      I understand from counsel that Civil Local Rule 79-5(b) allows sealing any document that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). I further understand that the Ninth Circuit and Supreme Court have long recognized that trade secrets and other information "that might harm a litigant's competitive standing" satisfy the compelling reasons standard. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (unpublished) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing")); *see also Ctr. v. Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (same). "Examples include when a court record might be used to as sources of business information that might harm a litigant's competitive standing." *Ctr. for*

1  *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also Snapkeys, Ltd. v.
2  Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021)
3  (granting motion to seal personally identifiable information of current and former employees,
4  including their email addresses and telephone numbers); *Hewlett-Packard Co.*, 2014 WL 233827,
5  at *3 (ordering the sealing of plaintiff's home address, phone number, and email address because
6  there is a "compelling privacy interest in this information").

7        8.       The information Match Plaintiffs seek to seal would allow Match Plaintiffs'
8  competitors and counterparties to understand granular details and datapoints about, among other
9  things, consumers' renewal habits and trend data in relation to Match Plaintiffs' dating services,
10 and would accordingly potentially harm Match Plaintiffs' competitive standing.

11       9.       Match Plaintiffs have "narrowly tailored" their request to "only redact the portions
12 of filings and the precise exhibits" that implicate "confidential business information," and this
13 information is "not available to the public." *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D.
14 Cal. 2017). Match Plaintiffs accordingly ask that these materials be maintained under seal.

15       I declare under penalty of perjury under the laws of the State of California that the
16 foregoing is true and correct.

17       Executed this fifth day of October, 2023, at Carrollton, Texas.

DocuSigned by:

*Ian Purves*

Ian Purves

- 5 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947