# EXHIBIT A

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0001 | EPIC_03377344 | DX0483 Ko, Thomas | Document dated 8/9/2018 titled "Collaboration Agreement" |
| TEMP0002 | EPIC_GOOGLE_01419517 | | Document dated 1/22/2019 titled "Pre-Install and License Agreement" |
| TEMP0003 | EPIC_GOOGLE_01419582 | | Document dated 4/1/2019 titled "Pre-Install and License Agreement" |
| TEMP0004 | EPIC_GOOGLE_01419592 | | Document dated 5/26/2020 titled "Pre-Install and License Agreement" |
| TEMP0005 | EPIC_GOOGLE_01419603 | | Document dated 8/7/2019 titled "Addendum 1 to Pre-Install and License Agreement" |
| TEMP0006 | EPIC_GOOGLE_01419605 | | Document dated 2019 titled "Schedule 2 to Pre-Install and License Agreement |
| TEMP0007 | EPIC_GOOGLE_01419607 | | Document dated 3/1/2019 titled "Pre-Install and License Agreement" |
| TEMP0008 | EPIC_GOOGLE_03896207 | | Undated document titled "Frame Referencing Agreement" |
| TEMP0009 | EPIC_GOOGLE_04444599 | | Document dated 11/28/2020 titled "Amendment #1 to Pre-Install and License Agreement" |
| TEMP0010 | EPIC_GOOGLE_04501133 | | Document dated 12/7/2020 titled "Amendment #1 to Letter of Intent |
| TEMP0011 | EPIC_GOOGLE_04880438 | DX693 Randy Gelber; DX0450 Vogel, Daniel | Undated spreadsheet titled "Epic Games 2019-2025 Annual Segment P&L (Overhaul & Non-GAAP)" |
| TEMP0012 | EPIC_GOOGLE_04880443 | | Undated spreadsheet titled "Epic Games Inc Non-GAAP (unaudited)" |
| TEMP0013 | EPIC_GOOGLE_05131905 | | Undated spreadsheet titled "Fortnite- Google Installs Week |
| TEMP0014 | EPIC_GOOGLE_05131908 | | Undated spreadsheet titled "Fortnite First Seen Week" |
| TEMP0015 | EPIC_GOOGLE_05131909 | | Undated spreadsheet titled "Fortnite Installer Android Week" |
| TEMP0016 | EPIC_GOOGLE_05131912 | | Undated spreadsheet titled "Fortnite WAU" |
| TEMP0017 | EPIC_GOOGLE_05131937 | | Expert witness raw data |
| TEMP0018 | EPIC_GOOGLE_05131938 | | Expert Data |
| TEMP0019 | EPIC_GOOGLE_05131939 | | Expert Data |
| TEMP0020 | EPIC_GOOGLE_05131940 | | Expert Data |
| TEMP0021 | EPIC_GOOGLE_05131941 | | Epic Expert Data |
| TEMP0022 | EPIC_GOOGLE_05140473 | | Expert witness raw data |
| TEMP0023 | EPIC_GOOGLE_05285377 | | Undated spreadsheet containing manufacturer information |
| TEMP0024 | EPIC_GOOGLE_05743936 | DX0692 Randy Gelber | Spreadsheet dated 12/31/2021 titled "Epic Games Non-GAAP Consolidated Financials" |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0025 | EPIC_GOOGLE_05743938 | DX0694 Randy Gelber | Spreadsheet dated 8/24/2023 titled "Epic Games Corporate Financial Model" |
| TEMP0026 | EPIC_GOOGLE_05828145 | DX0539 Kreiner, Joseph | Document dated 1/15/2022 titled "Independent Developers Publishing Program on Xbox Console Title Licensing Agreement Amendment #2" |
| TEMP0027 | EPIC_GOOGLE_05848510 | | Undated spreadsheet containing installer information |
| TEMP0028 | GOOG-PLAY-000053875 | DX883 - Sharmistha Dubey | Document dated 11/17/2020 titled "Google Play Developer Distribution Agreement" |
| TEMP0029 | GOOG-PLAY-000053975 | | Google Play Developer Distribution Agreement (05/17/2017) |
| TEMP0030 | GOOG-PLAY-000054021 | | Developer Distribution Agreement (11/20/2020) |
| TEMP0031 | GOOG-PLAY-000379096 | | Undated spreadsheet titled "PHAs and MUWS Metrics" |
| TEMP0032 | GOOG-PLAY-000416245 | PX0428 Christian Cramer | Undated spreadsheet with Google revenue data |
| TEMP0033 | GOOG-PLAY-000416258 | | Mobile Application Distribution Agreement (Android) (10/01/2012) |
| TEMP0034 | GOOG-PLAY-000416327 | | Mobile Application Distribution Agreement (MADA) (04/01/2014) |
| TEMP0035 | GOOG-PLAY-000416373 | | 3PL Mobile Application Distribution Agreement (MADA) (04/01/2015) |
| TEMP0036 | GOOG-PLAY-000416398 | | Mobile Application Distribution Agreement (MADA) (09/01/2015) |
| TEMP0037 | GOOG-PLAY-000416419 | | Amendment Number One to Mobile Application Distribution Agreement  (01/01/2014) |
| TEMP0038 | GOOG-PLAY-000416420 | | Amendment One to Mobile Application Distribution Agreement (09/01/2015) |
| TEMP0039 | GOOG-PLAY-000416441 | | Amendment Two to Mobile Application Distribution Agreement (09/01/2015) |
| TEMP0040 | GOOG-PLAY-000416442 | | Amendment Number Two to Mobile Application Distribution Agreement (01/01/2014) |
| TEMP0041 | GOOG-PLAY-000416443 | | Amendment Number Three to Mobile Application Distribution Agreement (01/01/2014) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0042 | GOOG-PLAY-000416444 | | Amendment to Mobile Application Distribution Agreement (09/01/2016) |
| TEMP0043 | GOOG-PLAY-000416445 | | Amendment Number Four to Mobile Application Distribution Agreement (01/01/2014) |
| TEMP0044 | GOOG-PLAY-000416446 | | Amendment Number Five to Mobile Application Distribution Agreement (01/01/2014) |
| TEMP0045 | GOOG-PLAY-000416447 | | Amendment Four to Mobile Application Distribution Agreement (09/01/2015) |
| TEMP0046 | GOOG-PLAY-000416453 | | Amendment Number Six to Mobile Application Distribution Agreement (01/01/2014) |
| TEMP0047 | GOOG-PLAY-000416454 | | Mobile Application Distribution Agreement (MADA) (09/01/2017) |
| TEMP0048 | GOOG-PLAY-000416477 | | Mobile Application Distribution Agreement (MADA) (08/01/2017) |
| TEMP0049 | GOOG-PLAY-000416537 | | European Mobile Application Distribution Agreement (EMADA) (12/01/2018) |
| TEMP0050 | GOOG-PLAY-000416562 | | European Mobile Application Distribution Agreement (EMADA) (10/29/2018) |
| TEMP0051 | GOOG-PLAY-000416588 | | Amendment to Mobile Application Distribution Agreement (MADA) (09/01/2017) |
| TEMP0052 | GOOG-PLAY-000416594 | | Mobile Application Distribution Agreement (MADA) Amendment One (08/01/2017) |
| TEMP0053 | GOOG-PLAY-000416595 | | Amendment No. 1 to the Mobile Application Distribution Agreement (11/05/2019) |
| TEMP0054 | GOOG-PLAY-000416651 | PX 0626 | Google Mobile Revenue Share Agreement (02/01/2020) |
| TEMP0055 | GOOG-PLAY-000416708 | | Google Mobile Revenue Share Agreement (04/01/2020) |
| TEMP0056 | GOOG-PLAY-000416789 | | Mobile Application Distribution Agreement (Android) (12/01/2011) |
| TEMP0057 | GOOG-PLAY-000416814 | | Spreadsheet entitled Play Only and Sideloaded Devices |
| TEMP0058 | GOOG-PLAY-000449883 | | Mobile Application Distribution Agreement (Android) (06/01/2014) |
| TEMP0059 | GOOG-PLAY-000617360 | | Mobile Application Distribution Agreement (Android) (01/01/2012) |
| TEMP0060 | GOOG-PLAY-000617393 | | Mobile Application Distribution Agreement (Android) (06/01/2012) |
| TEMP0061 | GOOG-PLAY-000617419 | | Mobile Application Distribution Agreement (Android) (01/01/2013) |

JOINT TRIAL EXHIBIT LIST

UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0062 | GOOG-PLAY-000617431 | | Mobile Application Distribution Agreement (Android) (03/01/2013) |
| TEMP0063 | GOOG-PLAY-000617505 | | Mobile Application Distribution Agreement (MADA) (03/01/2014) |
| TEMP0064 | GOOG-PLAY-000617522 | | Mobile Application Distribution Agreement (MADA) (01/01/2014) |
| TEMP0065 | GOOG-PLAY-000617538 | | Mobile Application Distribution Agreement (MADA) (06/01/2014) |
| TEMP0066 | GOOG-PLAY-000617555 | | Mobile Application Distribution Agreement (MADA) (03/01/2014) |
| TEMP0067 | GOOG-PLAY-000617577 | | Mobile Application Distribution Agreement (MADA) (03/01/2014) |
| TEMP0068 | GOOG-PLAY-000617593 | | Mobile Application Distribution Agreement (MADA) (06/01/2014) |
| TEMP0069 | GOOG-PLAY-000617626 | | Mobile Application Distribution Agreement (MADA) (04/01/2014) |
| TEMP0070 | GOOG-PLAY-000617749 | | 3PL Mobile Application Distribution Agreement (MADA) (11/01/2014) |
| TEMP0071 | GOOG-PLAY-000617772 | | Amendment to Mobile Application Distribution Agreement (01/21/2015) |
| TEMP0072 | GOOG-PLAY-000617778 | | 3PL Mobile Application Distribution Agreement (MADA)  (02/01/2015) |
| TEMP0073 | GOOG-PLAY-000617798 | | Amendment to Mobile Application Distribution Agreement (03/01/2013) |
| TEMP0074 | GOOG-PLAY-000617807 | | Amendment Three to Mobile Application Distribution Agreement (05/27/2015) |
| TEMP0075 | GOOG-PLAY-000617814 | | Amendment to Mobile Application Distribution Agreement (06/25/2015) |
| TEMP0076 | GOOG-PLAY-000617820 | | Mobile Application Distribution Agreement (MADA) (06/29/2015) |
| TEMP0077 | GOOG-PLAY-000617841 | | Amendment to Mobile Application Distribution Agreement (07/06/2015) |
| TEMP0078 | GOOG-PLAY-000617842 | | Mobile Application Distribution Agreement (MADA) (08/01/2015) |
| TEMP0079 | GOOG-PLAY-000617897 | | Amendment Three to Mobile Application Distribution Agreement (08/11/2015) |
| TEMP0080 | GOOG-PLAY-000617900 | | Amendment to Mobile Application Distribution Agreement (09/23/2015) |
| TEMP0081 | GOOG-PLAY-000617907 | | Amendment Five to Mobile Application Distribution Agreement (10/22/2015) |
| TEMP0082 | GOOG-PLAY-000617910 | | Amendment Number Three to Mobile Application Distribution Agreement |
| TEMP0083 | GOOG-PLAY-000617919 | | Amendment Three to Mobile Application Distribution Agreement |

JOINT TRIAL EXHIBIT LIST

UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0084 | GOOG-PLAY-000617920 | | Amendment to Mobile Application Distribution Agreement |
| TEMP0085 | GOOG-PLAY-000617921 | | Amendment Six to Mobile Application Distribution Agreement |
| TEMP0086 | GOOG-PLAY-000617924 | | Amendment to Mobile Application Distribution Agreement |
| TEMP0087 | GOOG-PLAY-000617925 | | Amendment to Mobile Application Distribution Agreement |
| TEMP0088 | GOOG-PLAY-000617926 | | Amendment Number Four to Mobile Application Distribution Agreement (03/09/2016) |
| TEMP0089 | GOOG-PLAY-000617928 | | Amendment One to Mobile Application Distribution Agreement (04/18/2016) |
| TEMP0090 | GOOG-PLAY-000617962 | | Amendment to Mobile Application Distribution Agreement (05/02/2016) |
| TEMP0091 | GOOG-PLAY-000617963 | | Amendment Seven to Mobile Application Distribution Agreement  (05/17/2016) |
| TEMP0092 | GOOG-PLAY-000617964 | | Amendment Five to Mobile Application Distribution Agreement (06/20/2016) |
| TEMP0093 | GOOG-PLAY-000617965 | | Amendment Five to Mobile Application Distribution Agreement (06/02/2016) |
| TEMP0094 | GOOG-PLAY-000617966 | | Amendment Two to Mobile Application Distribution Agreement (06/27/2016) |
| TEMP0095 | GOOG-PLAY-000617995 | | Amendment to Mobile Application Distribution Agreement  (08/01/2016) |
| TEMP0096 | GOOG-PLAY-000617996 | | Amendment to Mobile Application Distribution Agreement  (07/18/2016) |
| TEMP0097 | GOOG-PLAY-000618017 | | Amendment to Mobile Application Distribution Agreement(07/18/2016) |
| TEMP0098 | GOOG-PLAY-000618018 | | Amendment Two to Mobile Application Distribution Agreement (09/01/2016) |
| TEMP0099 | GOOG-PLAY-000618062 | | Amendment No. 1 to the Mobile Application Distribution Agreement (10/28/2016) |
| TEMP0100 | GOOG-PLAY-000618064 | | Amendment Three to Mobile Application Distribution Agreement  (12/16/2016) |
| TEMP0101 | GOOG-PLAY-000618065 | | Amendment Six to Mobile Application Distribution Agreement (12/06/2016) |
| TEMP0102 | GOOG-PLAY-000618066 | | Amendment to Mobile Application Distribution Agreement (12/16/2016) |
| TEMP0103 | GOOG-PLAY-000618072 | | 3PL Mobile Application Distribution Agreement (MADA) (11/22/2016) |
| TEMP0104 | GOOG-PLAY-000618092 | | Amendment Eight to Mobile Application Distribution Agreement (Android)  (12/21/2016) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0105 | GOOG-PLAY-000618094 | | Amendment to Mobile Application Distribution Agreement  (01/30/2017) |
| TEMP0106 | GOOG-PLAY-000618095 | | Amendment to Mobile Application Distribution Agreement (MADA) (02/21/2017) |
| TEMP0107 | GOOG-PLAY-000618100 | | 3PL Mobile Application Distribution Agreement (MADA)  (01/24/2017) |
| TEMP0108 | GOOG-PLAY-000618141 | | 3PL Mobile Application Distribution Agreement (MADA)(02/21/2017) |
| TEMP0109 | GOOG-PLAY-000618255 | | Amendment to Mobile Application Distribution Agreement (03/31/2017) |
| TEMP0110 | GOOG-PLAY-000618256 | | Amendment to Mobile Application Distribution Agreement(04/19/2017) |
| TEMP0111 | GOOG-PLAY-000618257 | | Amendment Three to Mobile Application Distribution Agreement (04/18/2017) |
| TEMP0112 | GOOG-PLAY-000618258 | | Amendment Nine to Mobile Application Distribution Agreement (03/15/2017) |
| TEMP0113 | GOOG-PLAY-000618259 | | Amendment Seven to Mobile Application Distribution Agreement  (04/02/2017) |
| TEMP0114 | GOOG-PLAY-000618260 | | Amendment Four to Mobile Application Distribution Agreement  (04/26/2017) |
| TEMP0115 | GOOG-PLAY-000618261 | | Mobile Application Distribution Agreement (MADA) (04/18/2017) |
| TEMP0116 | GOOG-PLAY-000618341 | PX 1052 | Mobile Application Distribution Agreement (07/01/2020) |
| TEMP0117 | GOOG-PLAY-000618521 | | Mobile Application Distribution Agreement (MADA) (08/07/2017) |
| TEMP0118 | GOOG-PLAY-000618541 | | Amendment to the Mobile Application Distribution Agreement (08/23/2017) |
| TEMP0119 | GOOG-PLAY-000618553 | | Amendment to Mobile Application Distribution Agreement  (07/10/2017) |
| TEMP0120 | GOOG-PLAY-000618559 | | Mobile Application Distribution Agreement (MADA) (10/08/2017) |
| TEMP0121 | GOOG-PLAY-000618582 | | Amendment to Mobile Application Distribution Agreement (07/27/2017) |
| TEMP0122 | GOOG-PLAY-000618583 | | Mobile Application Distribution Agreement (MADA) (08/01/2017) |
| TEMP0123 | GOOG-PLAY-000618633 | | Mobile Application Distribution Agreement (MADA) (09/01/2017) |
| TEMP0124 | GOOG-PLAY-000618658 | | Mobile Application Distribution Agreement (MADA)  (08/01/2017) |
| TEMP0125 | GOOG-PLAY-000618681 | | Mobile Application Distribution Agreement (MADA)  (08/01/2017) |

JOINT TRIAL EXHIBIT LIST

UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0126 | GOOG-PLAY-000618704 | | Mobile Application Distribution Agreement (MADA) (08/01/2017) |
| TEMP0127 | GOOG-PLAY-000618725 | | Amendment Eight to Mobile Application Distribution Agreement  (08/14/2017) |
| TEMP0128 | GOOG-PLAY-000618726 | | Mobile Application Distribution Agreement (MADA)  (07/01/2017) |
| TEMP0129 | GOOG-PLAY-000618749 | | Mobile Application Distribution Agreement (MADA)  (07/01/2017) |
| TEMP0130 | GOOG-PLAY-000618863 | | Mobile Application Distribution Agreement (MADA)  (08/18/2017) |
| TEMP0131 | GOOG-PLAY-000618885 | | Mobile Application Distribution Agreement (MADA) (10/23/2017) |
| TEMP0132 | GOOG-PLAY-000618986 | | Amendment Five to Mobile Application Distribution Agreement (11/17/2017) |
| TEMP0133 | GOOG-PLAY-000619045 | | Amendment NIne to Mobile Application Distribution Agreement  (09/29/2017) |
| TEMP0134 | GOOG-PLAY-000619058 | | Mobile Application Distribution Agreement (MADA) (3PL)  (10/01/2017) |
| TEMP0135 | GOOG-PLAY-000619081 | | Amendment Six to Mobile Application Distribution Agreement  (11/20/2017) |
| TEMP0136 | GOOG-PLAY-000619109 | | Mobile Application Distribution Agreement (MADA) (3PL) (01/01/2018) |
| TEMP0137 | GOOG-PLAY-000619144 | | Amendment to the Mobile Application Distribution Agreement  (04/25/2018) |
| TEMP0138 | GOOG-PLAY-000619149 | | Android Go Amendment to the Mobile Application Distribution Agreement (05/04/2018) |
| TEMP0139 | GOOG-PLAY-000619161 | | Amendment to the Mobile Application Distribution Agreement  (05/02/2018) |
| TEMP0140 | GOOG-PLAY-000619165 | | Amendment to the Mobile Application Distribution Agreement (04/03/2018) |
| TEMP0141 | GOOG-PLAY-000619190 | | Mobile Application Distribution Agreement (MADA) (3PL)  (04/01/2018) |
| TEMP0142 | GOOG-PLAY-000619306 | | Mobile Application Distribution Agreement (MADA)  (10/01/2018) |
| TEMP0143 | GOOG-PLAY-000619401 | | European Mobile Application Distribution Agreement (EMADA) (10/29/2018) |
| TEMP0144 | GOOG-PLAY-000619452 | | Amendment to Mobile Application Distribution Agreement (MADA) (11/06/2018) |
| TEMP0145 | GOOG-PLAY-000619484 | | European Mobile Application Distribution Agreement (EMADA)  (10/29/2018) |
| TEMP0146 | GOOG-PLAY-000619514 | | European Mobile Application Distribution Agreement (EMADA) (12/01/2018) |

JOINT TRIAL EXHIBIT LIST

UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0147 | GOOG-PLAY-000619579 | | European Mobile Application Distribution Agreement (EMADA) (10/29/2018) |
| TEMP0148 | GOOG-PLAY-000619636 | | European Mobile Application Distribution Agreement (EMADA) (10/29/2018) |
| TEMP0149 | GOOG-PLAY-000619866 | | Amendment to the Mobile Application Distribution Agreement  (06/27/2019) |
| TEMP0150 | GOOG-PLAY-000619896 | | Amendment to the Mobile Application Distribution Agreement  (08/27/2019) |
| TEMP0151 | GOOG-PLAY-000619897 | | Mobile Application Distribution Agreement (MADA) (07/01/2019) |
| TEMP0152 | GOOG-PLAY-000619949 | | Mobile Application Distribution Agreement (MADA)  (07/01/2019) |
| TEMP0153 | GOOG-PLAY-000620054 | | Google Mobile Application Distribution Agreement (MADA) Amendment One (08/06/2019) |
| TEMP0154 | GOOG-PLAY-000620057 | | Google Mobile Application Distribution Agreement (MADA) Amendment One (08/06/2019) |
| TEMP0155 | GOOG-PLAY-000620095 | | Mobile Application Distribution Agreement (MADA) Amendment One  (08/13/2019) |
| TEMP0156 | GOOG-PLAY-000620097 | | Google Mobile Application Distribution Agreement (MADA) Amendment Three (08/29/2019) |
| TEMP0157 | GOOG-PLAY-000620098 | | Google Mobile Application Distribution Agreement (MADA) Amendment Four (09/12/2019) |
| TEMP0158 | GOOG-PLAY-000620111 | | Amendment to the Mobile Application Distribution Agreement  (09/26/2019) |
| TEMP0159 | GOOG-PLAY-000620119 | | Extention Amendment to Google Mobile Application Distribution Agreement (MADA) (11/26/2019) |
| TEMP0160 | GOOG-PLAY-000620120 | | Amendment No. 1 - Google (01/03/2020) |
| TEMP0161 | GOOG-PLAY-000620131 | | Google Mobile Revenue Share Agreement (03/01/2020) |
| TEMP0162 | GOOG-PLAY-000620210 | | Google Mobile Revenue Share Agreement (02/15/2021) |
| TEMP0163 | GOOG-PLAY-000620282 | | Google Mobile Revenue Share Agreement 2020 (02/15/2021) |
| TEMP0164 | GOOG-PLAY-000620332 | | Amendment to the Mobile Application Distribution Agreement (11/30/2019) |
| TEMP0165 | GOOG-PLAY-000620334 | | Amendment No. 2 - Google  (01/10/2020) |
| TEMP0166 | GOOG-PLAY-000620339 | | Amendment No. 2 to Mobile Application Distribution Agreement (MADA)  (01/02/2020) |

JOINT TRIAL EXHIBIT LIST
UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0167 | GOOG-PLAY-000620360 | | Amendment to European Mobile Application Distribution Agreement (EMADA) (01/15/2020) |
| TEMP0168 | GOOG-PLAY-000620369 | | Amendment to Mobile Application Distribution Agreement (MADA)  (01/15/2020) |
| TEMP0169 | GOOG-PLAY-000620442 | | Google Mobile Revenue Share Agreement (03/01/2020) |
| TEMP0170 | GOOG-PLAY-000620478 | | Google Mobile Revenue Share Agreement (02/15/2021) |
| TEMP0171 | GOOG-PLAY-000620638 | | Google Mobile Revenue Share Agreement (02/15/2021) |
| TEMP0172 | GOOG-PLAY-000620770 | | Google Mobile Revenue Share Agreement (09/01/2020) |
| TEMP0173 | GOOG-PLAY-000620814 | | Google Mobile Revenue Share Agreement for Turkey (09/01/2020) |
| TEMP0174 | GOOG-PLAY-000620837 | | Amendment No. 2 to the Google Mobile Revenue Share Agreement  (07/06/2020) |
| TEMP0175 | GOOG-PLAY-000620892 | | Mobile Application Distribution Agreement (MADA)  (10/01/2020) |
| TEMP0176 | GOOG-PLAY-000620966 | | Mobile Application Distribution Agreement (MADA)  (01/01/2011) |
| TEMP0177 | GOOG-PLAY-000621050 | | Mobile Application Distribution Agreement (Android)  (06/01/2010) |
| TEMP0178 | GOOG-PLAY-000621075 | | Mobile Application Distribution Agreement (Android)  (10/01/2009) |
| TEMP0179 | GOOG-PLAY-000621085 | | Mobile Application Distribution Agreement (Android) (01/01/2011) |
| TEMP0180 | GOOG-PLAY-000621097 | | Amendment Agreement Number One (10/08/2010) |
| TEMP0181 | GOOG-PLAY-000621122 | | Mobile Application Distribution Agreement (Android)(07/01/2011) |
| TEMP0182 | GOOG-PLAY-000621165 | | Amendment One to Mobile Application Distribution Agreement  (03/09/2012) |
| TEMP0183 | GOOG-PLAY-000621177 | | Mobile Application Distribution Agreement (Android)(06/01/2009) |
| TEMP0184 | GOOG-PLAY-000808375 | | Mobile Application Distribution Agreement (MADA) (3PL) (02/15/2021) |
| TEMP0185 | GOOG-PLAY-000808464 | | Undated spreadsheet titled "Play Entitlements Data by Categ" |
| TEMP0186 | GOOG-PLAY-000857382 | | Mobile Application Distribution Agreement (Android)  (01/01/2011) |
| TEMP0187 | GOOG-PLAY-000857437 | | Mobile Application Distribution Agreement (Android) (01/01/2011) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0188 | GOOG-PLAY-000929031 | PX0162 Lawrence Koh | Document dated 3/9/2020 titled "Games Velocity Program Addendum to the Google Play Developer Distribution Agreement" |
| TEMP0189 | GOOG-PLAY-001089608 | | Mobile Application Distribution Agreement (Android)  (07/01/2012) |
| TEMP0190 | GOOG-PLAY-001089914 | | Amendment to European Mobile Application Distribution Agreement (EMADA) (04/23/2019) |
| TEMP0191 | GOOG-PLAY-001089924 | | Amendment No. 2 - Google  (01/10/2020) |
| TEMP0192 | GOOG-PLAY-001089952 | | Turkey Mobile Application Distribution Agreement (TMADA) (03/01/2020) |
| TEMP0193 | GOOG-PLAY-001089978 | | Amendment to the Mobile Application Distribution Agreement, Europe Mobile Application Distribution Agreement, Turkey Mobile Application Agreement (05/15/2020) |
| TEMP0194 | GOOG-PLAY-001089985 | | Amendment No. 1 to Android Go Amendment to the Mobile Application Distribution Agreement (MADA) and the European Mobile Application Distribution Agreement (EMADA) (07/13/2020) |
| TEMP0195 | GOOG-PLAY-001089995 | | Amendment to the Mobile Application Distribution Agreement, Europe Mobile Application Distribution Agreement, Turkey Mobile Application Agreement (12/29/2020) |
| TEMP0196 | GOOG-PLAY-001089998 | | Mobile Application Distribution Agreement (Android) (07/01/2010) |
| TEMP0197 | GOOG-PLAY-001090102 | | Amendment to the Mobile Application Distribution Agreement, Europe Mobile Application Distribution Agreement, Turkey Mobile Application Agreement  (09/01/2020) |
| TEMP0198 | GOOG-PLAY-001090167 | | Android Compatability Commitment(01/30/2012) |
| TEMP0199 | GOOG-PLAY-001090227 | PX0373 Michael Marchak, Ned Barnes; PX0429 Christian Cramer; PX0430 Christian Cramer | Undated spreadsheet with Play Store revenue data |
| TEMP0200 | GOOG-PLAY-001167285 | | Document dated 6/26/2013 titled "Mobile Application Distribution Agreement (Android)" |
| TEMP0201 | GOOG-PLAY-001362292 | | Undated document titled "Android Market Revenue Share Agreement (Android Market for Mobile Operators)" |
| TEMP0202 | GOOG-PLAY-001377621 | | Global Cooperation Agreement  (06/21/2017) |
| TEMP0203 | GOOG-PLAY-001424478 | | Amendment No. 2 to Global Cooperation Agreement  (08/10/2009) |
| TEMP0204 | GOOG-PLAY-001427091 | PX 1328 | Mobile Agreement (2/4/2011) |

JOINT TRIAL EXHIBIT LIST

UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0205 | GOOG-PLAY-001467154 | | Document dated 8/29/2012 titled "Android Search and Google Play Revenue Share Agreement" |
| TEMP0206 | GOOG-PLAY-001471037 | | Mobile Application Distribution Agreement (Android) (01/01/2011) |
| TEMP0207 | GOOG-PLAY-001477713 | | Mobile Appication Distribution Agreement (Android) (11/01/2009) |
| TEMP0208 | GOOG-PLAY-001507601 | | App Catalog Data |
| TEMP0209 | GOOG-PLAY-001507602 | | App Catalog Data Key |
| TEMP0210 | GOOG-PLAY-001507772 | PX 0440 | Undated spreadsheet with Android investment data |
| TEMP0211 | GOOG-PLAY-001507790 | PX 1322 | Executed Document Confidential Carrier Billing Addendum to Android Market Revenue Share Agreement  (3/12/2021) |
| TEMP0212 | GOOG-PLAY-001507811 | | Document dated 7/22/2011 titled "Amendment Number 1 to the Android Market Revenue Share Agreement" |
| TEMP0213 | GOOG-PLAY-001507950 | PX1321 Jeffrey Ezell | Document dated 1/5/2010 titled "Android Market Revenue Share Agreement (Android Market for Mobile Operators)" |
| TEMP0214 | GOOG-PLAY-001507950 | PX 1321 | Android Market Revenue Share Agreement (01/05/2010) |
| TEMP0215 | GOOG-PLAY-001508603 | PX2914 Zhiyun Qian; PX0677 Sameer Samat; PX 1192 | Undated spreadsheet titled "Apps by Source" |
| TEMP0216 | GOOG-PLAY-001547354 | | Undated document titled "Amendment One to the Google Co-Developed Device Strategic Marketing Agreement" |
| TEMP0217 | GOOG-PLAY-001745337 | | Document dated 6/24/2014 titled "Mobile Application Distribution Agreement (MADA)" |
| TEMP0218 | GOOG-PLAY-001745388 | | Amendment to Mobile Application Distribution Agreement (03/17/2016) |
| TEMP0219 | GOOG-PLAY-001745389 | | Amendment to Mobile Application Distribution Agreement Execcution Copy (07/14/2016) |
| TEMP0220 | GOOG-PLAY-001745410 | | Amendment Two to Mobile Application Distribution Agreement (12/19/2016) |
| TEMP0221 | GOOG-PLAY-001745411 | | Amendment to Mobile Application Distribution Agreement (03/27/2017) |
| TEMP0222 | GOOG-PLAY-001745412 | | Amendment to Mobile Application Distribution Agreement (08/29/2017) |
| TEMP0223 | GOOG-PLAY-001745514 | | Amendment No. 2  (11/15/2019) |
| TEMP0224 | GOOG-PLAY-001745564 | | Google Mobile Revenue Share Agreement (02/15/2021) |

JOINT TRIAL EXHIBIT LIST
UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0225 | GOOG-PLAY-001745614 | | Google Mobile Revenue Share Agreement (03/01/2020) |
| TEMP0226 | GOOG-PLAY-001745664 | | Google Mobile Revenue Share Agreement for Turkey (03/01/2020) |
| TEMP0227 | GOOG-PLAY-001745695 | | Amendment No. 5 to the Mobile Application Distribution Agreement (MADA)  (01/01/2021) |
| TEMP0228 | GOOG-PLAY-001745852 | | Amendment to Mobile Application Distribution Agreement (09/13/2017) |
| TEMP0229 | GOOG-PLAY-001745923 | | Amendment No. 1 to Mobile Application Distribution Agreement (MADA) (08/19/2019) |
| TEMP0230 | GOOG-PLAY-001745943 | | Amendment No. 3 to Mobile Application Distribution Agreement (MADA)  (03/27/2020) |
| TEMP0231 | GOOG-PLAY-001745952 | | Amendment No. 4 to Mobile Application Distribution Agreement (MADA)  (11/29/2020) |
| TEMP0232 | GOOG-PLAY-001745969 | | Document dated 6/22/2009 titled "Mobile Application Distribution Agreement (Android)" |
| TEMP0233 | GOOG-PLAY-001745994 | | Amendment No 6. to Mobile Application Distribution Agreement (MADA) (03/01/2021) |
| TEMP0234 | GOOG-PLAY-001746023 | | Amendment No. 11 to Google Mobile Revenue Share Agreement (05/14/2021) |
| TEMP0235 | GOOG-PLAY-001834687 | | Document dated 6/27/2011 titled "Mobile Agreement (Android)" |
| TEMP0236 | GOOG-PLAY-001905152 | | Mobile Revenue Sharing Agreement for OEMs (Android) (02/01/2011) |
| TEMP0237 | GOOG-PLAY-001905152 | | Document dated 1/31/2011 titled "Mobile Revenue Sharing Agreement for OEMs (Android)" |
| TEMP0238 | GOOG-PLAY-003532752 | | Document dated 2/1/2011 titled "Mobile Agreement" |
| TEMP0239 | GOOG-PLAY-003604122 | | Mobile Application Distribution Agreement (Android)  (06/01/2014) |
| TEMP0240 | GOOG-PLAY-003604149 | | Google Mobile Revenue Share Agreement (02/15/2021) |
| TEMP0241 | GOOG-PLAY-003604185 | | Fourth Amendment to the Mobile Application Distribution  (03/01/2017) |
| TEMP0242 | GOOG-PLAY-003604203 | | European Mobile Application Distribution Agreement (EMADA) (02/26/2019) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0243 | GOOG-PLAY-003604239 | | Amendment to the European Mobile Application Distribution Agreement  (02/27/2019) |
| TEMP0244 | GOOG-PLAY-003604248 | | Amendment to the European Mobile Application Distribution Agreement  (02/27/2019) |
| TEMP0245 | GOOG-PLAY-003604279 | | Amendment to the European Mobile Application Distribution Agreement (EMADA)(01/01/2020) |
| TEMP0246 | GOOG-PLAY-003604300 | | Turkey Mobile Application Distribution Agreement (TMADA) (03/01/2020) |
| TEMP0247 | GOOG-PLAY-003604341 | | Google Mobile Revenue Share Agreement (02/15/2021) |
| TEMP0248 | GOOG-PLAY-003604365 | | Amendment to Mobile Application Distribution Agreement (MADA)  (03/01/2017) |
| TEMP0249 | GOOG-PLAY-003604372 | PX 0791 | Google Mobile Revenue Share Agreement (07/01/2020) |
| TEMP0250 | GOOG-PLAY-003604438 | | Amendment Two to the Mobile Application Distribution Agreement (09/16/2010) |
| TEMP0251 | GOOG-PLAY-003604477 | | Amendment to the Mobile Application Distribution Agreement (03/01/2017) |
| TEMP0252 | GOOG-PLAY-003604490 | | Third Amendment to the Mobile Application Distribution Agreement (03/01/2017) |
| TEMP0253 | GOOG-PLAY-003604514 | | Amendment to European Mobile Application Distribution Agreement (EMADA)(08/04/2020) |
| TEMP0254 | GOOG-PLAY-003604517 | | Amendment to the Mobile Application Distribution Agreement (12/23/2020) |
| TEMP0255 | GOOG-PLAY-003604523 | | Anti-Fragmentation Agreement (05/09/2012) |
| TEMP0256 | GOOG-PLAY-003604546 | | Document titled "Android Search and Google Play Revenue Share Agreement for Mobile Operators" (09/01/2013) |
| TEMP0257 | GOOG-PLAY-003604601 | PX 1325 | Amendment Two to Google Play Revenue Share Agreement (Google Play for Mobile Operators) (02/02/2015) |
| TEMP0258 | GOOG-PLAY-003604606 | | Document dated 2/14/2012 titled "Google Play Revenue Share Agreement (Google Play for Mobile Operators)" |
| TEMP0259 | GOOG-PLAY-003604627 | | Google Mobile Revenue Share Agreement (03/02/2021) |
| TEMP0260 | GOOG-PLAY-003604662 | PX 0954 | Android market Revenue Share Agreement (07/01/2010) |

JOINT TRIAL EXHIBIT LIST
UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0261 | GOOG-PLAY-003604674 | | Google Mobile Revenue Share Agreement (03/02/2021) |
| TEMP0262 | GOOG-PLAY-003604713 | | Amendment Three to Mobile Application Distribution Agreement  (09/01/2015) |
| TEMP0263 | GOOG-PLAY-003604732 | | Google Mobile Revenue Share Agreement (03/02/2021) |
| TEMP0264 | GOOG-PLAY-003604754 | | Google Mobile Revenue Share Agreement (03/02/2021) |
| TEMP0265 | GOOG-PLAY-003604808 | | Undated document titled "Co-Developed Device Strategic Marketing Agreement" |
| TEMP0266 | GOOG-PLAY-003604896 | | Document titled, "Amendment Five to the Co-Developed Device Strategic Marketing Agreement" (03/02/2021) |
| TEMP0267 | GOOG-PLAY-003604958 | | Google Mobile Revenue Share Agreement (03/02/2021) |
| TEMP0268 | GOOG-PLAY-003604991 | | Google Mobile Revenue Share Agreement (03/02/2021) |
| TEMP0269 | GOOG-PLAY-003605074 | | Google Mobile Revenue Share Agreement (03/12/2021) |
| TEMP0270 | GOOG-PLAY-003605103 | | Document titled, "Amendment Six to the Co-Developed Device Strategic Marketing Agreement" (03/12/2021) |
| TEMP0271 | GOOG-PLAY-003605116 | | Google Mobile Revenue Share Agreement (03/12/2021) |
| TEMP0272 | GOOG-PLAY-004123102 | PX1065 Christopher Li | Document dated 11/4/2020 titled "Samsung 2020 Mobile Incentive Agreement(s)" |
| TEMP0273 | GOOG-PLAY-004285484 | PX1125 Nick Sears; PX1339 Justin Mattson | Document dated 1/6/2009 titled "Android Market Developer Distribution Agreement" |
| TEMP0274 | GOOG-PLAY-004328596 | | Undated spreadsheet titled "GfK Custom Research North America" |
| TEMP0275 | GOOG-PLAY-004330637 | | Undated GfK Research document |
| TEMP0276 | GOOG-PLAY-004330716 | | Document dated 5/1/2013 titled "Android Search and Google Play Store Revenue Share Agreement for Mobile Operators" |
| TEMP0277 | GOOG-PLAY-004542114 | | Google Play Revenue Share Agreement (Google Play for Mobile Operators) (02/15/2013) |
| TEMP0278 | GOOG-PLAY-004552342 | | Mobile Application Distribution Agreement (Android) (03/30/2017) |
| TEMP0279 | GOOG-PLAY-005027813 | | Google Mobile Revenue Share Agreement (05/21/2021) |
| TEMP0280 | GOOG-PLAY-005027814 | | Spreadsheet dated 5/6/2021 titled "IDC Quarterly Mobile Phone Tracker- Fiscal Historical 2020 Q4" |

JOINT TRIAL EXHIBIT LIST
UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0281 | GOOG-PLAY-005535885 | | Talos data - Monthly app-level app revenue for U.S. Developers |
| TEMP0282 | GOOG-PLAY-005535886 | | Talos data - Monthly app-level app revenue for U.S. Consumers |
| TEMP0283 | GOOG-PLAY-005577045 | PX 1764 | Excel workbook titled, "30(b)(6)" (2/12/2020) |
| TEMP0284 | GOOG-PLAY-005706073 | | Document dated 9/1/2014 titled "Google Search Revenue Share Agreement" |
| TEMP0285 | GOOG-PLAY-005706180 | | Mobile Application Distribution Agreement (MADA) (11/01/2017) |
| TEMP0286 | GOOG-PLAY-005706338 | PX 1054 | Google Mobile Incentive Agreement (04/01/2020) |
| TEMP0287 | GOOG-PLAY-005706392 | | Google Mobile Revenue Share Agreement (02/15/2021) |
| TEMP0288 | GOOG-PLAY-005706436 | | Google Mobile Revenue Share Agreement (04/01/2020) |
| TEMP0289 | GOOG-PLAY-005706485 | PX 1066 | 2020 Mobile Incentive Agreement(s) - Executive Summary (11/04/2020) |
| TEMP0290 | GOOG-PLAY-005706515 | PX 1067 | Go-To Market Incentive Payments Pool Agreement (11/01/2020) |
| TEMP0291 | GOOG-PLAY-005706573 | | Google Mobile Revenue Share Agreement (02/15/2021) |
| TEMP0292 | GOOG-PLAY-005706588 | | Document dated 9/1/2014 titled "Mobile Application Distribution Agreement (MADA)" |
| TEMP0293 | GOOG-PLAY-005706676 | | Google Mobile Revenue Share Agreement (04/01/2020) |
| TEMP0294 | GOOG-PLAY-005706728 | | Google Mobile Revenue Share Agreement (04/01/2020) |
| TEMP0295 | GOOG-PLAY-005706894 | | Google Mobile Revenue Share Agreement (07/01/2020) |
| TEMP0296 | GOOG-PLAY-005706961 | | Amendment No. 3 to Global Cooperation Agreement (12/01/2009) |
| TEMP0297 | GOOG-PLAY-005955172 | | Google Mobile Revenue Share Agreement (05/20/2021) |
| TEMP0298 | GOOG-PLAY-006409808 | | Subscribe with Google Addendum to the Google Play Developer Distribution Agreement (03/06/2018) |
| TEMP0299 | GOOG-PLAY-007038477 | | Google Mobile Revenue Share Agreement (04/01/2021) |
| TEMP0300 | GOOG-PLAY-007038511 | | Google Mobile Revenue Share Agreement (04/01/2021) |
| TEMP0301 | GOOG-PLAY-007203251 | | Transactional Data |
| TEMP0302 | GOOG-PLAY-007203253 | | Google Mobile Revenue Share Agreement (09/30/2021) |

JOINT TRIAL EXHIBIT LIST
UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0303 | GOOG-PLAY-007203253.R | | Undated spreadsheet with device data by country |
| TEMP0304 | GOOG-PLAY-007203254 | | Excel workbook titled, "Devices that can Install from Unknown Sources"  (08/13/2021) |
| TEMP0305 | GOOG-PLAY-007272068 | | Audio Distribution Accelerator ("ADAP") Addendum to the Google Play Developer Distribution Agreement ("DDA") (11/10/2016) |
| TEMP0306 | GOOG-PLAY-007273051 | | Google Play Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (07/01/2019) |
| TEMP0307 | GOOG-PLAY-007273055 | PX 0145 | Google Play Games Velocity Program: Addendum to the Google Play Developer Distribution Agreement (07/01/2019) |
| TEMP0308 | GOOG-PLAY-007273059 | PX 0146 | Google Ads Credits Addendum (09/08/2019) |
| TEMP0309 | GOOG-PLAY-007273160 | | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (Google and illegible) (10/25/2019) |
| TEMP0310 | GOOG-PLAY-007273168 | | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (11/05/2019) |
| TEMP0311 | GOOG-PLAY-007273234 | | Google Play Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (11/06/2019) |
| TEMP0312 | GOOG-PLAY-007273259 | | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement(11/21/2019) |
| TEMP0313 | GOOG-PLAY-007273267 | | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (02/28/2020) |
| TEMP0314 | GOOG-PLAY-007273309 | | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (03/30/2020) |
| TEMP0315 | GOOG-PLAY-007273358 | | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (07/29/2020) |
| TEMP0316 | GOOG-PLAY-007273404 | | Google Mobile Revenue Share Agreement (06/16/2021) |

JOINT TRIAL EXHIBIT LIST

UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0317 | GOOG-PLAY-007273439 | PX 0153 | Document Titled Google Play Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (01/25/2020) |
| TEMP0318 | GOOG-PLAY-007273439 | PX0153 Lawrence Koh | Document dated 1/24/2020 titled "Google Play Games Velocity Program Addendum to the Google Play Developer Distribution Agreement" |
| TEMP0319 | GOOG-PLAY-007335206 | | Excel Workbook Titled, "Install Sources of Non-Play Apps" |
| TEMP0320 | GOOG-PLAY-007335206 | | Undated spreadsheet with install data |
| TEMP0321 | GOOG-PLAY-007335447 | | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (12/03/2019) |
| TEMP0322 | GOOG-PLAY-007335471 | | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (01/19/2021) |
| TEMP0323 | GOOG-PLAY-007335476 | | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (07/24/2020) |
| TEMP0324 | GOOG-PLAY-007335499 | PX 0163 | Document titled, "Google Ads Credits Addendum" (06/16/2021) |
| TEMP0325 | GOOG-PLAY-007335499 | PX0163 Lawrence Koh | Undated document titled "Google Ads Credits Addendum" |
| TEMP0326 | GOOG-PLAY-007335585 | | Google Mobile Revenue Share Agreement (06/16/2021) |
| TEMP0327 | GOOG-PLAY-007335789 | | Undated spreadsheet with purchasing data |
| TEMP0328 | GOOG-PLAY-007335790 | | Undated spreadsheet with purchasing data |
| TEMP0329 | GOOG-PLAY-007335791 | | Undated spreadsheet with purchasing data |
| TEMP0330 | GOOG-PLAY-007335792 | | Undated spreadsheet with purchasing data |
| TEMP0331 | GOOG-PLAY-007335793 | | Undated spreadsheet with purchasing data |
| TEMP0332 | GOOG-PLAY-007335794 | | Undated spreadsheet with purchasing data |
| TEMP0333 | GOOG-PLAY-007335811 | | Google Play Developer Satisfaction - Verbatim Comments (Wave 1) |
| TEMP0334 | GOOG-PLAY-007335814 | | Google Play Developer Satisfaction - Verbatim Comments (Wave 2) |
| TEMP0335 | GOOG-PLAY-007335817 | | Google Play Developer Satisfaction - Verbatim Comments (Wave 3) |
| TEMP0336 | GOOG-PLAY-007335820 | | Google Play Developer Satisfaction - Verbatim Comments (Wave 4) |
| TEMP0337 | GOOG-PLAY-007335824 | | Google Play Developer Satisfaction - Verbatim Comments (Wave 5) |

JOINT TRIAL EXHIBIT LIST

UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0338 | GOOG-PLAY-007335829 | | Google Play Developer Satisfaction - Verbatin Comments (Wave 6) |
| TEMP0339 | GOOG-PLAY-007335833 | | Google Play Developer Satisfaction - Verbatin Comments (Wave 7) |
| TEMP0340 | GOOG-PLAY-007335837 | | Google Play Developer Satisfaction - Verbatin Comments (Wave 8) |
| TEMP0341 | GOOG-PLAY-007335841 | | Google Play Developer Satisfaction - Verbatin Comments (Wave 9) |
| TEMP0342 | GOOG-PLAY-007335845 | | Google Play Developer Satisfaction - Verbatin Comments (Wave 10) |
| TEMP0343 | GOOG-PLAY-007335849 | | Google Play Developer Satisfaction - Verbatin Comments (Wave 11) |
| TEMP0344 | GOOG-PLAY-007335854 | | Google Play Developer Satisfaction - Verbatin Comments (Wave 12) |
| TEMP0345 | GOOG-PLAY-007335858 | | Google Play Developer Satisfaction - Verbatin Comments (Wave 13) |
| TEMP0346 | GOOG-PLAY-007335862 | | Google Play Developer Satisfaction - Verbatin Comments (Wave 14) |
| TEMP0347 | GOOG-PLAY-007376204 | | Undated spreadsheet with purchasing data |
| TEMP0348 | GOOG-PLAY-007376207 | | Undated spreadsheet with purchasing data |
| TEMP0349 | GOOG-PLAY-007376323 | | Undated spreadsheet with device data by country |
| TEMP0350 | GOOG-PLAY-007376324 | | Undated spreadsheet with app data |
| TEMP0351 | GOOG-PLAY-007376328 | | Undated spreadsheet with device data by country |
| TEMP0352 | GOOG-PLAY-007415527 | | Google Mobile Revenue Share Agreement (10/30/2019) |
| TEMP0353 | GOOG-PLAY-007505091 | | Apps Velocity Program Addendum to the Google Play Developer Distribution Agreement (06/23/2021) |
| TEMP0354 | GOOG-PLAY-007505153 | | Google Mobile Revenue Share Agreement (10/21/2021) |
| TEMP0355 | GOOG-PLAY-007618973 | PX 1468 | Excel workbook titled, " PG" |
| TEMP0356 | GOOG-PLAY-007622187 | PX 1580 | Excel Workbook titled, "Instructions Resources" |
| TEMP0357 | GOOG-PLAY-007847561 | PX 1980 | Document titled, "Terms for Strategic Partnership"  (06/16/2021) |
| TEMP0358 | GOOG-PLAY-007847561 | PX1980 Zerza, Armin | Undated document titled "Terms for Strategic Partnership" |
| TEMP0359 | GOOG-PLAY-007847579 | | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement (03/10/2020) |

JOINT TRIAL EXHIBIT LIST
UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0360 | GOOG-PLAY-007847579 | | Document dated 3/9/2020 titled "Games Velocity Program Addendum to the Google Play Developer Distribution Agreement" |
| TEMP0361 | GOOG-PLAY-007925363 | PX 0819 | Mobile Application Distribution Agreement (06/17/2014) |
| TEMP0362 | GOOG-PLAY-008166112 | | Play Transaction Revenue Share Payments data Excel Sheet (12/08/2021) |
| TEMP0363 | GOOG-PLAY-008441132 | | Document dated 7/1/2010 titled "Android Market Revenue Share Agreement (Android Market for Mobile Operators)" |
| TEMP0364 | GOOG-PLAY-009214151 | | Google Mobile Revenue Share Agreement (06/16/2021) |
| TEMP0365 | GOOG-PLAY-009214167 | | Google Mobile Revenue Share Agreement (06/16/2021) |
| TEMP0366 | GOOG-PLAY-009318047 | | Mobile Application Distribution Agreement (Android) (05/01/2009) |
| TEMP0367 | GOOG-PLAY-009347142 | | Document dated 10/1/2014 titled "Amendment Five to the Co-Developed Device Strategic Marketing Agreement" |
| TEMP0368 | GOOG-PLAY-009570209 | | Google Mobile Revenue Share Agreement (08/05/2016) |
| TEMP0369 | GOOG-PLAY-009607450 | | Mobile Application Distribution Agreement (MADA) (09/01/2014) |
| TEMP0370 | GOOG-PLAY-009640439 | | Mobile Application Distribution Agreement (MADA) (11/01/2017) |
| TEMP0371 | GOOG-PLAY-009650343 | PX 1115 | Document titled, "Joint Cooperation Agreement" (07/31/2015) |
| TEMP0372 | GOOG-PLAY-009734626 | PX1421 Kirsten Rasanen | Undated document titled "Google Play App Access Program Addendum to the Google Play Developer Distribution Agreement ("DDA")" |
| TEMP0373 | GOOG-PLAY-010203197 | | Document dated 6/21/2007 titled "Amendment No. 5 to Global Cooperation Agreement" |
| TEMP0374 | GOOG-PLAY-010207461 | | Document dated 12/1/2011 titled "Mobile Agreement (Android)" |
| TEMP0375 | GOOG-PLAY-010469917 | PX 0961 | Mobile Application Distribution Agreement (Android) (06/01/2001) |
| TEMP0376 | GOOG-PLAY-010511166 | | Mobile Application Distribution Agreement (Andoid) (03/01/2009) |
| TEMP0377 | GOOG-PLAY-010569450 | | Undated spreadsheet with GAIA purchasing data |
| TEMP0378 | GOOG-PLAY-010646939 | PX 0955 | Mobile Agreement (03/02/2021) |

JOINT TRIAL EXHIBIT LIST
UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0379 | GOOG-PLAY-010661066 | | Document titled: "Games Velocity Program Addendum to the Google Play Developer Distribution Agreement" (10/29/2019) |
| TEMP0380 | GOOG-PLAY-010661592 | | Document dated 11/14/2016 titled "Google Play App Access Program Addendum to the Google Play Developer Distribution Agreement" |
| TEMP0381 | GOOG-PLAY-010661629 | PX 1433 | Document dated 6/5/2017 titled "Google Play App Access Program Addendum to the Google Play Developer Distribution Agreement" |
| TEMP0382 | GOOG-PLAY-010662251 | | Document titled: "Games Velocity Program Addendum to the Google Play Developer Distribution Agreement" (03/04/2020) |
| TEMP0383 | GOOG-PLAY-010662562 | | Document dated 12/17/2020 titled "Amendment No. 1" |
| TEMP0384 | GOOG-PLAY-010683311 | | Document dated 2/2/2017 titled "Google Play App Access Program Addendum to the Google Play Developer Distribution Agreement" |
| TEMP0385 | GOOG-PLAY-010790927 | | Undated spreadsheet with device data by country |
| TEMP0386 | GOOG-PLAY-010801562 | | Undated spreadsheet with RSA device data for EEA |
| TEMP0387 | GOOG-PLAY-010801563.R | | Undated spreadsheet with RSA device data for APAC and ROW |
| TEMP0388 | GOOG-PLAY-010801564 | | Undated spreadsheet with RSA device data for MEA |
| TEMP0389 | GOOG-PLAY-010801565 | | Undated spreadsheet with RSA device data for Developing APAC |
| TEMP0390 | GOOG-PLAY-010801566 | | Undated spreadsheet with RSA device data for North America, LAT. AM., and Europe |
| TEMP0391 | GOOG-PLAY-010801567 | | Undated spreadsheet with USA RSA device data |
| TEMP0392 | GOOG-PLAY-010801633 | | Document dated 2020 titled "IDC's Worldwide Mobile Phone Tracker Taxonomy" |
| TEMP0393 | GOOG-PLAY-010801680 | DX 1029 | Spreadsheet dated 2021 with Play Store cost and revenue data |
| TEMP0394 | GOOG-PLAY-010801683 | | Undated spreadsheet with app store data by country |
| TEMP0395 | GOOG-PLAY-010801685.R | DX1081 Ned S. Barnes | Play Revenue by App Category data spread sheet (05/04/2022) |

JOINT TRIAL EXHIBIT LIST
UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0396 | GOOG-PLAY-010801686.R | DX1082 Ned S. Barnes | Undated spreadsheet containing App Developer's Google Play Store Revenue 2012-2021 |
| TEMP0397 | GOOG-PLAY-010801688 | | Talos data - refresh data set |
| TEMP0398 | GOOG-PLAY-010801689 | | Talos data - refresh data set |
| TEMP0399 | GOOG-PLAY-010873444 | | Undated spreadsheet with Android investment data |
| TEMP0400 | GOOG-PLAY-011127880 | | Excel charting number of app installs picked up by Play Protect by install method |
| TEMP0401 | GOOG-PLAY-011142435 | | Excel charting app installs, categorized by either Play or off-Play installs |
| TEMP0402 | GOOG-PLAY-011249827 | | Google Mobile Revenue Share Agreement (05/04/2022) |
| TEMP0403 | GOOG-PLAY-011249830 | | Google Mobile Revenue Share Agreement (05/04/2022) |
| TEMP0404 | GOOG-PLAY-011249842 | | Google Mobile Revenue Share Agreement (05/04/2022) |
| TEMP0405 | GOOG-PLAY-011249875 | | Document titled: "Apps Velocity Program Addendum to the Google Play Developer Distribution Agreement" (07/13/2021) |
| TEMP0406 | GOOG-PLAY-011250003 | | Document titled: "Attachment A - Marketing Activity Promotion Title: App Velocity Program - Developer Managed Promotions" (12/17/2021) |
| TEMP0407 | GOOG-PLAY-011250116 | PX 1532; 2058 | Google Play Better Together Program Partnership ("Program") Addendum to the Google Play Developer Distribution Agreement (06/14/2022) |
| TEMP0408 | GOOG-PLAY-011268925 | | Google Mobile Revenue Share Agreement (06/30/2014) |
| TEMP0409 | GOOG-PLAY-011354602 | | Undated spreadsheet containing Android device data by country |
| TEMP0410 | GOOG-PLAY-011420445 | PX 1466 | Excel workbook titled, "GL Account" |
| TEMP0411 | GOOG-PLAY-011589329 | | Document dated 9/8/2017 titled "Amendment to Google Play App Access Program Addendum to the Google Play Developer Distribution Agreement" |
| TEMP0412 | GOOG-PLAY-011607542 | | Android LTVs 2021 data spreadsheet (6/2021) |
| TEMP0413 | GOOG-PLAY-011607543 | | Android LTVs 2017 data spreadsheet (3/2017) |
| TEMP0414 | GOOG-PLAY-011607544 | | Android LTVs 2022 data spreadsheet (2/2022) |

JOINT TRIAL EXHIBIT LIST
UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0415 | GOOG-PLAY-011607545 | | Android LTVs 2017 data spreadsheet (12/2017) |
| TEMP0416 | GOOG-PLAY-011657415 | | Undated spreadsheet containing RSA data for Developed APAC |
| TEMP0417 | GOOG-PLAY-011657416 | | Undated spreadsheet containing RSA data for Developing APAC |
| TEMP0418 | GOOG-PLAY-011657417 | | Undated spreadsheet containing RSA data for EEA pt. 1 |
| TEMP0419 | GOOG-PLAY-011657418 | | Undated spreadsheet containing RSA data for EEA pt. 2 |
| TEMP0420 | GOOG-PLAY-011657419 | | Undated spreadsheet containing RSA data for Europe non-EEA |
| TEMP0421 | GOOG-PLAY-011657420 | | Undated spreadsheet containing RSA data for LAT. AM. |
| TEMP0422 | GOOG-PLAY-011657421 | | Undated spreadsheet containing RSA data for MEA Pt. 1 |
| TEMP0423 | GOOG-PLAY-011657422 | | Undated spreadsheet containing RSA data for MEA Pt. 2 |
| TEMP0424 | GOOG-PLAY-011657423 | | Undated spreadsheet containing RSA data for North America |
| TEMP0425 | GOOG-PLAY-011657424 | | Undated spreadsheet containing RSA data for ROW |
| TEMP0426 | GOOG-PLAY-011657425 | | Undated spreadsheet containing RSA data for US |
| TEMP0427 | GOOG-PLAY-011657426 | | Spreadsheet re Preloaded App Breakdown for Sample Devices. |
| TEMP0428 | GOOG-PLAY-011681859 | | Document titled, "Executive Summary: Amazon - Google Play Partnership Program Agreement (2022)" (07/02/2022) |
| TEMP0429 | GOOG-PLAY-011725219 | | Excel sheet titled "Android B3 Revenue Analysis 02 2012" (07/09/2012) |
| TEMP0430 | GOOG-PLAY-011871711 | | Excel sheet titled "Gross Margin by Product Q4'15" (01/13/2016) |
| TEMP0431 | GOOG-PLAY-011917060 | | Document dated 8/1/2013 titled "Google Play Carrier Billing Agreement (Google Play for Mobile Operators)" |
| TEMP0432 | GOOG-PLAY-011989702 | | Android Search and Google Play Revenue Share Agreement (01/01/2013) |
| TEMP0433 | GOOG-PLAY-012021875 | | Document dated 1/1/2020 titled "Google Play Non-Standard Games Velocity Program Addendum- Executive Summary" |
| TEMP0434 | GOOG-PLAY-012036253 | | Spreadsheet entitled UCB DOB EEA + Row. |
| TEMP0435 | GOOG-PLAY2-000455312 | | Information Services Agreement (ISA) (12/20/2002) |

JOINT TRIAL EXHIBIT LIST

UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0436 | GOOG-PLAY2-000455423 | PX 1492 | Document titled, "Amendment to the Information Services Agreement" (9/30/2016) |
| TEMP0437 | GOOG-PLAY2-000456776 | | Mobile Application Distribution Agreement (MADA) (08/01/2017) |
| TEMP0438 | GOOG-PLAY2-000456929 | | Mobile Application Distribution Agreement (MADA) (10/01/2017) |
| TEMP0439 | GOOG-PLAY2-000474736 | PX 1489 | Document titled, "Joint Cooperation Agreement" (08/26/2020) |
| TEMP0440 | GOOG-PLAY2-000502381 | | Apps Velocity Program Addendu to the Google Play Developer Distribution Agreement (03/19/2021) |
| TEMP0441 | GOOG-PLAY2-000654602 | | Android Search and Google Play Revenue Share Agreement for Mobile Operators (05/17/2013) |
| TEMP0442 | GOOG-PLAY2-001375183 | | Amendment No. 2 to the Google Mobile Revenue Share Agreement (07/2020) |
| TEMP0443 | GOOG-PLAY3-000013044 | | Document dated 6/12/2020 titled "Google Play Developer Distribution Agreement" |
| TEMP0444 | GOOG-PLAY3-000018260 | | Transactional data - refresh |
| TEMP0445 | GOOG-PLAY4-000034628 | | Mobile Application Distribution Agreement (Android) (01/01/2011) |
| TEMP0446 | GOOG-PLAY4-000988867 | | Document dated 1/1/2011 titled "Mobile Services Distribution Agreement" |
| TEMP0447 | GOOG-PLAY4-003081175 | | Document dated 2/1/2015 titled "Amendment two to Google Play Revenue Share Agreement (Google Play for Mobile Operators)" |
| TEMP0448 | GOOG-PLAY4-004086515 | PX 0957 | Amendment No 3 to Global Cooperatoin Agreement (06/21/2007) |
| TEMP0449 | GOOG-PLAY4-004086568 | | Document dated 10/1/2009 titled "Co-Developed Device Strategic Marketing Agreement" |
| TEMP0450 | GOOG-PLAY4-004259430 | PX 0652 | Document titled, "Store Agreement Term Sheet" (06/20/2019) |
| TEMP0451 | GOOG-PLAY4-005406595 | | "Mobile Application Distribution Agreement (MADA) (01/01/2018) |
| TEMP0452 | GOOG-PLAY4-006402390 | | Undated document titled "Android Market Revenue Share Agreement" |
| TEMP0453 | GOOG-PLAY4-006405428 | | Document dated 3/1/2012 titled "Android Market Revenue Share Agreement (Android Market for Mobile Operators)" |
| TEMP0454 | GOOG-PLAY4-006406205 | | Document dated 6/1/2012 titled "Android Market Revenue Share Agreement (Android Market for Mobile Operators)" |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0455 | GOOG-PLAY4-006406936 | | Document dated 11/1/2011 titled "Android Market Revenue Share Agreement (Android Market for Mobile Operators)" |
| TEMP0456 | GOOG-PLAY4-006862053 | | Document dated 7/1/2010 titled "Android Market Revenue Share Agreement (Android Market for Mobile Operators)" |
| TEMP0457 | MATCH-EVG_00001440 | | Undated document titled "Match - US Yearly Downloads" |
| TEMP0458 | MATCH-EVG_00001450 | | Undated document titled "OKC - US Yearly Downloads" |
| TEMP0459 | MATCH-EVG_00001459 | | Undated document titled "POF - US Yearly Downloads" |
| TEMP0460 | MATCH-EVG_00001490 | | Undated document titled "Tinder - US Yearly Downloads" |
| TEMP0461 | MATCHGOOGLE00022155 | | Document entitled Affiliate Merchant Agreement. |
| TEMP0462 | MATCHGOOGLE00022163 | | Document entitled Paymentech, LLC August 2018 Amendment to US Replication Agreement, Merchant Name: Match Group, LLC. |
| TEMP0463 | MATCHGOOGLE00022165 | | Document entitled Schedule A to Merchant Agreement. |
| TEMP0464 | MATCHGOOGLE00022192 | | Document entitled Chase Paymentech, Paymentech, LLC US Replication Agreement Additional Company Amendment, Merchant Name: Match.com, LLC. |
| TEMP0465 | MATCHGOOGLE00022195 | | Document entitled Chase Paymentech US to US Replication Agreement. |
| TEMP0466 | MATCHGOOGLE00022245 | | Document entitled Affiliate Merchant Agreement. |
| TEMP0467 | MATCHGOOGLE00022252 | | Document entitled Affiliate Merchant Agreement. |
| TEMP0468 | MATCHGOOGLE00022354 | | Document dated 6/21/2021 titled "Terms of Use" (Tinder) |
| TEMP0469 | MATCHGOOGLE00022799 | | Document entitled Paymentech, LLC January 2013 Amendment to Select Merchant Payment Card Processing Agreement, Merchant Name: IAC/InterActiveCorp. |
| TEMP0470 | MATCHGOOGLE00022808 | | Document entitled Chase Paymentech Select Merchant Payment Card Processing Agreement. |
| TEMP0471 | MATCHGOOGLE00104981 | | Document entitled Payment Processing Agreement relating to People Media, LLC |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0472 | MATCHGOOGLE00104992 | | Document entitled Amendment #4 to the Payment Processing Agreement. |
| TEMP0473 | MATCHGOOGLE00104993 | | Document entitled Amendment #5 to the Payment Processing Agreement. |
| TEMP0474 | MATCHGOOGLE00104995 | | Document entitled General Data Protection Special Addendum. |
| TEMP0475 | MATCHGOOGLE00105001 | | Document entitled Amendment #3A to Payment Processing Agreement. |
| TEMP0476 | MATCHGOOGLE00105003 | | Document entitled Amendment #1 to the Payment Processing Agreement. |
| TEMP0477 | MATCHGOOGLE00105004 | | Document entitled Amendment #3 to Payment Processing Agreement. |
| TEMP0478 | MATCHGOOGLE00105007 | | Document entitled Amendment #2 to Payment Processing Agreement. |
| TEMP0479 | MATCHGOOGLE00105017 | | Document entitled Merchant Agreement. |
| TEMP0480 | MATCHGOOGLE00105082 | | Document entitled Merchant Services Agreement relating to PlentyofFish Media ULC |
| TEMP0481 | MATCHGOOGLE00105742 | | Undated spreadsheet titled "Match- Monthly First Time Subscribers (Global, Excluding China)" |
| TEMP0482 | MATCHGOOGLE00105743 | | Undated document titled "Match - Monthly First Time Subscribers (Global, Excluding China)" |
| TEMP0483 | MATCHGOOGLE00105770 | | Spreadsheet document titled "OkCupid- Monthly First Time Subscribers (Global, Excludng China)" |
| TEMP0484 | MATCHGOOGLE00105771 | | Undated document titled "OKCupid - Monthly First Time Subscribers (Global, Excluding China)" |
| TEMP0485 | MATCHGOOGLE00105797 | | Spreadsheet entitled OurTime - Monthly First Time Subscribers (Global, Excluding China). |
| TEMP0486 | MATCHGOOGLE00105797 | | Undated document titled "OurTime- Monthly First Time Subscribers (Global, Excluding China)" |
| TEMP0487 | MATCHGOOGLE00105798 | | Undated document titled "OurTime - Monthly First Time Subscribers (Global, Excluding China)" |
| TEMP0488 | MATCHGOOGLE00105815 | | Spreadsheet titled "PlentyofFish Monthly First Time Subscribers (Global, Excluding China)" |
| TEMP0489 | MATCHGOOGLE00105816 | | Undated document titled "PlentyofFish - Monthly First Time Subscribers (Global, Excluding China)" |

JOINT TRIAL EXHIBIT LIST

UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0490 | MATCHGOOGLE00105837 | | Undated document titled "Tinder- Monthly First Time Subscribers (Global, Excluding China)" |
| TEMP0491 | MATCHGOOGLE00107252 | | Undated spreadsheet with Android monthly revenue data |
| TEMP0492 | MATCHGOOGLE00107256 | | Spreadsheet entitled Match - Digital Purchase Behavior. |
| TEMP0493 | MATCHGOOGLE00115545 | | Spreadsheet entitled total_performance.csv. |
| TEMP0494 | MATCHGOOGLE00115554 | | Spreadsheet entitled total_performance.csv. |
| TEMP0495 | MATCHGOOGLE00115559 | | Spreadsheet entitled total_performance. |
| TEMP0496 | MATCHGOOGLE00115561 | | Undated spreadsheet titled "Tinder- Monthly First Time Subscribers (Global, Excluding China)" |
| TEMP0497 | MATCHGOOGLE00115572 | | Document entitled OPC Payments Inc. Merchant Application and Agreement. |
| TEMP0498 | MATCHGOOGLE00115585 | | Document entitled OPC Payments Inc. Merchant Application and Agreement. |
| TEMP0499 | MATCHGOOGLE00115602 | | Document entitled, "NBX Merchant Services Corp. Bank Card Merchant Agreement." |
| TEMP0500 | | | "Google Play Developer Distribution Agreement," Google Play, https://play.google.com/about/developer-distribution-agreement.html (last accessed 6/13/2023) |
| TEMP0501 | | | "Google Play Developer Distribution Agreement," Google Play, https://play.google.com/about/developer-distribution-agreement.html (last accessed 6/13/2023) |
| TEMP0502 | | PX 2870 | Excel Workbook titled, "Monthly Consumer Class Damages for the Period of 2016.05.31 (USD)" - Leonard Backup Document |
| TEMP0503 | DOWNDOG-GOOG_00000177 | DX1157 | Document |
| TEMP0504 | EPIC_GOOGLE_00091287 | DX0168 Vogel, Daniel | 4/21/2020 email from D. Vogel to D. Clay and J. Lefrancois |
| TEMP0505 | EPIC_GOOGLE_00094421 | DX0902 Grant, Andrew | 6/8/2020 email from A. Grant to D. Vogel |
| TEMP0506 | EPIC_GOOGLE_00159498 | DX0003 - Andrew Grant, Christopher Babcock | 3/25/2018 Email from J. Porter to N. Penwarden |
| TEMP0507 | EPIC_GOOGLE_00318136 | DX0062 Sussman, Adam | 4/18/2020 emal from A. Sussman to B. Chu |
| TEMP0508 | EPIC_GOOGLE_00318327 | DX114 Steve Allison | 5/12/2020 email from S. Phan to S. Allison |
| TEMP0509 | EPIC_GOOGLE_01562529 | DX0679 Sweeney, Timothy | 11/18/2019 email from D. Clary to A. Shobin, B. Chu, D. Vogel, D. Hunt, D. Winterbottom, D. Mustard, E. Zobrist, H. Malikm L. Vaughen, M. Weissinger, S. Nellessen |

JOINT TRIAL EXHIBIT LIST

UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0510 | EPIC_GOOGLE_01564342 | | 1/28/2019 email from S. Allison to T. Sweeney |
| TEMP0511 | EPIC_GOOGLE_01582843 | | 9/24/2019 email from J. Sargent to H. Stolfus, J. Kreiner, R. Gelber, J. Calentino, T. Stone, E. Zobrist, D. Block, B. Chu, T. Sweeney, J. Sargent, D. Vogel, H. Malik, M. Weissinger, S. Allison, A. Rubright |
| TEMP0512 | EPIC_GOOGLE_01585748 | DX0172 Daniel Vogel, Alec Shobin | 10/31/2019 email from B. Chu to D. Vogel |
| TEMP0513 | EPIC_GOOGLE_01593111 | DX0011 Grant, Andrew | 4/10/2018 email from J. Barrett to A. Brussee |
| TEMP0514 | EPIC_GOOGLE_01748449 | DX0900 Grant, Andrew | 6/8/2020 email from T. Sweeney to P. Spencer |
| TEMP0515 | EPIC_GOOGLE_01762898 | DX0299 Mark Rein | 8/14/2019 email from M. Rein to E. Zobrist |
| TEMP0516 | EPIC_GOOGLE_01800486 | DX0006 Grant, Andrew | 5/27/2020 email from S. Nolfi to A. Grant, J. Truong, A. Brussee |
| TEMP0517 | EPIC_GOOGLE_02097634 | DX0187 Stolfus, Hans | 8/15/2019 email from H. Stolfus to A. Gupta |
| TEMP0518 | EPIC_GOOGLE_02097703 | DX0065 Sussman, Adam | 1/14/2020 email from A. Sussman to N. Chester |
| TEMP0519 | EPIC_GOOGLE_02183451 | DX0533 Kreiner, Joseph | 1/9/2018 email from A. Broadwater to T. Sweeney |
| TEMP0520 | EPIC_GOOGLE_03128230 | DX0204 - Chris Babcock | 5/3/2018 Email from A. Brussee to J. Porter, C. Babcock, L. Nivison, and N. Penwarden |
| TEMP0521 | EPIC_GOOGLE_03626082 | | Undated presentation titled "Epic Games Company Update" |
| TEMP0522 | EPIC_GOOGLE_03635514 | DX0063 Sussman, Adam | Undated presentation titled "Company Update" |
| TEMP0523 | EPIC_GOOGLE_03875669 | | Undated presentation titled "Epic Games Company Update" |
| TEMP0524 | EPIC_GOOGLE_03905866 | | Undated spreadsheet titled "EGS P&L" |
| TEMP0525 | EPIC_GOOGLE_03977911 | DX0015 Grant, Andrew | Presentation dated 5/10/2019 titled "Fortnite Weekly Mobile Status" |
| TEMP0526 | EPIC_GOOGLE_03981096 | DX0064 Sussman, Adam | Presentation dated 1/30/2020 titled "Sussman Team Offsite" |
| TEMP0527 | EPIC_GOOGLE_03981437 | DX0184 Stolfus, Hans | Undated presentation titled "Fortnite Mobile: Mobile Business Update/Deep Dive" |
| TEMP0528 | EPIC_GOOGLE_04044070 | | 8/31/2018 email from S. Phan to J. Babcock |
| TEMP0529 | EPIC_GOOGLE_04131436 | DX0500 Ko, Thomas | 10/21/2019 messages between E. Strong and T. Ko |
| TEMP0530 | EPIC_GOOGLE_04131443 | DX0496 Ko, Thomas | 12/5/2019 messages between A. Doroftei and T. Ko |
| TEMP0531 | EPIC_GOOGLE_04156577 | DX0503 Ko, Thomas | 6/10/2020 email from D. Stelzer to T. Ko |
| TEMP0532 | EPIC_GOOGLE_04368045 | DX0545 Kreiner, Joseph | 3/6/2019 email from C. Roberts to J. Kreiner |
| TEMP0533 | EPIC_GOOGLE_05131910 | | Undated document titled "Fortnite Item Revenue by Week" |
| TEMP0534 | EPIC_GOOGLE_05183951 | DX710 Randy Gelber | Undated, untitled document about budget |

JOINT TRIAL EXHIBIT LIST
UNDISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description |
|---|---|---|---|
| TEMP0535 | EPIC_GOOGLE_05287735 | | 2/23/2021 email from R. Gelber to T. Sweeney, A. Sussman, D. Vogel, C. Pence |
| TEMP0536 | EPIC_GOOGLE_05287736 | | Presentation dated 2/25/2021 titled "Board of Directors Meeting, Q1:2021" |
| TEMP0537 | EPIC_GOOGLE_05478044 | | Presentation dated 1/2020 titled "Project E2" |
| TEMP0538 | EPIC_GOOGLE_05481557 | DX690 Randy Gelber | 2/21/2020 email from R. Gelber to R. Gelber |
| TEMP0539 | EPIC_GOOGLE_05481569 | DX698 Randy Gelber | Undated presentation titled "Project E2 Forecast-as of Jan 2020" |
| TEMP0540 | EPIC_GOOGLE_05481576 | DX691 Randy Gelber | Presentation dated 1/2020 titled "Project E2" |
| TEMP0541 | EPIC_GOOGLE_05791900 | DX0656 Joshua Kim | Undated spreadsheet titled "sales by webmobileapps" |
| TEMP0542 | EPIC_GOOGLE_05826483 | DX0540 Kreiner, Joseph | 5/5/2022 email from A. Grant to undisclosed recipients |
| TEMP0543 | EPIC_GOOGLE_05826549 | DX0701 Randy Gelber | 5/5/2022 email from S. Persson to A. Grant |
| TEMP0544 | GOOG-PLAY-000005203.R | | Presentation dated 2/2018 titled "Project Hug: Risk & Leakage Model" |
| TEMP0545 | GOOG-PLAY-000808433 | | Undated document titled "Anti-Fragmentation Agreement" |
| TEMP0546 | GOOG-PLAY-004330869 | | Document dated 9/28/2020 titled "Listening to Developer Feedback to Improve Google Play" |
| TEMP0547 | GOOG-PLAY-011220642 | PX2685 Sameer Samat | 5/2/2022 email from S. Dubey to S. Samat |
| TEMP0548 | MATCHGOOGLE00088015 | DX0976 Ian Purves | 4/24/2020 email from T. Diavet to A. Ong |
| TEMP0549 | MATCHGOOGLE00113636 | DX0781 Gary Swidler | 6/9/2021 Slack message between G. Swidler and D. Wyler |
| TEMP0550 | N/A | DX1349 Ethan Diamond | Bandcamp Updates webpage capture titled "Bandcamp is Joining Epic Games" |
| TEMP0551 | N/A | | CO et. al. v. Google, Complaint (D.D.C. Dec. 17, 2020), available at Complaint" Available at: https://coag.gov/app/uploads/2020/12/Colorado-et-al.-v.-Google-PUBLIC-REDACTED-Complaint.pdf |
| TEMP0552 | N/A | DX0074 Adam Sussman DX0074 Timothy Sweeney | 1/1/2022 Tweet from T. Sweeney |
| TEMP0553 | N/A | DX0669 Timothy Sweeney | 8/30/2018 Tweets from T. Sweeney |
| TEMP0554 | N/A | DX0670 Timothy Sweeney | 4/23/2019 & 4/24/2019 Tweets from T. Sweeney |
| TEMP0555 | N/A | DX0941 AJ Cihla | Undated document titled "Introducing Tinder Online- Swipe Anywhere" |
| TEMP0556 | N/A | | Undated website article titled "Frequently Asked Questions" Available at: https://www.epicgames.com/site/en-US/epic-games-store-faq |

# EXHIBIT B

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0557 | EPIC_GOOGLE_00004861 | DX0115 Allison, Steven | 12/4/2019 email from D. Vogel to K. Page | Steven Allison | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0558 | EPIC_GOOGLE_00006187 | DX0025 Edward Zobrist, DX0221 Haseeb Malik | 12/16/2019 email from H. Malik to D. Vogel | Tim Sweeney; Chris Babcock; Matt Weissinger, Ed Zobrist | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 404—exhibit appears to contain improper character evidence; Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit is not relevant; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 901—proponent has not established authenticity of the document Foundation | Balance favors admissibility (Rules 401, 403); Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit will be properly authenticated (Rule 901) |
| TEMP0559 | EPIC_GOOGLE_00006444 | DX0685 Timothy Sweeney | 12/8/2019 email from C. Babcock to T. Sweeney | Tim Sweeney; Chris Babcock; Matthew Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 404—exhibit appears to contain improper character evidence; Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403); Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0560 | EPIC_GOOGLE_00073459 | DX0022 Edward Zobrist | 10/30/2018 email from J. Choi to D. Vogel | Matt Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Balance favors admissibility (Rules 401, 403) |
| TEMP0561 | EPIC_GOOGLE_00083666 | DX0113 Allison, Steven | 5/31/2019 email from W. Fudala to J. Sargent | Steven Allison | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant | Exhibit is relevant (Rules 401, 402) |
| TEMP0562 | EPIC_GOOGLE_00089971 | | Email from D. Vogel to E. Zobrist; T. Sweeney | Malik, Haseeb Stoffas, Hans Sussman, Adam Sweeney, Tim Vogel, Daniel Weissinger, Matthew Zobrist, Ed | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0563 | EPIC_GOOGLE_00089981 | DX 0200 | Email from C. Pence to T.Sweeney et al. re OnePlus Silent Install Update (04/01/2020) | Malik, Haseeb Stoffas, Hans Sweeney, Tim Vogel, Daniel Weissinger, Matt | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0564 | EPIC_GOOGLE_00096203 | | 8/10/2020 email from N. Chester to D. Vogel | Tim Sweeney; Mark Rein | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 802—exhibit contains inadmissible hearsay; Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0565 | EPIC_GOOGLE_00099063 | DX0453 Vogel, Daniel | Presentation dated 12/2019 titled "Project E2" | Daniel Vogel; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete; Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0566 | EPIC_GOOGLE_00099427 | | Email from H. Malik to T. Sweeney; D. vogel re Google Play Update ; Violations Clarification (1/13/2020) | Babcock, Chris Gelber, Randy Malik, Haseeb Sussman, Adam Sweeney, Tim Vogel, Daniel Weissinger, Matthew Zobrist, Ed | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0567 | EPIC_GOOGLE_00106315 | | Email from T. Sweeney to C. Pence et al re Google message is sent (12/5/2019) | Allison, Steve Sweeney, Timothy Weissinger, Matthew Zobrist, Ed Gelber, Randy Lockheimer, Hiroshi Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0568 | EPIC_GOOGLE_00106317 | | 12/5/2019 email from R. Gelber to T. Sweeney | Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 404—exhibit appears to contain improper character evidence | Balance favors admissibility (Rules 401, 403); Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0569 | EPIC_GOOGLE_00106376 | | Email from T. Sweeney to H. Lockheimer re Fortnite on Google Play (12/10/2019) | Harrison, Don Lockheimer, Hiroshi Rosenberg, Jamie Sweeney, Tim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0570 | EPIC_GOOGLE_00106906 | DX0026 Edward Zobrist | 1/13/2020 email from T. Sweeney to H. Lockheimer | Tim Sweeney; Hiroshi Lockheimer; Jamie Rosenberg; Don Harrison | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0571 | EPIC_GOOGLE_00107195 | | Email from T. Sweeney to C. Pence et al. re Google chat (2/3/2020) | Sweeney, Tim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802) | Contains all parts that in fairness ought to be considered at the same time, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0572 | EPIC_GOOGLE_00108349 | | Email from D. Harrison to T. Sweeney re Fortnite and Android follow-up (3/26/2020) | Harrison, Don Sweeney, Tim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0573 | EPIC_GOOGLE_00108622 | | Email from T. Sweeney to D. Harrison re Invitation: [VC] Don Harrison (Google) & Tim Sweeney (Epic) @ Mon Apr 13, 2020 4pm - 4:30pm (EDT) (tim.sweeney@epicgames.com) (4/10/2020) | Harrison, Don Sweeney, Tim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0574 | EPIC_GOOGLE_00108677 | DX0123 Allison, Steven | 4/14/2020 email from S. Allison to T. Sweeney | Steven Allison, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0575 | EPIC_GOOGLE_00109084 | DX0488 Thomas Ko | 4/30/2020 email from T. Ko to T. Sweeney | Tim Sweeney, Thomas Ko | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0576 | EPIC_GOOGLE_00110220 | | 7/14/2020 email from T. Sweeney to D. Wallerstein | Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0577 | EPIC_GOOGLE_00110342 | | 7/22/2020 Email from H. Lockheimer to T. Sweeney | Hiroshi Lockheimer, Donald Harrison, Jamie Rosenberg, Sundar Pichai, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0578 | EPIC_GOOGLE_00113146 | | 8/13/2020 Email from T. Sweeney to H. Lockheimer | Tim Sweeney; Hiroshi Lockheimer; Sameer Samat; Jamie Rosenberg; Don Harrison | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403) Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0579 | EPIC_GOOGLE_00113698 | DX0170 Alec Shobin, DX0031 Edward Zobrist | 4/30/2020 email from E. Zobrist to D. Nikdel, T. Ko, B. Chu, K. Page, D. Diaz, P. Butack, N. Adams, H. Stolfas | Alec Shobin, Edward Zobrist | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 404—exhibit appears to contain improper character evidence Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0580 | EPIC_GOOGLE_00114387 | DX0526 Matthew Weissinger | 5/13/2020 email from E. Zobrist to A. Sussman | Matt Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 404—exhibit appears to contain improper character evidence Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) Balance favors admissibility (Rules 401, 403) |
| TEMP0581 | EPIC_GOOGLE_00114388 | DX0033 Zobrist | Presentation dated 5/13/2020 titled "Project Liberty Update" | Ed Zobrist, Timothy Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 404—exhibit appears to contain improper character evidence, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Balance favors admissibility (Rules 401, 403) |
| TEMP0582 | EPIC_GOOGLE_00128881 | DX0216 Malik Haseeb; DX0682 Sweeney, Timothy | 1/8/2020 email from H. Malik to E. Zobrist | Haseeb Malik, Timothy Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0583 | EPIC_GOOGLE_00143190 | DX0005 Grant, Andrew | Email from J. Sargent to A. Grant re what services are we NOT using from Google Play? (08/15/2019) | Andrew Grant, Chris Babcock | Defendant: Defense to Plaintiffs' claims

Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0584 | EPIC_GOOGLE_00199542 | DX0215 Malik Haseeb | 4/29/2019 email from W.S. Ahn to A. Tan, H. Malik, B. Shasha | Haseeb Malik | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0585 | EPIC_GOOGLE_00300992 | DX0198 Hans Stolfas | 7/17/2020 email from M. Weissinger to H. Stolfas | Hans Stolfas; Matt Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 404—exhibit appears to contain improper character evidence Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) Balance favors admissibility (Rules 401, 403) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0586 | EPIC_GOOGLE_00306828 | PX 0813 | Email from E.Gass to H.Stolfus | Stolfus, Hans | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0587 | EPIC_GOOGLE_00308332 | PX 0815 | Email from C.Yang to K.Shin re Epic Games App Collaboration (04/20/2020) | Stolfus, Hans | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0588 | EPIC_GOOGLE_00318184 | DX0068 Sussman, Adam | 4/21/2020 email from A. Sussman to N. Chester | Adam Sussman | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0589 | EPIC_GOOGLE_00318643 | DX712 Randy Gelber | 6/25/2020 email from R. Gelber to A. Sussman | Randy Gelber | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0590 | EPIC_GOOGLE_00357476 | DX0684 Timothy Sweeney | 5/11/2020 email from T. Sweeney to M. Rein | Tim Sweeney; Mark Rein; Matt Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 404—exhibit appears to contain improper character evidence Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) Balance favors admissibility (Rules 401, 403) |
| TEMP0591 | EPIC_GOOGLE_00357479 | DX0032 - Edward Zobrist DX0305 - Mark Rein; DX0305 Vogel, Daniel | 5/11/2020 Email from C. Pence to T. Sweeney, G. Feist, and K. Page | Tim Sweeney; Mark Rein; Matt Weissinger; Daniel Vogel | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 404—exhibit appears to contain improper character evidence Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) Balance favors admissibility (Rules 401, 403) |
| TEMP0592 | EPIC_GOOGLE_00392653 | | 7/2/2018 email from T. Won to team-status | Tim Sweeney; Matt Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0593 | EPIC_GOOGLE_00425564 | | 6/23/2018 email from T. Won to team-status | Tim Sweeney; Matt Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0594 | EPIC_GOOGLE_00477654 | DX0007 Grant, Andrew | 6/24/2020 email from A. Grant to M. Weissinger | Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence, Rule 106—exhibit is unfairly incomplete | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Exhibit is properly complete (Rule 106) |
| TEMP0595 | EPIC_GOOGLE_00796398 | DX0536 Kreiner, Joseph | 11/6/2019 email from D. Block to J. Kreiner | Joseph Kreiner; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0596 | EPIC_GOOGLE_00856142 | DX0070 Sussman, Adam | 5/12/2020 email from A. Sussman to R. Gelber | Adam Sussman; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0597 | EPIC_GOOGLE_00865531 | DX0529 Weissinger | 7/30/2020 email from T. Sweeney to M. Weissinger | Matt Weissinger; Timothy Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0598 | EPIC_GOOGLE_00928502 | | 9/16/2019 email from P. Harrison to Tim | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0599 | EPIC_GOOGLE_00928915 | | 10/28/2019 email from Z. Jackiw to C. Pence | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0600 | EPIC_GOOGLE_00929129 | | 11/13/2019 email to Epic Games Player Support | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0601 | EPIC_GOOGLE_00929692 | | 12/27/2019 email from J. Penston to T. Sweeney | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0602 | EPIC_GOOGLE_00934665 | | 10/11/2018 email from A. Serrano to T. Sweeney | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0603 | EPIC_GOOGLE_00963694 | DX0528 Matthew Weissinger | Undated document titled "Epic Games, Inc. Statement of Work Attachment" | Matt Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Balance favors admissibility (Rules 401, 403) |
| TEMP0604 | EPIC_GOOGLE_00974145 | DX0284 Nikdel, David | 4/26/2018 email from D. Nikdel to M. Harlan | David Nikdel | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0605 | EPIC_GOOGLE_00993779 | DX0076 Weissinger, Sussman | 5/29/2020 email from A. Sussman to M. Weissinger | Matt Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0606 | EPIC_GOOGLE_00996910 | | 8/7/2020 Email from T. Sweeney to P. Spencer | Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay Rule 404—exhibit appears to contain improper character evidence | Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0607 | EPIC_GOOGLE_01033281 | | 5/14/2018 email from P. Bauck to M. Shetler and H. Kent | Tim Sweeney; Matt Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0608 | EPIC_GOOGLE_01084282 | | 10/1/2019 email from S. Allison to J. Kreiner | Steven Allison | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete | Exhibit is properly complete (Rule 106) |
| TEMP0609 | EPIC_GOOGLE_01127842 | | Presentation entitled "Diesel Update 2018-06-05" | Allison, Steven | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that at fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0610 | EPIC_GOOGLE_01388860 | | 6/18/2019 email from N. Adams to L. McLemore and J. Bell | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0611 | EPIC_GOOGLE_01389465 | PX 1977 | Email from A. Zerza to T. Sweeney | Sweeney, Tim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that at fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0612 | EPIC_GOOGLE_01412932 | | Email from T. Sweeney to P. Meegan et al. re Google meeting on Friday (7/21/2018) | Sweeney, Tim Zebrist, Ed | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs. | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that at fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0613 | EPIC_GOOGLE_01415567 | DX0680 Sweeney, Timothy | 8/27/2018 email from D. Vogel to T. Sweeney, P. Meegan, C. Pence | Timothy Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0614 | EPIC_GOOGLE_01553718 | DX0196 Stolfus, Hans | 4/30/2020 messages between E. Zobrist and H. Stolfus | Hans Stolfus | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 701—exhibit contains improper specialized opinion by lay witness | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not an opinion, or proper opinion evidence (Rule 701) |
| TEMP0615 | EPIC_GOOGLE_01558057 | DX0677 Timothy Sweeney | 5/22/2019 email from D. Wallerstein to J. Babcock | Tim Sweeney; Mark Rein | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Balance favors admissibility (Rules 401, 403) |
| TEMP0616 | EPIC_GOOGLE_01559282 | DX0132 Allison, Steven | Email from T. Sweeney to S.Galonkin et al. re Things Heard @ E3 re PC Rev Splits (06/14/2019) | Steven Allison, Tim Sweeney | Defendant: Defense to Plaintiffs' claims

Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay

Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Plaintiffs: Contains all parts that at fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0617 | EPIC_GOOGLE_01559509 | DX0811 Zerza, Armin | 6/29/2019 email from T. Sweeney to A. Zerza | Armin Zerza, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0618 | EPIC_GOOGLE_01561659 | DX705 Randy Gelber | 10/13/2019 email from R. Gelber to T. Sweeney | Randy Gelber, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0619 | EPIC_GOOGLE_01562871 | | 11/29/2018 email from D. Block to T. Sweeney | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 402—exhibit is not relevant, Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403), Exhibit is relevant (Rules 401, 402), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0620 | EPIC_GOOGLE_01568815 | DX0320-Nicholas Penwarden DX0686-Timothy Sweeney | 4/4/2018 email from N. Penwarden to A. Brussee | Tim Sweeney; Mark Rein | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 404—exhibit appears to contain improper character evidence | Balance favors admissibility (Rules 401, 403) Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0621 | EPIC_GOOGLE_01568849 | DX0673 Sweeney, Timothy | 4/5/2018 email from T. Sweeney to B. Wang | Timothy Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0622 | EPIC_GOOGLE_01569344 | DX 0321 | Email from A.Brussee to Epic Games re Google Android Meetings - Recap (05/18/2018) | Sweeney, Tim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it | Contains all parts that at fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0623 | EPIC_GOOGLE_01569635 | | Email from J. Rosenberg to T. Sweeney re Fortnite Android launch plan (6/22/2018) | Allison, Steve Sweeney, Timothy Weissinger, Matthew Rosenberg, Jamie Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0624 | EPIC_GOOGLE_01569703 | DX0681 Sweeney, Timothy | 6/29/2018 email from K. Carpenter to T. Sweeney | Timothy Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0625 | EPIC_GOOGLE_01570263 | | 8/3/2018 email from A. Brusse to N. Chester | Tim Sweeney | Defense to Plaintiffs' liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0626 | EPIC_GOOGLE_01570317 | | 8/7/2018 email from T. Sweeney to N. Chester | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0627 | EPIC_GOOGLE_01570598 | DX0014 Andrew Grant Christopher Babcock | 8/15/2018 email from C. Babcock to T. Sweeney | Tim Sweeney; Chris Babcock, Mark Rein | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0628 | EPIC_GOOGLE_01572541 | DX0676 Tim Sweeney | 9/7/2018 email from N. Mooney to D. Clary and others | Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0629 | EPIC_GOOGLE_01594241 | DX0205 - Chris Babcock DX0021 Edward Zobrist; DX0205 Vogel, Daniel | 5/15/2018 Email from D. Vogel to H. Hazen | Chris Babcock, Daniel Vogel, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains statements not based on declarant's personal knowledge Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 404—exhibit appears to contain improper character evidence | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Balance favors admissibility (Rules 401, 403) Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0630 | EPIC_GOOGLE_01614844 | DX 0220 | Email from E. Zobrist to H.Malik re Android Strategy Revisit (07/30/2019) | Malik, Haseeb Weissinger, Matt | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0631 | EPIC_GOOGLE_01615180 | DX0214 Malik Haseeb | 8/1/2019 email from E. Zobrist to H. Malik | Haseeb Malik, Matt Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0632 | EPIC_GOOGLE_01631317 | DX0315 Penwarden, Nicholas | Email from A.Brusse to J.Adams re Android Feedback for Google? (03/12/2018) | Nicholas Penwarden; Daniel Vogel, Andrew Grant, Joe Babcock | Defendant: Defense to Plaintiffs' claims

Plaintiff: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Plaintiffs: Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0633 | EPIC_GOOGLE_01649625 | DX0672 Timothy Sweeney | 2/23/2018 email from T. Sweeney to A. Brusse | Sweeney, Tim | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 404—exhibit appears to contain improper character evidence | Balance favors admissibility (Rules 401, 403) Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0634 | EPIC_GOOGLE_01649648 | DX0293 Mark Rein DX0293 Daniel Vogel DX0293 Timothy Sweeney | 2/23/2018 email from M. Rein to T. Sweeney | Tim Sweeney; Mark Rein; Chris Babcock, Mark Rein, Daniel Vogel | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 404—exhibit appears to contain improper character evidence | Balance favors admissibility (Rules 401, 403) Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0635 | EPIC_GOOGLE_01719143 | | Email from S. Nellessen to D. Vogel et al. re Fortnite Android (1/7/2019) | Allison, Steve Sweeney, Timothy Weissinger, Matthew | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0636 | EPIC_GOOGLE_01724080 | | 2/23/2018 email from J. Truong to D. Vogel | Daniel Vogel; Timothy Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 404—exhibit appears to contain improper character evidence Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) Balance favors admissibility (Rules 401, 403) |
| TEMP0637 | EPIC_GOOGLE_01734178 | DX0493 Thomas Ko | 4/23/2020 email from T. Sweeney to E. Zobrist, H. Malik, D. Vogel, T. Ko, C. Babcock, K. Page | Thomas Ko, Tim Sweeney, Chris Babcock | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—wasting time and/or needlessly cumulative | Balance favors admissibility (Rules 401, 403) |
| TEMP0638 | EPIC_GOOGLE_01734251 | DX0195 Christopher Babcock, Ham Stolfas; DX0029 Ed Zobrist | 4/24/2020 email from E. Zobrist to D. Nikdel, N. Adams, P. Busck, T. Ko, H. Stolfas, F. Liu, H. Malik, C. Babcock, J. Kreiner, D. Shaw | Tim Sweeney, Christopher Babcock, Ham Stolfas, Ed Zobrist | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0639 | EPIC_GOOGLE_01745714 | | Email from T. Sweeney to H. Lockheimer; J. Rosenberg re Fortnite on Google Play (12/5/2019) | Lockheimer, Hiroshi Rosenberg, Jamie Sweeney, Tim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0640 | EPIC_GOOGLE_01747278 | DX0129 Allison, Steven; DX0534 Joe Kreiner | 3/18/2020 email from F. Liljegren to T. Sweeney | Tim Sweeney, Steven Allison, Joe Kreiner | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0641 | EPIC_GOOGLE_01747579 | | Email from T. Sweeney to A. Sussman, E. Zobrist re Fwd: Invitation: [VC] Don Harrison (Google) & Tim Sweeney (Epic) @ Mon Apr 13, 2020 4pm - 4:30pm (EDT) (tim.sweeney@epicgames.com) (4/10/2020) | Allison, Steve Sweeney, Timothy Weissinger, Matthew Sussman, Adam Zobrist, Ed Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0642 | EPIC_GOOGLE_01747707 | | Email from T. Sweeney to J. Markiewicz re Fortnite on Google Play (4/21/2020) | Sweeney, Tim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0643 | EPIC_GOOGLE_01747708 | DX714 Randy Gelber | 4/21/2020 email from R. Gelber to T. Sweeney | Randy Gelber, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0644 | EPIC_GOOGLE_01762915 | DX0186 Stoflus, Hans | 8/16/2019 email from H. Malik to R. Park, H. Stoflus, E. Zobrist, A. Shobin | Hans Stoflus | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0645 | EPIC_GOOGLE_01781522 | DX0027 - Edward Zobrist DX0169 - Alec Shobin | 4/17/2020 Email from E. Zobrist to L. Koh | Purnima Kochikar, Lawrence Koh, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury  Rule 404—exhibit appears to contain improper character evidence  Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609)  Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0646 | EPIC_GOOGLE_01781774 | DX0193 Stoflus, Hans | 4/15/2020 email from H. Stoflus to L. Koh | Hans Stoflus, Lawrence Koh, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0647 | EPIC_GOOGLE_01782074 | DX0208 Babcock, Christopher | 4/21/2020 email from E. Zobrist to C. Babcock | Christopher Babcock | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0648 | EPIC_GOOGLE_01782075 | | 4/21/2020 Email from H. Stoflus to L. Koh and D. Song | Lawrence Koh, Hans Stoflus | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—wasting time and/or needlessly cumulative  Rule 404—exhibit appears to contain improper character evidence  Rule 106—exhibit is unfairly incomplete | Balance favors admissibility (Rules 401, 403)  Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609)  Exhibit is properly complete (Rule 106) |
| TEMP0649 | EPIC_GOOGLE_01782121 | DX0028 - Edward Zobrist DX0192 - Hans Stoflus | 4/21/2020 Email from D. Song to L. Koh | Hans Stoflus; Lawrence Koh; Ed Zobrist, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury  Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403)  Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0650 | EPIC_GOOGLE_01789056 | DX0296 Mark Rein | 6/22/2018 email from E. Zobrist to M. Rein | Mark Rein | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury  Rule 404—exhibit appears to contain improper character evidence  Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403)  Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609)  Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0651 | EPIC_GOOGLE_01792054 | DX0203 - Chris Babcock | 4/7/2018 Email from B. Bilodeau to J. Porter | Chris Babcock | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay  Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)  Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0652 | EPIC_GOOGLE_01866107 | DX0165 Shobin | 12/4/2019 email from A. Shobin to H. Malik | Alec Shobin | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0653 | EPIC_GOOGLE_01909426 | DX0202 - Chris Babcock | 4/2/2018 Email from T. Murray to A.Gutterman | Chris Babcock | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0654 | EPIC_GOOGLE_01949811 | DX0217 Cameron Payne, Haseeb Malik | 8/3/2019 chat between H. Malik and C. Payne | Cameron Payne, Haseeb Malik, Steve Allison, Edward Zobrist, Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit appears to contain statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), |
| TEMP0655 | EPIC_GOOGLE_01960123 | DX0675 Sweeney, Timothy | 1/9/2019 email from T. Sweeney to P. Meegan | Timothy Sweeney | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay  Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Plaintiffs: Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)  Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0656 | EPIC_GOOGLE_01961311 | DX0316 Nicholas Penwarden | 9/1/2018 email from T. Xie to T. Sweeney | Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant<br>Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0657 | EPIC_GOOGLE_01967408 | | 1/14/2020 email from M. Rein to T. Sweeney | Tim Sweeney, Mark Rein | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 404—exhibit appears to contain improper character evidence<br>Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403)<br>Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0658 | EPIC_GOOGLE_01967907 | DX0194 Hans Stolfus | 4/23/2020 email from H. Stolfus to E. Zobrist | Hans Stolfus, Ed Zobrist, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 402—exhibit is not relevant<br>Rule 802—exhibit contains statements not based on declarant's personal knowledge<br>Rule 802—exhibit contains inadmissible hearsay<br>Foundation | Balance favors admissibility (Rules 401, 403)<br>Exhibit is relevant (Rules 401, 402)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0659 | EPIC_GOOGLE_01975654 | DX0164 Alec Shobin | 9/27/2019 email from A. Shobin to C. Babcock | Tim Sweeney, Chris Babcock, Haseeb Malik; Alec Shobin | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 802—exhibit contains statements not based on declarant's personal knowledge<br>Rule 404—exhibit appears to contain improper character evidence<br>Rule 402—exhibit is not relevant<br>Rule 802—exhibit contains inadmissible hearsay<br>Foundation | Balance favors admissibility (Rules 401, 403)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609)<br>Exhibit is relevant (Rules 401, 402)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0660 | EPIC_GOOGLE_01978209 | | 1/13/2020 email from L. Koh to H. Malik | Lawrence Koh, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 404—exhibit appears to contain improper character evidence<br>Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403)<br>Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0661 | EPIC_GOOGLE_02089134 | PX 0814 | Email from E.Gass to H.Stolfus re Epic Games x Game Space India (06/12/2020) | Stolfus, Hans | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0662 | EPIC_GOOGLE_02090807 | DX0197 Hans Stolfus | 8/12/2020 email from C. Samaniego to R. Dixon | Hans Stolfus, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0663 | EPIC_GOOGLE_02092474 | PX 0812 | Email from E.Gass to T.Stone re Update (03/27/2020) | Stolfus, Hans | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0664 | EPIC_GOOGLE_02092799 | DX0207 - Chris Babcock | 4/15/2020 Email from J. Lefrancois to H. Stolfus | Chris Babcock | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0665 | EPIC_GOOGLE_02092905 | | 4/18/2020 email from H. Loyola to H. Stolfus | Lawrence Koh | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0666 | EPIC_GOOGLE_02118014 | | 8/13/2020 email from T. Sweeney to H. Lockheimer | Tim Sweeney, Hiroshi Lockheimer, Sameer Samat, Jamie Rosenberg, Don Harrison | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 404—exhibit appears to contain improper character evidence<br>Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403)<br>Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0667 | EPIC_GOOGLE_02160352 | DX2967 - Mark Rein | 6/22/2018 email from A. Gutterman to M. Rein | Mark Rein, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 404—exhibit appears to contain improper character evidence<br>Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403)<br>Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0668 | EPIC_GOOGLE_02793656 | DX0173 Shobin | 7/23/2020 email from A. Shobin to M. Salazar, H. Stolfus, A. Shobin, S. Jarrett | Alec Shobin | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0669 | EPIC_GOOGLE_03135999 | | Email from T. Sweeney to J. Miller | Sweeney, Tim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0670 | EPIC_GOOGLE_03377344 | | 1/21/2018 email from Sprinklr to M. Weissinger | Matt Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant<br>Rule 802—exhibit contains inadmissible hearsay<br>Rule 901—proponent has not established authenticity of the document | Exhibit is relevant (Rules 401, 402)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Exhibit will be properly authenticated (Rule 901) |
| TEMP0671 | EPIC_GOOGLE_03458905 | | Email from P. Meegan to T. Sweeney et al re Fwd: Congratulations on Fortnite & Epic Games Launcher (2018.03.24) | Allison, Steven | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0672 | EPIC_GOOGLE_03460083 | | Email from T. Sweeney to J. Rosenberg re Fortnite Android launch plan (7/22/2018) | Kochikar, Purnima Rosenberg, Jamie Sweeney, Tim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0673 | EPIC_GOOGLE_03600979 | DX0199 Hans Stolfus | 7/15/2020 messages between A. Shobin and H. Stolfus | Hans Stolfus, Alec Shobin, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 404—exhibit appears to contain improper character evidence Rule 602—exhibit contains statements not based on declarant's personal knowledge | Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0674 | EPIC_GOOGLE_03614127 | DX0171 Alec Shobin, DX0171 Stolfus, Hans | 4/28/2020 messages between A. Shobin and H. Stolfus | Hans Stolfus, Alec Shobin, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0675 | EPIC_GOOGLE_03625912 | DX0082 Sussman, Adam | 4/20/2020 email from A. Sussman to D. Vogel | Adam Sussman | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0676 | EPIC_GOOGLE_03626081 | | 5/6/2020 email from R. Gelber to A. Sussman, C. Pence, D. Vogel, K. Liberi, M. Rein, T. Sweeney | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0677 | EPIC_GOOGLE_03627011 | | 1/10/2020 email from R. Gelber to B. Feder, D. Wallerstein, J. Wilbur | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0678 | EPIC_GOOGLE_03627012 | | Presentation dated 1/2020 titled "Project E2" | Tim Sweeney, Steve Allison, Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0679 | EPIC_GOOGLE_03774489 | DX0010 Grant, Andrew | 7/29/2020 messages between T. Stone and A. Grant | Andrew Grant | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0680 | EPIC_GOOGLE_03875665 | | 5/7/2020 messages between M. Weissinger and Tim Sweeney | Matthew Weissinger, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0681 | EPIC_GOOGLE_03896346 | DX 0314 | Epic's Creator Ecosystem (05/11/2020) | Allison, Steven Babcock, Chris Grant, Andrew Sweeney, Tim Weissinger, Matthew | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0682 | EPIC_GOOGLE_03901466 | | Presentation titled "Analytics Update" | Allison, Steve Sweeney, Timothy Weissinger, Matthew | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0683 | EPIC_GOOGLE_03903042 | DX 0223 | Project Android (08/30/2019) | Malik, Haseeb | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0684 | EPIC_GOOGLE_03932892 | DX 0683 | Slide deck titled, "Android Install Impact: Google Play DOJ Discussion" (03/20/2020) | Vogel, Daniel | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0685 | EPIC_GOOGLE_03975041 | DX 0161 | Fortnite Mobile - Mobile Business Update/Deep Dive slide deck (09/30/2020) | Shobin, Alex | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0686 | EPIC_GOOGLE_03977461 | DX 0548 | Slidedeck titled, "Mobile Partnerships Status" (07/28/2020) | Grant, Andrew | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0687 | EPIC_GOOGLE_03977595 | DX009 - Andrew Grant | Presentation dated 7/1/2020 titled "Project Liberty Update" | Andrew Grant; Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0688 | EPIC_GOOGLE_03978234 | | Presentation dated 1/30/2020 titled "Sussman Team Offsite" | Tim Sweeney, Steve Allison, Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0689 | EPIC_GOOGLE_03978760 | | Presentation dated 7/27/2020 titled "Project Liberty Update to the Board of Directors" | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0690 | EPIC_GOOGLE_03998832 | DX0277 Nikdel, David | Updated presentation titled "Mobile Payments Sync" | David Nikdel | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0691 | EPIC_GOOGLE_03999929 | | Presentation dated 7/27/2020 titled "Project Liberty Update to the Board of Directors (Draft)" | Tim Sweeney, Steve Allison, Matthew Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0692 | EPIC_GOOGLE_03999954 | DX0307 Daniel Vogel, Mark Rein | Presentation dated 7/27/2020 titled "Project Liberty Update to the Board of Directors" | Daniel Vogel, Tim Sweeney | Defendants: Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiffs/Defendants | Plaintiffs: Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence<br><br>Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609)<br><br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0693 | EPIC_GOOGLE_04000129 | | Updated presentation titled "Mobile Payments Sync" | Tim Sweeney, Steve Allison, Matthew Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0694 | EPIC_GOOGLE_04000218 | | Presentation dated 7/2020 titled "Project Liberty Update" | Tim Sweeney, Steve Allison, Matthew Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0695 | EPIC_GOOGLE_04126157 | DX 0317 | Email from J.Trueng to A.Gutterman re Feedback on Android Development (Epic Games) (03/19/2018) | Allison, Steven<br>Babcock, Chris<br>Grant, Andrew<br>Sweeney, Tim<br>Weissinger, Matthew | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0696 | EPIC_GOOGLE_04136152 | DX0492 Ko, Thomas | 11/6/2019 email from H. Stolfus to T. Ko | Thomas Ko | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0697 | EPIC_GOOGLE_04139696 | DX 0497 | Email from T.Ko to J.Babcock et.al. re Epic Games inc - Paypal US Pricing Reduction (12/06/2019) | Allison, Steven<br>Grant, Andrew,<br>Ko, Thomas<br>Sweeney, Tim<br>Weissinger, Matthew | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0698 | EPIC_GOOGLE_04143308 | DX0501 Ko, Thomas | 1/20/2020 email from T. Ko to S. Sisitos | Thomas Ko | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0699 | EPIC_GOOGLE_04161941 | DX0499 Ko, Thomas | 8/12/2020 email from T. Ko to N. Chester | Thomas Ko | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0700 | EPIC_GOOGLE_04406763 | DX0491 Ko, Thomas | Undated presentation titled "Mobile Payments Sync" | Thomas Ko | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0701 | EPIC_GOOGLE_04417007 | DX0484 Ko, Thomas | 6/25/2020 Slack messages | Thomas Ko | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0702 | EPIC_GOOGLE_04417070 | DX0498 Ko, Thomas | 8/12/2020 Slack messages | Thomas Ko | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0703 | EPIC_GOOGLE_04501127 | DX0190 Hans Stolfus | 9/8/2020 letter from B. Boyle and R. McQueen to H. Stolfus | Hans Stolfus, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant  Rule 602—exhibit contains statements not based on declarant's personal knowledge  Rule 802—exhibit contains inadmissible hearsay  Foundation | Exhibit is relevant (Rules 401, 402) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)  Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0704 | EPIC_GOOGLE_04503356 | DX0201 Babcock, Christopher | 3/29/2018 chats between C. Babcock and J. Porter | Christopher Babcock | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0705 | EPIC_GOOGLE_04519440 | DX0206 - Chris Babcock | 5/17/2018 Email from C. Babcock to I. Hamad and G. Gribb | Chris Babcock | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contain inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0706 | EPIC_GOOGLE_04602229 | DX704 Randy Gelber | 10/2/2019 email from R. Gelber to T. Oberwager | Randy Gelber | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0707 | EPIC_GOOGLE_04705218 | | Presentation dated 7/27/2020 titled "Board Update: Project Liberty" | Tim Sweeney, Steve Allison, Matthew Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0708 | EPIC_GOOGLE_04705244 | DX702 Randy Gelber | Presentation dated 7/27/2020 titled "Board Update Project Liberty" | Randy Gelber, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0709 | EPIC_GOOGLE_04804323 | DX0464 Payne, Cameron | 12/11/2020 email from T. Sweeney to C. Cuello | Cameron Payne, Tim Sweeney, Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0710 | EPIC_GOOGLE_04962443 | DX707 Randy Gelber | Presentation dated 5/2020 titled "Project Liberty Comms" | Randy Gelber, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP0711 | EPIC_GOOGLE_04993621 | DX0310 Timothy Sweeney, Mark Rein | 9/22/2020 email from M. Rein to N. Chester | Timothy Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0712 | EPIC_GOOGLE_04998681 | DX0078 Sussman, Adam | 10/15/2020 email from A. Sussman to T. Sweeney, M. Rein, D. Vogel, R. Gelber, A. Tascan | Adam Sussman, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0713 | EPIC_GOOGLE_05084996 | DX0521 Weissinger | Undated presentation titled "Fortnite Mobile: Mobile Business Update/Deep Dive" | Matt Weissinger, Timothy Sweeney | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation  Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants:  Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807),  Plaintiffs:  Contains all parts that in fairness ought to be considered at the same time, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, |
| TEMP0714 | EPIC_GOOGLE_05089399 | DX0061 Sussman, Adam | Presentation dated 1/2020 titled "Adam Sussman Onboarding" | Adam Sussman | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete | Exhibit is properly complete (Rule 106) |
| TEMP0715 | EPIC_GOOGLE_05132955 | DX0668 Sweeney, Timothy | Document dated 2/8/2021 titled "Deposition of Timothy Sweeney" | Timothy Sweeney | Deposition—we are reserving all objections as a result of Google's failure to designate | Plaintiff | Depositions from Epic v. Apple are not part of pre-trial submissions exchange process; any portions of this exhibit entered into evidence will be party admissions or otherwise admissible testimony | Depositions from Epic v. Apple are not part of pre-trial submissions exchange process; any portions of this exhibit entered into evidence will be party admissions or otherwise admissible testimony |
| TEMP0716 | EPIC_GOOGLE_05133086 | DX0112 Allison, Steven | Document dated 2/9/2021 titled "Deposition of Steve Allison" | Steven Allison | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Deposition—we are reserving all objections as a result of Google's failure to designate | Depositions from Epic v. Apple are not part of pre-trial submissions exchange process; any portions of this exhibit entered into evidence will be party admissions or otherwise admissible testimony |
| TEMP0717 | EPIC_GOOGLE_05133430 | DX0480 Ko, Thomas | Document dated 2/11/2021 titled "Deposition of Thomas Ko" | Thomas Ko | Deposition—we are reserving all objections as a result of Google's failure to designate | Plaintiff | Deposition—we are reserving all objections as a result of Google's failure to designate | Depositions from Epic v. Apple are not part of pre-trial submissions exchange process; any portions of this exhibit entered into evidence will be party admissions or otherwise admissible testimony |
| TEMP0718 | EPIC_GOOGLE_05144076 | | 11/2/2019 email from R. Gelber to B. Folger | Tim Sweeney, Steven Allison | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0719 | EPIC_GOOGLE_05144304 | | 8/12/2020 chats between R. Park, T. Ko, H. Stolfus | Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0720 | EPIC_GOOGLE_05188769 | DX0708 Randy Gelber | 9/30/2020 email from R. Gelber to D. Wallerstein | Randy Gelber, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Balance favors admissibility (Rules 401, 403) |
| TEMP0721 | EPIC_GOOGLE_05290801 | DX0899 Grant, Andrew | 11/16/2020 email from T. Sweeney to D. Eubanks | Andrew Grant, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 404—exhibit appears to contain improper character evidence | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0722 | EPIC_GOOGLE_05468098 | | Undated document titled "Service Fees" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0723 | EPIC_GOOGLE_05468369 | | Email from Google Play Support to Epic Games Publishing re Action Required: Your app is not compliant with Google Play Policies (Fortnite) (8/13/2020) | Koh, Lawrence Stoffas, Hans | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0724 | EPIC_GOOGLE_05530169 | DX0544 Joseph Kreiner; DX0309 Timothy Sweeney, Mark Rein | 9/21/2020 email from M. Rein to T. Sweeney | Joseph Kreiner, Mark Rein, Timothy Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—exhibit is unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0725 | EPIC_GOOGLE_05579368 | DX0466 Payne, Cameron | 3/6/2020 email from S. Jarrett to C. Payne | Cameron Payne | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete | Exhibit is properly complete (Rule 106) |
| TEMP0726 | EPIC_GOOGLE_05584777 | DX0462 Payne, Cameron | 5/14/2020 email from M. Yu to C. Payne | Cameron Payne | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0727 | EPIC_GOOGLE_05748584 | DX0652 Joshua Kim | Undated spreadsheet titled "Financial Diligence Discussion Pack" | Ethan Diamond; Joshua Kim | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0728 | EPIC_GOOGLE_05753007 | | 3/4/2022 email from S. Allison to E. Diamond | Ethan Diamond, Steve Allison | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant | Exhibit is relevant (Rules 401, 402) |
| TEMP0729 | EPIC_GOOGLE_05755043 | DX1352 Ethan Diamond | 3/8/2022 email from Google Calendar (C. Davis) to E. Diamond | Ethan Diamond, Steve Allison | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant | Exhibit is relevant (Rules 401, 402) |
| TEMP0730 | EPIC_GOOGLE_05755052 | DX1345 Ethan Diamond | 3/9/2022 email from C. Davis to E. Diamond | Ethan Diamond | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant | Exhibit is relevant (Rules 401, 402) |
| TEMP0731 | EPIC_GOOGLE_05755346 | DX0660 Joshua Kim DX1350 Ethan Diamond DX1351 Ethan Diamond | Undated spreadsheet titled "Project Banjo Funds Flow" | Ethan Diamond; Joshua Kim | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—exhibit is unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0732 | EPIC_GOOGLE_05764474 | DX0661 Joshua Kim | Undated document titled "Fraud Requests" | Joshua Kim | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—exhibit is unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0733 | EPIC_GOOGLE_05788156 | DX1346 Ethan Diamond | Undated, untitled document with notes | Tim Sweeney, Ethan Diamond, Steve Allison, Matthew Weissinger, Andrew Grant | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), |
| TEMP0734 | EPIC_GOOGLE_05788558 | | Undated document titled "Epic Games Summary" | Ethan Diamond | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0735 | EPIC_GOOGLE_05790016 | | Undated, untitled document about Project Banjo | Ethan Diamond; Joshua Kim | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0736 | EPIC_GOOGLE_05818310 | DX1337 Ethan Diamond | Presentation dated 5/2021 titled "GCA Preliminary Valuation Perspectives" | Ethan Diamond; Joshua Kim | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0737 | EPIC_GOOGLE_05819648 | DX0659 Joshua Kim | 9/01/2021 messages between A. Hindley and J. Kim | Joshua Kim | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0738 | EPIC_GOOGLE_05821232 | DX1353 Ethan Diamond | 8/12/2021 chats between M. Hall and E. Diamond | Ethan Diamond | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant | Exhibit is relevant (Rules 401, 402) |
| TEMP0739 | EPIC_GOOGLE_05828728 | DX711 Randy Gelber | 1/27/2022 email from R. Gelber to T. Sweeney, J. Wilbur, M. Rein, D. Wallerstein, B. Feder | Randy Gelber, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0740 | EPIC_GOOGLE_05828730 | DX0650 Joshua Kim | 1/27/2022 email from R. Gelber to T. Sweeney, J. Wilbur, D. Wallerstein, B. Feder | Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0741 | EPIC_GOOGLE_05844388 | DX0699 Randy Gelber DX0689 Tim Sweeney | Slide deck titled, "Creator Ecosystem" (07/20/2022) | Randy Gelber, Tim Sweeney | Defendants: Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br><br>Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403)<br><br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0742 | EPIC_GOOGLE_05844779 | DX1340 Ethan Diamond | Undated blogpost titled "It's a Business Model?" | Ethan Diamond, Joshua Kim | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0743 | EPIC_GOOGLE_05846186 | DX697 Randy Gelber | 4/25/2022 email from A. Brown to R. Gelber | Randy Gelber | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP0744 | EPIC_00011082 | DX0485 Ko, Thomas | 4/3/2018 email from R. Park to T. Sweeney | Thomas Ko, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0745 | EPIC_00011770 | DX0486 Ko, Thomas | Document dated 5/17/2018 titled "EPIC & Samsung Mobile CEO meeting note" | Thomas Ko | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0746 | EPIC_00012739 | DX0489 Ko, Thomas | 8/9/2018 email from T. Ko to T. Sweeney, dj.koh@samsung.com, yongje62@samsung.com | Thomas Ko, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0747 | EPIC_00190170 | DX0495 Ko, Thomas | 12/25/2019 email from T. Ko to R. Gelber | Thomas Ko, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Balance favors admissibility (Rules 401, 403), Balance favors admissibility (Rules 401, 403) |
| TEMP0748 | GOOG-PLA Y-0013 81721 | PX 0307 | Email from A. Rubin to M. Stepka et al. re Android Market payments - BizOps (2/3/2009) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0749 | GOOG-PLAY 001701951.R | PX 1244 | Shop4Apps LATAM (7/14/2011) | Christensen, Eric Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0750 | GOOG-PLAY 001825658 | PX 608 | E-mail from P. Gennai to H. Lockheimer (1/7/2020) | Gennai, Paul; Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0751 | GOOG-PLAY-000000403 | | Email re Play Subscriptions Rev Share Update - Announcement Tomorrow. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0752 | GOOG-PLAY-000000453 | PX 0678 | Email from S Samat to H.Lockheimer re Play 2018 Plan (12/19/2017) | Cramer, Christian Lockheimer, Hiroshi Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Relevance (Fed. R. Evid. 402).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; |
| TEMP0753 | GOOG-PLAY-000000807 | | Email from M. Herring to R. Porat re Briefing Note on Hug - for BC on 4/9 (04/08/2019) | Cramer, Christian Porat, Ruth | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0754 | GOOG-PLAY-000003283.R | | Tencent Hug+ Deal Evaluation - Finance Slides for Discussion slide deck (04/28/2020) | Cramer, Christian Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0755 | GOOG-PLAY-000003315.R | PX 2616 | Slide deck titled, "Stadia LT Plan Review" (07/24/2020) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0756 | GOOG-PLAY-000004017 | | Email re the accounting assessment of the Activision Project Hug deal (05/26/2020) | Cramer, Christian Divento, Anthony | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0757 | GOOG-PLAY-000004154 | PX 0445 | Document with filename Untitled document_1BxtY7U3F-5ZdDNApb61mpML61ybcWQVpA3sdDru0P4.docx (12/11/2019) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP0758 | GOOG-PLAY-000004417 | | Play Cloud Credits - Finance Assessment (04/09/2021) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP0759 | GOOG-PLAY-000004563.R | | Boosting Top Game Developer Support (09/03/2019) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP0760 | GOOG-PLAY-000005029.R | | Slide deck titled "PEX & BC review: Google Distribution Agreements Framework" (06/14/2019) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0761 | GOOG-PLAY-000005313 | PX 1610 | Document titled, "Finance Briefing Note on Project Hug )Top Dev) & Samsung BC Review" (04/03/2019) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP0762 | GOOG-PLAY-000011493 | PX 0773 | Email M.Stone to D.Kleidermacher re Follow-Up from Wednesday Meeting on Malware Scanning (03/01/2019) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0763 | GOOG-PLAY-000012746 | PX 0751 | Email from D.Kleidermacher to K.Vitaldevara re Couple Other Quick Comments on AP (09/27/2019) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0764 | GOOG-PLAY-000029075 | | Document entitled Sun Valley Conference Preparation, July 2018. | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0765 | GOOG-PLAY-000035943 | | Document entitled "Off-market Malware Installs: 2019 Retrospective" | Cunningham, Edward Kleidermacher, Dave Porst, Sebastian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0766 | GOOG-PLAY-000036469 | | Document entitled "FB Product Strategy Matrix" | Bankhead, Paul Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0767 | GOOG-PLAY-000039749.R | PX1162 Sebastian Porst | Presentation dated December 2018 titled "GPP Automation Lightning Talks (6 talks)" | Edward Cunningham, Dave Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0768 | GOOG-PLAY-000040353 | | Android Platform Product Steering [AP PS] Review (09/27/2018) | Cunningham, Edward | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0769 | GOOG-PLAY-000040396.R | PX 1161 | Slidedeck titled, "Detecting Potentially Harmful Android Applications at Scale" (07/02/2018) | Cunningham, Edward Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0770 | GOOG-PLAY-000042623.R | PX 1163 | Presentation dated 10/7/2016 titled "Off-Play Installs (a.k.a. Sideloading)" | Edward Cunningham; David Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0771 | GOOG-PLAY-000043970 | | Document entitled "SafetyNet and Security 3 Year OKRs" | Cunningham, Edward Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0772 | GOOG-PLAY-000046830.R | PX 0581 | Presentation titled, "Protecting App Updates" (10/28/2015) | Cunningham, Edward Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0773 | GOOG-PLAY-000051084 | PX 0322 | Email from E.Chu to P.Gupta re Boy-Flow/Policy 3-Team Sync (Monday) (06/07/2020) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0774 | GOOG-PLAY-000051671.R | PX 0315 | Aligning YouTube and Play Billing Experiences slide deck (03/09/2018) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0775 | GOOG-PLAY-000057576 | | Blogpost dated 1/9/2020 titled "PHA Family Highlights: Bread (and Friends)" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrindini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Exhibit will be properly authenticated (Rule 901) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0776 | GOOG-PLAY-000600236 | | Undated website titled "Google Play Protect" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Exhibit will be properly authenticated (Rule 901) |
| TEMP0777 | GOOG-PLAY-000060537 | | Undated webpage titled "Enforcement Process" | Sameer Samat, Purnima Kochikar, Michael Marchuk, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rules 901), Exhibit is properly complete (Rule 106), Foundation |
| TEMP0778 | GOOG-PLAY-000061735 | | Undated website titled "Developer Policy Center- Ad Fraud" | Sameer Samat, Purnima Kochikar, Michael Marchuk, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Exhibit will be properly authenticated (Rule 901) |
| TEMP0779 | GOOG-PLAY-000062182 | | Undated website titled "Illegal Activities" | Sameer Samat, Purnima Kochikar, Michael Marchuk, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP0780 | GOOG-PLAY-000062196 | | Undated webpage titled "Impersonation" | Sameer Samat, Purnima Kochikar, Michael Marchuk, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0781 | GOOG-PLAY-000062293 | | Undated webpage titled "Intellectual Property" | Sameer Samat, Purnima Kochikar, Michael Marchuk, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0782 | GOOG-PLAY-000062629 | | Undated website titled "Developer Policy Center- Ads" | Sameer Samat, Purnima Kochikar, Michael Marchuk, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Exhibit will be properly authenticated (Rule 901) |
| TEMP0783 | GOOG-PLAY-000062858 | | Undated webpage titled "Child Endangerment" | Sameer Samat, Purnima Kochikar, Michael Marchuk, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0784 | GOOG-PLAY-000063156 | | Undated webpage titled "Content Ratings" | Sameer Samat, Purnima Kochikar, Michael Marchuk, Hiroshi Lockheimer, Brandon Barros, Sarah Karam | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0785 | GOOG-PLAY-000063201 | | Undated webpage titled "Minimum Functionality" | Sameer Samat, Purnima Kochikar, Michael Marchuk, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0786 | GOOG-PLAY-000063219 | | Undated webpage titled "Misrepresentation" | Sameer Samat, Purnima Kochikar, Michael Marchuk, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0787 | GOOG-PLAY-000063252 | | Undated website titled "Developer Policy Center- Mobile Unwanted Software" | Sameer Samat, Purnima Kochikar, Michael Marchuk, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Exhibit will be properly authenticated (Rule 901) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0788 | GOOG-PLAY-000063892 | | Undated webpage titled "Device and Network Abuse" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0789 | GOOG-PLAY-000063981 | | Undated website titled "Developer Policy Center- Subscriptions" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Mrinalini Loew, Paul Feng | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Exhibit will be properly authenticated (Rule 901) |
| TEMP0790 | GOOG-PLAY-000064249 | DX0920 Adrian Ong, DX0884 Sharmistha Dubey | Undated Google website titled "Payments" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is relevant (Rules 401, 402), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901) |
| TEMP0791 | GOOG-PLAY-000064254 | PX1436 - Kirsten Rasanen | Undated Play Console help page titled "Payments" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defendants: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims

Plaintiff: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof of rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 901—proponent has not established authenticity of the document; Foundation

Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit will be properly authenticated (Rule 901)

Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0792 | GOOG-PLAY-000064411 | | Undated webpage titled "Spam" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0793 | GOOG-PLAY-000064499 | | Undated website titled "Developer Policy Center- Unauthorized Use or Imitation of System Functionality " | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Exhibit will be properly authenticated (Rule 901) |
| TEMP0794 | GOOG-PLAY-000065639 | | Undated webpage titled "Service Fees" | Paul Gennai, Hiroshi Lockheimer, Sameer Samat, Paul Feng, Mrinalini Loew, Purnima Kochikar, Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Exhibit will be properly authenticated (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0795 | GOOG-PLAY-000065864 | | Undated website titled "Developer Policy Center- Social Engineering" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Exhibit will be properly authenticated (Rule 901) |
| TEMP0796 | GOOG-PLAY-000066404 | | Undated webpage titled "User Ratings, Reviews, and Installs" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Brandon Barros, Sarah Karam | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0797 | GOOG-PLAY-000067659 | | Undated webpage titled "Inappropriate Content" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0798 | GOOG-PLAY-000072593 | | Document dated 4/2016 titled "Android Security 2015 Year in Review" | Edward Cunningham; David Kleidermacher; Sebastian Porst; Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901) |
| TEMP0799 | GOOG-PLAY-000075307 | PX 1379 | Email from J. Lagerling to H. Lockheier re Re/Code: Google / Samsung Changes (01/29/2014) | Lockheimer, Hiroshi Rosenberg, Jamie Lagerling, John Pichai, Sundar Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0800 | GOOG-PLAY-000075963 | PX 0583 | Email from P. Gennai to J. Rosenberg and M. Siliski re Exploring New Subscription Options for Google Play (04/28/2014) | Rosenberg, Jamie; Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0801 | GOOG-PLAY-000076959 | | Email from J. Kolotouros to J. Rosenberg re For your Samsung Discussions (07/18/2014) | Rosenberg, Jamie; Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0802 | GOOG-PLAY-000077123 | | Email from F. Adib to I. Elbouchikhi re Verizon Preps Challenge to Google's App Store (08/20/2014) | Rosenberg, Jamie; Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies;  Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP0803 | GOOG-PLAY-000077271 | | Email from J. Rosenberg to S. Pichai re YT and wallet/billing (10/05/2014) | Rosenberg, Jamie; Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0804 | GOOG-PLAY-000079048 | | Google Doc comment from M. Petrillo and P. Gennai to J. Rosenberg re Android Leads Living Room Accelerator Program (04/15/2015) | Gennai, Paul; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0805 | GOOG-PLAY-000079137 | PX 0802 | Email from O.Indonie to S.Pichai re Living Room Accelerator Program - Your Approval Needed (04/23/2015) | Lockheimer, Hiroshi; Rosenberg, Jamie; Pichai, Sundar; Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0806 | GOOG-PLAY-000079921 | | Email from P. Kochikar to S. Kassandjian re Netflix - open points (06/20/2015) | Kochikar, Purnima; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0807 | GOOG-PLAY-000080358 | PX 0607 | Email from P. Gennai to J. Rosenberg re Play / Partner Terms for tomorrow's 10am meeting (09/09/2015) | Rosenberg, Jamie; Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0808 | GOOG-PLAY-000081785 | | 6/8/2016 email from S. Samat to J. Rosenberg, S. Newberry, H. Lockheimer | Sameer Samat, Jamie Rosenberg, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0809 | GOOG-PLAY-000081823 | | 6/8/2016 email from S. Samat to J. Rosenberg | Sameer Samat, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete; Rule 802—exhibit contains inadmissible hearsay | Exhibit is properly complete (Rule 106); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0810 | GOOG-PLAY-000082213 | | Email from P. Gennai to J. Rosenberg re [Sideloaded apps] Off-Play installs market share dashboard (07/28/2016) | Rosenberg, Jamie; Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0811 | GOOG-PLAY-000082831 | PX 0703 | Email from S.Samat to P.Bankhead re Feedback on the $10B - 2-Pagers (09/29/2016) | Rosenberg, Jamie; Samat, Sameer; Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0812 | GOOG-PLAY-000083999 | PX1425 Kirsten Rasanen | 11/22/2016 email from K. Rasanen to J. Rosenberg, S. Samat, P. Kochikar, P. Gennai, P. Bankhead, E. Bar-Yehuda, M. Kalra, S. Sayigh, V. Buch | Kirsten Rasanen, Sameer Samat, Jamie Rosenberg, Paul Bankhead; Purnima Kochikar; Paul Gennai | Defendants: Defense to Plaintiffs' claims / Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation / Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901) / Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0813 | GOOG-PLAY-000087767 | | Google Chat conversation (07/20/2018) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0814 | GOOG-PLAY-000092281.R | PX 0808 | Slide deck titled, "Understanding Tablet Users" (11/01/2016) | Feng, Paul; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0815 | GOOG-PLAY-000093266.R | | Presentation dated 11/2018 titled "Smartphone Purchase Journey 2018: France Findings" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901). |
| TEMP0816 | GOOG-PLAY-000093636.R | | Huawei TGL* anticipated expiration: Implications & next steps slide deck (08/10/2020) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0817 | GOOG-PLAY-000094588.R | | Presentation dated 4/26/2019 titled "Samsung Google: Building unique app experiences for Samsung devices and users" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claim | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901). |
| TEMP0818 | GOOG-PLAY-000094680.R | | Presentation dated 4/22/2019 titled "Android Ecosystem Health Staples" | David Kleidermacher; Jamie Rosenberg; Paul Gennai; Sameer Samat; Hiroshi Lockheimer; Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 701—exhibit contains improper specialized opinion by witness, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not an opinion, or proper opinion evidence (Rule 701). |
| TEMP0819 | GOOG-PLAY-000094746 | PX 2666 | Document titled, "Android 10 Consumer Release" (09/01/2019) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0820 | GOOG-PLAY-000096143.R | | Presentation dated 10/2018 titled "Smartphone Purchase Journey 2018: US Findings" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit is properly authenticated (Rule 901) |
| TEMP0821 | GOOG-PLAY-000097180.R | | Undated presentation titled "Google Play Overview" | Jamie Rosenberg, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP0822 | GOOG-PLAY-000097630 | | Undated document titled "Samsung App Store- Ad-hoc User Research" | Paul Gennai, Kobi Glick, Jamie Rosenberg, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 403—wasting time and/or needlessly cumulative Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document Foundation | Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP0823 | GOOG-PLAY-000101496 | PX 0777 | Undated document titled "Outline for app-store issues preview with Samsung on 4/28 or 4/29" | Jamie Rosenberg, Paul Gennai, Sameer Samat | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Defendants: Rule 802—exhibit contains inadmissible hearsay  Plaintiffs: Rule 802—exhibit contains inadmissible hearsay (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)  Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0824 | GOOG-PLAY-000103456.R | | Slide deck titled "Improving App Discovery Outside of Play" (04/27/2015) | Glick, Kobi Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0825 | GOOG-PLAY-000110688.R | | Presentation dated 7/2018 titled "goTwoBillionGamers" | Jamie Rosenberg, Donald Harrison, Sebastian Porst | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP0826 | GOOG-PLAY-000111172 | | Document entitled DDAP: Program details and outreach process. | Rosenberg, Jamie Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0827 | GOOG-PLAY-000111624.R | | Presentation dated 11/2018 titled "Smartphone Purchase Journey 2018: Australia Findings" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit is properly authenticated (Rule 901) |
| TEMP0828 | GOOG-PLAY-000114492.R | | Undated presentation titled "Grow Your Subscription Business" | Jamie Rosenberg; Michael Marchak; Purnima Kochikar; Sarah Karam | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0829 | GOOG-PLAY-000117679.R | | Undated presentation titled "Japan Android Path to Purchase" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901) |
| TEMP0830 | GOOG-PLAY-000120820.R | | Presentation dated 11/2018 titled "Smartphone Purchase Journey 2018: UK Findings" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901) |
| TEMP0831 | GOOG-PLAY-000127467 | PX 0817 | Email from A.Pimplapure to J.Kolotouros re Brag Sheet (03/23/2017) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0832 | GOOG-PLAY-000128596 | | Email from C. Li to J. Kolotouros re Samsung RSA 2020 Term Sheet - Deal 2 (06/05/2020) | Kolotouros, Jim; Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0833 | GOOG-PLAY-000128863.R | PX1072 Christopher Li; PX0647 James Kolotouros | Presentation dated 5/2019 titled "Android 101" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defendants: Defense to Plaintiffs' claims; Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—unfairly prejudicial, confusing the issues; Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901),; statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document, Foundation; Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901),; Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0834 | GOOG-PLAY-000129238.R | | Undated presentation titled "Android Overview" | Jim Kolotouros, Paul Gennai, Sameer Samat, Hiroshi Lockheimer, Dave Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901); |
| TEMP0835 | GOOG-PLAY-000129990.R | PX 1068 | Presentation titled, "Samsung API request analysis" (3/2014) | Kolotouros, Jim; Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0836 | GOOG-PLAY-000174597 | PX 1164 | Email from K.Wang to S.Lundberg et al. re Malicious Apps with >1 Million Downloads Slip Past Google Defenses Twice (09/14/2017) | Post, Sebastian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP0837 | GOOG-PLAY-000204048.R | | Undated presentation titled "Life of a Review" | Dave Kleidermacher; Edward Cunningham, Sebastian Post | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901); |
| TEMP0838 | GOOG-PLAY-000205411.R | PX 0279 | Slide deck entitled "project gabby" (09/30/2014) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kochikar, Purnima; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0839 | GOOG-PLAY-000211964.R | PX 0289 | Presentation entitled "Nightcrawler Deepdive" | Cunningham, Edward; Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0840 | GOOG-PLAY-000219435.R | PX1184 Edward Cunningham; PX0765 | Presentation dated 9/2018 titled "AO-PS: Unknown Sources" | Edward Cunningham, David Kleidermacher, Sebastian Porst; Kobi Glick | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff | Plaintiffs: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation  Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901),  Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0841 | GOOG-PLAY-000220213.R | | Undated presentation titled "Pre-conditions for success" | Dave Kleidermacher; Edward Cunningham; Paul Feng, Sarah Karam, Meinaelni Loew, Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Rule 402—exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901) |
| TEMP0842 | GOOG-PLAY-000225013 | DX-016 Lawrence Koh | 8/6/2019 email from M. Rein to L. Koh | Lawrence Koh | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) |
| TEMP0843 | GOOG-PLAY-000225427 | | 9/11/2019 email from L. Koh to K. Aviram Beatty | Lawrence Koh, Sameer Samat, Hiroshi Lockheimer, Don Harrison, Jamie Rosenberg, Purnima Kochikar, Mike Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) |
| TEMP0844 | GOOG-PLAY-000225435 | | Email from E. Putze to A. Shobin re: BATTLE BREAKERS: Next Steps on Pre-Reg Rewards (09/12/2019) | Shobin, Alec Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0845 | GOOG-PLAY-000225568 | PX 1458 | Email from L. Koh to GP Games Velocity et al re Games Velocity Program (Project Hog) Executive Newsletter August 2019 (09/25/2019) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of rebutting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0846 | GOOG-PLAY-000226939 | PX 0155 | Email from K. Gambhir to G. Yousling re Riot GVP Call 1/23/20 - Next Steps (01/24/2020) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of rebutting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Foundation and/or hearsay exception applies. |
| TEMP0847 | GOOG-PLAY-000229099 | | 4/21/2020 email from C. Babcock to L. Koh | Lawrence Koh; Chris Babcock; Hans Stolfus | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402) |
| TEMP0848 | GOOG-PLAY-000229152 | DX0020 Lawrence Koh | 4/21/2020 email from D. Song to L. Koh | Lawrence Koh; Hans Stolfus | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0849 | GOOG-PLAY-000233058.R | | Presentation entitled Play & Friends All Hands Q1 2020. | Koh, Lawrence Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0850 | GOOG-PLAY-000233314 | | Alliance 2021 Planning (WIP) (10/28/2020) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0851 | GOOG-PLAY-000234248.R | PX 0147 | Document Titled Activision Blizzard King (12/11/2020) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0852 | GOOG-PLAY-000234425 | PX0389 Michael Marchak | 10/16/2018 email from M. Marchak to M. Oh | Purnima Kochikar, Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0853 | GOOG-PLAY-000234772 | PX 0149 | Email from L. Koh to M. Marchak re ABK Update - Armin Mtg 11/26 (12/04/2019) | Kochikar, Purnima Koh, Lawrence Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0854 | GOOG-PLAY-000236243 | | Games Velocity Program 2.0 (10/26/2020) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Marchak, Michael Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0855 | GOOG-PLAY-000237798 | | Play Value spreadsheet (08/14/2019) | Feng, Paul Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0856 | GOOG-PLAY-000238612.R | | Presentation entitled Google Play Playtime LATAM. | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0857 | GOOG-PLAY-000257405 | | Email from E.Crosby to A.Pott A.Zaeske Re:Meeting Notes and Als PPS - Subscriptions V2 Review (01/27/2017) | Feng, Paul Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0858 | GOOG-PLAY-000257414 | PX 2683 | Email from S. Sayigh to P. Feng re Subs V2 Updates | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0859 | GOOG-PLAY-000257419 | | Email re Subs V2 Updates. | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0860 | GOOG-PLAY-000257656 | PX 1443 | Email from L. Fontaine to A. Pott et al re Spotify Question (04/04/2017) | Feng, Paul Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0861 | GOOG-PLAY-000257730 | | Email re Re: Weekly Activity Report, 4/17/17 - 4/21/17, Play Apps BD. | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0862 | GOOG-PLAY-000257825 | | Email from R. Shaik to play-commerce-leads re [Heads up] Upcoming dogfood launch of "Preventing inapp purchases from sideloaded apps." (05/12/2017) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0863 | GOOG-PLAY-000258502 | | Email from S. Sayigh to PolicySubsV2 re Apple buying Texture (03/13/2018) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0864 | GOOG-PLAY-000258505 | PX 0518 | Email from S.Sayigh to L.Yang re Apple Buying Texture (03/13/2018) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0865 | GOOG-PLAY-000258923 | | Email from L.Yang to A.Zaeske re Update on Netflix and Google Play Billing (07/24/2018) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0866 | GOOG-PLAY-000259276 | PX 0509 | Email from K. Reinke to P. Feng re Netflix (02/02/2019) | Feng, Paul; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0867 | GOOG-PLAY-000260305 | PX 0178; PX 0510 | Email from H. Pottamsetty to K. Glick et al. re Dev confusion about play's policy (01/30/2020) | Feng, Paul; Glick, Kobi; Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0868 | GOOG-PLAY-000261200 | | Email from H. Lockheimer to D. Jackson re Google Play payments policy - initial US press recap (09/28/2020) | Cramer, Christian; Feng, Paul; Harrison, Donald; Lockheimer, Hiroshi; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0869 | GOOG-PLAY-000261263 | PX 1703 | Email from M. Loew to J. Zepp re NFLX Modular Sync (EOW) (10/15/2020) | Feng, Paul; Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0870 | GOOG-PLAY-000261993.R | | Presentation dated 8/2020 titled "Landing Play Payment Policy" | Paul Feng; Mrinalini Loew | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 802—exhibit contains inadmissible hearsay<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 901—proponent has not established authenticity of the document<br>Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Exhibit will be properly authenticated (Rule 901) |
| TEMP0871 | GOOG-PLAY-000262353.R | | Netflix Code Yellow Proposal slide deck (8/2017) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0872 | GOOG-PLAY-000263298.R | | Presentation dated 4/13/2017 titled "Google Play Match Group Summit" | Brandon Barras, Paul Feng, Purnima Kochikar, Sarah Karam | Defendants: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document; Foundation<br><br>Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay exception applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901)<br><br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0873 | GOOG-PLAY-000267387 | | Spreadsheet entitled Play Monthly User Feedback Report (June). | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0874 | GOOG-PLAY-000268001 | | Email from P. Kochikar to L. Zhang re [Industryinfo] Re: Google's iron grip on Android: Controlling open source by any means necessary (07/24/2018) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP0875 | GOOG-PLAY-000270597 | | Summary of Changes (Google Play Developer Distribution Agreement) (11/06/2020) | Kochikar, Purnima Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication, exhibit has not been properly authenticated (Fed. R. Evid. 901).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0876 | GOOG-PLAY-000270797.R | | Undated presentation titled "Closing the Gen Z App Gap" | Sameer Samat, Edward Cunningham, Paul Feng, Dave Kleidermacher, Purnima Kochikar, Paul Bankhead, Hiroshi Lockheimer, Jamie Rosenberg, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901) |
| TEMP0877 | GOOG-PLAY-000272117.R | | Presentation dated 1/0/2020 titled "How developers perceive Androids & Google Play brands?" | Sameer Samat, Edward Cunningham, Paul Gennai, Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901) |
| TEMP0878 | GOOG-PLAY-000272448.R | | Presentation dated April 2017 titled "Android Games Strategy Review: Building High Quality Android Games" | Sameer Samat, Paul Feng, Kobi Glick, Purnima Kochikar, Michael Marchak, Paul Bankhead, Christian Cramer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0879 | GOOG-PLAY-000272539.R | | Undated presentation titled "China: A Parallel Universe" | David Kleidermacher, Edward Cunningham, Jamie Rosenberg; Paul Feng; Paul Gennai; Purnima Kochikar; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not an opinion, or proper opinion evidence (Rule 701), |
| TEMP0880 | GOOG-PLAY-000277908.R | | Presentation dated 3/2020 titled "Smartphone Purchase Journey 2019 Global Findings" | Paul Gennai, Dave Kleidermacher, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901) |
| TEMP0881 | GOOG-PLAY-000285163 | | Document titled "Google Play Commerce Developer Feedback" (11/01/2012) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0882 | GOOG-PLAY-000285596.R | PX0169 Kobi Glick | August 2018 presentation titled "DSAT Q218 - Developer Sentiment Survey" | Paul Feng, Paul Gennai, Kobi Glick, Sarah Karam, Purnima Kochikar, Mrinalini Loew, Michael Marchak, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0883 | GOOG-PLAY-000286779.R | | JP Play Points Launch Update slide deck (11/02/2018) | Kochikar, Purnima; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0884 | GOOG-PLAY-000286913 | PX 2863 | Document titled, "Play Value StratOps Model (Previously "dev 2.0, Earning 30")" | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0885 | GOOG-PLAY-000290130.R | PX 1533; PX 1770 | Document titled, "First Thoughts on Google Play Opportunities and Challenges" (07/01/2016) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP0886 | GOOG-PLAY-000292207.R | PX0679 Sameer Samat | 2018 presentation titled "Play 2018 Planning Summit - Winning with Users and Developers" | Paul Gennai, Kobi Glick, Purnima Kochikar, Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0887 | GOOG-PLAY-000297309.R | | Slide deck titled "Amazon Underground User Experience" (11/2015) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0888 | GOOG-PLAY-000297605.R | | Amazon competitor deep dive slide deck (4/2017) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer; Wang, Kevin | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0889 | GOOG-PLAY-000298618 | | Document titled "Amazon JP AppStore Research Report" (2/2017) | Kochikar, Purnima; Wang, Kevin | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0890 | GOOG-PLAY-000300428.R | | Presentation dated June 2016 titled "Android Developer Ecosystem" | Hiroshi Lockheimer, Sameer Samat, Paul Gennai, Purnima Kochikar, Jim Kolotouros, Michael Marchak, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0891 | GOOG-PLAY-000301542.R | | Undated presentation titled "Play Apps & Games 2018" | Purnima Kochikar, Sameer Samat, Michael Marchak, Hiroshi Lockheimer, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); |
| TEMP0892 | GOOG-PLAY-000302766.R | | Slide deck entitled "Play Loyalty program options" (03/23/2018) | Bankhead, Paul; Kochikar, Purnima; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0893 | GOOG-PLAY-000304059.R | | Presentation dated 3/20/2017 titled "Android Ecosystem: Q1 QER" | Jamie Rosenberg, Sameer Samat, Paul Feng, Paul Gennai, Purnima Kochikar, Jim Kolotouros, Christian Cramer, Jon Gold | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP0894 | GOOG-PLAY-000304302.R | | Undated presentation titled "PC to Mobile and Mobile to PC: Lessons learned from LineageM" | Purnima Kochikar; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0895 | GOOG-PLAY-000305621 | PX 1543 | Document titled, "Overlay App Install Beta Program Agreement" (06/01/2016) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0896 | GOOG-PLAY-000307941.R | PX 0682 | Amazon competitor deep dive slide deck (4/2017) | Kochikar, Purnima Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0897 | GOOG-PLAY-000308407.R | | Undated presentation titled "Next Billion Users" | Jamie Rosenberg, Sameer Samat, Paul Gennai, Kobi Glick, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP0898 | GOOG-PLAY-000308762 | | Spreadsheet with filename Subscription Billing Platform Competitor A_1yN1jLKZhjKNPsHm_przACwr6zVtxUD4_tggpfcHa6y0.xlsx;Subscription Billing Platform Competitor An_1yN1jLKZhjKNPsHm_przACwr6zVtxUD4_tggpfcHa6y0.xlsx;Subscription Billing Platform Competitor Anu_1yN1jLKZhjKNPsHm_przACwr6zVtxUD4_tggpfcHa6y0.xlsx;Subscription Billing Platform Competitor _1yN1jLKZhjKNPsHm_przACwr6zVtxUD4_tggpfcHa6y0.xlsx | Feng, Paul Kochikar, Purnima Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0899 | GOOG-PLAY-000308782.R | PX0769 Dave Kleidermacher | Presentation dated 7/28/2016 titled "Unknown sources" | Sameer Samat, Edward Cunningham, Paul Gennai, Dave Kleidermacher, Purnima Kochikar, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0900 | GOOG-PLAY-000316976.R | | Presentation dated 2/26/2016 titled "App Store Analysis Refresh" | Paul Gennai, Purnima Kochikar, Michael Marchak, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP0901 | GOOG-PLAY-000333091 | PX 1412 | Email from A. Stadler to V. Baccetti et al re FB and App Updates (04/13/2017) | Rasanen, Kristen Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0902 | GOOG-PLAY-000333095 | | 4/15/2017 email from S. Samat to A. Mahbod, V. Bach, C. D'Silva | Sameer Samat, Kirsten Rasanen, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP0903 | GOOG-PLAY-000333220 | PX1413 Kirsten Rasanen | 5/22/2017 email from S. Samat to V. Bach | Kirsten Rasanen, Sameer Samat, Paul Bankhead, Hiroshi Lockheimer, Jamie Rosenberg | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 402—exhibit is not relevant, Rule 403—exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901), Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0904 | GOOG-PLAY-000333226 | PX 2681 | Email from V. Bacetti to P. Bankhead re Facebook Meeting Notes 05.19.17 (05/22/2017) | Bankhead, Paul Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0905 | GOOG-PLAY-000337564.R | PX0360 Michael Marchak, Danielle Stein; PX 2864, PX 2866 | Presentation dated 8/8/2019 titled "Play Value Model: Play BD StratOps" | Paul Gennai; Sameer Samat; Michael Marchak; Danielle Stein; Rich Miner | Defendants: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 802—exhibit contains inadmissible hearsay<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 901—proponent has not established authenticity of the document<br>Foundation<br><br>Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Exhibit will be properly authenticated (Rule 901)<br><br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0906 | GOOG-PLAY-000338400.R | | Undated presentation titled "P&E Annual Plan Play Sandbox" | Paul Gennai; Hiroshi Lockheimer; Sameer Samat; Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 701—exhibit contains improper specialized opinion by lay witness, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not an opinion, or proper opinion evidence (Rule 701), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807). |
| TEMP0907 | GOOG-PLAY-000338400.R | PX 0716; PX 2981 | Slide deck titled, "P&E 2021 Annual Plan - Play Sandbox" (11/02/2020) | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0908 | GOOG-PLAY-000338770.R | | Presentation dated 9/2020 titled "Google Play Toplines" | Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 802—exhibit contains inadmissible hearsay<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 901—proponent has not established authenticity of the document<br>Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Exhibit will be properly authenticated (Rule 901) |
| TEMP0909 | GOOG-PLAY-000338849.R | PX 0752; PX 1148 | Slide deck entitled "Platforms & Ecosystems" (11/05/2020) | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0910 | GOOG-PLAY-000342543.R | | Presentation dated 2016 titled "Android Developer Data and O Early Thoughts" | Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 802—exhibit contains inadmissible hearsay<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 901—proponent has not established authenticity of the document<br>Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Exhibit will be properly authenticated (Rule 901) |
| TEMP0911 | GOOG-PLAY-000342813.R | | Undated presentation titled "Play 2018 Planning Summit: Winning with Users and Developers" | Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 802—exhibit contains inadmissible hearsay<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 901—proponent has not established authenticity of the document<br>Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Exhibit will be properly authenticated (Rule 901) |
| TEMP0912 | GOOG-PLAY-000345879.R | | Monthly Finance Meeting slide deck (8/2020) | Cramer, Christian Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0913 | GOOG-PLAY-000346734 | PX 2657 | Document titled, "February 19 - Off the Record Dinner with Sameer and Dave - Briefing Document" (02/19/2022) | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0914 | GOOG-PLAY-000348696 | PX 0752 | Email from M.Sharif to J.Liu et al. re Play Abuse Update (02/14/2018) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0915 | GOOG-PLAY-000350028 | PX 0604 | Email from P. Gennai to M. Hochberg and M. Petrillo re Banyan (01/31/2019) | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP0916 | GOOG-PLAY-000351706 | | Email from P. Gennai to M. Hockberg re iPhone/Apple Watch (01/08/2020) | Gennai, Paul; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0917 | GOOG-PLAY-000353866 | | Google Chat conversation (06/10/2020) | Harrison, Don; Kochikar, Purnima; Kolotouros, James; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0918 | GOOG-PLAY-000357164 | PX2897 Donna Hoffman, PX2904 Donna Hoffman | Presentation dated 2/2020 titled "Smartphone Purchase Journey 2019" | Dave Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901) |
| TEMP0919 | GOOG-PLAY-000357164.R | PX 2904 | Presentation dated February 2020 titled "Smartphone Purchase Journey 2019" | Dave Kleidermacher, Paul Gennai; Brandon Barros, Don Harrison, Purnima Kochikar, Lawrence Koh, Jim Kolotouros, Hiroshi Lockheimer, Sundar Pichai, Jamie Rosenberg, Sameer Samat | Defendants: Defense to Plaintiffs' claims / Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Foundation / Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0920 | GOOG-PLAY-000360400.R | PX 0513 | Slide deck titled, "Aligning YouTube and Play Billing Experiences" (02/02/2018) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0921 | GOOG-PLAY-000361147.R | PX 1448 | Slide deck titled "Play Finance Overview" (11/01/2017) | Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0922 | GOOG-PLAY-000362971.R | PX 1693 | Presentation titled, "Google Play 2020: Secure the Core" | Loew, Mrinalini; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0923 | GOOG-PLAY-000364735.R | PX 1694 | Presentation titled, "PPS: IAP Sales on 3P Surfaces - Off-Play Payments Strategy" | Cramer, Christian; Feng, Paul; Marchak, Michael; Loew, Mrinalini; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0924 | GOOG-PLAY-000346812 | PX 1698 | Document titled, "Buy Flow Discussion" (06/03/2020) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0925 | GOOG-PLAY-000365029.R | PX 0133 | Slide deck entitled "Google Play Points Overview" (6/2020) | Bankhead, Paul Glick, Kobi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0926 | GOOG-PLAY-000365588.R | | Presentation dated 2019 titled "DSAT April 2019: Developer Sentiment Survey" | Mrinalini Loew | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901) |
| TEMP0927 | GOOG-PLAY-000365646.R | | Presentation dated 2019 titled "DSAT June/July 2019: Developer Sentiment Survey" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901) |
| TEMP0928 | GOOG-PLAY-000367346.R | | Presentation dated 4/2019 titled "Banyan (Samsung)" | Jim Kolotouros, Paul Gennai, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0929 | GOOG-PLAY-000368480.R | | Presentation dated 1/22/2019 titled "Android OS US Brand Tracking: December 2018 - US" | Hiroshi Lockheimer, Sameer Samat, Paul Gennai, Dave Kleidermacher, Jim Kolotouros, Christian Cramer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0930 | GOOG-PLAY-000374057.R | | Undated presentation titled "value of google play billing" | Purnima Kochikar; Sameer Samat; Paul Gennai; Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP0931 | GOOG-PLAY-000375505.R | PX0105 Tian Lim PX1141 Sebastian Porst | Presentation dated 1/22/2019 titled "App safety- e2e logical diagram" | Dave Kleidermacher; Edward Cunningham, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402) |
| TEMP0932 | GOOG-PLAY-000375525.R | | Presentation dated June 2018 titled "Lion Force Strategy: Pitch Document- WIP" | Michael Marchak; Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0933 | GOOG-PLAY-000377290.R | | Slide deck with filename - PRIVILEGED & CONFIDENTIAL-payments pollc_1CTO2dbWRvozW8XIkPZ_4I7Z6_zoO-d6j4ObLXUYY6CQ.pptx | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0934 | GOOG-PLAY-000381315 | | Document dated 7/3/2018 titled "Fortnite Testing Meeting Notes" | Lawrence Koh | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—wasting time and/or needlessly cumulative, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901) |
| TEMP0935 | GOOG-PLAY-000398280 | | 1/10/2020 email from S. Westover to S. Samat | Hiroshi Lockheimer, Sameer Samat, Paul Gennai, Dave Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Foundation | Exhibit is properly complete (Rule 106), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0936 | GOOG-PLAY-000400751.R | | Presentation dated 7/2017 titled "Google's Android Distribution Agreements" | Dave Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0937 | GOOG-PLAY-000402788 | PX 1484 | Email from D. Harrison to D. Sobota re Strategic Rationale (07/16/2018) | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0938 | GOOG-PLAY-000402798 | PX 1486 | Email from R. Kyncl to D. Harrison re Fortnite (07/18/2018) | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0939 | GOOG-PLAY-000404105 | DX0017 Lawrence Koh | 8/29/2019 email from D. Harrison to L. Koh | Donald Harrison, Purnima Kochikar, Lawrence Koh | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Balance favors admissibility (Rules 401, 403) |
| TEMP0940 | GOOG-PLAY-000405463 | | 7/30/2020 email from D. Alegre to D. Harrison | Donald Harrison | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP0941 | GOOG-PLAY-000412355.R | | Undated document titled "A Perspective on Android Prioritization" | Edward Cunningham, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 901—proponent has not established authenticity of the document; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit will be properly authenticated (Rule 901) |
| TEMP0942 | GOOG-PLAY-000416238 | PX 0321 | Document titled "Neal / Scott Briefing on Play - YT Integrations" (6/11/2020) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0943 | GOOG-PLAY-000416448 | | Undated document titled "Android Compatibility Commitment" | Google agreement (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0944 | GOOG-PLAY-000417080 | PX 1378 | Email from J. Lagerling to H. Lockheimer re Clarification (01/28/2014) | Lagerling, John Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0945 | GOOG-PLAY-000417087 | PX 2744 | Email from S. Pichai to P. Brady et al. dated Jan 28, 2024 | Pichai, Sundar; Brady, Patrick; Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0946 | GOOG-PLAY-000417089 | | Email from P. Brady to D. Pichai re GMS for Cyanogen (01/28/2014) | Brady, Patrick Lockheimer, Hiroshi Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0947 | GOOG-PLAY-000417092 | | Email from L. Roche to J. Lagerling et al. re "Clarification' (01/31/2014) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0948 | GOOG-PLAY-000417955 | PX 1393 | Email from S. Picai to H. Lockheimer re Our Take on FB Larger Ambition (05/07/2014) | Lockheimer, Hiroshi Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0949 | GOOG-PLAY-000418710 | PX 1380; PX 2751 | Email from H. Yoon to H. Lockheimer re FW Samsung Launches Samsung GALAXY Apps (07/11/2014) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., The exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP0950 | GOOG-PLAY-000419070 | | Email from B. Rakowski to N. Fox re switching (09/17/2014) | Lockheimer, Hiroshi Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0951 | GOOG-PLAY-000420201 | | Email from H. Lockheimer to D. Koh re "CNET: Samsung takes Tizen app store worldwide to give its OS a boost (04/30/2015) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0952 | GOOG-PLAY-000420244 | PX 1381 | Email from H. Lockheimer to DJ Koh re CNET: Samsung Takes Tizen App Store Worldwide to Give It's OS a Boost (05/02/2015) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0953 | GOOG-PLAY-000421157 | | Document dated 9/2015 titled "Briefing Doc: Hiroshi Lockheimer Pre-Briefs on 9/29 Event" | Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) |
| TEMP0954 | GOOG-PLAY-000421171 | | 9/23/2015 email from A. Pimplapure to A. Ludwig | Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP0955 | GOOG-PLAY-000421394 | PX 0829 | Email from H.Lockheimer to A.Pimplapure re Codifying PAI Requirement in Revenue Share Agreement (11/22/2015) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0956 | GOOG-PLAY-000421463 | | Email from J. Kolotouros to A. Pimplapure re Notes from Samsung meeting this morning - Search Revenue Share (12/29/15) (12/30/2015) | Kolotouros, Jim Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0957 | GOOG-PLAY-000421583 | | Email from A. Pimplapure to J. Kolotouros re Pay app options (02/06/2016) | Kolotouros, Jim Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0958 | GOOG-PLAY-000425178.R | | Undated presentation titled "Android Security 2017 Marketing Plan" | Edward Cunningham, David Kleidermacher, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901). |
| TEMP0959 | GOOG-PLAY-000432524 | PX 1416 | Email from K. Rasanen J. McGuire re FB News: Instant Games Rolls out on Messenger (05/05/2017) | Rasanen, Kirsten Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0960 | GOOG-PLAY-000432543 | PX 1400 | Email from H. Lockheimer to K. Rasanen re Facebook Bi-Weekly BD Update (5.10.17) (05/10/2017) | Lockheimer, Hiroshi Rasanen, Kirsten Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0961 | GOOG-PLAY-000433916 | | 4/18/2018 email from R. Turner to P. Gennai | Paul Gennai, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0962 | GOOG-PLAY-000434425 | | Message from D. Kleidermacher to J. Rosenberg re Off-Market Safety... - I would rather find an affirmative wo... (09/12/2018) | Kelidermacher, Dave Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0963 | GOOG-PLAY-000435091 | PX 0588 | Email from P. Gennai to A. Kumar re Hiroshi Monthly Review: Thursday Next Week (10/21/2021) | Gennai, Paul Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0964 | GOOG-PLAY-000435331 | PX 0710 | Email from S.Samat to J.Rosenberg re Ruminations on Play's Business Model (08/07/2019) | Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0965 | GOOG-PLAY-000435337 | | Message from S. Krishnamachari to J. Rosenberg re Ruminations on Pla... - This feels tricky to me for two reaso... (08/08/2019) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0966 | GOOG-PLAY-000436007.R | | Presentation dated October 2018 titled "Smartphone Purchase Journey 2018: US Findings" | Paul Gennai, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0967 | GOOG-PLAY-000437819.R | | Presentation dated 7/31/2017 titled "Subscriptions V2 Follow-Up" | Jamie Rosenberg; Paul Feng; Paul Gennai; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) |
| TEMP0968 | GOOG-PLAY-000439987.R | PX0804 Jamie Rosenberg | Presentation dated 10/18/2014 titled "project gabby" | Jamie Rosenberg; Paul Gennai; Purnima Kochikar; Kobi Glick | Defendants: Defense to Plaintiffs' claims

Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation

Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiff seek to introduce it. | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901),

Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0969 | GOOG-PLAY-000442329 | | Document dated 10/30/17-11/8/17 titled "Play Policy Feedback" | Brandon Barras, Jamie Rosenberg; Paul Feng; Paul Gennai; Purnima Kochikar; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP0970 | GOOG-PLAY-000442440 | PX 0705 | Slide Deck titled, "Play Subscriptions v2.0" (09/2014) | Feng, Paul Kochikar, Purnima Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0971 | GOOG-PLAY-000443763.R | PX 0603 | Undated presentation titled "Let's talk about our business model..." | Jamie Rosenberg, Sameer Samat, Paul Gennai, Dave Kleidermacher | Defendants: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation<br><br>Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br><br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0972 | GOOG-PLAY-000443908.R | PX 0685 | Galaxy Store Performance Update slide deck (07/19/2019) | Cramer, Christian<br>Lockheimer, Hiroshi<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0973 | GOOG-PLAY-000444214.R | | Project Magical Bridge - Exploring ways to make the Play business model more sustainable for Google in the long-term slide deck (9/2019) | Bankhead, Paul<br>Feng, Paul<br>Kochikar, Purnima<br>Marchak, Michael<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0974 | GOOG-PLAY-000444346.R | PX 0122 | Fortnite Task Force (08/06/2018) | Cunningham, Edward<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Lockheimer, Hiroshi<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0975 | GOOG-PLAY-000445313 | | GDAF Summary (05/31/2019) | Cramer, Christian<br>Kolotouros, Jim<br>Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (F.R. Evid. 106); Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0976 | GOOG-PLAY-000445443.R | PX0434 Christian Cramer, Shafiq Ahmed, Ned Barnes; PX2881 Douglas Skinner | Presentation dated 9/20/2018 titled "Play Update @ CFO Council" | Jamie Rosenberg, Paul Gennai, Sameer Samat, Hiroshi Lockheimer, Christian Cramer | Defendants: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation<br><br>Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106),<br><br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0977 | GOOG-PLAY-000445893.R | PX0439 Christian Cramer | Presentation dated 5/2019 titled "Google Play: Alphabet Board Meeting" | Jamie Rosenberg, Paul Gennai, Sameer Samat, Purnima Kochikar, Hiroshi Lockheimer, Sundar Pichai | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation | Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), |
| TEMP0978 | GOOG-PLAY-000445893.R | PX 0439 | Slidedeck titled, "Google Play Alphabet Board Meeting" (05/01/2019) | Cramer, Christian<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0979 | GOOG-PLAY-000446037 | | Meeting Minutes - Samsung and Google (06/08/2019) | Harrison, Donald<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0980 | GOOG-PLAY-000446343.R | | Presentation dated 10/30/2017 titled "2018 Annual Plan: Platforms & Ecosystems Hiroshi/Ruth Review" | Jamie Rosenberg; Paul Gennai; Sameer Samat; Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP0981 | GOOG-PLAY-000446489 | | Document titled, "Google Play Ecosystem Intelligence - Scope & proposal" (06/28/2017) | Kochikar, Purnima Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0982 | GOOG-PLAY-000446565.R | | Undated presentation titled "Google Play 2019 Strategic Plan" | Sameer Samat, Dave Kleidermacher, Purnima Kochikar, Jamie Rosenberg, Christian Cramer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP0983 | GOOG-PLAY-000446636 | | Play Subscriptions V2 Revisited PPS slide deck (02/08/2017) | Bankhead, Paul Feng, Paul Glick, Kobi Kochikar, Purnima Marchak, Michael Rosenberg, Jamie Samat, Sameer Wang, Kevin | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0984 | GOOG-PLAY-000446894 | | Undated document titled "Hijacking the Fortnite Installer" | Edward Cunningham, David Kleidermacher, Hiroshi Lockheimer, Sameer Samat, Jamie Rosenberg, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—exhibit contains statements not based on declarant's personal knowledge, Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 403—exhibit contains statements not based on declarant's personal knowledge and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106). |
| TEMP0985 | GOOG-PLAY-000449614 | PX 0623 | Email from J. Kolotouros to D. Thevenon re rev share agreement with OEMs (07/08/2014) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0986 | GOOG-PLAY-000451044 | PX 0615 | Email from J. Kolotouros to C. Li re top partner oems (01/30/2015) | Kolotouros, Jim Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP0987 | GOOG-PLAY-000457086.R | | Undated presentation titled "Android Overview" | Dave Kleidermacher, Jim Kolotouros, Sameer Samat, Hiroshi Lockheimer, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 403—wasting time and/or needlessly cumulative Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation | Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP0988 | GOOG-PLAY-000457156.R | PX 1107 | Slidedeck titled, "Google Distribution Agreements Framework" (06/2019) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0989 | GOOG-PLAY-000462888.R | | Presentation dated 10/2015 titled "Google Play Project Alley-oop: Improving Indirect App Discovery" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP0990 | GOOG-PLAY-000464148 | | Document titled "Project Banyan FAQs" (04/15/2019) | Barras, Brandon Gennai, Paul Harrison, Don Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0991 | GOOG-PLAY-000467594.R | | Presentation dated 1/20/2015 titled "Project Sun-Mool Market overview & impact assessment" | Paul Feng, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP0992 | GOOG-PLAY-000469931 | | Document entitled "Third party market violation workflow" (12/13/2014) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0993 | GOOG-PLAY-000470961.R | | *Draft* Google Play Commerce Capturing the Subscription Billing Opportunity slide deck (11/18/2014) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0994 | GOOG-PLAY-000471070.R | | Presentation entitled Play Subscriptions: Strategy & Market Insights Project Planning (October 2014). | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP0995 | GOOG-PLAY-000476357 | | Email from M. Henderson to L. Mytton re Steam revising 30% rev share for big game developers (12/06/2018) | Glick, Kobi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP0996 | GOOG-PLAY-000512371 | DX-18 Lawrence Koh | 4/11/2020 email from E. Zobrist to L. Koh | Lawrence Koh | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation | Balance favors admissibility (Rules 401, 403); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit will be properly authenticated (Rule 901); |
| TEMP0997 | GOOG-PLAY-000512419 | DX0019 - Lawrence Koh | 4/25/2020 Email from H. Stolfus to L. Koh | Lawrence Koh, Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies |
| TEMP0998 | GOOG-PLAY-000518034.R | | Presentation dated 5/2019 titled "Google Play Points Developer Overview" | Lawrence Koh; Purnima Kochikar; Michael Marchak; Mrinalini Loew | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP0999 | GOOG-PLAY-000518713 | PX 1520 | Email from P. Kochikar to A. Gutterman re Hi-po/hi-risk AAA/Indie Coverage (10/11/2018) | Kochikar, Purnima; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1000 | GOOG-PLAY-000518746 | | 11/9/2018 email from F. Hu to M. Marchak | Mike Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1001 | GOOG-PLAY-000518884 | | Email from L. Zhang to S. Sayigh, M. Marchak, P. Kochikar re FW New Revenue Share Tiers on Steam (12/03/2018) | Kochikar, Purnima; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1002 | GOOG-PLAY-000519930 | PX 1521 | Email from M. Marchak to J. O'Connor re Hug Follow-Up (02/15/2019) | Kochikar, Purnima; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1003 | GOOG-PLAY-000519972 | | Email from R. Richmond to M. Marchak re New Revenue Share Tiers on Steam (03/02/2019) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1004 | GOOG-PLAY-000520558 | PX 0356 | Email from M. Marchak to I. Wang et al. re Time Sensitive - ABK (06/10/2019) | Kochikar, Purnima Koh, Lawrence Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies;. |
| TEMP1005 | GOOG-PLAY-000521369 | | 12/6/2019 email from M. Theremann to M. Marchak | Michael Marchak, Purnima Kochikar | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation  Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807),  Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1006 | GOOG-PLAY-000522209 | | Chat between K. Gambhir and M. Marchak (08/04/2020) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Marchak, Michael Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1007 | GOOG-PLAY-000542113.R | | Slide deck titled, "Understanding Phone Switchers" (01/08/2016) | Cunningham, Edward Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1008 | GOOG-PLAY-000542516.R | PX0354 Michael Marchak | Presentation dated 3/2019 titled "Exploring new business models" | Michael Marchak; Mrinalini Loew; Paul Feng; Sarah Karam | Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation  Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901),  Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1009 | GOOG-PLAY-000542827.R | PX 0353 | Slide deck entitled "App Distribution" (09/2018) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1010 | GOOG-PLAY-000543085 | | Spreadsheet with filename Formite installs_17gDw5HGBly0q6pqtaYiAkpJsQNdJymkUYA6Ut54E4oo.xlsx (08/14/2018) | Marchak, Michael Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1011 | GOOG-PLAY-000548151 | PX 0504 | Email from P.Feng to V.Bach re Samsung Pay / Play (01/05/2017) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies;. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1012 | GOOG-PLAY-000548187 | PX 0839 | Email from P.Feng to A.Pimplapure re Samsung Pay/Play (01/17/2017) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1013 | GOOG-PLAY-000549506.R | PX0537 Paul Feng | Presentation dated 11/2/2017 titled "Play Monetization" | Paul Feng, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1014 | GOOG-PLAY-000552442 | | 6/22/2018 email from J. Rosenberg to T. Sweeney | Jamie Rosenberg; Purnima Kochikar; Jamie Rosenberg; Mark Rein; Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1015 | GOOG-PLAY-000552603 | PX 1469 | Email from M. Sock to J. Rosenberg (07/12/2018) | Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1016 | GOOG-PLAY-000553664 | | Email from P. Correa to R. Singla re Urgent: # of developers (10/04/2018) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1017 | GOOG-PLAY-000555504 | | Email from R. Wyatt to R. Kyncl, C. Frot-Coutaz, et al. re Final Update: Project Bear Hug (from Google BC) (04/16/2019) | Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1018 | GOOG-PLAY-000556933 | PX 0148 | Email from K. Aviram Beatty to R. Wyatt and L. Koh re ABK Update - Armin Mtg (11/27/2019) | Kochikar, Purnima Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1019 | GOOG-PLAY-000558446.R | PX1405 Hiroshi Lockheimer | Presentation dated July 2020 titled "Package installers in Tier 3 RSA" | Sameer Samat, Dave Kleidermacher, Purnima Kochikar, Jim Kolotouros, Jamie Rosenberg, Paul Bankhead, Don Harrison, Hiroshi Lockheimer | Defendants: Defense to Plaintiffs' claims
Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Defendants: Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Foundation
Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)
Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1020 | GOOG-PLAY-000558461.R | | Package installers in Play RSA slide deck (05/12/2020) | Kochikar, Purnima Kolotouros, Jim Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1021 | GOOG-PLAY-000559379.R | | Document titled, "Play update for Alphabet Board Q2'2020" (07/01/2020) | Cramer, Christian Feng, Paul Kochikar, Purnima Lockheimer, Hiroshi Marchak, Michael Pichai, Sundar Rosenberg, Jamie Porat, Ruth Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1022 | GOOG-PLAY-000559534.R | PX 0431 | Slidedeck titled, "2019 Play P&L Review" (07/01/2019) | Kochikar, Purnima Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1023 | GOOG-PLAY-000559842.R | | Presentation dated 4/2019 titled "Project Hug: Boosting Top Game Developer Support, Across Google" | Jamie Rosenberg; Michael Marchak; Paul Feng; Paul Gennai; Purnima Kochikar; Sameer Samat; Lawrence Koh; Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1024 | GOOG-PLAY-000559849.R | | Strawman - To be cleaned up slide deck (07/19/2019) | Cramer, Christian Feng, Paul Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1025 | GOOG-PLAY-000560166 | PX1528 Purnima Kochikar | Undated document titled "Accelerators Proposal to decouple from Policy Enforcement" | Sameer Samat, Paul Feng, Sarah Karam, Purnima Kochikar, Michael Marchak, Brandon Barros, Christian Cramer | Defendants: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims

Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 901—proponent has not established authenticity of the document; Foundation

Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit will be properly authenticated (Rule 901)

Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1026 | GOOG-PLAY-000560564 | | Presentation dated 5/2017 titled "Amazon Response Plan" | Jamie Rosenberg, Michael Marchak, Paul Feng; Paul Gennai; Purnima Kochikar; Sameer Samat; Lawrence Koh, Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1027 | GOOG-PLAY-000560621.R | | Presentation dated 7/22/2016 titled "Close-the-Gap: Product Team Update" | Paul Gennai, Michael Marchak; Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901). |
| TEMP1028 | GOOG-PLAY-000561051.R | PX 1460 | Slide deck titled, "Project Magical Bridge" (05/01/2019) | Bankhead, Paul Feng, Paul Kochikar, Purnima Marchak, Michael Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1029 | GOOG-PLAY-000561266 | | Google Play Q1' 19 Onboarding slide deck (01/28/2019) | Bankhead, Paul Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1030 | GOOG-PLAY-000563280.R | | Slide deck titled, "App Accelerators (Hug for Apps)" (3/2/2020) | Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1031 | GOOG-PLAY-000563747 | | Undated presentation titled "Project Battlestar: Distributing Play's catalog on PC's Partnerships Discussion" | Donald Harrison, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1032 | GOOG-PLAY-000564928 | | Slide deck titled, "Google Play - Business Model and Payment Policy Working Session" (09/30/2016) | Feng, Paul Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1033 | GOOG-PLAY-000564952.R | | Agenda slide deck (07/12/2019) | Feng, Paul Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1034 | GOOG-PLAY-000565172.R | | Presentation dated 6/19/2019 titled "Project Hug Update @ PPS" | Purnima Kochikar, Michael Marchak, Lawrence Koh | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1035 | GOOG-PLAY-000565541.R | PX 0522; PX 2862 | Slidedeck titled, "Play Business Model Thoughts" (03/22/2019) | Feng, Paul Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1036 | GOOG-PLAY-000565846 | | Understanding Play's Key Constituencies and Dynamics (02/26/2019) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1037 | GOOG-PLAY-000565850 | | Project Hug: Risk & Leakage Model slide deck (2/2018) | Cramer, Christian Kochikar, Purnima Koh, Lawrence Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1038 | GOOG-PLAY-000571076.R | PX 0520 | Presentation titled, "Subs Summit 2017" (02/09/2017) | Bankhead, Paul Feng, Paul Glick, Kobi Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1039 | GOOG-PLAY-000571992.R | PX 0452 | Slidedeck titled, "Amazon App Store" (06/01/2017) | Cramer, Christian Kochikar, Purnima Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1040 | GOOG-PLAY-000574352.R | | Presentation entitled Subscriptions 2017 XFN Deep-dive. | Feng, Paul Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1041 | GOOG-PLAY-000575018.R | | Slide deck titled "Amazon Underground User Experience" (11/2015) | Kochikar, Purnima Kolotouros, Jim Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1042 | GOOG-PLAY-000577304.R | PX 1544 | Slide deck titled, "Alley-oop Update" (11/01/2016) | Kochikar, Purnima Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1043 | GOOG-PLAY-000578247.R | | Presentation dated 5/8/2015 titled "Project Alley-Oop: Improving Indirect App Discovery" | Sameer Samat, Jamie Rosenberg, Paul Feng, Paul Gennai, Purnima Kochikar, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1044 | GOOG-PLAY-00578247.R | | Slide deck titled "Project Alley-Oop: improving Indirect App Discovery (05/06/2015) | Glick, Kobi; Kochikar, Purnima; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1045 | GOOG-PLAY-000599130 | | Email re [Privileged] Mang... - Won't this mean app stores can clobbe. | Sameer Samat | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1046 | GOOG-PLAY-000604882 | PX 0711 | Update on Play (06/21/2020) | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1047 | GOOG-PLAY-000607047.R | PX 0534 | Slidedeck titled, "Google Play Points - US" (05/30/2019) | Bankhead, Paul; Feng, Paul; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1048 | GOOG-PLAY-000607841 | | Email from D. Kleidermacher to T. Lim re Play Abuse app vetting and AdultSwine (01/21/2018) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies... |
| TEMP1049 | GOOG-PLAY-000608854 | PX 1385 | Email from M. Murphy to P. Schindler re [BC Approval Required] URGENT: Epic Games (07/21/2018) | Harrison, Donald; Kochikar, Purnima; Lockheimer, Hiroshi; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1050 | GOOG-PLAY-000608951.C | PX 918 Paul Bankhead | 8/8/2018 email from A. Ahn to G. Funk, S. Buitleir, H. Lee, J. Jones | Paul Bankhead, David Kleidermacher, Jamie Rosenberg, Purnima Kochikar, Sameer Samat, Hiroshi Lockheimer, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP1051 | GOOG-PLAY-000608991 | PX 0760 | Email from S.Drennan to S.Mandjgano re Feedback on Fortnite Statement (08/09/2018) | Kleidermacher, Dave; Kochikar, Purnima; Lockheimer, Hiroshi; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1052 | GOOG-PLAY-000609077 | PX 1172 | Email from J.Woloz to B.Bilodeau et al. re Request for Fortnite Signing keys (08/11/2018) | Kochikar, Purnima; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1053 | GOOG-PLAY-000609304 | | Email from S. Lundberg to T. Baiao re An Android Spy App Left 1.7 Million Passwords And Nude Photos Exposed To Hakers (08/22/2018) | Kleidermacher, Dave; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1054 | GOOG-PLAY-000612476 | | 3/21/2020 email from K. Gambhir to S. Samat, H. Lockheimer, D. Harrison, T. Lim, M. Hochberg, M. Herring, N. Drake, J. Rosenberg, D. Lucas, P. Kochikar | Jamie Rosenberg; Michael Marchak; Purnima Kochikar; Sameer Samat; Lawrence Koh; Donald Harrison; Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901). |
| TEMP1055 | GOOG-PLAY-000613152.R | | Play Finance Overview slide deck (11/2017) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1056 | GOOG-PLAY-000616686 | | Exec Summary (04/26/2019) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1057 | GOOG-PLAY-000748312.R | | Presentation dated 11/5/2018 titled "2019 Annual Plan: Platforms & Ecosystems Hiroshi/Ruth Review" | Paul Gennai, Dave Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP1058 | GOOG-PLAY-000749042 | PX 1471 | Document titled "Project Hug - Summary" (03/29/2019) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1059 | GOOG-PLAY-000749970.R | | Presentation dated 6/18/2015 titled "Google Play: Business Overview" | Donald Harrison, Purnima Kochikar; Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1060 | GOOG-PLAY-000753155.R | | Presentation dated 6/2019 titled "Developer-Facing Pitch Materials for Project Hug" | Cliff Samaniego | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) |
| TEMP1061 | GOOG-PLAY-000753605 | | Undated presentation titled "Google Cloud Platform Addendum- Google Play Credits Program" | Cliff Samaniego | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document Rule 402—exhibit is not relevant Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) Exhibit is relevant (Rules 401, 402) |
| TEMP1062 | GOOG-PLAY-000755904.R | | Presentation dated January 2017 titled "Google Play Developer Sentiment Survey- Wave 2: Managed Accounts Report" | Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1063 | GOOG-PLAY-000759262 | PX 0757 | Email from D.Kleidermacher to R.Mishra et al. re N. Korean Red Dawn Cases (05/18/2018) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1064 | GOOG-PLAY-000761144 | PX 0758; PX 1142 | Email from M. Kleidermacher to S. Porstw Strategic problems Google must solve to move the needle in the Android anti-malware space - Invitation to comment (08/23/2018) | Kleidermacher, Dave Porst, Sebastian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1065 | GOOG-PLAY-000761572 | PX 1145 | Email from S.Mandujano to D.Kleidermacher et al. re "Warn Vuln" (08/29/2018) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1066 | GOOG-PLAY-000771172 | | Payment Security Assurance and Components spread sheet, spec. look at "Incidents Metrics" | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1067 | GOOG-PLAY-000781586 | PX 1475 | Email from D. Harrison to B. Kraham re BC Deal Review: agenda for Tuesday, April 9th at 4:00 PM (04/10/2019) | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1068 | GOOG-PLAY-000782270 | | Email from D. Harrison to K. Aviram re FW Supercell (08/29/2019) | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1069 | GOOG-PLAY-000783698 | | 3/25/2020 email from T. Sweeney to D. Harrison | Don Harrison | Proof to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1070 | GOOG-PLAY-000783828 | | 4/10/2020 email from T. Sweeney to D. Harrison | Donald Harrison, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation | Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901). |
| TEMP1071 | GOOG-PLAY-000785364 | PX 1404 | Document titled, "Strategic Partnerships Update" | Harrison, Donald Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1072 | GOOG-PLAY-000786226.R | | Presentation dated 2/2019 titled "Mobile Game Developer Support" | Donald Harrison, Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead, Mrinalini Loew, Paul Feng , Tian Lim, Lawrence Koh, Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1073 | GOOG-PLAY-000797864 | | Document titled "Install Packages Whitelist GTS Test" | Cunningham, Edward Kamdar, Sagar Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1074 | GOOG-PLAY-000801782 | | Document titled, "Next Steps & Open Questions" (11/27/2018) | Cunningham, Edward | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1075 | GOOG-PLAY-000802563.R | | Presentation dated 1/2017 titled "Malware Metrics Review" | Edward Cunningham, Sebastian Porst, David Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901). |
| TEMP1076 | GOOG-PLAY-000804726.R | | Presentation dated 10/12/2016 titled "Speedbump" | Edward Cunningham, Paul Gennai, Sagar Kamdar, Paul Bankhead, Kirsten Rasanen, Sarah Karam | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901). |
| TEMP1077 | GOOG-PLAY-000808299 | PX 1230 | Android Compatibility Commitment (10/28/2020) | Christensen, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1078 | GOOG-PLAY-000808425 | | 8/11/2020 letter from Google to S. Kang | Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 106—exhibit is unfairly incomplete, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is properly complete (Rule 106), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901). |
| TEMP1079 | GOOG-PLAY-000813755 | | Email from B. Rakowski to S. Cuthbertson re android monetization (04/19/2015) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1080 | GOOG-PLAY-000819082.R | | Undated presentation titled "Android, Chrome OS & Play" | Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1081 | GOOG-PLAY-000819719.R | | Undated presentation titled "Operation: Swagger, Android Marketing 2017 Strategy" | Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1082 | GOOG-PLAY-000830885.R | | Email from B. Woodward to S. Karam and G. Weakley Johnson re Update on DDA enforcement (11/20/2014) | Karam, Sarah; Kolotouros, Jim; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1083 | GOOG-PLAY-000831600 | | Email from L. Fontaine to K. Wang re Amazon latest developments (12/13/2014) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1084 | GOOG-PLAY-000832219 | | Email from J. Rosenberg to S. Samat re [Industryinfo] Amazon Quietly Launches A Functional App Store Within Its Maid Android Application (03/14/2015) | Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1085 | GOOG-PLAY-000832471 | | Email from T. Hrivnak to N. Bock re Re: Google Play discovery widget?" (04/24/2015) | Kolotouros, Jim; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1086 | GOOG-PLAY-000834465 | | Email re Fwd: Contributed article in The Next Web: ""What app developers can learn from games. | Rosenberg, Jamie; Kochikar, Purnima; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1087 | GOOG-PLAY-000835445 | | Email from C. D'Silva to A. Abramson et al. re [Notes] PR: Samsung Play Assist (06/02/2016) | Bankhead, Paul; Gemai, Paul; Lockheimer, Hiroshi; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1088 | GOOG-PLAY-000835662 | PX 0622 | Email from J.Kolotouros to J.Rosenberg re MADA Renewal (06/15/2016) | Kolotouros, Jim; Lockheimer, Hiroshi; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1089 | GOOG-PLAY-000836440 | | Email from S. Samat to H. Lockheimer re Netflix / Subscription billing | Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1090 | GOOG-PLAY-000837792 | | 12/1/2016 email from B. Kim to P. Kochikar | Purnima Kochikar, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document. | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901). |
| TEMP1091 | GOOG-PLAY-000838136 | PX1536 Purnima Kochikar | 1/12/2017 email from P. Kochikar to K. Rasanen | Brandon Barras, Jamie Rosenberg; Paul Feng; Sameer Samat; Purnima Kochikar | Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation

Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901).;

Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1092 | GOOG-PLAY-000838152 | PX 0501 | Email from P.Feng to S.Samat re Tinder and Google Play Billing [Concern] (01/17/2017) | Feng, Paul Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1093 | GOOG-PLAY-000838161 | PX 1437 | Email from S. Samat to K. Rasanen re Tinder and Google Play Billing (Concern) (01/17/2017) | Feng, Paul Rosenberg, Jamie Rasanen, Kirsten Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1094 | GOOG-PLAY-000838898.R | | Email from J. Rosenberg to K. Temsamani re Please read: Important issue with Jio in India (02/24/2017) | Lockheimer, Hiroshi Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1095 | GOOG-PLAY-000840773 | PX0704 Sameer Samat | 6/27/2017 email from B. Barras to S. Samat | Brandon Barras, Jamie Rosenberg; Paul Feng; Sameer Samat | Defendants: Defense to Plaintiffs' claims

Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation

Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901).;

Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1096 | GOOG-PLAY-000846070 | | Email from S. Ahmed to P. Gennai re [Time Sensitive] Raise potential Samsung deal at Hug BC7 (03/28/2019) | Gennai, Paul Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1097 | GOOG-PLAY-000846390 | | Email from J Rosenberg to H. Lockheimer re Samsung trip (06/03/2019) | Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay or a hearsay exception applies; |
| TEMP1098 | GOOG-PLAY-000846687 | PX 1191 | Email from M. Perez Guerra to J. Rosenberg re googleplayfair.com website improvements (06/25/2019) | Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Opinion testimony by Lay Witness (Fed. R. Evid. 701)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; Exhibit does not contain hearsay or a hearsay exception applies; |
| TEMP1099 | GOOG-PLAY-000847430 | | 1/13/2020 email from T. Sweeney to H. Lockheimer | Donald Harrison, Hiroshi Lockheimer, Jamie Rosenberg; Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit will be properly authenticated (Rule 901), |
| TEMP1100 | GOOG-PLAY-000847440 | | Email from S. Samat to S. Deutchman re Davos (01/18/2020) | Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay or a hearsay exception applies; |
| TEMP1101 | GOOG-PLAY-000848965.R | PX 1063 | Email from M. Murphy re [Deal_review] [BC Deal Review] Email Approval Requested: Samsung Revenue Share Renewal (06/02/2020) | Kolotouros, Jim Li, Christopher Lockheimer, Hiroshi Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1102 | GOOG-PLAY-000850121 | | Undated presentation titled "Google Apps Mobile Productivity Suite HTC & Sony Android Distribution" | Jamie Rosenberg, Hiroshi Lockheimer, Sameer Samat, Paul Gennai, Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402) |
| TEMP1103 | GOOG-PLAY-000853490 | | Email from D. Thevenon to K. Kolotouros re FW Carrier billing contract - Placement clause (06/12/2014) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1104 | GOOG-PLAY-000853688 | | Email from J. Kolotouros to R. Maheshwari and D. Thevenon re Review of Android Placements Requirements (07/15/2014) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1105 | GOOG-PLAY-000853757 | | Email J. Kolotouros to D. Thevenon re Sony/Google Now (07/30/2014) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1106 | GOOG-PLAY-000855571 | PX 0618 | Email from J Kolotouros to H.Lockheimer re Follow Up (08/06/2015) | Kolotouros, Jim Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1107 | GOOG-PLAY-000855825 | PX 0642 | Chat between J.Kolotouros and O.Indonie (09/04/2015) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1108 | GOOG-PLAY-000860818 | PX 0780 | Samsung - CES 2019 Exec Summary (01/10/2019) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1109 | GOOG-PLAY-000861031 | | Email from J. Kolotouros to S. Lee re Update on FamilyLink and Digital Well Being distribution post exec meeting(s) in Korea (04/30/2019) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1110 | GOOG-PLAY-000875679 | | Document dated 1/24/2020 titled "Ecosystem User Analysis" | Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1111 | GOOG-PLAY-000879069.R | | Google Play Project Banyan slide deck (3/2019) | Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1112 | GOOG-PLAY-000879194.R | | Presentation dated 4/2017 titled "Amazon competitor deep-dive" | Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP1113 | GOOG-PLAY-000880576.R | PX 0290; DX 0446 | Pixel Switching Study Presentation (01/18/2017) | Rasanen, Kirsten Schmidt, Douglas | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it | Personal knowledge; lack of foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; One or more witnesses have foundation to testify; Exhibit will be properly authenticated (Rule 901), |
| TEMP1114 | GOOG-PLAY-000889777 | PX 1561 | Document titled, DRAFT: Terrorist App Prevention on Play (05/13/2016) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1115 | GOOG-PLAY-000890426.R | | Google Play BizOps, Strategy, and Analytics slide deck (01/14/2015) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1116 | GOOG-PLAY-000891918 | | Undated document titled "Subscription Billing in Play: Billing Policy" | Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Balance favors admissibility (Rules 401, 403) |
| TEMP1117 | GOOG-PLAY-000909897.R | | Presentation dated 12/2019 titled "Developer Sentiment Survey" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1118 | GOOG-PLAY-000911673.R | | Undated presentation titled "CN Domestic Apps" | Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 701—exhibit contains improper specialized opinion by lay witness; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not an opinion, or proper opinion evidence (Rule 701) |
| TEMP1119 | GOOG-PLAY-000920405 | | Email from L. Zhang to D. Song re Google BC Review (04/10/2019) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1120 | GOOG-PLAY-000921161 | PX 0144 | Email from L. Koh to J. Heurlin re Ads Credit Addendum for King (07/19/2019) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1121 | GOOG-PLAY-000927702 | PX 0152 | Terms for Strategic Partnership between Google LLC and Activision Blizzard King (01/24/2020) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1122 | GOOG-PLAY-000928690 | PX 0156 | Email from G. Yousling to L. Koh re Riot & GVP (02/18/2020) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1123 | GOOG-PLAY-000933520.R | PX0139 Lawrence Koh | Undated presentation titled "Games Velocity Program Review" | Lawrence Koh | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 901—proponent has not established authenticity of the document; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit will be properly authenticated (Rule 901) |
| TEMP1124 | GOOG-PLAY-000934136 | | Email from S. Thomson to P. Correa re [IMPORTANT] FW Update on Spry Fox (12/14/2018) | Kochikar, Purnima; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1125 | GOOG-PLAY-000934740 | PX 0355 | Email from R. Sharif to F. Hu et al re FOP value (04/23/2019) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1126 | GOOG-PLAY-000934804 | | Email from M. Marchak to J. O'Connor re Value of Billing (05/14/2019) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1127 | GOOG-PLAY-000934959 | | Email re Value Exchange: Play/Google <-> Tinder/Match Group. | Karam, Sarah; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1128 | GOOG-PLAY-000935201 | PX 0391 | Email from I. Wang to M. Marchak re Play Value Breakdown (08/06/2019) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1129 | GOOG-PLAY-000935269 | | Email from F. Hu to M. Marchak re Questions to Paul: Discovery Value Changes. | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1130 | GOOG-PLAY-000936467 | | 1/22/2020 email from M. Oh to R. Pandey and M. Marchak | Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete; Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is properly complete (Rule 106); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1131 | GOOG-PLAY-000936826 | PX 0363 | Email from L. Koh to K. Gamblin et al. re <Action Needed> Riot & GVP (02/18/2020) | Kochikar, Purnima<br>Koh, Lawrence<br>Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1132 | GOOG-PLAY-000940317 | | Document titled "Goals & Approach" re MP model (08/15/2019) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1133 | GOOG-PLAY-000942232.R | | Presentation dated 2/6/2018 titled "Play Apps & Games BD Team Meeting" | Michael Marchak; Purnima Kochikar; Kirsten Rasanen | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 403—unfairly prejudicial, confuses the issues and/or misleading to the jury Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) |
| TEMP1134 | GOOG-PLAY-000946262 | PX 0516 | Email from L. Koh to P. Feng re Gameplanning Out What Happens if Subs Rev Share Goes to 15% (06/04/2019) | Feng, Paul<br>Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1135 | GOOG-PLAY-000953420.R | PX 0533 | Slidedeck titled, "Play Points" (12/05/2018) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1136 | GOOG-PLAY-000957447 | PX 0137 | Email from M. Murphy to J. Dischler re BC Deal Review: Agenda for Tuesday, April 9th at 4:00PM (04/19/2019) | Cramer, Christian<br>Harrison, Donald<br>Kochikar, Purnima<br>Lockheimer, Hiroshi<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |
| TEMP1137 | GOOG-PLAY-000963667 | PX1388 Hiroshi Lockheimer | 2/5/2020 email from H. Lockheimer to S. Samat | Purnima Kochikar, Sameer Samat, Donald Harrison, Hiroshi Lockheimer | Defendants: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—unfairly prejudicial, confuses the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation<br><br>Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901),.<br><br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1138 | GOOG-PLAY-000964777 | PX0125 Tian Lim | 4/9/2020 email from T. Lim to P. Kochikar | Purnima Kochikar; Sameer Samat; Lawrence Koh; Paul Bankhead; Paul Feng | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 106—exhibit is unfairly incomplete Rule 402—exhibit is not relevant Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is properly complete (Rule 106) Exhibit is relevant (Rules 401, 402) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1139 | GOOG-PLAY-000987074 | | Email from S. Ginevan to P. Bankhead re [android-security-trethiness] Re: FYI: New Android Malware Found in 144 GooglePlay Apps (11/20/2017) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1140 | GOOG-PLAY-000987191 | | Presentation dated 10/2017 titled "Android OS US Tracking Report" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Genaz | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Balance favors admissibility (Rules 401, 403); Exhibit is properly authenticated (Rule 901); |
| TEMP1141 | GOOG-PLAY-001003110 | | Document titled "Android enterprise overview" (01/22/2017) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1142 | GOOG-PLAY-001008497 | | Email from S. Samat to A. Abramson re Proposal for App store integration (04/05/2016) | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.; |
| TEMP1143 | GOOG-PLAY-001008512 | PX 0687 | Email from S.Samat to P.Bankhead re Proposal for App Store Integration (04/06/2016) | Bankhead, Paul Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.; |
| TEMP1144 | GOOG-PLAY-001010941 | | Email from P.Feng to L.Lin re PR for Subscriptions Policy Change (09/08/2017) | Samat, Sameer Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1145 | GOOG-PLAY-001011168 | PX0706 Sameer Samat | 10/18/2017 email from S. Samat to H. Lockheimer | Hiroshi Lockheimer, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is properly complete (Rule 106); Balance favors admissibility (Rules 401, 403); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit will be properly authenticated (Rule 901); |
| TEMP1146 | GOOG-PLAY-001013668 | | Message from J. Rosenberg to S. Samat re Ruminations on PL... - Thinking back to how these app store ... (08/07/2019) | Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1147 | GOOG-PLAY-001018461.R | | Play Payments Policy slide deck (06/17/2020) | Feng, Paul Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1148 | GOOG-PLAY-001018676.R | PX 436; PX 1769; PX1615 | Presentation titled, "Compute - Playform & Ecosystem - Devices & Services - Board of Directors Update" | Harrison, Donald; Lockheimer, Kristen; Pichai, Sundar Rasaken, Kristen Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1149 | GOOG-PLAY-001021912.R | | Welcome to Android: Noogler Onboarding) slide deck (03/02/2020) | Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at a trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1150 | GOOG-PLAY-001027055 | | Email from D' Kleidermacher to J. Huang re fortnite update (08/16/2018) | Kleidermacher, Dave Ostrowski, Tristan | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1151 | GOOG-PLAY-001030851 | | 3/25/2019 email from P. Kochikar to S. Samat | Sameer Samat, Jamie Rosenberg Purnima Kochikar, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1152 | GOOG-PLAY-001031377 | PX 1456 | Email from S. Samat to J. Rosenberg et al re Project Hug Approved! (04/19/2019) | Bankhead, Paul Cramer, Christian DiVeto, Anthony Koh, Lawrence Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at a trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1153 | GOOG-PLAY-001031806 | | Email from T. Lim to P. Kochikar et al, re Update on Galaxy Store launch (05/24/2019) | Bankhead, Paul Feng, Paul Kochikar, Purnima Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Relevance (Fed. R. Evid. 402),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1154 | GOOG-PLAY-001037106 | PX 1147 | Email from J.Woloz to S.Porst et al. re Upstream Secure-D Detects Malware Spike (06/04/2020) | Kleidermacher, Dave Porst, Sebastian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1155 | GOOG-PLAY-001041272.R | | Slide deck with filename Store as a destination - UX staff presen_18wyoGDti5TUNYaZ6cOTj y09QcBI7dsZXFAB4yquix5l.ppts.St ore as a destination - UX staff presenta_18wyoGDti5TUNYaZ6cO Tjy09QcBI7dsZXFAB4yquix5l.ppts (02/24/2020) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP1156 | GOOG-PLAY-001041796.R | | Presentation dated 3/2020 titled "Smartphone Purchase Journey 2019: Canada Findings" | Paul Genuii, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901). |
| TEMP1157 | GOOG-PLAY-001042637.R | | Presentation dated 3/2020 titled "Smartphone Purchase Journey 2019: UK Findings" | Paul Genuii, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901). |
| TEMP1158 | GOOG-PLAY-001055565 | | Email from W. McNeel to C. Brodman re Google market feeds (09/27/2010) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Samat, Sameer Rosenberg, Jamie Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Cond; Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403),, Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Contains all parts that in fairness ought to be considered at the same time; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP1159 | GOOG-PLAY-001058642.R | PX 1457 | Slide deck titled, "Project Banyan, Hug and RSA / Play Kicker: Risk & Leakage Models (Privileged and Confidential)" (02/01/2018) | Cramer, Christian Marchuk, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403),, Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is what the proponent claims it is and/or is self-authenticating. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1160 | GOOG-PLAY-001059725.R | | Presentation dated 3/2019 titled "Hug: Ads/Play Credits" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead, Mrinalini Loew, Paul Feng | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP1161 | GOOG-PLAY-001069664 | | Document entitled "Don/Reed Negotiation escalation" | Harrison, Donald | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant | | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; |
| TEMP1162 | GOOG-PLAY-001075583 | PX 0948 | Email from A. Rubin to A. Rubin re Market Approval Needed for Blog: 70% of Revenue to Developers? (10/21/2008) | Chu, Eric; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1163 | GOOG-PLAY-001075587 | PX 0299 | Email from Google Documents [on behalf of E. Chu] to E. Chu re Android's User-Driven Content... (10/22/2008) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1164 | GOOG-PLAY-001076429 | | Email from C. Pruett to G. Bala re Android Development? (04/03/2009) | Barras, Brandon; Chu, Eric; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1165 | GOOG-PLAY-001076519.R | PX 0323 | Presentation titled, "Android - Ecosystem Overview (3/2009) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; 902, Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; 902, One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1166 | GOOG-PLAY-001076876 | PX 0968 | Email from A.Rubin to T.Wilk re Carrier Billing Pricing (06/06/2009) | Chu, Eric; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1167 | GOOG-PLAY-001079129 | PX 0325 | Email from E.Chu to A.Rubin re Notes from a Meeting with Samsung (11/14/2009) | Rubin, Andy; Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. ; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1168 | GOOG-PLAY-001080803 | PX 0328 | Email from E. Chu to P. Wu et al. re Proposed Sony Gaming Contract Terms (6/14/2010) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1169 | GOOG-PLAY-001081010 | PX 0329 | Email from E. Chu to A. Rubin re Sony Gaming Guidance Updates - Guidance Requested (7/13/2010) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1170 | GOOG-PLAY-001083890 | PX 0312 | Email from J. Lagerling to E. Chu re FW Meeting notes from meeting with Eric Chu (08/23/2011) | Chu, Eric Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. , Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1171 | GOOG-PLAY-001083913 | PX 0318 | Email from E. Chu to J. Lagerling et al. re SamsungApps issue with America Movil (8/26/2011) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies, Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP1172 | GOOG-PLAY-001088593 | | Document titled Buy Flow Discussion (06/03/2020) | Chu, Eric Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond, Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. , Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP1173 | GOOG-PLAY-001088669.R | | Play Payments Policy slide deck (10/31/2019) | Barras, Brandon Chu, Eric Harrison, Don Kleidermacher, Dave Kochikar Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Samat, Sameer Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1174 | GOOG-PLAY-001088688 | PX 0317 | Play- YT Business Discussions Document (06/09/2020) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1175 | GOOG-PLAY-001090138 | | 8/11/2020 letter from Google to E. Christensen | Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 106—exhibit is unfairly incomplete, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is properly complete (Rule 106), Exhibit will be properly authenticated (Rule 901) |
| TEMP1176 | GOOG-PLAY-001090916 | | Email [on behalf of] D. Morrill to D. Conway re Handango app violates Market TOS (android-vendingmachine) (05/19/2009) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1177 | GOOG-PLAY-001090948 | | Email [on behalf of] D. Morrill to Android Advocates re Change in default revenue share (android-vendingmachine) (07/17/2009) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1178 | GOOG-PLAY-0011268914 | PX 1596 | Collection of meeting notes for Match/Google AVP discussions | Karam, Sarah Barras, Brandon Garcia Rios, Diana | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1179 | GOOG-PLAY-001127244 | | 8/15/2013 email from B. Rutledge to H. Lockheimer | Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Foundation | Exhibit is properly complete (Rule 106); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402) |
| TEMP1180 | GOOG-PLAY-001139717 | PX 1613 | Document titled, "BC Deal Meeting Notes (2019)" (12/21/2018) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1181 | GOOG-PLAY-001141570.R | PX 0433 | Presentation dated 11/6/2020 titled "2021 Annual Plan- Finance Fact Pack Platforms & Ecosystems" | Paul Gennai; Hiroshi Lockheimer; Sameer Samat; Purnima Kochikar | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation  Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901),  Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1182 | GOOG-PLAY-001146896 | | Email from J. Rosenberg to A. Ruben re Google Play rebranding strategy (12/19/2011) | Rosenberg, Jamie Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602); Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1183 | GOOG-PLAY-001163129 | | Email from S. Pinchai to L. Lin re Heads-up: a follow up story on Cyanogen by Amir/TheInformation (10/02/2014) | Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602); Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1184 | GOOG-PLAY-001164647 | PX 0582 | Email from S. Beaumont to P. Gennai re Context on Onestore (08/09/2016) | Gennai, Paul Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602); Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1185 | GOOG-PLAY-001165229 | PX 0809 | Email from J. Rosenberg to S. Samat re Subs policy stuff (09/09/2017) | Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602); Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1186 | GOOG-PLAY-001165245 | | Email from J. Rosenberg to K. Rasanen re Re: [For your review] Policy Update Open Questions (09/18/2017) | Feng, Paul Rasanen, Kirsten Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602); Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1187 | GOOG-PLAY-001165260 | PX 1438 | Email from K. Rasanen to J. Rosenberg re (For Your Preview) Policy Update Open Questions (09/18/2017) | Feng, Paul Rasanen, Kirsten Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602); Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1188 | GOOG-PLAY-001166237 | PX 0632 | Email from J. Kolotouros to J. Rosenberg and K. Lee re Regarding next steps with Samsung on the app distribution proposal (06/05/2019) | Kolotouros, Jim Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602); Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1189 | GOOG-PLAY-001174340 | | 12/3/2015 email from J. Kolotouros to T. Riedl | Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge  Rule 802—exhibit contains inadmissible hearsay  Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury  Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)  Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)  Balance favors admissibility (Rules 401, 403) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1190 | GOOG-PLAY-001181091 | PX 0784 | Email from J. Kim to P. Chomet, J. Koltouros, et al. re Game proposal (06/05/2019) | Kim, Joshua Koltouros, Jim Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403),. Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1191 | GOOG-PLAY-001181435 | | Document titled "GMS Requirements" | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1192 | GOOG-PLAY-001183163.R | | Samsung Update slide deck (7/2019) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403),. Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1193 | GOOG-PLAY-001184813 | | Slide deck titled "Android Partnerships Strategy Rethink" (05/06/2015) | Gold, Jon Kolotouros, Jim Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1194 | GOOG-PLAY-001214396 | | Email re: Re: Value Exchange: Play/Google <-> Tinder/Match Group. | Barras, Brandon Karam, Sarah Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1195 | GOOG-PLAY-001214449 | | Email re Re: Exec meeting. | Barras, Brandon Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1196 | GOOG-PLAY-001214473 | | Email re Value Exchange: Play/Google <-> Tinder/Match Group. | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1197 | GOOG-PLAY-001214629 | | 6/27/2019 Email from B. Barras to A. Abluo | Purnima Kochikar, Michael Marchak; Brandon Barras; Sarah Karam | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1198 | GOOG-PLAY-001214668 | | Email from B. Barras to P. Kochikar re Re: Exec meeting (07/09/2019) | Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1199 | GOOG-PLAY-001214798 | PX 0357 | Email from R. Pandey to M. Marchak et al. re Recap of sync with Sameer (08/05/2019) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1200 | GOOG-PLAY-001220609 | | Document entitled Entertainment Category & Play 2015 Plan. | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1201 | GOOG-PLAY-001224298 | | Email from N. Fortescue to P. Bankhead re Project "Cupcake" aka P2P Update (02/27/2017) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1202 | GOOG-PLAY-001226255 | PX 0913 | Email from P.Bankhead to K.Ghanem re Suspicious FB Updating (11/21/2017) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1203 | GOOG-PLAY-001226956 | PX 1109 | Email from A.Mahbod to V.Baccetti et al. re. Alley-Oop for Orange (01/27/2018) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1204 | GOOG-PLAY-001262697 | | Undated document titled "How Google Play Works: 2019 Google Play Public Policy Report" | Paul Bankhead; Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402) |
| TEMP1205 | GOOG-PLAY-001263481.R | PX2740 Sundar Pichai | Undated, untitled presentation about business models | Sundar Pichai, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is properly complete (Rule 106), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901). |
| TEMP1206 | GOOG-PLAY-001264185 | | User experience with sideloaded apps (6/2018) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1207 | GOOG-PLAY-001265881.R | PX 1382 | Slide deck titled, "Project Banyan // PM - HL" (03/20/2019) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Relevance (Fed. R. Evid. 402),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1208 | GOOG-PLAY-001267046 | | "Samsung Launcher Deal Options" (11/21/2016) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Relevance (Fed. R. Evid. 402),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1209 | GOOG-PLAY-001268471 | | 12/19/2016 email from B. Barras to L. Yang | Brandon Barras, Paul Feng | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1210 | GOOG-PLAY-001268554 | PX 0505 | Email from B.Barras to P.Feng re Tinder and Google Play Billing (03/01/2017) | Barras, Brandon Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1211 | GOOG-PLAY-001268889 | PX 0508 | Email from P.Feng to J.Rosenberg re Recommendation from Tomorrow's PPS on Subscriptions (04/26/2017) | Feng, Paul Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1212 | GOOG-PLAY-001270183 | | Email re Play Payment Policy -- Carrier Plan. | Feng, Paul; Rasanen, Kirsten; Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1213 | GOOG-PLAY-001272621 | | Email re Re: [seeking your input] Fwd: Play Outage. | Stein, Danielle; Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Cond: Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1214 | GOOG-PLAY-001273378 | PX 0526 | Email from P.Feng to P.Davis re Samsung Store Proposal (06/06/2019) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1215 | GOOG-PLAY-001284083.R | PX 0532 | Slidedeck titled, "Google Play Points - Loyalty Program" (09/02/2018) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1216 | GOOG-PLAY-001289301 | | Email from S. Karam to P. Kochikar et al. re Re: IAC Executive Summit - 11/6 (10/03/2019) | Karam, Sarah; Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond: Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1217 | GOOG-PLAY-001289307 | PX1602 Brandon Barras | 10/4/2019 email from K. Aviram Beatty to S. Karam | Purnima Kochikar; Sarah Karam; Brandon Barras | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1218 | GOOG-PLAY-001291192.R | | Presentation dated 3/5/2020 titled "Program Hug Extension to Strategic App Developers ("App Accelerators")" | Paul Feng, Purnima Kochikar, Michael Marchak, Christian Cramer | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1219 | GOOG-PLAY-001291192.R | | Program Hug Extension to Strategic App Developers (02/05/2020) | Cramer, Christian; Feng, Paul; Kochikar, Purnima; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond: Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond: Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1220 | GOOG-PLAY-001291233 | | Undated presentation titled "Subs V2 3rd discussion" | Jamie Rosenberg, Sameer Samat, Paul Feng, Paul Gennai, Purnima Kochikar, Paul Bankhead; Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 701—exhibit contains improper specialized opinion by lay witness Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Not an opinion, or proper opinion evidence (Rule 701) |
| TEMP1221 | GOOG-PLAY-001306761 | | Document dated 10/2017 titled "ACPX: Google Play Subscriptions Revenue Share Change (AP17-032)" | Jamie Rosenberg, Sameer Samat, Paul Gennai, Purnima Kochikar; Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 701—exhibit contains improper specialized opinion by lay witness Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) Not an opinion, or proper opinion evidence (Rule 701) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1222 | GOOG-PLAY-001312641 | | Email re A/C privileged: Tinder policy violation - urgent feedback request. | Karam, Sarah; Feng, Paul; Kochikar, Purnima; Loew, Mirinalini; Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1223 | GOOG-PLAY-001312788 | PX 1384 | Email from P. Bankhead to P. Feng re Samsung Store Proposal (06/05/2019) | Bankhead, Paul; Feng, Paul; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1224 | GOOG-PLAY-001312817 | PX 0689 | Email from P.Feng to T.Lim re Samsung Store Proposal (06/07/2019) | Bankhead, Paul; Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1225 | GOOG-PLAY-001317298 | | Email from J. Rosenberg to A. Bardin re Request for early feedback regarding instantbuy SDK blok post and API comm docs for IO (04/21/2013) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1226 | GOOG-PLAY-001317506 | PX 0580 | Email from H. Barra to P. Gennai re Enabling better payments across Android (03/31/2013) | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1227 | GOOG-PLAY-001317740 | | Presentation dated April 2011 titled "Mobile App Store Ecosystem" | Paul Gennai | Defense to Plaintiff's claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 404—exhibit appears to contain improper character evidence; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP1228 | GOOG-PLAY-001319016 | PX 0895 | Presentation titled, "Mobile Biz Review" (12/01/2009) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1229 | GOOG-PLAY-001337211 | PX 0945; PX 2889 | Android OC Quarterly Review - Q4 2010  (10/12/2010) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1230 | GOOG-PLAY-001337211 | | Presentation dated 10/12/2010 titled "Android OC Quarterly Review- Q4 2010" | Paul Gennai; Hiroshi Lockheimer; Sameer Samat; Purnima Kochikar | Defense to Plaintiff's claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1231 | GOOG-PLAY-001351336 | PX0896 Patrick Brady | 1/25/2013 email from N. Solaro to P. Brady | Patrick Brady | Defendants: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff | Defendants: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation<br><br>Plaintiffs: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Relevance (Fed. R. Evid. 402). | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901).<br><br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1232 | GOOG-PLAY-001381133 | | Email from D. Morrill to H. Lockheimer et al. re [android-vendingmachine] Re: Priced apps blocked for Vodafone users now (05/11/2009) | Barras, Brandon<br>Chu, Eric<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Samat, Sameer<br>Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1233 | GOOG-PLAY-001381141 | PX 1337 | Email from J. Mattson to Android-Market-Announce@google.com re [android-vendingmachine] re Priced apps blocked for Vodafone users now (05/11/2009) | Chu, Eric<br>Mattson, Justin | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1234 | GOOG-PLAY-001382299 | PX 0797 | Email from J.Rosenberg to L.Shirani re Verizon Amendment re Market Rev Share (10/28/2010) | Chu, Eric<br>Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1235 | GOOG-PLAY-001382685 | | Email from M. Hughes to H. Lockheimer re Android Market and Handango – please help us understand this — thx! (09/30/2008) | Chu, Eric<br>Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1236 | GOOG-PLAY-001383206 | | 7/16/2010 email from P. Brady to E. Chu | Patrick Brady; Hiroshi Lockheimer; Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901). |
| TEMP1237 | GOOG-PLAY-001383348 | PX 1817 | Email from I. Laurs to D. McLaughlin re: Intro: Ilja Laurs (GetJar) / David McLaughlin (Google Android Dev Relations) (07/02/2010) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1238 | GOOG-PLAY-001385324 | | Slide deck titled, "Android OC Quarterly Review - Q2 2010" (07/12/2010) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1239 | GOOG-PLAY-001391258 | | Email from N. Sears to P. Brady et al. re [Espresso] Default screen after OOBE (04/22/2010) | Brady, Patrick; Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1240 | GOOG-PLAY-001392807 | | Email from A. Medina to P. Brady et al. re Action Required: Please approve Launchcal for HTC Desire HD (10/01/2010) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403); Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1241 | GOOG-PLAY-001399005 | PX 0577 | Email from P. Gennai to D. Conway re fees for dcb & rev share (9/10/2010) | Brady, Patrick; Gennai, Paul; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1242 | GOOG-PLAY-001399545 | PX 0900 | Internal Meeting Notes for September 15, 2009 Meeting | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1243 | GOOG-PLAY-001401774 | | Email from B. Sears to P. Brady re Clank (11/21/2011) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403); Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1244 | GOOG-PLAY-001404176 | | Email from T. Carter to J. Lagerling re And feedback on Unbundling / GMS (11/01/2010) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Legerling, John; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403); Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1245 | GOOG-PLAY-001423609 | PX 0943 | Email from T. Moss to A. Rubin re Your Thoughts on Android Market (02/03/2009) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1246 | GOOG-PLAY-001423773 | PX 0306 | Email from E. Chu to A. Rubin re Slides for Sergey on Checkout gaps and risks (03/26/2009) | Chu, Eric; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1247 | GOOG-PLAY-001425784 | PX 2695 | Email from D. Vrechek to F. Montes re Android SDK (04/29/2010) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1248 | GOOG-PLAY-001425993 | | Email from Andy Rubin to Vic Gundotra titled "Eng staffing on Android Market" (06/18/2010) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403); Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1249 | GOOG-PLAY-001429452 | PX 0953 | Email from A.Rubin to K.Watson re Android Market Security Request (01/15/2009) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1250 | GOOG-PLAY-001429811 | PX 0893 | Email from J. Ebbitt to A. Rubin re LG's Own Application Store Goes Beta Live July 14 (07/16/2009) | Brady, Patrick; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1251 | GOOG-PLAY-001430359 | | Android OC Quarterly Review — Q4 2010 slide deck (10/12/2010) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1252 | GOOG-PLAY-001431100 | | Presentation dated 5/3/2011 titled "Android OC Quarterly Review- Q1 2011" | Hiroshi Lockheimer; Paul Gennai; Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402) |
| TEMP1253 | GOOG-PLAY-001431181 | PX 1377 | Email from D. Morrill to H. Lockheimer re Clank (10/20/2011) | Lockheimer, Hiroshi; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1254 | GOOG-PLAY-001432353 | | Email from A. Eustace to E. Schmidt, A. Rubin, et al. re Meeting with Steve and Scott on Friday (04/03/2010) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1255 | GOOG-PLAY-001432366 | PX0300 Eric Chu, Andrew Rubin | 2/4/2009 email from N. Shambhag to theoc@google.com, E. Schmidt, L. Page, J. Rosenberg, D. Drummond, B. Coughran, J. Huber, K. Walker, J. Braddi, B. Ling, E. Chu, Y. Shacham, P. Shore, N. Shambhag | Andy Rubin, Eric Chu | Defendants: Defense to Plaintiffs' claims; Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation; Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901); Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1256 | GOOG-PLAY-001432532 | PX 1223 | Email from J.Lagerling to J.Braddi re Amazon Has Reportedly Teamed Up With HTC For Its New Line of Smartphones (10/21/2013) | Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1257 | GOOG-PLAY-001438346 | | Email from P. Brady to E. Chu re FW Meeting notes from meeting with Eric Chu (08/23/2011) | Brady, Patrick; Chu, Eric; Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1258 | GOOG-PLAY-001439773 | | Email from P. Brady to A. Mathis et al. re Android Market rev share provisions (07/28/2011) | Brady, Patrick; Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1259 | GOOG-PLAY-001441876 | PX 0898 | Email to Google regarding blocking of non-Android apps (06/28/2011) | Brady, Patrick; Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1260 | GOOG-PLAY-001441983 | PX 1211 | Email from R.Au to J.Lagerling re MADA (02/11/2013) | Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1261 | GOOG-PLAY-001442316 | | Email from A. Medina to P. Brady et al. re Play store Placement Requirements (09/12/2012) | Brady, Patrick; Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1262 | GOOG-PLAY-001443602 | | Email from P. Brady to A. Rubin et al. re RIM / Google term sheet (01/25/2013) | Brady, Patrick; Lagerling, John; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1263 | GOOG-PLAY-001449339 | | Email from L. Roche to M. Siliski re Invitation: Samsung Google Review @ Thu Nov 21, 2013 12:30pm - 1:20pm (lanroche@google.com) (12/06/2013) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lagerling, John; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1264 | GOOG-PLAY-001449957 | PX 0890 | Email from A. Rubin to P. Brady re Chrome in GMS (04/18/2012) | Brady, Patrick; Lagerling, John; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1265 | GOOG-PLAY-001449662 | | Email from P. Brady to A. Rubin et al. re Chrome in GMS (04/18/2012) | Brady, Patrick; Lagerling, John; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1266 | GOOG-PLAY-001449865 | PX 2722 | Email from J.Lagerling to L.Roche re MADA - New Placement Language (11/07/2013) | Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1267 | GOOG-PLAY-001455726 | PX 0888 | Email from P. Brady to H. Barra et al re Core vs. Optional GMS (07/02/2011) | Brady, Patrick; Lagerling, John; Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1268 | GOOG-PLAY-001455849 | PX 2751 | Email from H. Yoon to H. Lockheimer re Fwd: Samsung Launches Samsung Galaxy Apps | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1269 | GOOG-PLAY-001459663 | | 11/8/2007 email from N. Sears to H. Lockheimer | Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Foundation | Exhibit is properly complete (Rule 106) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) |
| TEMP1270 | GOOG-PLAY-001459748 | | Email from H. Lockheimer to D. Koh re Regarding Galaxy Gear Press (09/06/2013) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1271 | GOOG-PLAY-001459981 | | Android Marketplace Overview slide deck (11/07/2007) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1272 | GOOG-PLAY-001460686 | | Email from P. Brady to S. Rajagopalan et al. re Chrome in GMS (06/18/2012) | Brady, Patrick; Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1273 | GOOG-PLAY-001462948 | PX 0887 | Email from P. Brady to H. Lockheimer re release thoughts (02/15/2009) | Brady, Patrick; Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1274 | GOOG-PLAY-001472824 | | Email from C. Moon to C. Barton J. Lagerling re SamsungApps issue with America Movil (08/23/2011) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jon; Lagerling, John; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1275 | GOOG-PLAY-001489017 | PX 2738 | Email from S. Pichai to E. Schmidt re "Guns of August" and Android | Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1276 | GOOG-PLAY-001489429 | PX 0877 | E-mail from P. Brady to S. Rubin (1/21/2013) | Brady, Patrick; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1277 | GOOG-PLAY-001490115 | | Email from P. Brady to A. Rubin re Pls Andy give us some time to implement !!!! (06/04/2011) | Brady, Patrick Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1278 | GOOG-PLAY-001490122 | PX 0899 | Email from A. Rubin to P. Brady re Pls Andy give us some time to implement!!!!! (06/04/2011) | Brady, Patrick Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1279 | GOOG-PLAY-001490474 | | Slide deck titled "Android OC Quarterly Review" (07/12/2010) | Lockheimer, Hiroshi Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1280 | GOOG-PLAY-001494981 | | Email from J. Gold to T. Carter et al. re Revshare review (10/19/2012) | Barras, Brandon Gold, Jon Harrison, Don Kleidermacher, Dave Kochikar Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Samat, Sameer Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1281 | GOOG-PLAY-001496098 | | Revenue sharing agreements chart (09/05/2014) | Kolotouros, James | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Exhibit is what the proponent claims it is and/or is self-authenticating; Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1282 | GOOG-PLAY-001496802 | DX1030 Michael H. Chase | Undated document titled "First Statement of Jamie Rosenberg" | Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 701—exhibit contains improper specialized opinion by lay witness Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) Not an opinion, or proper opinion evidence (Rule 701) |
| TEMP1283 | GOOG-PLAY-001497746 | | Undated presentation titled "AOSP And APIs" | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP1284 | GOOG-PLAY-001497762 | | App Distribution And The GMS Suite slide deck (07/08/2015) | Kolotouros, James | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1285 | GOOG-PLAY-001501104 | PX 0894 | Email from M. Vandenbrink to P. Brady re Yet Another Question (11/06/2009) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1286 | GOOG-PLAY-001507767 | | Document entitled "Play-YouTube Integration Options" | Barras, Brandon; Chu, Eric; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1287 | GOOG-PLAY-001508145.R | | Presentation dated 3/2020 titled "Developer Sentiment Survey" | Purnima Kochikar; Michael Marchak; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 401—exhibit is not relevant Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Exhibit will be properly authenticated (Rule 901) |
| TEMP1288 | GOOG-PLAY-001508281.R | | Presentation dated 2019 titled "DSAT June/July 2019: Developer Sentiment Survey" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 402), Exhibit will be properly authenticated (Rule 901), |
| TEMP1289 | GOOG-PLAY-001508550.R | | Presentation dated Q1 2018 titled "DSAT W4" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 402), Exhibit will be properly authenticated (Rule 901), |
| TEMP1290 | GOOG-PLAY-001508604 | | Undated document titled "What is DSAT?" | Purnima Kochikar; Michael Marchak; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 401—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1291 | GOOG-PLAY-001545330 | | Email from T. Bray to A. Rubin re Android speaking request of the week (08/26/2010) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1292 | GOOG-PLAY-001547487 | PX 0958 | Email from T.Moss to A.Rubin re That Bookstore in Seattle (04/06/2011) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1293 | GOOG-PLAY-001553327 | PX 0451 | Email from C.Cramer to K.Reinke re P&E Finance - Q2 Summary (07/28/2017) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1294 | GOOG-PLAY-001558912.R | | Slide deck titled, "Android Device LTV Overview" (03/03/2017) | Barras, Brandon; Cramer, Christian; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Marchak, Michael; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1295 | GOOG-PLAY-001559464.R | PX 1059 | Presentation titled, "Android Agreements Explainer - ACC, MADA, RSA, DCB" (12/27/2017) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1296 | GOOG-PLAY-001559731 | | Google Play Apps Order to Cash Process Documentation | Barras, Brandon Cramer, Christian Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Marchak, Michael Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1297 | GOOG-PLAY-001574231 | PX0762 Dave Kleidermacher | 8/15/2018 email from D. Kleidermacher to W. Luh | Dave Kleidermacher | Defendants' Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Defendants: Rule 802—exhibit contains inadmissible hearsay<br><br>Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br><br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1298 | GOOG-PLAY-001577654 | PX 0753 | Email from D.Wong to D.Kleidermacher re Strategy Session - To Pls Confirm if Accurate (02/23/2019) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1299 | GOOG-PLAY-001585256 | PX 0754 | Project Cake Talking Points | Kleidermacher, David | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP1300 | GOOG-PLAY-001596618 | PX 1483 | Email from D. Harrison to M. Murphy re BC Guidance (07/11/2018) | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1301 | GOOG-PLAY-001597467 | | Email from P. Stern to D. Harrison re Google/Apple notes (12/20/2018) | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1302 | GOOG-PLAY-001642090 | | Booklet titled, "WhistlePig: Cloud-based App Scanning & Threat Sharing Service" | Bankhead, Paul Cunningham, Edward Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1303 | GOOG-PLAY-001649847 | PX 0914 | 2Q18 AlleyOop Leadership Review (04/09/2018) | Bankhead, Paul Cunningham, Edward Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1304 | GOOG-PLAY-001654372 | PX 1375 | Email from H. Lockheimer to mgmt@google.com, N. Sears, E. Tseng, E. Chu re Notes from Tonight's Call (01/15/2008) | Chu, Eric Lockheimer, Hiroshi Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602). Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1305 | GOOG-PLAY-001655029 | PX 0297 | Email from E. Chu to J. Chen re iFUND Announcement (03/06/2008) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1306 | GOOG-PLAY-001673495 | PX 1124 | Email from N. Sears to J. Ebbitt re communication with TMO: Android Market "ClientID" (09/28/2009) | Chu, Eric; Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1307 | GOOG-PLAY-001673685 | PX 1240 | Motorola Enables Discovery of Signature Applications for Consumers with New Apps Store (10/06/2009) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | 109, Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1308 | GOOG-PLAY-001677481 | PX 0304 | Email from J. Mattson to D. Morrill re Change in default revenue share (12/17/2009) | Chu, Eric; Mattson, Justin | Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs  Defendants: Defense to Plaintiffs' claims | Defendant | Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Cond; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Relevance (Fed. R. Evid. 402),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1309 | GOOG-PLAY-001683933 | | Email from E. Chu to NO_TO_PROPERTY_FOUND (06/01/2010) | Barras, Brandon; Chu, Eric; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1310 | GOOG-PLAY-001683983 | PX 0313 | Email from E. Chu to C. Pruett re FW Initial thoughts on Android and Z-system – Feedback requested (06/03/2010) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1311 | GOOG-PLAY-001684221 | PX 0950 | Email from E.Chu to S.Kim re Android Market Monetization Policy Fine Tuning (06/08/2010) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1312 | GOOG-PLAY-001686393 | PX0882 Patrick Brady | 7/24/2010 email from P. Brady to C. Pruett | Patrick Brady | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Defendants: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation  Defendants:  Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901),;  Plaintiffs:  One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1313 | GOOG-PLAY-001692448 | PX 1819 | Email from L Lazaro to E. Chu re Thank You for meeting Us (11/24/2010) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1314 | GOOG-PLAY-001693781 | | Email from E. Chu to S. Aikin re Opening the Android Market data (12/31/2010) | Barras, Brandon; Chu, Eric; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1315 | GOOG-PLAY-001701024 | PX 0311 | Email from E. Chu to J. Lagerling re Timeframe for Subscriptions launch (06/24/2011) | Chu, Eric; Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1316 | GOOG-PLAY-001701951.R | PX 1244 | SHOP4APPS LATAM (08/19/2011) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1317 | GOOG-PLAY-001701977 | | Email from E. Chu to A. Rubin S. Doherty re Motorola key messages for their app store credit - Approval needed (07/15/2011) | Chu, Eric; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1318 | GOOG-PLAY-001741721 | PX 0320 | Email from E.Chu to P.Gupta re Scott Email for Play-YT Work Estimation (07/11/2020) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1319 | GOOG-PLAY-001741853 | PX 0319 | Email from E.Chu to G.Prachi re Draft Email to Prep John (07/31/2020) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1320 | GOOG-PLAY-001772596 | PX 1376 | Email from T. Sullivan to H. Lockheimer re GMS Update Mechanism (05/18/2011) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1321 | GOOG-PLAY-001785799 | | Email from P. Brady to P. Kochikar et al. re [Confidential: FB Expected to Push Updates Again] (04/24/2013) | Brady, Patrick; Kochikar, Purnima; Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1322 | GOOG-PLAY-001802727 | | Email from B. Rakowski to H. Lockheimer re Keep (03/16/2015) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1323 | GOOG-PLAY-001810385 | | Email from C. Sengupta to H. Lockheimer re Samsung & China (02/28/2016) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1324 | GOOG-PLAY-001825658 | PX 0608 | Email from P. Gennai to H. Lockheimer re iPhone / Apple Watch (01/07/2020) | Gennai, Paul Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1325 | GOOG-PLAY-001833521 | | Email from P. Brady to Android Leadership re [IMPORTANT] Update from Android Market for Partners (03/07/2012) | Brady, Patrick Lockheimer, Hiroshi Rosenberg, Jamie Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1326 | GOOG-PLAY-001838760 | PX 0276 | Email from S. Rizvi to K. Wang et al. re Facebook To Reveal "Home On Android" Sources Say Is A Modified OS On HTC At 4/4 Event (04/01/2013) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1327 | GOOG-PLAY-001847447 | | Email from E. Powers to M. Siliski re Samsung meeting and Galaxy Apps (07/22/2014) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1328 | GOOG-PLAY-001871390 | PX 0756 | Email from J.Wolcz to Android Security Truthiness in Media re Ghost Team (01/17/2014) | Bankhead, Paul Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1329 | GOOG-PLAY-001872190 | | Document dated 3/2018 titled "Android Security 2017 Year in Review" | Edward Cunningham; David Kleidermacher; Sebastian, Hiroshi Lockheimer, Sameer Samat, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901); |
| TEMP1330 | GOOG-PLAY-001874027 | | 8/3/2018 email from J. Rosenberg to A. Wamberg & D. Harrison | Jamie Rosenberg, Donald Harrison | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); |
| TEMP1331 | GOOG-PLAY-001874074 | | 8/8/2018 email from S. Samat to H. Lockheimer | Sameer Samat, Jamie Rosenberg, Hiroshi Lockheimer | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); |
| TEMP1332 | GOOG-PLAY-001874077 | PX0806 Jamie Rosenberg | 8/8/2018 email from J. Rosenberg to C. Smith | Hiroshi Lockheimer, Sameer Samat, Jamie Rosenberg, Purnima Kochikar | Defendants: Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1333 | GOOG-PLAY-001874104 | PX 1185 | Email from E. Cunningham to S. Samat re Fortnite status (08/08/2018) | Cunningham, Edward Kleidermacher, Dave Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1334 | GOOG-PLAY-001874758 | | Email from P. Gennai to J. Rosenberg T. Ostrowski re FN installs (09/25/2018) | Gennai, Paul Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1335 | GOOG-PLAY-001875357 | | Email from J. Rosenberg to S. Samat re Epic Games Store (12/05/2018) | Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1336 | GOOG-PLAY-001876221 | | 3/18/2019 email from J. Cheung to H. Lee, A. Ahn, M. Yilmaz, K. Lemonds, J. Etherington, A. Lee, M. Chun, D. Martinak, J. Newman, J. Lim, T. Jiang, N. Santos, K. Fahey, M. Fyall, L. Sheringham, C. Wu, N. Castelly, K. Glick, M. Nikolic, B. Toth, M. Davis, M. Henderson, K. Suzuki, D. Zhou, Z. Chen, J. Chang, R. Sakikawa, D. Chung, play-apps-core-distribution, P. Kochikar, T. Lim, M. Hochberg, Play Developer Enginegering, Play Games BD All, L. Koh, G. Hartrell, B. Lu, S. Mathur, P. Bankhead | Jamie Rosenberg; Paul Bankhead; Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1337 | GOOG-PLAY-001877016.C | PX 0787 | Email from E. Crosby to J. Kolotouros re Banyan (06/19/2019) | Kolotouros, Jim Gennai, Paul Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1338 | GOOG-PLAY-001878068 | | 12/5/2019 Email from T. Sweeney to H. Lockheimer and J. Rosenberg | Hiroshi Lockheimer, Jamie Rosenberg | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—wasting time and/or needlessly cumulative Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1339 | GOOG-PLAY-001878157 | | 12/10/2019 email from T. Sweeney to H. Lockheimer | Don Harrison; Hiroshi Lockheimer, Jamie Rosenberg; Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1340 | GOOG-PLAY-001881831.R | PX 0443 | Slide deck titled "Android LTV Analsis (US + JP)" (12/05/2018) | Cramer, Christian Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1341 | GOOG-PLAY-001881998.R | | Undated presentation titled "Android Switching Solutions Considerations" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP1342 | GOOG-PLAY-001882239.R | | Different "App-like" Experiences (06/01/2017) | Bankhead, Paul Feng, Paul Glick, Kobi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1343 | GOOG-PLAY-001886111.R | PX 0166 | Google Play Competitive Usage Survey Slide Deck (11/17/2020) | Bankhead, Paul Feng, Paul Glick, Kobi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1344 | GOOG-PLAY-001891364.R | | Presentation dated 11/2018 titled "Smartphone Purchase Journey 2018: Japan Findings" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros, Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP1345 | GOOG-PLAY-001912677 | | Email from N. Shanbhag to J. Kolotouros re Play Store exclusivity on Android TV devices (11/07/2014) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1346 | GOOG-PLAY-001913252 | | Email from C. Burkett to J. Kolotouros re K. Kan re Quick OEM question (11/20/2014) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1347 | GOOG-PLAY-001917284 | | Email from J. Kolotouros to P. Gennai et al. re Update about Xiaomi (02/27/2015) | Gennai, Paul; Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1348 | GOOG-PLAY-001919052 | | Email from J. Kolotouros to O. Indonie re Cyanogen + MS (04/27/2015) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1349 | GOOG-PLAY-001921060 | | Email from P. Manwell to D. Burke re Hiroshi (06/17/2015) | Kolotouros, Jim; Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1350 | GOOG-PLAY-001921076 | | Email from S. Zhang to C. Li et al. re One more partner +1 to GMS-lite (06/17/2015) | Kolotouros, Jim; Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1351 | GOOG-PLAY-001925008 | | Email from J. Kolotouros to B. Kilburn re Hangouts (10/03/2015) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1352 | GOOG-PLAY-001954099 | PX 0836 | Email from J.Rosenberg to P.Koo re MADA Renewal (06/15/2016) | Kolotouros, Jim; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1353 | GOOG-PLAY-001956162 | | Google Chat conversation (09/21/2016) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochkar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1354 | GOOG-PLAY-001960933 | | Email from P. Gennai to J. Gold et al. re follow-up on brand conversation (05/03/2017) | Gennai, Paul; Gold, Jon; Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1355 | GOOG-PLAY-001961679 | | Undated document titled "Android Compatibility Commitment" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—wasting time and/or needlessly cumulative, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP1356 | GOOG-PLAY-001974461 | PX 0786 | Email from J.Kolotouros to J.Rosenberg re Notes from Samsung Play / IAP Conversation (06/08/2019) | Harrison, Donald; Kolotouros, Jim; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1357 | GOOG-PLAY-001974551 | | Email from C. Li to J. Kolotouros re samsung next steps (06/12/2019) | Kolotouros, Jim; Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1358 | GOOG-PLAY-001974635 | | Email from A. Eustace to A. Rubin re Communication to Intel (06/14/2019) | Kolotouros, Jim Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1359 | GOOG-PLAY-001981853 | | 8/4/2020 email from J. Kolotouros to T. Kawamura | Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1360 | GOOG-PLAY-002004801 | | Email from P. Feng to K. Wa re Play Subscription / Payments Policy Change Talking Points - Invitation to edit (09/19/2017) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1361 | GOOG-PLAY-002011454.R | | Slide deck titled "Project Banyan" (02/22/2019) | Barras, Brandon Gold, Jon Harrison, Don Kleidermacher, Dave Kochhar, Parnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Samat, Sameer Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1362 | GOOG-PLAY-002049184 | PX 0170 | Email from M. Nikolic to K. Glick Re DSAT Q2 Presentation & Recording (10/02/2018) | Glick, Kobi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1363 | GOOG-PLAY-002074604.R | | Presentation dated Q1 2020 titled "Android Developer Benchmark Survey" | Don Harrison, Parnima Kochhar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP1364 | GOOG-PLAY-002076224.R | PX0167 Kobi Glick | Presentation dated 10/31/2019 titled "OEM App Store Share Analysis" | Paul Feng, Paul Gennai, Mrinalini Loew, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP1365 | GOOG-PLAY-002076224.R | PX 0167 | OEM App Store Share Analysis - Android Ecosystem Analytics (10/31/2019) | Bankhead, Paul Feng, Paul Glick, Kobi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1366 | GOOG-PLAY-002093052 | | Email from K. Gambhir to L. Koh re Exec Monthly News... - We marked King's revenue share sentim... (08/20/2019) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1367 | GOOG-PLAY-002115542 | PX 0385 | Email thread entitled Re: 30% analysis (03/22/2019) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1368 | GOOG-PLAY-002117213 | | Email from S. Karam to M. Marchak re Value Exchange: Play/Google <-> Tinder/Match Group (06/07/2019) | Karam, Sarah Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1369 | GOOG-PLAY-002117944 | | Email re Re: Project Magical Bridge: working team weekly (today 3p). | Bankhead, Paul Feng, Paul Koh, Lawrence Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1370 | GOOG-PLAY-002231405 | | Document entitled Goal of Play Value Model in the Context of Magical Bridge. | Bankhead, Paul Feng, Paul Koh, Lawrence Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1371 | GOOG-PLAY-002250799.R | | Games Velocity Program slide deck (05/13/2020) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Marchak, Michael Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1372 | GOOG-PLAY-002262846.R | | Presentation entitled Play Value Model (LTV based approach) Play BD StratOps - Sept, 2019. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Marchak, Michael Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1373 | GOOG-PLAY-002264620.R | | Undated presentation titled "App Quality Gap 1. Initial thoughts & learning plan" | Michael Marchak; Purnima Kochikar; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402 —exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 701—exhibit contains improper specialized opinion by lay witness Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Not an opinion, or proper opinion evidence (Rule 701) |
| TEMP1374 | GOOG-PLAY-002298912.R | | Undated presentation titled "iOS/Android App Differences" | Michael Marchak; Purnima Kochikar; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402 —exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 701—exhibit contains improper specialized opinion by lay witness Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Not an opinion, or proper opinion evidence (Rule 701) |
| TEMP1375 | GOOG-PLAY-002303042 | | Play Developer Announcement (03/11/2021) | Barras, Brandon Gold, Jon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Marchak, Michael Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | |
| TEMP1376 | GOOG-PLAY-002303227 | | 6/15/2016 email from P. Gennai to H. Chang | Paul Gennai, Sameer Samat, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901); |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1377 | GOOG-PLAY-002303282 | PX 0932 | Email from P.Bankhead to M.Bennett re Lineage 2 Launch & One Store (06/28/2016) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1378 | GOOG-PLAY-002303286 | | Email from P. Bankhead to V. Buch re [IMPORTANT] Lineage 2 launch & One Store (06/28/2016) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1379 | GOOG-PLAY-002324271 | | Email from J. Gold to P. Bankhead et al. re Alley-Oop for Orange (01/24/2018) | Bankhead, Paul Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1380 | GOOG-PLAY-002343804 | PX 0930 | Email from P.Bankhead to R.Leads re Paid Support (09/14/2020) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1381 | GOOG-PLAY-002350623 | | Document dated 4/2018 titled "Android Permissions" | Paul Bankhead, Edward Cunningham, Sebastian Porst, David Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); |
| TEMP1382 | GOOG-PLAY-002353405 | PX 0923 | Email from K.Glick to P.Bankhead re Play Business Mod (11/16/2020) | Bankhead, Paul Glick, Kobi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1383 | GOOG-PLAY-002358233 | PX 0908 | Document titled, "Straw man Biz Model" (11/19/2020) | Bankhead, Paul Marchuk, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1384 | GOOG-PLAY-002377215 | PX 1435 | Email from K. Rasanen to L. Fontaine re Non-Subscription Apps Impacted to Potential Policy Change (04/18/2017) | Feng, Paul Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1385 | GOOG-PLAY-002378138 | PX 0521 | Email from A.Pott to K.Cox re Action Required: Slides for Pandora Tomorrow (06/28/2017) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1386 | GOOG-PLAY-002380682 | PX 1442 | Email from K. Rasanen to P. Feng re Prep Doc for Spotify Meeting (11/27/2017) | Feng, Paul Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1387 | GOOG-PLAY-002381547 | PX 0512; PX 1439 | Email from T. Sriskandarajah to A. Ying et al re Meeting Notes and Ads Subscriptions PPS (2/2/2018) | Feng, Paul Loew, Mrinalini Rasanen, Kirsten Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1388 | GOOG-PLAY-002384214 | | 8/3/2018 email from L. Yang to D. Riphagen, P. Davis, J. Frank, W. Mok, D. Thiagarajan, A. Ying, P. Feng, M. Bhargava, M. Loew, M. Brahmachari, A. Shoemaker, V. Gandhi, K. Koushan, K. Rodin | Paul Feng; Mrinalini Loew | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1389 | GOOG-PLAY-002405918.R | PX 0517 | Presentation titled, "PPS: Blocking IAP From Sideloaded Apps (09/01/2017) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1390 | GOOG-PLAY-002410316.R | PX 0275 | "Play Payment 116 5 Circumvention & Early Solution 6 Exploration" slide deck (11/12/2020) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1391 | GOOG-PLAY-002414560 | PX 0593 | Email from T. Arzu to P. Gennai re Next steps? (6/22/2018) | Gennai, Paul Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1392 | GOOG-PLAY-002414562 | PX 1515 | Email from P. Kochikar to T. Arzu, J. McGuire re Next Steps? (06/23/2018) | Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1393 | GOOG-PLAY-002414772 | PX 1144 | Email from P.Kochikar to D.Lee et al. re Privileged Request for Help with Data (06/25/2018) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1394 | GOOG-PLAY-002414780 | PX 1516 | Email from G. Hartrell to Kochikar re Privileged and Co... (06/26/2018) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1395 | GOOG-PLAY-002414881 | PX1534 Purnima Kochikar | 7/2/2018 email from B. Barras to P. Kochikar | Purnima Kochikar; Brandon Barras; Sarah Karam; Kirsten Rasanen | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1396 | GOOG-PLAY-002415283 | PX 1517 | Email from P. Kochikar to J. Rosenberg re Privileged: Call script (07/19/2018) | Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1397 | GOOG-PLAY-002415373 | | Email re Fwd: Reactive comms - Minor IAP payments outage. | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1398 | GOOG-PLAY-002418229 | | Email from S. Thomson to P. Correa re [IMPORTANT] FW Update on Spey Fox (12/13/2018) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1399 | GOOG-PLAY-002419760 | PX0143 Lawrence Koh | 4/11/2019 email from L. Koh to P. Kochikar | Purnima Kochikar, Lawrence Koh | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1400 | GOOG-PLAY-002423720 | | Email from P. Kochikar to D. Harrison et al re Fortnite on Google Play | Harrison, Don Kochikar, Purnima Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1401 | GOOG-PLAY-002423807 | PX 1522 | Email from P. Kochikar to M. Theermann re risk (12/13/2019) | Kochikar, Purnima Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1402 | GOOG-PLAY-002425286 | PX1418 Kirsten Rasanen | 3/3/2020 email from K. Rasanen to Z. Zhou | Purnima Kochikar; Sarah Karam; Kirsten Rasanen | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contain inadmissible hearsay<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br><br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1403 | GOOG-PLAY-002425290 | PX1415 Kirsten Rasanen | 3/3/2020 email from K. Rasanen to Z. Zhou | Purnima Kochikar, Kirsten Rasanen, Sarah Karam | Plaintiffs: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contain inadmissible hearsay<br><br>Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br><br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1404 | GOOG-PLAY-002429670 | PX 0920 | Email from S Kamdar to P.Bankhead re FB Installer Confirm (07/17/2020) | Bankhead, Paul Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1405 | GOOG-PLAY-002430406 | | Email re Brief reflections on AVP. | Loew, Mrinalini Kochikar, Purnima Karam, Sarah Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1406 | GOOG-PLAY-002431271 | PX1504 Donald Harrison; PX1542 Purnima Kochikar | 10/9/2020 email from P. Kochikar to D. Harrison, S. Samat, S. Karam, B. Barras, D. Stein, D. Martinak, K. Gambhir, T. Arzu | Brandon Barras; Purnima Kochikar; Sameer Samat; Sarah Karam; Donald Harrison | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1407 | GOOG-PLAY-002432994.R | | Presentation dated November 2019 titled "Battlestar: Bringing Play's games to desktops" | Paul Feng, Kobi Glick, Purnima Kochikar, Mrinalini Loew, Paul Bankhead; Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1408 | GOOG-PLAY-002438751 | PX1502 Donald Harrison | Document dated 8/2019 titled "Google/Match Group Exec Summit" | Brandon Barras, Paul Feng; Purnima Kochikar; Sameer Samat; Donald Harrison | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1409 | GOOG-PLAY-002440706 | | Democratized Payments 2020 (8/2018) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1410 | GOOG-PLAY-002442752 | PX 1518 | Document titled, "Mark Rein Responses in Green" (07/19/2018) | Kochikar, Purnima; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1411 | GOOG-PLAY-002465966 | | 1/5/2017 email from J. Bender to S. Kamdar and E. Cunningham | Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP1412 | GOOG-PLAY-002546242 | PX 1102 | Slidedeck titled, "Are AOSP Apps Meeting the Needs of their Audience?" (02/25/2015) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1413 | GOOG-PLAY-002553988 | PX 0686; PX 0931 | Email from P.Bankhead to S.Samat re Samsung App Store (04/05/2016) | Bankhead, Paul; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402);, Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1414 | GOOG-PLAY-002555930 | PX 0503 | Email from E.Crosby to P.Feng re Sync on Samsung Pay (01/19/2017) | Feng, Paul; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402);, Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1415 | GOOG-PLAY-002607703 | PX 0691 | Email from S.Samat to M.Bakar re Android OEMs (06/12/2019) | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1416 | GOOG-PLAY-002618303 | | 3/13/2021 email from D. Jackson to S. Samat | Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106) |
| TEMP1417 | GOOG-PLAY-002623398 | PX 2735 | Email from B. Dowd to S. Pichai re Today's Schedule | Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1418 | GOOG-PLAY-002634125 | PX 0120 | Email from S. Samat to D. Kleidermacher re Idea for marketing slides (06/30/2018) | Bankhead, Paul; Kleidermacher, Dave; Kochikar, Purnima; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1419 | GOOG-PLAY-002634223 | PX 0695 | Email from A.Gutterman to D.Burke re Privileged and Confidential - Fortnite Web install UX (07/18/2018) | Kleidermacher, Dave; Kochikar, Purnima; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1420 | GOOG-PLAY-002634296 | | Email from G. Hartrell to A. Gutterman re Privileged & Confidential - Fortnite web install UX (07/30/2018) | Kleidermacher, Dave; Kochikar, Purnima; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1421 | GOOG-PLAY-002650052_R | | Presentation dated 10/28/2020 titled "Play 2021/25" | Sameer Samat; Hiroshi Lockheimer; Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1422 | GOOG-PLAY-002650052.R | DX 1087 | Slide deck titled, "Play 2021/25" (10/28/2020) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1423 | GOOG-PLAY-002751733 | | Email from P. Brady to N. Sears et al. re Tmo app pack (08/10/2011) | Brady, Patrick<br>Chu, Eric<br>Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1424 | GOOG-PLAY-002771250.R | | Undated presentation titled "Android Staples: Android and Play Metrics (devices-ba@)" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), |
| TEMP1425 | GOOG-PLAY-002772502.R | | Presentation dated 2/2020 titled "Android Staples" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains statements not based on declarant's personal knowledge, Rule 602—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), No an opinion, or proper opinion evidence (Rule 701), |
| TEMP1426 | GOOG-PLAY-002881559 | PX 0800 | Email from J.Rosenberg to S.Kassardjian re DirecTV Status (05/26/2016) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1427 | GOOG-PLAY-002908292.R | | Undated presentation titled "P&E Better Together First Draft" | Jamie Rosenberg; Purnima Kochikar; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402) |
| TEMP1428 | GOOG-PLAY-002909645.R | | Presentation dated 12/2019 titled "Market Share Summary" | Jamie Rosenberg, Hiroshi Lockheimer, Sameer Samat, Paul Gennai, Dave Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701) |
| TEMP1429 | GOOG-PLAY-002910052.R | PX 0683 | Presentation re App Installers (04/28/2020) | Bankhead, Paul<br>Feng, Paul<br>Glick, Kobi<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1430 | GOOG-PLAY-002929123 | PX 0641 | Email from J.Kolotouros to A.Lauremon re Alcatel (12/03/2014) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1431 | GOOG-PLAY-002934124 | | Email from J. Kolotouros to P. Schindler re Transitioning Base to Android (02/18/2015) | Kolotouros, Jim<br>Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1432 | GOOG-PLAY-00300976 | | 8/5/2020 email from J. Kolotouros to Y. Richardson and K. Lee | Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1433 | GOOG-PLAY-003020484 | | Email re Fwd: Zynga Poker : Abrupt removal from Play Store. | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time, One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1434 | GOOG-PLAY-003204949 | | Email re Fwd: Value Exchange: Play/Google <-> Tinder/Match Group; | Karam, Sarah; Kochikar, Purnima; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1435 | GOOG-PLAY-003208619 | PX 0141 | Email from L. Koh to S. Low re Rovio (03/05/2020) | Koh, Lawrence; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1436 | GOOG-PLAY-003217908 | PX 1430 | Email from E. Bar-Yehuda to K. Suzuki and K. Rasanen re what about Alley Oop for Line in JP? (08/31/2016) | Bankhead, Paul; Rasanen, Kristen | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1437 | GOOG-PLAY-003212947 | | Email from P. Kochikar to A. Ong B. Barras re Next Steps (06/27/2018) | Barras, Brandon; Kochikar, Purnima; Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1438 | GOOG-PLAY-003222987 | | Email re Re: URGENT: Empires & Puzzles & Words With Friends 2 are not available on Google Play & purchases not going through. | Kochikar, Purnima; Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP1439 | GOOG-PLAY-003222993 | | Email re Re: URGENT: Empires & Puzzles & Words With Friends 2 are not available on Google Play & purchases not going through. | Kochikar, Purnima; Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP1440 | GOOG-PLAY-003330183.R | | Presentation dated 2020 titled "The Gen Z Effect: Tech, trends, and truths for a new(er) generation" | Paul Feng, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 701—exhibit contains improper specialized opinion by lay witness Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Not an opinion, or proper opinion evidence (Rule 701) |
| TEMP1441 | GOOG-PLAY-003331592.R | | Presentation dated 8/2019 titled "Project Magical Bridge" | Jamie Rosenberg; Michael Marchak; Paul Gennai; Purnima Kochikar; Paul Bankhead; Mrinalini Loew; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 701—exhibit contains improper specialized opinion by witness, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not an opinion, or proper opinion evidence (Rule 701), |
| TEMP1442 | GOOG-PLAY-003331764.R | | Accelerator Programs 2020 slide deck (7/2019) | Feng, Paul; Kochikar, Purnima; Koh, Lawrence; Marchak, Michael; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and is self-authenticating; |
| TEMP1443 | GOOG-PLAY-003331820.R | | Presentation dated 2/2020 titled "Android Staples" | David Kleidermacher; Edward Cunningham; Jamie Rosenberg; Purnima Kochikar; Sameer Samat; Sebastian Porst; Donald Harrison; Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1444 | GOOG-PLAY-003331888.R | | Undated presentation titled "Android Feature Audit" | Edward Cunningham, Dave Kleidermacher, Purnima Kochikar, Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 701—exhibit contains improper specialized opinion by lay witness; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Not an opinion, or proper opinion evidence (Rule 701) |
| TEMP1445 | GOOG-PLAY-003332000 | | Google Play - Project Magical Bridge slide deck (10/01/2020) | Cramer, Christian Feng, Paul Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1446 | GOOG-PLAY-003332070.R | | Presentation dated 2/2019 titled "Mobile Game Developer Support ("Project Hug") | Paul Gennai, Jamie Rosenberg, Michael Marchak, Purnima Kochikar, Paul Bankhead | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation  Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay exception applies; Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not an opinion, or proper opinion evidence (Rule 701);  Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1447 | GOOG-PLAY-003332817.R | PX 0136; PX 1455 | Slide deck titled "Boosting Top Game Developer Support and Securing Play Distribution on Samsung Devices" (03/28/2019) | Cramer, Christian Harrison, Donald Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Marchak, Michael Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1448 | GOOG-PLAY-003333801 | | Document dated September 2020 titled "Google Play: Games 2025 Brief" | Sameer Samat, Paul Feng, Kobi Glick, Purnima Kochikar, Michael Marchak, Lawrence Koh, Paul Bankhead, Christian Cramer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); |
| TEMP1449 | GOOG-PLAY-003334312 | PX 0519 | Play Billing Policy slide deck (08/01/2019) | Bankhead, Paul Feng, Paul Harrison, Donald Gennai, Paul Kochikar, Purnima Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1450 | GOOG-PLAY-003334683 | | Undated document titled "Dev Opportunity Analysis: Localized Pricing" | Paul Feng, Sameer Samat, Purnima Kochikar, Michael Marchak, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); |
| TEMP1451 | GOOG-PLAY-003335228 | | Undated document titled "Business Model" | Donald Harrison, Sameer Samat, Paul Feng, Purnima Kochikar, Michael Marchak, Lawrence Koh | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 901—proponent has not established authenticity of the document; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit will be properly authenticated (Rule 901); |
| TEMP1452 | GOOG-PLAY-003335603.R | | Presentation dated 9/25/2017 titled "Google Play 2018 Strategic Plan" | Jamie Rosenberg, Sameer Samat, Paul Feng, Paul Gennai, Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402) |
| TEMP1453 | GOOG-PLAY-003335786.R | PX 0939; PX 2697 | Slide deck titled, "Google Play Business Model" (08/19/2020) | Cramer, Christian Feng, Paul Harrison, Donald Kochikar, Purnima Lockheimer, Hiroshi Marchak, Michael Rasanen, Kristen Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1454 | GOOG-PLAY-003459064 | | Email from B. Osteyee to S. Samat, et al re Subscriptions (08/02/2016) | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1455 | GOOG-PLAY-003467770 | | Email from M. Medenica to T. Kishimoto et al. re MVNO support in DCB (04/26/2017) | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1456 | GOOG-PLAY-003490542 | PX 1481 | Email from D. Harrison to L. Zhang re Tencent GVP Agreement Fully Executed (12/21/2020) | Harrison, Don Marchak, Michael Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1457 | GOOG-PLAY-003494785 | PX 2746 | Email from S. Pichai to P. Manwell dated Apr. 27, 2015 | Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802) | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1458 | GOOG-PLAY-003534689 | PX 0946; PX 1217 | Email from A.Rubin to J.Lagerling re Revised Rev-Share on PlayStore and DCB (10/22/2012) | Rubin, Andy Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1459 | GOOG-PLAY-003546787 | PX 2656 | Email from L. Lin to D. Burke, C. Dulbrova re Recap: Off-the-Record Media Dinner for Android (02/20/2020) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1460 | GOOG-PLAY-003560340 | PX 2614 | Email from S. Preve to P. Harrison re Android OEMs (06/13/2019) | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1461 | GOOG-PLAY-003575453 | PX 0314 | Email from T. Yang Lee to E. Chu re Chat with T. Yang Lee (03/01/2012) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1462 | GOOG-PLAY-003576946 | PX 1131 | Email from E. Chu to N. Sears re T-Mobile & Inventec (05/16/2008) | Chu, Eric Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1463 | GOOG-PLAY-003578767 | | Undated document titled "Open Handset Alliance (OHA)" | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP1464 | GOOG-PLAY-003582221 | | 4/20/2010 email from D. Marshall to E. Chu | Eric Chu | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 404—exhibit appears to contain improper character evidence | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609) |
| TEMP1465 | GOOG-PLAY-003600774 | PX 0332 | Chat between E. Chu and P. Gupta (5/28/2020) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1466 | GOOG-PLAY-003600814 | PX 0316 | Message from E. Chu to E. Kim (06/07/2020) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1467 | GOOG-PLAY-003629146 | | 3/24/2015 email from J. Rosenberg to H. Lockheimer | Jamie Rosenberg, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 701—exhibit contains improper specialized opinion by lay witness | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not an opinion, or proper opinion evidence (Rule 701) |
| TEMP1468 | GOOG-PLAY-003662656 | | 12/24/2020 Email from D. Harrison to Putaff, P. Schindler, Global Partnerships Leads, H. Lockheimer, R. Osterloh, N. Fox, J. Dischler, S. Hsiao, B. Ready, P. Raghavan, J. Rosenberg, S. Samat, and R. Enslin | Don Harrison, Hiroshi Lockheimer, Sameer Samat, Jamie Rosenberg | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1469 | GOOG-PLAY-003664706.R | | Undated presentation titled "Response to SMB program" | Paul Feng, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP1470 | GOOG-PLAY-003674055 | PX 1560 | Email from K. Wang to A. Kumar re Heads Up: Terrorist App Removed from Play - Potential PR Mention from CNN and Others  (06/18/2014) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1471 | GOOG-PLAY-003678134 | | 8/3/2016 email from C. Green to play-ux-discuss, play-pm, Play UER Announcements, N. Guimaraes, A. Rothman, R. Brandman | Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP1472 | GOOG-PLAY-003683919 | | Google Chat conversation (08/13/2020) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1473 | GOOG-PLAY-003684104.R | | Presentation dated 11/2018 titled "Smartphone Purchase Journey 2018: UR Findings" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), |
| TEMP1474 | GOOG-PLAY-003684354.R | | Presentation dated 8/2020 titled "Android Update: Google Leads" | Jamie Rosenberg; Paul Gennai; Sameer Samat; Donald Harrison, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402) |
| TEMP1475 | GOOG-PLAY-003687133.R | | May 2016 Google presentation titled "GMS apps on Low RAM - leadership update" | Gold, Jon Kolotouros, Jim Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1476 | GOOG-PLAY-003688820 | PX 1396; PX 2732 | Document titled, "Project Wichita" | Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1477 | GOOG-PLAY-003691245.R | PX 1106 | Slidedeck titled, "App Revenue Recognition" (12/2012) | Gold, Jon; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP1478 | GOOG-PLAY-003710503 | PX 0620 | Email from J.Kolotouros to S.Cho re Hangouts (10/07/2015) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1479 | GOOG-PLAY-003720093 | PX 0789 | Email from J. Rosenberg to R. Lipscomb, K. Lee, J. Kolotouros re FW Project Banyan Update (07/12/2019) | Kolotouros, Jim; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1480 | GOOG-PLAY-003741416 | PX 1098 | Email from J.Gold to C.Bita re Play Revenue (05/08/2013) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1481 | GOOG-PLAY-003742934.R | | Mobile Midyear Plan Review Prep slide deck (06/12/2013) | Barras, Brandon; Gold, Jon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1482 | GOOG-PLAY-003758047.R | PX 1113 | Slidedeck titled, "Apple Deal Assessment" (08/2012) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1483 | GOOG-PLAY-003762336 | PX 1091 | Email from J.Gold to J.Gold re $550 in Annual Savings from Carrier Renewals!" (12/18/2014) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1484 | GOOG-PLAY-003762764 | PX 1116 | Email from J.Gold to P.Pichette et al. re. Finance Prep - Apple Deal Discussion at AVPFin (01/24/2015) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1485 | GOOG-PLAY-003762784 | PX 1117 | Email from J.Gold to P.Piche re Finance Prep - Apple Deal Discussion at SVPFin (01/22/2015) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1486 | GOOG-PLAY-003766790.R | | Presentation dated 5/2015 titled "Introduction to Android" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not an opinion, or proper opinion evidence (Rule 701). |
| TEMP1487 | GOOG-PLAY-003767067 | PX 1491 | Document titled, "Current Partnership Status" (06/29/2015) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1488 | GOOG-PLAY-003772918.R | PX 1084 | Slidedeck titled, "Carrier Rev-Share Evaluation" (10/2012) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1489 | GOOG-PLAY-003773031.R | PX1087 Jon Gold | December 2012 presentation titled "Impact of lower rev-share on Google Play Revenue and Margin" | Rich Miner, Patrick Brady, Paul Gennai, Jon Gold | Defendants: Defense to Plaintiffs' claims

Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Foundation

Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902);  Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)

Plaintiffs:  One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1490 | GOOG-PLAY-003779904 | PX 1096 | Email from J.Gold to M.Bye et al. re Android, ChromeOS, Play 2017 Plan Review (12/07/2016) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1491 | GOOG-PLAY-003834094 | PX 0381 | Email entitled re: Hug with Kochikar (02/11/2019) | Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1492 | GOOG-PLAY-003884433 | | Email from S. Karam to M. Marchak re Re: Input required for PEX review for Books and Comics Accelerator Program - (AP 20-070) (12/12/2020) | Karam, Sarah Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1493 | GOOG-PLAY-003894142.R | | Presentation dated 2/24/2021 titled "P&E Partnerships Ops Meeting Bi-Weekly" | Michael Marchak, Purnima Kochikar, Jim Kolotouros, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1494 | GOOG-PLAY-003894444 | | Google Chat conversation (03/03/2021) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Marchak, Michael Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1495 | GOOG-PLAY-003897323.R | | Presentation dated April 2019 titled "Apps Velocity Program" | Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay  Rule 602—exhibit contains statements not based on declarant's personal knowledge  Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)  Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1496 | GOOG-PLAY-003899355.R | | GCP VPs HUG summary slide deck (03/26/2021) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1497 | GOOG-PLAY-003929257 | | Google Chat conversation (02/06/2020) | Bankhead, Paul Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1498 | GOOG-PLAY-003930716 | PX 0933 | Email from S.Izmit to P.Bankhead (09/09/2020) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403); | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1499 | GOOG-PLAY-003932260 | PX 0915 | Bender Perf Spring 2020 (02/07/2020) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1500 | GOOG-PLAY-003938581.R | PX 0358; PX 0901 | Slide deck entitled "Magical Bridge - Potential Developer POV" (06/2019) | Bankhead, Paul Marchuk, Michael Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1501 | GOOG-PLAY-003939350 | | Spreadsheet with filename GPB Policy Holdout Tracker (go-gpbpolicy_11Qqdb46DLfCn9tO9tq9vJp6AhLqpNepX-VZAs7JDwCc.xlsx GPB Policy Holdout Tracker (go-gpbpolicy-p_11Qqdb46DLfCn9tO9tq9vJp6AhLqpNepX-VZAs7JDwCc.xlsx | Bankhead, Paul Marchuk, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1502 | GOOG-PLAY-003939621.R | DX0447 Douglas Schmidt | Presentation dated 11/2020 titled "Android Staples" | Hiroshi Lockheimer, Sameer Samat, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 701—exhibit contains improper specialized opinion by lay witness Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Not an opinion, or proper opinion evidence (Rule 701) Exhibit will be properly authenticated (Rule 901) |
| TEMP1503 | GOOG-PLAY-003954603 | PX 2748 | Email from P. Feng to S. Samat re Meeting with Sundar Today | Feng, Paul Kochikar, Purnima Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Opinion testimony by Lay Witness (Fed. R. Evid. 701), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1504 | GOOG-PLAY-003963578 | | 6/20/2018 Email from S. Karam to P. Kochikar | Purnima Kochikar, Brandon Barras, Kirsten Rasanen, Sarah Karam; Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) |
| TEMP1505 | GOOG-PLAY-003965149 | | 11/14/2018 email from P. Kochikar to B. Kim | Purnima Kochikar, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1506 | GOOG-PLAY-003970664 | PX 1548 | Document titled, "Privileged - Install Permissions Meetings with FB and Sony" (05/29/2020) | Harrison, Donald Kochikar, Purnima Koletsoures, Jim Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1507 | GOOG-PLAY-003975760 | | Document entitled Google Play / Match Group Summit 2017: Briefing Document for Googlers. | Feng, Paul Kochikar, Purnima Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1508 | GOOG-PLAY-003977030.R | | Presentation dated 2Q 2017 titled "New Policy for non-Play app updates to Play-installed apps" | Kirsten Rasanen, Jamie Rosenberg, Paul Gennai, Purnima Kochikar, Sameer Samat, Hiroshi Lockheimer, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902). |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1509 | GOOG-PLAY-004100521 | | Document dated 2/2019 titled "Web Platform: Product Strategy" | Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1510 | GOOG-PLAY-004101689 | | Match Group / AVP Meeting-Internal Briefing Document (10/21/2020) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1511 | GOOG-PLAY-004105853 | PX 2724 | Email from A. Bishop to R. Roy-Chowdhury re [webstore-leads] re: Sync up on Polycraft Chrome App (10/28/2013) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1512 | GOOG-PLAY-004110055 | PX2745 Sundar Pichai | 8/20/2014 email from S. Pichai to L-team & B. Campbell | Purnima Kochikar; Sameer Samat; Sundar Pichai | Defendants: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Foundation<br><br>Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br><br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1513 | GOOG-PLAY-004114740 | PX 2733 | Document titled, "Sun Valley Conference Preparation, July 2016" (07/01/2016) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1514 | GOOG-PLAY-004119228.R | PX2728 Sundar Pichai | Presentation dated 7/15/2020 titled "Google Play Alphabet Board Update" | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Defendants: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit contains statements not based on declarant's personal knowledge, Foundation<br><br>Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902);<br><br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1515 | GOOG-PLAY-004119254 | | Google document breaking down revenue sources by product | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1516 | GOOG-PLAY-004120889 | | Comms Doc - Google Play / App Store SMB Program (11/19/2020) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1517 | GOOG-PLAY-004120903.R | PX 435 | Presentation titled, "Q4'19 AC: Quarterly Results" | Cramer, Christian; Porat, Ruth; Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1518 | GOOG-PLAY-004122592 | | Sundar Prep for 12/19 Apple Mtg - Talking Points (11/29/2018) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1519 | GOOG-PLAY-004136427 | | Email from T. Lim to tianlim leads re FW Project Banyan Update (07/12/2019) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1520 | GOOG-PLAY-004144047.R | | Slide deck titled "Play Market Opportunities" (08/19/2020) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1521 | GOOG-PLAY-004145883 | PXCH-0098 | Chat from P.Kochikar to T.Lim et al | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1522 | GOOG-PLAY-004146689.R | PX 0384 | Games Velocity Program - V1 Business Impact Assessment. V2 Introduction slide deck (12/2020) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1523 | GOOG-PLAY-004151467.R | | Presentation dated 3/2020 titled "Smartphone Purchase Journey 2019: Global Findings" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer; Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 701—exhibit contains improper specialized opinion by witness, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not an opinion, or proper opinion evidence (Rule 701). |
| TEMP1524 | GOOG-PLAY-004153066.R | | Presentation entitled Play Value Model, Play BD StratOps - Aug 8, 2019. | Marchak, Michael Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; |
| TEMP1525 | GOOG-PLAY-004223307 | PX 0959 | Market Strategy slide deck (11/04/2011) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1526 | GOOG-PLAY-004230269 | PX 0947; PX 1218 | Email from P.Pichette to A.Rubin re Mobile Search and PlayStore Term Renegotiations Status (02/15/2013) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1527 | GOOG-PLAY-004234103 | | Email from A. Thurner to M. Kourukina re: ABK accounting briefing note (06/03/2020) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1528 | GOOG-PLAY-004235359 | | Document titled "Hypothetical Scenario: Cancelling Revenue Share Agreements on Android in the US and Canada" (12/12/2019) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1529 | GOOG-PLAY-004235367 | PX 0442 | Spreadsheet titled, "Copy of Android LTVs" (09/11/2019) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1530 | GOOG-PLAY-004260663 | PX 1061 | Spreadsheet titled, "OEM Partners & RSA payload" (02/24/2020) | Harrison, Donald Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1531 | GOOG-PLAY-004261883.R | PX 1485 | Slide deck titled, "Project Electra" (07/01/2018) | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1532 | GOOG-PLAY-004268238.R | PX0684 Sameer Samat | Undated presentation titled "App stores in Android 12" | Edward Cunningham, David Kleidermacher, Sameer Samat | Defendants: Defense to Plaintiffs' claims   Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Defendants: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403),   Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 602—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Conditional objection   Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).   Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1533 | GOOG-PLAY-004270482 | PX 0764; PX 0919 | PHA Risk Assessment of Fortnite's Sideload Delivery Scheme (01/18/2019) | Bankhead, Paul Cunningham, Edward Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1534 | GOOG-PLAY-004283892 | | Email from D. Morrill to J. Sharkey re Re: [android-vendingmachine] Handango app violates Market TOS (05/20/2009) | Barras, Brandon Chu, Eric Harrison, Don Kleidermacher, Dave Kochikar Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Samat, Sameer Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1535 | GOOG-PLAY-004283945 | PX 0326 | Email from C. Forsyth to D. Morrill re Handango app violates Market TOS (05/21/2009) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1536 | GOOG-PLAY-004284230 | PX 0301 | Email from E. Chu to T. Wilk re Carrier Billing Pricing (06/06/2009) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1537 | GOOG-PLAY-004285755 | PX 1123 | Email from N. Sears to M. Queiroz and E. Tseng re communicating with TMO: Android Market "ClientID" (09/26/2009) | Chu, Eric Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1538 | GOOG-PLAY-004320094 | | Email from R. Sarafa to D. Dougherty re Warning policy for apps using other snap payment systems (03/10/2011) | Barras, Brandon Chu, Eric Harrison, Don Kleidermacher, Dave Kochikar Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Samat, Sameer Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1539 | GOOG-PLAY-004321514 | PX 1243 | E-mail from L. Streb to E. Chu (7/14/2011) | Christensen, Eric; Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1540 | GOOG-PLAY-004321940 | PX 0324 | Email from E.Chu to J.Lagerling re Samsung Apps and Android Market (12/19/2011) | Chu, Eric; Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1541 | GOOG-PLAY-004329906.R | | Presentation dated 10/2018 titled "Smartphone Purchase Journey 2018 US Findings" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 602, 901, 902), Exhibit will be properly authenticated (Rule 901), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), |
| TEMP1542 | GOOG-PLAY-004330142.R | | Presentation dated 12/2018 titled "Smartphone Purchase Journey 2018" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg; Sameer Samat; Sebastian Porst; Hiroshi Lockheimer, Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 902—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Not hearsay and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), Not an opinion, or proper opinion evidence (Rule 701), |
| TEMP1543 | GOOG-PLAY-004338386 | | Chat between ctate, egnor et al. (09/25/2009) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Misleading; unduly prejudice; confusion of issues; waste of time (Fed. R. Evid. 403), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1544 | GOOG-PLAY-004449004 | | Email from M. Cleron to H. Lockheimer re Making the web platform better on Android (12/10/2014) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1545 | GOOG-PLAY-004449600 | | Undated document titled "Google Report: Android Security 2014 Year in Review" | Edward Cunningham; David Kleidermacher; Sebastian Porst; Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—proponent has not established admissibility of the document, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Not an opinion, or proper opinion evidence (Rule 701), |
| TEMP1546 | GOOG-PLAY-004452685 | PX 1399 | Email from J. Lagerline to H. Lockheimer re SpeedBump - Need to Sync this Week (04/27/2017) | Lagerling, John; Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1547 | GOOG-PLAY-004453915 | PX 1555 | Document titled, "DRAFT: Native / Web Developer Platform Evolution" (06/28/2018) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1548 | GOOG-PLAY-004455818 | PX 1391 | Instant Messages from S.Wojcicki to H. Lockheimer (06/23/2020) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1549 | GOOG-PLAY-004458989.R | | Android Update for NBD All Hands slide deck (11/11/2010) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1550 | GOOG-PLAY-004466929 | PX 0801 | Email from J. Rosenberg to P. Kochikar re PLEASE READ: WSJ details (08/27/2013) | Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1551 | GOOG-PLAY-004474270 | | 5/28/2016 email from J. Rosenberg to S. Samat, P. Gennai, M. Petrillo, L. Fontaine, V. Buch, S. Newberry, K. Oh | Jamie Rosenberg, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1552 | GOOG-PLAY-004483042 | PX 1453 | Email from J. Rosenberg to L. Koh et al re Hello and Follow Up (03/26/2019) | Kochikar, Purnima Koh, Lawrence Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1553 | GOOG-PLAY-004486087.R | | Presentation dated 11/5/2020 titled "2021 Annual Plan Platforms & Ecosystem" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), |
| TEMP1554 | GOOG-PLAY-004486408 | | Document titled, "Apple Partnership Strategy" (10/29/2020) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1555 | GOOG-PLAY-004486734.R | | Presentation dated 6/2/19 titled "Android Industry Staples (Q2'19)" | Jamie Rosenberg, Hiroshi Lockheimer, Donald Harrison, Sameer Samat, Paul Gennai, Sarah Karam, Dave Kleidermacher, Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Exhibit will be properly authenticated (Rule 901) |
| TEMP1556 | GOOG-PLAY-004486944.R | | Presentation dated 11/5/2019 titled "2020 Annual Plan Platforms & Ecosystems Hiroshi/Rath Review" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros; Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), |
| TEMP1557 | GOOG-PLAY-004487124.R | | Presentation dated 3/19/2019 titled "Samsung Galaxy Store Landscape" | Edward Cunningham; Jamie Rosenberg; Paul Gennai; Jim Kolotouros; Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP1558 | GOOG-PLAY-004487899.R | | Presentation dated 1/2020 titled "US Android Share: Switching Dynamics" | Paul Gennai, Dave Kleidermacher; Jamie Rosenberg; Sameer Samat, Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Not an opinion, or proper opinion evidence (Rule 701), |
| TEMP1559 | GOOG-PLAY-004488106.R | PX 0624 | Slidedeck titled, "Google Distribution on Android Framework" (06/01/2019) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1560 | GOOG-PLAY-004488956.R | | Presentation dated 7/28/2016 titled "Unknown sources" | Jamie Rosenberg, Paul Gennai, David Kleidermacher; Edward Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), |
| TEMP1561 | GOOG-PLAY-004489655.R | | Slide deck titled, "Special Topic: Off-Play Installs" (07/16/2020) | Harrison, Donald Kochikar, Purnima Kolotouros, Jim Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1562 | GOOG-PLAY-004490143.R | | Undated presentation titled "Google Android Path to Purchase" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg, Sameer Samat, Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead | Defendants: Defense to Plaintiffs' claims. Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation. Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Plaintiffs: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), Defendants: Contains all parts that in fairness ought to be considered at the same time, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1563 | GOOG-PLAY-004490494 | PX 0629 | Android Premium Working Group (03/13/2020) | Cramer, Christian; Gold, Jon; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1564 | GOOG-PLAY-004493673 | PX 0527 | Document titled, "Summary" (02/12/2016) | Bankhead, Paul; Feng, Paul; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1565 | GOOG-PLAY-004494298.R | PX 0680; PX 1157; DX 1144 | Slide deck titled, "Amazon Top Partner Review" (03/17/2016) | Kolotouros, Jim; Lockheimer, Hiroshi; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403), Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it | Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1566 | GOOG-PLAY-004494430.C | PX 0793 | Slidedeck titled, "MADA 2016 Revisit" (03/21/2016) | Cramer, Christian; Kolotouros, Jim; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1567 | GOOG-PLAY-004496712.R | | Presentation dated 4/9/2015 titled "Reinventing Strategic Merchandising" | Jamie Rosenberg, Michael Marchak, Paul Feng, Paul Gennai, Purnima Kochikar, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1568 | GOOG-PLAY-004498572 | | Undated document titled "Draft note to JV Lee/JK Shin" and "Sundar note re Samsung" | Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1569 | GOOG-PLAY-004499366.R | PX 0792 | BFM: Google Play (10/01/2013) | Gold, Jon; Pichai, Sundar; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1570 | GOOG-PLAY-004502766.R | PX 0790 | Slidedeck titled, "Business Model / Policy" (09/02/2019) | Feng, Paul; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Misleading; undue prejudice; confusion of issues; waste of time (Fed. Evid. 403)., Personal knowledge; lack of Foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it | Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1571 | GOOG-PLAY-004503351.R | PX 0441 | Slidedeck titled, "Android Device LTV Overview" (11/17/2020) | Cramer, Christian; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1572 | GOOG-PLAY-004504494.R | PX 0447 | Slidedeck titled, "Project Magical Bridge" (05/01/2019) | Cramer, Christian; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1573 | GOOG-PLAY-004506631 | PX 0708 | Document titled, "Ruminations on Play's Business model" (08/07/2019) | Feng, Paul; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it | Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1574 | GOOG-PLAY-004507125.R | PX0794 Jamie Rosenberg | Presentation dated June 2019 titled " MADA App Inclusion Framework - Draft" | Hiroshi Lockheimer, Donald Harrison, Sameer Samat, Paul Gennai, Dave Kleidermacher, Jim Kolotouros, Jamie Rosenberg, Christian Cramer, Jon Gold | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1575 | GOOG-PLAY-004507838 | | Banyan: Samsung App Distribution proposal - follow up questions (05/20/2019) | Bankhead, Paul; Harrison, Donald; Kolotouros, Jim; Lockheimer, Hiroshi; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1576 | GOOG-PLAY-004508314.R | | Presentation dated 10/2015 titled "Google Play Project Alley-oop: Improving Indirect App Discovery" | Paul Gennai, Jamie Rosenberg, Purnima Kochikar, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), |
| TEMP1577 | GOOG-PLAY-004508753.R | PX 0779 | Play Monthly - March 2019 Hiroshi Review slide deck (03/20/2019) | Bankhead, Paul; Cramer, Christian; Feng, Paul; Kochikar, Purnima; Koh, Lawrence; Marchak, Michael; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1578 | GOOG-PLAY-004509200 | PX 0591 | Play Problem Statement (03/26/2019) | Gennai, Paul; Kochikar, Purnima; Rosenberg, Jamie; Samat, Sameer; Wang, Kevin | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it | Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1579 | GOOG-PLAY-004509472 | | Document dated 5/10/2018 titled "Google Play & Android-Facebook Security & Privacy discussion" | David Kleidermacher, Jamie Rosenberg, Purnima Kochikar, Sameer Samat, Hiroshi Lockheimer, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), |
| TEMP1580 | GOOG-PLAY-004510991.R | | Undated presentation titled "Google Android Path to Purchase" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg, Sameer Samat, Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—exhibit has not established authenticity of the document, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), |
| TEMP1581 | GOOG-PLAY-004511788.R | | Presentation dated 4/18/2018 titled "Google PlayAlleyOop update" | Edward Cunningham, Hiroshi Lockheimer, Sameer Samat, David Kleidermacher, Jamie Rosenberg, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1582 | GOOG-PLAY-004515229 | | Document dated 1/2018 titled "Hong Kong Summit Follow-Up" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg, Sameer Samat, Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1583 | GOOG-PLAY-004517596 | | 6/30/2014 email from J. Kolotouros to C. Li | Jim Kolotouros, Christopher Li | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Defendants: Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation  Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Plaintiffs: Contain all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1584 | GOOG-PLAY-004521358 | | 5/13/2015 email from android-bd-global to D. Curtis | Hiroshi Lockheimer, Jim Kolotouros, Jon Gold | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402) |
| TEMP1585 | GOOG-PLAY-004533024 | | Email from J. Kolotouros to P. Kochikar et al. re Epic / Vague shadowy concern (05/20/2019) | Harrison, Donald Kochikar, Purnima Kolotouros, Jim Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1586 | GOOG-PLAY-004537618 | PX 2650 | Email from S. Deutchman to P. Gemai re PR Perspective on L3 (02/20/2020) | Bankhead, Paul Gemai, Paul Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1587 | GOOG-PLAY-004538757.R | PX 1064 | Presentation titled, "Samsung Revenue Share Renewal" (05/26/2020) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1588 | GOOG-PLAY-004541115.R | PX 1074 | Presentation titled, "Assessment of Cyanogen strategy and potential implications of Google (2/2016) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1589 | GOOG-PLAY-004541215.R | PX 1071 | Presentation titled, "Optimizing Android out of the Box" (01/14/2016) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1590 | GOOG-PLAY-004541676 | | Undated document titled "Wireless Carrier Deal Strategy" | Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 901—proponent has not established authenticity of the document; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit will be properly authenticated (Rule 901) |
| TEMP1591 | GOOG-PLAY-004541857 | PX 1082 | Email from J.Gold to A.Agarwal re Carrier Rev Share (09/19/2012) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1592 | GOOG-PLAY-004546567 | | 6/9/2016 email from J. Rosenberg to K. Wang | Jamie Rosenberg, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 901—proponent has not established authenticity of the document; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit will be properly authenticated (Rule 901) |
| TEMP1593 | GOOG-PLAY-004556784.R | | "US Smartphone NPS Analysis" Slide deck (11/2018) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1594 | GOOG-PLAY-004561084.R | | Presentation dated Q3 2017 titled "Play Policy Proposal: Payments" | Paul Feng; Mrinalini Loew | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1595 | GOOG-PLAY-004564758 | | Memo titled, "Google Play - The Rise of New Storefront Platforms" | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1596 | GOOG-PLAY-004565563.R | PX 0280 | Slide deck titled "Project Gabby" (10/06/2014) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1597 | GOOG-PLAY-004587148 | PX 0142 | Email from J.Heatlin to L.Koh re Hello and Follow Up (03/27/2019) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1598 | GOOG-PLAY-004625919 | DX1111 Steven Schwartz | Undated spreadsheet containing developer data | Michael Marchak, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1599 | GOOG-PLAY-004625999.R | | Slide deck titled "Dating Apps - Google Play 'Category Deep Dive' Series" (06/12/2017) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1600 | GOOG-PLAY-004630018.R | PX 0351 | "Apps Marketplace Monetization Ideas" Slide deck (01/26/2009) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1601 | GOOG-PLAY-004638341 | | Email from P. Bankhead to S. Karam re Facebook foreground update (11/28/2017) | Bankhead, Paul Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1602 | GOOG-PLAY-004663349 | | Document dated 7/20/2017 titled "Testing Alley-oop- Discussion with Facebook" | Paul Bankhead, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), |
| TEMP1603 | GOOG-PLAY-004665306 | PX 0387; PX 0924 | Document titled, "Project Runway Comprehensive Outline" (01/08/2021) | Bankhead, Paul Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1604 | GOOG-PLAY-004671046 | | Email from N.Schroer to D.Stein et al re MagicLab - Google Partnership (11/26/2019) | Barras, Brandon Feng, Paul Loew, Miranalei Stein, Danielle | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1605 | GOOG-PLAY-004671050 | PX1348 Richard Watts | Undated presentation titled "MagicLab We build relationships" | Richard Watts, Paul Feng | Defendants: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Defendants: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1606 | GOOG-PLAY-004676260 | PX1535 Purnima Kochikar | 5/29/2018 email from B. Barras to P. Kochikar | Purnima Kochikar; Brandon Barras; Sarah Karam; Kirsten Rasanen | Defendants: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay; Rule 403—wasting time and/or needlessly cumulative; Foundation<br><br>Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Balance favors admissibility (Rules 401, 403); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br><br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay or a hearsay exception applies |
| TEMP1607 | GOOG-PLAY-004676276 | | 5/29/2018 Email from A. Ong to P. Kochikar | Purnima Kochikar; Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay<br>Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1608 | GOOG-PLAY-004681306 | PX 1479 | Email from R. Kochikar to D. Harrison re (PEX) Agenda - May 4, 2020 (Tencent - Play) ( 5/6/2020) | Harrison, Donald<br>Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1609 | GOOG-PLAY-004681562 | PX 1573 | Email from P. Kochikar to A. DiVento re Privileged: P&L Handling on Hug? (06/03/2020) | Cramer, Christian<br>DiVento, Anthony<br>Kochikar, Purnima<br>Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1610 | GOOG-PLAY-004682320 | PX 0927 | Email from P.Bankhead to P.Kochikar et al. re Framing for Hiroshi (08/12/2020) | Bankhead, Paul<br>Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1611 | GOOG-PLAY-004683869.R | PX 1704 | Slide deck titled, "Advanced GPB" (11/4/2020) | Feng, Paul<br>Kochikar, Purnima<br>Marchak, Michael<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1612 | GOOG-PLAY-004686590.R | | Google - Tenant Engagement Strategy on Gaming slide deck (10/2020) | Feng, Paul<br>Kochikar, Purnima<br>Koh, Lawrence<br>Wang, Kevin | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1613 | GOOG-PLAY-004687113.R | | Play Apps & Games - Team Update History Lesson & Q&A (07/18/2019) | Cramer, Christian<br>Harrison, Donald<br>Kochikar, Purnima<br>Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1614 | GOOG-PLAY-004687208.R | | Undated presentation titled "The Play + Friends All Hands will be starting soon..." | Sameer Samat, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 802—exhibit contains inadmissible hearsay<br>Rule 402—exhibit is not relevant<br>Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Exhibit is relevant (Rules 401, 402) |
| TEMP1615 | GOOG-PLAY-004687427 | PX 1540; PX 1598 | Document titled, "Shar Meeting Information" (06/18/2020) | Harrison, Donald<br>Kochikar, Purnima<br>Marchak, Michael<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1616 | GOOG-PLAY-004689215.R | | Presentation dated 2/2020 titled 'Tinder 'Swipes Left': A Behind the Scenes Special" | Purnima Kochikar, Michael Marchak; Brandon Barras; Sarah Karam | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 802—exhibit contains inadmissible hearsay<br>Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

94 of 220

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1617 | GOOG-PLAY-004692014 | | Undated document titled "YE 2020 Additions" | Michael Marchak; Purnima Kochikar; Don Harrison | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402) |
| TEMP1618 | GOOG-PLAY-004692994.R | PX 1496; PX 2861 | Slide deck titled, "Modular Google Play Billing EAP Pre-BC Exec Review" (07/27/2020) | Feng, Paul; Harrison, Donald; Kochikar, Purnima; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1619 | GOOG-PLAY-004693144.R | | Slide deck titled "Streaming Games on Play" (06/12/2020) | Feng, Paul; Kochikar, Purnima; Koh, Lawrence; Wang, Kevin | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1620 | GOOG-PLAY-004696368.R | | Games Velocity Program (Hug) with Tencent slide deck (06/03/2020) | Bankhead, Paul; Kleidermacher, Dave; Kochikar, Purnima; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Misleading; value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1621 | GOOG-PLAY-004697153 | | Summary of Changes: (06/12/2020) | Bankhead, Paul; Kleidermacher, Dave; Kochikar, Purnima; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1622 | GOOG-PLAY-004697790.R | PX1419 Kirsten Rasanen | Presentation dated 6/2016 titled "Overlay Installs Beta" | Purnima Kochikar, Kirsten Rasanen, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Balance favors admissibility (Rules 401, 403); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); |
| TEMP1623 | GOOG-PLAY-004697790.R | PX 1419 | Slide deck titled, "Overlay Installs Beta" (06/01/2016) | Kochikar, Purnima; Rasanen, Kristen; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1624 | GOOG-PLAY-004698100.R | PX1190 Edward Cunningham; PX1402 Hiroshi Lockheimer, Kirsten Rasanen" | Undated presentation titled "Facebook App Installs" | Hiroshi Lockheimer, Sameer Samat, Jamie Rosenberg, Paul Gennai, Purnima Kochikar, Paul Bankhead, Kirsten Rasanen, Edward Cunningham | Defendants: Defense to Plaintiffs' claims

Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation

Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants:  Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902);

Plaintiffs:  One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1625 | GOOG-PLAY-004702429 | | Document entitled Tinder GPB Overview - 2019. | Kochikar, Purnima; Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1626 | GOOG-PLAY-004702858 | PX 1476 | Email from Don to R. Porat et al re Activision Blizzard Deal for Dec 19 BC Review - Cross PA Input (12/17/2019) | Harrison, Donald; Kochikar, Purnima; Koh, Lawrence; Lockheimer, Hiroshi; Marchak, Michael; Porat, Ruth; Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Misleading; value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1627 | GOOG-PLAY-004702879 | PX2634 Danielle Stein | Undated, untitled document about Play's Current Policy on monetization | Donald Harrison, Paul Feng, Sarah Karam, Purnima Kochikar, Michael Marchak | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1628 | GOOG-PLAY-004703579 | | Tencent Exec Meeting w/ Martin Lau (10/25/2019) | Kochikar, Purnima Koh, Lawrence Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1629 | GOOG-PLAY-004704262.R | | Undated presentation titled "Games Velocity Program Review" | Purnima Kochikar; Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1630 | GOOG-PLAY-004704512.R | | Slide deck titled "Project Magical Bridge" (06/2019) | Feng, Paul Gold, Jon Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1631 | GOOG-PLAY-004705533.R | | Presentation dated 6/2019 titled "Digital Games Distribution-Economics Snapshot" | Purnima Kochikar, Lawrence Koh | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP1632 | GOOG-PLAY-004707163 | PX 0366 | Spreadsheet (04/18/2019) | Bankhead, Paul Feng, Paul Gold, Jon Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1633 | GOOG-PLAY-004725024.R | | Presentation dated 5/6/2016 titled "Google Play & Android iOS Device & App Store Analysis: Apple Fiscal Q2 2016 (quarter ending March 2016)" | Jamie Rosenberg; Paul Gennai, Purnima Kochikar, Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP1634 | GOOG-PLAY-004728095.R | | Presentation dated 7/17/2015 titled "Google Play Project Alley-oop: Improving Indirect App Discovery" | Jamie Rosenberg; Paul Feng; Paul Gennai; Purnima Kochikar; Sameer Samat; Jim Kolotouros; Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1635 | GOOG-PLAY-004728174 | | Undated document titled "Feedback from FB on UI" | Jamie Rosenberg, Purnima Kochikar, Kirsten Rasanen | Defendants: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Defendants: Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1636 | GOOG-PLAY-004728679.R | | Presentation dated 10/2016 titled "2016 Strategy and Planning Update" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg, Sameer Samat, Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1637 | GOOG-PLAY-004760527.R | | Presentation dated 2020 Q3 titled "Summaries of Individual Apps" | Purnima Kochikar; Michael Marchak; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP1638 | GOOG-PLAY-004765575.R | | Presentation dated 2020 titled "Retaining Pixel 4 Switchers" | Purnima Kochikar, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1639 | GOOG-PLAY-004785946 | | Email from S. Samat to T. Ostrowski et al. re Thoughts on alternatives (12/09/2018) | Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1640 | GOOG-PLAY-004785947 | PX 0707 | Email from P.Gennai to S.Samat re Thoughts on Alternatives (12/10/2018) | Gennai, Paul Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1641 | GOOG-PLAY-004787115 | | Email re Play outage Sunday (was:Play outage yesterday). | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Con. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1642 | GOOG-PLAY-004787227 | PX 0785 | Email from J.Kolotouros to S.Samat re Samsung Next Steps (06/06/2019) | Kolotouros, Jim Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1643 | GOOG-PLAY-004794198.R | | PC vs. Mobile - Consumer Research slide deck (02/12/2020) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1644 | GOOG-PLAY-004901332 | | 8/2018 website post by E. Cunningham titled "Fortnite Installer downloads are vulnerable to hijacking" | David Kleidermacher, Edward Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), |
| TEMP1645 | GOOG-PLAY-004902060 | | Undated webpage titled "Helping Developers Succeed" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Brandon Barras, Sarah Karam | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1646 | GOOG-PLAY-004903945 | PX1183 Edward Cunningham | Document dated 2/1/2021 titled "History of Android unknown sources" | Ed Cunningham, Dave Kleidermacher | Plaintiffs:  Defense to Plaintiffs' claims<br><br>Plaintiffs:  Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs:  Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 106—exhibit is unfairly incomplete; Rule 802—exhibit contains inadmissible hearsay; Rule 901—proponent has not established authenticity of the document; Foundation<br><br>Defendants:  Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants:  Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is properly complete (Rule 106); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit will be properly authenticated (Rule 901)<br><br>Plaintiffs:  One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1647 | GOOG-PLAY-004904016.R | PX 0766 | Presentation dated 3/24/2020 titled "App stores in Android 12" | Edward Cunningham; David Kleidermacher | Defendants:  Defense to Plaintiffs' claims<br><br>Plaintiffs:  Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs:  Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Foundation<br><br>Defendants:  Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants:  Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403),<br><br>Plaintiffs:  One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1648 | GOOG-PLAY-004964988.R | PX 1182 | Google Play Protect Product Introduction slide deck (05/07/2021) | Cunningham, Edward | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1649 | GOOG-PLAY-004988141.R | | Undated presentation titled "Android app review tools and workflows" | Edward Cunningham; Sebastian; David Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1650 | GOOG-PLAY-005029565.R | | Competition Law: Basics slide deck (06/14/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Opinion testimony by Lay Witness (Fed. R. Evid. 701). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702. |
| TEMP1651 | GOOG-PLAY-005029588 | | Global Competition Policy (06/14/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Opinion testimony by Lay Witness (Fed. R. Evid. 701). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702. |
| TEMP1652 | GOOG-PLAY-005029591 | | Guidelines for Competitor Collaboration (06/14/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Opinion testimony by Lay Witness (Fed. R. Evid. 701). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702. |
| TEMP1653 | GOOG-PLAY-005029594 | | Guidelines for Document Creation (06/14/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1654 | GOOG-PLAY-005029848.R | | Document titled, "You Said What?! 10 Things to Ensure You Are Communicating with Care" | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1655 | GOOG-PLAY-005031265 | | Undated webpage titled "App Promotion" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Brandon Barras, Sarah Karam | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403) |
| TEMP1656 | GOOG-PLAY-005031289 | | Undated webpage titled "Availability of Features and Services" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Brandon Barras, Sarah Karam | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1657 | GOOG-PLAY-005031469 | | Undated webpage titled "Data Access" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Brandon Barras, Sarah Karam | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402) |
| TEMP1658 | GOOG-PLAY-005031837 | | Undated webpage titled "Financial Services" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kliedermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403) |
| TEMP1659 | GOOG-PLAY-005032065 | | Undated webpage titled "Managing and Reporting Policy Violations" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kliedermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106) |
| TEMP1660 | GOOG-PLAY-005032153 | | Undated webpage titled "News" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kliedermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402) |
| TEMP1661 | GOOG-PLAY-005032220 | | Undated webpage titled "Policy Coverage" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kliedermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1662 | GOOG-PLAY-005032299 | | Undated webpage titled "Real-Money Gambling, Games, and Contests" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kliedermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402) |
| TEMP1663 | GOOG-PLAY-005032791 | | Undated webpage titled "User Generated Content" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kliedermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1664 | GOOG-PLAY-005158176 | PX 0602 | Email from P. Gennai to J. Rosenberg re Long Term Strategy (06/23/2019) | Gennai, Paul Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies;  Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1665 | GOOG-PLAY-005173288 | PX 0621 | Email from A.McCallister to T.Kawamura re Quality Bar (08/03/2016) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Relevance (Fed. R. Evid. 402). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1666 | GOOG-PLAY-005238345 | PX 1099 | Email from J.Gold to R.Porat et al. re 2016 Android and Hardware Plan Discussion (11/12/2015) | Gold, Jon Porat, Ruth | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies;  Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1667 | GOOG-PLAY-005279915 | PX 0176 | Email from K. Glick to Milena Nikolic and Matt Henderson re Negative developer sentiment about new SMS and call log permission enforcement (01/06/2019) | Glick, Kobi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Relevance (Fed. R. Evid. 402). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1668 | GOOG-PLAY-005307948 | PX 0377 | Email from P. Kochikar to R. Counihan et al. re Invitation to new Polling Project on Play (02/04/2021) | Marchak, Michael Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1669 | GOOG-PLAY-005333949 | | 7/12/2019 email from J. Rosenberg to T. Lim, P. Bankhead, P. Gennai, J. Kolotouros, C. Li, S. Samat, S. Krishnamachari, W. Logan, A. Kumar, P. Kochikar, M. Hochberg | Sameer Samat, Jamie Rosenberg, Paul Gennai, Purnima Kochikar, Jim Kolotouros, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1670 | GOOG-PLAY-005407690 | | Email re [ACTION REQUESTED] Feedback on First Set of Policy Change Partners and Next Steps. | Rosenberg, Jamie Feng, Paul Samat, Sameer Kochikar, Purnima Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Con. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1671 | GOOG-PLAY-005423488 | PX1592 Brandon Barras | 5/31/2019 email from B. Barras to G. Swidler | Brandon Barras, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1672 | GOOG-PLAY-005428116 | PX 1313 | Email from M. Shedroff to P. Kochikar re Next Steps + a Question (06/08/2020) | Kochikar, Purnima Shedroff, Marc | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1673 | GOOG-PLAY-005557084 | PX 0298 | Email from A. Rubin to E. Chu re Draft blog post and FAQ for Android Market – Updated version with Erin's feedback (08/27/2008) | Chu, Eric Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contain all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1674 | GOOG-PLAY-005559390.R | PX 0944 | Slide deck titled, "Android Marketplace" (02/03/2009) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1675 | GOOG-PLAY-005559853 | PX 1126 | Email from N. Sears to D. Conway and A. Rubin re Rev Share on Android Market (02/11/2009) | Rubin, Andy; Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1676 | GOOG-PLAY-005561729 | PX 0952 | Email from J. Ebbitt to A. Rubin re LG's Own Application Store Goes Beta Live July 14 (07/15/2009) | Chu, Eric; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1677 | GOOG-PLAY-005562024 | | Email from Andy Rubin to Tracy Wilk Re Carrier Billing Pricing (08/20/2009) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1678 | GOOG-PLAY-005562050 | PX 0956 | Email from A.Rubin to T.Wilk re Carrier Billing Policy (08/20/2009) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1679 | GOOG-PLAY-005562218 | | Email from A. Rubin to N. Sears re Follow up on mobile agreement (09/02/2009) | Rubin, Andy; Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1680 | GOOG-PLAY-005562645.R | PX 1132 | Presentation titled, "Android with Google Sales Strategy" (08/25/2012) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1681 | GOOG-PLAY-005566485 | | Email from E. Chu to A. Rubin re Sony Gaming Status Update - Guidance Requested (7/13/2010) | Chu, Eric; Lockheimer, Hiroshi; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1682 | GOOG-PLAY-005576717 | | Google Chat conversation (08/28/2020) | Barras, Brandon; Cramer, Christian; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1683 | GOOG-PLAY-005577063.R | PX 1464 | Slide deck titled, "Google" | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1684 | GOOG-PLAY-005578403.R | | Play Market Opportunities slide deck (8/2020) | Barras, Brandon; Cramer, Christian; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1685 | GOOG-PLAY-005579417.R | PX 0536 | Slidedeck titled, "JP Play Points Finance Review" (06/13/2018) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1686 | GOOG-PLAY-005580346.R | PX 0138 | Email from P. Schindler to M. Murphy re [Urgent] Activision Blizzard King (ABK) BC Approval (01/15/2020) | Cramer, Christian; Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1687 | GOOG-PLAY-005601967 | PX 0767 | Messages between E.Liderman and D.Kleidermacher (09/29/2020) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1688 | GOOG-PLAY-005607169.R | | US Smartphone NPS Analysis Latest data: Q2 2019 slide deck (8/2019) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1689 | GOOG-PLAY-005611004 | | Email from J. Kolotouros to P. Schindler and D. Harrison re Android OEM Revenue Share 3.0 (09/30/2020) | Harrison, Donald; Kolotouros, James | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1690 | GOOG-PLAY-005613457 | | Turkish Dkt 2015-2-036 - TCA Investigation Second Writ (04/16/2016) | Harrison, Donald; Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Opinion testimony by Lay Witness (Fed. R. Evid. 701)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP1691 | GOOG-PLAY-005650784 | PX 0308 | Email from M. Stepka to E. Chu re FW Android Marketplace Payments – UPDATE (04/24/2009) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1692 | GOOG-PLAY-005652564 | PX 0303 | Email from E. Chu to M. Womack re Transaction Fee for Android Market priced apps in Japan (06/30/2009) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1693 | GOOG-PLAY-005660954 | | 8/17/2010 email from E. Chu to H. Lockheimer | Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1694 | GOOG-PLAY-005662858 | PX 1344 | Email from J. Mattson to R. Meier re [android-advocates] CTIA 2010 Wrap up (10/13/2010) | Chu, Eric<br>Mattson, Justin | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1695 | GOOG-PLAY-005663610 | | 11/1/2010 email from E. Chu to A. Rubin | Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); |
| TEMP1696 | GOOG-PLAY-005668770 | PX 0885 | Email from P. Brady to E. Chu re Amazon Appstore is live (03/24/2011) | Brady, Patrick<br>Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1697 | GOOG-PLAY-005677338 | PX 1820 | Email from C. Dury to J. Lagerline re Payments in Android Market (09/15/2011) | Chu, Eric<br>Dury, Christopher<br>Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1698 | GOOG-PLAY-005709844.R | | Google presentation titled "Android Brand Health" (06/2020) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1699 | GOOG-PLAY-005952955 | | Undated webpage titled "Android Instant Apps" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Brandon Barras, Sarah Karam | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1700 | GOOG-PLAY-005953021 | | Undated webpage titled "App Discovery and Ranking" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Brandon Barras, Sarah Karam | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Balance favors admissibility (Rules 401, 403) |
| TEMP1701 | GOOG-PLAY-005955085 | | Android is for everyone https://www.android.com/everyone/ (last accessed 7/27/2023) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1702 | GOOG-PLAY-005970879.R | | Communications Guide slide deck (06/18/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Relevance (Fed. R. Evid. 402), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403) | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1703 | GOOG-PLAY-005970920 | | Five Rules of Thumb (06/18/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Relevance (Fed. R. Evid. 402), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403) | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1704 | GOOG-PLAY-006024646 | | Webpage dated 9/24/2020 titled "All developers will get the new Google Play Console on November 2, 2020" | Paul Gennai, Purnima Kochikar, Sameer Samat, Mike Marchak, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402) |
| TEMP1705 | GOOG-PLAY-006024979 | | 2/13/2009 blog post titled "Android Market update: support for priced applications" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1706 | GOOG-PLAY-006024983 | | "Android Market: a user-driven content distribution system," Android Developers Blog, August 28, 2008, available at https://android-developers.googleblog.com/2008/08/android-market-user-driven-content.html (last accessed 6/13/2023) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1707 | GOOG-PLAY-006024985 | | 10/22/2008 blog post titled "Android Market: Now available for users" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP1708 | GOOG-PLAY-006025356 | | 9/28/2020 blog post titled "Answering your FAQs about Google Play billing" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP1709 | GOOG-PLAY-006025531 | | 04/16/2020 blog post titled "Building user trust through more transparent subscriptions " | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP1710 | GOOG-PLAY-006025637 | | 06/23/2021 blog post titled "Continuing to boost developer success on Google Play" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP1711 | GOOG-PLAY-006026313 | | Android Developer's Blog Post entitled In-App Billing Launched on Android Market. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1712 | GOOG-PLAY-006026315 | | Webpage entitled "In-App Billing on Android Market: Ready for Testing" available at https://android-developers.googleblog.com/2011/03/in-app-billing-on-android-market-ready.html (last accessed 07/27/2023) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1713 | GOOG-PLAY-006026567 | | Webpage dated 9/28/2020 titled "Listening to Developer Feedback to Improve Google Play" | Paul Gennai, Purnima Kochikar, Brandon Barras, Sarah Karam, Sameer Samat, Mike Marchak, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1714 | GOOG-PLAY-006029193 | PX 1129 | Email from E. Tseng to N. Sears re Strategy for Marketplace and Carrier Content (02/25/2008) | Lockheimer, Hiroshi Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1715 | GOOG-PLAY-006029344 | PX 1130 | Email from N. Sears to E. Tseng re Strategy for Marketplace and Carrier Content (03/27/2008) | Lockheimer, Hiroshi Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1716 | GOOG-PLAY-006029569.R | | Undated presentation titled "Android Implementation Compatibility: Overview of Android Compatibility Framework" | Patrick Brady; Rich Miner; Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1717 | GOOG-PLAY-006032761.R | | Presentation dated 12/16/2008 titled "Android Review" | Patrick Brady; Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1718 | GOOG-PLAY-006038394 | PX 1338 | Email from J. Mattson to E. Chu re [android-vendingmachine] re Change in default revenue share (07/17/2009) | Chu, Eric Lockheimer, Hiroshi Mattson, Justin | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1719 | GOOG-PLAY-006162887 | PX1206 Lagerling | 4/28/2017 email from H. Lockheimer to J. Lagerling | John Lagerling, Hiroshi Lockheimer | Defendants: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation<br><br>Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902),<br><br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1720 | GOOG-PLAY-006163907 | PX 0425 | Email from C.Cramer to H.Lockheimer re 1:1 Tomorrow (12/01/2017) | Cramer, Christian<br>Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1721 | GOOG-PLAY-006336966.R | | Presentation dated 10/12/2010 titled "Android OC Quarterly Review- Q4 2010" | Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1722 | GOOG-PLAY-006339651 | PX0884 Patrick Brady | 3/22/2011 email from P. Brady to mgmt@google.com | Patrick Brady; Hiroshi Lockheimer; Jamie Rosenberg; Andy Rubin | Defendants: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation<br><br>Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902),<br><br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1723 | GOOG-PLAY-006339980 | PX 0886 | Email from P. Brady to H. Barra et al re Market Rebranding #2 (04/26/2011) | Brady, Patrick<br>Chu, Eric<br>Lagerling, John<br>Lockheimer, Hiroshi<br>Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1724 | GOOG-PLAY-006353017 | | Email from J. Gold to P. Gennai et al. re Cost savings initiatives in 2013 (11/27/2012) | Gennai, Paul<br>Gold, Jon<br>Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1725 | GOOG-PLAY-006355073 | | Email from B. Serridge to J. Zepp re Re: Vudu app? (03/06/2013) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1726 | GOOG-PLAY-006355148 | PX 1392 | Email from H. Lockheimer J. Rosenberg re FYI (03/15/2013) | Lockheimer, Hiroshi<br>Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1727 | GOOG-PLAY-006356225 | PX 2726 | Email from R. PC Gibson to android-leadership@google.com (04/17/2013) | Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1728 | GOOG-PLAY-006356717 | PX 1097 | Email from J.Rosenberg to J.Gold re Play Revenue (05/08/2013) | Gold, Jon Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1729 | GOOG-PLAY-006357630 | PX 2727 Sundar Pichai | 6/18/2013 email from S. Pichai to J. Rosenberg | Jamie Rosenberg; Sundar Pichai | Defendants: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, foundation<br><br>Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants:  Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902),<br><br>Plaintiffs:  Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1730 | GOOG-PLAY-006357924 | PX 0776 | Email from B.Meese to P.Kochikar re Time Sensitive: App Behavior (08/20/2013) | Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1731 | GOOG-PLAY-006361226 | PX 0799 | Email from J.Lagerling to J.Rosenberg re Wallet and DCB (10/08/2013) | Lagerling, John Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1732 | GOOG-PLAY-006366894 | PX 0688 | Email from S.Samat to V.Marrar re Samsung Play / Google Play (01/31/2017) | Feng, Paul Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1733 | GOOG-PLAY-006367217 | PX 1207 | Email from J.Rosenberg to J.Lagerling and H.Lockheimer re Thanks, and New Topic (06/02/2017) | Lagerling, John Lockheimer, Hiroshi Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1734 | GOOG-PLAY-006367282 | PX 1426 | Email from K. Rasanen to J. Rosenberg re Thanks, and New Topic (06/16/2017) | Rasanen, Kirsten Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1735 | GOOG-PLAY-006367390 | PX 1427 | Email from K. Rasanen to H. Lockheimer et al re Facebook BD Update (06.29.17) (06/29/2017) | Lockheimer, Hiroshi Rasanen, Kirsten Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1736 | GOOG-PLAY-006369070 | | Email from S. Lee to P. Gennai et al. re [Important - feedback requested] Huawei RSE & Play Back -end Discussions (05/15/2019) | Gennai, Paul Kolotouros, Jim Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1737 | GOOG-PLAY-006380391 | PX2736 Sundar Pichai | Undated meeting notes between Facebook and Google | Dave Kleidermacher; Jamie Rosenberg; Sameer Samat; Sarah Karum; Donald Harrison; Hiroshi Lockheimer; Sundar Pichai | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Not hearsay (Rule 801) or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1738 | GOOG-PLAY-006381385 | | Overview (Spotify's Concerns and Google's Responses) (11/15/2017) | Feng, Paul Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1739 | GOOG-PLAY-006384075 | | Email from J. Kolotouros to T. Raja re Amazon App Store (11/04/2014) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1740 | GOOG-PLAY-006385672 | | Email from D. Rolefson to J. Kolotouros re "Forking FireOS further" question (02/25/2016) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1741 | GOOG-PLAY-006390054 | | Android Partners Premier Tier Program Requirements booklet (02/08/2020) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1742 | GOOG-PLAY-006398898.R | PX 1100 | Android Device LTV Overview | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1743 | GOOG-PLAY-006409453.R | | Presentation dated 2/6/2019 titled "Android Value Analysis (WIP)" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg, Sameer Samat, Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), |
| TEMP1744 | GOOG-PLAY-006758746 | PX 0140 | Document Titled HUG Comparison Spreadsheet (07/08/2020) | Koh, Lawrence | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1745 | GOOG-PLAY-006763265 | | Email re Re: Data Requests from EA. | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1746 | GOOG-PLAY-006814475.R | | Presentation dated 2/2021 titled "App Stores on Android 12" | Edward Cunningham; David Kleidermacher, Michael Marchak, Purnima Kochikar; Sameer Samat | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Foundation Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1747 | GOOG-PLAY-006820056 | PX 0926 | Email from S.Hsiao to P.Bankhead re Facebook Messenger Rolling Out Ads (07/12/2017) | Bankhead, Paul Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1748 | GOOG-PLAY-006826086 | | Paul Staff Meeting Notes (09/12/2018) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1749 | GOOG-PLAY-006826907.R | | Undated, untitled presentation about security | Edward Cunningham; Sebastian; David Kleidermacher, Jamie Rosenberg, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), |
| TEMP1750 | GOOG-PLAY-006829073.R | PX 0388; PX 0545 | Project Basecamp - Optionality (04/14/2021) | Bankhead, Paul Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1751 | GOOG-PLAY-006847808.R | PX1699 Mrinalini Loew | Presentation dated 9/25/2020 titled "Google Play Billing Policy" | Mrinalini Loew; Paul Feng; Purnima Kochikar, Brandon Barrss | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901) |
| TEMP1752 | GOOG-PLAY-006850420 | | Undated document titled "Commerce for Game Developers" | Paul Feng; Mrinalini Loew | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901) |
| TEMP1753 | GOOG-PLAY-006861555.R | | Presentation dated 10/2020 titled "OEM RSA3 Program Review" | Jamie Rosenberg, Purnima Kochikar, Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901) |
| TEMP1754 | GOOG-PLAY-006861555.R | | OEM RSA3 Program review slide deck (10/2020) | Kochikar, Purnima Kolotouros, Jim Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1755 | GOOG-PLAY-006864412 | | Undated document titled "Possible xPA One Google Terms" | Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1756 | GOOG-PLAY-006990552 | | Document titled, "Project Runway: Proposal for Changes to Play Business Models" (11/16/2020) | Harrison, Donald<br>Kochikar, Purnima<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1757 | GOOG-PLAY-007003627.R | | Presentation dated 7/2020 titled "Unknown sources-- Pixel insights" | Edward Cunningham, Dave Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit will be properly authenticated (Rule 901) |
| TEMP1758 | GOOG-PLAY-007005405 | PX 0761; PX 1171 | Email from E.Cunningham to S.Samat re FN Update (08/15/2018) | Cunningham, Edward<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Lockheimer, Hiroshi<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1759 | GOOG-PLAY-007005477 | PX 1170 | Email from J.Wolior to S.Samat et al. re FN Update (08/25/2018) | Kleidermacher, Dave<br>Kochikar, Purnima<br>Lockheimer, Hiroshi<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1760 | GOOG-PLAY-007006390 | PX 0690 | Email from S.Samat to J.Rosenberg re Samsung Store / Banyan Followup (06/11/2019) | Harrison, Donald<br>Kochikar, Purnima<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Cond; Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1761 | GOOG-PLAY-007006409 | | J. Kolotouros to S. Samat et al. re Samsung Store / Banyan followup (06/12/2019) | Harrison, Donald<br>Kochikar, Purnima<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Cond; Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1762 | GOOG-PLAY-007021362 | PXCH 0170 | Document titled, "11/30 - Sundar Return to Office Policy?" | Cramer, Christian<br>Harrison, Donald<br>Kochikar, Purnima<br>Koh, Lawrence<br>Lockheimer, Hiroshi<br>Marchak, Michael<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Cond; Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1763 | GOOG-PLAY-007024088 | | Email from P. Brady to T. Moss et al. re GMS License Agreement (02/07/2014) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1764 | GOOG-PLAY-007030361 | | Email from A. Rubin to M. Stepka re Re: Android Marketplace Payments - UPDATE | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Samat, Sameer<br>Rosenberg, Jamie<br>Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1765 | GOOG-PLAY-007034378 | PX 1212 | Email from J.Lagerling to S.Pichai re Congrats (04/22/2013) | Lagerling, John; Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1766 | GOOG-PLAY-007035840 | PX 0154 | Email from L. Koh to B. Bazinski re Riot - Update (02/13/2020) | Cramer, Christian; Kochikar, Purnima; Koh, Lawrence; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1767 | GOOG-PLAY-007036302 | PX 1493 | Document titled, "Apple Partnership Strategy" (10/29/2020) | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Relevance (Fed. R. Evid. 402),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1768 | GOOG-PLAY-007102964.R | PX 0364 | Games Velocity Program with Tencent slide deck (05/29/2020) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1769 | GOOG-PLAY-007104274 | PX 1537 | Email from P. Kochikar to S. Karam re A/C Privileged: Update on Tinder / GPB (07/23/2019) | Karam, Sarah; Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1770 | GOOG-PLAY-007110393.R | | 2/7/2019 email from J. Rosenberg to D. Kleidermacher | Dave Kleidermacher, Jamie Rosenberg, Hiroshi Lockheimer, Sameer Samat, Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 106—exhibit is unfairly incomplete; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is properly complete (Rule 106); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403) |
| TEMP1771 | GOOG-PLAY-007111921 | | Google's Position and Amazon's Position of various topics document (02/02/2018) | Cramer, Christian; Harrison, Donald; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Marchak, Michael; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Relevance (Fed. R. Evid. 402),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1772 | GOOG-PLAY-007112427 | | Presentation dated 7/2019 titled "Samsung Update" | Paul Bankhead, Christopher Li, Donald Harrison, Jim Kolotouros, Jamie Rosenberg, Paul Gennai, Sameer Samat | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay; Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Cond; Relevance (Fed. R. Evid. 402),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1773 | GOOG-PLAY-007113447 | PX 1149 | Email from N.Badkar to R.Mishra et al. re Sideloading % (04/09/2019) | Cunningham, Edward | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1774 | GOOG-PLAY-007125883 | PX 0627 | Premier Tier Requirements (05/12/2020) | Cramer, Christian Harrison, Donald Kochikar, Purnima Koh, Lawrence Koletouros, Jim Lockheimer, Hiroshi Marchak, Michael Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1775 | GOOG-PLAY-007131144 | PX 0635 | Email from J.Kolotouros to C.Li re Escalation from Essential Products (05/26/2017) | Koletouros, Jim Lockheimer, Hiroshi Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1776 | GOOG-PLAY-007132557 | | 8/13/2020 email from T. Sweeney to H. Lockheimer | Don Harrison; Hiroshi Lockheimer, Jamie Rosenberg, Sameer Samat, Sundar Pichai | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1777 | GOOG-PLAY-007132699.R | | Android, Chrome, OS, and Play Monthly Finance Review slide deck (3/2017) | Cramer, Christian Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1778 | GOOG-PLAY-007135039 | | Email from S. Karam to A. Rova et al. re Update on DDA enforcement (12/26/2014) | Karam, Sarah Koletouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1779 | GOOG-PLAY-007151541 | | Email from A. DiVento to C. Cramer et al. re Privileged and Confidential (03/10/2021) | Cramer, Christian DiVento, Anthony Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1780 | GOOG-PLAY-007172256.R | | BC: Play App Accelerator Program (Hug for Apps) (BC20-005) (02/27/2020) | Gennai, Paul Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1781 | GOOG-PLAY-007173065.R | | Undated document titled "Riot Games Meeting Notes" | Jamie Rosenberg, Purnima Kochikar, Michael Marchak, Tian Lim | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay Rule 106—exhibit is unfairly incomplete Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is properly complete (Rule 106) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1782 | GOOG-PLAY-007173346-R | PX 0151 | Document titled "Google Strategic Partnership with Activision Blizzard King" (11/18/2020) | Cramer, Christian; Harrison, Donald; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Marchak, Michael; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1783 | GOOG-PLAY-007173383 | PX 0365; PX 0902 | Magical Bridge & Play Billing Review slide deck (09/13/2019) | Bankhead, Paul; Feng, Paul; Harrison, Donald; Kochikar, Purnima; Lockheimer, Hiroshi; Marchak, Michael; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1784 | GOOG-PLAY-007173483 | PX0628 James Kolotouros | Document dated 3/27/2020 titled "Partner Info Doc- Oneplus 8 Fortnite partnership" | Jim Kolotouros, Jamie Rosenberg; Paul Gennai; Purnima Kochikar; Sameer Samat; Jon Gold | Defendant: Defense to Plaintiffs' claims
Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Foundation
Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Balance favors admissibility (Rules 401, 403), Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1785 | GOOG-PLAY-007209772 | PX 0832 | Email from A.Pimplapure to T.Knight re Play Revenue Share for Samsung (10/03/2015) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1786 | GOOG-PLAY-007211528 | PX 0843 | Email from A.Pimplapure to S.Hashim re OEM Monetization via Play Store (02/24/2016) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1787 | GOOG-PLAY-007213451 | | Google Chat conversation (08/22/2016) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1788 | GOOG-PLAY-007216709 | | Google Chat conversation (03/17/2017) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1789 | GOOG-PLAY-007246367 | PX0782 Jamie Rosenberg | Presentation dated 4/26/2019 titled "Samsung Google; Building unique app experiences for Samsung devices and users" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg, Sameer Samat, Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead, Christopher Li | Defendant: Defense to Plaintiffs' claims
Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Foundation
Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Balance favors admissibility (Rules 401, 403), Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1790 | GOOG-PLAY-007262878 | PX 1073 | Document titled, "Initial Samsung Thoughts" (01/07/2014) | Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1791 | GOOG-PLAY-007274935 | | Email from K. Rasanen to S. Samat re Facebook bi-weekly BD update (04/26/2017) | Lockheimer, Hiroshi Kochikar, Purnima Rasenen, Kristen Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1792 | GOOG-PLAY-007274966 | | Google Play BizOps & Strategy Developer Study Q4 2017 slide deck (05/03/2017) | Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1793 | GOOG-PLAY-007275073 | | Email from K. Rasanen to S.Sayigh re [Payment Policy] Top Developer Briefing Plan (09/27/2017) | Feng, Paul Rasanen, Kirsten Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1794 | GOOG-PLAY-007278681 | PX1546 Purnima Kochikar | Document titled, "Internal Briefing Document" (03/02/2020) | Donald Harrison, Jamie Rosenberg, Edward Cunningham, Sarah Karam, Purnima Kochikar, Jim Kolotouros, Paul Bankhead, Kobi Glick, Jon Gold, Christopher Li | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1795 | GOOG-PLAY-007278690 | PX 0805 | Slidedeck titled, "Epic/Fortnite BC Deal Review" (07/19/2018) | Cramer, Christian Harrison, Donald Kochikar, Purnima Koh, Lawrence Lockheimer, Hiroshi Marchak, Michael Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1796 | GOOG-PLAY-007278741 | | Undated document titled "Facebook Google Play App Access Program Executive Summary" | Kirsten Rasanen, Jamie Rosenberg, Paul Gennai, Purnima Kochikar, Sameer Samat, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); |
| TEMP1797 | GOOG-PLAY-007280918 | PX 0150 | Email from L.Koh to M.Marchak re ABK Update (12/12/2019) | Koh, Lawrence Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1798 | GOOG-PLAY-007280991 | | 2/7/2019 email from S. Samat to E. Crosby | Paul Gennai, Sameer Samat, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); |
| TEMP1799 | GOOG-PLAY-007298814 | PX 1556 | Email from D. Almaer to D. Glazkov re PWA APK Discussion Next Monday June 5th (06/03/2017) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1800 | GOOG-PLAY-007310413 | PX 1553 | Document titled "PWAs in a Nutshell" (10/09/2018) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1801 | GOOG-PLAY-007317466 | | Switching to Pixel slide deck (01/31/2017) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1802 | GOOG-PLAY-007323105 | PX 367 | Document entitled Games Accelerator Program. | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1803 | GOOG-PLAY-007325722 | | Presentation re Revenue Acceleration Play Apps 2015 Developer Initiative Strategy. | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1804 | GOOG-PLAY-007326332 | PX 1998 | Presentation titled "Subs Summit 2017 BD deep-dive" presented by George Audi (2/9/2017) | Gennai, Paul; Karam, Sarah; Kochikar, Purnima; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1805 | GOOG-PLAY-007328714 | | Presentation dated Q1/2019 titled "Project Banyan: Ecosystem Fact Packs" | Dave Kleidermacher; Jamie Rosenberg; Michael Marchak; Paul Feng; Paul Gennai; Purnima Kochikar; Sameer Samat; Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1806 | GOOG-PLAY-007328838 | PX0523 Paul Feng | Presentation dated 8/2019 titled "Project Magical Bridge" | Jamie Rosenberg; Michael Marchak; Paul Feng; Purnima Kochikar; Sameer Samat; Donald Harrison; Hiroshi Lockheimer; Paul Bankhead | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Defendant: Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the exhibit, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1807 | GOOG-PLAY-007328898 | PX 1406 | Document titled, "Executive Brief - P&E  Executive Discussion with Facebook (08/01/2020) | Bankhead, Paul; Harrison, Donald; Kochikar, Purnima; Kolotouros, Jim; Lockheimer, Hiroshi; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1808 | GOOG-PLAY-007329063 | | Accelerator Programs 2.0 aka Project Secret Carrots notes (06/20/2019) | Bankhead, Paul; Feng, Paul; Kochikar, Purnima; Koh, Lawrence; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1809 | GOOG-PLAY-007329104 | PX 0917 | Document titled, "Response to Epic" (06/23/2018) | Bankhead, Paul Kleidermacher, Dave Kochikar, Purnima Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1810 | GOOG-PLAY-007334730 | | Spotify Economic Proposal slide deck (5/2020) | Cramer, Christian Harrison, Donald Kochikar, Purnima Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1811 | GOOG-PLAY-007337179 | PX 0904 | Project Runway: Proposal for changes to Play business models (11/16/2020) | Bankhead, Paul Lockheimer, Hiroshi Marchak, Michael Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1812 | GOOG-PLAY-007338028 | | Email from P. Gennai to J. Rosenberg et al. re Store Collaboration (06/21/2019) | Gennai, Paul Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1813 | GOOG-PLAY-007339480.R | PX1410 Kirsten Rasanen | Presentation dated 4/1/2016 titled "Project Wichita Update and Discussion Guide" | Kirsten Rasanen, Sameer Samat, Jamie Rosenberg, Paul Gennai, Sarah Karam, Purnima Kochikar, Paul Bankhead | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1814 | GOOG-PLAY-007339587.R | | Presentation dated 2/20/2019 titled "Augmenting Games on Samsung Devices" | Jamie Rosenberg, Paul Feng, Paul Gennai, Purnima Kochikar, Jim Kolotouros, Lawrence Koh | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1815 | GOOG-PLAY-007339821 | | Presentation entitled Billing Policy and P2B Follow Up (Jan 2019). | Feng, Paul Rosenberg, Jamie Kochikar, Purnima Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1816 | GOOG-PLAY-007345689 | | Presentation dated 10/28/2020 titled "Play 2021/25" | Purnima Kochikar; Hiroshi Lockheimer, Jamie Rosenberg, Sameer Samat, Dave Kleidermacher, Purnima Kochikar, Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1817 | GOOG-PLAY-007346079 | PX2860 Gregory K. Leonard | Presentation dated 9/2/2020 titled "Play Policy Launch Timing Review" | Michael Marchak; Paul Feng; Purnima Kochikar; Paul Bankhead; Christian Cramer | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1818 | GOOG-PLAY-007346897 | | Presentation re Tinder/Match Exec Meeting Prep - GPB discussion July 2019. | Feng, Paul Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1819 | GOOG-PLAY-007346944 | PX 1461 | Slide deck titled, "Project Magical Bridge" (06/01/2019) | Bankhead, Paul; Feng, Paul; Kochikar, Purnima; Marchak, Michel | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1820 | GOOG-PLAY-007346993 | PX 0592; PX 1459 | Document titled, "9.13.19 Chekin with Hiroshi" (04/02/2019) | Feng, Paul; Gennai, Paul; Gold, Jon; Kochikar, Purnima; Loew, Mrinalini; Marchak, Michel; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1821 | GOOG-PLAY-007352827 | | 8/9/2018 email from S. Samat to H. Lockheimer | Edward Cunningham; David Kleidermacher; Sameer Samat, Hiroshi Lockheimer, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1822 | GOOG-PLAY-007355676 | PX1601 Brandon Barras | 5/24/2019 email from S. Karam to S. Samat, M. Hochberg, T. Lim, T. Aziz, T. Ostrowski, W. White, P. Feng, P. Kochikar | Brandon Barras, Paul Feng; Purnima Kochikar; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1823 | GOOG-PLAY-007355763 | PX 1511 | Email re: Re: A/C Privileged: Update on Tinder / GPB. | Harrison, Donald; Feng, Paul; Kochikar, Purnima; Samat, Sameer; Barras, Brandon; Ostrowski, Tristan | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1824 | GOOG-PLAY-007355767 | | Email re Re: A/C Privileged: Update on Tinder / GPB. | Barras, Brandon; Feng, Paul; Harrison, Donald; Kochikar, Purnima; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1825 | GOOG-PLAY-007356398 | PX 1503; PX 1597 | Email from B. Barras to D. Harrison re A/C Privileged: Update on Tinder / GPB (08/26/2019) | Barras, Brandon; Feng, Paul; Harrison, Donald; Kochikar, Purnima; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1826 | GOOG-PLAY-007358424 | PX 2653 | Email from D. Jackson to S. Samat re YT Music Blog Post? (09/27/2019) | Bankhead, Paul; Gennai, Paul; Koloroutis, Jim; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1827 | GOOG-PLAY-007371506 | PX 0763 | Email from D Kleidermacher to E.Cunningham re Fortnite Task Force (08/17/2018) | Cunningham, Edward; Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1828 | GOOG-PLAY-007371534 | PX 1187 | Email from D.Kleidermacher to T.Lim re ATTORNEY CLIENT PRIVILEGED Fortnight task force (08/24/2018) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1829 | GOOG-PLAY-007372061 | | Email from E. Cunningham to H. Lockheimer re ATTORNEY CLIENT PRIVILEGED Fortnight task force (8/25/2018) | Kleidermacher, David Kochikar, Purnima Lockheimer, Hiroshi Ostrowski, Tristan Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1830 | GOOG-PLAY-007372165 | PX 1386 | Email from S. Newberry to J. Rosenberg re ATTORNEY CLIENT PRIVILEGED Fortnight Task Force (08/25/2018) | Kleidermacher, Dave Kochikar, Purnima Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1831 | GOOG-PLAY-007376080 | | Blogpost dated 3/10/2020 titled "How Google Play Protect kept users safe in 2019" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP1832 | GOOG-PLAY-007376084 | | Blogpost dated 4/21/2021 titled "How we fought bad apps and developers in 2020" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP1833 | GOOG-PLAY-007376141 | | Blogpost dated 6/6/2019 titled "PHA Family Highlights: Triada" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP1834 | GOOG-PLAY-007376174 | | Blogpost dated 4/18/2019 titled "The Android Platform Security Model" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP1835 | GOOG-PLAY-007376192 | | Blogpost dated 2/4/2021 titled "Vulnerability Reward Program: 2020 Year in Review" | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP1836 | GOOG-PLAY-007377375 | PX 1186 | Document titled, "Hijacking the Fortnite Installer" (08/10/2018) | Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1837 | GOOG-PLAY-007379405 | PX 1409 | E-mail from K. Rasanen to J. Rosenberg on Facebook installs (4/25/2016) | Rasanen, Kristen Gennai, Paul Kochikar, Purnima Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1838 | GOOG-PLAY-007379918 | PX 1423 | Email from P. Bankhead to M. Petrillo re Facebook/ Alley-oop Update (08/24/2016) | Bankhead, Paul Rasanen, Kristen Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1839 | GOOG-PLAY-007380405 | PX 0910 | Email from K.Rasanen to J.Rosenberg re Facebook/Alley-oop Update (10/11/2016) | Bankhead, Paul; Rasanen, Kristen; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1840 | GOOG-PLAY-007381302 | | Email from H. Lockheimer to J. Rosenberg et al. re SpeedBump - need to sync this week  (04/28/2017) | Lockheimer, Hiroshi; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1841 | GOOG-PLAY-007381388 | PX 1414 | Email from H. Lockheimer to J. Rosenberg re FB Installing 3P Apks (05/22/2017) | Gennai, Paul; Lockheimer, Hiroshi; Rasanen, Kristen; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1842 | GOOG-PLAY-007381753.R | | Email from S. Samat to J. Rosenberg and P. Feng re Facebook P&E BD summary for next week  (09/27/2017) | Feng, Paul; Karam, Sarah; Kochikar, Purnima; Lockheimer, Hiroshi; Rasanen, Kristen; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1843 | GOOG-PLAY-007384816 | PX 0783 | Email from J.Kolotouros to H.Lockheimer re Samsung Store Proposal: (05/30/2019) | Harrison, Donald; Kolotouros, Jim; Lockheimer, Hiroshi; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.; Exhibit is relevant to one or more of Plaintiffs' claims or defenses.; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1844 | GOOG-PLAY-007384914 | | Email from J. Kolotouros to H. Lockheimer re Samsung store proposal (06/02/2019) | Harrison, Donald; Kolotouros, Jim; Lockheimer, Hiroshi; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.; Exhibit is relevant to one or more of Plaintiffs' claims or defenses.; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1845 | GOOG-PLAY-007385485 | | Email from P. Kochikar to S. Samat re Supercell - Ilka may reach out (09/23/2019) | Harrison, Donald; Kochikar, Purnima; Lockheimer, Hiroshi; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1846 | GOOG-PLAY-007386688 | | Email from D. Heredia to J. Braddi re Facebook Follow-up (04/02/2020) | Bankhead, Paul; Harrison, Donald; Gold, Jon; Kochikar, Purnima; Kolotouros, Jim; Li, Christopher; Gennai, Paul; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies.; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1847 | GOOG-PLAY-007387004 | | 7/28/2020 email from J. Rosenberg to J. Kolotouros | Jamie Rosenberg; Sameer Samat; Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1848 | GOOG-PLAY-007387880 | PX1401 Hiroshi Lockheimer | Document dated 5/19/2017 titled "Facebook" | Hiroshi Lockheimer, Sameer Samat, Jamie Rosenberg, Edward Cunningham, Paul Bankhead, Kirsten Rasanen | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1849 | GOOG-PLAY-007388790 | | Undated, untitled document about app installation | Hiroshi Lockheimer, Sameer Samat, Jamie Rosenberg, Purnima Kochikar, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1850 | GOOG-PLAY-007388991.R | | Presentation dated Q3/2017 titled "Play Policy Proposal: Payments" | Jamie Rosenberg, Mrinalini Loew, Paul Feng, Paul Gennai, Purnima Kochikar, Sameer Samat, Sarah Karam; Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP1851 | GOOG-PLAY-007412044 | | Presentation dated 9/2020 titled "Games 2025" | Lawrence Koh | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP1852 | GOOG-PLAY-007415045 | | Document titled "Project Hug – Developer Offering Feedback" (03/13/2019) | Koh, Lawrence Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1853 | GOOG-PLAY-007418045 | PX1417 Kirsten Rasanen | 10/17/2017 email from K. Rasanen to S. Samat | Jamie Rosenberg, Sameer Samat, Paul Feng; Kirsten Rasanen; Purnima Kochikar | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objective; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1854 | GOOG-PLAY-007423819 | | Email from Niko Schroer to C. Cramer re Alignment on Spotify counter proposal (10/09/2020) | Cramer, Christian Feng, Paul Harrison, Donald Kochikar, Purnima Lockheimer, Hiroshi Loew, Mrinalini Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 602)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1855 | GOOG-PLAY-007424171.R | PX 1541 | Slide deck titled, "Match - Next Steps" (10/01/2020) | Cramer, Christian Harrison, Donald Kochikar, Purnima Marchak, Michael Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objective; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1856 | GOOG-PLAY-007424789 | PX 1478; PX 1523 | Document titled, "Riot GVP Deal" (2/15/2020) | Cramer, Christian Harrison, Donald Kochikar, Purnima Koh, Lawrence Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1857 | GOOG-PLAY-007425111 | PX1428 Kirsten Rasanen | Document titled, "DRAFT: Internal Discussion Deck" (06/23/2017) | Hiroshi Lockheimer, Sameer Samat, Jamie Rosenberg, Paul Gennai, Purnima Kochikar, Kirsten Rasanen | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1858 | GOOG-PLAY-007465464 | | Document dated 1/2017 titled "Whats Happening with 9Apps" | Edward Cunningham, Paul Feng | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay, Rule 403—exhibit prejudicial, confusing the issues and/or misleading to the jury, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403). |
| TEMP1859 | GOOG-PLAY-007582256 | PX 0949; PX 0302 | Email from E. Chu to A. Rubin Re [Fwd: Re: 70-30 worldwide?] (06/07/2009) | Chu, Eric Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1860 | GOOG-PLAY-007587287 | | Email from P. Brady to D. Conway re Ericsson calls on carriers to out-app-store Google (11/05/2009) | Brady, Patrick Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1861 | GOOG-PLAY-007587989 | | Email from N. Shanbhag to D. Morrill re alternative Android app distribution sites (12/07/2009) | Barnas, Brandon Chu, Eric Harrison, Don Kleidermacher, Dave Kochikar Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Samat, Sameer Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Cond; Opinion testimony by Lay Witness (Fed. R. Evid. 701). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702. |
| TEMP1862 | GOOG-PLAY-007596241 | PX 0883 | Email from P. Brady to M. Morrissey re Things we need to improve in Market ASAP (09/28/2010) | Brady, Patrick Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1863 | GOOG-PLAY-007597451 | PX 0310 | Email from E. Chu to S. Jeffery Re IAP question (12/07/2010) | Chu, Eric | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1864 | GOOG-PLAY-007611604 | | Google Chat conversation (06/08/2020) | Barnas, Brandon Chu, Eric Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Cond; Opinion testimony by Lay Witness (Fed. R. Evid. 701). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702. |
| TEMP1865 | GOOG-PLAY-007617589 | PX 1572 | Google Play Revenue Recognition Policy July 2020 | Cramer, Christian; DiVento, Anthony | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1866 | GOOG-PLAY-007617844 | | Presentation dated 3/2021 titled "Smartphone Purchase Journey 2020" | Hiroshi Lockheimer, Christian Cramer; Purnima Kochikar; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1867 | GOOG-PLAY-007627688 | PX 0374 | Project Basecamp - Optionality (Impact) slide deck (04/26/2021) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1868 | GOOG-PLAY-007628059 | PX 0375; PX 0429, PX 0430; DX 1028 | Project Basecamp: Principles slide deck (05/06/2021) | Feng, Paul Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1869 | GOOG-PLAY-007651282 | DX1155 | Performance Overview Yoga - Down Dog by Yoga Buddhi Co. (4/26/2021) | Ben Simon | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403) |
| TEMP1870 | GOOG-PLAY-007660934 | | Email re Updates for Purnima - due today. | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1871 | GOOG-PLAY-007675476 | | Undated document titled "iOS & Android App Gap Research" | Sarah Karam, Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document Rule 106—exhibit is unfairly incomplete Rule 402—exhibit is not relevant | Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) Exhibit is properly complete (Rule 106) Exhibit is relevant (Rules 401, 402) |
| TEMP1872 | GOOG-PLAY-007740393 | PX1711 Mrinalini Loew | Undated presentation titled "Halla + User Trust" | Paul Feng, Mrinalini Loew | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1873 | GOOG-PLAY-007741780 | | Slide deck titled "Subscriptions/Play Pass Deep Dive Survey" (1/2021) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1874 | GOOG-PLAY-007743241.R | PX 1527 | Document titled, "BC: Play App Accelerator Program (Hug for Apps) (BC20-005) (02/19/2020) | Cramer, Christian Feng, Paul Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1875 | GOOG-PLAY-007750871 | | Email from A. Zueske to P. Feng re headcount numbers (09/21/2021) | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1876 | GOOG-PLAY-007761086 | PX 0449 | Presentation titled, "2022 Annual Plan" | Cramer, Christian; Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1877 | GOOG-PLAY-007763365 | | Slide deck titled, "Bandcamp" (08/25/2021) | Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1878 | GOOG-PLAY-007767398 | | Match Group x Google Program Update slide deck (10/27/2020) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1879 | GOOG-PLAY-007777655 | | Email re Privileged and Confidential: Match. | Kochikar, Purnima Sameer, Samat Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1880 | GOOG-PLAY-007800021 | | Email re Google Redlines to Match AVP Addendum (5/21). | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802) | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1881 | GOOG-PLAY-007814952 | PX 1390 | Slide deck titled, "2021 Annual Planning, Platforms & Ecosystems" (11/05/2020) | Lockheimer, Hiroshi Porat, Ruth Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1882 | GOOG-PLAY-007815234 | PX 1538 | Slide deck titled, "Project Basecamp - Brainstorm" (04/30/2022) | Cramer, Christian Feng, Paul Kochikar, Purnima Marchak, Michael Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1883 | GOOG-PLAY-007815527 | | Project Basecamp: Brainstorm slide deck (05/05/2021) | Feng, Paul Kochikar, Purnima Marchak, Michael Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1884 | GOOG-PLAY-007819062 | | Presentation dated 8/3/2021 titled "Project Everest- Update on Options" | Michael Marchak; Paul Feng; Purnima Kochikar; Sameer Samat; Christian Cramer | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902). Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1885 | GOOG-PLAY-007819776 | PX 0448 | Presentation titled, "Project Everest - Potential Evolutions - Working Document" | Cramer, Christian; Feng, Paul; Kochikar, Purnima; Marchak, Michael; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1886 | GOOG-PLAY-007830491 | | Presentation titled Q3, 2021 titled "Google Play Q3' 21 Onboarding" | Mrinalini Loew; Sameer Samat; Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1887 | GOOG-PLAY-007834831 | PX 1495 | Email from H. Gutierrez to D. Harrison et al re A Principled Way Forward on GB (06/28/2021) | Harrison, Don Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1888 | GOOG-PLAY-007840935 | | Presentation dated 8/8/2019 titled "Play Value Model" | Sameer Samat, Paul Feng, Sarah Karam, Purnima Kochikar, Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 403—wasting time and/or needlessly cumulative Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1889 | GOOG-PLAY-007861425 | PX 2890 | Slide deck titled, "ACP Value Attribution Methodology" | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1890 | GOOG-PLAY-007862151 | PX1576 Anthony DiVento | Presentation dated 4/8/2019 titled "Project Hug: Alphabet Accounting SteerCo Meeting" | Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1891 | GOOG-PLAY-007863307 | PX 1700 | Presentation titled, "Google Play Billing Policy for Carriers" | Cramer, Christian; Feng, Paul; Gold, Jon; Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1892 | GOOG-PLAY-007868187 | | Presentation entitled Deprecated Project Everest - Ramp up doc. | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1893 | GOOG-PLAY-007869492 | | Presentation dated 9/20/2021 titled "Project Everest- JZ Team Update" | Michael Marchak, Purnima Kochikar, Sameer Samat | Defense to Plaintiff's claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1894 | GOOG-PLAY-007873896 | | Google Chat conversation (05/26/2021) | Barras, Brandon; Feng, Paul; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Loew, Mrinalini; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1895 | GOOG-PLAY-007874518 | PX 0514 | Email from C.Schaengold to P.Feng re Confirming Payments Policy Applies to Web Apps (04/15/2021) | Feng, Paul; Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1896 | GOOG-PLAY-007876132 | | Spreadsheet entitled GPB Policy Holdout Tracker. | Marchak, Michael; Loew, Mrinalini; Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1897 | GOOG-PLAY-007878614 | PX 0541 | Document titled, "Halla Resourcing 1-Pager" (08/10/2021) | Cramer, Christian; Feng, Paul; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1898 | GOOG-PLAY-007878797 | | Presentation dated 7/2021 titled "Value of Google Play Billing" | Mike Marchak, Paul Feng | Defense to Plaintiff's claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 701—exhibit contains improper specialized opinion by lay witness, Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Not an opinion, or proper opinion evidence (Rule 701), Exhibit will be properly authenticated (Rule 901) |
| TEMP1899 | GOOG-PLAY-007879536 | | Slide deck titled, "Project Everest - XFN Team Summary" (10/18/2021) | Feng, Paul; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1900 | GOOG-PLAY-007879856 | | Google Play BizOps & Strategy Developer Study Q4 2021 slide deck (08/02/2021) | Cramer, Christian; Feng, Paul; Kochikar, Purnima; Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1901 | GOOG-PLAY-007906623 | | 5/29/2009 email from M. Womack to M. Reed | Patrick Brady; Hiroshi Lockheimer | Defense to Plaintiff's claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1902 | GOOG-PLAY-007932523 | PX 0826 | Email from J. Lee to A.Pimplapure re Samsung Raising Requiring All Apps to be Placed in the Home Screen (10/21/2016) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1903 | GOOG-PLAY-007944520 | PX 0833 | Smart Switch Switcher Summary slide deck (02/05/2016) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Relevance (Fed. R. Evid. 402)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP1904 | GOOG-PLAY-007981137 | | Google Chat conversation (03/18/2017) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1905 | GOOG-PLAY-008012798 | | Email from C. Li to H. Rivera re Meeting between Sundar and DJ (from Samsung) next Wednesday (08/30/2018) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar Purnima Koh, Lawrence Li, Jim Li, Christopher Lockheimer, Hiroshi Pichai, Sundar Samat, Sameer Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Cond; Opinion testimony by Lay Witness (Fed. R. Evid. 701). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contains all parts that in fairness ought to be considered at the same time; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702. |
| TEMP1906 | GOOG-PLAY-008125446 | PX 1053 | Email from C. Li to J. Lee re Post mortem on Samsung blockers (10/17/2019) | Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1907 | GOOG-PLAY-008142225 | PX 1526 | Email from D. Harrison to P. Kochikar re Magical Bridge TLDR (09/13/2019) | Harrison, Donald Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1908 | GOOG-PLAY-008146281.R | | 12/20/2018 email from J. Dischler to D. Harrison | Donald Harrison | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1909 | GOOG-PLAY-008146703 | PX1508 Donald Harrison | 10/13/2017 email from D. Harrison to P. Schindler | Donald Harrison; Kirsten Rasanen | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1910 | GOOG-PLAY-008165206 | | Spreadsheet re Tinder Play Value Analysis. | Barras, Brandon Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1911 | GOOG-PLAY-008165434 | | Undated webpage titled "Deceptive Behavior" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1912 | GOOG-PLAY-008165455 | | 8/15/2018 website post by E. Cunningham titled "Galaxy Apps InstallAgent API can lead to arbitrary APK installs" | Edward Cunningham, David Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1913 | GOOG-PLAY-008165967 | PX 0636 | Message from J.Kolotouros | Google Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1914 | GOOG-PLAY-008166885 | | Website titled, "Help protect against harmful apps with Google Play Protect" (07/22/2021) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP1915 | GOOG-PLAY-008216033 | PX 1411 | Email from J. Rosenberg to C. D'Silva re FB Prep  (05/02/2018) | Gennai, Paul Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1916 | GOOG-PLAY-008231357 | | 8/3/2014 email from A. Pimplapure to J. Kolotouros | Jim Kolotouros | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains inadmissible hearsay; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 402); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1917 | GOOG-PLAY-008389051 | PX0864 Patrick Brady | 6/12/2009 email from P. Brady to D. Conrad attaching a presentation titled "Android Strategy and Partnerships Overview" | Patrick Brady | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit contains inadmissible hearsay; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1918 | GOOG-PLAY-008389054 | | Presentation dated 6/2009 titled "Android Strategy and Partnerships Overview" | Patrick Brady | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 402—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant | Balance favors admissibility (Rules 401, 402); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402) |
| TEMP1919 | GOOG-PLAY-008471716 | PX 0863 | Email from B. Brady to C. Warner re [Pso-leads][Wirelessdir] Android Developments and Partner Inquiries (10/15/2008) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1920 | GOOG-PLAY-008471799 | | Undated presentation titled "Android: An Open mobile platform-Open the Phone/Open the Network" | Patrick Brady; Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 402—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant | Balance favors admissibility (Rules 401, 402); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402) |
| TEMP1921 | GOOG-PLAY-008580015 | PX 0878 | Email from J. Lagerling to M. Chu re Game Stop Partner Channel (03/08/2012) | Brady, Patrick Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; |
| TEMP1922 | GOOG-PLAY-008580718 | PX 0867 | Email from G. Mathur to P. Brady et al re [Issue 2596371] Scaling Android Market Reporting and Partner Launches (04/14/2010) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1923 | GOOG-PLAY-008670130 | | Email from S. Sayigh to P. Gennai re WIP BC deck (04/01/2019) | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1924 | GOOG-PLAY-008678916 | PX 1434; PX 0585 | Email from L. Zhang to K. Rasanen re High Level Google Play App Distribution Document (06/23/2017) | Gennai, Paul Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1925 | GOOG-PLAY-008694233 | PX 2867 | Presentation entitled Play Value Model LTV based approach. | Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1926 | GOOG-PLAY-008694289 | | Document dated 9/18/2020 titled "Notes from call with Peter Foster, Match GM" | Paul Feng, Purnima Kochikar, Michael Marchak | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Exhibit will be properly authenticated (Rule 901) |
| TEMP1927 | GOOG-PLAY-008694473 | PX1547 Purnima Kochikar | Document dated July 2020 titled "Executive Brief- P&E Executive Discussion with Facebook" | Purnima Kochikar, Paul Bankhead | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1928 | GOOG-PLAY-008694633 | | Document entitled Badoo Product Options. | Feng, Paul Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1929 | GOOG-PLAY-008694813 | PX 1545 | Email from M. McCurdy to C. Li et al re FB Pre-Installer Impacted by Android BD Outreach (03/02/2020) | Kochikar, Purnima Li, Christopher Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1930 | GOOG-PLAY-008698390 | PX 1616 Ruth Porat; PX2886 Douglas Skinner | Presentation dated 1/22/2021 titled "Alphabet Margin Trends 2018-2024" | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Porat, Ruth Rosenberg, Jamie Samat, Sameer Gennai, Paul | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1931 | GOOG-PLAY-008706724 | PX 1612 | Instant Messages from M. Herring to R. Porat (06/20/2019) | Porat, Ruth | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1932 | GOOG-PLAY-008707092 | PX 1611 | Email from R. Porat to M. Murphy re BC Deal Review: Agenda for Tuesday, April 9th at 4:00PM (4/17/2019) | Porat, Ruth | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1933 | GOOG-PLAY-008724189 | PX 2644 | Email from K. Miyake to J. Kolotouros re XDA-Developers Article and Reddit Discussion re: L3 (03/27/2018) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1934 | GOOG-PLAY-008727310 | PX 1101 | Email from M. Ankapura to J. Gold et al. re Product Improvements and Contribution to AOSP (01/24/2017) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1935 | GOOG-PLAY-008742415 | | Undated presentation titled "Policy Team 101" | Mrinalini Loew, Sebastian Porst | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 403—wasting time and/or needlessly cumulative Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) Exhibit is relevant (Rules 401, 402) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP1936 | GOOG-PLAY-009201648 | PX1525 - Purnima Kochikar | 1/27/2021 Email from P. Kochikar to A. Carpenter | Paul Feng, Purnima Kochikar, Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1937 | GOOG-PLAY-009203271 | PX0386 Danielle Stein | Presentation dated 12/2020 titled "Play Statement of Work" | Danielle Stein, Michael Marchak | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1938 | GOOG-PLAY-009206383 | | Slide deck titled, "Apps Velocity Program" (04/02/2020) | Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1939 | GOOG-PLAY-009206478 | | Document entitled Play Apps BD Snippets. | Marchak, Michael Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1940 | GOOG-PLAY-009209478 | PX 0450 | Email from C.Cramer to K.Reinke re Materials from 2017 Q2 BFR Review that was cancelled (07/08/2017) | Cramer, Christian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1941 | GOOG-PLAY-009209700 | | Email from C. Cramer to M. Kourakina R. Andreatta et al. Re Privileged and confidential - Play as MOR (09/26/2017) | Barras, Brandon Cramer, Christian Harrison, Don Kleidermacher, Dave Kochikar Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Samat, Sameer Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Opinion testimony by Lay Witness (Fed. R. Evid. 701), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Opinion, if any, is rationally based on the author's perception, is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP1942 | GOOG-PLAY-009210324 | | Email from C.Veer to M. Murphy A.Schwarzwald et al. Re BC Deal Review: Agenda for Wed, June 19 and Thur, Jun 20 (06/20/2019) | Cramer, Christian Genau, Paul Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1943 | GOOG-PLAY-009212349 | | Project Hug - Alphabet Accounting SteerCo Meeting slide deck (04/08/2019) | Barras, Brandon Cramer, Christian Harrison, Don Kleidermacher, Dave Kochikar Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Samat, Sameer Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1944 | GOOG-PLAY-009212734 | PX 0446 | Draft e-mail from C. Cramer to R. Porat | Cramer, Christian; Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1945 | GOOG-PLAY-009228369 | PX 1588 | Email re Some follow up stuff from today's meeting. | Feng, Paul<br>Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1946 | GOOG-PLAY-009230435 | | Email re Subscriptions PPS thoughts. | Feng, Paul<br>Gennai, Paul<br>Rasanen, Kirsten<br>Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1947 | GOOG-PLAY-009237495 | | Email re Dating app with 3rd payment. | Feng, Paul<br>Gennai, Paul<br>Barras, Brandon<br>Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1948 | GOOG-PLAY-009244293 | | Slide deck titled, "Project Magical Bridge - Steering Team Checkin" (6/27/2019) | Feng, Paul<br>Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1949 | GOOG-PLAY-009248287 | PX 0594 | Email from G. Hartrell to P. Gennai re Flagship Game Program (7/9/2018) | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1950 | GOOG-PLAY-009252404 | | Document entitled Play Subscriptions V2 Proposal. | Gennai, Paul<br>Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1951 | GOOG-PLAY-009257444 | PX 0601 | Email from T. Wang to P. Gennai re [UPDATED] Oneplus Fortnite partnerships on coming Oneplus 8 TSM/VZW SKUs (03/27/2020) | Gennai, Paul<br>Gold, Jon<br>Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1952 | GOOG-PLAY-009259637 | PX0597 Paul Gennai; PX1103 Jon Gold | Email from P. Gennai to J. Gold re Some Play Projects (2/28/2019) | Paul Gennai, Jon Gold | Defendant: Defense to Plaintiffs' claims<br><br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 602—exhibit contains statements not based on declarant's personal knowledge<br><br>Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br><br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies, Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1953 | GOOG-PLAY-009264935 | PX1398 Hiroshi Lockheimer | 4/2017 email from P. Gennai to K. Rasanen | Paul Gennai, Kirsten Rasanen, Hiroshi Lockheimer, Sameer Samat | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation  Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902),  Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1954 | GOOG-PLAY-009284111 | PX 0595 | Email from M. Gohil to P. Gennai re Q4 BoD updates (12/12/2018) | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Opinion testimony by Lay Witness (Fed. R. Evid. 701). | Contains all parts that in fairness ought to be considered at the same time; Exhibit does not contain hearsay and/or a hearsay exception applies; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702. |
| TEMP1955 | GOOG-PLAY-009285060 | | 2/22/2019 email from S. Sayigh to P. Gennai | Paul Gennai | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation  Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902),  Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1956 | GOOG-PLAY-009285085 | PX 1452 | Email from S. Sayigh to M. Oh et al re Review Deck for Ads Exec Mtg. (02/27/2019) | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1957 | GOOG-PLAY-009295192 | PX 0584 | Presentation titled, "Alley-Oop Proposal" (10/19/2015) | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1958 | GOOG-PLAY-009295801 | PX0879 Patrick Brady | Undated presentation titled "CTS and GMS Overview" | Patrick Brady, Paul Gennai | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge  Rule 802—exhibit contains inadmissible hearsay  Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Plaintiffs: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)  Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1959 | GOOG-PLAY-009296934 | | Email from P. Gennai to R. Lipscomb S. Ahmed et al. Re Valve updates business model (12/13/2018) | Gennai, Paul Kochikar, Purnima Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1960 | GOOG-PLAY-009331675 | PX 0830 | BC Samsung Renewal & OEM & Carrier Search Revenue Share Deals slide deck (11/23/2015) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP1961 | GOOG-PLAY-009436863 | PX 1060 | Email from C. Li to Kona OEM Business re Android OEM Revenue Share 3.0 (05/28/2020) | Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1962 | GOOG-PLAY-009436873 | PX 1069 | Email from C. Li to E. Chang re Android OEM Revenue Share 3.0 (05/28/2020) | Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1963 | GOOG-PLAY-009505007 | | 4/21/2008 email from N. Sears to N. Stanbhag | Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP1964 | GOOG-PLAY-009505109 | PX1408 Hiroshi Lockheimer | 4/24/2008 email from H. Lockheimer to N. Sears | Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1965 | GOOG-PLAY-009507553 | | 5/11/2009 email from D. Morrill to NO_TO_PROPERTY_FOUND | Hiroshi Lockheimer, Patrick Brady | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP1966 | GOOG-PLAY-009570801 | PX 1424 | Email from J. Rosenberg to K. Rasanen re Facebook/Alley-oop Update (10/14/2016) | Rosenberg, Jamie Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1967 | GOOG-PLAY-009574551 | PX 1444 | Email from K. Rasanen to J. Rosenberg re Policy Update / BD Perspective Alignment (09/18/2017) | Rosenberg, Jamie Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1968 | GOOG-PLAY-009579485.R | PX 1549 | Email from P. Kochikar to S. Lee re Next Steps + A Question (06/10/2020) | Kochikar, Purnima Kolotouros, Jim Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1969 | GOOG-PLAY-009613952 | PX 0844 | Email from A.Pimplapure to P.Arandel re GSB Waivers for Carriers (04/18/2017) | Kolotouros, Jim Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1970 | GOOG-PLAY-009642201 | PX 2652 | Email from K. Miyake to Damion Herdia re Press Recap: Huawei P40 Series (03/30/2020) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1971 | GOOG-PLAY-009650341 | PX 1114 | Email from J. Gold to B. Ng (7/15/2014) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP1972 | GOOG-PLAY-009658921 | | 9/9/2008 email from N. Sears to massa@google.com | Patrick Brady | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contain statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), |
| TEMP1973 | GOOG-PLAY-009674977 | PX 0866 | Email from P. Brady to G. Mathur re Carrier billing - what to do? (04/01/2010) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1974 | GOOG-PLAY-009691803 | | Document dated 6/1/2011 titled "Google Business Development Product- Deal Executive Summary" (LG U+) | Google agreement (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury 1002, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403) |
| TEMP1975 | GOOG-PLAY-009734625 | PX 1420 | Email from K. Rasanen to E. Bar-Yehuda re (Alley-oop) Redline from Facebook (08/19/2016) | Bankhead, Paul Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1976 | GOOG-PLAY-009734977 | PX 1422 | Email from K. Rasanen to E. Bar-Yehuda re FB - Experimental Period Proposal (09/16/2016) | Bankhead, Paul Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1977 | GOOG-PLAY-009794799 | PX 0921 | Email from P.Bankhead to D.Heredia re Prep for Hiroshi + Facebook RSA Installer Permissions Meetings (08/10/2020) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1978 | GOOG-PLAY-009794969 | PX 0912 | Paul Staff Meeting Notes (11/11/2020) | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403) | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1979 | GOOG-PLAY-009903332 | PX 2741 | Slide deck titled, "Project Everest - Optionsfor Evolving Play's Business Model" | Cramer, Christian Feng, Paul Kochikar, Purnima Marchak, Michael Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1980 | GOOG-PLAY-009903470 | | 2/12/2019 email from P. Gennai to W. Logan | Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP1981 | GOOG-PLAY-009909125 | | Google Play - Psizsh ptiy PLAY-009909125xJuel Ma MaPgPnApgarhi PARTPahocIG ;ligh ghn (04/17/2019) | Feng, Paul Gold, Jon Kochikar, Purnima Lim, Tian Loew, Meinalim Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1982 | GOOG-PLAY-009909795 | | Google Chat conversation (09/29/2017) | Barras, Brandon Cunningham, Edward Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Koletoutos, Jim Lockheimer, Hiroshi Pichai, Sundar Porst, Sebastian Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1983 | GOOG-PLAY-009909991 | PX 1169 | Email from S.Porst to J.Tarrio et al. re AAAA-accfY (08/09/2018) | Cunningham, Edward Porst, Sebastian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1984 | GOOG-PLAY-009910540 | | Google Chat conversation (08/15/2020) | Bankhead, Paul Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1985 | GOOG-PLAY-009911010 | PX 0810 | Email from H.Lockheimer to S.Samat re Netflix (08/02/2017) | Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP1986 | GOOG-PLAY-009911168 | | Google Chat conversation (06/18/2020) | Barras, Brandon Glick, Kobi Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1987 | GOOG-PLAY-009917004 | PX1058 Christopher Li | Undated presentation titled "Android Overview" | Sameer Samat, Hiroshi Lockheimer, Jim Kolotouros, Paul Gennai, Dave Kleidermacher, Christian Cramer | Defendants: Defense to Plaintiffs' claims

Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Rule 602—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Foundation

Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902),

Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1988 | GOOG-PLAY-009919077 | | Google Chat conversation (05/18/2020) | Barras, Brandon Glick, Kobi Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1989 | GOOG-PLAY-009919155 | | Google Chat conversation (06/05/2020) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP1990 | GOOG-PLAY-009935248 | PX 0768 | Messages between E.Liderman to D.Kleidermacher (09/25/2020) | Kleidermacher, Dave | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and a hearsay exception applies. |
| TEMP1991 | GOOG-PLAY-009981259 | | Document dated 12/15/2020 titled "Cross-Platform- Industry Trends Research" | Michael Marchak; Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP1992 | GOOG-PLAY-009983740 | | Presentation dated 7/2018 titled "Lion Force Strategy" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), |
| TEMP1993 | GOOG-PLAY-009991886 | | Presentation dated 4/2018 titled "Getting Netflix on GPB: term options" | Jamie Rosenberg; Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP1994 | GOOG-PLAY-009992736 | | Google Chat conversation (12/09/2020) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; |
| TEMP1995 | GOOG-PLAY-010019745 | PX1715 Miralini Loew; PX1722 Miralini Loew | 3/30/2018 email from D. Stein to M. Loew | Miralini Loew | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 402—exhibit is not relevant | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) Exhibit is relevant (Rules 401, 402) |
| TEMP1996 | GOOG-PLAY-010028199 | | Google Chat conversation (11/27/2018) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Loew, Miralini; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; |
| TEMP1997 | GOOG-PLAY-010066396 | PX 1705 | Email from M. Loew to D. Singh et al re Need Your Help with Play Digital Innovation Fund (07/08/2020) | Loew, Miralini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP1998 | GOOG-PLAY-010072530 | | Undated presentation titled "Google Play Billing Partner Benefits" | Miralini Loew; Purnima Kochikar; Paul Feng | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 106—exhibit is unfairly incomplete Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is properly complete (Rule 106) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP1999 | GOOG-PLAY-010153329 | PX 0876 | Email from P. Brady to A. Rubin and T. Moss re Arrange Google/Lenovo meeting (05/27/2010) | Brady, Patrick; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2000 | GOOG-PLAY-010165546 | PX 0868 | Scaling Android Market Billing/Reporting and Partner Launches (04/06/2010) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2001 | GOOG-PLAY-010369167 | | Email re Slides for GPB status. | Kochikar, Purnima; Karam, Sarah; Harrison, Don | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2002 | GOOG-PLAY-010448936 | | Establish "Basic Quality Criteria" for MADA Apps slide deck (01/10/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2003 | GOOG-PLAY-010510806 | | Google Chat conversation (01/21/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Relevance (Fed. R. Evid. 402). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2004 | GOOG-PLAY-010510810 | | Google Chat conversation (02/02/2021) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lochheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2005 | GOOG-PLAY-010510815 | | Google Chat conversation (02/09/2021) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lochheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2006 | GOOG-PLAY-010547019 | PX 2630 | Slide deck titled, "Project Magical Bridge" (06/01/2019) | Kochikar, Purnima Marchak, Michael Gemai, Paul Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2007 | GOOG-PLAY-010547115 | | Document dated 1/24 titled "Android/Play/Facebook Partnership Updates" | Kirsten Rasanen, Sarah Karam, Jamie Rosenberg, Purnima Kochikar, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP2008 | GOOG-PLAY-010578561 | | Meeting notes - meeting with Mark Zuckerberg and Sundar Pichai | Lochheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2009 | GOOG-PLAY-010653718 | | Presentation titled "Play Content Abuse: Strategy, plans, and progress to date Android/Play App Safety Product Review | Q2'2019" | Kleidermacher, David; Porst, Sebastian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2010 | GOOG-PLAY-010659980 | | Undated website titled "Developer Policy Center- Families Ads Program" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lochheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901) |
| TEMP2011 | GOOG-PLAY-010660997 | | Undated website titled "Developer Policy Center" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lochheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901) |
| TEMP2012 | GOOG-PLAY-010801682 | PX 2885; DX 1027 | Google Play P&Ls for 2021 | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lochheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; S | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2013 | GOOG-PLAY-010820987 | | Document dated Q3 2017 titled "Device Models with Pre-Installed PHA: GPP investigation" | Edward Cunningham, Sebastian Porst, David Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), Exhibit will be properly authenticated (Rule 901), |
| TEMP2014 | GOOG-PLAY-010825555 | | Google Play Store payments policy | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lochheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer Simon, Ben | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2015 | GOOG-PLAY-010825555 | | Developer Program Policy (1/17/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Mattson, Justin; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer; Simon, Ben | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2016 | GOOG-PLAY-010847483 | PX 2903 | Slide deck titled, "Smartphone Purchase Journey 2018" | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2017 | GOOG-PLAY-010847528 | | Undated spreadsheet with Google app data | Paul Gennai, Purnima Kochikar, Paul Feng, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) |
| TEMP2018 | GOOG-PLAY-010849896 | PX 1524 | Slide deck titled, "Games Velocity Program" (06/01/2021) | Kochikar, Purnima; Marchak, Michael; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Cond; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP2019 | GOOG-PLAY-010852923 | | Document titled, "Facebook App Installs" | Gennai, Paul; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2020 | GOOG-PLAY-010939023 | PX 1094 | Email from J.Gold to J.Jow et al. re Android Search Widget Placement Analysis (07/19/2010) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP2021 | GOOG-PLAY-010942015 | | Email from R. Toksairin to C. Bejram J.Gold et al. Re Product improvements and contribution to AOSP (05/11/2017) | Barras, Brandon; Gold, Jon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2022 | GOOG-PLAY-010951235 | | Email from D. Malhotra to Y. Richardson J. Gold Re [Updated] Oneplus Fortnite partnerships on coming Oneplus 8 TMO / VZW SKUs (03/28/2020) | Barras, Brandon; Gold, Jon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2023 | GOOG-PLAY-010973149 | | Document titled Google / Match Group AVP Ongoing Notes Doc [Internal] | Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802) Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2024 | GOOG-PLAY-010993522 | | Email re Fwd: Tinder / Match -- Missing Payments [ ref:_00D1U10kvL._5001U8Jred:ref ]. | Kochikar, Purnima; Barras, Brandon; Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2025 | GOOG-PLAY-011010909 | PX 1154 | Email from D. Kleidermacher to J. Wolosz and A. Ludwig re OEM/carrier pre-loads w install_apps permission (10/11/2017) | Kleidermacher, David; Porst, Sebastian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2026 | GOOG-PLAY-011023692 | | Presentation dated 12/2021 titled "Play Developer Benefits: Progress update + Insights" | Michael Marchak; Sameer Samat; Hiroshi Lockheimer; Purnima Kochikar; Mrinalini Loew | Defense to Plaintiff's claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 403, 401, 403), Exhibit will be properly authenticated (Rule 901) |
| TEMP2027 | GOOG-PLAY-011040997 | DX0891 Sharmistha Dubey | Undated Google website titled "Payments" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Mrinalini Loew, Paul Feng | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2028 | GOOG-PLAY-011047531 | | Undated website titled "Developer Policy Center- Ads" | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2029 | GOOG-PLAY-011049516 | PX 1470 | Email from S. Ahmed to R. Porat re Finance Briefing for Epic Decal @ BC Today (3:30pm) (07/19/2018) | Cramer, Christian Porat, Ruth | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2030 | GOOG-PLAY-011052188 | | Email from K. Rasanen to J. Rosenberg A. Kokin et al. Re ADAP for ru.yandex.music (05/19/2018) | Gennai, Paul Rasanen, Kristen Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2031 | GOOG-PLAY-011057832 | | Android Commercial Agreements Exec Discussion slide deck (10/2020) | Barras, Brandon; Cramer, Christian; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2032 | GOOG-PLAY-011059963 | PX 1387 | Email from H. Lockheimer to D. Harrison re Mini-Leads re GAS (04/16/2020) | Harrison, Donald Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2033 | GOOG-PLAY-011064311 | | Email from M. Marchak to B. Woodward re Facebook App Sotre (and other imminent Third party store issues) (05/10/2012) | Marchak, Michael Ostrowski, Tristan Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2034 | GOOG-PLAY-011073416 | PX1155 Sebastian Porst | Presentation dated 3/24/2020 titled "App stores in Android 12" | Hiroshi Lockheimer, Sameer Samat, Paul Feng, Purnima Kochikar, Jamie Rosenberg, Christian Cramer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2035 | GOOG-PLAY-011073526 | PX 2698; PX 2921 | Slide deck titled, "Project Everest - Options for Evolving Play's Business Model" | Cramer, Christian Feng, Paul Marchak, Michael Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2036 | GOOG-PLAY-011086247 | PX 1062 | Presentation titled, "Samsung Update" (07/24/2019) | Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP2037 | GOOG-PLAY-011099998 | PX 1110 | Email from J.Kolotouros to A.Goswami et al; re Sony X1 (07/20/2019) | Gold, Jon Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2038 | GOOG-PLAY-011111808 | | Google Play Project Banyan slide deck (1/2019) | Barras, Brandon Harrison, Don Gennai, Paul Kleidermacher, Dave Kochkar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Cond; Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP2039 | GOOG-PLAY-011116053 | DXCH 0072 | Presentation titled, "Project Runway - Developing a Broader Plan - Play Senior Exec Discussion" | Cramer, Christian; Harrison, Donald; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 401),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2040 | GOOG-PLAY-011117755 | PX 2737 | Document titled, "Meeting Information, Partner: Facebook" | Gennai, Paul Harrison, Donald Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2041 | GOOG-PLAY-011119640 | PX 1766 | Slide deck titled, "Android Consideration: Likely Purchasers and Recent Purchasers" | Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2042 | GOOG-PLAY-011122145 | | Presentation dated 4/6/2018 titled "Alloy Oop: ASAP ALLEYOOP Insant Dialog Download" | David Kleidermacher, Jamie Rosenberg, Paul Bankhead | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2043 | GOOG-PLAY-011122914 | | Slide deck titled "2021 Annual Plan - Finance Fact Pack Platforms & Ecosystems" | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2044 | GOOG-PLAY-011124224 | PX 2059 | E-mail from S. Kim to T. Taylor (3/16/2022) | Alzetta, Sandra Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2045 | GOOG-PLAY-011124657 | PX 1530 | Document titled, "BC: Spotify Ltd. (BC22-006)" (02/17/2022) | Feng, Paul Kochkar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2046 | GOOG-PLAY-011124740 | PX 1531 | Slide deck titled, "Spotify Better Together + Success Fund Pilot Program" (03/10/2022) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2047 | GOOG-PLAY-011126651 | | Email from P. Kochikar to A. Carpenter re Re: Privileged and Confidential - Policy (08/13/2020) | Kochikar, Purnima Koh, Lawrence Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; depending on the purpose for which plaintiffs seek to object to this exhibit at trial | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2048 | GOOG-PLAY-011127613 | PX 1765 | Slide deck titled, "The Play + Friends All Hands Will Be Starting Soon..." | Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2049 | GOOG-PLAY-011128192 | PX 1768 | Slide deck titled, "Android Brand Health" (09/08/2020) | Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2050 | GOOG-PLAY-011133847 | PX1185 Edward Cunningham | 8/8/2018 email from E. Cunningham to S. Samat | Hiroshi Lockheimer, Sameer Samat, Dave Kleidermacher, Jamie Rosenberg, Edward Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 403—wasting time and/or needlessly cumulative Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) |
| TEMP2051 | GOOG-PLAY-011136256 | | Slide deck titled "Android Strategy and Partnerships Overview" (6/2009) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2052 | GOOG-PLAY-011137603 | PX 1440 | Email from K. Rasanen to J. Rosenberg et al re GPB Grandfathering Discussions Update (02/07/2018) | Feng, Paul Rasanen, Kristen Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2053 | GOOG-PLAY-011138673 | | Email re Privileged - Match call notes. | Marchak, Michael Feng, Paul Kochikar, Purnima Barras, Brandon Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2054 | GOOG-PLAY-011148181 | PX 1431 | Email from J. Chung to J. Rosenberg and S. Samat re Alley-oop deal with Kakao ready for your approval (executive summary & redline)(03/20/2017) | Bankhead, Paul Gennai, Paul Kochikar, Purnima Rasanen, Kristen Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2055 | GOOG-PLAY-011148181 | PX1431 Kirsten Rasanen | 3/20/2017 email from J. Chung to J. Rosenberg, S. Samat | Jamie Rosenberg; Paul Gennai; Sameer Samat; Paul Bankhead; Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2056 | GOOG-PLAY-011148536 | PX 1389 | Email from S. Samat to H. Lockheimer re In the WTF Department... (01/25/2020) | Lockheimer, Hiroshi Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2057 | GOOG-PLAY-011148536 | PX1389 Hiroshi Lockheimer | 1/25/2020 email from S. Samat to H. Lockheimer | Hiroshi Lockheimer, Sameer Samat, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) |
| TEMP2058 | GOOG-PLAY-011154001 | PX 1441 | Email from T. Sriskandarajah to T. Lim et al re (Meeting Notes & Als) Subscriptions PPS (2/28) (03/01/2018) | Bankhead, Paul Feng, Paul Gennai, Paul Loew, Mrinalini Rasanen, Kristen Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2059 | GOOG-PLAY-011156385 | | 4/30/2020 email from L. Koh to P. Kochikar | Purnima Kochikar; Lawrence Koh; | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 602—exhibit contains statements not based on declarant's personal knowledge | Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2060 | GOOG-PLAY-011161171 | | 11/7/2016 email from P. Feng to S. Samat | Sameer Samat, Jamie Rosenberg, Paul Feng | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 602-exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2061 | GOOG-PLAY-011165999 | | Presentation entitled Match Group - Google Play: Apps Product Summit (February 4, 2016). | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2062 | GOOG-PLAY-011166142 | | Document entitled Match QBR. | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2063 | GOOG-PLAY-011167119 | | Document entitled Google Play Dating Developer Accelerator Program | Go-To-Market Proposal. | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2064 | GOOG-PLAY-011167257 | | Document entitled BB Calibration 2017. | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2065 | GOOG-PLAY-011170240 | | Document titled, "Match Group | Play - GPB Briefing Doc (Oct 2017) - @bbarras (10/2017) | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2066 | GOOG-PLAY-011170240 | | Document dated 10/2017 titled "Match Group/Play- GPB Briefing Doc" | Brandon Barras | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Balance favors admissibility (Rules 401, 403) |
| TEMP2067 | GOOG-PLAY-011170313 | | Presentation entitled Play Subscriptions Business Review September 2017 (Oct. 26, 2017). | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2068 | GOOG-PLAY-011175718 | | 12/19/2019 email from B. Barras to A. Maurieta | Brandon Barras | Proof of Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403) |
| TEMP2069 | GOOG-PLAY-011175721.R | | Attachment to 12/19/2019 email from B. Barras to A. Maurieta showing Tinder screenshot | Brandon Barras | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Foundation; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Balance favors admissibility (Rules 401, 403) |
| TEMP2070 | GOOG-PLAY-011176969 | | Email re RE: [TINDER] Google Play Outage Investigation. | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2071 | GOOG-PLAY-011178033 | | Email re Meetic German app Neu rejection. | Barras, Brandon Foster, Peter | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2072 | GOOG-PLAY-011179286 | | Email re Match | Next Steps. | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2073 | GOOG-PLAY-011183850 | | Email from D. Stein to D. Martinak re: Re: FYI - Match (07/09/2021) | Barras, Brandon Stein, Danielle | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2074 | GOOG-PLAY-011184150 | | Email re [Time sensitive] Isolating the dating category & matrimony categories. | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2075 | GOOG-PLAY-011184716 | | 8/23/2021 email from F. Hu to B. Barras | Brandon Barras | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2076 | GOOG-PLAY-011192347 | PX 2709 | Email from B.Barras to D. Auyeung et al re [TINDER] Google Play Store Subscriptions Getting System Canceled (06/16/2021) | Barras, Brandon Garcia Rios, Diana Stein, Danielle | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2077 | GOOG-PLAY-011194830 | PX2705 Diana Rios | 11/17/2021 email from G. Galyan to A. Shoemaker | Diana Rios | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106) |
| TEMP2078 | GOOG-PLAY-011199374 | | Email re Re: [TINDER] Google Play Outage Investigation. | Barras, Brandon Garcia Rios, Diana | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2079 | GOOG-PLAY-011201872 | | Presentation dated 10/2020 titled "How developers perceive Androids & Google Play brands?" | Purnima Kochikar; Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 402—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 701—exhibit contains improper specialized opinion by lay witness Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not an opinion, or proper opinion evidence (Rule 701) Exhibit will be properly authenticated (Rule 901) |
| TEMP2080 | GOOG-PLAY-011202114 | | Email re Heads up for this notice to Tinder. | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2081 | GOOG-PLAY-011204697 | PX 1507 | E-mail from D. Harrison to Gary Swidler (4/29/2022) | Harrison, Don Karam, Sarah Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2082 | GOOG-PLAY-011211445 | PX 2636 | Email re Random thoughts on match | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2083 | GOOG-PLAY-011216943 | PX 1354 | Email from T.Shaukat to P.Kochikar re Confidential - Bumble Update and Requests (05/02/2022) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2084 | GOOG-PLAY-011219757 | PX2706 Diana Garcia Rios | Document dated 2/1/2022 titled "Feedback Session #1" | Sameer Samat, Brandon Barras; Sarah Karam | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay exception applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 402) Exhibit will be properly authenticated (Rule 901) |
| TEMP2085 | GOOG-PLAY-011220540 | | Slide deck titled "Coffee Cards in Store" (04/01/2022) | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2086 | GOOG-PLAY-011220642 | PX 2685 | Email from S. Dubey to S. Samat re Quick Call (05/02/2022) | Dubey, Shar Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2087 | GOOG-PLAY-011223558 | PX 1983 | E-mail from D. Stein to K. Shen copying S. Karam on "agitators" following Tinder (5/29/2019) | Karam, Sarah Stein, Danielle | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2088 | GOOG-PLAY-011223816 | | Email re Value Exchange: Play/Google <-> Tinder/Match Group. | Karam, Sarah Marchak, Michael Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2089 | GOOG-PLAY-011224461 | | Email re Questions about Tinder. | Karam, Sarah Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2090 | GOOG-PLAY-011224810 | PX1985 Sarah Karam | E-mail from S. Karam to K. Shen discussing subscription apps that could leave GPB (7/23/2019) | Sarah Karam | Defendants: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2091 | GOOG-PLAY-011224866 | PX 1986 | Email from S. Karam to G. Charusadhittikul copying B. Barras and D. Stein regarding Tinder bypass of GPB (7/25/2019) | Barras, Brandon Karam, Sarah Stein, Danielle | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2092 | GOOG-PLAY-011225515 | PX 1987 | Email from S. Tolomei copying S. Karam regarding take downs and Tinder not using GPB (8/19/2019) | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2093 | GOOG-PLAY-011226098 | PX 1988 | E-mail from S. Karam to P. Feng copying D. Stein among others discussion Magical Bridge (9/6/2019) | Karam, Sarah Feng, Paul Stein, Danielle | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2094 | GOOG-PLAY-011226100 | PX 1989 | E-mail from S. Karam to B. Bouchard on list of strategic partners/policy violators (9/6/2019) | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2095 | GOOG-PLAY-011226191 | | Email re Re: For our accelerator discussion in morning. | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of undue prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2096 | GOOG-PLAY-011235269 | | Presentation dated 2021 titled "App Quality Gap: 2. Early learnings & initiative update" | Sarah Karam; Purnima Kochikar; Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2097 | GOOG-PLAY-011260713 | | Undated presentation titled "Changing The Mobile Industry one phone at a time" | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the exhibit | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP2098 | GOOG-PLAY-011268914 | | Document entitled Match | Google - AVP Topic Review. | Barras, Brandon Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2099 | GOOG-PLAY-011268954 | | Email re Play subscriptions ask. | Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2100 | GOOG-PLAY-011269809 | | Video titled "Play & Friends All Hands" (Samat moneybag video) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2101 | GOOG-PLAY-011270137 | PX 2686 | Email from S. Samat to S. Dubey re Following Up  (03/31/2022) | Dubey, Shar; Harrison, Donald; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2102 | GOOG-PLAY-011271382 | PX1579 Anthony DiVento | Document titled: "Google Play Points Accounting" (12/23/2021) | Sameer Samat; Hiroshi Lockheimer; Purnima Kochikar, Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Koh, Lawrence; Kolotouros, Jim; Pichai, Sundar; Rosenberg, Jamie | Defendant: Defense to Plaintiffs' claims; Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendants: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Balance favors admissibility (Rules 401, 403) Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2103 | GOOG-PLAY-011271413 | PX 1577 | Document titled, "Alphabet" (08/18/2021) | Barras, Brandon; DiVento, Anthony; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2104 | GOOG-PLAY-011271445 | PX 1571 | Google Play Revenue Recognition Policy effective Dec. 2017 | DiVento, Anthony | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2105 | GOOG-PLAY-011274244 | DX1110 Steven Schwartz | Undated document titled "Tinder Play Value Estimate" | Michael Marchak; Purnima Kochikar; Brandon Barras | Plaintiff: Defense to Plaintiffs' claims; Plaintiff: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2106 | GOOG-PLAY-011274254 | | Document entitled Google Play Billing Policy Change - Internal Briefing. | Lockheimer, Hiroshi; Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2107 | GOOG-PLAY-011274264 | | Undated Document titled "Approved talking points" | Paul Feng, Sarah Karam, Purnima Kochikar | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2108 | GOOG-PLAY-011277433 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2109 | GOOG-PLAY-011277454 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2110 | GOOG-PLAY-011298096 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2111 | GOOG-PLAY-011298121 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2112 | GOOG-PLAY-011304091 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2113 | GOOG-PLAY-011304098 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2114 | GOOG-PLAY-011304152 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2115 | GOOG-PLAY-011304170 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2116 | GOOG-PLAY-011308148 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is properly authenticated (Rule 901), |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2117 | GOOG-PLAY-011308149 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2118 | GOOG-PLAY-011351143 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2119 | GOOG-PLAY-011351151 | | Undated spreadsheet with Match app review data | Google data (TBD) | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative, Rule 404—exhibit appears to contain improper character evidence, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Exhibit is properly complete (Rule 106), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not improper character evidence (Rule 404) and/or exception applies (Rules 607, 608, 609), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2120 | GOOG-PLAY-011354639 | | 7/29/2016 email from T. Cole to B. Kim | Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation, Rule 403—wasting time and/or needlessly cumulative | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be properly authenticated (Rule 901), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP2121 | GOOG-PLAY-011354641 | | 10/26/2018 email from J. Rosenberg to B. Kim | Purnima Kochikar, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation, Rule 403—wasting time and/or needlessly cumulative | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP2122 | GOOG-PLAY-011354642 | | 5/3/2019 email from P. Kochikar to B. Kim | Purnima Kochikar, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation, Rule 403—wasting time and/or needlessly cumulative | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP2123 | GOOG-PLAY-011360865 | | Presentation entitled Next Steps for Match Group (Nov 17, 2021). | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2124 | GOOG-PLAY-011363671 | | Email from G. Galyon to D. Harrison re A/C Privileged & Confidential: Match update (01/13/2022) | Harrison, Donald Karam, Sarah Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2125 | GOOG-PLAY-011371047 | | Presentation dated 6/29/2021 titled "How Google Play can help Android Retention efforts: Proposal with Resource Requests" | Purnima Kochikar, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay   Rule 602—exhibit contains statements not based on declarant's personal knowledge   Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)   Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2126 | GOOG-PLAY-011371819 | PX 2687 | Email from S. Samat to D. Harrison et al re Following Up (03/24/2022) | Harrison, Donald Karam, Sarah Kochikar, Purnima Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2127 | GOOG-PLAY-011372273 | PX 2906 | Slide deck titled, "App stores in Android 12 - 24 March 2020 review" | Cramer, Christian Feng, Paul Kochikar, Purnima Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2128 | GOOG-PLAY-011379961 | PX 1982 | E-mail from S. Karam to K. Nakata, copying several Google witnesses regarding Tinder policy violation (5/15/2019) | Karam, Sarah Kochikar, Purnima Feng, Paul Loew, Mrunlani Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2129 | GOOG-PLAY-011380020 | | Email re Plan for Tinder. | Karam, Sarah Barras, Brandon Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2130 | GOOG-PLAY-011382390 | | Email re Time for a call today re a client concern. | Barras, Brandon Karam, Sarah Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2131 | GOOG-PLAY-011383656 | PX 1498 | Email from D. Stein to D. Harrison et al re (PRIVILEGED & CONFIDENTIAL): Alignment on Spotify Counter Proposal (11/04/2020) | Harrison, Donald Karam, Sarah Lockheiner, Hiroshi Kochikar, Purnima Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2132 | GOOG-PLAY-011386721 | PX 1551 | Slide deck titled, "User Choice Billing Pilot" (04/01/2022) | Feng, Paul Karam, Sarah Kochikar, Purnima Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2133 | GOOG-PLAY-011390222 | | Presentation entitled Dating Apps: Google Play "Category Deep Dive" series, by B. Barras (2017). | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2134 | GOOG-PLAY-011437246 | PX 2710 | Slide deck titled, "Play Billing Policy Compliance Program Report" (03/11/2022) | Feng, Paul Garcia Rico, Diana | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2135 | GOOG-PLAY-011438488 | PX 1984 | Tinder/Match Exec Meeting Prep deck July 2019 | Garcia Rico, Diana Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2136 | GOOG-PLAY-011450558.C | | Document entitled Sun Valley Conference Preparation, July 2022. | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2137 | GOOG-PLAY-011450783 | | Presentation dated 7/27/2020 titled "Match Group: Apps Velocity Program Recap" | Sarah Karam; Brandon Barras | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2138 | GOOG-PLAY-011450836 | DX846 Peter Foster | Presentation dated 12/2020 titled "Match Group x Google Program Update" | Brandon Barras, Sarah Karam | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant; Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901). |
| TEMP2139 | GOOG-PLAY-011453909 | PX 1995 | Internal Working Doc – Match Excel | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2140 | GOOG-PLAY-011455351 | PX 2708 | Document entitled Partner DevRel: Tinder/Match Meeting Notes. | Karam, Sarah Barras, Brandon Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2141 | GOOG-PLAY-011456496 | | Document titled, "Match Group / AVP Meeting" (06/10/2021) | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2142 | GOOG-PLAY-011456519 | | Document titled, "Google / Match Group AVP Ongoing Notes Doc [Internal]" (08/05/2020) | Garcia Rios, Diana Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2143 | GOOG-PLAY-011456562 | | Document dated 1/10/2022 titled "Match Group Integration Status: Executive summary" | Sarah Karam, Purnima Kochikar; Brandon Barras, Paul Feng | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2144 | GOOG-PLAY-011457037 | | Email re Match/Tinder. | Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2145 | GOOG-PLAY-011457041 | | Document dated 8/18/2021 titled "Case 0-1108000031826 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403) |
| TEMP2146 | GOOG-PLAY-011457043 | | Document dated 8/17/2021 titled "Case 0-1771000031621 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403) |
| TEMP2147 | GOOG-PLAY-011457046 | | Document dated 8/18/2021 titled "Case 0-4151000031655 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403) |
| TEMP2148 | GOOG-PLAY-011457048 | | Document dated 8/17/2021 titled "Case 0-8729000031896 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403) |
| TEMP2149 | GOOG-PLAY-011457050 | | Document dated 8/16/2021 titled "Case 1-0771000031945 Google Play の支払いに関するポリシーを遵守するために追加の時間をリクエストする" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403) |
| TEMP2150 | GOOG-PLAY-011457053 | | Document dated 8/18/2021 titled "Case 1-1546000031735 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2151 | GOOG-PLAY-011457055 | | Document dated 8/18/2021 titled "Case 1-4548000031592 Demander du temps supplémentaire pour respecter le règlement Google Play sur les paie" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2152 | GOOG-PLAY-011457057 | | Document dated 8/18/2021 titled "Case 1-8424000031711 Demander du temps supplémentaire pour respecter le règlement Google Play sur les paie" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2153 | GOOG-PLAY-011457060 | | Document dated 8/17/2021 titled "Case 2-0991000031299 Google Play の支払いに関するポリシーを遵守するために追加の時間をリクエストする" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2154 | GOOG-PLAY-011457063 | | Document dated 8/18/2021 titled "Case 2-2538000032027 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2155 | GOOG-PLAY-011457066 | | Document dated 8/19/2021 titled "Case 2-7080000031497 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2156 | GOOG-PLAY-011457069 | | Document dated 8/18/2021 titled "Case 2-7308000032063 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2157 | GOOG-PLAY-011457072 | | Document dated 8/18/2021 titled "Case 3-0061000031899 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2158 | GOOG-PLAY-011457077 | | "Contact Us Form" re Use of GPB on Tinder (07/21/2022) | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster; Harrison, Don; Karam, Sarah; Kleidermacher, Dave; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Defendants: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims<br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2159 | GOOG-PLAY-011457079 | | Document dated 8/18/2021 titled "Case 4-3845000031302 Demander du temps supplémentaire pour respecter le règlement Google Play sur les paie" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2160 | GOOG-PLAY-011457081 | | Document entitled Requesting Additional Time to Comply with Google Play's Payments Policy (OurTime). | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster; Dubey, Shar Foster, Peter | Defendants: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims<br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses |
| TEMP2161 | GOOG-PLAY-011457084 | | Document dated 8/17/2021 titled "Case 5-4738000031935 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2162 | GOOG-PLAY-011457086 | | Document dated 8/18/2021 titled "Case 5-5632000031684 Demander du temps supplémentaire pour respecter le règlement Google Play sur les paie" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative<br>Foreign Language | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2163 | GOOG-PLAY-011457089 | | Document dated 8/18/2021 titled "Case 5-5986000031761 Demander du temps supplémentaire pour respecter le règlement Google Play sur les paie" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative<br>Foreign Language | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2164 | GOOG-PLAY-011457091 | | Document dated 8/16/2021 titled "Case 5-8968000031507 Google Play の支払いに関するポリシーを遵守するために追加の時間をリクエストする" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative<br>Foreign Language | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2165 | GOOG-PLAY-011457094 | | Document dated 8/18/2021 titled "Case 5-9091000032032 Demander du temps supplémentaire pour respecter le règlement Google Play sur les paie" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative<br>Foreign Language | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2166 | GOOG-PLAY-011457097 | | Document dated 8/18/2021 titled "Case 5-9369000031701 Demander du temps supplémentaire pour respecter le règlement Google Play sur les paie" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative<br>Foreign Language | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2167 | GOOG-PLAY-011457100 | | Document dated 8/18/2021 titled "Case 6-398000031514 Demander du temps supplémentaire pour respecter le règlement Google Play sur les paie" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative<br>Foreign Language | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2168 | GOOG-PLAY-011457103 | | Document entitled Requesting Additional Time to Comply with Google Play's Payments Policy (Okcupid). | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster; Dubey, Shar | Defendants: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims<br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses |
| TEMP2169 | GOOG-PLAY-011457106 | | Document dated 8/18/2021 titled "Case 6-7345000031858 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2170 | GOOG-PLAY-011457109 | | Document dated 8/19/2021 titled "Case 6-9821000031474 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2171 | GOOG-PLAY-011457112 | | Document dated 8/18/2021 titled "Case 7-2225000031204 Demander du temps supplémentaire pour respecter le règlement Google Play sur les paie" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative<br>Foreign Language | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2172 | GOOG-PLAY-011457115 | | Document dated 8/17/2021 titled "Case 7-2636000031432 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2173 | GOOG-PLAY-011457118 | | Document dated 8/17/2021 titled "Case 7-4573000031766 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2174 | GOOG-PLAY-011457120 | | Document dated 8/19/2021 titled "Case 8-2028000031856 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2175 | GOOG-PLAY-011457123 | DX0982 Purves, Ian; PX 1996 | Request for Additional Time to Comply with Google Play Payment's Policy" for Match.com LLC (8/19/2021) | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster; Ian Purves; Dubey, Shar | Defendant: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims<br>Plaintiff: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses |
| TEMP2176 | GOOG-PLAY-011457126 | | Document dated 8/19/2021 titled "Case 9-1185000031920 Requesting Additional Time to Comply with Google Play's Payments Policy" | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—wasting time and/or needlessly cumulative | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403) |
| TEMP2177 | GOOG-PLAY-011457129 | | Document entitled Requesting Additional Time to Comply with Google Play's Payments Policy (PlentyofFish ULC). | Brandon Barras; Purnima Kochikar; Sarah Karam; Peter Foster; Dubey, Shar | Defendant: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims<br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Plaintiff: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses |
| TEMP2178 | GOOG-PLAY-011457133 | | Document dated 5/2/2018 titled "Expense Report" | Purnima Kochikar | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay<br>Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 403—wasting time and/or needlessly cumulative<br>Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 402)<br>Exhibit will be properly authenticated (Rule 901) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2179 | GOOG-PLAY-011457136 | | Document dated 4/17/2018 titled "Purchase Order #486219" | Purnima Kochikar | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay<br>Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 403—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 403—wasting time and/or needlessly cumulative<br>Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Exhibit will be properly authenticated (Rule 901) |
| TEMP2180 | GOOG-PLAY-011457137 | | Document dated 4/24/2018 titled "Purchase Order # 487677" | Purnima Kochikar | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay<br>Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 403—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 403—wasting time and/or needlessly cumulative<br>Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Exhibit will be properly authenticated (Rule 901) |
| TEMP2181 | GOOG-PLAY-011457138 | | Document dated 5/2/2018 titled "Purchase Order # 489459" | Purnima Kochikar | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay<br>Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 403—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 403—wasting time and/or needlessly cumulative<br>Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901, 902)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Exhibit will be properly authenticated (Rule 901) |
| TEMP2182 | GOOG-PLAY-011457139 | | Document dated 6/8/2018 titled "Purchase Order # 496647" | Purnima Kochikar | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 403—wasting time and/or needlessly cumulative<br>Rule 602—exhibit contains statements not based on declarant's personal knowledge<br>Rule 802—exhibit contains inadmissible hearsay<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901)<br>Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Exhibit is relevant (Rules 401, 402)<br>Exhibit will be properly authenticated (Rule 901) |
| TEMP2183 | GOOG-PLAY-011460091 | | Spreadsheet entitled Play Policy Update Workbach Plan. | Rosenberg, Jamie<br>Gemai, Paul<br>Samat, Sameer<br>Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),. Relevance (Fed. R. Evid. 401), Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2184 | GOOG-PLAY-011489874 | | Document re Bumble-Badoo Internal Notes. | Kochikar, Purnima<br>Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2185 | GOOG-PLAY-011507394 | | 7/21/2008 email from R. Miner to D. Christopher | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay<br>Rule 402—exhibit is not relevant<br>Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Rule 602—exhibit contains statements not based on declarant's personal knowledge | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807)<br>Exhibit is relevant (Rules 401, 402)<br>Balance favors admissibility (Rules 401, 403)<br>Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2186 | GOOG-PLAY-011535555 | | Email from B. Davis to S. Karam; D. Stein re Re: Play Outage (4/5/2019) | Karam, Sarah<br>Stein, Danielle | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2187 | GOOG-PLAY-011540352 | | Email from D. Stein to S. Karam re Fwd: A/C Privileged: Update on Tinder / GPB" (08/27/2019) | Karam, Sarah<br>Stein, Danielle | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2188 | GOOG-PLAY-011540707 | | Email re [A/C Privileged] App Devs for Consideration in Accelerator Programs. | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2189 | GOOG-PLAY-011540724 | PX 1997 | Document titled, "A/C Privileged & Confidential - 9.13.19 Checkin with Hiroshi" (09/13/2019) | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2190 | GOOG-PLAY-011543322 | | Slide deck titled, "Play Monthy - June 2019" (6/2019) | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2191 | GOOG-PLAY-011545523 | | Document titled, "Verified Parent & Trust Sources Discussion Timeline [Facebook] | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2192 | GOOG-PLAY-011545627 | | Email from S. Karam to M. McCurty re FB (03/04/2020) | Cunningham, Edward Gold, Jon Karam, Sarah Kochikar, Purnima Koletouros, Jim Li, Christopher Rosenberg, Jamie Ostrovski, Tristan | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2193 | GOOG-PLAY-011568980 | | Document entitled Play Policy v2 Meeting Notes. | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value is not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2194 | GOOG-PLAY-011574966 | | Presentation entitled Accelerator Programs 2020. | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value is not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2195 | GOOG-PLAY-011575049 | | Document entitled PEX: Apps Accelerator Program (or the Accelerators Program / Hug for Apps). | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value is not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2196 | GOOG-PLAY-011579627 | | Presentation entitled Spotify Economic Review: Spotify's Counter to Google's Initial Economic Proposal (July 2020). | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value is not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2197 | GOOG-PLAY-011580505 | | Email re Match next steps. | Barras, Brandon Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value is not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2198 | GOOG-PLAY-011582799 | | Spreadsheet re Exceptions to using GPB. | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value is not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2199 | GOOG-PLAY-011590131 | PX2699 Kirsten Rasanen | Presentation dated 2022 titled "Play Monetization: 2022 Planning" | Sarah Karam; Purnima Kochikar; Paul Feng; Mrinalini Loew; Michael Marchak | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2200 | GOOG-PLAY-011591794 | PX 1990 | Document titled, "Meeting Notes: Play Payments Policy Working Group" (05/06/2022) | Feng, Paul Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2201 | GOOG-PLAY-011592884 | | Document entitled 2021 Payment Policy Grace Period Extension Request Form. | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2202 | GOOG-PLAY-011603188 | | Email re Fwd: Clarity on Matrimony GPB Policy. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2203 | GOOG-PLAY-011607662 | | Document entitled Antitrust Applied: Examining Competition in App Stores (Senate Judiciary Committee: Subcommittee on Competition Policy, Antitrust, and Consumer Rights) (April 21). | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Relevance (Fed. R. Evid. 401, 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2204 | GOOG-PLAY-011621155 | | Presentation dated 6/2022 titled "Android Staples" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), Exhibit is properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP2205 | GOOG-PLAY-011624497 | PX 2625 | Slide deck titled, "Yeti 2019 Plan, CFO Review" (11/09/2018) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2206 | GOOG-PLAY-011627362 | PX 2624 | Slide deck titled "Stadia + P&E Opportunity" (08/01/2020) | Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2207 | GOOG-PLAY-011634169 | PX 2622 | Slide deck titled "Player Delight: Q720" (06/01/2020) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2208 | GOOG-PLAY-011640881 | | US Android - iOS Switcher Analysis slide deck (9/2020) | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2209 | GOOG-PLAY-011651236 | | Slide deck titled "Alley-oop + Verify Parent" (09/07/2022) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2210 | GOOG-PLAY-011651706 | PX 1991 | Slide deck titled, "Google Play - AlleyOop Update" (04/18/2018) | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2211 | GOOG-PLAY-011664664 | | Undated document titled "Understanding Google Play's Payments policy" | Hiroshi Lockheimer, Sameer Samat; Edward Cunningham; Sarah Karam; David Kleidermacher; Purnima Kochikar; Mrinalini Loew; Sebastian Porst; Kirsten Rasanen | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2212 | GOOG-PLAY-011664873.C | | Slide deck titled, "Project Basecamp - Developing a Broader Plan" | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2213 | GOOG-PLAY-011665304 | | Slide deck titled, "Project Everest - Policy Enforcement Update" (05/31/2022) | Feng, Paul Kochikar, Purnima Marchuk, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2214 | GOOG-PLAY-011666143 | | Document entitled Buganizer, Request to refrain from enforcing Payments policy on ParshipMeet Group apps. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2215 | GOOG-PLAY-011666963 | | Presentation dated 10/12/2022 titled "Bumble Executive Summit" | Purnima Kochikar; Sameer Samat; Barras, Brandon Harrison, Don Kleidermacher, Dave Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie | Defendant: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2216 | GOOG-PLAY-011667790 | | Slide deck titled "Google Play Commerce Q4 Team Meeting" (12/2021) | Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2217 | GOOG-PLAY-011669872 | | Article by Nick Sharma titled"PRD: Hulu User Trust Subscriptions" (10/25/2021) | Feng, Paul Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2218 | GOOG-PLAY-011670324 | | Presentation dated 9/28-9/29, 2022 titled "Alternative Billing- Finance SteerCo" | Purnima Kochikar; Mrinalini Loew; Paul Feng | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP2219 | GOOG-PLAY-011675561 | | Presentation dated 8/8/2022 titled "Play Performance Review" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg, Sameer Samat, Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead, Mrinalini Loew, Paul Feng | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2220 | GOOG-PLAY-011677935 | | Document entitled Payments Policy Council Agenda / Edge Cases. | Feng, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2221 | GOOG-PLAY-011678747 | | Presentation dated 6/2022 titled "Billing Optionality Fee Adjustment" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg, Sameer Samat, Sebastian Porst, Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead, Mrinalini Loew, Paul Feng | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901). |
| TEMP2222 | GOOG-PLAY-011681107 | | Email re Re: Recap of our conversation. | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2223 | GOOG-PLAY-011682349 | | Document entitled 2022 Planning 2-Pager: GPB as Platform of Choice. | Loew, Mrinalini Feng, Paul Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2224 | GOOG-PLAY-011683575 | | 8/29/2022 email from K. Aviram Beatty to P. Kochikar, G. Hartrell, E. Putze, K. Gambhir, L. Olebe | Purnima Kochikar; Mrinalini Loew | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 402—exhibit is not relevant | Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) |
| TEMP2225 | GOOG-PLAY-011683579 | | Presentation dated 8/24/2022 titled "Google Enterprise Deal Extension" | Purnima Kochikar, Don Harrison, Greg Hartrell, Karen Beatty | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2226 | GOOG-PLAY-011684968 | | Presentation dated 1/28 titled "Project Runway- Developing a Broader Plan" | Michael Marchak; Paul Feng; Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Balance favors admissibility (Rules 401, 403) |
| TEMP2227 | GOOG-PLAY-011702203 | | Document entitled Play Commerce Annual Planning for 2023. | Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2228 | GOOG-PLAY-011833095 | | Slide deck titled "Google Pay Billing Status" (07/23/2020) | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2229 | GOOG-PLAY-011872486 | | Slide deck titled "Napa - March 2018" (3/2018) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2230 | GOOG-PLAY-011986482 | | Article titled "How to Review Apps and Games - L2 App Quality Review" (04/16/2018) | Marchak, Michael | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2231 | GOOG-PLAY-011992310 | | Document dated 7/19/2022 titled "Payments - Play Console Help" | Paul Feng, Purnima Kochikar, Mrinalini Loew | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2232 | GOOG-PLAY-011992310 | PX 1696; PX 2678 | "Payments," Play Console Help, available at https://support.google.com/googleplay/android-developer/answer/9858738?hl=en (last accessed 6/13/2023) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2233 | GOOG-PLAY-012010117 | | Document dated 3/2017 titled "Android Security 2016 Year in Review" | Edward Cunningham; David Kleidermacher; Sebastian Porst | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901); |
| TEMP2234 | GOOG-PLAY-012014891 | | Document dated 3/2019 titled "Android Security & Privacy 2018 Year in Review" | Edward Cunningham; David Kleidermacher; Sebastian Porst | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901); |
| TEMP2235 | GOOG-PLAY-012021876 | | Document entitled Google/Match AVP Issues List. | Barras, Brandon Harrison, Donald Karam, Sarah Kochikar, Purnima Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2236 | GOOG-PLAY2-000003906 | | Email from H. Lockheimer to B. Rutledge P. Schindler Re Tablet Apps and Samsung (06/12/2014) | Kochikar, Purnima Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2237 | GOOG-PLAY2-000331795 | | 2/3/2012 email from J. Lagerling to N. Shanbhag | John Lagerling | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2238 | GOOG-PLAY2-000334873 | | Email from H. Lockheimer to J. Rosenberg J. Kolotouros Re Potential Play - Samsung partnerships (04/14/2015) | Kolotouros, Jamie Lockheimer, Hiroshi Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2239 | GOOG-PLAY2-000339241 | | Email from H. Lockheimer to P. Chomet J. Rosenberg et al. Re Game proposal (06/04/2019) | Lockheimer, Hiroshi Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP2240 | GOOG-PLAY2-000400501.R | | Email from A. Rubin to P. Brady J. Lagerling Re RIM / Google term sheet (01/25/2013) | Brady, Patrick Lagerling, John Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2241 | GOOG-PLAY2-000430663 | PX 0862 | Google Organizational Chart (08/29/2014) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2242 | GOOG-PLAY2-000487130 | | Undated document titled "Expense Reports" | Purnima Kochikar | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 403—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901); |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2243 | GOOG-PLAY2-000487131 | | Undated document titled "Meeting Attendees (Google)" | Purnima Kochikar | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901) |
| TEMP2244 | GOOG-PLAY2-000487132 | | Undated document titled "Additional Meeting Attendees" | Purnima Kochikar | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901) |
| TEMP2245 | GOOG-PLAY2-000487775 | | Document entitled Google/Match AVP Issues List. | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2246 | GOOG-PLAY2-000556033 | | Undated presentation titled "Google Play Brand Tracking Highlights United States" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), Exhibit will be properly authenticated (Rule 901), |
| TEMP2247 | GOOG-PLAY2-000560477 | | Undated presentation titled "Google Play Brand Tracking Highlights United States" | Don Harrison, Purnima Kochikar, Jim Kolotouros, Hiroshi Lockheimer, Michael Marchak, Jamie Rosenberg, Sameer Samat, Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 701—exhibit contains improper specialized opinion by lay witness, Rule 901—proponent has not established authenticity of the document, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), Exhibit will be properly authenticated (Rule 901), |
| TEMP2248 | GOOG-PLAY2-000661623 | | Document titled "Thomas Reuter's Streetevents Edited Transcript - Googl - Q1 2013 Google Earnings Conference Call" | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Porat, Ruth Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2249 | GOOG-PLAY2-000661683 | | Document titled "Final Transcript - Thomson StreetEvents" | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Porat, Ruth Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2250 | GOOG-PLAY2-000662998 | | Document entitled Annex A.1. | Lockheimer, Hiroshi Rosenberg, Jamie Kolotouros, Jim Gennai, Paul Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Opinion testimony by Lay Witness (Fed. R. Evid. 701). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702 |
| TEMP2251 | GOOG-PLAY2-000666369 | | Document titled "Android Malware Team: How we arrived in the present" | Porat, Sebastian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2252 | GOOG-PLAY2-000690270 | | Document titled "Overview" | Cunningham, Edward | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2253 | GOOG-PLAY2-000699413 | | Slide deck titled "Google - Project Quill: Play Signed Apps" | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2254 | GOOG-PLAY2-000792940 | | Bumble "Partnership Proposal" Slide deck | Barras, Brandon; Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2255 | GOOG-PLAY2-001361315 | | Presentation entitled Android Update. | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106);, Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2256 | GOOG-PLAY2-001366755 | | Presentation re Google Play Q1 19 Onboarding (03/05/2019) | Gennai, Paul; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106);, Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Cond; Relevance (Fed. R. Evid. 402);, Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP2257 | GOOG-PLAY2-001443155 | | Document entitled Sameer Erin 1:! Started after Mat Leave (June 2018 - Jan 2020) | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106);, Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses |
| TEMP2258 | GOOG-PLAY3-000013195 | | Document titled, "Google Payments-Terms of Service - Buyer (US)" (08/20/2020) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2259 | GOOG-PLAY4-000038856 | PX 1093 | Email from C.Bita to J.Lagerling et al. re. Feedback Required A Sus Deal Approval (06/03/2015) | Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106);, Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2260 | GOOG-PLAY4-000254654 | PX1567 Rich Miner | Presentation dated August 2005 titled "GPS Project Android" | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402) |
| TEMP2261 | GOOG-PLAY4-000268331 | PX 0869 | Email from J. Lagerling to P. Brady et al. re App stores & preinstall risk (03/27/2011) | Brady, Patrick; Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106);, Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802);, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2262 | GOOG-PLAY4-000268339 | PX 0967 | Email from J.Lagerling to H.Barra re Android Market Rebranding Worries Me (04/23/2015) | Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106);, Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2263 | GOOG-PLAY4-000276521 | PX 0871 | Email from S. Agarwal to P. Brady re [Mobile-leadership] Notes from T-Mobile Meeting in Seattle do discuss Search (Chris & Sumit) (06/10/2009) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106);, Personal knowledge; lack of foundation (Fed. R. Evid. 602);, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2264 | GOOG-PLAY4-000280595 | PX 0875 | Email from C. Barton to P. Brady re Shop4Apps (06/23/2010) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2265 | GOOG-PLAY4-000285787 | PX 1215 | Email from C.Moon to C.Barton re Samsung Apps Issue with America Movil (08/23/2011) | Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2266 | GOOG-PLAY4-000339905 | PX 0872 | Email from N. Sears to P. Brady Re Market, Passion & TMUS negotiations (11/05/2009) | Brady, Patrick Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2267 | GOOG-PLAY4-000339939 | PX 0873 | Email from N. Sears to P. Brady Re Market, Passion & TMUS negotiations (11/07/2009) | Brady, Patrick Sears, Nick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2268 | GOOG-PLAY4-000341393 | | Email from D. Yeum to P. Brady Re quick question on Market (04/27/2010) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2269 | GOOG-PLAY4-000346223 | | Email from A. Page to P. Brady B. Blizard et al. Re Partner Channel on Open Market devices (06/15/2011) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2270 | GOOG-PLAY4-000444526 | PX 2721 | Email from S. Pichai to A. Eustace re [chrome-ui] re: Please Get Me an IGoogle Button on Chrome OS! (12/14/2010) | Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2271 | GOOG-PLAY4-000566414 | PX 0960 | Email from A.Rubin to J.Lagerling re HTC Application Distribution (09/24/2008) | Rubin, Andy Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2272 | GOOG-PLAY4-000676352 | | Email from P. Brady to M. Vanlerberghe C. Moon et al. Re 'with Google' requirements (07/16/2010) | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2273 | GOOG-PLAY4-000775386 | PX1563 Rich Miner | Presentation dated 4/5/2005 titled "Android Investor Presentation" | Rich Miner; Michael Marchak | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2274 | GOOG-PLAY4-000809612 | PX 2693 | Email from A.Rubin to R. Chandhok re Checking After your Call with Paul (05/28/2009) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2275 | GOOG-PLAY4-000809614 | PX 2694 | Email from P. Jacobs to A. Rubin re Checking After Your Call with Paul (05/28/2009) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2276 | GOOG-PLAY4-000810048 | PX 0962 | Email from A.Eustace to A.Rubin re Communication to Intel (07/27/2009) | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2277 | GOOG-PLAY4-000816005 | | Email from P. Brady to A. Rubin H. Barra et al. Re Mandatory and Optional GMS apps (07/10/2011) | Brady, Patrick; Lagerling, John; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2278 | GOOG-PLAY4-000819003 | PX 0874 | Email from J. Ebbitt to A. Rubin re LG's Own Application Store Goes Beta Live July 14 (07/16/2009) | Brady, Patrick; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2279 | GOOG-PLAY4-000820659 | | Presentation dated 10/12/2010 titled "Android OC Quarterly Review- Q4 2010" | Paul Gennai, Hiroshi Lockheimer, Jamie Rosenberg | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 802—exhibit contains inadmissible hearsay; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Balance favors admissibility (Rules 401, 403) |
| TEMP2280 | GOOG-PLAY4-000821936 | | Email from D. Morrill to H. Lockheimer A. Rubin et al. Re Clank (10/20/2011) | Lockheimer, Hiroshi; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Cond. Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2281 | GOOG-PLAY4-000833523 | PX 1488 | Email from K. Walker to A. Rubin re Meeting with Steve and Scott on Friday (04/03/2010) | Harrison, Don | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2282 | GOOG-PLAY4-000836342 | | Email from N. Shanbhag to E. Schmidt et al re Android Market Business Model GPS Notes - 2/3/2009 (02/04/2009) | Barras, Brandon; Chu, Eric; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2283 | GOOG-PLAY4-001035796 | | Email from R. Sarafa to A. Rubin re Google Apps Blog Post (12/20/2011) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2284 | GOOG-PLAY4-001703880 | PX 0891 | Email from P. Brady to S. Gerun re responding to Android Browser bugs (01/23/2014) | Brady, Patrick; Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2285 | GOOG-PLAY4-002055627 | | Rev Share Placement Requirements Presentation (08/04/2014) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2286 | GOOG-PLAY4-002193650 | | Email from K. Beatty to P. Kochikar re Zeitgeist updates re Activision-Blizzard (10/30/2019) | Kochikar, Purnima | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP2287 | GOOG-PLAY4-002356905 | | 9/21/2017 email from S. Menon to A. Haneef | Paul Gennai | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 106—exhibit is unfairly incomplete, Foundation | Foundation/personal knowledge will be properly authenticated (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit is properly complete (Rule 106), |
| TEMP2288 | GOOG-PLAY4-002489544 | PX 1767 | Google Carrier Facing "Android Loyalty Narrative" | Gold, Jon<br>Rasanen, Kristen | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2289 | GOOG-PLAY4-002914834 | PX 2725 | Email from R. Sheth to R. Roy-Chowdhury re [webstore-leads] re: 30% or 5% rev share? (12/13/2013) | Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2290 | GOOG-PLAY4-003752440 | | Document titled, "event Titled: Roundtable breakfast with Don Harrison" (08/09/2018) | Harrison, Donald | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2291 | GOOG-PLAY4-004092356 | PX 0587 | Email from A. Kumar to P. Gennai re Hiroshi Monthly Review: Thursday Next Week (3/26/2019) | Gennai, Paul<br>Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Relevance (Fed. R. Evid. 402), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2292 | GOOG-PLAY4-004249559 | PX 0619 | Document titled, "One-Pager on Hangouts for Jim K" (08/20/2015) | Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2293 | GOOG-PLAY4-004258208 | PX0630 James Kolotouros | Presentation dated 2/2019 titled "Project Banyan Phase 1: Ecosystem Overview" | Paul Gennai, Jim Kolotouros; Li, Christopher | Defendants: Defense to Plaintiffs' claims<br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury<br>Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Cond; Relevance (Fed. R. Evid. 402). | Defendant: Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403)<br>Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP2294 | GOOG-PLAY4-004260189 | PX 0600 | Presentation re PEX & BC review: Google Distribution on Android Framework (6/2019) | Cramer, Christian<br>Gennai, Paul<br>Gold, Jon<br>Harrison, Donald<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Porat, Ruth<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

CONFIDENTIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2295 | GOOG-PLAY4-004261142 | PX0617 James Kolotouros | Presentation dated 8/2019 titled "MADA & RSA: Android Commercial Agreements" | Jamie Rosenberg, Paul Gennai, Sameer Samat, Hiroshi Lockheimer, Jim Kolotouros | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403) |
| TEMP2296 | GOOG-PLAY4-004275498 | PX 1220 | Email from J.Lagerling to J.Braddi re Android/Mobile BD Update (10/21/2013) | Lagerling, John | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Relevance (Fed. R. Evid. 402), Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2297 | GOOG-PLAY4-004502034 | | Document entitled Current Status of Play Subscriptions. | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2298 | GOOG-PLAY4-004502231 | | Document entitled Current Status of Play Subscriptions. | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2299 | GOOG-PLAY4-004502584 | | Undated presentation titled "Play Apps Consumer/Developer Combined Metrics Review" | Paul Gennai, Dave Kleidermacher, Jamie Rosenberg, Sameer Samat, Sebastian Poort, Hiroshi Lockheimer, Jim Kolotouros, Purnima Kochikar, Paul Bankhead, Mrinalini Loew, Paul Feng | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2300 | GOOG-PLAY4-004519372.R | | Amazon App Store Financial Risk Assessment slide deck (6/2017) | Barrus, Brandon Gennai, Paul Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; |
| TEMP2301 | GOOG-PLAY4-004529557 | PX 0596 | Email from P. Gennai to S. Krishnamachari re PLay Distribution Project (01/12/2019) | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2302 | GOOG-PLAY4-004529823 | PX0586 Paul Gennai | Email from P. Gennai to S. Sayigh and S. Ahmed re Hug vs. Banyan (02/22/2019) | Paul Gennai | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403) Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2303 | GOOG-PLAY4-004529847 | | Email from A. Kumar to P. Gennai S. Sayigh et al. Re Hug vs. Banyan (02/28/2019) | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2304 | GOOG-PLAY4-004532745 | | Presentation dated 1/28 titled "Soda Strategy & Design Staff" | Paul Gennai; Purnima Kochikar; Sameer Samat | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendant: Balance favors admissibility (Rules 401, 403) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2305 | GOOG-PLAY4-004687775 | | Presentation dated 6/2016 titled "Project Alley-Oop Launch Planning: Beta Program Definition" | Paul Gennai; Sameer Samat; Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2306 | GOOG-PLAY4-005626559 | PX1816 Christopher Drury | Email from C. Drury to D. Lawee re Android/ GetJar (03/19/2010) | Christopher Drury | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff | Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2307 | GOOG-PLAY4-006056228 | | Document titled: "Netflix/Sabrina Billing Integration proposal" (08/26/2019) | Lockheimer, Hiroshi | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2308 | GOOG-PLAY4-006047953 | PX 1219 | Email from J.Lagerling to A.Mathis re Carrier Response to the new Google Play Model (04/12/2012) | Lagerling, John | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | | | |
| TEMP2309 | GOOG-PLAY4-006696424 | PX 1614 | | Porat, Ruth | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). Relevance (Fed. R. Evid. 402),, Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2310 | GOOG-PLAY4-006719444 | | Document entitled "Executive Summary" | Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2311 | GOOG-PLAY4-006955198 | PX 1070 | Email from C. Li to E. Chang re A fully executed contract has been uploaded for the Motorola Mobility LLC (02/27/2020) | Li, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2312 | GOOG-PLAY4-007020192 | | Document titled, "Smart Reply PRD" (04/03/2018) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2313 | GOOG-PLAY4-007215136.R | | Email from S. Karam to K. Wang J. Rosenberg et al. Re Amazon Prime Instant Video finally comes to Android (09/15/2014) | Kolotouros, Jim Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2314 | GOOG-PLAY4-007234239 | | Amazon response plan May 2017 slide deck (5/2017) | Gennai, Paul Kolotouros, Jim Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402),, Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2315 | GOOG-PLAY4-007239946 | PX 0599 | Briefing re BC: GDAF (Google Distribution on Android Framework) - evolution of RSA deals (05/06/2019) | Cramer, Christian Gennai, Paul Gold, Jon Harrison, Donald Kolotouros, Jim Li, Christopher Lockheimer, Hiroshi Porat, Ruth Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),, Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),, Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2316 | GOOG-PLAY4-007242364 | | Jim Kolotouros "Notes for Don" (05/08/2019) | Harrison, Donald; Kolotouros, Jim | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2317 | GOOG-PLAY4-007423677.R | PX 0589 | Email from P. Gennai to J. Rosenberg et al re Store Collaboration (06/21/2019) | Gennai, Paul; Lim, Tian; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2318 | GOOG-PLAY4-007423757 | PX 0590 | Document titled, "Play Distribution // Project Banyan Interview Notes" (00/2019) | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2319 | GOOG-PLAY4-007453555 | | Document with filename, "Facebook transition" | Karam, Sarah; Lockheimer, Hiroshi; Rosenberg, Jamie | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2320 | GOOG-PLAY4-007583038 | | Document titled, "Play Policy v2 Meeting Notes" (09/14/2018) | Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2321 | GOOG-PLAY5-000073135 | | Google chat conversation (10/28/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochlar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2322 | GOOG-PLAY5-000088223 | | Google Chat conversation (05/19/2022) | Barras, Brandon; DiVento, Anthony; Harrison, Don; Kleidermacher, Dave; Kochlar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Relevance (Fed. R. Evid. 402),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Opinion, if any, is rationally based on the author's perception, is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2323 | GOOG-PLAY5-000112475 | | Messages between Google Employees re Is there a 1P app that has in-app purchase revenue? | Gennai, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2324 | GOOG-PLAY5-000160237 | | Google Chat conversation (03/24/2021) | Barras, Brandon; Chu, Eric; Harrison, Don; Kleidermacher, Dave; Kochlar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2325 | GOOG-PLAY5-000161588 | | Google Chat conversation (03/10/2021) | Feng, Paul Karan, Sarah Marchak, Michael Ostrowski, Tristan | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2326 | GOOG-PLAY5-000163578 | | Google Chat conversation (11/09/2022) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Lam, Margaret Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2327 | GOOG-PLAY5-000163640 | | Google Chat conversation (10/27/2020) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2328 | GOOG-PLAY5-000163892 | | Email re gmscore-uberleads. | Bankhead, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2329 | GOOG-PLAY5-000164222 | | Google Chat conversation (01/08/2021) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2330 | GOOG-PLAY5-000168578 | | Google Chat conversation (11/14/2022) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2331 | GOOG-PLAY5-000168593 | | Google Chat conversation (11/14/2022) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2332 | GOOG-PLAY5-000362732 | | Google Chat conversation (08/26/2020) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2333 | GOOG-PLAY5-000364253 | | Google Chat conversation (12/08/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2334 | GOOG-PLAY5-000364738 | | Google Chat conversation (03/17/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2335 | GOOG-PLAY5-000366760 | | Google Chat conversation (08/19/2020) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2336 | GOOG-PLAY5-000374364 | | Google Chat conversation (02/16/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lam, Margaret; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2337 | GOOG-PLAY5-000374365 | | Google Chat conversation (03/21/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lam, Margaret; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2338 | GOOG-PLAY5-000375854 | | Google Chat conversation (11/13/2020) | Barras, Brandon; Cunningham, Edward; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2339 | GOOG-PLAY5-000382012 | | Google Chat conversation (03/19/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2340 | GOOG-PLAY5-000383187 | | Google Chat conversation (07/16/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2341 | GOOG-PLAY5-000383422 | | Google Chat conversation (11/19/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2342 | GOOG-PLAY5-000383657 | | Google Chat conversation (04/26/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2343 | GOOG-PLAY5-000383680 | | Google Chat conversation (08/16/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2344 | GOOG-PLAY5-000389029 | | Google Chat conversation (12/28/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2345 | GOOG-PLAY5-000389042 | | Google Chat conversation (12/28/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2346 | GOOG-PLAY5-000389043 | | Google Chat conversation (12/28/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2347 | GOOG-PLAY5-000394430 | | Google Chat conversation (10/02/2020) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2348 | GOOG-PLAY5-000401049 | | Google Chat conversation (12/04/2020) | Barras, Brandon; Cunningham, Edward; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2349 | GOOG-PLAY5-000408349 | | Google Chat conversation (08/30/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2350 | GOOG-PLAY5-000423751 | | Google Chat conversation (12/20/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2351 | GOOG-PLAY5-000433345 | | Google Chat conversation (09/06/2022) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lam, Margaret<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2352 | GOOG-PLAY5-000436389 | | Google Chat conversation (07/14/2021) | Barras, Brandon<br>Cunningham, Edward<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2353 | GOOG-PLAY5-000453593 | PX 2731 | Google Chat conversation (10/12/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2354 | GOOG-PLAY5-000473143 | | Google Chat conversation (03/01/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2355 | GOOG-PLAY5-000477797 | | Google Chat conversation (09/10/2020) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2356 | GOOG-PLAY5-000482224 | | Google Chat conversation (03/10/2021) | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2357 | GOOG-PLAY5-000487184 | | Google Chat conversation (05/11/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and a hearsay exception applies; |
| TEMP2358 | GOOG-PLAY5-000495759 | | Google Chat conversation (08/19/2020) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and a hearsay exception applies; |
| TEMP2359 | GOOG-PLAY5-000495760 | | Google Chat conversation (02/17/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and a hearsay exception applies; |
| TEMP2360 | GOOG-PLAY5-000500320 | | Chat between E. Garber and T. Ostrowski (01/26/2021) | Ostrowski, Tristan | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP2361 | GOOG-PLAY5-000500584 | | Chat between E. Garber and T. Ostrowski (03/17/2022) | Ostrowski, Tristan | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP2362 | GOOG-PLAY5-000505705 | | Google Chat conversation (07/14/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and a hearsay exception applies; |
| TEMP2363 | GOOG-PLAY5-000512579 | | Google Chat conversation (01/28/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and a hearsay exception applies; |
| TEMP2364 | MATCH-EVG_00000042 | | Undated document titled "Match Information Requests" | Shar Dubey, Peter Foster, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2365 | MATCH-EVG_00000045 | | Undated document titled "OKCupid Information Requests" | Shar Dubey, Peter Foster, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2366 | MATCH-EVG_00000047 | | Undated document titled "Plenty of Fish Information Requests" | Shar Dubey, Peter Foster, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2367 | MATCH-EVG_00000058 | DX0773 - Gary Swidler | Undated document titled "Tinder Information Requests" | Shar Dubey, Peter Foster, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2368 | MATCHGOOGLE00002805 | DX0779 Gary Swidler | 8/6/2019 email from J. Sacco to M. Ginsberg, G. Swidler, S. Dubey, L. Barton | Gary Swidler, Shar Dubey | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly confusing, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2369 | MATCHGOOGLE00002865 | DX0886 - Sharmistha Dubey | 11/3/2016 Email from A. Chen to N. Saretzky and S. Dubey | Shar Dubey | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2370 | MATCHGOOGLE00007456 | | Email re Any update? | Foster, Peter; Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2371 | MATCHGOOGLE00007460 | | Document entitled Google/Match AVP Issues List. | Foster, Peter | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2372 | MATCHGOOGLE00007500 | DX0847 Peter Foster | 3/5/2021 email from B. Barras to P. Foster | Brandon Barras, Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or a hearsay objection applies (Rules 803, 804, 807) |
| TEMP2373 | MATCHGOOGLE00007518 | | Email re Match | AVP - Contracts for Review. | Foster, Peter; Barras, Brandon; Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2374 | MATCHGOOGLE00007630 | | Email re Match | Google Follow Up [Doc]. | Barras, Brandon; Foster, Peter; Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2375 | MATCHGOOGLE00007718 | DX0767 Gary Swidler | 10/9/2020 email from I. Pomembulam to P. Foster, G. Swidler | Gary Swidler; Peter Foster, | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiffs | Rule 402—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contain inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2376 | MATCHGOOGLE00007745 | | 7/1/2020 Email from I. Pomembulam to P. Foster | Peter Foster; Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant | Exhibit is relevant (Rules 401, 402) |
| TEMP2377 | MATCHGOOGLE00012487 | DX0933 Ong | 8/20/2019 email from A. Ong to S. Dubey and E. Seidman | Adrian Ong, Shar Dubey | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2378 | MATCHGOOGLE00012606 | | Slide deck titled , "Google Play Billing Discussion - Match Group" (10/2017 ) | Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2379 | MATCHGOOGLE00013370 | DX0889 - Sharmistha Dubey; DX0921 - Adrian Ong | 9/18/2018 Email from A. Ong to S. Dubey | Shar Dubey, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiffs | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Balance favors admissibility (Rules 401, 403) |
| TEMP2380 | MATCHGOOGLE00014598 | | 10/5/2018 Email from I. Purves to A. Ong | Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2381 | MATCHGOOGLE00017879 | DX0770 Gary Swidler | 7/17/2017 email from A. Chen to A. Thombre and G. Swidler | Gary Swidler | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2382 | MATCHGOOGLE00021308 | DX0786 Gary Swidler | 7/11/2017 email from J. Core to R. Ladhabhoy and G. Swidler | Gary Swidler | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2383 | MATCHGOOGLE00022132 | | Email from G. Galyan to P. Foster re Google Play Follow Up: Tinder - Dating & Make Friends (04/28/2022) | Foster, Peter | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2384 | MATCHGOOGLE00022154 | | Email from G. Galyan to P. Foster re Google Play Follow Up: OurTime: Dating App for 50+ & Match: Dating App for singles (04/25/2022) | Foster, Peter | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2385 | MATCHGOOGLE00022225 | DX0846 Peter Foster, DX0780 Gary Swidler | Presentation dated 2/2020 titled "Match Group x Google Program Update" | Gary Swidler; Peter Foster, | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2386 | MATCHGOOGLE00022241 | | Email from J. Acosta to I. Purves re Fwd: Action Required: Your app is not compliant with Google Play Policies (OKCupid: Online Dating App) (04/29/2022) | Dubey, Sharmistha<br>Foster, Peter<br>Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802) | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2387 | MATCHGOOGLE00022369 | | Document entitled Match.com Terms of Use Agreement. | Dubey, Sharmistha<br>Foster, Peter<br>Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2388 | MATCHGOOGLE00022394 | | Document entitled Match.com Terms of Use Agreement. | Dubey, Sharmistha<br>Foster, Peter<br>Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2389 | MATCHGOOGLE00022401 | | Document entitled Welcome to Tinder, Operated By Match Group, LLC. | Dubey, Sharmistha<br>Foster, Peter<br>Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2390 | MATCHGOOGLE00022418 | | Document entitled Terms and Conditions. | Dubey, Sharmistha<br>Foster, Peter<br>Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2391 | MATCHGOOGLE00022441 | | Document entitled Legal Information. | Dubey, Sharmistha<br>Foster, Peter<br>Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2392 | MATCHGOOGLE00022460 | | Document entitled PlentyOfFish Terms of Use Agreement. | Dubey, Sharmistha<br>Foster, Peter<br>Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2393 | MATCHGOOGLE00022567 | | Document entitled PlentyOfFish Terms of Use Agreement. | Dubey, Sharmistha<br>Foster, Peter<br>Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2394 | MATCHGOOGLE00022583 | | Document entitled Match.com Terms of Use Agreement. | Dubey, Sharmistha<br>Foster, Peter<br>Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2395 | MATCHGOOGLE00022588 | | Document entitled Terms of Use. | Dubey, Sharmistha<br>Foster, Peter<br>Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2396 | MATCHGOOGLE00022602 | | Document entitled Match.com Terms of Use Agreement. | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2397 | MATCHGOOGLE00022619 | | Document entitled Terms and Conditions People Media Terms of Use Agreement. | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2398 | MATCHGOOGLE00022637 | | Document entitled Match.com Terms of Use Agreement. | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2399 | MATCHGOOGLE00022663 | | Document entitled PlentyOfFish Terms of Use Agreement. | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2400 | MATCHGOOGLE00022669 | | Document entitled Terms and Conditions People Media Terms of Use Agreement. | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2401 | MATCHGOOGLE00022716 | | Document entitled Terms of Use. | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2402 | MATCHGOOGLE00022734 | | Document entitled PlentyOfFish Terms of Use Agreement. | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2403 | MATCHGOOGLE00022761 | | Document entitled Match.com Terms of Use Agreement. | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2404 | MATCHGOOGLE00022779 | | Document entitled Terms of Use. | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2405 | MATCHGOOGLE00022843 | PX2703 Diana Garcia Rios | Undated spreadsheet with Google and Match partnership data | Sharmistha Dubey; Peter Foster; Adrian Ong; Barras, Brandon Garcia Rios, Diana | Defendant: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Defendants: Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it | Defendant: Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2406 | MATCHGOOGLE00025779 | DX0938 AJ Cihla | 1/21/2020 email from A. Cihla to G. Girotra | AJ Cihla | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2407 | MATCHGOOGLE00030758 | DX0943 AJ Cihla | 12/17/2019 email from A. Cihla to R. Deng | AJ Cihla | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2408 | MATCHGOOGLE00033199 | DX0942 AJ Cihla | 10/9/2018 email from J. Banafsheha to A. Cihla | AJ Cihla | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2409 | MATCHGOOGLE00034092 | DX0944 AJ Cihla | 11/26/2018 email from T. Jacques to A. Cihla | AJ Cihla | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2410 | MATCHGOOGLE00035298 | DX0841 Peter Foster | 5/23/2019 email from A. Cihla to J. Ciesla | Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2411 | MATCHGOOGLE00040928 | | Email re FW: Google - Match Sync. | Dubey, Sharmistha | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | 102, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2412 | MATCHGOOGLE00040970 | | Email from googleplay-developer-support to J. Dao re Re: Payment Extension Form Application - Auto Response [3-6263000031703] (08/17/2021) | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2413 | MATCHGOOGLE00046884 | DX0887 Sharmistha Dubey | 7/11/2017 email from S. Stevens to J. Morris, S. Dubey | Shar Dubey | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2414 | MATCHGOOGLE00049070 | DX0885 Sharmistha Dubey | [HC] 2016 internal Match email noting intent to not move to GPB | Shar Dubey | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2415 | MATCHGOOGLE00050363 | DX0854 - Peter Foster | 10/9/2020 Email from I. Purves to P. Foster | Peter Foster; Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2416 | MATCHGOOGLE00050382 | | Email re Follow up. | Foster, Peter Kochkar, Purnima Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | 102, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2417 | MATCHGOOGLE00052305 | DX0979 Ian Purves | 3/18/2021 email from B. Barras to P. Foster | Ian Purves | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 403—wasting time and/or needlessly cumulative; Deposition; Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Deposition; Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Depositions from Epic v. Apple are not part of pre-trial submissions exchange process; any portions of this exhibit entered into evidence will be party admissions or otherwise admissible testimony |
| TEMP2418 | MATCHGOOGLE00052828 | DX0855 Peter Foster | 1/20/2021 email from P. Foster to B. Barras | Brandon Barras, Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901) |
| TEMP2419 | MATCHGOOGLE00052850 | | Email re Match | Google Follow Up [Doc]. | Foster, Peter Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2420 | MATCHGOOGLE00053644 | | 11/4/2020 email from J. Sacco to B. Barras, S. Karam | Brandon Barras, Peter Foster, Sarah Karam | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2421 | MATCHGOOGLE00054280 | | 10/1/2020 email from P. Foster to B. Barras | Peter Foster, Brandon Barras | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiffs | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2422 | MATCHGOOGLE00054991 | DX0844 Peter Foster | 7/27/2020 email from P. Foster to J. Ciesla | Peter Foster | Defendants: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff | Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2423 | MATCHGOOGLE00057095 | | 3/14/2022 Email from P. Foster to K. Wiler | Foster, Peter | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiffs | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2424 | MATCHGOOGLE00057349 | DX0857 - Peter Foster | 6/11/2021 Email from P. Foster to J. Ciesla, A. Cihla, D. Wyler, M. Bloom, J. Duo | Peter Foster, AJ Cihla | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiffs | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2425 | MATCHGOOGLE00070518 | DX0771 Gary Swidler | Undated presentation titled "match group Apple App Store Meeting" | Gary Swidler, Shar Dubey | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2426 | MATCHGOOGLE00080721 | DX0924 Adrian Ong | 6/27/2018 email from P. Kochikar to A. Ong, B. Barras | Adrian Ong, Purnima Kochikar, Brandon Barras | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2427 | MATCHGOOGLE00080723 | DX0931 Adrian Ong | May 2018 Google/Match email regarding Match compliance with Payment policy | Adrian Ong; Purnima Kochikar | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2428 | MATCHGOOGLE00080875 | DX0919 Ong | 7/17/2019 email from A. Cihla to A. Ong | Adrian Ong | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2429 | MATCHGOOGLE00081178 | DX0934 Ong | 1/26/2019 email from A. Ong to C. Oliver | Adrian Ong | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2430 | MATCHGOOGLE00081233 | DX0972 Purves, Ian | 10/19/2018 email from I. Pomambulam to A. Ong | Ian Parves, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2431 | MATCHGOOGLE00081270 | DX0926 Adrian Ong | 7/2/2018 email from A. Ong to S. Dubey | Adrian Ong, Shar Dubey | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2432 | MATCHGOOGLE00081784 | | 12/8/2017 email from A. Ong to B. Barras RE: Match Group | Play [GPB Next Steps]. | Brandon Barras, Adrian Ong | Defendants: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendants: Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2433 | MATCHGOOGLE00081897 | DX0973 Ian Purves | 10/24/2017 email from B. Barras to A. Ong, I. Purves | Adrian Ong, Ian Purves, Brandon Barras | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete Rule 802—exhibit contains inadmissible hearsay | Exhibit is properly complete (Rule 106) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2434 | MATCHGOOGLE00081996 | | Email re: follow up. | Barras, Brandon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2435 | MATCHGOOGLE00082270 | DX0787 Gary Swidler | 9/29/2017 email from I. Pomambulam to Mandy Ginsburg and others | Adrian Ong, Shar Dubey, Gary Swidler | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant | Exhibit is relevant (Rules 401, 402) |
| TEMP2436 | MATCHGOOGLE00082607 | DX0922 Adrian Ong | 6/14/2017 email from Y. Meng to A. Ong, S. Stevens | Adrian Ong | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2437 | MATCHGOOGLE00087739 | DX0928 Adrian Ong | 6/19/2018 email from A. Ong to P. Kochikar, B. Barras | Ian Purves, Adrian Ong, Purnima Kochikar, Brandon Barras | Defense to Plaintiffs' claims for antitrust violations | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2438 | MATCHGOOGLE00088001 | | 6/19/2018 email from A. Ong re Fwd: (P&C) Google Play Gaps (03/01/2022) | Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2439 | MATCHGOOGLE00088011 | DX0977 Purves, Ian; DX0849 Peter Foster | 5/29/2020 email from I. Purves to M. Lofthouse and M. Hobley | Ian Purves, Peter Foster, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains inadmissible hearsay, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2440 | MATCHGOOGLE00090556 | DX0974 Purves, Ian | 10/5/2018 email from R. Reddi to A. Ong | Ian Purves, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2441 | MATCHGOOGLE00091044 | | Email from I. Purves to R. Lo re RE: Mandatory GPH Update (07/31/2018) | Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2442 | MATCHGOOGLE00096743 | PX1603 - Sarah Karam, Brandon Barras | 8/13/2021 Email from B. Barras to P. Foster and I. Purves | Sarah Karam, Brandon Barras; Peter Foster | Defendants: Defense to Plaintiffs' claims; proof of Match's liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff | Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Proof of Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2443 | MATCHGOOGLE00102244 | DX0772 Gary Swidler | Undated presentation titled "Match Group Meeting" | Gary Swidler, Shar Dubey | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay. | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), |
| TEMP2444 | MATCHGOOGLE00102989 | DX0782 Gary Swidler | 5/2/2017 email from A. Chen to G. Swidler | Gary Swidler | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2445 | MATCHGOOGLE00104978 | DX0784 Gary Swidler | 5/2/2022 email from G. Swidler to D. Harrison | Gary Swidler | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2446 | MATCHGOOGLE00105397 | | Document entitled "Cancel Subscription and Delete Account" | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2447 | MATCHGOOGLE00105403 | DX0774 - Gary Swidler | Undated presentation titled "Sideloading & Alt Stores" | Shar Dubey, Gary Swidler, Peter Foster | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Foundation | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2448 | MATCHGOOGLE00105447 | | Presentation dated 6/17/2021 titled "Google Play Experiment Results" | Shar Dubey, Peter Foster, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2449 | MATCHGOOGLE00105724 | PX 1992 | Presentation titled "Subscription Cancellation Flow" | Dubey, Sharmistha Foster, Peter Karam, Sarah Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2450 | MATCHGOOGLE00105738 | DX0927 Ong | Undated document titled "Manage account" | Adrian Ong | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106) |
| TEMP2451 | MATCHGOOGLE00106904 | | Undated document titled "What is the problem and why is it worth solving?" | Shar Dubey, Peter Foster, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2452 | MATCHGOOGLE00109773 | | Document entitled Match data on Apple's Dominance. | Dubey, Sharmistha Foster, Peter Schwartz, Steven | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Relevance (Fed. R. Evid. 402), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403).; Opinion testimony by Lay Witness (Fed. R. Evid. 701).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | 102, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence, Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702, Exhibit is what the proponent claims it is and/or is self-authenticating |
| TEMP2453 | MATCHGOOGLE00113629 | DX0789 Gary Swidler | 3/16/2022 Slack messages between B. Archer and G. Swidler | Gary Swidler | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiffs | Rule 602—exhibit contains statements not based on declarant's personal knowledge | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2454 | MATCHGOOGLE00115129 | | Email from Play BD Ops to C. Burton re re RE: Tinder / Match – Missing Payments  [ ref:_00D11U0kvL._5001U8Jred:ref ] (06/24/2019) | Barras, Brandon Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2455 | MATCHGOOGLE00115514 | DX0975 Purves, Ian | 9/25/2019 email from A. Ong to T. Duret, J. Sine, S. Dubey, G. Swidler, A. Lubot re Meetic german app Nex rejected on Play Store because of In App Billing.. | Ian Purves, Shar Dubey | Defendant: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims. Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Defendants: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Defendant: Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2456 | MATCHGOOGLE00115533 | | Email from Y. Dong to play-bd-ops et al. re [TINDER] Experiencing High Latency on Google Play APIs (09/20/2022) | Barras, Brandon Foster, Peter Garcia Rios, Diana Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2457 | MATCHGOOGLE00115536 | | Email from Play BD Ops to Y. Dong re RE: [TINDER] Experiencing High Latency on Google Play APIs (09/21/2022) | Barras, Brandon Foster, Peter Garcia Rios, Diana Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2458 | MATCHGOOGLE00115608 | | Video entitled "My Matches" | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2459 | MATCHGOOGLE00115609 | | Document entitled "Settings" | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2460 | MATCHGOOGLE00118832.R | DX0955 AJ Cihla | 5/13/2019 email from A. Lee to A. Cihla | AJ Cihla | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP2461 | MATCHGOOGLE00119753 | | Video entitled "How to Cancel Tinder Gold" | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2462 | MATCHGOOGLE00119754 | | Document entitled "How to Cancel Your Tinder Gold Subscription on Any Device" | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2463 | MATCHGOOGLE00121531 | | Presentation dated 4/2019 titled "matchgroup Tinder Forecast Review" | Shar Dubey, Peter Foster, Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), No hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2464 | MATCHGOOGLE00121820 | | 10/21/2021 email from S. Dubey to I. Ponnambalam | Shar Dubey | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), No hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2465 | MATCHGOOGLE00121897 | | 5/13/2019 email from T. Cox to A. Ong | Adrian Ong, Peter Foster, Shar Dubey | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), No hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2466 | MATCHGOOGLE00122218 | | 5/21/2019 email from A. Ong to I. Purves, A. Gandhi, D. Saraph | Adrian Ong | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2467 | MATCHGOOGLE00122236 | | 5/10/2019 email from A. Ong to T. Diavet, J. Sine, S. Dubey, G. Swidler, A. Lubot | Adrian Ong, Shar Dubey | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2468 | MATCHGOOGLE00122263 | | 5/10/2019 email from T. Cox to A. Ong | Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2469 | MATCHGOOGLE00122283 | | 4/30/2019 email from H. Hossein to A. Ong | Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2470 | MATCHGOOGLE00122286 | | 5/1/2019 email from S. Dubey to A. Ong | Adrian Ong, Shar Dubey | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106) |
| TEMP2471 | MATCHGOOGLE00122287 | | Presentation dated 4/6/2017 titled "Apple App Store & Match Group Update" | Adrian Ong, Peter Foster, Shar Dubey | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2472 | MATCHGOOGLE00122445 | | 4/11/2019 email from I. Purves to A. Ong | Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2473 | MATCHGOOGLE00122511 | | 2/6/2019 email from A. Ong to G. Swidler | Adrian Ong | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2474 | MATCHGOOGLE00122914 | | Document entitled "Settings" | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2475 | MATCHGOOGLE00122919 | | Document entitled "Payments & Subscriptions" | Dubey, Sharmistha Foster, Peter Ong, Adrian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2476 | MATCHGOOGLE00131573 | | Website entitled Google Play Store: YouTube TV: Ratings and Reviews available at https://play.google.com/store/apps/details?id=com.google.android.apps.youtube.unplugged&hl=en_US&gl=US. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochkar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it.; Misleading; unfair prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2477 | MATCHGOOGLE00131622 | | Website entitled Google Play Store: YouTube TV: Ratings and Reviews: 1-star available at https://play.google.com/store/apps/details?id=com.google.android.apps.youtube.unplugged&hl=en_US&gl=US. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochkar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it.; Misleading; unfair prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2478 | MATCHGOOGLE00131670 | | Website entitled Google Play Store: YouTube: Ratings and Reviews: 2-star available at https://play.google.com/store/apps/details?id=com.google.android.youtub e&hl=en_US&gl=US. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochkar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it.; Misleading; unfair prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2479 | MATCHGOOGLE00131719 | | Website entitled Google Play Store: Google Play: Ratings and Reviews: 1-star Games available at https://play.google.com/store/apps/details?id=com.google.android.play.games&hl=en_US&gl=US. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2480 | MATCHGOOGLE00131767 | | Website entitled Google Play Store: Google Play: Ratings and Reviews available at https://play.google.com/store/apps/details?id=com.google.android.apps.nbu.paisa.user&hl=en_US&gl=US. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2481 | MATCHGOOGLE0013181 | | Website entitled Google Play Store: Google Pay: Ratings and Reviews: 2-star available at https://play.google.com/store/apps/details?id=com.google.android.apps.nbu.paisa.user&hl=en_US&gl=US. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2482 | MATCHGOOGLE00131865 | | Website entitled Google Play Store: Google Pay: Ratings and Reviews: 1-star available at https://play.google.com/store/apps/details?id=com.google.android.apps.nbu.paisa.user&hl=en_US&gl=US. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2483 | MATCHGOOGLE00131914 | | Website entitled Google Play Store: Google Drive: Ratings and Reviews: 1-star available at https://play.google.com/store/apps/details?id=com.google.android.apps.docs&hl=en_US&gl=US. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2484 | MATCHGOOGLE00131962 | | Website entitled Google Play Store: Google Drive: Ratings and Reviews: 2-star available at https://play.google.com/store/apps/details?id=com.google.android.apps.docs&hl=en_US&gl=US. | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2485 | N/A | PX 0709 | Meta data for Document | Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Incomplete; the introduction of any remaining portion ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies; Contain all parts that in fairness ought to be considered at the same time |
| TEMP2486 | N/A | | Article dated 9/7/2018 titled "Fortnite reaches 15 million Android downloads without Google Play", available at https://arstechnica.com/gaming/2018/09/fortnite-reaches-15-million-android-downloads-without-google-play/ | Tim Sweeney, Steve Allison, Matthew Weissinger, Andrew Grant | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2487 | N/A | | Article dated 10/29/2018 titled "Fortnite Scams Are Even Worse Than You Thought", available at https://www.wired.com/story/fortnite-scams-even-worse-than-you-thought/#:~:text=The%20sites%20generally%20encourage%20visitors,fall%20of%20phony%20satisfied%2C0customers.%20Fortnite%20Scams%20Are%20Even%20Worse%20Than%20You%20Thought | Tim Sweeney, Steve Allison, Matthew Weissinger, Andrew Grant | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2488 | N/A | | Document dated 7/16/2021 titled "Allowing developers to apply for more time to comply with Play Payments Policy" | Hiroshi Lockheimer Sameer Samat Edward Cunningham Sarah Karam David Kleidermacher Purnima Kochikar Mrinalini Loew Sebastian Porst Kirsten Rasanen | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2489 | N/A | Ex. 2640 - Danielle Stein | Document dated 5/6/2022 titled "Understanding Google Play's Payment policy" | Hiroshi Lockheimer Sameer Samat Edward Cunningham Sarah Karam David Kleidermacher Purnima Kochikar Mrinalini Loew Sebastian Porst Kirsten Rasanen | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2490 | N/A | DX1341 Ethan Diamond | Bandcamp Updates webpage titled "It's Over" | Ethan Diamond | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2491 | N/A | DX1547 Ethan Diamond | Bandcamp Updates webpage capture titled "Supporting Artists on Android" | Ethan Diamond | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 802—exhibit contains inadmissible hearsay Rule 408–exhibit contains information about a compromise or compromise negotiations | Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Not a prohibited use and/or exception applies (Rule 408) |
| TEMP2492 | N/A | | 8/13/2020 Tweet from Fortnite, available at https://twitter.com/FortniteGame/status/1293851663531495425?s=20 | Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2493 | N/A | | 8/24/2018 Tweet from T. Sweeney, available at https://twitter.com/TimSweeneyEpic/status/1033225118405804032?ref_src=twsrc%5Etfw%7Ctwcamp%5Etweetembed%7Ctwterm%5E1033225118405804032%7Ctwgr%5E485d3771d7f5811b57cfb3d129dfa9cf2d7020bf%7Ctwcon%5Es1_&ref_url=https%3A%2F%2Fwww.businessinsider.com%2Fepic-games-ceo-tim-sweeney-attacks-google-over-fortnite-bug-2018-8 | Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Exhibit is properly complete (Rule 106) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP2494 | N/A | | 8/24/2018 Tweet from T. Sweeney, available at https://twitter.com/TimSweeneyEpic/status/1034254100542746624?s=20 | Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit will be properly authenticated (Rule 901) |
| TEMP2495 | N/A | | 5/10/2023 Tweet from T. Sweeney, available at https://twitter.com/TimSweeneyEpic/status/1656366223423074305 | Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document | Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2496 | N/A | | 11/4/2021 blog post titled "Enabling alternative billing systems for users in South Korea", available at https://developers-kr.googleblog.com/2021/11/enabling-alternative-billing-in-korea-en.html | Michael Marchak; Paul Feng; Purnima Kochikar; Sameer Samat; Donald Harrison; Hiroshi Lockheimer; Christian Cramer | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2497 | N/A | | 10/21/2021 blog post titled "Evolving our business model to address developer needs" available at https://android-developers.googleblog.com/2021/10/evolving-business-model.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2498 | N/A | | 3/16/2021 blog post titled "Boosting developer success on Google Play ", available at https://android-developers.googleblog.com/2021/03/boosting-dev-success.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2499 | N/A | | 05/17/2017 blog post titled "Keeping you safe with Google Play Protect", available at https://blog.google/products/android/google-play-protect/ | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2500 | N/A | | 05/24/2012 blog post titled "In-app Subscriptions in Google Play", available at https://android-developers.googleblog.com/2012/05/in-app-subscriptions-in-google-play.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2501 | N/A | | 3/6/2012 blog post titled " Introducing Google Play: All your entertainment, anywhere you go", available at https://googleblog.blogspot.com/2012/03/introducing-google-play-all-your.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2502 | N/A | | 03/29/2011 blog post titled " In-app Billing Launched on Android Market", available at https://android-developers.googleblog.com/2011/03/in-app-billing-launched-on-android.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2503 | N/A | | 2/02/2011 blog post titled " New Merchandising and Billing Features on Android Market", available at https://android-developers.googleblog.com/2011/02/new-merchandising-and-billing-features.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2504 | N/A | | 12/22/2010 blog post titled "More Payment Options in Android Market", available at https://android-developers.googleblog.com/2010/12/more-payment-options-in-android-market_22.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2505 | N/A | | Blogpost dated 3/6/2023 titled "Keeping Android and Google Play safe with our key 2023 initiatives" Available at: https://android-developers.googleblog.com/2023/03/keeping-google-play-safe-with-our-key-2023-initiatives.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2506 | N/A | | Blogpost dated 12/15/2022 titled "Expanding the App Defense Alliance" Available at: https://security.googleblog.com/2022/12/app-defense-alliance-expansion.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2507 | N/A | | Blogpost dated 10/27/2021 titled "Pixel 6: Setting a new standard for mobile security" Available at: https://security.googleblog.com/2021/10/pixel-6-setting-new-standard-for-mobile.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 401—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2508 | N/A | | Blogpost dated 11/6/2019 titled "The App Defense Alliance: Bringing the security industry together to fight bad apps" Available at: https://security.googleblog.com/2019/11/the-app-defense-alliance-bringing.html | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2509 | N/A | | Paper dated 12/14/2020 titled "The Android Platform Security Model" Available at: https://arxiv.org/pdf/1904.05572.pdf | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2510 | N/A | | Undated website titled "On-device protections" Available at: https://developers.google.com/android/play-protect/client-protections | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2511 | N/A | | Undated website titled "Potentially Harmful Applications (PHAs)" Available at: https://developers.google.com/android/play-protect/potentially-harmful-applications | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2512 | N/A | | Undated website titled "Malware categories" Available at: https://developers.google.com/android/play-protect/phacategories | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Exhibit will be properly authenticated (Rule 901) |
| TEMP2513 | N/A | | Undated website titled "Protect Yourself and Your Devices" Available at: https://oag.ca.gov/privacy/facts/online-privacy/protect-your-computer | David Kleidermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2514 | N/A | | Document dated 12/2014 titled "Getting Smart About Smartphones: Tips for Consumers" Available at: https://oag.ca.gov/sites/all/files/agweb/pdfs/privacy/smartphones_consumers.pdf | David Kleidermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2515 | N/A | | Document dated 1/2013 titled "Privacy on the go: Recommendations for the mobile ecosystem" Available at: https://oag.ca.gov/sites/all/files/agweb/pdfs/privacy/privacy_on_the_go.pdf | David Kleidermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2516 | N/A | | Document dated 2/2014 titled "Cybersecurity in the Golden State" Available at: https://oag.ca.gov/sites/all/files/agweb/pdfs/cybersecurity/2014_cybersecurity_guide.pdf | David Kliedermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2517 | N/A | | Website dated 5/2021 titled "How to Protect your Privacy on Apps" Available at: https://consumer.ftc.gov/articles/how-protect-your-privacy-apps | David Kliedermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2518 | N/A | | Blogpost dated 12/19/2022 titled "Privacy and Mobile Device Apps" Available at: https://www.cisa.gov/news-events/news/privacy-and-mobile-device-apps | David Kliedermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2519 | N/A | | Website dated 1/8/2020 titled "An open letter to Google" Available at: https://privacyinternational.org/advocacy/3320/open-letter-google | David Kliedermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2520 | N/A | | Website article dated 8/13/2020 titled "Apple and Google go to war with Epic Games over Fortnite" Available at: https://www.foxbusiness.com/technology/apple-epic-games-war-over-fortnite | Tim Sweeney, Steve Allison, Andrew Grant, Matthew Weissinger | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2521 | N/A | | Undated website article titled "Unreal® Engine End User License Agreement" Available at: https://www.unrealengine.com/en-US/eula/unreal | Tim Sweeney, Steve Allison, Andrew Grant, Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 802—contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2522 | N/A | | Undated website page titled "Epic Games Store". Available at: https://store.epicgames.com/en-US/browse?q=v%20backs&sortBy=relevancy&sortDir=DESC&count=40 | Tim Sweeney, Steve Allison, Andrew Grant, Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 901—proponent has not established authenticity of the document Rule 106—is unfairly incomplete | Exhibit will be properly authenticated (Rule 901) Exhibit is properly complete (Rule 106) |
| TEMP2523 | N/A | | Figures and charts identified in Tucker expert report dated 11/18/2022 | Catherine Tucker | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2524 | N/A | | Figures and charts identified in Gentzkow expert report dated 11/18/2022 | Matthew Gentzkow | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2525 | N/A | | Figures and charts identified in Leonard expert report dated 11/18/2022 | Greg Leonard | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2526 | N/A | | Figures and charts identified in Skinner expert report dated 11/18/2022 | Douglas Skinner | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2527 | N/A | | Figures and charts identified in Qian expert report dated 11/18/2022 | Zhiyun Qian | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2528 | N/A | | Figures and charts identified in Chatterjee expert report dated 11/18/2022 | Sandeep Chatterjee | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2529 | N/A | | Figures and charts identified in Hoffman expert report dated 11/18/2022 | Donna Hoffman | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2530 | N/A | | Figures and charts identified in Burtis expert report dated 3/31/2022 | Michelle Burtis | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2531 | N/A | | Figures and charts identified in Skinner expert report dated 3/31/2022 | Douglas Skinner | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2532 | N/A | | Figures and charts identified in Leonard expert report dated 10/3/2022 | Greg Leonard | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2533 | N/A | | Figures and charts identified in Leonard expert report dated 12/23/2022 | Greg Leonard | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2534 | N/A | | Figures and charts identified in Gentzkow expert report dated 12/10/2022 | Matthew Gentzkow | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2535 | N/A | | Figures and charts identified in Leonard expert report dated 6/14/2023 | Greg Leonard | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2536 | N/A | | Undated website article titled "Bandcamp Fair Trade Music Policy" Available at: https://bandcamp.com/fair_trade_music_policy | Ethan Diamond | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2537 | N/A | | Undated website article titled "How much are payment processor fees for digital sales?" Available at: https://get.bandcamp.help/hc/en-us/articles/360007802394-How-much-are-payment-processor-fees-for-digital-sales- | Ethan Diamond | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2538 | N/A | | Undated website article titled "How much are payment processor fees for physical sales?" Available at: https://get.bandcamp.help/hc/en-us/articles/360007902293-How-much-are-payment-processor-fees-for-physical-sales- | Ethan Diamond | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2539 | N/A | | Undated website article titled "How do I get paid on Bandcamp, and how often?" Available at: https://get.bandcamp.help/hc/en-us/articles/360007902213-How-do-I-get-paid-on-Bandcamp-and-how-often- | Ethan Diamond | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2540 | N/A | | Website article dated 3/17/2022 titled "Bandcamp Terms of Use" Available at: https://bandcamp.com/terms_of_use | Ethan Diamond | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2541 | N/A | | Undated webpage titled "Play Fortnite on Android" Available at: https://www.fortnite.com/mobile/android | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2542 | N/A | | Undated Fortnite download webpage Available at: https://www.fortnite.com/mobile/android/new-device | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2543 | N/A | | Undated webpage titled "Fortnite Download" Available at: https://www.fortnite.com/download | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2544 | N/A | | Undated webpage titled "Play Fortnite on Mobile Devices" Available at: https://www.fortnite.com/mobile | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2545 | N/A | | Undated webpage titled "Redeem your V-Bucks Card" Available at: https://www.fortnite.com/vbuckscard | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2546 | N/A | | Website article dated 12/19/2022 titled "Epic FTC Settlement and moving beyond long-standing industry practices" Available at: https://www.epicgames.com/site/en-US/news/epic-ftc-settlement-and-moving-beyond-long-standing-industry-practices | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2547 | N/A | | Website article dated 3/22/2023 titled "Introducing Creator Economy 2.0" Available at: https://create.fortnite.com/news/introducing-the-creator-economy-2-0?team=personal | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2548 | N/A | | Website article dated 4/11/2022 titled "Sony and KIRKBI Invest in Epic Games to Build the Future of Digital Entertainment" Available at: https://www.epicgames.com/site/en-US/news/sony-and-kirkbi-invest-in-epic-games-to-build-the-future-of-digital-entertainment | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2549 | N/A | | Website article dated 4/13/2021 titled "Fortnite-maker Epic completes $1B funding round" Available at: https://techcrunch.com/2021/04/13/fortnite-maker-epic-completes-1b-funding-round/ | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2550 | N/A | | Website article dated 5/14/2020 titled "Strike a pose: Yoga apps to find your flow" Available at: https://play.google.com/store/apps/topic?id=editorial_yoga_apps_us&hl=en_US&gl=US | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2551 | N/A | | Commercial dated 2009 titled "iPhone 3g Commercial" Available at: https://www.youtube.com/watch?v=szvsfeyLxyg | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2552 | N/A | | Website article dated 8/23/2023 titled "Introducing the Epic First Run program" Available at: https://store.epicgames.com/en-US/news/introducing-the-epic-first-run-program | Tim Sweeney; Steve Allison; Andrew Grant; Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2553 | N/A | DX1339 Ethan Diamond | Undated website article titled "What are Bandcamp's fees?" | Ethan Diamond | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 402—exhibit is not relevant, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Exhibit is relevant (Rules 401, 402), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2554 | N/A | DX0658 Josh Kim | 12/15/2021 email from S. Velez to J. Kim | Ethan Diamond; Joshua Kim; Michael Marchak; Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2555 | N/A | | Undated webpage titled "Android 13 Compatibility Definition" Available at: https://source.android.com/docs/compatibility/13/android-13-cdd | Edward Cunningham, David Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2556 | N/A | | Document dated 10/4/2021 titled "Compatibility Definition Android 12" Available at: https://source.android.com/static/docs/compatibility/12/android-12-cdd.pdf | Edward Cunningham, David Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2557 | N/A | | Document dated 8/11/2021 titled "Compatibility Definition Android 11" Available at: https://source.android.com/static/docs/compatibility/11/android-11-cdd.pdf | Edward Cunningham, David Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2558 | N/A | | Document dated 1/20/2021 titled "Compatibility Definition Android 10" Available at: https://source.android.com/static/docs/compatibility/10/android-10-cdd.pdf | Edward Cunningham, David Kleidermacher | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2559 | N/A | DX0001 Edward Zobrist, Hans Stolfus, Andrew Grant | Document dated 12/2/2021 titled "Defendants' Notice of Deposition of Plaintiff EPIC Games, Inc." | Edward Zobrist, Hans Stolfus, Andrew Grant | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2560 | N/A | DX1001 Bradley Harris | Document dated 9/27/2011 titled "Scheller Launches Geaux Vote Mobile Application" | Bradley Harris | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2561 | N/A | DX0507 Ted Goessling | Undated document titled "Innovation Informs Minnesotans about COVID-19 Resources, Risks and Guidance" | Ted Goessling | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2562 | N/A | DX0791 Robert Beaty | 6/4/2022 letter from J. Pope to B. Bradshaw | Robert Beaty | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2563 | N/A | DX0004 Penwarden, Nicholas; Grant, Andrew; Zobrist, Edward; Babcock, Christopher | Blogpost dated 9/6/2018 titled "Fortnite on Android Launch Technical Blog" | Nicholas Penwarden, Andrew Grant, Edward Zobrist, Christopher Babcock, Tim Sweeney, Steve Allison, Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2564 | N/A | DX0481 Ko, Thomas | Epic Games, Inc. v. Apple Inc., Case No. C-20-5640 YGR, Reporter's Transcript of Proceedings (May 6, 2021) | Thomas Ko | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2565 | N/A | DX0537 Kreiner, Joseph | Website article dated 4/28/2021 titled "Fortnite isn't on Microsoft's Xbox Cloud Gaming service because Epic won't allow it" | Joseph Kreiner, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2566 | N/A | DX0013 Grant, Andrew | Website article dated 8/11/2018 titled "Fortnite for Android reminds users to block installations from unknown sources after install" | Andrew Grant, Tim Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2567 | N/A | | Undated webpage titled "Health Content and Services" Available at: https://support.google.com/googleplay/android-developer/answer/12261419?visit_id=638295719990185461-1510244377&rd=1 | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2568 | N/A | | Undated webpage titled "Preview: Blockchain-based Content" Available at: https://support.google.com/googleplay/android-developer/answer/13607354 | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2569 | N/A | | Undated webpage titled "User Data" Available at: https://support.google.com/googleplay/android-developer/answer/10144311?visit_id=638295719992919904-2025117313&rd=1 | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2570 | N/A | | Undated webpage titled "Permissions and APIs that Access Sensitive Information" Available at: https://support.google.com/googleplay/android-developer/answer/9888170?visit_id=6382957199925199904-2025117313&rd=1 | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2571 | N/A | | Undated webpage titled "Google Play's Target API Level Policy" Available at: https://support.google.com/android-developer/answer/11917020 | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2572 | N/A | | Undated webpage titled "Play Console Requirements" Available at: https://support.google.com/android-developer/answer/10788890 | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, David Kleidermacher, Ed Cunningham, Sebastian Porst | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2573 | N/A | | Undated webpage titled "Google Play Families Policies" Available at: https://support.google.com/googleplay/android-developer/answer/9893335 | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2574 | N/A | | Undated webpage titled "Families Self-Certified Ads SDK Policy" Available at: https://support.google.com/android-developer/answer/12918983 | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer | Defense to Plaintiffs' claims; Google counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2575 | N/A | | Undated webpage titled "Metadata" Available at: https://support.google.com/android-developer/answer/9898842 | Sameer Samat, Purnima Kochikar, Michael Marchak, Hiroshi Lockheimer, Brandon Barras, Sarah Karam | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2576 | N/A | | Undated webpage titled "About Google" Available at: https://about.google/ | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2577 | N/A | | Undated webpage titled "Enabling Opportunity" Available at: https://www.android.com/everyone/enabling-opportunity/ | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2578 | N/A | | Undated webpage titled "Switch from iPhone to Android. It's easier than ever." Available at: https://www.android.com/switch-to-android/ | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2579 | N/A | | Undated webpage titled "What is Android" Available at: https://www.android.com/what-is-android/ | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2580 | N/A | | Webpage dated 5/7/2019 titled "At I/O '19: Building a more helpful Google for everyone" Available at: https://blog.google/technology/developers/io19-helpful-google-everyone/ | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2581 | N/A | PX 1813 Chris Dary | Website article dated 10/5/2010 titled "GetJar to give mobile games away to millions of users for free" | Chris Dary | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2582 | N/A | PX2729  Sundar Pichai | Undated document titled "Google Code of Conduct" | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2583 | N/A | | Letter from Alphabet Inc. to United States Security and Exchange Commission, "Re: Alphabet Inc., Form 10-Q for the Quarterly Period Ended June 30, 2017, Filed July 25, 2017, File No. 001-37580," August 25, 2017. | Hiroshi Lockheimer, Sameer Samat, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2584 | N/A | | Alphabet, Q2 2022 Earnings Call, July 26, 2022. Available at: https://abc.xyz/investor/events/2022-q2-earnings-call/ | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2585 | N/A | | Alphabet, Q3 2022 Earnings Call, October 25, 2022. Available at: https://abc.xyz/investor/events/2022-q3-earnings-call/ | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2586 | N/A | | Alphabet Inc. Form 10-Q for the quarterly period ended September 30, 2022. Available at: https://abc.xyz/assets/06/a6/2ea9850a4b4584c07fac2c1b517d/20221025-alphabet-10q.pdf | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2587 | N/A | | Undated webpage titled "About YouTube," available at https://about.youtube/, accessed on November 7, 2022. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2588 | N/A | | Undated webpage titled "Grow with Google Play Pass," Google, available at https://play.google.com/console/about/programs/googleplaypass/, accessed on November 7, 2022 | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2589 | N/A | | Webpage dated 10/4/2016 titled "Introducing Pixel, our new phone made by Google," Google, October 4, 2016, available at https://blog.google/products/pixel/introducing-pixel-our-new-phone-made-google/, accessed on November 9, 2022. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2590 | N/A | | Webpage dated 9/20/2017 titled "Say hello to Nest Hello," available at https://blog.google/products/nest/say-hello-nest-hello/, accessed on November 9, 2022. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2591 | N/A | | Undated webpage titled "Subscribe with Google," available at https://support.google.com/googleplay/answer/7668730?hl=en&ref_topic=1689236, accessed on October 7, 2022. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2592 | N/A | | Webpage dated 2/21/2013 titled "The Chromebook Pixel, for what's next," available at https://chrome.googleblog.com/2013/02/the-chromebook-pixel-for-whats-next.html, accessed on November 9, 2022. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2593 | N/A | | Webpage dated 7/19/2022 titled "An Update on Google Play Billing in the EEA," available at: https://blog.google/around-the-globe/google-europe/an-update-on-google-play-billing-in-the-eea. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2594 | N/A | | Undated webpage titled "Changes to Google Play's Billing Requirements for Developers Service Users in South Korea," Available at: https://support.google.com/googleplay/android-developer/answer/11222040. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2595 | N/A | | Undated webpage titled "Changes to Google Play's service fee in 2021", Available at: https://support.google.com/googleplay/android-developer/answer/10632485. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2596 | N/A | | Webpage dated 11/10/2022 titled "Continuing our Commitment to User Choice Billing," available at: https://android-developers.googleblog.com/2022/11/continuing-ourcommitment-to-user-choice-billing.html. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2597 | N/A | | Undated webpage titled "Earn and track your Google Play Points," available at: https://support.google.com/googleplay/answer/9071192?hl=en&co=GENIE.CountryCode%3DUS#:~:text=Any%20points%20you%20earn%20will,progress%20when%20you%20use%20them. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2598 | N/A | | Undated webpage titled "Enrolling in the User Choice Billing Pilot," available at: https://support.google.com/googleplay/android-developer/answer/12570971?hl=en. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2599 | N/A | | Undated webpage titled "Offering an Alternative Billing System for Users in the European Economic Area (EEA)," available at: https://support.google.com/googleplay/android-developer/answer/12348241?rippy=%2Cwhich-countries-make-up-the-european-economic-area-eea. | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2600 | N/A | | Undated website titled "Supported locations for distribution to Google Play users" available at: https://support.google.com/googleplay/android-developer/answer/10532353?hl=en | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2601 | N/A | | Alphabet 10-K for 2022 available at: https://www.sec.gov/Archives/edgar/data/1652044/000165204423000016/goog-20221231.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2602 | N/A | | Alphabet 10-K for 2021 available at: https://www.sec.gov/Archives/edgar/data/1652044/000165204422000019/goog-20211231.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2603 | N/A | | Alphabet 10-K for 2020 available at: https://www.sec.gov/Archives/edgar/data/1652044/000165204421000010/goog-20201231.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2604 | N/A | | Alphabet 10-K for 2019 available at: https://www.sec.gov/Archives/edgar/data/1652044/000165204420000008/goog10-k2019.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2605 | N/A | | Alphabet 10-K for 2018 available at: https://www.sec.gov/Archives/edgar/data/1652044/000165204419000004/goog10-kq42018.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2606 | N/A | | Alphabet 10-K for 2017 available at: https://www.sec.gov/Archives/edgar/data/1652044/000165204418000007/goog10-kq42017.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2607 | N/A | | Alphabet 10-K for 2016 available at: https://www.sec.gov/Archives/edgar/data/1652044/000165204417000008/goog10-kq42016.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2608 | N/A | | Alphabet 10-K for 2015 available at: https://www.sec.gov/Archives/edgar/data/1288776/000165204416000012/goog10-k2015.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2609 | N/A | | Google 10-K for 2014 available at: https://www.sec.gov/Archives/edgar/data/1288776/000128877615000008/goog20141231104.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2610 | N/A | | Google 10-K for 2013 available at: https://www.sec.gov/Archives/edgar/data/1288776/000128877614000002/0/goog20131231104.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2611 | N/A | | Google 10-K for 2012 available at: https://www.sec.gov/Archives/edgar/data/1288776/000119312513023362/d452134d10k.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2612 | N/A | | Google 10-K for 2011 available at: https://www.sec.gov/Archives/edgar/data/1288776/000119312512025336/d260164d10k.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2613 | N/A | | Google 10-K for 2010 available at: https://www.sec.gov/Archives/edgar/data/1288776/000119312511032930/d10k.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2614 | N/A | | Google 10-K for 2009 available at: https://www.sec.gov/Archives/edgar/data/1288776/000119312510030774/d10k.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2615 | N/A | | Google 10-K for 2008 available at: https://www.sec.gov/Archives/edgar/data/1288776/000119312509092944/d10k.htm | Sundar Pichai, Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam , David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2616 | N/A | | Undated webpage titled "An open letter to Google" available at: https://privacyinternational.org/advocacy/3320/open-letter-google | Sundar Pichai, David Kleidermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2617 | N/A | DX0012 Sweeney, Timothy | Tweet dated 8/5/2018 from T. Sweeney | Timothy Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—proponent has not established inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2618 | N/A | DX0667 Sweeney, Timothy | Epic Games, Inc. v. Apple Inc., Case No. C-20-5640 YGR, Reporter's Transcript of Proceedings (May 3, 2021) | Timothy Sweeney | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2619 | N/A | DX1360 Smith, Douglas | Document dated 4/4/2022 titled "CIS Google Android Benchmark" | Douglas Smith | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2620 | N/A | DX1133 Douglas Bernheim | Undated document titled "Paid app availability" | Purnima Kochikar, Sameer Samat; Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2621 | N/A | | Undated webpage titled "Supercell Store Help: Checkout & Payment" Available at: https://store.supercell.com/help | Purnima Kochikar, Jamie Rosenberg, Michael Marchak, Lawrence Koh, Sameer Samat, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2622 | N/A | | Undated webpage titled "Supercell Store Help: General" Available at: https://store.supercell.com/help | Purnima Kochikar, Jamie Rosenberg, Michael Marchak, Lawrence Koh, Sameer Samat, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2623 | N/A | | Undated webpage titled "Supercell Store: About" Available at: https://store.supercell.com/about | Purnima Kochikar, Jamie Rosenberg, Michael Marchak, Lawrence Koh, Sameer Samat, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2624 | N/A | | Undated webpage titled "Supercell Store: About the supercell store" Available at: https://support.supercell.com/clash-royale/en/articles/what-is-the-supercell-store-3.html | Purnima Kochhikar, Jamie Rosenberg, Michael Marchak, Lawrence Koh, Sameer Samat, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2625 | N/A | | Undated webpage titled "Supercell Store (Connecting Game Account)" Available at: https://store.supercell.com/ | Purnima Kochhikar, Jamie Rosenberg, Michael Marchak, Lawrence Koh, Sameer Samat, Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2626 | N/A | | Undated webpage titled "Android ecosystem security (Device Safety)" available at: https://transparencyreport.google.com/android-security/device-platform-safety?hl=en | David Kleidermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2627 | N/A | | Undated webpage titled "Android ecosystem security (overview)" available at:https://transparencyreport.google.com/android-security/overview?hl=en | David Kleidermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2628 | N/A | | Undated webpage titled "Android ecosystem security (Play Store Safety)" available at: https://transparencyreport.google.com/android-security/store-app-safety?hl=en | David Kleidermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2629 | N/A | | Undated webpage titled "Switch from iPhone to Android. It's easier than ever." available at: https://www.android.com/switch-to-android/ | Hiroshi Lockheimer, Sameer Samat, Edward Cunningham, Sarah Karam, David Kleidermacher, Purnima Kochikar, Mrinalini Loew, Sebastian Porst, Kirsten Rasanen | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2630 | N/A | | Undated webpage titled "The apps you love. From a place you can trust." available at: https://www.apple.com/app-store/ | Sameer Samat, Purnima Kochikar, Hiroshi Lockheimer, Carson Oliver, Apple custodian of record | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2631 | N/A | | Undated webpage titled "It's easy to switch from Android to iPhone." Available at: https://www.apple.com/iphone/switch/ | Sameer Samat, Purnima Kochikar, Hiroshi Lockheimer, Carson Oliver, Apple custodian of record | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2632 | N/A | | Document dated 10/2021 titled "Building a Trusted Ecosystem for Millions of Apps" available at: https://www.apple.com/privacy/docs/Building_a_Trusted_Ecosystem_for_Millions_of_Apps_A_Threat_Analysis_of_Sideloading.pdf | David Kleidermacher, Ed Cunningham, Hiroshi Lockheimer, Carson Oliver Apple custodian of record | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2633 | N/A | | Video dated 11/9/2021 titled "Tim Cook on the Future of the Internet, Crypto, Mental Health, and More" Available at: https://www.youtube.com/watch?v=HMP66Q_jFCE | Hiroshi Lockheimer, David Kleidermacher, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2634 | N/A | | Video dated 4/22/2018 titled "Apple Makes Fun of Android #3" Available at: https://www.youtube.com/watch?v=z1APG3HjOMQ | Hiroshi Lockheimer, Sameer Samat | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2635 | N/A | DX0111 Allison, Steven | Epic Games, Inc. v. Apple Inc., Case No. C-20-5640 YGR, Reporter's Transcript of Proceedings (May 7, 2021) | Steven Allison | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2636 | N/A | | Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR, Dkt. No. 777-3, Findings of Fact and Conclusions of Law Proposed by Epic Games, Inc. (May 28, 2021). | Tim Sweeney, Steve Allison, Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2637 | N/A | | Epic Games, Inc. v. Apple Inc., Case No. 4:20-cv-05640-YGR, Dkt. No. 407, Findings of Fact and Conclusions of Law Proposed by Epic Games, Inc. (April 8, 2021). | Tim Sweeney, Steve Allison, Matthew Weissinger | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2638 | N/A | | Twitter profile of Carson Oliver. Available at: https://twitter.com/carsonoliver | Carson Oliver; Apple custodian of record | Defense to Plaintiffs' claims | Plaintiff | Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2639 | N/A | DX1408 Don Morrill | Webpage dated 3/2/2022 titled "How to Sideload Apps onto Your Amazon Fire Tablet" | Don Morrill | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2640 | N/A | DX1148 | Screenshot of the payments page for Down Dog on iOS App Store | Ben Simon | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2641 | N/A | DX1149 | Screenshot of the payments page for Down Dog on Google Play. | Ben Simon | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2642 | N/A | DX1150 | Screenshot of the payments page for Down Dog on website. | Ben Simon | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2643 | N/A | DX1152 | Down Dog FAQ | Ben Simon | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2644 | N/A | DX1156 | Strike a pose_ Yoga apps to find your flow - Android Apps on Google Play. | Ben Simon | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 802—exhibit contains inadmissible hearsay, Foundation | Exhibit is properly complete (Rule 106), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2645 | N/A | DX1162 | Down Dog on X _ Go Epic! @TimSweeneyEpic is our new hero (Aug. 13, 2020) | Ben Simon | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2646 | N/A | | Press release dated 11/18/2020 titled "Apple announces App Store Small Business Program" Available at: https://www.apple.com/newsroom/2020/11/apple-announces-app-store-small-business-program/ | Sameer Samat, Paul Gennai, Hiroshi Lockheimer, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Foundation; Rule 901—proponent has not established authenticity of the document | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901) |
| TEMP2647 | N/A | | Website titled "Layoffs at Epic", available at: https://www.epicgames.com/site/en-US/news/layoffs-at-epic | Timothy Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP2648 | N/A | | Website titled "Upcoming Fortnite Pricing Alignment in Czech Republic, Denmark, Eurozone Countries, Hungary, Japan, Norway, Poland, Romania, Sweden, Turkye, and the United States in October 2023", available at: https://www.fortnite.com/news/upcoming-fortnite-pricing-alignment-in-czech-republic-denmark-eurozone-countries-united-states-and-more-in-october-2023 | Timothy Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403) |
| TEMP2649 | N/A | | Motorola Razr V3 mobile phone | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative; Untimely disclosure | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Disclosure is timely; no prejudice |
| TEMP2650 | N/A | | Nokia 3210 mobile phone | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative; Untimely disclosure | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Disclosure is timely; no prejudice |
| TEMP2651 | N/A | | Nokia N95 mobile phone | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative; Untimely disclosure | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Disclosure is timely; no prejudice |
| TEMP2652 | N/A | | T-Mobile Blackberry 8700 mobile phone | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative; Untimely disclosure | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Disclosure is timely; no prejudice |
| TEMP2653 | N/A | | Motorola Q mobile phone | Rich Miner | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative; Untimely disclosure | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Disclosure is timely; no prejudice |
| TEMP2654 | N/A | | Undated webpage titled "Apple Video Partner Program" Available at: https://developer.apple.com/program/s/video-partner/ | Sameer Samat, Paul Gennai, Hiroshi Lockheimer, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2655 | N/A | | Undated webpage titled "App Store 2.0" Available at: https://www.theverge.com/2016/6/8/11880730/apple-app-store-subscription-update-phil-schiller-interview | Sameer Samat, Paul Gennai, Hiroshi Lockheimer, Purnima Kochikar | Defense to Plaintiffs' claims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |

JOINT TRIAL EXHIBIT LIST

DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2656 | N/A | | Undated webpage titled "How to sign up for Netflix" Available at: https://help.netflix.com/en/node/112 419#:~:text=To%20sign%20up%20f ront%20your,browser%20to%20fini sh%20signing%20up. | Mrinalini Loew, Paul Feng, Paul Perryman | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 802—exhibit contains inadmissible hearsay | Exhibit is properly complete (Rule 106), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2657 | N/A | PX2060 Sandra Alzetta | Presentation dated 7/27/2022 titled "Spotify Q2 2022 Update" | Sandra Alzetta | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2658 | N/A | DX1055 Robert Rowe | Undated document titled "Download the iHeartRadio App for Music, Radio and Podcasts" | Robert Rowe | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2659 | N/A | DX1367 Richard Watts | Website article dated 10/21/2021 titled "Google dropping Play Store subscription fee from 30% to 15% on day one for all Android devs" | Richard Watts | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2660 | N/A | DX1368 Richard Watts | Website article dated 5/11/2022 "Bumble, Inc. (BMBL) Q1 2022 Earnings Call Transcript" | Richard Watts | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay | Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2661 | N/A | | Screen recording of flow for unknown source flow on Samsung Galaxy phone | Dave Kleidermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |
| TEMP2662 | N/A | | Screen recording of flow for unknown source flow on Google Pixel phone | Dave Kleidermacher, Ed Cunningham | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |
| TEMP2663 | N/A | | Screen recording of switching process from Android Pixel phone to iPhone | Paul Gennai; Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |
| TEMP2664 | N/A | | Screen recording of switching process from iPhone to Android Pixel phone | Paul Gennai; Hiroshi Lockheimer | Defense to Plaintiffs' claims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |
| TEMP2665 | N/A | | Screen recording of Tinder subscription purchase from website and use of Tinder subscription in Android app | Shar Dubey, Peter Foster, Adrian Ong; Brandon Barras; Sarah Karam | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |
| TEMP2666 | N/A | | Screen recording of V-Bucks purchase from alternate platform and redemption of V-Bucks in Android app | Mrinalini Loew; Paul Feng; Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |
| TEMP2667 | N/A | | Screen recording of V-Bucks purchase from mobile web browser and redemption of V-Bucks in Android app | Mrinalini Loew; Paul Feng; Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2668 | N/A | | Screen recording of V-Buck purchases in Android app | Mrinalini Loew; Paul Feng; Tim Sweeney | Defense to Plaintiffs' claims; proof of Epic's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |
| TEMP2669 | N/A | | Screenshot showing default home screen of Samsung smartphone | Shar Dubey, Peter Foster, Adrian Ong, Brandon Barras; Sarah Karam | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |
| TEMP2670 | N/A | | Screen recording showing access to Tinder on Samsung Galaxy Store and in-app purchase flow | Shar Dubey, Peter Foster, Adrian Ong, Brandon Barras; Sarah Karam | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |
| TEMP2671 | N/A | | Screen recording showing Tinder website on Samsung phone web browser | Shar Dubey, Peter Foster, Adrian Ong, Brandon Barras; Sarah Karam | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Disclosure is timely; no prejudice |
| TEMP2672 | N/A | | Screen recording showing OkCupid website on Samsung phone web browser | Shar Dubey, Peter Foster, Adrian Ong, Brandon Barras; Sarah Karam | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 106—exhibit is unfairly incomplete, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay Foundation Untimely disclosure | Exhibit is properly complete (Rule 106). Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Disclosure is timely; no prejudice |
| TEMP2673 | | DX 0004 | Fortnite on Android Launch Technical Blog (09/06/2018) | Babcock, Chris Grant, Andrew | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2674 | | PX 0305; PX 1128 | Android Market - Now available for users - Android Developers Blog (10/22/2008) | Chu, Eric Mattson, Justin Rubin, Andy Sears, Nick Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Mattson, Justin Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2675 | | PX 0712 | Update on Play (06/21/2020) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Mattson, Justin Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |

JOINT TRIAL EXHIBIT LIST

DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2676 | | PX 0713; PX 1179; PX 1712; PX 2053 | Android Developers Blog, "Listening to Developer Feedback to Improve Google Play" (09/28/2020) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Mattson, Justin; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2677 | | PX 0714 | Developer Program Policy (01/20/2021) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Mattson, Justin; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2678 | | PX 0889 | Presentation titled, "Android Anatomy and Physiology" from http://sites.google.com/site/io/anatomy--physiology-of-an-android | Brady, Patrick | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2679 | | PX 1177 | Landa Cube - Twitter | Post, Sebastian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Relevance (Fed. R. Evid. 402).; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP2680 | | PX 1188 | Compatibility Definition Android 12 (10/04/2021) | Cunningham, Edward | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2681 | | PX 1692 | Document titled, "Google Play's Billing System Overview" (09/14/2022) | Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2682 | | PX 1695 | Document titled, "Purchase Flow" (09/14/2022) | Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2683 | | PX 1696 | Document titled, "Payments" (09/14/2022) | Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2684 | | PX 1815 | Website titled, "Imperio Remote Desktop Earn Gold - With GetJar Gold Program" www.prweb.com/releases/2011/9/prweb8802464.htm 1/ (last accessed 09/15/2022) | Dury, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2685 | | PX 1818 | Website titled, "How to Install Android App" https://www.getjar.com/how-it-works (last accessed 09/15/2022) | Dury, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2686 | | PX 1823 | Website titled, "GetJar Terms and Conditions" https://www.getjar.com/info/terms (last accessed 09/16/2022) | Dury, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2687 | | PX 1868 | Webpage titled, "OCV Privacy Policy" | Beaty, Robert | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2688 | | PX 1869 | Document titled, "OCV Invoice" (06/15/2022) | Beaty, Robert | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2689 | | PX 1870 | Document titled, "An order of the Collin County Commissioner Court Approving the use of Funds" (06/25/2022) | Beaty, Robert | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2690 | | PX 0713; PX 1179; PX 1712; PX 2053 | Document titled, "Android Developers Blog: Listening to Developer Feedback to Improve Google Play" (09/28/2020) | Perryman, Paul | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2691 | | PX 2607 | Webpage titled, "Nvidia - Can I Play GeForce NOW Using my Phone's 4G or 5G Connection?" (09/29/2021) https://nvidia.custhelp.com/app/answers/detail/a_id/4952/~/can-i-play-geforce-now-using-my-phone%E2%80%99s-4g-or-5g-connection%3F | Patel, Aashish | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2692 | | PX 2696 | Document titled, "Project, Documents, Notes" | Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2693 | | PX 1347 | Android Market update: support for priced applications (02/13/2009) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Mattson, Justin; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2694 | | PX 2619 | Webpage titled, "Play Studio on Mobile Devices" (09/20/2022) https://support.google.com/stadia/answer/9609786?hl=en#zippy=%2Cwired-connection%2Cwireless-connection | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2695 | | PX 2621 | Webpage titled, "Bandwidth, Data Usage, and Stream Quality" (09/22/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2696 | | PX 2654 | Webpage titled, "YouTube Official Blog - YouTube Music App Now Preinstalled on Android 10 Devices" (09/27/2019) https://web.archive.org/web/20190927215315/https://youtube.googleblog.com/2019/09/youtube-music-app-android10.html | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2697 | | PX 2678 | Webpage titled, "Payments" https://support.google.com/googleplay/android-developer/answer/9858738?hl=en (last accessed 11/08/2022) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2698 | | PX 2679 | Webpage titled, "Exploring User Choice Billing With First Innovation Partner Spotify" https://android-developers.googleblog.com/2022/03/user-choice-billing.html (last accessed 11/02/2022) | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2699 | | PX 2723 | Webpage titled, "Google Public Policy Blog - Browsers Powered by User Choice" (02/24/2009) https://publicpolicy.googleblog.com/2009/02/browsers-powered-by-user-choice.html | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2700 | | PX 2743 | Webpage titled, "Updates to Android and Google Play in India" | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2701 | | PX 2883 | Form 10-K, Alphabet Inc., for Fiscal Year Ended 12/31/2021 | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2702 | | PX 2884 | Form 10-K, Alphabet Inc., for Fiscal Year Ended 12/31/2022 | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2703 | | PX 2892 | Webpage titled, "Enrolling in the user choice billing pilot - Play Console Help" | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2704 | | PX 2905 | Article titled, "Consumer purchasing behaviour in the UK smartphone market for the CMA's Mobile Ecosystems Market Study" | Barras, Brandon Harrison, Don Kleidermacher, Dave Kochikar, Purnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Opinion testimony by Lay Witness (Fed. R. Evid. 701)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and is self-authenticating; Opinion, if any, is rationally based on the author's perception, is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2705 | | | Mayrhofer et al. (December 14, 2020), "The Android Platform Security Model" ArXiv, e-prints, DOI: https://arxiv.org/abs/1904.05572 Last accessed 6/13/2023 | Mickens, James | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and is self-authenticating. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2706 | | | Lukasz Grzybowski and Ambre Nicolle, "Estimating Consumer Inertia in Repeated Choices of Smartphones," The Journal of Industrial Economics 69, no. 1 | Bernheim, Douglas; Ryman, Marc; Singer, Hal | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2707 | | | "Google Developers: Enabling alternative billing systems for users in South Korea," 2021, available online at, https://developers-kr.googleblog.com/2021/11/enabling-alternative-billing-in-korea-en.html (last accessed 6/13/2023) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2708 | | | "Android Developers Blog: Continuing our Commitment to User Choice Billing," November 10, 2022, available online at, https://android-developers.googleblog.com/2022/11/continuing-our-commitment-to-user-choicebilling.html (last accessed 6/13/2023) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2709 | | | "Service fees," Play Console Help, available at https://support.google.com/googleplay/androiddeveloper/answer/112622?hl=en (last accessed 6/13/2023) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2710 | | | "Changes to Google Play's billing requirements for developers serving users in South Korea," Play Console Help, available at https://support.google.com/googleplay/android-developer/answer/11222040 (last accessed October 2, 2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2711 | | | "Understanding Google Play's Payments policy," Play Console Help, available at https://support.google.com/googleplay/android-developer/answer/10281818?hl=en (last accessed 6/13/2023) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2712 | | | Horizontal Merger Guidelines | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2713 | | | Accent, "Consumer purchasing behaviour in the UK smartphone market for the CMA's Mobile Ecosystems Market Study," June 2022 | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2714 | | | UK CMA report, 2022 (06/10/2022) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2715 | | | Document titled, "Investigation of Competition in Digital Markets - Majority Staff Report and Recommendations / Subcommittee on Antitrust, Commercial and Administrative Law of the Committee on the Judiciary", by Jerrod Nadler, Chairman, Committee on the Judiciary & David N. Cilline, Chairman, Subcommittee on Antitrust, Commercial and Administrative Law | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2716 | | | Document titled: "Competition in the Mobile Application Ecosystem" NTIA Report by U.S. Department of Commerce | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2717 | | | European Commission Decision relating to a proceeding under Article 102 of the Treaty on the Functioning of the European Union (the Treaty) and Article 54 of the EEA Agreement in Case AT.40099 - Google Android | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2718 | | | European Commission Opinion of the Advisory Committee on restrictive practices and dominant positions at its meeting on 6 July 2018 concerning a draft decision in Case AT.40099 - Google Android | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2719 | | | European Commission Opinion of the Advisory Committee on restrictive practices and dominant positions at its meeting on 17 July 2018 concerning a draft decision in Case AT.40099 - Google Android | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2720 | | | European Commission Decision relating to a proceeding under Article 102 of the Treaty on the Functioning of the European Union and Article 54 of the EEA Agreement in Case AT.40099 - Google Android | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2721 | | | European Commission Google Android Appeal Judgment | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2722 | | | Competition Commission of India, Case No. 39 of 2018 | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Opinion testimony by Lay Witness (Fed. R. Evid. 701),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2723 | | | Competition Commission of India, Case No. 07 of 2020, No. 14 of 2021, No. 35 of 2021 | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Opinion testimony by Lay Witness (Fed. R. Evid. 701).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2724 | | | South Korea KFTC Decision (Translated) available at https://www.ftc.go.kr/www/selectReportUserView.do?key=1 &&rpttype=1 &report_data_no=10005 | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Opinion testimony by Lay Witness (Fed. R. Evid. 701).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2725 | | | Document titled, "Competition & Markets Authority: Mobile ecosystems - Market study final report" | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Opinion testimony by Lay Witness (Fed. R. Evid. 701).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702; |
| TEMP2726 | | | Document titled Android Compatability Definition Document available at https://source.android.com/docs/compatibility/cdd (last accessed 07/27/2023) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2727 | | | Webpage entitled, "Understanding Google Play's Payment Policy" available at https://support.google.com/googleplay/android-developer/answer/10281818?hl=en (last accessed 07/27/2023) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2728 | | | Webpage entitled "Android Market: Now available for users" available at https://android-developers.googleblog.com/2008/10/android-market-now-available-for-users.html (last accessed 07/27/2023) | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2729 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended March 31, 2023 | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2730 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended June 30, 2023 | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2731 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended March 31, 2022 | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2732 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended June 30, 2022 | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2733 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended September 30, 2022 | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2734 | | | Alphabet Inc. Form 10-K - For the fiscal year ended December 31, 2022 | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2735 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended March 31, 2021 | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2736 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended June 30, 2021 | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2737 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended September 30, 2021 | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2738 | | | Alphabet Inc. Form 10-K - For the fiscal year ended December 31, 2021 | Barras, Brandon<br>Harrison, Don<br>Kleidermacher, Dave<br>Kochikar, Purnima<br>Koh, Lawrence<br>Kolotouros, Jim<br>Lockheimer, Hiroshi<br>Pichai, Sundar<br>Rosenberg, Jamie<br>Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2739 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended March 31, 2020 | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2740 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended June 30, 2020 | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2741 | | | Alphabet Inc. Form 10-Q - For the quarterly period ended September 30, 2020 | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence, Exhibit is what the proponent claims it is and/or is self-authenticating |
| TEMP2742 | | | Alphabet Inc. Form 10-K - For the fiscal year ended December 31, 2020 | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence, Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702 |
| TEMP2743 | | | Alphabet Inc. Form 10-K - For the fiscal year ended December 31, 2019. | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence, Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702 |
| TEMP2744 | | | Alphabet Inc. Form 10-K - For the fiscal year ended December 31, 2018. | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence, Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702 |
| TEMP2745 | | | Alphabet Inc. Form 10-K - For the fiscal year ended December 31, 2017. | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies, Opinion, if any, is rationally based on the author's perception; is helpful to clearly understand testimony or determine a fact in issue; and/or is not based on knowledge within the scope of Rule 702 |
| TEMP2746 | | | Alphabet Inc. Form 10-K - For the fiscal year ended December 31, 2016. | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2747 | | | Alphabet Inc. Form 10-K - For the fiscal year ended December 31, 2015. | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2748 | | | Alphabet Inc. Form 10-K - For the fiscal year ended December 31, 2014. | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies |
| TEMP2749 | | | Alphabet Inc. Form 10-K - For the fiscal year ended December 31, 2013. | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2750 | | | Email re "upcoming features for Archer," sent August 9, 2023 at 2:07 PM from G. Galyon to J. Reynolds, I. Purves, and P. Foster | Foster, Peter | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2751 | | | Webpage entitled "Preview: Device and Network Abuse" available at https://support.google.com/googleplay/android-developer/answer/13315670 (last accessed 08/23/2023) | Bankhead, Paul; Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Samat, Sameer; Rosenberg, Jamie; Rubin, Andy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2752 | | | Webpage entitled "Epic Games Store Year in Review 2022" (2023.03.09) available at https://store.epicgames.com/en-US/news/epic-games-store-2022-year-in-review#:~:text=Publishers%20and%20developers%20brought%20626,a.p%2018%25%20year%20over%20year (last accessed 2023.08.24) | Allison, Steven | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2753 | | | Webpage entitled "Introducing Epic First Run" (2023.08.23) available at https://store.epicgames.com/en-US/news/introducing-the-epic-first-run-program (last accessed 2023.08.24) | Allison, Steven | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2754 | | PX 1078 | LinkedIn Profile for Jon Gold (last accessed June 8, 2022) | Gold, Jon | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2755 | | PX 1140; PX 0676; PX 1762 | Plaintiffs' Notice of Deposition of Google LLC et al (12/13/2021) | Porst, Sebastian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2756 | | PX 1569 | LinkedIn Profile for Anthony DiVento | DiVento, Anthony | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2757 | | PX 1697 | Webpage entitled, "Additional in-app billing system declaration form" available at https://support.google.com/googleplay/android-developer/contact/additional_billing_system | Loew, Mrinalini | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2758 | | PX 1140; PX 0676; PX 1762 | Notice of Deposition served on Google (12/13/2021) | Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2759 | | PX 1763 | Preparation notes for 30(b)(6) deposition | Rasanen, Kirsten | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2760 | | PX 1812 | LinkedIn Profile for Chris Dury (last accessed 2022.09.15) | Dury, Christopher | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2761 | | PX 1993 | 30(b)(6) Deposition Notice (8/25/2022) | Karam, Sarah; Rasanen, Kirsten; Stein, Danielle; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2762 | | PX 1994 | Match v Google Defendants' Answer and Counterclaims to Match's Complaint (7/11/2022) | Karam, Sarah | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2763 | | PX 2691 | Article titled "Qualcomm makes BREW mobile platform free to use" available at https://www.pocketgamer.biz/news/17677/qualcomm-makes-brew-mobile-platform-free-to-use/ (1/11/201) | Vogelsang, Brian | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2764 | | PX 2716 | Introducing SoundCloud Go | Petrinato, Jordan | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2765 | | | Website entitled Google Pay: Save and Pay - Apps on Google Play, available at https://play.google.com/store/apps/details?id=com.google.android.apps.nbu.paisa.user&hl=en_US&gl=US. | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402), Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2766 | | | Website entitled YouTube TV: Live TV & more - Apps on Google Play, available at https://play.google.com/store/apps/details?id=com.google.android.apps.youtube.unplugged. | Barras, Brandon; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2767 | | PX 2743 | Blog post titled "Updates to Android and Google Play in India" dated Jan. 25, 2023 | Pichai, Sundar | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Opinion testimony by Lay Witness (Fed. R. Evid. 701). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2768 | | PX 2911 | Publication by P. Kotzias et al. titled: "How Did That get In My Phone? Unwanted App Distribution on Android Devices | Qian, Zhiyun | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2769 | | | Website titled, "Attorney General Bonta Announces Settlement with Room Rental App for Purchasing Fake Online Reviews and Falsely Claiming Verified Listings" (8/28/2023) | Mangat, Somy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Opinion testimony by Lay Witness (Fed. R. Evid. 701). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2770 | | | Website titled, "Attorney General Issues Consumer Alert on Staying Safe While Having Fun with Pokémon Go" (7/22/2016) | Mangat, Somy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Opinion testimony by Lay Witness (Fed. R. Evid. 701). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2771 | | | Website titled, "Attorney General Bonta Files Lawsuit Against Google for Anticompetitive Practices Related to Google Play Store" (7/7/2021) | Mangat, Somy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Opinion testimony by Lay Witness (Fed. R. Evid. 701). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2772 | | | Complaint for Civil Penalties, California v. Delta Airlines (12/6/2012) | Mangat, Somy | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Opinion testimony by Lay Witness (Fed. R. Evid. 701). | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2773 | | | Website entitled App Distribution Guide, available at https://developer.samsung.com/galaxy-store/distribution-guide.html. | Barras, Brandon; Dubey, Sharmistha; Foster, Peter; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2774 | | | Website entitled App Distribution Guide, available at https://web.archive.org/web/20200313181634/https://developer.samsung.com/galaxy-store/distribution-guide.html | Barras, Brandon; Dubey, Sharmistha; Foster, Peter; Harrison, Don; Kleidermacher, Dave; Kochikar, Purnima; Koh, Lawrence; Kolotouros, Jim; Lockheimer, Hiroshi; Pichai, Sundar; Rosenberg, Jamie; Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2775 | | | Website entitled Samsung Developers Terms and Conditions, available at https://developer.samsung.com/tnc/location=us. | Barras, Brandon Dubey, Sharmistha Foster, Peter Harrison, Don Kleidermacher, Dave Kochkar, Parnima Koh, Lawrence Kolotouros, Jim Lockheimer, Hiroshi Pichai, Sundar Rosenberg, Jamie Samat, Sameer | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies, Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence |
| TEMP2776 | | | Document titled, "IDC smartphones 2021" (01/01/2021) | IDC | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2777 | | | Spreadsheet titled, "data.ai" (09/19/2022) | Data.ai | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2778 | | | Document titled, "Comscore Mobile Metrix Key Measures Panel" | Comscore | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2779 | | | Statista re number of apps on Google Play (08/11/2022) | Statista | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2780 | | | IDC smartphones 2021 | IDC | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2781 | | | data.ai | Data.ai | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2782 | | | Comscore Mobile Metrix Key Measures Panel | Comscore | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2783 | | | Statista re apps on Google Play | Statista | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2784 | MATCHGOOGLE00106377 | | Match monthly accounting - Android cc sales - April 2022 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2785 | MATCHGOOGLE00106378 | | Match monthly accounting - Android cc sales - May 2022 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2786 | MATCHGOOGLE00106379 | | Match monthly accounting - Android cc sales - June 2022 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2787 | MATCHGOOGLE00106380 | | Match monthly accounting - Android cc sales - July 2022 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2788 | MATCHGOOGLE00115566 | | Match monthly accounting - Android cc sales - August 2022 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2789 | MATCHGOOGLE00115567 | | Spreadsheet dated 5/2022 titled "Match Group Portfolio Apps: Android CC Sales (excluding China)" | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2790 | MATCHGOOGLE00115568 | | Spreadsheet dated 7/2022 titled "Match Group Portfolio Apps: Android CC Sales (excluding China)" | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2791 | MATCHGOOGLE00115569 | | Spreadsheet dated 6/2022 titled "Match Group Portfolio Apps: Android CC Sales (excluding China)" | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2792 | MATCHGOOGLE00115570 | | Spreadsheet dated 4/2022 titled "Match Group Portfolio Apps: Android CC Sales (excluding China)" | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2793 | MATCHGOOGLE00119761 | | Match monthly accounting - Android cc sales - September 2022 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2794 | MATCHGOOGLE00119762 | | Match monthly accounting - Android cc sales - October 2022 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2795 | MATCHGOOGLE00121522 | | Match monthly accounting - Android cc sales - November 2022 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2796 | MATCHGOOGLE00121529 | | Spreadsheet dated 6/2023 titled "Match Group Portfolio Apps" | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2797 | MATCHGOOGLE00122929 | | Match monthly accounting - Android cc sales - April 2023 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2798 | MATCHGOOGLE00122930 | | Match monthly accounting - Android cc sales - December 2022 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2799 | MATCHGOOGLE00122931 | | Match monthly accounting - Android cc sales - January 2023 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2800 | MATCHGOOGLE00122932 | | Match monthly accounting - Android cc sales - May 2023 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2801 | MATCHGOOGLE00122933 | | Match monthly accounting - Android cc sales -July 2023 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2802 | MATCHGOOGLE00122934 | | Match monthly accounting - Android cc sales - February 2023 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2803 | MATCHGOOGLE00122935 | | Match monthly accounting - Android cc sales - March 2023 | Match data (TBD) | | Match Plaintiffs | Per agreement with Defendants, the Match Plaintiffs may offer their previously-listed objections to this exhibit at a later date | |
| TEMP2804 | AB-GOOG-000432 | ██████ | ██████ | ██████ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2805 | AB-GOOG-000492 | ██████ | ██████ | ██████ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Cond; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2806 | AB-GOOG-000516 | ██████████ ██████████ | ██████████ ██████████ | Defense to Plaintiffs' claims | | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 903 —proponent has not established authenticity of the document, Rule 106—exhibit is unfairly incomplete, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), Exhibit is properly complete (Rule 106), |
| TEMP2807 | AMZ-GP_00001492 | ██████ | ██████ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2808 | AMZ-GP_00001497 | ██████ | ██████ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2809 | AMZ-GP_00001721 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2810 | AMZ-GP_00001741 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2811 | AMZ-GP_00001763 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2812 | AMZ-GP_00001793 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2813 | AMZ-GP_00001817 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901). |
| TEMP2814 | AMZ-GP_00001832 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2815 | AMZ-GP_00001833 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2816 | AMZ-GP_00001836 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2817 | AMZ-GP_00001837 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2818 | AMZ-GP_00001840 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2819 | AMZ-GP_00001904 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2820 | AMZ-GP_00001912 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2821 | AMZ-GP_00002065 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2822 | AMZ-GP_00002249 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2823 | AMZ-GP_00002401 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2824 | AMZ-GP_00002431 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2825 | AMZ-GP_00002471 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2826 | AMZ-GP_00002484 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2827 | AMZ-GP_00003076 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP2828 | AMZ-GP_00003257 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2829 | AMZ-GP_00003314 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2830 | AMZ-GP_00003428 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

CONFID TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2831 | AMZ-GP_00003519 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106.); Personal knowledge; lack of foundation (Fed. R. Evid. 602.); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802.); Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2832 | AMZ-GP_00003614 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106.); Personal knowledge; lack of foundation (Fed. R. Evid. 602.); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802.); Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2833 | AMZ-GP_00003864 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106.); Personal knowledge; lack of foundation (Fed. R. Evid. 602.); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802.); Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2834 | AMZ-GP_00005521 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106.); Personal knowledge; lack of foundation (Fed. R. Evid. 602.); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802.); Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2835 | AMZ-GP_00005523 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106.); Personal knowledge; lack of foundation (Fed. R. Evid. 602.); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802.); Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2836 | AMZ-GP_00005705 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106.); Personal knowledge; lack of foundation (Fed. R. Evid. 602.); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802.); Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2837 | AMZ-GP_00005729 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602.); Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802.); Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2838 | APL-Goog_00002371 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901) |
| TEMP2839 | APL-Goog_00004013 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901) |
| TEMP2840 | APL-Goog_00005639 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay; Rule 602—exhibit contains statements not based on declarant's personal knowledge; Rule 402—exhibit is not relevant; Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Rule 901—proponent has not established authenticity of the document; Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2841 | APL-Goog_00007300 | | ▮ | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2842 | APL-Goog_00007843 | ▮ | ▮ | ▮ | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2843 | APL-Goog_00007882 | | ▮ | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2844 | APL-Goog_00008469 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2845 | APL-GOOG_00010359 | | ▮ | ▮ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2846 | APL-Goog_00051824 | | ▮ | ▮ | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2847 | APL-Goog_00052120 | | ▮ | ▮ | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2848 | APL-Goog_00149038 | | ▮ | ▮ | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2849 | APL-Goog_00361212 | | ▮ | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2850 | APL-GOOG_00361317 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay / Rule 602—exhibit contains statements not based on declarant's personal knowledge / Rule 402—exhibit is not relevant / Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury / Rule 901—proponent has not established authenticity of the document / Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) / Exhibit is relevant (Rules 401, 402) / Balance favors admissibility (Rules 401, 403) / Exhibit will be properly authenticated (Rule 901) |
| TEMP2851 | APL-GOOG_00364687 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay / Rule 602—exhibit contains statements not based on declarant's personal knowledge / Rule 402—exhibit is not relevant / Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury / Rule 901—proponent has not established authenticity of the document / Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) / Exhibit is relevant (Rules 401, 402) / Balance favors admissibility (Rules 401, 403) / Exhibit will be properly authenticated (Rule 901) |
| TEMP2852 | APL-GOOG_00365515 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay / Rule 602—exhibit contains statements not based on declarant's personal knowledge / Rule 402—exhibit is not relevant / Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury / Rule 901—proponent has not established authenticity of the document / Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) / Exhibit is relevant (Rules 401, 402) / Balance favors admissibility (Rules 401, 403) / Exhibit will be properly authenticated (Rule 901) |
| TEMP2853 | APL-Goog_00368991 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay / Rule 602—exhibit contains statements not based on declarant's personal knowledge / Rule 402—exhibit is not relevant / Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury / Rule 901—proponent has not established authenticity of the document / Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) / Exhibit is relevant (Rules 401, 402) / Balance favors admissibility (Rules 401, 403) / Exhibit will be properly authenticated (Rule 901) |
| TEMP2854 | APL-Goog_00430043 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay / Rule 602—exhibit contains statements not based on declarant's personal knowledge / Rule 402—exhibit is not relevant / Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury / Rule 901—proponent has not established authenticity of the document / Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) / Exhibit is relevant (Rules 401, 402) / Balance favors admissibility (Rules 401, 403) / Exhibit will be properly authenticated (Rule 901) |
| TEMP2855 | APL-Goog_00450846 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay / Rule 602—exhibit contains statements not based on declarant's personal knowledge / Rule 402—exhibit is not relevant / Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury / Rule 901—proponent has not established authenticity of the document / Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) / Exhibit is relevant (Rules 401, 402) / Balance favors admissibility (Rules 401, 403) / Exhibit will be properly authenticated (Rule 901) |
| TEMP2856 | APL-Goog_00655387 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay / Rule 602—exhibit contains statements not based on declarant's personal knowledge / Rule 402—exhibit is not relevant / Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury / Rule 901—proponent has not established authenticity of the document / Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) / Exhibit is relevant (Rules 401, 402) / Balance favors admissibility (Rules 401, 403) / Exhibit will be properly authenticated (Rule 901) |
| TEMP2857 | APL-Goog_00697344 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay / Rule 602—exhibit contains statements not based on declarant's personal knowledge / Rule 402—exhibit is not relevant / Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury / Rule 901—proponent has not established authenticity of the document / Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) / Exhibit is relevant (Rules 401, 402) / Balance favors admissibility (Rules 401, 403) / Exhibit will be properly authenticated (Rule 901) |
| TEMP2858 | APL-Goog_00697623 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay / Rule 602—exhibit contains statements not based on declarant's personal knowledge / Rule 402—exhibit is not relevant / Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury / Rule 901—proponent has not established authenticity of the document / Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) / Exhibit is relevant (Rules 401, 402) / Balance favors admissibility (Rules 401, 403) / Exhibit will be properly authenticated (Rule 901) |
| TEMP2859 | APL-GOOG_00898564 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay / Rule 602—exhibit contains statements not based on declarant's personal knowledge / Rule 402—exhibit is not relevant / Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury / Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) / Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) / Exhibit is relevant (Rules 401, 402) / Balance favors admissibility (Rules 401, 403) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2860 | APL-GOOG_00903465 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2861 | APL-GOOG_00904632 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2862 | APL-GOOG_00904736 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP2863 | APL-GOOG_01150054 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Exhibit will be properly authenticated (Rules 401, 403), Exhibit will be properly authenticated (Rule 901), |
| TEMP2864 | APL-Goog_01268576 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) |
| TEMP2865 | APL-Goog_01320727 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2866 | APL-GOOG_01320874 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), |
| TEMP2867 | APL-GOOG_01323287 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay, Rule 901—proponent has not established authenticity of the document, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 106—exhibit is unfairly incomplete, Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit is properly complete (Rule 106), |
| TEMP2868 | APL-Goog_01358094 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay Rule 602—exhibit contains statements not based on declarant's personal knowledge Rule 402—exhibit is not relevant Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury Rule 901—proponent has not established authenticity of the document Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Exhibit is relevant (Rules 401, 402) Balance favors admissibility (Rules 401, 403) Exhibit will be properly authenticated (Rule 901) |
| TEMP2869 | ATT-GPLAY-00000692 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Conditional objection: defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2870 | ATT-GPLAY-00000738 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2871 | ATT-GPLAY-00011040 | | ▬ | ▬ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2872 | ATT-GPLAY-00015813 | | ▬ | ▬ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2873 | ATT-GPLAY-00024469 | | ▬ | ▬ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2874 | ATT-GPLAY-00024565 | | ▬ | ▬ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2875 | ATT-GPLAY-00036698 | | ▬ | ▬ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2876 | ATT-GPLAY-00037441 | | ▬ | | Defendant: Defense to Plaintiffs' claims<br><br>Plaintiff: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff | Plaintiff: Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation<br><br>Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Defendant: Not hearsay (Rule 801) or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901),<br><br>Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2877 | ATT-GPLAY-00042436 | | ▬ | ▬ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP2878 | ATT-GPLAY-00042438 | | ▬ | ▬ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Relevance (Fed. R. Evid. 402). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; Exhibit is relevant to one or more of Plaintiffs' claims or defenses. |
| TEMP2879 | BUMBLE-00000012 | | ▬ | ▬ | Defense to Plaintiffs' claims; proof of Match's liability for counterclaims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury; Foundation | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2880 | BUMBLE-00000298 | | ▬ | ▬ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2881 | BUMBLE-00000590 | | | | Defendant: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims<br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff | Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2882 | BUMBLE-00000619 | | | | Defendant: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims<br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2883 | BUMBLE-00000763 | | | | Defendant: Defense to Plaintiffs' claims; proof of Match's liability for counterclaims<br>Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2884 | CYNGN-PLAY-02818 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2885 | DOWNDOG-GOOG_00000107 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2886 | DOWNDOG-GOOG_00000110 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2887 | DOWNDOG-GOOG_00000130 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2888 | DOWNDOG-GOOG_00000156 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2889 | DOWNDOG-GOOG_00000169 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 403—wasting time and/or needlessly cumulative, Rule 402—exhibit is not relevant, Rule 802—exhibit contains inadmissible hearsay, Foundation | Balance favors admissibility (Rules 401, 403), Exhibit is relevant (Rules 401, 402), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2890 | DOWNDOG-GOOG_00000177 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2891 | DOWNDOG-GOOG_00000187 | | | | Defendants: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2892 | DOWNDOG-GOOG_00000194 | | | | Defendant: Defense to Plaintiffs' claims  Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2893 | FS-000236 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or | | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106).; Personal knowledge; lack of foundation (Fed. R. Evid. 602).; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802).; Relevance (Fed. R. Evid. 402)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time, One or more witnesses have foundation to testify concerning the exhibit, Exhibit does not contain hearsay and/or a hearsay exception applies, Exhibit is relevant to one or more of Plaintiffs' claims or defenses, Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2894 | GP MDL-TMO-0001831 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2895 | GP MDL-TMO-0002071 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2896 | GP MDL-TMO-0029572 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2897 | GP MDL-TMO-0029583 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2898 | GP MDL-TMO-0132828 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2899 | IDAHO-INFO-TECH-SERVS_000009 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 402—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) |
| TEMP2900 | LGEUS-DOJ-0085240 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2901 | LGUS-GOOGLEPLAY-00028821 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2902 | LITTLEHOOTS-GOOGLE-001565 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document, Foundation | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901), |
| TEMP2903 | METAEPIC_000000003 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it., Relevance (Fed. R. Evid. 402). | |
| TEMP2904 | METAEPIC_000000005 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2905 | METAEPIC_000000518 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2906 | METAEPIC_000000520 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Relevance (Fed. R. Evid. 402)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Exhibit is what the proponent claims it is and/or is self-authenticating |
| TEMP2907 | METAEPIC_000000521 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2908 | METAEPIC_000000524 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2909 | METAEPIC_000000584 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2910 | METAEPIC_000000685 | | | | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Relevance (Fed. R. Evid. 402)., Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit will be properly authenticated (Rule 901) Plaintiffs: Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2911 | METAEPIC_000004828 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Relevance (Fed. R. Evid. 402), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2912 | METAEPIC_000012738 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Relevance (Fed. R. Evid. 402), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2913 | METAEPIC_000013648 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Relevance (Fed. R. Evid. 402), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2914 | METAEPIC_000013692 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802), Relevance (Fed. R. Evid. 402), Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2915 | METAEPIC_000013712 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2916 | METAEPIC_000015003 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Relevance (Fed. R. Evid. 402), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2917 | METAEPIC_000015043 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Relevance (Fed. R. Evid. 402), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2918 | METAEPIC_000015079 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2919 | METAEPIC_000015281 | | | | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Foundation Defendant: Relevance (Fed. R. Evid. 402), Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Plaintiffs: Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2920 | METAEPIC_000015621 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106), Relevance (Fed. R. Evid. 402), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2921 | METAEPIC_000016032 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2922 | METAEPIC_000016069 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2923 | METAEPIC_000016393 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; |
| TEMP2924 | METAEPIC_000018722 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2925 | METAEPIC_000019855 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2926 | METAEPIC_000020615 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2927 | METAEPIC_000020661 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2928 | METAEPIC_000020882 | | | | Defendant: Defense to Plaintiffs' claims violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Defendant: Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901) | Plaintiffs: Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2929 | METAEPIC_000021090 | | | | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 901—proponent has not established authenticity of the document, Foundation Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),; Relevance (Fed. R. Evid. 402),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901) | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807); Exhibit is relevant (Rules 401, 402); Balance favors admissibility (Rules 401, 403); Exhibit will be properly authenticated (Rule 901); Foundation/personal knowledge will be established (Rules 201, 602, 901, 902) Plaintiff: Contains all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2930 | METAEPIC_000021117 | | | | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Defendant: Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106),. Relevance (Fed. R. Evid. 402),. Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it | Plaintiff: Contain all parts that in fairness ought to be considered at the same time; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2931 | METAEPIC_00021091 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2932 | MOTO-NDCAL-00000001 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2933 | MOTO-NDCAL-00000193 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2934 | MOTO-NDCAL-00000247 | | | | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 402—exhibit contains inadmissible hearsay objection applies (Rules 803, 804, 807) Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2935 | MOTO-NDCAL-00003678 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contain all parts that in fairness ought to be considered at the same time. |
| TEMP2936 | MOTO-NDCAL-00017398 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contain all parts that in fairness ought to be considered at the same time. |
| TEMP2937 | MOTO-NDCAL-00031040 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contain all parts that in fairness ought to be considered at the same time. |
| TEMP2938 | MOTO-NDCAL-00108176 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),. Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2939 | MOTO-NDCAL-00166129 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contain all parts that in fairness ought to be considered at the same time. |
| TEMP2940 | MOTO-NDCAL-00207107 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),. Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),. Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R .Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contain all parts that in fairness ought to be considered at the same time. |

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2941 | NETFLIX-GOOGLE-00000002 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2942 | NETFLIX-GOOGLE-00000019 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it; Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; 102 |
| TEMP2943 | NETFLIX-GOOGLE-00000020 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2944 | NETFLIX-GOOGLE-00000022 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP2945 | NVIDIA-EPIC-GOOGLE00001879 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2946 | OCV_00000001 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document | Exhibit is relevant (Rules 401, 403), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) |
| TEMP2947 | OCV_000000416 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contains all parts that in fairness ought to be considered at the same time; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. |
| TEMP2948 | OCV_000000542 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete, Rule 901—proponent has not established authenticity of the document | Exhibit is relevant (Rules 401, 403), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106), Exhibit will be properly authenticated (Rule 901) |
| TEMP2949 | OCV_000001229 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay, Rule 106—exhibit is unfairly incomplete, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document | Exhibit is relevant (Rules 401, 403), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is properly complete (Rule 106), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) |
| TEMP2950 | PADDLE00000001 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2951 | PADDLE00000020 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602)., Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2952 | PADDLE00000026 | | ■ | ■ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2953 | PADDLE00000048 | | ■ | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802); Relevance (Fed. R. Evid. 402),; Misleading; undue prejudice; confusion of issues; waste of time (Fed. R. Evid. 403),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Evidence's probative value not substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2954 | PADDLE00000101 | | ■ | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contains all parts that in fairness ought to be considered at the same time. |
| TEMP2955 | PADDLE00000115 | | ■ | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contains all parts that in fairness ought to be considered at the same time. |
| TEMP2956 | PADDLE00000118 | | ■ | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contains all parts that in fairness ought to be considered at the same time. |
| TEMP2957 | PayPal00000766 | ■ | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2958 | PayPal00000814 | | ■ | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contains all parts that in fairness ought to be considered at the same time. |
| TEMP2959 | QCUTAH05227_0000001 | ■ | | ■ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2960 | ROBLOX-000000580 | | ■ | ■ | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2961 | SEA_GOOGLE_00000720 | | | | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 802—exhibit contains inadmissible hearsay Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | Defendant: Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2962 | SEA-GOOGLE-00002042 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2963 | SLIDE-PLAY-00023 | | ■ | ■ — | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Relevance (Fed. R. Evid. 402),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Contains all parts that in fairness ought to be considered at the same time; One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is relevant to one or more of Plaintiffs' claims or defenses; Exhibit is what the proponent claims it is and/or is self-authenticating |
| TEMP2964 | SLIDE-PLAY-00066 | | ■ | ■ | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2965 | SOUNDCLOUD_000091 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2966 | SOUNDCLOUD_000104 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2967 | SOUNDCLOUD_000145 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contains all parts that in fairness ought to be considered at the same time; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2968 | SOUNDCLOUD_000171 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901).; Conditional objection, defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating; |
| TEMP2969 | SOUNDCLOUD_000180 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901),; Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2970 | SOUNDCLOUD_000189 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2971 | SPOT-GOOGLE-00000005 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2972 | SPOT-GOOGLE-00000014 | | | | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802),; Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106),; Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contains all parts that in fairness ought to be considered at the same time; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2973 | SPOT-GOOGLE-00001110 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602),; Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies. |
| TEMP2974 | SPOT-GOOGLE-00001180 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807) |
| TEMP2975 | STATEAGS_0046325 | DX1357 Ryan Koppy | Document | Ryan Koppy | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay, Rule 403—unfairly prejudicial, confusing the issues and/or misleading to the jury, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the exhibit | Exhibit is relevant (Rules 401, 402), Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) |
| TEMP2976 | STATEAGS_0047408 | DX1358 Ryan Koppy | Document | Ryan Koppy | Defense to Plaintiffs' claims | Plaintiff | Rule 403—wasting time and/or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay, Rule 402—exhibit is not relevant | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Exhibit is relevant (Rules 401, 402) |

JOINT TRIAL EXHIBIT LIST
DISPUTED EXHIBITS

| Exhibit Number | Beg Bates | Deposition Exhibit Number | Name / Description | Sponsoring Witness(es) | Purpose | Objecting Party | Summary of Objection (w/Authority) | Summary of Response (w/Authority) |
|---|---|---|---|---|---|---|---|---|
| TEMP2977 | TID_UTvG0001 | | | | Defendant: Defense to Plaintiffs' claims Plaintiffs: Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Plaintiff/Defendant | Plaintiffs: Rule 403—wasting time and or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document Defendant: Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Incomplete; the introduction of any remaining portions ought, in fairness, to be considered contemporaneously (Fed. R. Evid. 106)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | Defendant: Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) Plaintiffs: One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Contains all parts that in fairness ought to be considered at the same time; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2978 | TID_UTvG0012 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2979 | TID_UTvG0026 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 802—exhibit contains inadmissible hearsay, Rule 403—wasting time and or needlessly cumulative, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document | Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Balance favors admissibility (Rules 401, 403), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) |
| TEMP2980 | TID_UTVG0056 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Hearsay; the exhibit is a statement made by one other than the witness while testifying at trial, offered into evidence to prove the truth of the matter asserted, and not subject to any hearsay exception (Fed. R. Evid. 801 and 802)., Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901). | One or more witnesses have foundation to testify concerning the exhibit; Exhibit does not contain hearsay and/or a hearsay exception applies; Exhibit is what the proponent claims it is and/or is self-authenticating. |
| TEMP2981 | TP000406 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 403—wasting time and or needlessly cumulative, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document | Balance favors admissibility (Rules 401, 403), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) |
| TEMP2982 | TX-DPW-000003 | | | | Defense to Plaintiffs' claims | Plaintiff | Rule 402—exhibit is not relevant, Rule 403—wasting time and or needlessly cumulative, Rule 701—exhibit contains improper specialized opinion by lay witness, Rule 802—exhibit contains inadmissible hearsay, Rule 602—exhibit contains statements not based on declarant's personal knowledge, Rule 901—proponent has not established authenticity of the document | Exhibit is relevant (Rules 401, 403), Balance favors admissibility (Rules 401, 403), Not an opinion, or proper opinion evidence (Rule 701), Not hearsay (Rule 801) and/or hearsay objection applies (Rules 803, 804, 807), Foundation/personal knowledge will be established (Rules 201, 602, 901, 902), Exhibit will be properly authenticated (Rule 901) |
| TEMP2983 | UNITY_00001291 | | | | Proof of Defendants' liability for antitrust violations, unreasonable restraints of trade, unfair competition and/or tortious interference; proof of Defendants' discovery conduct; proof of appropriate injunctive relief; proof of resulting damages; and/or proof rebutting allegations in Defendants' Answers and Counterclaims against Plaintiffs | Defendant | Personal knowledge; lack of foundation (Fed. R. Evid. 602), Authentication; exhibit has not been properly authenticated (Fed. R. Evid. 901)., Conditional objection; defendants reserve the right to object to this exhibit at trial depending on the purpose for which plaintiffs seek to introduce it. | One or more witnesses have foundation to testify concerning the exhibit; Exhibit is what the proponent claims it is and/or is self-authenticating. |