October 9, 2023

The Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Via ECF

Re:   *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD (N.D. Cal.);
*Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD (N.D. Cal.);
*In re Google Play Consumer Antitrust Litig.*, No. 3:20-cv-05761-JD (N.D. Cal.);
*In re Google Play Developer Antitrust Litig.*, No. 3:20-cv-05792-JD (N.D. Cal.);
*State of Utah v. Google LLC*, No. 3:21-cv-05227-JD (N.D. Cal.)

Dear Judge Donato:

Plaintiffs and Google submit this joint discovery letter brief to request the Court's resolution of a dispute that has arisen concerning the pre-trial deposition of Mr. Rich Miner. The Parties have met and conferred multiple times regarding this dispute, have not reached a resolution, and have agreed to submit their respective positions in this combined filing. The Parties' respective position statements appear on the pages that follow.

CRAVATH, SWAINE & MOORE LLP
   Christine Varney *(pro hac vice)*
   Gary A. Bornstein *(pro hac vice)*
   Timothy G. Cameron *(pro hac vice)*
   Yonatan Even *(pro hac vice)*
   Lauren A. Moskowitz *(pro hac vice)*
   Justin C. Clarke *(pro hac vice)*
   Michael J. Zaken *(pro hac vice)*
   M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
   Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   */s/ Yonatan Even*
         Yonatan Even

   *Counsel for Plaintiff Epic Games, Inc.*

Judge Donato
October 9, 2023
Page 2 of 8

HUESTON HENNIGAN LLP
   Douglas J. Dixon

Respectfully submitted,

By:    /s/ *Douglas J. Dixon*
        Douglas J. Dixon

        *Counsel for Plaintiffs Match Group, LLC, et al.*

BARTLIT BECK LLP
   Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
   Hae Sung Nam

Respectfully submitted,

By:    /s/ *Karma M. Giulianelli*
        Karma M. Giulianelli

        *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

PRITZKER LEVINE LLP
        Elizabeth C. Pritzker

Respectfully submitted,

By:    */s/ Elizabeth C. Pritzker*
        Elizabeth C. Pritzker

        *Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Judge Donato
October 9, 2023
Page 3 of 8

OFFICE OF THE UTAH ATTORNEY GENERAL
    Lauren M. Weinstein

Respectfully submitted,

By:    */s/ Lauren M. Weinstein*
        Lauren M. Weinstein

*Counsel for Utah*


MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

MUNGER, TOLLES & OLSON LLP
    Glenn D. Pomerantz
    Kuruvilla Olasa
    Kyle W. Mach
    Justin P. Raphael
    Emily C. Curran-Huberty
    Jonathan I. Kravis
    Marianna Y. Mao

    Respectfully submitted,

By:    */s/ Jonathan Kravis*
        Jonathan I. Kravis

*Counsel for Defendants Google LLC et al.*

**PLAINTIFFS' POSITION**

**Introduction**

With trial looming, Google has reneged on a longstanding agreement between the Parties and prejudiced Plaintiffs' trial preparation. In 2021, the Parties agreed to cap the number of depositions each may take during discovery on the condition that each side would then have an opportunity to depose any trial witness before trial. (Dkt. 171, Stipulation and Deposition Protocol Order ("Deposition Protocol"), at ¶ 21 (limiting Plaintiffs and Google to 35 party depositions each); ¶ 22 ("The Parties agree that any individual identified by any opposing Party as a trial witness who has not already been deposed shall be made available for Deposition by the opposing Party reasonably in advance of trial.").) In reliance on that agreement, Plaintiffs chose not to depose Google employee Rich Miner during discovery. Google has now identified Miner as an important trial witness—with 90 minutes allocated for his direct examination (Dkt. 646, Ex. 1 at 22)—but refuses to make Miner available for deposition. Google's excuse is that it designated Miner as a Rule 30(b)(6) witness for a two-hour deposition on a single topic. But that limited deposition of *Google* does not satisfy the language or intent of the Deposition Protocol and certainly does not enable Plaintiffs to prepare to examine *Miner*, in his *individual* capacity, at trial.

Miner, a current Google employee, is a co-founder of Android. He joined Google in connection with its acquisition of Android in 2005, and worked in Android-related roles until 2009. Google first disclosed Miner on June 28, 2022, in its Fifth Amended Initial Disclosures, stating he is likely to have "discoverable information regarding Google's defenses, including on the subjects of: historical and current competition between and within mobile device ecosystems; the procompetitive benefits of Android, Android Market, and Google Play; and Google's relationships and agreements with carriers and device makers." Plaintiffs promptly sent Google a letter on July 1, 2022, expressing concern about this late-breaking addition, with only "38 days left until the close of fact discovery", of an individual who had not even been a custodian up to that point. Plaintiffs accordingly requested that Google "[a]dd Mr. Miner as a custodian", promptly produce documents from his files, and "[h]old dates in August for a deposition of Mr. Miner, *if necessary*, based on our review of the forthcoming production." (July 1, 2022 Letter from H.S. Nam to B. Rocca (emphasis added).)

