UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | MDL Case No. 21-md-02981-JD <br><br> Member Case Nos. 20-cv-05671-JD, 22-cv-02746-JD <br><br> **PRETRIAL ORDER FOR *EPIC* AND *MATCH* TRIAL** |

As discussed at the final pretrial conference on October 19, 2023, this order governs the jury trial to be held in *Epic Games, Inc. v. Google LLC*, Case No. 20-cv-05671-JD, and *Match Group, LLC v. Google LLC*, Case No. 22-cv-02746-JD.

## I. SUMMARY JUDGMENT

1. The Court stated on the hearing record the disposition of the remaining arguments in Google's motion for partial summary judgment, Dkt. No. 483. In pertinent summary:
    a. Summary judgment is granted for Google on "plaintiffs' claims that Google unlawfully prohibits the distribution of other app stores on Google Play." *Id*. at 6. Plaintiffs may reference § 4.5 of the Developer Distribution Agreement by way of background and context, but they may not argue or suggest that § 4.5 is unlawful either on its own or in combination with other alleged practices. *See Verizon Communications v. Trinko*, 540 U.S. 398 (2004).
    b. Summary judgment is deferred on the question of a per se or rule of reason standard for plaintiffs' Section 1 claims re Google's Games Velocity Program agreements with Riot, Activision, and Supercell. Material facts are in dispute with respect to the applicable standard. The Court will decide the question before final jury instructions.

    c. Summary judgment on plaintiffs' tying claims is denied. Google's primary case, *Rick-Mik Enterprises Inc. v. Equilon Enterprises, LLC*, 532 F.3d 963 (9th Cir. 2008), is inapposite, and there are genuine disputes of material fact on the issue of coercion.

2. The Match Group's requests for partial summary judgment on Google's counterclaims, Dkt. No. 486, are precluded by numerous disputed questions of material fact. Fed. R. Civ. P. 56(a). The motion is denied in its entirety. There will be no mention of punitive damages at trial until expressly authorized by the Court.

## II. PLAINTIFFS' MOTIONS IN LIMINE

1. **MIL No. 1: GRANTED** to exclude argument and evidence re the outcome of the *Epic v. Apple* litigation. FRE 402/403.

2. **MIL No. 2: GRANTED** to exclude argument and evidence re other litigation, investigations, and settlements involving plaintiffs. FRE 402/403.

3. **MIL No. 3: GRANTED IN PART** to exclude argument and evidence re Tencent Holding Ltd.'s domicile. Google may ask a witness once about Tencent's domicile. Additional references are excluded. FRE 402/403.

## III. GOOGLE'S MOTIONS IN LIMINE

1. **MIL No. 1:** Google's request to preclude Epic from offering evidence or argument that the Apple App Store and Google Play Store are in separate markets "because Epic lost that issue" in its antitrust suit against Apple is **DENIED** for multiple reasons. Google's collateral estoppel argument should have been raised in a summary judgment motion; it is not properly a motion in limine. The contention was raised very late in the case without good cause excusing the delay. Google did not adequately establish each of the elements of estoppel.

2. **MIL No. 2:** Google's request to exclude evidence or argument re privilege issues is **DENIED**, except that plaintiffs may not comment on privilege designations that appear on documents produced in discovery.

3. **MIL No. 3:** Google's request to exclude evidence re its 2019 negotiations with Samsung for Samsung's Galaxy Store (Project Banyan) is **DENIED**. FRE 402.
4. **MIL No. 4: GRANTED** to exclude evidence or argument re other lawsuits or settlements in this MDL, except that the parties are free to offer any evidence excluded by this order if the other side opens the door. If the plaintiffs wish to offer this evidence without Google opening the door, they may file a proffer on the docket, two court days in advance, to seek the Court's prior approval.
5. **MIL No. 5** re Google employees' compensation, stock holdings, or net worth: **RESOLVED** by the parties' agreement, as read into the record.
6. **MIL No. 6: GRANTED** to exclude evidence or argument re federal government reports. FRE 402/403. Testifying experts may rely on the underlying facts in these reports so long as they do not mention the reports in their testimony.
7. **MIL No. 7: GRANTED** to exclude evidence or argument re foreign proceedings and investigations. FRE 402/403. Again, testifying experts may rely on the underlying facts in these reports and decisions so long as they do not mention the reports and decisions in their testimony.

## IV. REMEDY FOR DESTRUCTION OF CHATS EVIDENCE

1. After an evidentiary hearing and other proceedings, the Court concluded that Google failed to preserve relevant evidence from its Chat message system, and that the failure to preserve was intentional and prejudicial to plaintiffs. Dkt. No. 469.
2. Pursuant to Federal Rule of Civil Procedure 37(e)(2), a permissive adverse inference jury instruction is a reasonable and proportionate remedy to Google's intentional failure to preserve relevant evidence.
3. Based on proof adduced at trial, the permissive adverse inference instruction may make specific reference to one or more of eight evidence categories that plaintiffs say were affected by Google's default: RSAs with OEMs; MADAs with OEMs; Google's efforts to pay Samsung not to compete; Project Hug; Google's arguments not to

1      compete with ABK, Riot, and Supercell; September 2020 changes to Google Play's
2      business model; Project Runway; and Google's relationship with Apple.
3   4. Plaintiffs may ask witnesses questions about their Chats practice re retention and
4      preservation.
5   5. The Court will give the permissive adverse inference instruction at the end of the case.
6   6. Plaintiffs may not mention the adverse inference instruction in their opening statement,
7      but may mention the underlying Chats issues.

