1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD

Case No. 3:21-md-02981-JD

**JOINT SET OF PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Judge:  Hon. James Donato
Trial Date:  November 6, 2023
Time:  9:00 am
Place:  Courtroom 11, 19th Floor

INSTRUCTION NO. 1

DUTY OF JURY

You now are the jury in this case, and I want to take a few minutes to tell you about your duties as jurors and to give you some preliminary instructions before the testimony starts. At the end of the trial I will give you the detailed written instructions that will control your deliberations. These are the introductory instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

All of this means that you must decide the case solely on the evidence before you. Please keep in mind that you took an oath to do so.

Do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be. That is for you to decide.

INSTRUCTION NO. 2

CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

The plaintiffs are Epic Games, Inc., referred to as "Epic" or "Epic Games", and Match Group, LLC; PlentyofFish Media ULC; Humor Rainbow, Inc.; and People Media, Inc., referred to as "Match" or the "Match Plaintiffs." The defendants are Google LLC and certain of its affiliates, referred to as "Google."

Plaintiffs assert that Defendant Google has violated federal and state antitrust laws through a variety of means that foreclose competition in an alleged market for Android app distribution and in an alleged market for in-app billing services on Android devices. Match further alleges that Google has interfered with Match's contracts and economic relationships in violation of California law. Plaintiffs have the burden of proving these claims. Plaintiffs allege that Google's conduct harms mobile app developers and consumers by increasing prices and reducing quality and innovation.

Google denies Plaintiffs' claims. Google contends that the relevant market is not limited to Android, but also includes Apple's iOS and other platforms where users and developers can engage in transactions for digital content. Google further contends that its conduct has not foreclosed competition, but rather has promoted competition by enabling Android to compete with iOS and other platforms. Google contends that its conduct benefited users and developers.

Google also brings counterclaims against Epic and Match. Google alleges that Epic and Match each willfully violated Google's Payment Policy and that, by doing so, they violated their contractual obligations to Google. Google alleges that Epic and Match were unjustly enriched at Google's expense. Google also asserts that Match misled Google regarding its intention to comply with Google's policies. Google has the burden of proving these counterclaims.

Plaintiffs deny Google's counterclaims. Plaintiffs contend that Google's Payment Policy is illegal and a violation of the antitrust laws, and Google therefore cannot enforce that Policy. Match further contends that Google granted Match an extension to the deadline to comply with the Payments Policy, and that Match did not promise to comply with the deadline.

INSTRUCTION NO. 3

BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION NO. 4</u>

CORPORATIONS -- FAIR TREATMENT

The parties in this case are corporations. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers, performed within the scope of authority. An act is within the scope of a person's authority if it is within the range of reasonable and foreseeable activities that an employee, agent, director, or officer engages in while carrying out that person's business.

1

<u>INSTRUCTION NO. 5</u>

2

WHAT IS EVIDENCE

3

The evidence you are to consider in deciding what the facts are consists of:

4

1.       the sworn testimony of any witness;

5

2.       the exhibits that are admitted into evidence;

6

3.       any facts to which the lawyers have agreed; and

7

4.       any facts that I may instruct you to accept as proved.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION NO. 7</u>

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 8

STIPULATIONS OF FACT

The parties have agreed to certain facts that I will now read to you. You must treat these facts as having been proved.

1.      Google LLC is a wholly-owned subsidiary of Alphabet Inc.;

2.      Google offers various products and services, including Android OS, Chrome, Gmail, Drive, Maps, Play, Search, YouTube, Google Cloud, and Search Ads 360;

3.      A mobile operating system ("OS") provides multi-purpose computing functionality to a mobile device such as a smartphone or a tablet;

4.      To be useful to consumers, a mobile OS must be able to run software applications or "apps";

5.      A mobile OS facilitates the use of apps through code, such as application programming interfaces ("APIs"), which app developers use to create apps that are compatible with the OS;

6.      An "app" is software separate from the mobile OS that runs on a mobile device and adds specific functionalities to a mobile device;

7.      Consumers use apps to perform a variety of tasks on their mobile devices;

8.      Entities that manufacture mobile devices—such as Samsung or Motorola—are referred to as original equipment manufacturers ("OEMs");

9.      OEMs pre-install an OS on the mobile devices that they manufacture and sell;

10.     Instead of developing their own OS, almost all OEMs today license a third party's OS for their devices;

11.     Apple does not license iOS to other OEMs;

12.     The Google Play store is an app store owned by Google that distributes apps on devices running the Android OS;

13.     To distribute an app on the Google Play store, app developers must first enter into Google's Developer Distribution Agreement, referred to as the DDA;

14.     The predecessor to the Play store was called Android Market;

15.     Google acquired the Android mobile operating system in 2005;

16. Google launched Android Market in October 2008;

17. Google launched its in-app billing service in 2011;

18. Google's Android Market app store was rebranded as the Google Play store in March 2012;

19. Timothy Sweeney is Epic Games, Inc.'s ("Epic") controlling shareholder, CEO, and board chairman;

20. In April 2020, Epic made the decision to make Fortnite available for download through the Play store;

21. Epic and the Match Plaintiffs signed Google's DDA;

22. Match.com launched on the web in 1995;

23. The Match.com app was released on the Play store in 2010;

24. The Tinder app was released on the Play store in 2013;

25. On August 13, 2020, Epic filed its complaint against Google; and

26. On May 9, 2022, the Match Plaintiffs filed their complaint against Google.

1

2

INSTRUCTION NO. 9

RULING ON OBJECTIONS

3

4

5

6

7

8

There are rules that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

9

10

11

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION NO. 10</u>

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 11

DEPOSITION IN LIEU OF LIVE TESTIMONY

At times during the trial, you may hear testimony by a witness in the form of previously recorded deposition rather than live here in court. A deposition is the sworn testimony of a witness taken before trial. The witness was placed under oath to tell the truth, and lawyers for each side asked questions. The questions and answers were recorded.

