Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
Rebecca L. Sciarrino, Bar No. 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAN FRANCISCO DIVISION IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S STATEMENT ON A NON-JURY TRIAL ON EPIC'S CLAIMS AND DEFENSES**<br><br>Judge: Hon. James Donato |

## I.     Introduction

In light of Google's settlement with Match, Epic's antitrust claims must be tried to the Court. Epic seeks only injunctive relief, so its claims are not triable to the jury without Google's consent—and Google has not consented. Fed. R. Civ. P. 39(c). Before the Match settlement, there was no occasion for the parties to discuss or for Google to provide such consent because Epic and Match were pursuing the same antitrust claims in a consolidated trial where Match was entitled to a jury.[1] Epic's affirmative defenses of contract illegality and unclean hands do not change this result.  Those defenses are likewise triable to the Court, not the jury.

Although Google's counterclaims for Epic's breach of Google's developer agreement currently remain triable to the jury, Google has offered to consent to a bench trial both to streamline this trial and so that no jury would be required to hear any part of this case. But Epic has declined,[2] so the Court should first conduct a jury trial to address Google's counterclaims. Google anticipates that this trial could be completed next week. After the jury reaches a verdict on Google's counterclaims, the Court can take up Epic's antitrust claims and its affirmative defenses.

## II.     Background

From the day it filed suit, Epic has denied that its antitrust claims are triable to a jury. Epic did not demand a jury in its initial complaint.[3] When Google's Answer demanded a jury trial "on all issues so triable,"[4] Epic "denie[d] that Google is entitled to a jury trial."[5] Through two amendments, its most recent on November 17, 2022, Epic has stayed the course.[6]

---

[1] Even if Google had consented, Google withdraws such consent because "nothing in Rule 39 restrains a party from withdrawing its consent to a jury trial that is not as of right." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1089 (11th Cir. 2016).

[2] In *Epic v. Apple*, by contrast, Epic stipulated that it had breached its agreement with Apple and as to the damages for such breach. *Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898, 1064, 1068 (N.D. Cal. 2021).

[3] *See* Complaint for Injunctive Relief, 3:20-cv-05671, ECF No. 1 (Aug. 13, 2020).

[4] Google's Answer, 3:21-md-02981, ECF No. 115 (Oct. 11, 2021).

[5] Epic's Answer to Google's Counterclaims ¶¶ 74-75, 3:21-md-02981, ECF No. 136 (Nov. 1, 2021).

[6] *See* Epic First Amended Complaint for Injunctive Relief ¶ 4 MDL ECF No. 82; Epic Second Amended Complaint for Injunctive Relief ¶ 4, MDL ECF No. 378; Epic's Answer to Google's Counterclaims, MDL ECF No. 393 ¶¶ 75-76 (again denying that Epic is entitled to a jury trial).

The other plaintiffs in this MDL—the States, Consumers, and Match—asserted the same antitrust claims as Epic, but sought damages.[7] Because these plaintiffs' sought damages, they were entitled to a jury trial on their claims, and Consumers and Match expressly demanded a jury trial.[8]

The Court consolidated the cases in this MDL for trial and emphasized that all antitrust claims would be tried in a single trial. In December 2021, for example, the Court rejected Epic's request for a separate trial, noting that Epic had "brought the exactly same antitrust claims that every other plaintiff brought." Hr'g Tr. 21:7-22, MDL ECF No. 169 (Dec. 16, 2021). Similarly, the Court noted at an April 20, 2023, status conference, it has "said from Day One, there will not be multiple jury trials.  It's going to be one and done for everything."  Hr'g Tr. 8:4-6, MDL ECF No. 522 (Apr. 20, 2023).

