Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
Rebecca L. Sciarrino, Bar No. 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANT GOOGLE'S MOTION FOR A PROTECTIVE ORDER**<br><br>Judge: Hon. James Donato |

1

## **GOOGLE'S MOTION FOR PROTECTIVE ORDER**

2   Defendant Google, pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c), moves

3   this Court for an entry of a narrow protective order to govern the disclosure of personally

4   identifiable information ("PII") at trial for parties and non-parties.  This narrow protective order

5   would protect the reasonable privacy interests of current and former party employees—both at

6   Google and at Epic—as well as non-parties.  Specifically, Google only asks for the preliminary

7   redaction of employee and former employee email addresses and telephone numbers that would be

8   displayed publicly to the courtroom during trial or later filed with the Court pursuant to the Local

9   Rules.  Where redacting an email address would also redact the identity of the sender or recipient

10  of a communication, the parties are to annotate the document with the first and last name of the

11  sender or recipient to make it clear to the Court and the public who the participants of the

12  communication are.  Google has attempted to stipulate with Plaintiff to reach an agreement to

13  protect the privacy interest of employees and former employees of both parties and non-parties,

14  but Epic has rebuffed these efforts.[1]

15      Entry of this narrow protective order would relieve the Court from having to address daily

16  sealing motions during trial to address PII that appears in each exhibit used on each trial day.  It

17  would be more efficient for the parties and the Court to address this issue broadly by protective

18  order than seriatim motions to seal.

19      Consistent with Ninth Circuit precedent, in a previous order in this action, this Court

20  redacted the emails of certain Google employees without a sealing motion by either party.  *See*

21  MDL ECF No. 469 at 1 n.1, 12-14 ("This order will be filed in unredacted form on the public

22  docket, except for certain employee names which are redacted below.").  Courts in the Ninth

23  Circuit routinely seal email addresses and other personal identifying information under the

24  compelling reasons standard due to the potential privacy harm to the individual whose contact

25  information may be exposed.  *See, e.g.*, *In re Pac. Fertility Ctr. Litig.*, No. 18-cv-01586, 2021 WL

26  1082843, at *2 (N.D. Cal. Mar. 12, 2021) (sealing email addresses under compelling reasons

27

28  [1] Notably Epic redacted employee email addresses in trial exhibits used in *Epic Games, Inc. v. Apple, Inc.*, 4:20-cv-05640-YGR (N.D. Cal.).

1  standard); *see also Kumandan v. Google LLC*, 2022 WL 17971633, No. 19-cv-04286, at *1 (N.D.

2  Cal. Nov. 17, 2022) (listing cases sealing email addresses and other PII under compelling reasons

3  standard); *Snapkeys, Ltd. v. Google LLC,* No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D.

4  Cal. May 14, 2021) (granting Google's motion to file under seal personally identifiable

5  information of its current and former employees, including their email addresses and telephone

6  numbers); *Sameer v. Khera,* No. 17-cv-01748-DAD-EPG, 2018 WL 4772035, at *1 (E.D. Cal.

7  Oct. 1, 2018); *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1137 (9th Cir. 2003); *U.S.*

8  *ex rel. Lockyer v. Hawaii Pac. Health,* No. CIV. 04-00596 ACK-LE, 2007 WL 128853, at *1 (D.

9  Haw. Jan. 10, 2007).

10         This case has attracted and will continue to attract media attention.  Google simply seeks to

11  protect the reasonable privacy interests of all party employees and former employees from

12  potential harassment that could result from the broad release of their non-public contact

13  information.  Entry of the proposed protective order would offer Google employees some

14  protection against such risks, and this same protection should be extended to plaintiff's employees

15  and non-parties as well.

16         Google respectfully requests entry of the proposed protective order to govern disclosure of

17  PII during trial proceedings.

18

19

20

21

22

23

24

25

26

27

28

1  DATED:  November 5, 2023       Respectfully submitted,

2       By:     */s/ Rishi P. Satia*

3                 Rishi P. Satia

4       **MORGAN, LEWIS & BOCKIUS LLP**

5       Minna Lo Naranjo
      Brian C. Rocca

6       Sujal J. Shah
      Michelle Park Chiu

7       Rishi P. Satia

8

9       **MUNGER TOLLES & OLSON LLP**

10       Glenn D. Pomerantz
      Kuruvilla Olasa

11       Emily C. Curran-Huberty
      Jonathan I. Kravis

12       Justin P. Raphael
      Kyle W. Mach

13       Dane Shikman
      Rebecca L. Sciarrino

14       Lauren Beck

15       *Counsel for Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GOOGLE'S MOTION FOR A PROTECTIVE ORDER