| | |
|---|---|
| 1 | Jeffrey L. Kessler (*pro hac vice*) |
|   | JKessler@winston.com |
| 2 | Sofia Arguello (*pro hac vice*) |
|   | SArguello@winston.com |
| 3 | WINSTON & STRAWN LLP |
|   | 200 Park Avenue |
| 4 | New York, NY 10166-4193 |
|   | Telephone: (212) 294-6700 |
| 5 | Facsimile: (212) 294-4700 |
| 6 | Jeanifer E. Parsigian (SBN: 289001) |
|   | JParsigian@winston.com |
| 7 | WINSTON & STRAWN LLP |
|   | 101 California Street, 34th Floor |
| 8 | San Francisco, CA 94111 |
|   | Telephone: (415) 591-1000 |
| 9 | Facsimile: (415) 591-1400 |
| 10 | *Attorneys for Non-Party* |
|    | ACTIVISION BLIZZARD, INC. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **NON-PARTY ACTIVISION BLIZZARD, INC.'S OBJECTION TO DISCLOSURE OF TESTIMONY AND DOCUMENTS AND REQUEST TO SEAL THE COURTROOM** |
| *Epic Games, Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | |
| | The Honorable James Donato |

## I. INTRODUCTION

Pursuant to Northern District of California Civil Local Rule 79-5, the Stipulated Second Amended Supplemental Protective Order Governing Production of Protected Non-Party Materials (*see* ECF No. 248, hereinafter the "Protective Order"), and the Court's minute entry dated October 31, 2023 (*see* ECF No. 727), non-party Activision Blizzard, Inc. ("Activision Blizzard") submits this Objection to Disclosure of Testimony and Documents and Request to Seal the Courtroom to ensure that excerpts of the September 22, 2022 deposition testimony of Activision Blizzard's Chief Financial Officer, Armin Zerza ("Zerza Deposition"), documents introduced in connection therewith ("Deposition Documents"),[1] and certain other exhibits (the "Exhibits"[2]) that include highly confidential, non-public information of Activision Blizzard remain protected.[3]

## II. LEGAL STANDARD

The trial record can be sealed if a party (or non-party) establishes "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Compelling reasons exist for sealing when a public filing "might [] become a vehicle for improper purposes." *Id.* at 1179 (citation and internal quotation marks omitted). One such improper purpose is where "a court record might be

---

[1] Epic Games, Inc. ("Epic") has indicated it intends to "introduce[] into evidence through . . . [deposition] designations" the following documents: AB-GOOG-000492, AB-GOOG-000516, and AB-GOOG-000432 (collectively, the "Deposition Documents").

[2] The "Exhibits" refers collectively to Exhibits 142, 143, 148, 149, 150, 360, 384, and 1980, which per Google counsel's correspondence contain information that a party designated "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

[3] The Parties failed to provide reasonable (and the required) notice of their intent to use material that was identified as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" by Activision Blizzard or another party. The Protective Order requires that the Parties provide at least four business days' notice of their intent to use such material. Google notified Activision Blizzard on November 6, 2023 at 2:51am Eastern Time that the Parties intended to use the Exhibits "in open court on Tuesday, November 7, 2023." Epic notified Activision Blizzard on November 5, 2023 at 2:00pm Eastern Time that "[i]t is possible that Mr. Zerza's testimony will be played on November 7, 2023," but that "[n]ot all of [it] will necessarily be played." Epic provided "narrowed designations" and identified the Deposition Documents on November 6, 2023 at 3:59pm Eastern Time—just four hours before this filing was due. The notice provided by counsel is obviously deficient under the express terms of the Protective Order.

1

NON-PARTY ACTIVISION BLIZZARD, INC.'S OBJECTION TO DISCLOSURE OF TESTIMONY AND DOCUMENTS AND REQUEST TO SEAL THE COURTROOM
CASE NOS. 3:21-md-02981-JD, 3:20-cv-05671-JD

1  used . . . as sources of business information that might harm a [party's] competitive standing." *See*
2  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotation
3  marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Importantly,
4  the Court "balance[s] [] the public's right to access" with a "non-party's privacy interests."  *See*
5  *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015).

### III. PUBLIC DISCLOSURE OF THE ZERZA DEPOSITION TESTIMONY, DEPOSITION DOCUMENTS, AND EXHIBITS POSES A COMPETITIVE THREAT TO ACTIVISION BLIZZARD

The testimony from the Zerza Deposition, the Deposition Documents, and the information contained in the Exhibits are clearly information that could be exploited by other third parties or employees of the Parties themselves to inform their own business strategies.  The testimony, Deposition Documents, and Exhibits were thus appropriately marked "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  *See* ECF No. 248.

