1  Perkins Coie LLP
   Tiffany L. Lee (Bar No. 303007)
2  tiffanylee@perkinscoie.com
   1201 Third Avenue, Suite 4900
3  Seattle, WA 98101
   Telephone: (206) 359-3304
4  Facsimile: (206) 359-4404

5  Attorney for Non-Party
   Nintendo of America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | MDL No. 3:21-md-02981-JD<br><br>**NON-PARTY NINTENDO OF AMERICA INC.'S MOTION TO SEAL PORTIONS OF TRIAL EXHIBITS 384 AND 8011** |

Pursuant to the Court's Order (Dkt. 727), non-party Nintendo of America Inc. ("NOA") requests that the Court seal the courtroom during trial when counsel or witnesses discuss portions of the following pages of Exhibit 384 and Exhibit 8011 that relate or refer to Nintendo[1] ("Nintendo Confidential Information"): GOOG-PLAY-004146698.R, GOOG-PLAY-004146699.R, GOOG-PLAY-004146701.R, GOOG-PLAY-004146703.R, GOOG-PLAY-004145707.R, GOOG-PLAY-004146730.R, GOOG-PLAY-004146731.R, GOOG-PLAY-004146739.R, GOOG-PLAY-000851374.R, and GOOG-PLAY-000851384.R. Alternatively, NOA requests that the Court order counsel and witnesses (i) to publish Nintendo Confidential Information to the jury and courtroom alone, and not to the general public, and (ii) not to state Nintendo Confidential Information during the course of the trial. NOA also requests that Nintendo Confidential Information be redacted from any versions of Exhibit 384 and Exhibit 8011 that are made available in the public record after trial. This motion is accompanied by the Declaration of Kristopher Kiel ("Kiel Decl.").

A party seeking to seal documents at trial must "articulate compelling reasons supported by specific factual findings." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). As described below, NOA's sealing request meets this standard. NOA understands that Google produced the documents designated as Exhibit 384 and Exhibit 8011 during discovery. Google labeled the documents "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in part because they include information that is confidential to non-party NOA. The Nintendo Confidential Information is competitively sensitive and non-public information relating to: confidential contractual arrangements that Nintendo has entered with Google, including the specific terms of the arrangements; financial data regarding the relationship and contractual arrangements between Nintendo and Google; and Nintendo's negotiation strategy relating to Google. (Kiel Decl. ¶¶ 6, 8, 10.) The contractual arrangements between Nintendo and Google reflect sensitive information concerning, for example, Nintendo's negotiation strategies in

---

[1] NOA is a subsidiary of Nintendo Co., Ltd. ("NCL"), a Japanese corporation. (Kiel Decl. ¶ 1.) NCL has many other subsidiaries. (*Id.*) For purposes of this motion only, "Nintendo" refers to NCL and its subsidiaries, including NOA, even though NCL and its subsidiaries are separate and distinct entities.

1    its dealings with Google. (*Id.* ¶¶ 7, 10.) Nintendo could suffer significant competitive harm if that
2    information were to become public, including losing any edge over competitors with respect to
3    negotiations with Google. (*Id.* ¶ 7.) Public disclosure of detailed financial information has the
4    potential to cause severe harm to Nintendo because competitors could use the information to
5    glean insights into Nintendo's business strategies, both generally and with respect to Google, and
6    take steps to undercut Nintendo's execution of those strategies. (*Id.* ¶¶ 8, 9.) And information
7    about Nintendo's relationship with Google, if disclosed to the public, would also undermine
8    Nintendo's market position by allowing competitors to emulate the unique combination of
9    contractual arrangements between Nintendo and Google, which has taken many years to develop.
10   (*Id.* ¶ 11.)

11           The risk of competitive harm to Nintendo merits sealing the Nintendo Confidential
12   Information and outweighs concerns about access to judicial records. *E.g.*, *Century Aluminum Co.*
13   *v. AGCS Marine Ins. Co.*, No. 11-CV-02514-YGR, 2012 WL 13042825, at *2 (N.D. Cal. Aug.
14   10, 2012) (sealing confidential information because "competitive harm may result" from public
15   disclosure that would "reveal confidential business information and strategies"); *Koninklijke*
16   *Philips N.V. v. Elec-Tech Int'l Co.*, No. 14-CV-02737-BLF, 2015 WL 581574, at *2–3 (N.D. Cal.
17   Feb. 10, 2015) (sealing confidential business information that could be used by competitors);
18   *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (finding disclosure of
19   information that "competitors could not obtain anywhere else" might result in competitive harm
20   and should be sealed); *XIFIN, Inc. v. Firefly Diagnostics, Inc.,* No. 317CV00742BENKSC, 2018
21   WL 1244781, at *2 (S.D. Cal. Mar. 9, 2018) (sealing "commercially sensitive business
22   information" reflected in a contract, including "proprietary protocols and processes"). The risk of
23   competitive harm is more than theoretical. The cases here involve a direct competitor to
24   Nintendo—Epic Games. And given the high profile of the cases, NOA expects that trial and any
25   resulting press coverage will be monitored by employees and representatives of many other
26   Nintendo direct competitors in the gaming industry. NOA's interest in protecting its
27   competitively sensitive information is the kind of "good cause" recognized in the Northern
28   District of California as sufficient to justify protections, such as sealing the courtroom. *Finjan,*

*Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, Dkt. 400 at 1 (N.D. Cal. July 22, 2015) (granting motion to seal the courtroom).

If the Court is disinclined to seal the courtroom during trial, Nintendo requests that the Court issue an order requiring that counsel and witnesses (i) publish Nintendo Confidential Information only to the jury and courtroom, not to the general public, and (ii) avoid stating any Nintendo Confidential Information during the course of trial. The Northern District of California has embraced this type of approach to protect a non-party's confidential information even when the courtroom will not be sealed. *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2016 WL 7911365, at *2 (N.D. Cal. Aug. 30, 2016) (ordering that counsel and witnesses publish non-party confidential information "to the jury and courtroom alone, and not to the general public" and with a few exceptions, that counsel and witness may "not state" non-party confidential information during trial).

NOA's sealing request is particularly strong because of the circumstances here. Non-party NOA was drawn into this litigation by the parties, not through any actions of its own. In addition, Nintendo has no control over the trial proceedings or whether and when the parties might seek to use its highly confidential information. In this scenario, it would be markedly unfair to publicly disclose Nintendo Confidential Information and subject Nintendo to competitive harm.

For the reasons explained above, NOA requests an order to seal the courtroom whenever Nintendo Confidential Information is discussed during trial. Short of that, NOA asks for an order imposing the conditions described above as an alternative to sealing the courtroom. Further, to protect Nintendo's interests after trial, NOA seeks an order that the versions of Exhibit 384 and 8011 available in the public record be redacted to remove all Nintendo Confidential Information.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: November 6, 2023 | */s/Tiffany L. Lee*<br>Tiffany L. Lee (CA Bar No. 303007) |
| 3 | | tiffanylee@perkinscoie.com<br>Perkins Coie LLP |
| 4 | | 1201 Third Avenue, Suite 4900<br>Seattle, WA 98101 |
| 5 | | Telephone: (206) 359-3304<br>Facsimile: (206) 359-4404 |
| 6 | | Attorney for Non-Party |
| 7 | | Nintendo of America Inc. |

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on November 6, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants in this case.

<i>s/ Tiffany L. Lee</i><br>
Attorney