| | |
|---|---|
| Brian C. Rocca, Bar No. 221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, Bar No. 215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, Bar No. 248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, Bar No. 301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone:  (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY  10178-0060<br>Telephone: (212) 309-6000<br><br>*Counsel for Defendants* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRIAL EXHIBITS**<br><br>Judge:  Hon. James Donato |

1  Pursuant to Civil Local Rule 79-5, Google Defendants ("Google") respectfully move the
2  Court to seal limited portions of Plaintiff's Trial Exhibits as identified in this filing. The Ninth
3  Circuit holds that sealing is appropriate where the "party seeking to seal a judicial record"
4  demonstrates "compelling reasons" that outweigh the "general history of access and the public
5  policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79
6  (9th Cir. 2006) (trade secrets were compelling reasons); *see also Fed. Trade Comm'n v.
7  Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019)
8  (confidential contracts, contract negotiations, and discussions of business strategy were
9  compelling reasons); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL
10 2550831, at *1 (N.D. Cal. June 25, 2011) (long-term financial projections were compelling
11 reasons). As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is
12 published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th
13 Cir. 2008). As discussed in the declaration filed herewith, public disclosure of this information
14 will cause severe and irreparable harm to Google that outweigh the public interest in disclosure.
15  Google respectfully requests that the confidential information identified below not be
16 displayed to the gallery, and that the witness be asked not to state this information in testimony.
17 Instead, this information should be published to the jury only and the witness should be asked to
18 direct the jury's attention to the information in the document. To the extent any of the exhibits
19 subject to this sealing motion are not admitted into the record, Google will withdraw its sealing
20 requests.

21  Dated:  November 6, 2023        Respectfully submitted,
                                    By:  *Rishi P. Satia*
22
23                                  **MORGAN, LEWIS & BOCKIUS LLP**
                                    Rishi P. Satia
24
                                    *Counsel for Defendants*
25
26
27
28

# DECLARATION OF CHRISTIAN CRAMER

I, Christian Cramer, declare as follows:

1. I have been Finance Director for Defendant Google LLC ("Google") since March 2017 and have worked at Google since September 2007. I have personal knowledge of Google's practices concerning the confidentiality of its strategic business information. The facts set forth here are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and treatment of confidential information, the materials provided to me and reviewed by me, and/or conversations with other knowledgeable Google employees. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

2. I submit this declaration in support of this Motion seeking to seal the non-public, highly confidential information identified below. As detailed below, there are "compelling reasons" to seal Google's highly confidential materials.

## Google's Targeted Sealing Requests

**Category 1:** The highlighted excerpts identified in the below exhibits reveals highly confidential, non-public terms of current agreements under the Games Velocity Program, the disclosure of which is likely to cause competitive harm to both the non-party developers involved in the program and identified in the document and to Google. For example, Google's competitors could use this information to target these developers, or similar types of developers, and gain an unfair advantage in competing with Google for these customers.

| Exhibit | Blue Highlights on Page |
|---|---|
| Exhibit 384 | Pages -011, -025, -042, -043, -058 |
| Exhibit 8011 | Pages -006, -007, -024 |

**Category 2:** The highlighted excerpts identified in the below exhibit contain non-public information regarding confidential business strategies with respect to the financial terms and structure of confidential agreements that Google may offer customers. Disclosure of this information would severely and adversely impact Google's current competitive position, as well as its ability to negotiate agreements in the future. Public disclosure would inform Google's competitors of the terms (financial and otherwise) they would need to meet or beat in negotiations with Google's customers, as well as the specific types of customers Google is targeting with these non-public commercial programs.

| Exhibit | Blue Highlights on Page |
|---|---|

| | |
|---|---|
| Exhibit 384 | Pages -022, -025 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 6th day of November, 2023, in Mountain View, California.

                                                                                            _____
                                                                                            Christian Cramer

# DECLARATION OF BRIAN SMITH

I, Brian Smith, declare as follows:

1. I have been in-house counsel for Defendant Google LLC ("Google") since July 2022 and have worked at Google since July 2022. I have personal knowledge of Google's practices concerning the confidential treatment as personnel and employment information. The facts set forth here are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and treatment of confidential personnel and employment information, the materials provided to me and reviewed by me, and/or conversations with other knowledgeable Google employees. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

2. I submit this declaration in support of this Motion seeking to seal the non-public, highly confidential information identified below. As detailed below, there are "compelling reasons" to seal Google's highly confidential personnel information.

## Google's Targeted Sealing Requests

The highlighted excerpts of these chat communications reveal highly confidential employment and personnel decision-making related to Google employees or employee candidates. The public disclosure of these employment evaluations and decisions will undermine important principles of confidentiality in the corporate hiring process and related personnel decisions. Moreover, the individuals referenced in the communications have a reasonable expectation of privacy in this area, which would be violated to the extent these are made public.

| Exhibit | Blue Highlights on Page |
|---|---|
| Exhibit 6487 | Pages -008 to -010, -012, -020 to -023 |
| Exhibit 6488 | Pages -022, -026 to -027, -038, -052, -071 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 6th day of November, 2023, in San Francisco, California.

Brian Smith

**E-FILING ATTESTATION**

I, Rishi P. Satia, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

/s/ *Rishi P. Satia*
Rishi P. Satia