Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRIAL EXHIBITS**<br><br>Judge: Hon. James Donato |

Google Defendants ("Google") respectfully move the Court to seal two of Plaintiff's Trial Exhibits and one deal term mentioned in a single line of deposition testimony scheduled to be used in Court on November 8. We understand that the two exhibits may be used during the testimony of Purnima Kochikar, a Google employee.[1]

Pursuant to the Court's guidance provided on November 7, 2023, Google has narrowed its sealing request to a highly-sensitive commercial deal, the public disclosure of which would have an immediate impact on Google's ongoing, active negotiations with several developer-customers. One of the exhibits—an internal company summary of the terms of that highly-sensitive deal—makes specific reference to the commercial sensitivity of the terms and how other developer-customers may request similar terms. Several of those other developers are engaged in ongoing discussions with Google about commercial partnerships. Moreover, certain terms of the agreement are still under negotiation with the Non-Party developer partner at issue—Spotify—and the disclosure of the exhibits will impact those ongoing negotiations.

The Ninth Circuit holds that sealing is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (trade secrets were compelling reasons); *see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (confidential contracts, contract negotiations, and discussions of business strategy were compelling reasons). As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). As discussed in the declaration filed herewith, public disclosure of this information will cause severe and irreparable harm to Google (and to non-party Spotify) that outweigh the public interest in disclosure.

---

[1] Non-Party Spotify, Inc. is also moving to seal the deal terms reflected in the two exhibits and deposition testimony to protect their interests as a non-party.

Google respectfully requests that the commercial deal terms referenced in the materials subject to this motion not be disclosed or displayed in open court. Instead, this information should be provided to the jury in hard copy and questions related to the two exhibits and deposition testimony should be framed to avoid revealing the confidential commercial terms to the general public and to third parties who may use it competitively to their advantage.

Dated: November 7, 2023                By:  Respectfully submitted,
                                            *Rishi P. Satia*

                                       **MORGAN, LEWIS & BOCKIUS LLP**
                                       Rishi P. Satia

                                       *Counsel for Defendants*

DocuSign Envelope ID: 48A5D3AB-F2BA-4EAC-AB3D-2C0B76E29DF3

## DECLARATION OF CHRISTIAN CRAMER

I, Christian Cramer, declare as follows:

1. I have been Finance Director for Defendant Google LLC ( "Google") since March 2017 and have worked at Google since September 2007. I have personal knowledge of Google's practices concerning the confidentiality of its strategic business information. The facts set forth here are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and treatment of confidential information, the materials provided to me and reviewed by me, and/or conversations with other knowledgeable Google employees. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

2. I submit this declaration in support of this Motion seeking to seal the non-public, highly confidential information identified below. As detailed below, there are "compelling reasons" to seal Google's highly confidential materials.

### Google's Targeted Sealing Requests

Trial Exhibits 1530, 1532, and the highlighted excerpts of the deposition testimony identified below reflect highly-confidential, non-public deal terms from a current agreement, some of which are currently being renegotiated. The public disclosure of these terms would directly impact and negatively affect Google's ongoing, active negotiations with certain developer-customers. These are active, hard-fought negotiations, and public disclosure of these terms would place Google in a competitive disadvantage and severely and adversely impact Google's current negotiating position. For example, if these specific deal terms are publicly disclosed, an existing and/or prospective customer-developer could demand the same exact terms offered in this highly-negotiated agreement or lead to a breakdown in Google's current business negotiations.

| Exhibit | Portion of Exhibit |
|---|---|
| Exhibit 1530 | Entire exhibit |
| Exhibit 1532 | Entire exhibit |
| Deposition Testimony of Sandra Alzetta (Non-Party Spotify, Inc.) | Page 43, Line 25 |

1  I declare under penalty of perjury that the foregoing is true and correct. Executed on the 7th day
2  of November, 2023, in Mountain View, California.

                       *DocuSigned by:*
                       *Christian Cramer*
                       7E2F7561498147C...
                      Christian Cramer

## E-FILING ATTESTATION

I, Rishi P. Satia, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Rishi P. Satia*
Rishi P. Satia