1  RUSSELL P. COHEN (SBN 213105)
   Russ.Cohen@dechert.com
2  DECHERT LLP
   1 Bush Street, Suite 1600
3  San Francisco, CA 94104
   Telephone:    +1 415 262 4500
4
   *Attorneys for Non-Party TikTok Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY TIKTOK INC.'S MOTION TO SEAL HIGHLY CONFIDENTIAL INFORMATION**<br><br>Honorable James Donato |

1  Non-Party TikTok Inc. ("TikTok") respectfully moves under Local Rule 79-5 and the Court's Order, Dkt. 727, to seal portions of Exhibit 2698 at -052 and the courtroom for any accompanying testimony disclosing information related to TikTok's revenue derived from the Google Play Store.

## I.   LEGAL STANDARD

While there is a strong public interest in access to trial proceedings and judicial records, sealing of judicial records is appropriate when "compelling reasons" overcome that interest. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Courts routinely seal documents that contain confidential business and financial information. *See, e.g.*, *Beluca Ventures LLC v. Einride Aktiebolag*, No. 21-CV-06992-WHO, 2023 WL 3149253, at *2 (N.D. Cal. Feb. 7, 2023) (explaining that defendant's "valuation . . . is commercially and competitively sensitive" and that "[c]ourts routinely seal such sensitive financial information."); *Day v. GEICO Cas. Co.*, No. 21-cv-02103-BLF, 2022 WL 6584451, at *2 (N.D. Cal. Sept. 28, 2022) (finding compelling reasons to seal non-public and confidential financial information about the defendant); *Monk v. N. Coast Brewing Co. Inc.*, No. 17-CV-05015-HSG, 2018 WL 6069942 (N.D. Cal. Nov. 20, 2018) (finding compelling reasons to seal financial information of non-party). While not dispositive, courts "also consider a more lenient approach when sealing non-party information." *DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023).

## II.   MATERIALS THAT NON-PARTY TIKTOK REQUESTS TO SEAL

TikTok requests that the Court seal portions of trial exhibits and testimony that disclose the revenue TikTok derives from the Google Play Store. TikTok is not a party to these proceedings, and as described in the accompanying declaration of Warren Solow ("Solow Declaration"), compelling reasons exist to seal this information. Specifically, this information includes TikTok's highly confidential revenue information, and disclosure of this information would expose TikTok to competitive harm in multiple ways. First, revenue information would reveal sensitive information that relates directly to the valuation of TikTok. TikTok is a private company and valuation information is not publicly disclosed in this form in any other context. Further, this

information could allow a comparison of TikTok's revenue derived from the Google Play Store to similar revenue derived by TikTok's competitors. For these reasons, TikTok requests that the following trial exhibit page and associated testimony be sealed:

| Exhibit Number (Bates) | Document description | Portion sought to be sealed | Reason(s) for sealing request |
|---|---|---|---|
| Exhibit 2698 (GOOG-PLAY-011073577) | TikTok Revenues Derived from the Google Play Store | Seal Entirety of Page 052 to Exhibit 2698 | Discloses specific Google Play revenue derived by TikTok and directly relates to the valuation of TikTok, which is a non-public company. This information could be used by competitors and cause competitive harm to TikTok. |

The information in Exhibit 2698 at -052 is non-public, competitively sensitive, and cannot be protected from public disclosure through any less restrictive means. Courts have agreed that compelling reasons exist to seal the type of information TikTok is seeking to protect. *See e.g., Beluca Ventures*, 2023 WL 3149253 at *2 ("Courts routinely seal such sensitive financial information."); *Monk*, 2018 WL 6069942 at *2 (sealing financial information of non-party). There is also little if any countervailing public interest in their disclosure. *Kamakana,* 447 F. 3d at 1179 ("[T]he Court must conscientiously balance the competing interests of the public policies favoring disclosure such as the public interest in understanding the judicial process." (quotation marks and original alterations omitted)).

For the foregoing reasons, TikTok respectfully requests one of the following alternative forms of relief: To the extent the Court is conducting portions of trial in a closed session, TikTok requests that the material identified above be shown during that session. In the alternative, and recognizing the need for an efficient trial, TikTok requests that this revenue information (1) not be displayed on a public monitor, (2) not be specifically disclosed by the witness in testimony, and (3) be redacted from any versions of Exhibit 2698 made available to the public.

| | |
|---|---|
| Dated: November 7, 2023 | Respectfully submitted, |
| | */s/ Russell Cohen* |
| | Russell P. Cohen (SBN 213105) |
| | DECHERT LLP |
| | 1 Bush Street, Suite 1600 |
| | San Francisco, CA 94104 |
| | Telephone:    +1 415 262 4500 |
| | Russ.Cohen@dechert.com |
| | |
| | *Attorneys for Non-Party TikTok Inc.* |