RUSSELL P. COHEN (SBN 213105)
Russ.Cohen@dechert.com
DECHERT LLP
1 Bush Street, Suite 1600
San Francisco, CA 94104
Telephone: +1 415 262 4500

*Attorney for Non-Party TikTok Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

Case No. 3:21-md-02981-JD

**DECLARATION OF WARREN SOLOW IN SUPPORT OF NON-PARTY BYTEDANCE INC.'S MOTION TO SEAL HIGHLY CONFIDENTIAL INFORMATION**

Honorable James Donato

I, Warren Solow, declare as follows:

1. I am the Information Governance and E-Discovery Lead at ByteDance Inc. My responsibilities include overseeing e-discovery for TikTok generally (including TikTok Pte. Ltd.) and advising on case-specific protective orders. Because of these responsibilities, I am familiar with TikTok's strategy and business practices, including what information TikTok considers confidential and does not disclose to the public. I have personal knowledge of the facts set forth herein.

2. Based on correspondence received by TikTok on November 7, 2023, I understand from Counsel for Google LLC ("Google") that Google intends to disclose certain non-public information related to TikTok entities' revenue derived from the Google Play Store in open court on Wednesday, November 8, 2023. I further understand from Counsel for Google that Exhibit 2698 at -052 has been designated "Non-Party Highly Confidential – Outside Counsel Eyes Only" pursuant to the terms of the Stipulated Protective Order.

3. TikTok respectfully requests that Exhibit 2698-052 and related testimony be sealed because the exhibit contains detailed financial information that would harm TikTok if publicly disclosed.

4. Specifically, Exhibit 2698 at -052 identifies the revenue that TikTok derived from distribution via the Google Play Store over a 12-month period. This information is highly sensitive and is not publicly disclosed by TikTok. Disclosure of such financial information would reveal sensitive inputs into TikTok's valuation, which is owned by a private company that is not obligated to publicly disclose revenue and does not do so. Further, disclosure of information that impacts valuation can have an impact on investors.

5. Additionally, disclosure of the information reflected in Exhibit 2698 at -052 would allow a comparison of TikTok entities' revenue derived from distribution via the Google Play Store to similar revenue derived by competitors and potential competitors. This revenue and performance data is also highly competitively sensitive as a key performance metric tracked by TikTok's competitors. The public has little, if any, interest in this non-party information and the competitive harm that disclosure would create for TikTok outweighs any slight public interest that may exist.

As such, there exists good cause and compelling reasons for sealing Exhibit 2698 at -052.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on: November 7, 2023

Warren Solow