1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **DECLARATION OF JEAN-BRIAC PERRETTE IN SUPPORT OF OMNIBUS MOTION TO FILE UNDER SEAL** |
| *Epic Games, Inc. v. Google LLC, Case No. 3:20-cv-05671-JD* | Judge James Donato |
| *In re Google Play Consumer Antitrust, Case No. 3:20-cv-05761-JD* | |
| *Utah v. Google LLC, Case No. 3:21- cv-05227-JD* | |
| *Match Group, LLC. et al. v. Google LLC et al., Case No. 3:22-cv-02746-JD* | |

I, Jean-Briac (JB) Perrette, declare as follows:

1.      I am Chief Executive Officer and President of Global Streaming and Games for Warner Bros. Discovery, Inc. ("WBD"). I joined WBD's predecessor, Discovery, Inc., in 2011 as Chief Digital Officer.

2.      I submit this declaration pursuant to Civil Local Rule 79-5. The contents of this declaration are based on my personal knowledge, and if called as a witness in this matter, I could and would testify thereto.

3.      In my current role at WBD, I am responsible for the HBO Max and discovery+ streaming platforms, as well as all other direct-to-consumer and gaming operations globally. Based on my work experience, I am familiar with the manner in which confidential financial information is handled by WBD pertaining to its consumer-facing offerings. WBD keeps such information confidential to protect itself from potential competitive and commercial harm.

4.      I understand that the Consumer Plaintiffs have filed a Motion for Class Certification ("Class Certification Motion") that cites an Expert Report written by Dr. Michelle M. Burtis and dated March 31, 2022 ("Burtis Report"), which contains information that purportedly derives from Google's internal transactional data regarding WBD's sensitive and highly confidential financial information concerning applications ("apps") made available to consumers via the Google Play store. I also understand that the Consumer Plaintiffs and Google will file a joint omnibus motion to seal addressing the confidentiality of information included in the Class Certification Motion, the Burtis Report, and other recent filings.

5.      WBD's financial information referred to in the Class Certification Motion and Burtis Report is sensitive and highly confidential information that could cause competitive and commercial harm to WBD if publicly released.

6.     As an initial matter, in filing this Declaration, WBD does not confirm the accuracy and/or completeness of WBD's financial information referred to in the Class Certification Motion and Burtis Report. As it has been explained to me, although this sensitive and highly confidential financial information concerns WBD, it purportedly is derived from Google's internal transactional data. WBD did not provide the financial information as part of the above-captioned matter, and WBD lacks sufficient background information and context to verify it.

7.     WBD is a leading global media and entertainment company that creates and distributes its portfolio of content and brands across television, film, streaming, and gaming. Maintaining the confidentiality of its financial information is as important to WBD as it is to any comparable business. As a publicly traded company, WBD is extremely mindful of the financial and business information it publicly discloses, and WBD makes such disclosures in accordance with the rules and regulations of the United States Securities and Exchange Commission. Thus, WBD has an interest in preserving the confidentiality of its information that it has not elected to publicly disclose.

8.     The information that is redacted in the Burtis Report includes sensitive and highly confidential financial information of WBD, which could result in competitive harm to WBD if publicly disclosed. It is my understanding that this information relates to: (i) the amount of money spent by consumers on WBD apps that are available in the Google Play store; (ii) WBD's position relative to other companies and developers with respect to the amount of money spent by consumers on WBD apps that are available in the Google Play store; (iii) the amount of service fees WBD paid to Google stemming from WBD apps that are available in the Google Play store; and (iv) WBD's position relative to other companies and developers with respect to the amount of service fees WBD paid to Google stemming from WBD apps that are available in the Google Play store. These references contain highly confidential information relating to WBD's business

dealings and financial position within the market. Furthermore, WBD does not otherwise publicly disclose this information.

9.      The disclosure of this highly confidential financial information could harm WBD's business. For example, the public disclosure of the amount of service fees that WBD pays Google would undermine WBD's ability to negotiate service fees with other app distribution platforms. In addition, the disclosure of WBD's position relative to other companies and developers would put WBD at a competitive disadvantage both with consumers and with other distribution partners, as the performance of WBD's apps in the Google Play store is not publicly known. Finally, the public disclosure of the amount of money spent by consumers on WBD apps that are available in the Google Play store would allow for insight into what percentage of WBD's streaming business Google represents as compared to other app distribution platforms and thus would create difficulties in negotiations with those platforms.

10.      Preventing these competitive and commercial harms requires the sealing of the redacted information in the Class Certification Motion and Burtis Report. There is no less restrictive alternative. Sealing is the only means of preserving WBD's highly confidential, non-public, and competitively sensitive information.

11.      For all of the reasons set forth above, the excerpts from the Class Certification Motion that WBD hereby seeks to seal are as follows:

      a.   Burtis Report, Class Certification Motion Exhibit 5, Page 28, para. 78, Figure 2.

      b.   Burtis Report, Class Certification Motion Exhibit 5, Page 160, Exhibit 13.

      c.   Burtis Report, Class Certification Motion Exhibit 5, Page 161, Exhibit 14.

      d.   Burtis Report, Class Certification Motion Exhibit 5, Pages 165-67, Exhibit 18.

1    I declare under penalty of perjury under the laws of the United States that the foregoing is
2    true and correct and that this declaration was executed on August 16, 2022 in Los Angeles,
3    California.
4
5    Respectfully submitted,
6
7    Dated: August 16, 2022                  By: _____
                                                  JB Perrette (Aug 16, 2022 13:54 PDT)
8                                                 JB Perrette
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# In re Google Play Store Antitrust Litig. - Perrette Declaration

Final Audit Report                                         2022-08-16

| | |
|---|---|
| Created: | 2022-08-16 |
| By: | Fallon Brink (fallon.brink@warnermedia.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAbart-tMBXX_V0wgRagGySbIYcMSr3mz3 |

## "In re Google Play Store Antitrust Litig. - Perrette Declaration" History

📄 Document created by Fallon Brink (fallon.brink@warnermedia.com)
2022-08-16 - 8:24:03 PM GMT- IP address: 157.166.255.254

📧 Document emailed to jb_perrette@discovery.com for signature
2022-08-16 - 8:25:19 PM GMT

📄 Email viewed by jb_perrette@discovery.com
2022-08-16 - 8:40:00 PM GMT- IP address: 146.75.146.0

🖋 Signer jb_perrette@discovery.com entered name at signing as JB Perrette
2022-08-16 - 8:54:46 PM GMT- IP address: 76.95.252.13

🖋 Document e-signed by JB Perrette (jb_perrette@discovery.com)
Signature Date: 2022-08-16 - 8:54:48 PM GMT - Time Source: server- IP address: 76.95.252.13

✅ Agreement completed.
2022-08-16 - 8:54:48 PM GMT

