Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRIAL EXHIBITS**<br><br>Judge:  Hon. James Donato |

I, Christian Cramer, declare as follows:

1. I have been Finance Director for Defendant Google LLC ("Google") since March 2017 and have worked at Google since September 2007. I have personal knowledge of Google's practices concerning the confidentiality of its strategic business information. The facts set forth here are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and treatment of confidential information, the materials provided to me and reviewed by me, and/or conversations with other knowledgeable Google employees. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

2. I submit this declaration in support of this Motion seeking to seal the non-public, highly confidential information identified below. There are "compelling reasons" to seal Google's highly confidential materials highlighted on pages -002 to -005, -013 to -015, -017 to -020 of Exhibit 1496.

3. I have reviewed Exhibit 1496, which appears to be a copy of a document entitled "Modular Google Play Billing EAP Pre-BC Exec Review," dated July 27, 2020. Certain portions of this document reflect Google's internal, highly confidential strategic thinking and analyses related to its User Choice Billing ("UCB") negotiations with Spotify. Specifically, the highlighted portions in Exhibit 1496 contain proposed revenue shares, contractual terms, and the financial and strategic impact of those terms that were proposed and exchanged by each party over the course of the negotiations of the UCB deal. This agreement with Spotify was first of its kind, as Spotify was Google's first UCB partner, and the UCB program is still in the process of being rolled out in various jurisdictions. Moreover, Google is currently in the process of active and on-going negotiations for UCB agreements with other developer-customers.

4. Google's internal business strategies and proposals for UCB are highly confidential and commercially sensitive. Publicly releasing Google's and Spotify's proposals and counter proposals–including the specific financial terms and conditions included in those proposals and analysis of their impact–would improperly influence the above-referenced

1  negotiations and put Google at a disadvantage. For example, if these deal terms and
2  considerations were publicly disclosed, an existing and/or prospective developer-customer could
3  demand the same or similar terms or lead to a breakdown in Google's current business
4  negotiations. Further, Google's existing and/or prospective developer-customers would unfairly
5  have insight into the rates, terms, and conditions that Google evaluated internally when
6  negotiating its deal with Spotify. In addition, Google's mobile app store competitors, including
7  Samsung and Amazon, could use this information to unfairly compete for the same developer-
8  customers that Google is targeting.

10  I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of
11  November 2023, in Mountain View, California.

DocuSigned by:

*Christian Cramer*

Christian Cramer