1  Tiffany L. Lee (Bar No. 303007)
   tiffanylee@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
3  Seattle, WA 98101
   Telephone: (206) 359-3304
4  Facsimile: (206) 359-4404

5  *Attorney for Non-Party*
   *Nintendo of America Inc.*
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 | **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | MDL No. 3:21-md-02981-JD |
   |---|---|
   | THIS DOCUMENT RELATES TO: | **DECLARATION OF KRISTOPHER KIEL IN SUPPORT OF NON-PARTY NINTENDO OF AMERICA INC.'S MOTION TO SEAL TRIAL EXHIBIT 5286** |
   | *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | |

I, Kristopher Kiel, declare as follows:

    1.    I am currently Senior Corporate Counsel in the Legal Department at Nintendo of America Inc. ("NOA"). I have worked at NOA since 2014. NOA is one of many subsidiaries of Nintendo Co., Ltd. ("NCL"), a corporation based in Japan. Although NCL and each of its subsidiaries (including NOA) are separate companies, for purposes of this declaration I will refer to NCL and its subsidiaries together as "Nintendo." The facts stated in this declaration are based on my own personal knowledge and, if called as a witness, I could testify to those facts.

    2.    In my current role at NOA, I am responsible for managing various legal matters including litigation matters. In my role I am aware of various agreements that Nintendo has with third parties and confidential financial and business information associated with those agreements and other business arrangements. Based on my work experience, I am familiar with Nintendo's business and strategies. Nintendo keeps business strategy information confidential to protect

DECLARATION OF KRISTOPHER KIEL    -1-

1  itself from competitive harm.  A significant part of my role entails being aware of and protecting
2  the confidentiality of that information.

3        3.      I understand that Exhibit 5286 in *In re Google Play Store Antitrust Litigation*, No.
4  3:21-md-02981-JD (N.D. Cal) and *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD
5  (N.D. Cal.) is to be used during trial on Wednesday, November 15, 2023.  Exhibit 5286 contains
6  Nintendo's confidential information that was previously produced by Google and designated
7  "Non-Party Highly Confidential - Outside Counsel Eyes Only" pursuant to the operative
8  protective orders (see, e.g., Case No. 3:21-md-02981-JD, ECF 248).

9        4.      I make this declaration on behalf of Nintendo in support of Nintendo of America's
10 Motion to Seal Trial Exhibit 5286.

11       5.      I have reviewed Exhibit 5286.  It is a non-public document relating to Nintendo
12 that is sensitive and highly confidential.  The information would potentially cause substantial
13 competitive harm to Nintendo if disclosed to the public.

14       6.      Exhibit 5286 contains competitively sensitive information about Nintendo's
15 contracts and business relationship with Google.  Exhibit 5286 describes a confidential deal
16 between Nintendo and Google.  Nintendo treats its contracts and the specific provisions within
17 them as highly confidential.  Nintendo's agreements with Google reflect sensitive information
18 about Nintendo's business strategies, including strategies for negotiation with partners and
19 developing content and partnering with content platform operators such as Google.  The
20 provisions and details about their arrangement, terms, and negotiation are not available to the
21 public.  Disclosure of that information could lead to substantial competitive harm to Nintendo
22 because competitors could use the provisions in Nintendo's contracts with Google to Nintendo's
23 detriment.  Competitors seeking to make inroads with Google could copy the contractual
24 provisions that Nintendo negotiated with Google.  For example, competitors could attempt to
25 structure their deals to match the provisions of Nintendo's contract with Google.  That would
26 obviate any competitive advantage Nintendo obtained through its negotiations with Google.
27 More broadly, competitors could adopt Nintendo's general approach to working with content
28 platform operators and, by doing so, gain ground on Nintendo in competing to develop and

distribute content.

7. Exhibit 5286 also reflects information about the relationship between Nintendo and Google. This non-public and highly confidential information relating to the relationship between Nintendo and its business partners is competitively sensitive. Nintendo has developed a relationship with its business partners over many years. If non-public and confidential information about the Nintendo's relationship with its business partners were disclosed publicly, a competitor could use that information to Nintendo's detriment by copying Nintendo's strategy for dealing with its business partners, including Nintendo's approach to interacting and negotiating with business partners and the unique combination of contractual arrangements entered into by the two companies. That could lead to Nintendo receiving less attention from business partners while other competing content developers receive more, which would result in competitive harm to Nintendo. Thus, revealing details about the Nintendo's relationship other business partners could potentially undermine Nintendo's competitiveness.

8. The chart below summarizes why Exhibit 5286 should be sealed.

| Exhibit Number | Document Description | Portion Sought to Be Sealed | Reason(s) for Sealing Request |
|---|---|---|---|
| Exhibit 5286 | Games Velocity Program Addendum to the Google Play Developer Distribution Agreement | The entire document | The document is a confidential contract between Nintendo and Google and includes non-public details about the business relationship between Nintendo and Google. |

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of November 2023 in Sammamish, Washington.

_____
Kristopher Kiel