Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRIAL EXHIBITS**<br><br>Judge:  Hon. James Donato |

1   Google respectfully moves the Court to seal two pages of Potential Trial Exhibit
2   ("Exhibit") 1616 at -061 and -062, a portion of one page of Exhibit 441 at -008, and related
3   testimony concerning Google's actual and forecasted revenue, operating income and margin
4   figures, scheduled to be used in Court on November 16.

5   Detailed financials and projected financials about specific Google products go beyond the
6   challenged conduct. The pages of Exhibit 1616 that Google seeks to seal break down both actual
7   (from 2018 to 2020) and forecasted (through 2024) revenue and operating income *product area*.
8   The data is not limited to Play—the product at issue in this case—but rather includes *all* of
9   Google's products, including Cloud, Search, and YouTube. Similarly, the portions of Exhibit
10  441 Google seeks to seal contain financial margin data for specific Google products, including
11  non-Play products, on Android and iOS devices, on a per-device basis. None of this information
12  is reported publicly.

13  Ninth Circuit Courts have held that this kind of financial detail is a compelling reason to
14  seal, that outweigh the "general history of access and the public policies favoring disclosure."
15  *See e.g.*, *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL
16  1767158, at *2 (N.D. Cal. Apr. 22, 2019) (detailed product-specific financial information were
17  compelling reasons); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL
18  2550831, at *1 (N.D. Cal. June 25, 2011) (long-term financial projections were compelling
19  reasons).

20  Courts have sealed this type of highly confidential, particularized, financials for good
21  reason. Google does not (and has never) publicly reported forecasted revenue or earnings data by
22  product area at this granular of a level. Instead, Google's policy is to treat this information as
23  highly-confidential and to limit its distribution to only a limited subset of employees.

24  The public release of data broken out into product area-level or device-level granularity
25  would enable competitors (e.g., Apple) to use that information to drive pricing decisions and
26  contract negotiations with a one-sided advantage. For example, for Search, competitors (e.g.,
27  Microsoft and Yahoo) could leverage Google's non-public financial data contained in Exhibit
28

1616 to inform the specific terms and conditions offered to device makers, carriers and publishers to better (and unfairly) compete against Google. Moreover, existing and/or potential customers (across product areas), including, for example, app developers and device makers (e.g. Samsung), would have unfair insights into Google's financial standing, which they could use in commercial negotiations to extract terms and conditions from Google that may not have otherwise been able to do. Google is continuously negotiating and renegotiating agreements with customers across its products, and disclosure of this sensitive financial data would likely put Google at a disadvantage in negotiations across its product areas.

As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). As discussed in the declaration filed herewith, public disclosure of this detailed financial data by product area will cause severe and irreparable harm to Google that outweigh the public interest in disclosure. Google respectfully requests that the materials subject to this motion not be disclosed or displayed in open court. Instead, this information should be provided to the jury in a hard copy exhibit to avoid revealing this highly sensitive confidential information to the general public and to third parties who may use it competitively to their advantage.

Dated: November 14, 2023

Respectfully submitted,

By:  *Rishi P. Satia*

**MORGAN, LEWIS & BOCKIUS LLP**
Rishi P. Satia

*Counsel for Defendants*

## E-FILING ATTESTATION

I, Rishi P. Satia, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Rishi P. Satia*
Rishi P. Satia