1   Renata B. Hesse (SBN 148425)
    (hesser@sullcrom.com)
2   Sverker K. Hogberg (SBN 244640)
    (hogbergs@sullcrom.com)
3   SULLIVAN & CROMWELL LLP
    550 Hamilton Avenue
4   Palo Alto, California  94301
    Telephone:    (650) 461-5600
5   Facsimile:    (650) 461-5700

6   Shane M. Palmer (SBN 308033)
    (palmersh@sullcrom.com)
7   SULLIVAN & CROMWELL LLP
    125 Broad Street
8   New York, New York  10004
    Telephone:    (212) 558-4000
9   Facsimile:    (212) 558-3588

10  *Attorneys for Non-Party Spotify USA Inc.*

11

## UNITED STATES DISTRICT COURT

12

## NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO: | **STATEMENT OF LEGAL AUTHORITY PURSUANT TO CIVIL LOCAL RULE 79-5(f)(3) AND IN RESPONSE TO EPIC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (MDL DKT. NO. 775)** |
| *Epic Games, Inc.* v. *Google LLC*, No. 3:20-cv-05671-JD | |
| | Judge:  Hon. James Donato |

SULLIVAN & CROMWELL LLP

Non-party Spotify USA Inc. ("Spotify") submits this Statement of Legal Authority stating the reasons why the redacted portions of Epic Games, Inc.'s ("Epic") Opposition to Google's and Spotify's Administrative Motions to Seal Trial Exhibits and Portions of Deposition of Sandra Alzetta (MDL Dkt. No. 774) ("Opposition") should remain under seal.  The redacted portions of the document describe certain terms of Spotify's highly confidential, first-of-its-kind agreement with Google regarding User Choice Billing ("UCB"), which the parties have designated in this trial as Exhibit 1532.  Spotify's competitive standing would be harmed if the terms of the UCB agreement were made public, and, as such, the agreement and its terms are properly sealed.

The presumptive right of public access to court records on common law and First Amendment grounds "is not absolute," *Kamakana* v. *City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), and may be denied by the Court to protect confidential information.  *See Phillips ex rel. Estates of Byrd* v. *General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002).  Trial records may be sealed if a party or non-party "articulate[s] compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79.  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Moreover, Spotify is not a party to this action and did not voluntarily invoke the Court's jurisdiction; it only produced the information it seeks to seal because the parties demanded it by invoking the Court's subpoena power.  As a result, Spotify's confidentiality interests should be entitled to special consideration. *See, e.g.*, *Hunt* v. *Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing information "implicat[ing] important privacy concerns of nonparties . . . that outweigh the public's interest in disclosure of these judicial records").

The "compelling reasons" standard is met here for several reasons:

*First*, the Ninth Circuit has recognized that "pricing terms" in confidential agreements such as the one at issue here "plainly fall[] within the definition of 'trade secrets'" because they provide the parties "an opportunity to obtain an advantage over competitors." *In re*

*Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b).  Although trade secrets often consist of pricing formulas or information relating to the production of goods, they may also "relate to the sale of goods or to other operations in the business." *Philips* v. *Ford Motor Co.*, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (quoting *Clark* v. *Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972).  Following that guidance, courts in this District "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information."  *Finisar Corp.* v. *Nistica, Inc.*, 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (citing cases).  Many of these cases deal with requests to seal license agreements; here, Spotify would be harmed by public disclosure of the pricing terms of the UCB agreement in much the same way that a licensee would be harmed by disclosure of its license agreement.  The market for audio and music streaming apps is highly competitive, and Spotify competes against rival streaming apps by (among other things) negotiating with distribution partners to keep distribution costs as low as possible.  (*See* Alzetta Decl. (Dkt. No. 800) ¶ 8.)  If the pricing terms of the UCB agreement were made public, Spotify's competitors might demand similar pricing from their distribution partners, without first having to make significant investments in research and development or agree to the non-price commitments in the UCB agreement that Spotify has done in order to secure favorable terms for itself.  (*Id.* ¶¶ 6, 9.)

