Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF RISHI P. SATIA IN SUPPORT OF EPIC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, MDL DKT. NO. 775**<br><br>Judge:  Hon. James Donato |

I, Rishi P. Satia, declare as follows:

1. I am an attorney admitted to practice law in California and before this Court. I am an associate at Morgan, Lewis & Bockius LLP, counsel of record for Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Payment Corp., Google Asia Pacific Pte. Ltd., and Alphabet, Inc. ("Defendants" or "Google") in the above-captioned matter. I submit this declaration in response to Plaintiff Epic Games, Inc.'s ("Epic") Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed Relating to Epic's Opposition to Google's And Spotify's Administrative Motions to Seal Trial Exhibits and Portions of the Deposition of Sandra Alzetta filed on November 10, 2023 (MDL Dkt. No. 775) ("Epic's Motion to Seal"). I have reviewed an under-seal copy of Epic's Motion to Seal and the exhibits attached thereto. I have personal knowledge of the statements in this declaration, and if called and sworn as a witness, I could and would testify competently hereto.

2. After reviewing Epic's Motion to Seal and the attached exhibits, Google supports sealing the highly confidential and commercially sensitive information cited by Epic on Page 2 at Lines 12-13, and 15 of MDL Dkt. No. 775-2, which is the same type of information that is the subject of Google's pending Administrative Motion to File Under Seal Trial Exhibits filed on November 7, 2023 (MDL Dkt. No. 750) ("Google's Pending Motion to Seal"). To avoid burdening the Court with duplicative filings, Google refers the Court to its Pending Motion to Seal (MDL Dkt. No. 750).

3. Moreover, I understand that this same highly confidential and commercially sensitive information is addressed by Non-Party Spotify, Inc.'s ("Spotify") pending Administrative Motion to Seal Portions of Deposition of Sandra Alzetta and Exhibits Thereto filed on November 7, 2023 (MDL Dkt. No. 749). I further understand that on November 17, 2023, Spotify also filed a declaration in support of sealing this same highly-sensitive information cited in Epic's Motion to Seal (MDL Dkt. No. 800).

4. Google's Pending Motion to Seal requests that the Court seal limited portions of Exhibits 1530 and 1532 as well as a narrow excerpt of the Deposition of Sandra Alzetta (Spotify)

1. (MDL Dkt. No. 750), all of which reveal highly-confidential, non-public deal terms (i.e., specific service fee rates) from Google's operative User Choice Billing (UCB) agreement with Spotify. As set forth in Google's Pending Motion to Seal and the Declaration of Christian Cramer submitted in support thereof, the public disclosure of these specific deal terms will have an immediate impact on Google's ongoing, active negotiations with several developer-customers and thus should be sealed pursuant to the "compelling reasons" standard.

5. Epic's Motion to Seal (MDL Dkt. No. 775), at Page 2, Line 12 (between "pays" and "to Google when"); Page 2, Line 13 (between "low fee of" and "percent"); and Page 2, Line 15 (between "the" and "of Google"), seeks to reveal precisely the same highly-sensitive commercial deal terms from Google's UCB agreement with Spotify that Google previously moved to seal and the Court is still considering (MDL Dkt. No. 750). The references to this same highly-sensitive information in Epic's Motion to Seal should be sealed for the same reasons set forth in Google's Pending Motion to Seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of November 2023, in San Francisco, California.



Rishi P. Satia