1   LISA J. DEMSKY (State Bar No. 186006)
    Lisa.Demsky@mto.com
2   JESSICA O. LAIRD (State Bar No. 331713)
    Jessica.Laird@mto.com
3   MUNGER, TOLLES & OLSON LLP
    350 South Grand Avenue, 50th Floor
4   Los Angeles, California 90071-3426
    Telephone:    (213) 683-9100
5   Facsimile:    (213) 687-3702

6
    *Attorneys for Non-Party Riot Games, Inc*.
7

8                     UNITED STATES DISTRICT COURT

9

10                   NORTHERN DISTRICT OF CALIFORNIA

11
    IN RE GOOGLE PLAY STORE              Case Nos.   3:21-MD-02981-JD
12  ANTITRUST LITIGATION                             3:20-CV-05671-JD
                                                     3:20-CV-05761-JD
13                                                   3:21-CV-05227-JD
                                                     3:22-CV-02746-JD
14
    THIS DOCUMENT RELATES TO:
15                                       **NON-PARTY RIOT GAMES, INC'S**
    *In re Google Play Store Antitrust Litigation*,   **ADMINISTRATIVE MOTION TO SEAL**
16  No. 3:21-md-02981-JD                 **HIGHLY CONFIDENTIAL**
                                         **INFORMATION**
17  *Epic Games, Inc. v. Google LLC et al.*, No.
    3:20-cv-05671-JD                     Judge: Hon. James Donato
18

19

20

21

22

23

24

25

26

27

28

Non-Party Riot Games, Inc. ("Riot") respectfully moves under Local Rule 79-5 and the Court's Order, Dkt. 727, to maintain under seal the following Exhibits and portions of deposition testimony that have been marked non-party highly confidential in this matter:

- Exhibit 1221
- Exhibit 1222
- Exhibit 1226
- Exhibit 1227
- Exhibit 1229
- Portions of Mark Sottosanti Deposition, October 27, 2023 (*see* Declaration of Dan Nabel, ¶ 2).

Riot has narrowly tailored this request to these documents and excerpts of testimony that contain highly sensitive non-public information that would disadvantage non-party Riot Games in current and future negotiations in the marketplace.  Riot did not receive notice of all of the potential Sottosanti designations until November 27, 2023.  Due to what Riot understands was a change in schedule, Riot did not receive notice that the designations and documents would be introduced on Wednesday, November 29, 2023, until after 4:00 P.M. Pacific Time on November 27, 2023.[1]  Riot understands that neither Google nor Epic Games opposes this sealing request (Google's counsel informed Riot that it takes no position on the motion), and Riot respectfully requests that this material be protected from public disclosure during trial.

## I.     LEGAL STANDARD

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The presumption in favor of access to judicial

---

[1] Riot was initially notified over the holiday weekend that the materials might be introduced on Wednesday, November 29, but then was later notified that the materials would not be introduced before Thursday, November 30, making this motion due on November 28.  Then, after 4:00 pm on November 27, Riot was notified that the schedule had changed, and in fact the materials might be introduced on Wednesday November 29, making the motion due the same day.

records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a [company's] competitive standing."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question.  *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (*quoting Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).  As described below, Riot's sealing request establishes that revealing these documents would result in such harm.

## II.   COMPELLING REASONS JUSTIFY RIOT'S REQUEST TO SEAL

The risk of competitive harm to Riot merits sealing the portions of the October 27, 2023 Deposition of Mark Sottosanti ("Sottosanti Deposition") and Exhibits thereto and outweighs concerns about access to judicial records.  Riot is not a party to these proceedings and, as described in the accompanying declaration of Dan Nabel ("Nabel Declaration"), compelling reasons exist to seal this information.  The documents contain confidential negotiation strategy and considerations, and business and financial analysis of terms and benefits to Riot from agreements that is neither disclosed in the ordinary course of business nor generally made available to employees of Riot.  *See* Nabel Declaration, ¶ 4.  For example, the analysis reveals confidential information about Riot's user base, costs, and revenues, and reflects Riot's negotiation strategies in its dealings with Google.  *See Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2476916, at *3 (N.D. Cal. June 17, 2021) (sealing confidential information regarding key commercial metrics on the ground that disclosure could harm the party's competitive standing).  It also contains confidential non-public information regarding Riot's engineering and technical capabilities and strategies that could be used by Riot's competitors to Riot's disadvantage in current and future negotiations.  *See Id.* ¶¶ 2, 4.  Because these cases

1    involve parties with whom Riot does business and competes, Riot would be harmed by disclosure
2    of this information to both Google and Epic Games.  Moreover, the high profile of these cases is
3    likely to garner significant media and industry attention, further exposing sensitive commercial
4    information to Riot's competitors who could weaponize it in negotiations and future business
5    transactions.  *See Id.* ¶ 4.  In other words, the risk of competitive harm in active deals and future
6    negotiations that would be created by disclosing this information is concrete.

7         Riot requests that the Court seal information in certain portions of the Sottosanti
8    Deposition and Exhibits 1221, 1222, 1226, 1227, and 1229 thereto, and protect this information
9    from disclosure in open court in whatever manner is most convenient to the Court, for example: by
10   sealing the courtroom when counsel or witnesses discuss those Exhibits or testimony that relates
11   to them; by muting the sealed portions of the deposition when they are played and providing a
12   written transcript to the jury; or by showing the sealed documents to the jury but not publishing
13   them to the public.

14        Courts routinely seal documents that contain the type of confidential business and financial
15   information at issue here.  *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL
16   7374214, at *4 (N.D. Cal. Dec. 20, 2016) (concluding that "the need to avoid competitive
17   disadvantage in contract negotiations and undercutting by competitors is a compelling reason that
18   justifies sealing"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*, No. 14-CV-02737-BLF, 2015
19   WL 581574, at *3 (N.D. Cal. Feb. 10, 2015) (sealing confidential business information that could
20   be used by competitors).

21        This sealing request is narrowly tailored to Riot's confidential business information in
22   order to prevent these competitive harms to non-party Riot and to Riot's knowledge is unopposed.
23   Riot respectfully requests that its highly confidential information be protected and the Court enter
24   the Proposed Order submitted herewith.

25

26

27

28

NON-PARTY RIOT GAMES, INC'S ADMINISTRATIVE MOTION TO SEAL HIGHLY CONFIDENTIAL
INFORMATION

1   DATED:  November 27, 2023                    MUNGER, TOLLES & OLSON LLP

2

3                                               By:      _/s/ Lisa J. Demsky_____

4                                                        LISA J. DEMSKY
                                                         Attorneys for Non-Party Riot Games, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NON-PARTY RIOT GAMES, INC'S ADMINISTRATIVE MOTION TO SEAL HIGHLY CONFIDENTIAL
INFORMATION