RUSSELL P. COHEN (SBN 213105)
Russ.Cohen@dechert.com
Dechert LLP
1 Bush Street, Suite 1600
San Francisco, CA 94104
Telephone:   +1 415 262 4500

*Attorney for Non-Party Microsoft Corp.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY MICROSOFT CORP'S MOTION TO SEAL HIGHLY CONFIDENTIAL INFORMATION**<br><br>Honorable James Donato |

1    Non-Party Microsoft Corp. ("Microsoft") respectfully moves under Local Rule 79-5 and the Court's Minute Order, Dkt. 727, to seal a demonstrative exhibit created from Figure 29 of Dr. Bernheim's Opening Expert Report (the "demonstrative"), and the courtroom for any accompanying testimony, disclosing information related to Minecraft's monthly active users ("MAU") across platforms. Alternatively, Microsoft requests that the demonstrative not be displayed on public monitors, and that any examination regarding the demonstrative not disclose, in either questions or answers, the details of the demonstrative.

Although there is a strong public interest in access to trial proceedings and judicial records, sealing of judicial records is appropriate where the party seeking to seal a judicial record demonstrates "compelling reasons" that overcome that interest. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Courts in the Ninth Circuit have routinely found the compelling reasons standard is met for confidential business information that would harm a company's competitive standing. *See e.g., Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges…trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"). Furthermore, courts have found a compelling reason to seal sensitive business information when such information is not publicly shared and could cause competitive harm. *See ImprimisRx, LLC v. OSRX, Inc.*, No. 21-CV-01305-BAS-DDL, 2023 WL 7029209, at *3 (S.D. Cal. Oct. 24, 2023) (finding confidential business data related to a company's customers such as shipping preferences and product quantity meets the compelling reasons standard). While not dispositive, courts "also consider a more lenient approach when sealing non-party information." *See DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing information that "implicates important privacy concerns of nonparties").

As described in the declaration of Francisco Rius concurrently filed herewith and further discussed below, compelling reasons exist to seal the information contained in the demonstrative. Specifically, this information comes from a Microsoft document that was designated "Confidential-Attorney's Eyes Only." It includes internal, confidential data on Minecraft's U.S. monthly active users by platform—information that if disclosed would harm Microsoft's competitive standing. *See Qualcomm*, 2019 WL 95922 at *3. This information is not publicly disclosed by Microsoft, and disclosure would expose Microsoft, a non-party in this case, to significant competitive harm including impacting its business negotiations. *See Philips,* 2016 WL 7374214, at *4. It would also cause competitive harm to Microsoft's partners, as usage information about their platforms would be disclosed to their competitors. Finally, the disclosure of this platform-specific, U.S.-only usage data—without critical context for which geographies or SKUs are included or excluded—could cause marketplace confusion with previously disclosed global, aggregated data.

For the foregoing reasons, Microsoft respectfully requests one of the following alternative forms of relief: To the extent the Court is conducting portions of trial in a closed session, Microsoft requests that the demonstrative be shown and addressed during that session. In the alternative, and recognizing the need for an efficient trial, Microsoft requests that the confidential data contained in the demonstrative (1) not be displayed on a public monitor, and (2) not be specifically disclosed by the examining attorney or witness in testimony.[1]

Dated: November 30, 2023

*/s/ Russell Cohen*
Russell P. Cohen (SBN 213105)
DECHERT LLP
1 Bush Street, Suite 1600
San Francisco, CA 94104
Telephone:     +1 415 262 4500
Russ.Cohen@dechert.com

*Attorney for Non-Party Microsoft Corp.*

---

[1] As the demonstrative will not be entered into evidence, Microsoft understands it will not be disclosed to the public and therefore would not need to be redacted.