Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

Counsel for Defendants

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
Rebecca L. Sciarrino, Bar No. 336729
rebecca.sciarrino@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S OBJECTIONS TO PROPOSED VERDICT FORM**<br><br>Judge:   Hon. James Donato |

Pursuant to the Court's Order, Google submits the following objections to the proposed verdict form, MDL ECF No. 851.

*First*, Google objects to Question 1 of the verdict form, which asks whether "Google willfully acquired or maintained monopoly power in a relevant antitrust market." This Question is likely to mislead the jury because it suggests that the acquisition of monopoly power is illegal even absent any element of anticompetitive conduct. But "[t]o safeguard the incentive to innovate, the possession of monopoly power will not be found unlawful unless it is accompanied by an element of anticompetitive *conduct*." *Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004). "The mere possession of monopoly power, and the concomitant charging of monopoly prices, is not only not unlawful; it is an important element of the free-market system." *Id.* At a minimum, the Court should modify this question as follows: "Did Epic prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Google willfully acquired or maintained monopoly power in a relevant antitrust market *through the use of anticompetitive conduct*?"

*Second*, Google objects to asking the market definition questions after asking the jury other liability-related questions. Market definition is a "threshold step" in evaluating an antitrust claim, *FTC v. Qualcomm*, 969 F.3d 974, 992 (9th Cir. 2020), and the trier of fact cannot assess liability without first defining the relevant market, *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2285 (2018) ("courts usually cannot properly apply the rule of reason without an accurate definition of the relevant market."). "Without a proper definition of the relevant market, it is impossible to determine a party's influence over that market." *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1203 (9th Cir. 1997). The jury must first make its market-definition findings before continuing its analysis. If Epic has not proven its alleged relevant markets, then Epic cannot succeed on its claims. *Coronavirus Reporter v. Apple, Inc.*, 85 F.4th 948, 957 (9th Cir. 2023) (holding that a relevant market is necessary to an antitrust claim).

*Third*, Google preserves its objection to allowing the jury to find liability on any market other than that which Epic has alleged. *See* MDL ECF No. 806 at 37. "Failing to define a relevant market alone is fatal to an antitrust claim." *Coronavirus Reporter*, 85 F.4th at 957;

*Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 375 F.3d 1341, 1363 (Fed. Cir. 2004) (reversing an antitrust verdict because no evidence supported the plaintiff's technology market definition), *rev'd on other grounds*, 546 U.S. 394 (2006). Although *Coronavirus Reporter* was decided on the pleadings, it states a rule of law that applies at trial as well. Epic has not cited any case holding that a jury can find a market other than a market plaintiff attempted to prove. *Epic Games v. Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023), involved a bench trial where the district court issued findings of fact and conclusions of law sufficient to enable appellate review. The same would not be true of a jury that found a market that Epic has not alleged.

*Fourth*, Google objects to Epic's individual claims not being addressed separately because it could lead to an ambiguous verdict. If, for example, the jury wrote in more than one market in response to Question 2, and then answered "yes" to Question 3, the verdict form would be ambiguous as to whether the jury found injury in one market, the other, or both. A similar risk attaches to Questions 5 through 7. Question 5 permits the jury to find multiple agreements unlawful, Question 6 permits the jury to find more than one relevant market, and asks for no connection between the two questions. And if the jury then answers "yes" to Question 7, which asks about injury, many different meanings could attach to that answer, but the verdict form would not specify which. That would hinder future review of the verdict because any reviewer would be left to guess the specifics of the jury's findings.

*Fifth*, Google objects to the same conduct being submitted to the jury twice—first as a generic Section 1 claim and second as a tying claim—because there is a risk of an inconsistent verdict and juror confusion. *See* MDL ECF No. 832 at 16. For example, the jury might not find the DDA was an unreasonable restraint of trade in response to Question 5, but still find against Google on the tying claim (or vice versa), despite the DDA being the subject of both of those claims. Moreover, because there are no predicate market definition questions (unlike Questions 2 and 6) or market power questions for the tying claim, there is a risk that the jury will find tying without finding the DDA to be an unreasonable restraint of trade. To avoid the risks of an inconsistent verdict and juror confusion, the DDA should only be put to the jury once—as a tying

claim—and the verdict form should ask the jury about the elements of the tying claim, as Google suggested in its proposed verdict form. *See* MDL ECF No. 832 at 10-11.

*Sixth*, Google objects on grounds that a more detailed verdict form is essential if the Court is to weigh an illegality defense. If the jury finds against Google, knowledge of the markets and agreements that the jury found unlawful will be necessary in order to evaluate Epic's illegality defense. *See Kelly v. Kosuga*, 358 U.S. 516, 520 (1959) (Courts should not strike down contract as illegal "[p]ast the point where the judgment of the Court would itself be enforcing the precise conduct made unlawful by the Act").

*Finally*, Google objects that its breach of contract counterclaim should be submitted to the jury because there has been no entry of judgment as a matter of law in Google's favor notwithstanding Epic's concessions with respect to breach and damages. *See* MDL ECF No. 832 at 16; U.S. CONST. AMEND. VII.

DATED: December 7, 2023

Respectfully submitted,

By:    /s/ Glenn D. Pomerantz
       Glenn D. Pomerantz

MUNGER TOLLES & OLSON LLP
Glenn D. Pomerantz
Kuruvilla Olasa
Emily C. Curran-Huberty
Jonathan I. Kravis
Justin P. Raphael
Kyle W. Mach
Dane Shikman
Rebecca L. Sciarrino
Jamie B. Luguri
Lauren N. Beck

MORGAN, LEWIS & BOCKIUS LLP
Minna Lo Naranjo
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Rishi P. Satia

*Counsel for Defendants*