# EXHIBIT A

| | |
|---|---|
| Brian C. Rocca, Bar No. 221576 | Glenn D. Pomerantz, Bar No. 112503 |
| brian.rocca@morganlewis.com | glenn.pomerantz@mto.com |
| Sujal J. Shah, Bar No. 215230 | Kuruvilla Olasa, Bar No. 281509 |
| sujal.shah@morganlewis.com | kuruvilla.olasa@mto.com |
| Michelle Park Chiu, Bar No. 248421 | MUNGER, TOLLES & OLSON LLP |
| michelle.chiu@morganlewis.com | 350 South Grand Avenue, Fiftieth Floor |
| Minna Lo Naranjo, Bar No. 259005 | Los Angeles, California 90071 |
| minna.naranjo@morganlewis.com | Telephone: (213) 683-9100 |
| Rishi P. Satia, Bar No. 301958 | |
| rishi.satia@morganlewis.com | Kyle W. Mach, Bar No. 282090 |
| MORGAN, LEWIS & BOCKIUS LLP | kyle.mach@mto.com |
| One Market, Spear Street Tower | Justin P. Raphael, Bar No. 292380 |
| San Francisco, CA 94105-1596 | justin.raphael@mto.com |
| Telephone: (415) 442-1000 | Emily C. Curran-Huberty, Bar No. 293065 |
| | emily.curran-huberty@mto.com |
| Richard S. Taffet, *pro hac vice* | Dane P. Shikman, Bar No. 313656 |
| richard.taffet@morganlewis.com | dane.shikman@mto.com |
| MORGAN, LEWIS & BOCKIUS LLP | Rebecca L. Sciarrino, Bar No. 336729 |
| 101 Park Avenue | rebecca.sciarrino@mto.com |
| New York, NY 10178-0060 | MUNGER, TOLLES & OLSON LLP |
| Telephone: (212) 309-6000 | 560 Mission Street, Twenty Seventh Fl. |
| | San Francisco, California 94105 |
| *Counsel for Defendants* | Telephone: (415) 512-4000 |
| | |
| | Jonathan I. Kravis, *pro hac vice* |
| | jonathan.kravis@mto.com |
| | Lauren Bell, *pro hac vice* |
| | lauren.bell@mto.com |
| | MUNGER, TOLLES & OLSON LLP |
| | 601 Massachusetts Ave. NW, Ste 500E |
| | Washington, D.C. 20001 |
| | Telephone: (202) 220-1100 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S RESPONSE TO EPIC'S OBJECTIONS TO PROPOSED VERDICT FORM**<br><br>Judge:   Hon. James Donato |

In its objections to the Court's proposed verdict form, Epic invites error by asking the Court to broaden its Section 1 questions to encompass *lawful* conduct. The Court should decline to do so.

Specifically, Epic contends that the Games Velocity Program ("GVP") agreements prevented the developers who were parties to those agreements from offering exclusive deals elsewhere. Epic does not cite a single case supporting this theory of anticompetitive conduct, nor has Epic presented a theory of how this theory could have injured Epic. That is because Epic's theory—that it should be able to argue to the jury that Project Hug violated Section 1 by "depriving" other app stores of exclusive games—is legally deficient. Epic does not and cannot suggest that Google itself obtained any exclusives from any developer. Rather, its complaint is essentially that Google *competed* to obtain these titles for its own stores (non-exclusively) and, as a result, other stores lost an opportunity to get a competitive advantage through an exclusive deal. But the antitrust laws do not require Google to idly stand by while other app stores obtain exclusive deals, and Google offering customers a better deal to win a competition is not conduct "the antitrust laws were designed to prevent." *See Cargill, Inc. v. Monfort of Colo., Inc.*, 479 U.S. 104, 111, 115-16 (1986); *cf. W. Parcel Exp. v. United Parcel Serv. of Am., Inc.*, 190 F.3d 974, 976 (9th Cir. 1999) (non-exclusive volume-based discount contracts "are legal under antitrust law").

A competitor may lawfully offer incentives like rebates and above-cost competitive pricing.[1] *See, e.g., Pac. Bell Tel. Co. v. linkline Commc'ns, Inc.*, 555 U.S. 438, 452 (2009); *Weyerhaeuser Co. v. Ross-Simmons Hardwood Lumber Co.*, 549 U.S. 312, 318-19 (2007); *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 223 (1993); *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 910 (9th Cir. 2008); *see NicSand v. 3M*, 507 F.3d 442, 451-52 (6th Cir. 2007) (holding that above-cost upfront "cash payments" to "obtain … business" could not cause an antitrust injury because "[r]ather than upsetting the competition-enhancing goals of the

---

[1] Indeed, [e]ven a monopolist is permitted to compete in the battle for trade." I*n re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 991 (N.D. Cal. 1979), *aff'd sub nom. Transamerica Computer Co. v. Int'l Bus. Machs. Corp.*, 698 F.2d 1377 (9th Cir. 1983).

antitrust laws, the payments furthered them"). That is the essence of competition; and that is what happened with GVP deals.

Accordingly, the Court should overrule Epic's objection to the proposed verdict form.

DATED: December 8, 2023

Respectfully submitted,

By: /s/ Glenn D. Pomerantz
Glenn D. Pomerantz

MUNGER TOLLES & OLSON LLP
Glenn D. Pomerantz
Kuruvilla Olasa
Emily C. Curran-Huberty
Jonathan I. Kravis
Lauren Bell
Justin P. Raphael
Kyle W. Mach
Dane Shikman
Rebecca L. Sciarrino
Jamie B. Luguri
Lauren N. Beck

MORGAN, LEWIS & BOCKIUS LLP
Minna Lo Naranjo
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Rishi P. Satia

*Counsel for Defendants*