LISA J. DEMSKY (State Bar No. 186006)
Lisa.Demsky@mto.com
JESSICA O. LAIRD (State Bar No. 331713)
Jessica.Laird@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Non-Party Riot Games, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD<br><br>*Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD | Case No. 21-md-02981-JD<br><br>**DECLARATION OF DAN NABEL IN SUPPORT OF NON-PARTY RIOT GAMES, INC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE TRIAL RECORD**<br><br>Judge: Hon. James Donato |

I, Dan Nabel, declare as follows:

1.  I am the Associate General Counsel for non-party Riot Games, Inc. ("Riot"). I have been employed by Riot in the Legal Department since 2015. Based on my responsibilities and experience at Riot I am familiar with Riot's treatment and protection of confidential information, including highly sensitive information regarding strategy in negotiating deals and strategy relating to competitors in the industry. I am over the age of 18 and competent to testify to the matters in this Declaration. I make this Declaration on the basis of my personal knowledge.

2.  I file this Declaration in support of Riot's Administrative Motion to Seal Portions of the Trial Record. I have reviewed the Exhibits and testimony listed in the below chart provided

to Riot by counsel for Google. The Exhibits and testimony I reviewed are non-public information relating to Riot that is sensitive and highly confidential.

3. Specifically, the portions of the Sottosanti Deposition and Exhibits thereto, as indicated in the below chart and Riot's moving papers, Mot. at 4-6, reflect or reference highly confidential negotiating strategy and internal discussions relating to the terms of an agreement with Google, as well as internal discussions of Riot's confidential engineering and technical strategy and capabilities that should be maintained under seal. Riot keeps this information confidential, even within Riot, and limits its disclosure to those employees whose job responsibilities require it. In addition, Riot does not disclose this information publicly and takes steps to shield it from public disclosure. Riot has ongoing and future negotiations and business dealings with both Google and Epic, as well as other competitors who are not parties to this litigation. For example, Riot is currently in active, highly confidential negotiations with another platform for the distribution of its content. If this highly confidential information is publicly disclosed, it could be utilized by Riot's competitors to Riot's commercial detriment in current negotiations and future business transactions. This is especially true because the descriptions of some of the considerations, strategies, negotiation points, or terms in the below-referenced documents may be inaccurate and/or misleading without further context, which context also is highly confidential and non-public. Competitors seeking to make inroads with Google could also copy the contractual provisions that Riot negotiated with Google. That would obviate any competitive advantage Riot obtained through its negotiations with Google.

4. The below chart lists the portions of the Sottosanti Deposition and Exhibits marked during the Sottosanti Deposition that Riot understands were admitted at trial and that it believes are sealable for the reasons stated in Paragraph 3 of this declaration:

| Category of Highly Confidential Information | Sottosanti Deposition Exhibit (Bates Number) | Sottosanti Deposition Testimony (page & line numbers) | Description of Testimony |
|---|---|---|---|
| **Negotiation strategy and considerations regarding content delivery and market strategy** | 1221 (GOOG-RIOT-0000333); 1229 (GOOG-RIOT-0000046) | 34:2–35:16; 35:18; 35:20–37:7; 38:2–39:10; 39:12-13; 39:18–40:12, 40:14–17; 80:23–81:1; 81:6–82:14; 82:16–83:36; 83:8; 83:10–15; 104:25–105:2; 104:13–15: 104:17–23; 145:1–2; 145:4–15; 146:11–12; 146:17–25; 147:2–4; 148:7–10; 148:17–149:8; 149:11; 150:4–13; 150:16–17; 150:19–20; 150:22–24; 151:2– 6; 151:22–152:11; 152:22–153:7; 153:9; 153:11–12; 153:14; 153:16–22; 153:23–24; 154:1–3; 154:5–13; 154:15–21; 165:17–22; 166:11–12; 166:21–22; 166:24;  167:2–7; 167:9; 167:11–16; 167:22–24; 168:1–8; 168:10–14; 168:21–25; 169:6–8; 169:11–15; 170:24–171:18; 171:20–172:2 172:11–16; 172:18; 172:20–21; 172:23; 172:25–173:8; 174:5–10; 174:14–19; 174:21; 175:8–11; 175:16–20; 175:22; 178:1–2; 179:21–180:10; 180:12; 180:14–15; 180:17–18; 180:20–23; 191:9–11; 191:13 | Exhibit 1221 is an internal Riot presentation following a meeting with Google describing negotiation strategy and considerations that may affect active negotiations. This testimony describes that presentation document and explains that the document contains internal "thoughts and recommendations" (34:10 – 11) regarding content delivery and market strategy.<br><br>Exhibit 1229 is an internal Riot email communication summarizing an agreement with Google regarding content delivery and Riot's internal negotiation strategy and considerations that may affect active negotiations. |
| **Technical capabilities and content delivery considerations** | 1222 (GOOG-RIOT-0000347) | 155:13–156:22; 157:25–158:6; 158:8–11; 158:22–24; 163:7–8; 163:10–15; 163: 20–22; 163:24–25; 164: 2–4; 164:8–165:10; 165:12; 165:14–16 | Exhibit 1222 is an internal Riot document summarizing technical capabilities and content delivery considerations. This testimony describes that document and explains that the document contains "educational" information from internal "technical people to business people" at |

| | | | |
|---|---|---|---|
| | | | Riot (158:9 – 10) regarding content delivery considerations and strategy, which if revealed would competitively disadvantage Riot. |
| **Negotiation strategy and considerations relating to internal impressions of confidential meetings** | 1226 (GOOG-RIOT-0000105) | 58:11–60:16; 61:5–62:15; 62:22– 25; 63:2–5; 63:14–18; 63:20; 63:22–23: 63:25; 64:2–8; 64:10–23; 65:1–7; 181:25–182:6; 182:14–23; 182:25–183:1; 183:6–10; 183:12; 183:14–184:1 | Exhibit 1226 is an internal Riot document following a meeting with Google describing negotiation strategy and considerations. This testimony describes that document and explains that the document contains "subtext" from the meeting rather than the express discussion (59:17 – 21). It reveals negotiation strategy not disclosed to persons outside the Riot negotiating team that may affect active negotiations. |
| **Negotiation strategy for particular deal terms** | 1227 (GOOG-RIOT-0000034) | 69:5–14; 69:16 | Exhibit 1227 is an internal Riot presentation summarizing negotiation strategy and considerations for particular agreement terms that may affect active term negotiations with other parties. This testimony describes that document and explains that it refers to negotiation considerations and Riot's expectations regarding terms of an agreement with Google. |

Exhibits 1221, 1222, 1226, 1227, 1229, and the testimony that refers to them contain Riot's confidential information that was previously produced by Riot and designated "Highly Confidential - Outside Counsel Eyes Only" pursuant to the operative protective orders (*see, e.g.*, Case No. 3:21-md-02981-JD, ECF 248).

5. The sealing request is narrowly tailored to the confidential business information of Riot. Additionally, to my knowledge, no party to this action has expressed an intent to oppose Riot's request to keep this information under seal.

I CERTIFY UNDER PENALTY OF PERJURY that the foregoing is true and correct.

EXECUTED at Los Angeles, California this 8th day of December, 2023

*Dan Nabel*
Dan Nabel

**ATTESTATION**

I, Lisa J. Demsky, am the ECF User whose ID and password are being used to file this document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel. In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories concur with this filing.

Dated: December 8, 2023              */s/ Lisa J. Demsky*
                                     Lisa J. Demsky