VENABLE LLP
Philip T. Sheng (SBN 278422)
William A. Hector (SBN 298490)
David E. Fink (SBN 169212)
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415-653-3750
Facsimile: 415-653-3755
Email: ptsheng@venable.com
       defink@venable.com

*Attorneys for Non-Party Warner Bros. Discovery, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NON-PARTY WARNER BROS. DISCOVERY, INC.'S RENEWED REQUEST TO SEAL HIGHLY CONFIDENTIAL INFORMATION**<br><br>Honorable James Donato |

Non-party Warner Bros. Discovery, Inc. ("WBD") respectfully moves under Civil Local Rules 7-11 and 79-5 to seal specific portions of Exhibits 1704, 2698, and 5764, which were each admitted into evidence at trial and contain WBD confidential information. Epic Games, Inc. ("Epic") and Google LLC ("Google") have indicated that they do not oppose this motion.

## I. BACKGROUND

### A. Exhibits 1704 and 2698

On November 7, 2023, WBD received notice that Epic intended to disclose certain non-public information related to WBD's developer feedback, subscriber data, and financial data the next day in open court on November 8, 2023. This information was contained in Exhibit 1704 at -014, -016, and -019 and Exhibit 2698 at -052 and was designated by one or more of the parties as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY under the Protective Order. D.I. 248.[1] In response, WBD promptly filed a motion to seal those specific pages of Exhibits 1704 and 2698. D.I. 751, D.I. 762. Soon after, counsel for Epic contacted WBD and represented that Epic would not show, discuss, or otherwise use in any manner during trial the pages identified in WBD's motion, but it might do so with respect to other pages of Exhibits 1704 and 2698 that do not implicate WBD confidential information. WBD indicated that should either of Exhibit 1704 or Exhibit 2698 be admitted into evidence at trial, WBD would renew its motion to seal post-trial.

Exhibits 1704 and 2698 were both admitted into evidence on November 8, 2023. D.I. 783. The jury returned its verdict on December 11, 2023. Accordingly, WBD renews its motion to seal portions of Exhibit 1704 at -014, -016, and -019 and Exhibit 2698 at -052.

### B. Exhibit 5674

On Saturday, November 11, 2023, WBD received notice that Google intended to disclose certain non-public information related to WBD's subscriber data in open court on Monday, November 13, 2023. This information was contained in Exhibit 5674 at -016 and was designated

---

[1] Citations to D.I. numbers refer to the docket in Case No. 3:21-md-02981-JD.

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

by one or more of the parties as NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY under the Protective Order. D.I. 248. In response, WBD promptly filed a motion to seal Exhibit 5674 at -016. D.I. 776. Soon after, counsel for Google contacted WBD and represented that Google would not show, discuss, or otherwise use in any manner during trial Exhibit 5674 at -016, but it might do so with respect to other pages of Exhibit 5674 that do not implicate WBD confidential information. WBD indicated that should Exhibit 5674 be admitted into evidence at trial, WBD would renew its motion to seal post-trial.

Exhibit 5674 was admitted into evidence on November 13, 2023. D.I. 790. The jury returned its verdict on December 11, 2023. Accordingly, WBD renews its motion to seal portions of Exhibit 5674 at -016.

## II.     PORTIONS OF EXHIBITS 1704, 2698, AND 5674 SHOULD BE SEALED

WBD recognizes the strong public interest in access to judicial records. Nonetheless, sealing of judicial records is appropriate when "compelling reasons" overcome that presumption. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Non-party interests in confidential information are particularly strong. *See In re Adobe Systems, Inc. Sec. Litigation*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). The pages of Exhibits 1704, 2698, and 5674 subject to this motion reveal highly confidential financial and business information, including WBD revenue data and subscriber information.

Throughout this litigation, WBD as a non-party has consistently and proactively taken steps to protect its confidential information. For example, WBD immediately moved to seal the specific pages of Exhibits 1704, 2698, and 5674 upon receiving notice that WBD confidential information contained therein might be disclosed in open court. D.I. 751, D.I. 762, D.I. 776. And in connection with prior motions to seal concerning similar confidential information, WBD submitted declarations from its Chief Executive Officer and President of Global Streaming and Games, Jean-Briac Perrette, as well as its Chief Financial and Strategy Officer for Streaming, Joshua Walker, explaining the sensitivity of such information and the harm it would cause WBD if such information were disclosed to competitors or to the public. These declarations were submitted in support of WBD's November 7, 2023 and November 11, 2023 motions to seal. *See, e.g.,* D.I. 776-

1 (August 16, 2022 Perrette Declaration) ¶¶ 4-10; D.I. 776-2 (August 1, 2023 Walker Declaration) ¶¶ 4-10; D.I. 776-3 (July 5, 2023 Walker Declaration) ¶¶ 4-10.  These declarations also support the present motion to seal; they outline the concrete harm that WBD will suffer from the disclosure of the confidential information at issue, which is sufficient to meet the "compelling reasons" standard.  *In re Electronic Arts*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013); *Powertech Tech., Inc. v. Tessera, Inc.*, 2012 U.S. Dist. LEXIS 75831, at *4 (N.D. Cal. May 31, 2012).

        Thus, WBD respectfully requests that the following trial exhibits and pages be sealed:

| Exhibit (Bates Number) | Portion sought to be sealed | Reasons for sealing request |
|---|---|---|
| Exhibit 1704-014 (GOOG-PLAY-004683882.R) | Seal entire bullet point that references HBO under the column "[Status] Asks" | Includes confidential developer feedback reflecting business strategy from WBD regarding the Google Play store; if competitors had this information, they could use it to unfairly improve their products and to disadvantage WBD products. |
| Exhibit 1704-016 (GOOG-PLAY-004683884.R) | Seal entire bullet point that references HBO under the column "[Status] Asks" | Includes confidential developer feedback reflecting business strategy from WBD regarding the Google Play store; if competitors had this information, they could use it to unfairly improve their products and to disadvantage WBD products. |
| Exhibit 1704-019 (GOOG-PLAY-004683887.R) | Seal entire row that references HBO Now subscribers | Contains WBD's confidential information about the number of subscribers for a WBD app; this information is not available outside of WBD; if disclosed it could be used to harm WBD's competitive position and provide competitors an unfair advantage in the marketplace. |
| Exhibit 2698-052 (GOOG-PLAY-011073577) | Seal entire subheading that references WarnerMedia and the green bar in the graph that | Contains WBD's confidential financial information about revenue for WBD's non-game applications; this information is not available outside of WBD; if disclosed it could be used to harm WBD's |

| | references WarnerMedia revenue | competitive position and provide competitors an unfair advantage in the marketplace. |
|---|---|---|
| Exhibit 5674-016 (GOOG-PLAY-000437834.R) | Seal entire blue bar in the graph that references HBO Now average subscription information | Contains WBD's confidential subscriber information regarding the Google Play store on the Android platform; this information is not available outside of WBD; if disclosed it could be used to harm WBD's competitive position and provide competitors an unfair advantage in the marketplace. |

Dated: December 19, 2023

Respectfully submitted,

VENABLE LLP

By: */s/ William A. Hector*
Philip T. Sheng (SBN 278422)
William A. Hector (SBN 298490)
David E. Fink (SBN 169212)

*Attorneys for Non-Party Warner Bros. Discovery, Inc.*