Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Attorneys for Non-Party Amazon.com LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF DONN MORRILL ISO NON-PARTY AMAZON.COM LLC'S REQUEST TO SEAL HIGHLY CONFIDENTIAL INFORMATION**<br><br>Honorable James Donato |

I, Donn Morrill, declare as follows:

1. I am the Director of Content and Apps Developer Relations at Amazon.com LLC ("Amazon."). In that role, I am responsible for Amazon's technical relationship with app developers, including educating app and content developers on Amazon services through email marketing, social media, webinars, and public speaking, and providing technical and program resources to assist developers and content creators develop apps for the Amazon ecosystem. Based on my experience and responsibilities at Amazon, I am familiar with Amazon's strategy and business practices regarding its Appstore business. I have personal knowledge of the facts set forth in the documents set forth below.

2. I provide this information in support of Amazon's motion to file limited exhibits produced by Amazon under seal.

3. **Exhibit 1362 (AMZ-GP_00001492): Request to Seal Entire Document.** As part of its Appstore business, Amazon negotiates individual contracts with a number of app developers. The terms of these agreements govern how app developers distribute and sell their applications (or in-app products) through the Amazon Appstore. Amazon's contracts with key developers are heavily negotiated and contain detailed financial terms that are kept in strict confidence by Amazon and the developer. Among other terms, these contracts contain a royalty term whereby the app developer and Amazon agree how to split revenue from paid purchases of that application (or in-app products) through the Amazon Appstore. The specific royalty is the subject of negotiations, the results of which are highly confidential, not publicly disclosed, and protected by confidentially provisions in these contracts.

4. Exhibit 1362 contains five of the most sensitive and confidential contract terms for the top thirty application developers and Amazon, including the royalty share, financial incentives, payment processing requirements, content exclusivity, and specific API or other support.

5. This information is not publicly disclosed. If application developers had access to this confidential information from other contracts, it would put Amazon at a significant disadvantage. For example, the largest application developers could use this information in their negotiations by seeking to improve their royalty terms or arguing that they should receive greater

revenues because of their specific unique advantages. Amazon routinely negotiates and renegotiates such agreements and anticipates continuing to do so during the next year (and beyond).

6. Similarly, if other app store providers, including Amazon's competitors, had access to this information, they could take advantage of the information in their own negotiations with application developers. This would give them an unfair competitive advantage over Amazon because Amazon does not have this information about other app store businesses. Only limited portions of this document were shown in court.

7. **Exhibit 1363 (AMZ-GP_00002471)**: **Request to Seal Only Summary Tab 1-3**. Amazon seeks to seal portions of this document that were not shown in Court or used with any witness, specifically Tabs 1-3. Tab 3 of this excel document shows Amazon's contractual revenue share with developers, by band. Specifically it shows how much of Amazon's revenue comes from developers' contracts with >70% revenue share, 71%-75% revenue share, 75%-80% revenue share, 80%-85% revenue share, and more than 85% revenue share. Like the top thirty application developer terms, this information could be used by developers to harm Amazon in negotiations. Application developers could seek to use this information to increase their revenue share and decrease Amazon's. Similarly, other companies with app stores could use this information in their negotiations with app developers, which could harm Amazon and competition. Tabs 1 and 2 show confidential information about the number of apps on the Amazon Appstore, including the number with profitable sales.

8. **Exhibit 1366 (AMZ-GP_00003257)**: **Request to Seal Only Pages 3-15, 17-18, and Portions of Page 2.** Exhibit 1366 is an 18-page Amazon business planning document regarding the Appstore and number of other business areas. It also includes forward looking financial projections for Appstore business and projects. None of this material was used in Court. Only the cover page, one paragraph on page 2, and page 16 were shown in Court. If a competitor had access to these financial projections, it could cause competitive harm to Amazon. Amazon therefore requests that the remainder of the document be redacted before it is placed in the public record, including the forward-looking financial projections and other highly confidential business

information.

9. **Exhibit 11406 (AMZ-GP_00001672)**: **Request to Seal Only Pages 3-7.** Exhibit 1366 is a 7-page Amazon business planning document that contains a review of the customer and developer experience on the Amazon Appstore. The document includes a number of forward-looking strategic goals and recommendations for the Amazon Appstore based on this review. The document provides a detailed assessment of Amazon's view of the strengths and weaknesses of the Amazon Appstore experience and experiences on other app stores. Amazon intended this information remain confidential. If disclosed, Amazon's competitors could use this information to disadvantage Amazon in contract negotiations, in their own business strategy, or in advertising or marketing about Amazon. Amazon does not have access to such internal reviews of other app store businesses. Only pages 1 and 2 of this document were used in court. Amazon requests that the remainder of the document be redacted before it is placed in the public record, including the forward-looking development recommendations and other highly confidential business information.

10. Amazon therefore respectfully requests that the documents listed be sealed given that they contain competitively sensitive information that would harm Amazon in negotiations were such information publicly disclosed.

11. I file this Declaration in support of Amazon's Administrative Motion to Seal. I have reviewed the exhibits listed in the chart provided to me. The exhibits I reviewed are non-public information relating to Amazon that is highly confidential for the reasons outlined above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: December 21, 2023

By ___/s/ Donn Morrill_____

Donn Morrill