Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

Glenn D. Pomerantz (SBN 112503)
glenn.pomerantz@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

*Counsel for Google LLC et al.*

*Additional counsel appear on signature page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

Case No. 3:21-md-02981-JD

**JOINT STATEMENT ON SCHEDULE FOR POST-TRIAL MOTIONS AND REMEDIES**

In advance of the January 18, 2024 conference, the Parties respectfully submit this Joint Statement regarding a briefing schedule for any post-trial motions and a proposed process relating to future proceedings regarding a remedial order. (*See* MDL Dkt. No. 868-1.) The Parties have met and conferred and jointly propose the schedule and process described below.

## A. JMOL AND NEW TRIAL MOTIONS BRIEFING

### 1. Briefing Schedule for JMOL and New Trial Motions

Google anticipates filing a motion for judgment as a matter of law and a motion for a new trial pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure, respectively ("JMOL and New Trial Motions"). Rather than file two separate motions with two separate sets of briefs, Google proposes to address both motions in a single brief. The Parties propose the following schedule for briefs addressing both motions:

| Proposed Deadline | Event |
|---|---|
| February 1, 2024 | Google's Opening Brief |
| March 7, 2024 | Epic's Opposition Brief |
| March 28, 2024 | Google's Reply Brief |

### 2. JMOL and New Trial Motions Briefing Page Limits

Google requests the following page limits for the consolidated briefing on both motions: 40 pages for opening brief, 40 pages for opposition brief and 25 pages for reply brief. Google's request for 40 pages reflects approximately 25 pages for a renewed motion for judgment as a matter of law—comparable to this Court's standing allocation for analogous summary judgment motions—and the standard 15 pages for a new trial motion. Indeed, the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same,' *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000), "the difference being that district courts evaluate Rule 50(a) motions in light of the trial record rather than the discovery record," *Dupree v. Younger*, 598 U.S. 729, 731–32 (2023). The trial record is far more extensive than the record generally submitted on summary judgment or that was before the Court at summary judgment in this case. Google notes that Epic's proposed 25-page limit is less than Google would receive for simply filing two standalone 15-page motions. Epic states that

Google presented an oral Rule 50(a) motion and filed a document regarding its arguments. However, the Court limited Google's written filing to two pages and instructed Google at the time of its Rule 50(a) motion to "just roll through it" because Google was "just putting your placeholder" and "can do the details there later." Trial Tr. 3214:24-3218:24.

Epic opposes Google's requested page limits and proposes 25 pages for opening brief, 25 pages for opposition brief and 15 pages for reply brief. The Court's Standing Order for Civil Cases states that **"[e]xcept for summary judgment and class certification motions, opening and opposition briefs may not exceed 15 pages"**. (Standing Order for Civil Cases Before Judge James Donato, ¶ 18 (emphasis in the original).) Google has already made an oral motion for judgment as a matter of law and filed a document setting out its arguments. (MDL Dkt. No. 825.) And the Court is already deeply versed in the trial evidence. A 25-page brief is more than adequate to address the overlapping issues in Google's Rule 50 and Rule 59 motions, which have already been presented to the Court and which relate to a record the Court already knows.

## B. REMEDIES PROCESS

In order to advance the remedies process, and subject to approval of the Court, the Parties jointly propose to engage in the meet-and-confer process below intended to identify and narrow any disputes. The Parties respectfully request to be heard regarding next steps on February 1, 2024, or as soon thereafter as the Court's calendar would allow.

| Proposed Deadline | Event |
|---|---|
| January 19, 2024 | Epic provides Google with a good-faith written articulation of the remedies it intends to seek, with sufficient specificity to enable Google to evaluate the proposal and articulate good-faith objections. Epic reserves the right to supplement the proposal. |
| January 19 to January 29, 2024 | Parties meet and confer on Epic's requested remedies and a process and schedule for reaching a final judgment on remedies. As part of this meet-and-confer process, Google provides written good-faith objections to Epic's requested remedies by no later than January 28, including but not limited to objections to the necessity for, and feasibility of, any proposed remedies. Google reserves the right to supplement its objections. |

| | |
|---|---|
| January 30, 2024 at Noon | Parties file a joint statement with the Court at noon, or on such earlier date and time as the court may order to allow for the hearing to proceed on February 1, reflecting their joint or respective proposals on a process and schedule for reaching a final judgment on a remedy. |
| February 1, 2024 | Requested hearing. |

Dated: January 11, 2024

CRAVATH, SWAINE & MOORE LLP
Christine Varney *(pro hac vice)*
Gary A. Bornstein *(pro hac vice)*
Timothy G. Cameron *(pro hac vice)*
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*
Michael J. Zaken *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: s/ *Gary A. Bornstein*
Gary A. Bornstein

*Counsel for Plaintiff Epic Games, Inc.*

Dated: January 11, 2024

MUNGER, TOLLES & OLSON LLP
Glenn D. Pomerantz
Kyle W. Mach
Kuruvilla Olasa
Justin P. Raphael
Jonathan I. Kravis
Lauren Bell

Respectfully submitted,

By: s/ *Glenn D. Pomerantz*
Glenn D. Pomerantz

*Counsel for Defendants Google LLC et al.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the filer of this document attests that concurrence in the filing of the document has been obtained from each of the other signatories.

By: *Dane P. Shikman*
Dane P. Shikman

- 6 -
JOINT STATEMENT ON SCHEDULE FOR POST-TRIAL MOTIONS AND REMEDIES
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD