Paul J. Riehle, Bar No. 115199
paul.riehle@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT NOTICE REGARDING FURTHER REMEDIES PROCEEDINGS**<br><br>Judge:   Hon. James Donato |

The parties respectfully submit this joint statement regarding further proceedings.

**1. Post-Trial Motions**

*Google's Position.*  Google requests oral argument on Google's post-trial motions.  ECF No. 925.  Google notes that its lead counsel will not be available the week of March 11, but, notwithstanding that conflict, Google can appear for argument at any time that is convenient for the Court.

*Epic's Position.*  Epic takes no position on Google's request.

**2. Date for Expert Hearing**

The parties understand that the Court wishes to hear directly from the expert economist trial witnesses about their respective views on the appropriateness of the parties' remedy proposals.  To assist in scheduling the hearing, the parties hereby advise the Court that the experts have pre-existing travel or other professional commitments on the following dates and respectfully request that the Court consider those conflicts in setting a hearing date:

| Month | Dates Unavailable |
|---|---|
| March | 3/20-3/31 |
| April | 4/1-4/12, 4/17-4/19, 4/23-4/30 |
| May | 5/1-5/3, 5/16-5/20, 5/27-5/30 |

*Google's Position.*  Google's experts will be Dr. Matthew Gentzkow (who served as Google's qualified economist at trial) and Dr. Gregory Leonard (who served as Google's qualified damages expert at trial).  Dr. Gentzkow and Dr. Leonard will address distinct and non-overlapping subjects, and Google will identify those subjects in its responsive expert statements in advance of the expert hearing.  Dr. Gentzkow and Dr. Leonard are available on any dates through the mid-May 2024, except March 28 – April 7 (Leonard conflict) and May 16-20 (Gentzkow conflict).  If the Court would prefer to hold the expert hearing after mid-May 2024, then Google would be glad to provide its expert availability for that time.

1  Epic argues that Dr. Leonard should not be permitted to testify at the expert hearing. However, the Court's order specifically noted that it would appreciate hearing from Dr. Leonard at the forthcoming expert hearing.  ECF No. 917 at 2.   Google is not attempting to expand the scope of Dr. Leonard's charge, and neither of Epic's experts offered opinions on remedies in this case. To the extent Epic's proposed injunction or new analysis performed by Epic's experts require additional analysis from Google, Google would like the option to ask Dr. Leonard to perform some of the non-duplicative responsive analyses.  Epic does not challenge Dr. Leonard's qualifications as an economist, and he previously provided an expert report and testified at an expert proceeding on consumer injury and damage models offered by plaintiffs' experts.  *See* ECF No. 588 (Order re Merits Op. of Dr. Hal Singer).  Should the Court decide that it does not want to hear from more than one economist, Google respectfully requests that it be permitted to call Dr. Gentzkow as its economist, as Dr. Gentzkow was Google's testifying economist at trial.[1]

Google understands that Epic may call Dr. Steven Tadelis (in addition to Dr. Bernheim), and that Epic will submit expert statements prior to the expert proceeding regarding their experts' opinions.  Google intends to do the same for its experts in response, as the Court has ordered.  ECF No. 917 at 2.

*Epic's Position.*  Epic intends to have Dr. Douglas Bernheim appear at the hearing. Depending on the positions that Google takes, Epic may also have Dr. Steven Tadelis appear to address issues related to payments that he addressed at trial.

Epic objects to Google's intent to call its damages expert, Dr. Gregory Leonard, who testified at trial only as to the simple arithmetic underlying Google's damages for breach of contract.  Dr. Leonard did not submit a report, and did not testify at trial, regarding any questions of antitrust economics that would be relevant to the "issue of an appropriate conduct remedy in light of the jury's findings".  ECF No. 917 (Jan. 18, 2024).  Even now, Google refuses to disclose the brand new topics it intends to have Dr. Leonard address.

---

[1] If the Court does not want Dr. Leonard to appear, Google's expert availability will include any dates except May 16-20.

