# EXHIBIT 4

```
 1              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 2                  SAN FRANCISCO DIVISION
 3   ---------------------------------------------------x
 4   IN RE GOOGLE PLAY STORE              Case No.
     ANTITRUST LITIGATION                 3:21-md-02981-JD
 5
     THIS DOCUMENT RELATES TO:            MDL No. 2891
 6
 7   In re Google Play Consumer
     Antitrust Litigation,
 8   Case No. 3:20-cv-05761-JD
 9
     Epic Games Inc. v. Google LLC,
10   et al.,
     Case No. 3:20-cv-05671-JD
11   ---------------------------------------------------x
12
13       *HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY*
14
15      REMOTE VIDEOTAPED DEPOSITION BY VIRTUAL ZOOM OF
16                       JAMES MICKENS
17               Wednesday, March 22, 2023
18
19
20
21
22
23
24   Reported By: Lynne Ledanois, CSR 6811
25
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 2

```
         UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF CALIFORNIA
            SAN FRANCISCO DIVISION
-------------------------------------------------x
IN RE GOOGLE PLAY STORE                Case No.
ANTITRUST LITIGATION                   3:21-md-02981-JD

THIS DOCUMENT RELATES TO:              MDL No. 2891

In re Google Play Consumer
Antitrust Litigation,
Case No. 3:20-cv-05761-JD


Epic Games Inc. v. Google LLC,
et al.,
Case No. 3:20-cv-05671-JD
-------------------------------------------------x



         Remote videotaped deposition of JAMES
MICKENS, taken in Boston, Massachusetts, commencing
at 10:05 a.m. Eastern, on Wednesday, March 22, 2023
before Lynne Ledanois, Certified Shorthand Reporter
No. 6811






///
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 3

```
 1                REMOTE APPEARANCES
 2
 3   Counsel for Plaintiff Epic Games, Inc. in:
 4   Epic Games, Inc. v Google LLC, et al:
 5            CRAVATH, SWAINE & MOORE LLP
 6            BY: JUSTIN CLARKE
 7                MIRIAM ROSENBAUM
 8                MEHER BABBAR
 9            Attorneys at Law
10            825 Eighth Avenue
11            New York, New York 10019
12            jclark@cravath.com
13            mrosenbaum@cravath.com
14            mbabber@cravath.com
15
16   Counsel for the Proposed Class In re: Google
17   Play Consumer Antitrust Litigation:
18            BARTLIT BECK
19            BY:  JOHN BYARS
20            Attorney at Law
21            1801 Wewetta Street
22            Suite 1200
23            Denver, Colorado 80202
24            john.byars@bartlitbeck.com
25   ///
```

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 4

```
 1              REMOTE APPEARANCES
 2   Counsel for Plaintiff States:
 3          OFFICE OF THE ATTORNEY GENERAL
 4          STATE OF NEW YORK
 5          BY: BENJAMIN J. COLE
 6          Attorney at Law
 7          28 Liberty Street
 8          18th Floor
 9          New York, New York 10005-1495
10          benjamin.cole@ag.ny.gov
11
12   Counsel for Google LLC, et al:
13          MUNGER TOLLES & OLSON LLP
14          BY: KURUVILLA OLASA
15              TED KANG
16          Attorneys at Law
17          350 South Grand Avenue
18          Los Angeles, California 90071
19          kuruvilla.olasa.@mto.com
20          ted.kang@mto.com
21
22
23
24
25   ///
```

Page 5

1           REMOTE APPEARANCES
2
3    Counsel for Plaintiffs Match Group, LLC; Humor
4    Rainbow, Inc.; PlentyofFish Media ULC; and People
5    Media:
6              HUESTON HENNIGAN
7              BY: CHRISTINE WOODIN
8                  JULIA HAINES
9              Attorneys at Law
10             523 West 6th Street
11             Suite 400
12             Los Angeles, California 90014
13             cwoodin@hueston.com
14             jhaines@hueston.com
15
16   ALSO PRESENT:
17   Arzu Mammadova, Keystone Strategy
18   Stephen Myers, Match Group
19   Jeanette Teckman, Match Group
20   Jeffree Anderson, Videographer
21   Rikki Williams, Veritext Tech
22
23
24
25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 162

