Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
Rebecca L. Sciarrino, S.B. # 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS IN CONNECTION WITH GOOGLE'S OBJECTIONS TO EPIC'S PROPOSED INJUNCTION**<br><br>Judge: Hon. James Donato |

# INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's Standing Order for Civil Cases, Google Defendants ("Google") respectfully move the Court to seal portions of supporting documents to Google's Objections to Epic's Proposed Injunction (MDL Dkt No. 958). This Administrative Motion to File Under Seal is supported by the Declaration of Rakesh Patel ("Patel Decl.") and the Proposed Order submitted herewith and is submitted pursuant to Civil Local Rule 79-5(c).

# LEGAL STANDARD

The Ninth Circuit holds that sealing is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019). Compelling reasons may exist where the material to be disclosed includes "business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Compelling reasons may also exist where the information to be disclosed includes confidential contracts. *Qualcomm*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019). Moreover, public release of "detailed financial information" can implicate a "significant interest" of a party because it could lead to competitive harm, such as ceding "an advantage in contract negotiations." *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (there are "compelling reasons" to seal if disclosure would create an "advantage in contract negotiations"). As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).

# ARGUMENT

Recognizing that there is a presumption in favor of access to court papers, Google focuses this narrow sealing request on two instances of non-public information related to an

ongoing contractual agreement with a non-party carrier and related financial terms, which are referenced in the expert report of Dr. Gregory K. Leonard.  Specifically, the information Google seeks to protect reflects contractual terms and negotiated rates for direct carrier billing ("DCB"), a form of payment Google makes available on Google Play for transactions processed through Google Play's billing system, with non-party carrier T-Mobile.  Public disclosure of this information will cause severe and irreparable harm to not only Google's business relationship with T-Mobile and its competitive position in negotiating with other carriers, but also that of its business partner – T-Mobile – who is not a party to this lawsuit.

The "compelling reasons" standard is met here because the material at issue reveals highly confidential contractual terms between Google and a non-party, the public disclosure of which could be used by Google's competitors and harm its competitive standing.  Ninth Circuit courts have held that this category of confidential, non-public information may be sealed, pursuant to the "compelling reasons" standard.  *See, e.g., Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("Courts have found that 'confidential business information' in the form of… 'financial terms'…satisfies the 'compelling reasons' standard.") (citation omitted); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (same); *Qualcomm*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (sealing confidential contracts).

First, counterparties could use this information to obtain the upper hand in negotiations with Google.  *See Philips v. Ford Motor Co.*, 2016 WL 7374214, at *4 (N.D. Cal. Dec. 20, 2016) ("the need to avoid competitive disadvantage in contract negotiations . . . is a compelling reason that justifies sealing"); *Apple*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (granting motion to seal where information could "give suppliers an advantage in contract negotiations, which they could use to extract price increases for components").  For example, a carrier seeking to do business with Google for DCB transactions on Google Play, or a carrier who is renegotiating an existing DCB agreement with Google, could leverage these terms and rates to obtain a better deal by knowing Google's willingness-to-pay – confidential information it would otherwise not have

access to.  As a result, Google could end up paying higher rates than it would have but for the disclosure, negatively impacting its margins and business.

Second, Google's competitors could improperly utilize this information in an effort to compete unfairly against Google.  *See Apple*, 727 F.3d at 1225 (Fed. Cir. 2013) (there are "compelling reasons" to seal whether disclosure would lead to a "competitive disadvantage" compared to the party's "current position"); *Sun Microsystems Inc. v. Network Appliance*, No. C–08–01641–EDL, 2009 WL 5125817, at *9 (N.D. Cal Dec. 21, 2009) (sealing confidential business information, which if disclosed could cause harm to the parties).  For example, Google's rivals could attempt to negotiate rates with carriers to match or beat the payment processing rates paid by Google. Google competes with other mobile operating systems, app stores, and billing providers on multiple dimensions, including through DCB agreements that provide additional forms of payments to users.  Disclosure of this information could potentially impact commercial negotiations between payment providers and developers seeking to implement their own payment processing system for their apps distributed on Google Play in an effort to better compete against Google.  In particular, insight into Google's confidential DCB terms for transactions processed through Google Play's billing system would give both developers and competing payment providers an unfair advantage, as they could unfairly use this information to structure their own agreements and set prices.

For the reasons explained above, Google respectfully requests that the Court grant this Motion and enter the Proposed Order submitted herewith.

Dated:  May 2, 2024                                                                    Respectfully submitted,

By:   /s/ *Dane P. Shikman*
        Dane P. Shikman

**MUNGER TOLLES & OLSON LLP**
Glenn D. Pomerantz
Kuruvilla Olasa
Dane Shikman
Rebecca Sciarrino
Jonathan I. Kravis

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Justin P. Raphael

**MORGAN, LEWIS & BOCKIUS LLP**
Minna Lo Naranjo
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Rishi P. Satia

*Counsel for Defendants*

## E-FILING ATTESTATION

I, Glenn D. Pomerantz, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

>  /s/ Glenn D. Pomerantz
>  Glenn D. Pomerantz