Shaoul Sussman, N.Y. Bar No. 5820782
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2552
ssussman@ftc.gov

Kelly Ortiz, CA Bar No. 212846
Federal Trade Commission
90 7th Street Suite 14-300
San Francisco, CA 94103
(415) 848-5177
kortiz@ftc.gov

*Attorneys for Amicus Curiae Federal Trade Commission*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* FEDERAL TRADE COMMISION**<br><br>Hearing: August 14, 2024<br>Time: 10:00 am<br>Courtroom: 11<br>Judge: Honorable James Donato |

1  **NOTICE OF MOTION AND MOTION**

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that the Federal Trade Commission ("FTC") hereby moves the

4  Court for leave to file a brief as *amicus curiae*. The proposed *amicus* brief is attached to this

5  motion as Attachment A. A proposed order granting this motion is attached as Attachment B.

6  Counsel for Plaintiff Epic ("Epic") has consented to the FTC's filing of an *amicus* brief. Counsel

7  for Defendant Google ("Google") does not consent.

8  **MEMORANDUM OF POINTS AND AUTHORITIES**

9  The Federal Trade Commission respectfully moves for leave to file an *amicus curiae*

10 brief in the above-captioned matter in connection with the Remedy Hearing set for August 14,

11 2024. *See* ECF. No. 21-md-02981, runner dated 5/24/2024.

12 Following a trial, the jury determined that Google willfully acquired and/or maintained

13 durable monopolies in the markets for Android App Distribution and Android In-App Payment

14 Solutions for digital goods and services transactions, entered into a variety of agreements that

15 unreasonably restrained trade in those markets, and unlawfully tied the use of the Google Play

16 Store to the use of Google Play Billing. *See* Verdict Form (ECF No. 606). In light of that verdict,

17 Epic proposed a permanent injunction to "open up to competition the two markets found by the

18 jury: the market for the distribution of Android apps and the market for Android in-app billing

19 services for digital goods and services transactions, to the benefit of developers of Android apps,

20 developers of payment solutions for use in Android apps and users of Android mobile devices."

21 Epic's Proposed Permanent Injunction, at 1 (ECF No. 653). Google has objected to Epic's

22 proposed injunction. *See generally* Google's Objections to Epic's Proposed Injunction (ECF No.

23 958); Google's Proffer Regarding Epic's Proposed Remedies (ECF No. 981). On May 23, 2024,

24 this Court held an "evidentiary hearing in aid of determining a conduct remedy." Mar. 21, 2024

25 Order (ECF No. 951).

26

27

28

The FTC seeks leave to submit a brief as *amicus curiae* to discuss fundamental principles related to injunctive relief to aid the Court's consideration of the remedy for Google's antitrust violations.

The FTC is an independent agency charged by Congress with protecting the interests of consumers by enforcing competition and consumer protection laws. 15 U.S.C. §§ 41-58. As a federal agency empowered by Congress to enforce federal antitrust laws, *see* 15 U.S.C. § 45, the FTC has expertise in ordering remedies in proven antitrust violations and vindicating the public interest. *FTC v. Nat'l Lead Co.*, 352 U.S. 419, 428-29 (recognizing the FTC is an expert body with wide latitude to design remedies); *Jacob Siegel Co. v. FTC*, 327 U.S. 608, 613 (1946) (same).

The agency routinely analyzes potential remedies to address competitive harms in its investigations and enforcement actions across a wide range of industries. The FTC's unique perspective as a government agency that fashions effective antitrust remedies may aid the Court in its analysis of the remedy issues in this case.

**I.      District Courts Have Broad Discretion to Appoint an *Amicus Curiae***

"[A] district court has broad discretion in the appointment of *amici curiae*." *California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 487 (1995)). Because there is "no statute or rule which provides standards as to when a party should be granted leave to appear as *amicus curiae* at the district court level," *Dible v. City of Chandler*, No. CV 03-00249-PHX-JAT, 2004 WL 7336848, at *1 (D. Ariz. Dec. 23, 2004) (citing *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)), some district courts in the Ninth Circuit have turned to the Federal Rules of Appellate Procedure for guidance. *See, e.g.*, *id.* Rule 29 of the Federal Rules of Appellate Procedure distinguishes between *amicus* briefs filed by federal government agencies and those filed by private parties. Unlike private *amici* briefs, *see* Fed. R. App. P. 29(a)(2), *amicus* briefs

from federal agencies are accepted by Courts of Appeals as a matter of right. *See* Fed. R. App. P. 29(a)(2). *Amici* from federal agencies offer a distinctive perspective because "governmental bodies, acting as *amicus curiae*, possess unparalleled institutional expertise and constitute a valuable means of determining how the court's decision may affect the world outside its chambers." Michael K. Lowman, *The Litigating Amicus Curiae: When Does the Party Begin After the Friends Leave?*, 41 AM. U. L. REV. 1243, 1261-62 (1992) (citing Comment, The Amicus Curiae, 55 NW. U. L. REV. 469, 480 (1960)).

