Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile:  (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc.*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **EPIC GAMES, INC. V. GOOGLE LLC ET AL.,**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD | Case No. 3:20-cv-05671-JD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER CIVIL LOCAL RULES 3-12 AND 7-11** |

EPIC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1

1  Pursuant to N.D. Cal. Civil L.R. 3-12(b), Plaintiff Epic Games, Inc. ("Epic")
2  respectfully moves this Court for consideration of whether the recently filed case, *Epic*
3  *Games, Inc. v. Samsung Electronics Co. Ltd., et. al.*, Case No. 3:24-cv-06843 ("*Epic v.*
4  *Samsung*"), should be deemed related to *Epic Games, Inc. v. Google LLC et al.*, Case
5  No. 3:20-cv-05671-JD ("*Epic v. Google*").[1]
6  Civil Local Rule 3-12(a) provides that an action is related to another when:
7  "(1) [t]he actions concern substantially the same parties, property, transaction or event;
8  and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor
9  and expense or conflicting results if the cases are conducted before different Judges".
10 Both criteria are met here.
11 *First*, both actions involve the same Plaintiff, Epic, and a common defendant,
12 Google LLC ("Google"). Both cases challenge the same defendant's monopoly power
13 and anticompetitive behavior in the market pertaining to the distribution of applications
14 (commonly called "apps") on smartphones that are compatible with the Android mobile
15 operating system (the "Android App Distribution Market"). The present case involves
16 Google's anticompetitive behavior occurring after the conduct at issue in *Epic v. Google*
17 in an attempt by Google to circumvent the jury verdict entered, and remedies that may be
18 imposed, against it in *Epic v. Google*.
19 In *Epic v. Google*, a jury found that Google violated Sections 1 and 2 of the
20 Sherman Act and the Cartwright Act through anticompetitive conduct in the Android App
21 Distribution Market. *Epic v. Google*, Jury Verdict (Dkt. 606). The Court in that matter
22 has stated its intent to issue an injunction addressing that anticompetitive conduct. *Epic*
23 *v. Google*, Tr. 4:15-5:17 (Dkt. 666) ("So today I've asked you in to take testimony on the
24 injunctive relief that I'm going to order in the wake of the jury verdict."). The present

---

[1] This case was subsequently consolidated in a multi-district litigation **also** before the Honorable James Donato. *See In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD.

EPIC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
2

case alleges a conspiracy between Google and Samsung that is intended to, and has the effect of, perpetuating some of the anticompetitive conduct adjudicated in *Epic v. Google* through different means.

In fact, the longstanding anticompetitive relationship between Google and Samsung that is the subject of the present Complaint was also at issue in *Epic v. Google*. Documents and testimony from that case form part of the basis for the allegations in this Complaint, and Epic expects that Google witnesses from *Epic v. Google* will be relevant to this matter as well. Epic also expects that a decision in this case could have implications for the enforcement of any injunction in the *Epic v. Google* proceeding.

*Second*, this case presents issues of fact and law that are common to *Epic v. Google*, such that potentially conflicting results may be avoided by assigning this case to the Honorable James Donato, who presides over *Epic v. Google*.

By way of example, both cases present the following common factual issues:

- Relevant market definition concerning the market for the distribution of apps on smartphones that are compatible with the Android mobile operating system;
- Google's monopoly power in that market;
- The effect on competition of Google's anti-competitive practices, including Google's imposition of anti-competitive contractual terms on mobile device manufacturers such as Samsung;
- Google's long history of entering into anticompetitive agreements with Samsung;
- The anticompetitive friction imposed by Google (and now also by Samsung) on users who download apps from the web or from third-party stores and the pretextual claims that such friction is necessary to address security concerns.

EPIC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

3

1    Based on the foregoing, Epic respectfully requests that this Court enter an order
2 relating Case No. 3:20-cv-05671-JD and Case No. 3:24-cv-06843 and notify the Clerk to
3 reassign the latter case to the Honorable James Donato.

EPIC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
4

Dated:  September 30, 2024

Respectfully submitted,

By:  /s/ *Gary A. Bornstein*
       Gary A. Bornstein

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700