UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | MDL Case No. 21-md-02981-JD<br>Member Case No. 20-cv-05671-JD<br><br>**PERMANENT INJUNCTION** |

This permanent injunction is entered in MDL member case *Epic Games, Inc. v. Google LLC et al.*, Case No. 20-cv-05671-JD, on the jury verdict against Google under Sherman Act Sections 1 and 2, 15 U.S.C. §§ 1, 2, and the Cartwright Act, Cal. Bus. & Prof. Code §§ 16700 et seq., and the Court's finding that Google violated the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.

1. This injunction applies to Google LLC and each of its parent, affiliated, and subsidiary entities, officers, agents, employees, and any person in active concert or participation with them, who receive actual notice of this order by personal service or otherwise (together, Google).

2. Unless otherwise stated, the effective date of the injunction is November 1, 2024.

3. The geographic scope of the injunction is the United States of America.

4. For a period of three years ending on November 1, 2027, Google may not share revenue generated by the Google Play Store with any person or entity that distributes Android apps, or has stated that it will launch or is considering launching an Android app distribution platform or store.

5. For a period of three years ending on November 1, 2027, Google may not condition a payment, revenue share, or access to any Google product or service, on an agreement by an app developer to launch an app first or exclusively in the Google Play Store.

6. For a period of three years ending on November 1, 2027, Google may not condition a payment, revenue share, or access to any Google product or service, on an agreement by an app developer not to launch on a third-party Android app distribution platform or store a version of an app that includes features not available in, or is otherwise different from, the version of the app offered on the Google Play Store.

7. For a period of three years ending on November 1, 2027, Google may not condition a payment, revenue share, or access to any Google product or service, on an agreement with an original equipment manufacturer (OEM) or carrier to preinstall the Google Play Store on any specific location on an Android device.

8. For a period of three years ending on November 1, 2027, Google may not condition a payment, revenue share, or access to any Google product or service, on an agreement with an OEM or carrier not to preinstall an Android app distribution platform or store other than the Google Play Store.

9. For a period of three years ending on November 1, 2027, Google may not require the use of Google Play Billing in apps distributed on the Google Play Store, or prohibit the use of in-app payment methods other than Google Play Billing.  Google may not prohibit a developer from communicating with users about the availability of a payment method other than Google Play Billing.  Google may not require a developer to set a price based on whether Google Play Billing is used.

10. For a period of three years ending on November 1, 2027, Google may not prohibit a developer from communicating with users about the availability or pricing of an app outside the Google Play Store, and may not prohibit a developer from providing a link to download the app outside the Google Play Store.

11. For a period of three years, Google will permit third-party Android app stores to access the Google Play Store's catalog of apps so that they may offer the Play Store apps to users. For apps available only in the Google Play Store (*i.e.*, that are not independently available through the third-party Android app store), Google will permit users to complete the download of the app through the Google Play Store on the same terms as any other download that is made directly

through the Google Play Store.  Google may keep all revenues associated with such downloads.  Google will provide developers with a mechanism for opting out of inclusion in catalog access for any particular third-party Android app store.  Google will have up to eight months from the date of this order to implement the technology necessary to comply with this provision, and the three-year time period will start once the technology is fully functional.

12. For a period of three years, Google may not prohibit the distribution of third-party Android app distribution platforms or stores through the Google Play Store.  Google is entitled to take reasonable measures to ensure that the platforms or stores, and the apps they offer, are safe from a computer systems and security standpoint, and do not offer illegal goods or services under federal or state law within the United States, or violate Google's content standards.  The review measures must be comparable to the measures Google is currently taking for apps proposed to be listed in the Google Play Store.  If challenged, Google will bear the burden of proving that its technical and content requirements and determinations are strictly necessary and narrowly tailored.  Google may require app developers and app store owners to pay a reasonable fee for these services, which must be based on Google's actual costs.  Google will have up to eight months from the date of this order to implement the technology and procedures necessary to comply with this provision, and the three-year time period will start once the technology and procedures are fully functional.  For the duration of this time period, the Technical Committee described in paragraph 13 below will in the first instance decide challenges to Google's review decisions, with the Court serving as the final word when necessary.

13. Within thirty days of the date of this order, the parties will recommend to the Court a three-person Technical Committee.  Epic and Google will each select one member of the Technical Committee, and those two members will select the third member.  After appointment by the Court, the Technical Committee will review disputes or issues relating to the technology and processes required by the preceding provisions.  If the Technical Committee cannot resolve a dispute or issue, a party may ask the Court for a resolution.  The Technical Committee may not extend any deadline set in this order, but may recommend that the Court accept or deny a request to extend.  Each party will bear the cost of compensating their respective party-designated

1  committee member for their work on the committee.  The third member's fees will be paid by the
2  parties in equal share.
3      14.    The Court will retain jurisdiction over the injunction for all purposes.  Google or
4  Epic may request a modification of the injunction for good cause.
5  **IT IS SO ORDERED.**
6  Dated:  October 7, 2024

_____
JAMES DONATO
United States District Judge