Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**PLAINTIFF EPIC GAMES, INC.'S OPPOSITION TO DEFENDANT GOOGLE'S ADMINISTRATIVE MOTION FOR IMMEDIATE PARTIAL ADMINISTRATIVE STAY OF PERMANENT INJUNCTION; EXPEDITED BRIEFING ON ITS MOTION FOR PARTIAL STAY PENDING APPEAL; AND TO FILE AN OVERLENGTH MOTION FOR PARTIAL STAY PENDING APPEAL**<br><br>Judge: Hon. James Donato |

On October 11, 2024, Google filed an administrative motion (the "Motion" (Dkt. 1021)) seeking, among other things, to stay all but one provision of this Court's October 7, 2024 Permanent Injunction (the "Injunction" (Dkt. 1017)) until 30 days after this Court rules on Google's separate motion for a stay of the Injunction pending appeal (Dkt. 1020). This Court promptly set a hearing on the Motion for October 18, 2024. (Dkt. 1022.) Without waiting for that hearing, on October 16, 2024, Google tried to bypass this Court and sought an administrative stay directly from the Ninth Circuit. (Ex. A (No. 24-6256, Dkt. 8-1).) Google also declared it "impracticable" to seek a stay pending appeal from this Court and simultaneously filed directly with the Ninth Circuit a motion for stay pending appeal. (*Id.* at 2.) In the Ninth Circuit, as an alternative to an administrative stay, Google also seeks an expedited briefing schedule on that main stay motion. (*Id.* at 3-4.) Epic has consented to Google's request for expedited briefing before the Ninth Circuit (with one proposed adjustment to the specific dates Google sought). (*Id.* at 4.) Google's request for an administrative stay from this Court should be denied.[1]

*First*, Google's filings in the Ninth Circuit effectively seek to moot both of its stay motions to this Court. In its Motion here, Google argues that an administrative stay is needed to allow sufficient time for its motion for stay pending appeal to be decided before the Injunction is effective. Google has made precisely the same argument to the Ninth Circuit and has requested that the Ninth Circuit grant the administrative stay, or expedite briefing on the motion for stay pending appeal, without the benefit of this Court's decision on either issue. Epic believes that the Ninth Circuit would benefit from this Court's perspective but recognizes that the Court may prefer to allow these matters to be addressed by the Court of Appeals

*Second*, if the Court chooses to address it, Google's Motion for an administrative stay should be denied, because such a stay is not necessary to allow this Court to rule on the motion for stay pending appeal. While, in certain circumstances, a court may enter an

---

[1] Google's Motion also seeks an expedited briefing schedule on the underlying motion to stay and an eight-page extension for its brief on that motion. (Mot. at 3.) Epic has agreed to Google's proposed briefing schedule and takes no position on its request for additional pages, though Epic requests an equivalent extension for its opposition should the Court grant Google's request.

administrative stay to maintain the *status quo* while the court decides the merits of an ordinary stay application, Google's Motion does not meet that standard. This is not a case in which the Court's judgment has some immediate consequence, such as disbursing funds that cannot later be recovered, which can only be prevented through an emergency administrative stay. To the contrary, the Court's Injunction *already* included a multi-week stay of implementation.

In that period, the Court can resolve Google's motion for a stay pending appeal. The parties have agreed to an expedited briefing schedule, under which the motion for stay pending appeal will be fully briefed by October 23, 2024, which leaves over one week before the November 1, 2024 effective date for the Court to decide the stay motion. Epic is mindful of the Court's heavy workload but respectfully suggests that this is sufficient time to decide Google's underlying stay motion, which largely recycles arguments this Court has already considered and rejected. For example, Google argues it has a likelihood of success on appeal of the liability verdict based on issue preclusion from *Epic v. Apple*, the supposed need to prove aftermarkets, a claim that the jury was wrongly precluded from considering alleged procompetitive effects in other markets, and a claim that there should not have been a jury at all. (Dkt. 1020 at 3-7.) The Court has already ruled on each of these points. (Dkt. 984 at 6-9, 11, 26-28.)

To the extent Google seeks an administrative stay from this Court to give the *Ninth Circuit* sufficient time to decide if a stay pending appeal is warranted, its request is misdirected. It has sought that relief directly from the Ninth Circuit, which can make its own determination on whether Google has made the requisite showing for such relief. In fact, given the parties' agreement to expedited briefing in the Ninth Circuit, even Google's request for an administrative stay to that court is unwarranted, because expedited briefing would allow its motion to be decided before the Injunction's effective date.[2] What Google is really seeking through its administrative stay motions (in both courts) is a delay in even needing to start preparing for implementation of the Injunction, even if its motion for a stay is ultimately denied.

---

[2] The Ninth Circuit briefing could be completed even earlier than Google has proposed, but Google has insisted on taking five days to file a reply on its "emergency" motion. (Ex. A at 4.)

*Third*, Google argues that the Injunction requires compliance on an unreasonable timeline. This is effectively a request for reconsideration of the Court's decision and does not meet the required standard for such relief under Civil Local Rule 7-9. In addition to requiring leave of court before such a motion can be made, that Rule requires a party to show (1) "a material difference in fact or law" from what was previously presented to the court that the party could not in the "exercise of reasonable diligence" have previously known, (2) the "emergence of new material facts or a change of law" or (3) a "manifest failure by the Court to consider material facts or dispositive legal arguments". Civil L.R. 7-9(b). Google does not even attempt to meet any of these requirements.