On July 7, 2022, Google responded to "clarif[y]" that Miner's relevance to the litigation was limited to his knowledge of the 2005 to 2009 time frame and that it would produce documents from that period from his files. (July 7, 2022 Letter from B. Rocca to H.S. Nam.) Based on Google's representations and the documents Google had produced, on August 3, 2022, Plaintiffs confirmed they "do not need the deposition of Mr. Miner *at this time*." (August 3, 2022 email from K. Giulianelli to J. Kravis (emphasis added).) Plaintiffs made this decision in light of the agreed cap on the number of fact depositions, together with the agreement in the Deposition Protocol that Plaintiffs would get a deposition if Miner appeared on Google's trial witness list. (Dkt. 171 at ¶ 22.).

After Plaintiffs informed Google of their decision not to use one of their allowed depositions to depose Miner, Google chose to designate Miner as its Rule 30(b)(6) corporate

representative on one narrow topic.[1] Given that Miner was designated to testify as a Google corporate representative on just one topic, and was not appearing in his individual capacity, Google told Plaintiffs that Miner would only be available for two hours of deposition time. That two-hour, Rule 30(b)(6) deposition took place on September 8, 2022.

Nearly a year later, on July 27, 2023, the Parties exchanged initial trial witness lists. Miner appeared on Google's witness list, alongside 18 other Google employees, as a witness that Google "may call" live at trial. On September 26, 2023, Google clarified for the first time that it was in fact very likely to call Miner live at trial. Google's next iteration of its witness list stated that Miner was expected to testify for approximately 90 minutes on "[t]he pro-competitive benefits and legitimate justifications of Google's conduct and defenses, and Google's counterclaims." (Google's Fourth Tentative Witness List, served on Sept. 29, 2023.) On September 30, 2023, after Google confirmed its intention to feature Miner prominently in its case, Plaintiffs requested that Google make him available for deposition, consistent with the Deposition Protocol. During meet and confers on October 5 and 6, Google refused to do so.

**Argument**

Google argues that a two-hour Rule 30(b)(6) deposition of *Google* somehow absolves Google of its obligation to make Miner available for an individual deposition. That is contrary to the language and intent behind the Parties' Deposition Protocol. To minimize their discovery burden, the Parties mutually and explicitly agreed that they may choose not to depose any individual on another party's Initial Disclosures—and, if they so choose, would have the absolute right to then depose such an individual before trial, should that individual be identified on the disclosing party's trial witness list. That arrangement was mutually beneficial; it allowed all Parties, including Google, to depose during fact discovery only the witnesses that they viewed as most important to their case, instead of engaging in guesswork about which witness (among the many dozens on each party's Initial Disclosures) the disclosing party would ultimately bring to trial. Miner has now been identified by Google as a trial witness but has not been deposed in his individual capacity. Thus, under the Deposition Protocol, Google "*shall*" make him available for a deposition. (Deposition Protocol, at ¶ 22.) That should be the end of the inquiry.

Indeed, Google itself is in the process of deposing several third-party witnesses that Google *chose* not to depose during the discovery period.[2] Google nonetheless contends that Miner is somehow differently situated because (i) after Plaintiffs decided not to depose him, Google

---

[1] That topic reads as follows: "From January 1, 2003 through January 1, 2006, YOUR acquisition of ANDROID in 2005, INCLUDING the reasons YOU acquired ANDROID AND YOUR evaluation of the acquisition's forecasted impact on YOUR costs, revenues AND profitability, INCLUDING ALL studies, analyses AND calculations YOU conducted with respect to ANY part of GOOGLE".

[2] This list includes Ben Simon, founder and CEO of Yoga Buddhi Co., developer of the app Down Dog; and Christian Owens, CEO and founder of Paddle, Inc., a third-party in-app payment solution provider.

designated Miner as a corporate representative on a single topic and he sat for a short deposition limited to that topic, and (ii) Plaintiffs did not depose Mr. Miner in his individual capacity at that time. Neither argument has merit.