## V. SCHEDULE AND TIME LIMITS

1. Each side will have up to 45 hours of trial time, excluding openings and closings. The parties are free to meet and confer and jointly propose a reduction. As stated in the Court's civil trial standing order, the Courtroom Deputy, Ms. Lisa Clark, will have the final word on the time count.
2. Each side will have up to 45 minutes for opening statements. Duplicative statements by co-parties will not be allowed. The parties are directed to meet and confer on a deadline for exchanging demonstratives to be used in each side's opening statements.
3. Each side will have up to 1 hour for closing arguments.
4. Trial days are Monday through Thursday. Fridays are generally reserved for the Court's other matters, but may be used here if the case is ready for closings, the jury is deliberating, or the parties and the Court otherwise agree.
5. There will be no trial held on November 22 - November 24, 2023, and December 4 - 11, 2023, in light of the Thanksgiving holidays and the Court's unavailability.
6. Trial will be held each trial day from 9:00 a.m. to 3:30 p.m., with two 15-minute breaks. As previously agreed, the parties may jointly provide snacks to the jury, with the cost to be shared equally among the parties.

## VI. VOIR DIRE, JURY SELECTION AND MINI-OPENINGS

1. The Court will likely seat 10 jurors for the trial.

2. The parties will give "mini-openings" to the venire as an introduction to the case. Each side will give a 3-minute statement that provides a high-level, non-argumentative overview of the case.

3. After the mini-openings, the Court will conduct the voir dire based on the questions proposed by the parties and the Court's own questions and practices.

4. The parties will have three peremptory challenges per side, pursuant to 28 U.S.C. § 1870.

5. The Court will use the "strike and replace" method for jury selection. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged.

6. Jury selection will be held on November 2, 2023, and trial will begin on November 6, 2023.

## VII. JURY MATERIALS AND OTHER TRIAL PROCEDURES

1. **Jury notebooks**. Jurors will be permitted to take notes. The parties will prepare jury notebooks and bring 12 copies on the first day of trial. The notebooks should be in the form of 2" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and must include these materials:

   a. A glossary of relevant terms and abbreviations, to be prepared jointly by the parties.

   b. 100 pages of blank, college-lined paper.

   c. A tab for witness photos. The jury will be provided with a color photo (a headshot) of each witness just before that witness takes the stand. The party calling the witness is responsible for providing the Courtroom Deputy with 12 three-hole punched, letter-sized copies of each photo. The Courtroom Deputy will distribute the photos to the jury. The witness must appear exactly the same in the photo as they will appear on the witness stand (e.g., same clothing, hairstyle, eyewear). The photo will include the witness's name, but no other information.

   d. Tabs for the preliminary and final jury instructions, which the Court will distribute.

2. **Jury questions**.  The Court will allow the jurors to ask questions during the trial. Questions will be in writing and submitted to the Court before the witness is excused. The Court will screen the questions, and may confer with the parties in a sidebar, before posing a jury question to a witness.

3. **Sidebars**.  There will be no attorney-initiated sidebars during trial.

4. **Motions**.  No motions may be filed during trial without prior leave of the Court.

5. **Objections**.  Counsel must stand to state any objections, and should do so by simply stating the rule that forms the basis of the objection.  No arguments or elaborations should be made unless called for by the Court.

6. **Witness Call**.  Each party must have its witnesses for the trial day available in the courthouse and ready to testify.  Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

7. **Witness Disclosure**.  Unless the parties agree otherwise, a party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- 48 hours in advance of calling the witness to the stand.  Any party that has an objection must alert the Court as soon as possible, and the Court will take up the objection outside the presence of the jury.

8. **Witnesses Excluded from Courtroom**.  At the joint request of the parties and pursuant to FRE 615, the Court orders all witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony.  This exclusion order does not apply to party corporate representatives.  FRE 615(b).

9. **Presentation of Witnesses**.  Witnesses will be put on the witness stand only once.  For example, if plaintiffs call a witness whom Google also intends to call, Google's direct examination of the witness will follow the plaintiffs' examination of the witness. Google may not put the witness on again for the presentation of its case to the jury.

10. **Expert Witnesses**.  The parties will discuss a proposal for consolidating the presentation of expert witnesses to the jury.

11. **Exhibits and Witness Binders**.  Exhibits should be prepared on a witness-by-witness basis.  The parties are directed to prepare witness binders that include those exhibits that will be offered during that witness's testimony and which the party will move for admission into evidence.  Three copies of each witness binder should be handed to Ms. Clark at the start of each witness's testimony.  No other copies of trial exhibits need be prepared or submitted to the Court.

12. **Evidence at trial**.  The parties may offer evidence via an Elmo projector or in the form of large poster boards, but the Court advises the parties that all admitted trial exhibits will be made available to the jury in electronic format for their deliberations.

## VIII. JURY INSTRUCTIONS

1. The parties are directed to file by October 25, 2023, a set of proposed preliminary jury instructions.  The parties should follow the format and instructions given in *Avnet*, Case No. 17-cv-07046-JD, Dkt. No. 353.

## IX. OTHER

1. **Realtime**.  The parties may request a live, remote Realtime feed for their trial team members who cannot be present in the courtroom.  *See* Transcripts / Court Reporters | United States District Court, Northern District of California (uscourts.gov).

2. **Newer lawyers**.  The Court encourages both sides to give as many substantive opportunities to junior lawyers as is possible during the trial.

3. **Number of relevant markets**.  For the parties' dispute about the number of relevant markets that plaintiffs' experts may testify about, the Court orders that plaintiffs may present all three of their relevant markets to the jury, if they wish.

**IT IS SO ORDERED.**

Dated:  October 20, 2023

JAMES DONATO
United States District Judge