Insofar as possible, you should consider deposition testimony presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>INSTRUCTION NO. 12</u>

EXPERT OPINION

You will hear testimony from expert witnesses who testify to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it, reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 13

CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 14

CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## INSTRUCTION NO. 15

### NO TRIAL TRANSCRIPT

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION NO. 16</u>

TAKING NOTES

If you would like, you may take notes during trial to help you remember the evidence. Your binder has notepaper in it. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

1

2

## INSTRUCTION NO. 17

QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

3   When the attorneys have finished examining a witness, you may propose a question to the

4   witness to help clarify the testimony. A question may not be used to express any opinion about the

5   testimony or argue with a witness. If you propose a question, remember that your role is that of a

6   neutral fact finder, not an advocate.

7   Before I excuse each witness, I will offer you the opportunity to write out a question using the

8   form that has been put into your binders. Do not sign the question.

9   There are some proposed questions that I will not permit, or will rephrase from the wording

10  submitted. This might happen either due to the rules of evidence or other legal reasons, or because the

11  question is expected to be answered later in the case. If I do not ask a proposed question, or if I

12  rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other

13  jurors propose. You should evaluate the answers to those questions in the same manner you evaluate

14  all of the other evidence.

15  By giving you the opportunity to propose questions, I am not requesting or suggesting that you

16  do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable

17  or because a later witness may be addressing that subject.

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 18

CONDUCT OF THE JURY

Let's talk about your conduct as jurors. It is vitally important that you keep an open mind throughout the trial. The testimony and evidence will unfold over several weeks, and you should not reach any conclusions before you have heard everything that will be presented. In addition, do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

When it comes time for you to decide the verdict, your decision must be based on the evidence received in the case and on my instructions on the law that applies. You must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.

For these reasons, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This covers every possible form of communication: in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, chat room, blog, website or any social media applications including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or TikTok. The prohibition on communication applies to everyone, including your family members, your employer, the media or press, and the people involved in the trial. It also applies to communicating with your fellow jurors until I give you the case for deliberation. You are free to tell your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But you cannot share with them or anyone else any other information about your jury service or about the case. If anyone asks you about your jury service or the case, you must say that you have been ordered not to discuss the matter. You must also promptly report the contact to me through Ms. Clark.

In addition, you must not, for any reason, do research or investigation on your own. You will get all the evidence and legal instruction you may properly consider for the verdict right here in the courtroom. Do not look up anything on the Internet, or in a book, or do any sleuthing or investigating of any sort. Do not visit or view any place or location that might be described during the case. Do not do any research about the law or the people involved in this case -- including the parties, the witnesses,

the lawyers, or me. Also, while I have no information that there will be media coverage of this case, please make sure you do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it. If you happen to read or hear anything touching on this case in the media, turn away and let me know what happened by telling Ms. Clark.

That is a long list of "don'ts" but it is vitally important for you to follow these rules. They protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is crucial that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

INSTRUCTION NO. 19

OUTLINE OF TRIAL

We are just about ready to start the trial. Each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement, and if a party chooses not to do one, you should not hold it against that party for any reason.

Plaintiffs will then present evidence and counsel for Google may cross-examine. Then, Google may present evidence, and counsel for Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

1

Dated:  October 25, 2023

CRAVATH, SWAINE & MOORE LLP
   Christine Varney *(pro hac vice)*
   Gary A. Bornstein *(pro hac vice)*
   Timothy G. Cameron *(pro hac vice)*
   Yonatan Even *(pro hac vice)*
   Lauren A. Moskowitz *(pro hac vice)*
   Justin C. Clarke *(pro hac vice)*
   Michael J. Zaken *(pro hac vice)*
   M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
   Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: */s/ Gary A. Bornstein*
   Gary A. Bornstein

   *Counsel for Plaintiff Epic Games, Inc.*

Dated:  October 25, 2023

HUESTON HENNIGAN LLP
   Douglas J. Dixon
   Christine Woodin
   Joseph A. Reiter

Respectfully submitted,

By: */s/ Douglas J. Dixon*
   Douglas J. Dixon

   *Counsel for Plaintiffs Match Group, LLC et al.*

Dated:  October 25, 2023

MUNGER, TOLLES & OLSON LLP

By:  */s/ Glenn D. Pomerantz*
   Glenn D. Pomerantz
   *Attorneys for Defendants Google LLC et al.*

Dated:  October 25, 2023

MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Brian C. Rocca*
   Brian C. Rocca
   *Attorneys for Defendants Google LLC et al.*

1

**E-FILING ATTESTATION**

2     I, Gary A. Bornstein, am the ECF User whose ID and password are being used to file this

3 document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories

4 identified above has concurred in this filing.

5

6      /s/ *Gary A. Bornstein*

7     Gary A. Bornstein

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28