Because Epic and the other plaintiffs asserted the same antitrust claims against Google and because the other plaintiffs were entitled to a jury trial on those claims, the antitrust issues in this case were triable to the jury. That follows from the principle that, "when legal and equitable claims are joined in the same action," the common issues are tried to the jury. *See Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996). As the Court explained, "the Court intends to first utilize a jury as the finder of fact for issues common to the legal and equitable claims."  Minute Order at 2, MDL ECF No. 67 (Jul. 23, 2021). Because of the near-perfect overlap between Epic's and the other plaintiffs' claims, this meant that Epic's claims would be tried to a jury. Accordingly, until Google settled with Consumers, States, and, now Match, there was never any occasion for the parties to discuss what would happen at trial if Epic were the only plaintiff. But once Google settled with the States and Consumers, Google advised the Court and Epic, on October 12, that, in the event of a settlement with Match, Epic's antitrust claims would be triable to the Court.  H'rg Tr. 32:13-33:16, MDL ECF No. 716 (Oct. 12, 2023).

---

[7] States First Amended Complaint ¶ 524, 3:21-cv-05227-JD, ECF No. 188 (Nov. 1, 2021).
[8] Consumers Second Amended Class Action Complaint at 74, 3:21-md-02981, ECF No. 172 (Dec. 20, 2021); Match First Amended Complaint for Damages at 93, 3:22-cv-02746, ECF No. 95 (Nov. 17, 2022).

III.     **Argument**

    **A.     Epic's Claims are Not Triable to a Jury By Right**

There is no right to a jury trial on Epic's claims. A civil litigant is entitled to a jury trial only if a federal statute or the Seventh Amendment provides such a right. Fed. R. Civ. P. 38(a). But "no right to jury trial flows directly from the antitrust laws." *Standard Oil Co. of Cal. v. Arizona*, 738 F.2d 1021, 1025 (9th Cir. 1984); *see In re Currency Conversion Fee Antitrust Litig.*, 2009 WL 151168, at *5 (S.D.N.Y. Jan. 21, 2009) (striking jury demand when antitrust claims sought only injunctive relief). And "there is no constitutional right to a jury trial on an injunction claim." 9 Charles A. Wright & Arthur R. Miller, Fed. Practice & Proc. § 2308 (4th Ed.).

    **B.     Epic's Affirmative Defenses Do Not Trigger a Jury Right**

There is also no right to a jury on Epic's affirmative defenses. Google's counterclaims seek damages for Epic's breach of its developer agreement with Google. Epic has asserted, as an affirmative defense to Google's counterclaims, that its agreement with Google is illegal and invalid under the antitrust laws and that Google has unclean hands. As a matter of federal law, those affirmative defenses do not trigger a jury-trial right.

"[F]ederal law governs whether a party is entitled to a jury trial and if so, on what issues," including with respect to state law claims and defenses. *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1026-27 (9th Cir. 1996). Under federal law, the fact that a *claim* is triable to a jury does not mean that an *affirmative defense* to that claim is also triable to a jury. *See id.* As the Ninth Circuit has held, "a litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature." *Id.* at 1027. In *Danjaq LLC*, for example, the Ninth Circuit applied this rule to hold that although the plaintiff had "a constitutional right to a jury trial on his copyright infringement claims," there was "no right to a jury on the equitable defense of laches." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001).

As to Epic's illegality defense, "the determination of whether the contract is illegal or contrary to public policy, are questions of law for the court," not the jury. *LUX EAP, LLC v. Bruner*, 2018 WL 6016973, at *7 (C.D. Cal. July 31, 2018); *Dunkin v. Boskey*, 82 Cal. App. 4th 171, 183 (2000); 17A Am. Jur. 2d Contracts § 322.

1    In *BC Tech*, for example, the Tenth Circuit affirmed a trial court's decision not to instruct

2  the jury on an illegality defense to a breach of contract claim. *BC Tech., Inc. v. Ensil Int'l Corp.*,

3  464 F. App'x 689, 701-02 (10th Cir. 2012). This is because under Utah law—which, as noted in

4  the cases cited above, is consistent with California law on this point—"the legality of a contract is

5  one for the court to decide." *Id.* Similarly, in *Meta Platforms*, the district court rejected an antitrust

6  illegality defense to a contract claim as a matter of law, holding that the defense was "a question

7  of law to be determined from the circumstances of each particular case." *Meta Platforms, Inc. v.*

8  *BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1243-44, 1252 (N.D. Cal. 2022) (citation omitted).

9    Indeed, Epic will be unable to explain exactly *how* a jury should properly apply an antitrust

10  illegality defense in this case. A contract is not rendered unenforceable merely because the

11  defendant violated the antitrust laws or even because the contract violates the antitrust laws.