The Zerza Deposition designations and the Deposition Documents relate to Activision Blizzard's partnership with Google and exploration of an alternative app distribution platform. Though these underlying "facts" (*i.e.*, that Activision Blizzard has a business deal with Google and that Activision Blizzard has explored offering an alternative app store) have been made public during the course of this litigation, the Zerza Deposition excerpts and the Deposition Documents go much farther.  They delve into the terms of the Activision Blizzard-Google partnership, the specifics of the Activision Blizzard-Google negotiations, and the internal considerations affecting Activision Blizzard's decision of whether to pursue an alternative app distribution platform.  The Exhibits similarly include details about the Activision Blizzard-Google negotiations and deal terms (Exhibits 142, 143, 148, 149, 150, 384, 1980), and competitively sensitive financial information (Exhibit 360). This is plainly the sort of information that courts have sealed under the "compelling reasons" standard. *See Epic Games, Inc. v. Apple Inc.*, 2021 WL 1925460, at *1 (N.D. Cal. Apr. 30, 2021) (finding "compelling reasons" for sealing "highly confidential information, including . . . business decision-making . . . belonging to [] a third-party non-party to th[e] action"); *Open Text S.A. v. Box, Inc.*, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014) (sealing information "refer[ring] to [] confidential

2

NON-PARTY ACTIVISION BLIZZARD, INC.'S OBJECTION TO DISCLOSURE OF TESTIMONY AND DOCUMENTS AND REQUEST TO SEAL THE COURTROOM
CASE NOS. 3:21-md-02981-JD, 3:20-cv-05671-JD

financial and revenue information, disclosure of which is likely to cause harm to [business] if known by competitors"); *United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (sealing third-party documents where they "contain[ed] . . . competitive information that could cause damage to the third parties if made public"). The result should be the same here.

Activision Blizzard is a global developer and publisher, whose business is to develop, publish, and distribute high-quality interactive entertainment content and services and deliver engaging entertainment experiences to users worldwide. Maintaining the confidentiality of Activision's Blizzard's business strategy, deal terms, and financials is paramount to Activision Blizzard's ability to compete and its success. Disclosure of the Zerza Deposition excerpts, the Deposition Documents, and the Exhibits will invariably result in Activision Blizzard competitors gaining access to information that they can then to use to their unearned competitive advantage. That threat is particularly acute here, as this trial stands to gain significant media attention.

Finally, it bears mentioning that Activision Blizzard cooperated with the Parties' discovery requests, and has repeatedly objected to Epic's use of that discovery to baselessly argue that Activision Blizzard entered a *quid pro quo* arrangement with Google. With this in mind, *non-party* Activision Blizzard's privacy interests are especially important. *See O'Connor*, 2015 WL 355496, at *2.

### IV. CONCLUSION

For the foregoing reasons, Activision Blizzard respectfully requests that the Court seal the courtroom when the Parties introduce testimony from the Zerza Deposition, the Deposition Documents, or the Exhibits.

3

NON-PARTY ACTIVISION BLIZZARD, INC.'S OBJECTION TO DISCLOSURE OF TESTIMONY AND
DOCUMENTS AND REQUEST TO SEAL THE COURTROOM
CASE NOS. 3:21-md-02981-JD, 3:20-cv-05671-JD

Dated: November 6, 2023               Respectfully submitted,

                                      WINSTON & STRAWN LLP

                                      By:   */s/ Jeanifer E. Parsigian*
                                            Jeanifer E. Parsigian (SBN 289001)
                                      101 California Street, 34th Floor
                                      San Francisco, CA 94111-5840
                                      Telephone: (415) 591-1000
                                      jparsigian@winston.com

                                      Jeffrey L. Kessler (*pro hac vice*)
                                      Sofia Arguello (*pro hac vice*)
                                      200 Park Avenue
                                      New York, NY 10166-4193
                                      Telephone: (212) 294-4698
                                      Facsimile: (212) 294-4700
                                      jkessler@winston.com
                                      sarguello@winston.com

                                      *Counsel for Non-Party Activision Blizzard, Inc.*

4

NON-PARTY ACTIVISION BLIZZARD, INC.'S OBJECTION TO DISCLOSURE OF TESTIMONY AND
DOCUMENTS AND REQUEST TO SEAL THE COURTROOM
CASE NOS. 3:21-md-02981-JD, 3:20-cv-05671-JD