In any event, Epic acknowledges that not all of these cases concern licensing agreements.  (*See* Opposition at 3 n.4.)  Courts have also sealed in full a party's "confidential agreements setting forth [its] sales relationships and business dealings" with third parties, *Asetek Holdings, Inc.* v. *CMI USA, Inc.*, 2014 WL 12644231, at *2 (N.D. Cal. Sept. 23, 2014); customer agreements that include "product rates, rate structures," "exclusivity requirements, and other confidential terms," *Nicolosi Distrib., Inc.* v. *Finishmaster, Inc.*, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018); and portions of an expert report that "divulge[d] terms of confidential contracts [or] contract negotiations," *Fed. Trade Comm'n* v. *Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).  This authority, too, supports sealing the UCB agreement and its terms.

*Second*, disclosure of the terms of the UCB agreement would unfairly disadvantage Spotify in negotiations with its other payment and distribution partners.  Spotify strives to offer its

SULLIVAN
&
CROMWELL LLP

-2-

app on every type of device and on every platform where its users want to listen to music or stream audio.  This means that Spotify is continuously negotiating and renegotiating with current and potential distribution partners.  (Alzetta Decl. (Dkt. No. 800) ¶ 8.)  If the terms of the UCB agreement were made public, those counterparties could use that information in negotiations to extract terms and conditions from Spotify that they may not have otherwise been able to, or could make demands in deal negotiations that Spotify cannot agree to, which will cause harm to Spotify and to consumers if the parties cannot conclude those deals.  (*Id.* ¶ 9.)  "[T]he need to avoid competitive disadvantage in contract negotiations . . . is a compelling reason that justifies sealing," and as such the terms of the UCB agreement should remain under seal.[1]  *Philips*, 2016 WL 7374214, at *4.

        *Third*, Spotify and Google have taken care to ensure that the terms of the UCB agreement remain confidential.  Section 7 of the UCB agreement contains a confidentiality provision making the terms of the agreement subject to a Non-Disclosure Agreement between the parties, and it prohibits Spotify and Google from making public statements about the UCB agreement without the other's written approval.  (Alzetta Decl. (Dkt. No. 800) ¶ 7.)  Spotify did not produce a copy of the UCB agreement in this litigation, and Spotify understands that when Google produced the agreement it was designated as "NON-PARTY HIGHLY CONFIDENTIAL" pursuant to the protective orders in this action.  Courts in this District have pointed to the existence of similar confidentiality provisions in decisions granting requests to seal agreements that reveal the parties' confidential business information.  *See, e.g.*, *Asetek Holdings*, 2014 WL 12644231, at *2 (sealing agreements that contained competitively sensitive information where disclosure of the information would constitute a breach of the confidentiality provisions of the agreements).

        For all of these reasons, Spotify respectfully requests that the redacted portions of Epic's Opposition remain under seal.

---

[1]     Contrary to Epic's assertions (Opposition at 1, 3), even certain aspects of the UCB agreement itself remain subject to negotiation, including the implementation of the very payment-related terms that are described in Epic's Opposition.  (*See* Alzetta Decl. (Dkt. No. 800) ¶ 6.)

SULLIVAN
&
CROMWELL LLP

1  Dated:  November 17, 2023

2                                          /s/ Shane M. Palmer
                                           Shane M. Palmer (SBN 308033)
3                                          SULLIVAN & CROMWELL LLP
                                           125 Broad Street
4                                          New York, New York  10004
                                           Telephone:   (212) 558-4000
5                                          Facsimile:   (212) 558-3588
                                           Email:   palmersh@sullcrom.com

6                                          Renata B. Hesse (SBN 148425)
                                           Sverker K. Hogberg (SBN 244640)
7                                          SULLIVAN & CROMWELL LLP
                                           550 Hamilton Avenue
8                                          Palo Alto, California  94301
                                           Telephone:   (650) 461-5600
9                                          Facsimile:   (650) 461-5700
                                           Email:   hesser@sullcrom.com
10                                                  hogbergs@sullcrom.com

11                                         *Attorneys for Non-Party Spotify USA Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SULLIVAN
&
CROMWELL LLP