-3-
JOINT NOTICE REGARDING FURTHER REMEDIES PROCEEDINGS
Case Nos. 3:21-md-02981-JD, 3:20-cv-05671-JD

During trial, Google made the same attempt to expand the scope of Dr. Leonard's charge and have him testify on issues on which he was disclosed as an expert in the related cases but not in this case. The Court rejected that effort as "[a] day late and a dollar short". Trial Tr. 2780:12-18. Consequently, at trial, Dr. Leonard was offered by Google and qualified by this Court on a single topic: damages. *Id.* 3112:22-25. Now, despite this Court's admonition that it wishes to hear from witnesses who have "been qualified" during trial (Jan. 18, 2024 Hr'g Tr. 23:3), Google is trying to go a step further and have Dr. Leonard address matters he has *not* been qualified on and that go beyond the topics covered even in his report in the State and Consumer actions, which were limited to consumer injury and monetary damages. The Court has stated that it would like to hear from "someone who was in the trial" and that it does not "want a new person, about potential remedies". Jan. 18, 2024 Hr'g Tr. 9:25-10:1. Epic objects to Google's effort to substitute in a new expert on antitrust economics at this stage of the proceedings.

**3. Schedule for Expert Statements in Advance of Expert Hearing**

The Court ruled that, once it sets an expert hearing, Epic shall file, two weeks before the hearing, "a proposed injunction together with brief statements in support drafted by the experts Epic intends to call" and that Google shall respond "one week after that (and one week before the hearing)." ECF No. 917 (Jan 18, 2024).

*Google's Position.* Google respectfully requests that, instead of one week, the Court provide Google with at least three weeks to respond to Epic's expert statement. Epic will have had many weeks to prepare its expert statement, and Google requests a reasonable opportunity to respond fully to Epic's submission. Google submits that, given the potential far-reaching effects of any proposed injunctive relief, the economic issues relating to multiple markets that will be need to be addressed by Google's experts, and the need to explain the potential effect of any proposed remedies on competition, additional time will allow the economists and parties to sharpen their presentation of the issues to the Court.

*Epic's Position.* Epic takes no position on Google's request, but asks that, if Google's request is granted, it receive commensurate time before the evidentiary hearing to review and prepare to address Google's "brief statement in support" drafted by its expert.

### 4. Process Following the Expert Hearing

*Google's Position.* Google respectfully requests that the Court permit the submission of additional briefing on Epic's proposed injunction following the expert hearing. Post-hearing briefing will allow the parties to address any additional questions the Court may raise during or after the hearing that were not addressed in the pre-expert hearing submissions. Additional briefing will also allow the parties to apply the legal framework for antitrust remedies and private injunctive relief to the specific remedies proposed by Epic. Briefing could assist the court in understanding whether particular remedies proposed by Epic are consistent with the law, whether equitable factors including the public interest factor and the irreparable harm factor support Epic's proposed remedies, and whether Epic's proposed remedies are supported by the factual record.

In addition, depending on the contents of Epic's injunctive relief proposal, its expert submission, or any disputed issues raised at the expert hearing, Google may also seek to submit evidence that was not presented at trial, to ensure that the Court has an adequate record upon which to fashion an injunction. See *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) ("Other than a temporary restraining order, no injunctive relief may be entered without a hearing. A hearing on the merits—i.e., a trial on liability—does not substitute for a relief-specific evidentiary hearing unless the matter of relief was part of the trial on liability, or unless there are no disputed factual issues regarding the matter of relief."). Google understands that the Court wishes to hear from the parties' experts at the expert hearing, but anticipates that, depending on Epic's proposals and expert submission, the experts may not be able to address all relevant disputed factual issues.

*Epic's Position.* Epic believes that Google's request for post-hearing briefing and an opportunity to submit new evidence are premature. These matters should be assessed after the forthcoming expert submissions and hearing, when the relevant issues are further crystallized for the Court, and taking into account the need to avoid undue delay in remedying Google's unlawful conduct.

DATED: March 1, 2024         CRAVATH, SWAINE & MOORE LLP

By:  s/ *Gary A. Bornstein*
Gary A. Bornstein (*pro hac vice*)
*Counsel for Plaintiff Epic Games, Inc.*

DATED: March 1, 2024         MUNGER, TOLLES & OLSON LLP

By:  s/ *Glenn D. Pomerantz*
Glenn D. Pomerantz
*Counsel for Defendants Google LLC et al.*

DATED: March 1, 2024         MORGAN, LEWIS & BOCKIUS LLP

By:  s/ *Brian C. Rocca*
Brian C. Rocca
*Counsel for Defendants Google LLC et al.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the filer of this document attests that concurrence in the filing of the document has been obtained from each of the other signatories.

By:   s/ *Glenn D. Pomerantz*
        Glenn D. Pomerantz