1  browser provides a similar warning?
2      A    I do not know.
3      Q    Do you know if the Microsoft Edge browser
4  provides a similar warning?
5      A    I do not know.
6      Q    Do you think it is reasonable for browser
7  vendors to provide the warning we see in step 2?
8           MR. CLARKE:  Object to form.
9           THE WITNESS:  By reasonable, what do you
10 mean?
11 BY MR. OLASA:
12     Q    Do you think it was a good design decision
13 for browser vendors to include the warning we see in
14 step 2?
15     A    It's reasonable to the extent that the
16 downloading of an APK file is sort of different in
17 terms of ramifications than the downloading of a
18 picture, let's say.
19     Q    So you do think it was a good design
20 decision for browser vendors to include this
21 warning; right?
22          MR. CLARKE:  Object to form.
23          THE WITNESS:  Well, I think that in this
24 case, there is a decision that browser makers are
25 making here with respect to the potential risk of an

Page 163

1  action.  So that's why I was bringing up the analogy
2  with downloading a picture.
3           So to the extent that this warning is
4  actually commensurate with risk, it's a good idea.
5  BY MR. OLASA:
6       Q    When the browser -- is this warning
7  commensurate with risk?
8       A    Well, I think that it is -- that there is a
9  higher risk of harm from downloading an APK versus
10 downloading a picture, for instance.
11      Q    So is this warning in step 2 commensurate
12 with that risk?
13           MR. CLARKE:  Object to form.
14            THE WITNESS:  It's commensurate in the
15 sense that it's presenting more friction for a
16 potentially more dangerous operation.
17 BY MR. OLASA:
18      Q    And is it proportional -- is this warning
19 proportional to the danger from a potentially more
20 dangerous operation?
21           MR. CLARKE:  Object to form.
22           THE WITNESS:  I think that this warning
23 captures the higher likelihood of risk from
24 downloading an APK versus downloading an image.
25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 164

1  BY MR. OLASA:
2      Q    In providing this warning, the browser has
3  not made a determination as to whether that
4  particular APK is or is not harmful; correct?
5      A    So that is true.  But that is true because
6  it is required to be true because Android does not
7  support anything like the notarization counterfactuals
8  that I describe.
9           So this is another example where sort of
10 the current affordances of what the browsers can
11 provide with respect to these types of warnings are
12 affected by the design choices that Google has made
13 for how the Android operates.
14     Q    There are commercially available virus or
15 malware scanning tools for Android; correct?
16     A    Correct.
17     Q    A browser vendor could choose to run an
18 APK file through those tools and provide the results
19 of that analysis to the user; correct?
20          MR. CLARKE:  Object to form.
21          THE WITNESS:  That may not be trivial to
22 do for architectural reasons.  But in theory, for
23 example, a browser vendor could decide to directly
24 incorporate an antivirus tool into its own source
25 code.

Page 166

1   browser the implementation mechanism for Play
2   Store 2.0 and therefore they sort of elided the
3   spirit of the counterfactual proposal by pushing all
4   the friction there.
5       Q   I follow that.  I guess my question is a
6   little different.
7           Your proposal for centralized and
8   decentralized notarization does not propose
9   eliminating browser warnings; right?
10          MR. CLARKE:  Object to form.
11          THE WITNESS:  Well, it doesn't -- my
12  assignment was to look at Android, the core
13  platform.  And it wasn't to look into the friction
14  specifically imposed by things like browsers.
15  BY MR. OLASA:
16      Q   Okay.  And so as a result of that, you
17  don't have a proposal one way or the other as to
18  whether browser warnings should be eliminated;
19  correct?
20          MR. CLARKE:  Object to form.
21          THE WITNESS:  The counterfactuals I
22  propose don't address that either which way.
23  BY MR. OLASA:
24      Q   All right.  So then the user in the
25  workflow here on Figure 22 clicks "download anyway"

Page 337

1  GOOGLE PLAY STORE ANTITRUST LITIGATION
2  3/22/2023 - JAMES MICKENS
3          ACKNOWLEDGEMENT OF DEPONENT
4    I, JAMES MICKENS, do hereby declare that I
5  have read the foregoing transcript, I have made
6  any corrections, additions, or changes I deemed
7  necessary as noted on the Errata to be appended
8  hereto, and that the same is a true, correct and
9  complete transcript of the testimony given by me.
10
11  _____     _____
12  JAMES MICKENS                        Date
13  *If notary is required
14          SUBSCRIBED AND SWORN TO BEFORE ME THIS
15          _____ DAY OF _____, 20___.
16
17
18                        _____
19                        NOTARY PUBLIC
20
21
22
23
24
25