District courts in this Circuit "frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)); *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quoting *Cobell*, 246 F. Supp. 2d at 62). "Even when a party is very well represented, an *amicus* may provide important assistance to the court." *Jamul Action Comm. v. Stevens*, No. 2:13–cv–01920–KJM–KJN, 2014 WL 3853148, at *6 (E.D. Cal. Aug. 5, 2014) (quoting *Neonatology Associates*, P.A. v. C.I.R., 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.)). "The touchstone is whether the *amicus* is 'helpful,' and there is no requirement 'that *amici* must be totally disinterested.'" *California*, 2014 WL 12691095, at *1 (quoting *Hoptowit*, 682 F.2d at 1260); *see also Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (noting that there is no requirement for *amici* to "be totally disinterested").

## II. This Court Should Exercise Its Discretion to Accept the FTC's *Amicus* Brief

This Court should exercise its discretion to accept the FTC's *amicus* brief because (1) the Court's decision on the appropriate remedy here has potential ramifications for competition in digital markets; and (2) the FTC's extensive experience analyzing remedies to address competitive harms give it a unique perspective that can help the Court beyond that of the parties'

from federal agencies are accepted by Courts of Appeals as a matter of right. *See* Fed. R. App. P. 29(a)(2). *Amici* from federal agencies offer a distinctive perspective because "governmental bodies, acting as *amicus curiae*, possess unparalleled institutional expertise and constitute a valuable means of determining how the court's decision may affect the world outside its chambers." Michael K. Lowman, *The Litigating Amicus Curiae: When Does the Party Begin After the Friends Leave?*, 41 AM. U. L. REV. 1243, 1261-62 (1992) (citing Comment, The Amicus Curiae, 55 NW. U. L. REV. 469, 480 (1960)).

District courts in this Circuit "frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)); *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quoting *Cobell*, 246 F. Supp. 2d at 62). "Even when a party is very well represented, an *amicus* may provide important assistance to the court." *Jamul Action Comm. v. Stevens*, No. 2:13–cv–01920–KJM–KJN, 2014 WL 3853148, at *6 (E.D. Cal. Aug. 5, 2014) (quoting *Neonatology Associates*, P.A. v. C.I.R., 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.)). "The touchstone is whether the *amicus* is 'helpful,' and there is no requirement 'that *amici* must be totally disinterested.'" *California*, 2014 WL 12691095, at *1 (quoting *Hoptowit*, 682 F.2d at 1260); *see also Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (noting that there is no requirement for *amici* to "be totally disinterested").

## II. This Court Should Exercise Its Discretion to Accept the FTC's *Amicus* Brief

This Court should exercise its discretion to accept the FTC's *amicus* brief because (1) the Court's decision on the appropriate remedy here has potential ramifications for competition in digital markets; and (2) the FTC's extensive experience analyzing remedies to address competitive harms give it a unique perspective that can help the Court beyond that of the parties'

counsel. Determining the appropriate remedy is an important issue in many antitrust cases, including cases brought by the government on behalf of the public. Correctly interpreting the appropriate scope of remedial proscriptions is essential for the vibrancy of competition in digital markets.

As a government agency charged by Congress with enforcing competition laws on behalf of the public, the FTC has a special interest in the interpretation and application of the legal principles governing remedies for established antitrust violations. The FTC's interest, and the interest of consumers in general, may not be adequately represented by the private parties to this litigation because each of the parties is charged with representing its own interests. Unlike the parties, whose interests are focused on the outcome of this particular case, the FTC has broader interests in the application of antitrust law and the consideration of appropriate remedies due to the potential ramifications related to the public interest.

Finally, while the FTC is interested in the development of the law in this area, it takes no position on Epic's specific remedy proposals or the evidence cited by the parties in support or opposing them. The FTC's *amicus* brief is based entirely on its views of the relevant legal principles and practical considerations in choosing among available potential remedies. While the FTC is "partial" in the sense of its clearly expressed interest in protecting competition and consumers, it is not partial in the sense of expressing a view on which party's position should ultimately prevail.

**Conclusion**

The FTC respectfully requests that the Court grant the FTC leave to file an *amicus curiae* brief.

Dated: August 12, 2024                      Respectfully submitted,

SHAOUL SUSSMAN
*Associate Director for Litigation,*
*Bureau of Competition,*
*Federal Trade Commission*

MARIEL GOETZ
*Attorney, Office of General Counsel,*
*Federal Trade Commission*

HANNAH GARDEN-MONHEIT
*Director of the Office of Policy Planning,*
*Federal Trade Commission*

KELLY ORTIZ
*Attorney, Bureau of Competition,*
*Federal Trade Commission*

*/s/ Kelly Ortiz*

KELLY ORTIZ
*Bureau of Competition*

*Attorneys for Amicus Curiae Federal Trade Commission*

## CERTIFICATE OF SERVICE

On this 12th day of August, 2024, I hereby certify that I caused the foregoing document entitled Notice of Motion and Motion for Leave to File Brief of *Amicus Curiae* Federal Trade Commission to be filed via the court's CM/ECF system, which shall send notice to the counsel of record for the parties.

Dated: August 12, 2024

Respectfully submitted,

*/s/ Kelly Ortiz*

KELLY ORTIZ
*Bureau of Competition*

*Attorney for Amicus Curiae Federal Trade Commission*