Instead, Google simply points out that, during the second hot tub proceeding, it sought 90 days to comply with any contractual remedies and argues that Epic's proposed injunction provided Google with 90 days to advise officers of the company on how to comply. (Mot. at 2.) Even if properly presented, neither argument justifies giving Google additional time. In fact, counting from the August 14, 2024 hearing when those statements were made to November 1, 2024, Google will have had nearly 90 days to comply with these provisions. In addition, the Court did not adopt Epic's proposed compliance oversight regime, so those proposals shed no light on the time to comply with the provisions the Court did order.

To the extent Google now believes it cannot comply in a timely way, that is a problem of Google's own making. Google has been aware of the jury's verdict since December 11, 2023 (Dkt. 866) and of the terms of Epic's proposed injunction since at least April 11, 2024, when Epic filed it with this Court (Dkt. 952).[3] Google was also aware that the Court was considering many of the provisions that appear in the injunction since at least May 23, 2024, when the Court held its first hot tub proceeding on potential remedies. To the extent Google chose to wait for a final order to begin the work necessary for compliance, it cannot now use that as a basis for an extension of its time to comply.

---

[3] Pursuant to Court order (Dkt. 917), Epic had previously provided Google a proposed injunction on February 1, 2024.

| EPIC'S OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION | Case No. 3:20-CV-05671-JD<br>CASE NO. 3:21-MD-02981-JD |
|---|---|

3

Nor has Google provided sufficient explanation for why it needs additional time to comply with the specific provisions it seeks to stay:

- Paragraphs 4-7 and 9-10 of the Injunction, which were also included in Epic's proposed injunction, merely prohibit Google from engaging in conduct that was found illegal by the jury or that accomplishes similar ends to conduct found illegal by the jury. Google is silent as to why it could not have anticipated these provisions in the nearly ten months since the jury verdict or the six months since Epic filed its proposed injunction. Nor does it adequately explain why compliance with any of these provisions could not be accomplished by November 1. Google fails to show, for example, why it cannot comply immediately with Paragraphs 4-7, which require it not to enter into or enforce certain types of agreements. These provisions are no different in kind than Paragraph 8, which Google does not seek to stay because it is similar to a provision found in the proposed settlement between Google and State Plaintiffs. (Mot. at 1 n.1.) Likewise, Paragraphs 9-10 bar Google from prohibiting developers from engaging in certain conduct. Google can comply with most of those provisions by simply allowing developers to do those things (*e.g.*, communicate payment and download information to users). Paragraph 9's requirement that Google allow alternative in-app payment methods is a change that Google knew was coming since the December 2023 jury verdict and should have been working on.

- Paragraphs 11 and 12 of the Injunction, which provide for catalog access and distribution of third-party stores through Google Play, provide for remedies that were in Epic's proposed injunction and were extensively briefed in Google's proffer. It strains credulity that Google is only now beginning to work on them. Moreover, the eight months of lead time provided for in the Injunction is longer than Google needs to comply. Dr. Michael Ernst testified that taking a practical approach, Google could design and build these provisions in just three months and roll them out over another four months. (Dkt. 985 at 12.) In any event, emergency administrative relief is not warranted for these provisions given that Google's underlying motion to stay the

injunction pending appeal would certainly be decided well before the expiration of the eight-month lead time period provided for in the Injunction.

- Paragraph 13 merely requires the appointment of members to a Technical Committee. Google provides no reason—nor can it—why it cannot meet that deadline.[4]

Google also points to the fact that Apple received 90 days from the entry of the permanent injunction to comply in *Epic v. Apple*. (Mot. at 2.) But Google ignores that in *Epic v. Apple*, the final decision on liability and the injunction were entered on the same day. *Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898 (N.D. Cal. 2021) (Dkt. 812 and 813). Here, Google will have had almost 11 months to prepare to comply when measured from the time it was found liable by the jury.

A further stay of the remedy in this case would harm Epic, other developers and consumers. It has been over four years since Epic filed its complaint and almost a year since the jury rendered its verdict, finding Google liable on all counts. Now that the implementation of the Injunction is imminent, Epic and other developers have launched or announced plans to launch stores on Android. For example, Epic launched the Epic Games Store on Android on August 16, 2024 in anticipation of this Court's Injunction.[5] In response to the issuance of the Injunction, Microsoft announced its intent to update its mobile app to allow users to purchase and play Xbox games on their Android smartphones.[6] A delay in implementing the remedies will prevent those stores from competing in a market free from Google's anticompetitive conduct and delay the benefits that Epic, developers and consumers have been waiting on for years.

Google's effort to further delay the Injunction is no surprise. Google knows that the longer it puts off compliance with the Injunction, the longer it can enjoy the fruits of its anticompetitive conduct. Delay in implementing the jury's verdict will serve only to further damage developers and consumers. Google's Motion should be denied on the merits.

---

[4] Paragraphs 1-3 and 14 do not require any action by Google.
[5] https://www.epicgames.com/site/en-US/news/the-epic-games-store-launches-on-mobile
[6] https://www.theverge.com/2024/10/10/24267339/microsoft-xbox-android-purchase-games-us-court-ruling

Dated:  October 17, 2024

Respectfully submitted,

By:   /s/ *Gary A. Bornstein*

**FAEGRE DRINKER BIDDLE & REATH LLP**

Paul J. Riehle ( SBN 115199)
paul.riehle@faegredrinker.com

Four Embarcadero Center
San Francisco, California 94111
Telephone:  (415) 591-7500
Facsimile:  (415) 591-7510

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Timothy G. Cameron (*pro hac vice*)
tcameron@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Justin C. Clarke (*pro hac vice*)
jcclarke@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*