*First*, Google's choice to designate Miner as a corporate representative on one topic cannot be used to deny Plaintiffs the right to depose Miner in his individual capacity. The Deposition Protocol plainly states "that any ***individual*** identified by any opposing Party as a trial witness who has not already been deposed shall be made available for Deposition by the opposing Party reasonably in advance of trial." (Deposition Protocol, at ¶ 22.) In the Rule 30(b)(6) deposition on Plaintiffs' Topic 31, for which Google chose to designate Miner, Plaintiffs deposed only ***Google***—not Miner. Any testimony Miner offered was on behalf of Google, not himself. *See* Fed. R. Civ. Proc. 30(b)(6) ("[A] party may name ***as the deponent*** a public or private corporation . . . The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf.") (emphasis added). Google's argument that the Deposition Protocol defines "deposition" to include a Rule 30(b)(6) deposition is irrelevant. The question is not whether Google can be deposed again. The question is whether Plaintiffs have the right to depose Miner in his individual capacity for the first time, including on the topics his trial testimony is expected to cover, which go far beyond the scope of the Rule 30(b)(6) deposition.[3] The Deposition Protocol plainly affords Plaintiffs that right.[4]

*Second*, Plaintiffs were under no obligation to depose Miner during fact discovery. The very purpose of Paragraph 22 of the Deposition Protocol was to allow parties the discretion that Plaintiffs have exercised here: Soon after Plaintiffs received Miner's custodial documents, they decided their limited number of allowed depositions would be better used to depose other individuals. Now that Google intends to call Miner as a trial witness to testify for 90 minutes about topics as broad as the purported pro-competitive justifications for Google's conduct, Plaintiffs have determined that the pre-trial deposition of Miner to which they are entitled is warranted. Paragraph 22 of the Deposition Protocol requires Google to make him available.

\* \* \*

For the foregoing reasons, Plaintiffs respectfully request that the Court authorize Plaintiffs to depose Miner in his personal capacity, in accordance with the Deposition Protocol.

---

[3] During the September 26 meet and confer, Epic's counsel asked whether Miner's trial testimony would be limited to the scope of his Rule 30(b)(6) testimony; Google's counsel confirmed that it *would not* be so limited.

[4] Google misleadingly argues that, by seeking a deposition of Miner, Plaintiffs somehow concede Google's surprise disclosure of an Apple witness (Carson Oliver) has not prejudiced Plaintiffs. The issues are inapposite. As explained in Plaintiffs' pending motion to exclude Oliver, Plaintiffs would need more time and relief beyond a deposition to cure the prejudice caused by Google's failure to timely disclose Oliver and its refusal to identify the topics his testimony will cover.

**GOOGLE'S POSITION**

Plaintiffs' request to depose Rich Miner a second time should be denied. The provision of the Deposition Protocol cited by Plaintiffs does not apply to Mr. Miner, who was deposed in this case during fact discovery. At that time, Plaintiffs chose to withdraw their request to depose Mr. Miner under Rule 30(b)(1) and proceed with his deposition entirely in a Rule 30(b)(6) capacity. Having chosen to limit Mr. Miner's deposition, Plaintiffs are not entitled to a second bite at the apple. And Plaintiffs' recent request to depose Mr. Miner a second time—even though Google has listed him as a trial witness for two months—undermines Plaintiffs' assertion in their motion to exclude the trial testimony of Carson Oliver that obtaining discovery would "significantly interfere" with their preparation for trial. MDL ECF No. 613 at 7. Both motions should be denied.

**Factual Background**

Rich Miner is one of four co-founders of Android. He participated in the development and launch of Android until late 2009, when he moved to other projects at Google. On June 28, 2022, Google added Mr. Miner to its initial disclosures, stating that he likely had discoverable information regarding the procompetitive benefits of Android, Android Market, and Google Play and Google's agreements with carriers and device makers. In response, Plaintiffs requested that Mr. Miner be added to the list of document custodians and requested that Google hold dates in August 2022 for Mr. Miner's deposition. On July 7, 2022, Google agreed to add Mr. Miner to the list of document custodians, produce any responsive documents by July 22, 2022, and work to schedule Mr. Miner's deposition.

On August 3, 2022, Plaintiffs emailed Google and stated that they no longer wished to depose Mr. Miner. On August 8, 2022, Google identified Mr. Miner as its corporate representative on Topic 31 under Federal Rule of Civil Procedure 30(b)(6). On September 7, 2022, Plaintiffs noticed a Rule 30(b)(6) deposition of Mr. Miner and deposed him in that capacity the next day.

Over two months ago, on July 27, 2023, Google listed Mr. Miner as a witness it "may call live" at trial. Mr. Miner has remained on Google's witness list through three rounds of witness list exchanges between the parties.