12  Rather, a court should decline to enforce the contract only if "the judgment of the Court would

13  itself be enforcing the precise conduct made unlawful by the Act." *Kelly v. Kosuga*, 358 U.S. 516,

14  520 (1959). Determining the meaning of the antitrust laws and whether a court judgment would

15  enforce conduct that violates those laws is a question for the Court.

16    So too for Epic's unclean hands defense. "[U]nclean hands is an equitable defense tried to

17  the Court." *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2019 WL 3099725, at *6 n.2 (C.D.

18  Cal. Apr. 15, 2019); *Hope Medical Enters., Inc. v. Fagron Compounding Servs., LLC*, 2021 WL

19  2941546, at *6 (C.D. Cal. July 12, 2021). *Cal-Agrex, Inc. v. Tassell*, 408 F. App'x 58, 61 (9th Cir.

20  2011) is directly on point. There, the plaintiff won a breach-of-contract claim, and the defendant

21  argued that the district court erred in refusing to instruct the jury on unclean hands. The Ninth

22  Circuit rejected this argument: "[T]he district judge did not err in making a determination himself

23  as to the viability of that defense. The application or rejection of the clean hands doctrine in a

24  given case is equitable in nature and within the discretion of the trial court." *Id.* (citations and

25  quotations omitted).

26    Epic's affirmative defenses must be submitted to the Court, and any overlap between those

27  defenses and Epic's antitrust claims will not result in submitting the antitrust issues to the jury.

28

**C.      Google Has Not Consented to a Jury Trial on Epic's Antitrust Claims**

Until Google settled with the other plaintiffs in the *MDL* and with Match, there was no occasion or need for Google to consent to a jury on Epic's claims in an Epic-only trial. Google faced a consolidated trial against Epic and Match on a nearly identical set of antitrust claims. Because Match sought damages on its antitrust claims and had demanded a jury, those antitrust claims would necessarily have been tried to a jury.  Nor, in the circumstance of a consolidated trial, could the parties have tried Match's claims—but not Epic's identical claims—to a jury. When "legal and equitable claims are joined in the same action" the legal issues must be tried first. *Granite State,* 76 F.3d at 1027. And the jury's resolution of those legal issues would be binding. *GTE Sylvania Inc. v. Cont'l T.V., Inc.*, 537 F.2d 980, 986 n.7 (9th Cir. 1976) ("When issues common to both legal and equitable claims are to be tried together, the legal issues are to be tried first, and the findings of the jury are binding on the trier of the equitable claims."). Only upon settlement with Match was a bench trial even a possibility.

In light of the consolidated trial and the presence of multiple plaintiffs entitled to a jury trial on the antitrust claims against Google, the parties' previous discussions regarding the structure of the trial naturally did not involve what would happen in the context of an Epic-only trial involving injunctive-relief-only antitrust claims. Indeed, Epic cannot point to any communication or submission in which Google agreed that, in an Epic-only case, Epic's injunctive relief claims would be submitted to a jury.

Instead, the parties' discussions focused on how to approach this consolidated trial. In May 2023, for example, the parties submitted a joint statement after participating in a trial summit ordered by the Court. At that point in May, when Consumers, States, and Match all remained in the case, the parties accurately reported that "all claims by all Plaintiffs are triable to a jury, with the exception of [certain state law claims]." MDL ECF No. 505 at 3 (May 12, 2023).  Nothing in that submission suggests that Google consented to trying injunctive-relief-only antitrust claims to the jury.

In any event, where there is no right to a jury trial, consent may be withdrawn before trial. "[N]othing in Rule 39 restrains a party from withdrawing its consent to a jury trial that is not as of

right." *FN Herstal*, 838 F.3d at 1089. To the contrary, "Rule 39(a)(2) contains no time limit for the filing of an objection to the demand for a jury trial." *Id.* at 1090. The Eleventh Circuit noted in *FN Herstal* that it "has affirmed a district court's striking a jury demand 'days before trial' without any consideration of prejudice because no right to a jury existed where only equitable relief was sought. *Id.*; 9 Charles A. Wright & Arthur R. Miller, Fed. Practice & Proc. § 2308 n.2 (4th ed.) (citing *FN Herstal*). Likewise, in this case Epic seeks only equitable relief.  To the extent that Google's previous statements are construed as consent to a jury on Epic's claims and defenses, Google withdraws that consent.