On Saturday, September 30, 2023, during a meet and confer call to discuss witness issues, Plaintiffs requested a second deposition of Mr. Miner based on his inclusion on Google's witness list. In support of their request, Plaintiffs cited the following provision of the Deposition Protocol negotiated by the parties in this case: "The Parties agree that any individual identified by any opposing Party as a trial witness who has not already been deposed shall be made available for Deposition by the opposing Party reasonably in advance of trial." MDL ECF. No. 205, ¶ 22.

**Argument**

Plaintiffs are not entitled to a second deposition of Rich Miner. The Deposition Protocol clearly states that a party is entitled to a deposition "reasonably in advance of trial" only when an opposing party identifies a trial witness "*who has not already been deposed*." MDL ECF. No. 205, ¶ 22 (emphasis added). As Plaintiffs concede, Mr. Miner *has* been deposed in this case. Therefore, this provision does not apply to him.

Plaintiffs' contention that this provision applies to Mr. Miner because he was deposed as a 30(b)(6) corporate representative is without merit. The relevant provision of the Deposition Protocol draws no such distinction. Indeed, the Deposition Protocol defines "deposition" as one "conducted pursuant to Federal Rule of Civil Procedure ("Rule") 30." *See* MDL ECF No. 205 ¶ 4. Mr. Miner was deposed pursuant to Rule 30(b)(6), which plainly falls within Rule 30. Additionally, the Deposition Protocol makes clear that its scope "shall govern all discovery depositions of Party and non-Party Witnesses *(including Depositions of Fed. R. Civ. P. 30(b)(6))..." See* MDL ECF No. 205 ¶ 19 (emphasis added). There is simply nothing in the plain language or structure of the Deposition Protocol that suggests that Paragraph 22 silently distinguishes between Rule 30(b)(1) and 30(b)(6) depositions.

This interpretation of the definition of "Deposition" and Paragraph 22 is entirely consistent with the other provisions of the Deposition Protocol, which carefully distinguish between 30(b)(1) and 30(b)(6) depositions in numerous instances where appropriate. *See* ¶¶ 21, 23, 24, 25, 26. Notably, Paragraph 22 draws no such distinction. This interpretation is also consistent with the majority view that "[t]here is nothing in the text of Rule 30 that supports the conclusion that Rule 30(b)(6) depositions should be treated differently from depositions of individuals" and so parties must seek leave of the Court for a second deposition of a 30(b)(6) witness. *City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 330062, at *6 (D.N.M. Feb. 1, 2021), objections overruled, No. CV 17-809 JCH/GBW, 2021 WL 1890132 (D.N.M. May 11, 2021) (citing *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, No. 07-2388-DJW, 2008 WL 3895474, at *3 (D. Kan. Aug. 21, 2008)).

Plaintiffs' request to depose Mr. Miner is a belated attempt for a second bite at the apple. During fact discovery, Plaintiffs chose to limit Mr. Miner's deposition to his 30(b)(6) topic. Indeed, Plaintiffs initially told Google they wanted to depose Mr. Miner as a 30(b)(1) witness. Plaintiffs then decided to forego a Rule 30(b)(1) deposition of Mr. Miner. Plaintiffs chose instead to depose Mr. Miner only in his 30(b)(6) capacity knowing that this was their sole opportunity to take his deposition.

Plaintiffs say that they "were under no obligation to depose Miner as a Rule 30(b)(1) witness during fact discovery" and that "Google's choice to designate Miner as a corporate representative cannot be used to deny Plaintiffs the right to depose Miner in his personal capacity." Plaintiffs were not obligated to depose Mr. Miner during fact discovery. But once Google designated Mr. Miner as a 30(b)(6) witness, the plain text of Paragraph 22 of the Deposition Protocol and the agreed upon definition of "Deposition" gave Plaintiffs notice that they would not have the opportunity to depose Mr. Miner again. Plaintiffs are asking for the benefit of a bargain that they did not make.

Finally, the timing of this motion belies Plaintiffs' assertion of prejudice in their motion to exclude the testimony of Apple employee Carson Oliver. See MDL ECF No. 613. In that motion, Plaintiffs argue that Google's disclosure of Mr. Oliver will disrupt the trial because they are now too busy with trial preparation to take Mr. Oliver's deposition. Yet Plaintiffs waited over two months from Google's initial identification of Rich Miner as a trial witness to request his deposition. That Plaintiffs ask for another deposition of Mr. Miner now shows that Plaintiffs are perfectly capable of taking the deposition of Mr. Oliver before trial.

## E-FILING ATTESTATION

I, Gary Bornstein am the ECF user whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

<em>/s/ Gary Bornstein</em>