Finally, to the extent Epic asserts that, under Rule 38(d), it may rely on Google's demand for a jury in its Answer and Counterclaims, that assertion would be misplaced. Google only demanded a jury "on all issues so triable,"[9] which would have included Google's counterclaims. Epic's antitrust claims plainly do not fall within the scope of that demand because, as explained above, they are not triable to a jury. *See* Fed. R. Civ. P. 38(b) (a demand may be for "any issue triable as of right to a jury"); 38(c) (a general jury demand covers only the "the issues so triable"); 39(c) (consent is required where action "not triable of right by a jury").

In addition, even if Google's demand *had* covered Epic's antitrust claims (which it did not), Epic plainly did not rely on Google's demand in electing not to make its own timely jury demand. To the contrary, in its Answer to Google's Counterclaims it "denie[d] that Google is entitled to a jury trial."[10] Absent reliance by Epic on Google's demand, Google may unilaterally withdraw that demand. "Once a party demonstrates through its actions that it has not relied on another's jury demand in failing to file its own, the reason for allowing it to object when another side unilaterally seeks to withdraw its demand dissolves." *Ross Dress for Less, Inc. v. Makarios-Oregon, LLC,* 39 F.4th 1113, 1120 (9th Cir. 2022) (quoting *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1532 (9th Cir. 1995)).

---

[9] Google's Answer to Epic's Second Amended Complaint ¶ 75, 3:20-cv-05671, ECF No. 345 (Dec. 1, 2022).

[10] Epic's Answer to Google's Counterclaims ¶¶ 74-75, 3:21-md-02981, ECF No. 136 (Nov. 1, 2021).

**D.    Google's Counterclaims Should Be Tried to the Jury and the Court Should Resolve Epic's Claims and Affirmative Defenses**

As discussed above, Epic's antitrust claims and its related affirmative defenses are not triable to the jury, and Google objects to submitting these issues to the jury. But there is no dispute that Google's counterclaims, including for breach of contract, are triable to a jury. Although Google has offered to try the entire case to the Court, Epic has declined. Accordingly, should a jury be empaneled to decide any claims in this trial, it should solely decide Google's counterclaims. Google estimates that a trial on Google's counterclaims could be completed next week, with a small handful of Epic and Google witnesses testifying live and by deposition. After all, Epic does not contest that it violated the terms of its agreement with Google—its position instead is that this agreement is invalid under the antitrust laws, which is an issue for the Court, not the jury. Once the jury has reached a verdict, the Court may separately address Epic's equitable claims and affirmative defenses.

To the extent the Court finds that a jury should sit for the duration of the trial, the antitrust issues should be submitted to the jury only on an advisory basis. Fed. R. Civ. P. 39(c). Regardless of whether the Court uses an advisory jury, the Court would "make its own independent assessment of the [antitrust] issues." *Hansen v. Safeway, Inc.*, 2010 WL 2593611, at *3 (N.D. Cal. June 22, 2010); Fed. R. Civ. P. 52(a)(1).


DATED:  November 1, 2023             Respectfully submitted,

                                     By:  ____/s/ Glenn D. Pomerantz____
                                              Glenn D. Pomerantz

                                     **MUNGER TOLLES & OLSON LLP**
                                          Glenn D. Pomerantz
                                          Kuruvilla Olasa
                                          Emily C. Curran-Huberty
                                          Jonathan I. Kravis
                                          Justin P. Raphael
                                          Kyle W. Mach
                                          Dane Shikman
                                          Rebecca L. Sciarrino

**MORGAN, LEWIS & BOCKIUS LLP**
Minna Lo Naranjo
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Rishi P. Satia

*Counsel for Defendants*

GOOGLE'S STATEMENT ON A NON-JURY TRIAL ON EPIC'S CLAIMS AND DEFENSES
Case Nos. 3:21-md-02981-JD. 3:20-cv-05671-JD