Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 591-7500

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
M. Brent Byars (*pro hac vice*)
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Ave
New York, New York 10001
Telephone: (212) 474-1000

*Attorneys for Plaintiff Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**PLAINTIFF EPIC GAMES, INC.'S UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

# INTRODUCTION

Pursuant to Local Rules 79-5 and 7-11, the Protective Order entered in this matter (Dkt. 262) and Federal Rule of Civil Procedure 26(c), Epic Games, Inc. ("Epic") respectfully moves the Court to seal the indicated portions of the following documents: (i) Epic's Notice of Motion and Motion for Attorneys' Fees and Costs (the "Fees Motion"), (ii) the Declaration of John D. O'Connor in Support of Plaintiff's Motion for Attorneys' Fees and Costs and the attached Exhibits D, E, F, J, K, L and M, (iii) the Declaration of Gary A. Bornstein in Support of Plaintiff's Motion for Attorneys' Fees and Costs and the attached Exhibits A and B, (iv) the Declaration of Paul J. Riehle in Support of Plaintiff's Motion for Attorneys' Fees and Costs and the attached Exhibit A, (v) the Declaration of Benjamin B. Diessel in Support of Plaintiff's Motion for Attorneys' Fees and Costs and (vi) the Declaration of Jessica Medina in Support of Plaintiff's Motion for Attorneys' Fees and Costs and the attached Exhibit A. Specifically, these documents contain sensitive, confidential and non-public business information related to the expense of and strategy for litigating the above-captioned matter, including special fee arrangements with multiple law firms and legal vendors. The publication of such information would result in competitive harm to Epic, its counsel and its vendors, and Epic seeks narrow redactions to the Fees Motion and the Accompanying Materials. Additionally, the public's interest in access to such information is limited. Google does not oppose sealing such information. *See* Exhibit A, Declaration of Gary A. Bornstein in Support of Sealing, at ¶ 8. Therefore, Epic's Motion to Seal should be granted.

# LEGAL STANDARD

A party seeking to file documents under seal need only establish that "good cause" exists for sealing a non-dispositive motion. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (noting such "documents are often unrelated, or only tangentially related, to the underlying cause of action"); *Kilopass Tech., Inc. v. Sidense Corp.*,

1  2014 U.S. Dist. LEXIS 106813, at *2-3 (N.D. Cal. Aug. 4, 2014) (motion for attorneys' fees is a
2  non-dispositive motion).
3      A party may establish "good cause" for sealing a document when the disclosure of
4  sensitive business information contained in the document will result in competitive harm, sealing
5  is the least restrictive option available and the public interest in access to such is information is
6  outweighed by the affected entity's interest in sealing. *See, e.g.*, *TVIIM, LLC v. McAfee, Inc.*,
7  2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015).  District courts within this circuit have
8  repeatedly found sensitive business information appropriate for sealing.  *See id.* at *2 (sealing
9  portions of a motion for attorneys' fees and costs and related documents that contained
10 "confidential business information" concerning fee arrangements between the law firm, the
11 defendant and the litigation support vendors); *Overstreet v. Starbucks Corp.*, 2023 WL 1069695,
12 at *1 (D. Ariz. Jan. 27, 2023) (noting that "sensitive and nonpublic business information" is an
13 adequate justification to grant a motion to seal an application for attorneys' fees).  This is
14 especially true when this information reveals the substance of special fee arrangements between
15 companies.  *See TVIIM, LLC*, 2015 WL 5116721, at *2; *Overstreet*, 2023 WL 1069695, at *1
16 (granting motion to seal documents and exhibits containing confidential information related to
17 business and fee arrangements with outside counsel).

## DISCUSSION

Epic meets the good cause standard here, as Epic and its attorneys and legal vendors will suffer competitive harm if their special negotiated fee arrangements are disclosed.  Epic's Fees Motion and the Accompanying Materials are necessarily replete with confidential business information relating to Epic's negotiated fee arrangements with multiple law firms and litigation vendors.  The declarations of Gary A. Bornstein, Paul J. Riehle, Benjamin B. Diessel and Jessica Medina also include sensitive information detailing negotiated fee arrangements between Epic and its counsel and other vendors in this matter.

1    For example, the Fees Motion details information regarding financial arrangements
2 specifically negotiated between Epic and its lead counsel at Cravath, Swaine & Moore LLP.  *See,*
3 *e.g.*, Declaration of Gary A. Bornstein in Support of Plaintiff's Motion for Attorneys' Fees and
4 Costs at ¶¶ 17, 74.  Disclosure of this information would necessarily reveal competitively
5 sensitive information that could prejudice both Epic and its counsel and other vendors in future
6 negotiations.  *See, e.g.*, Exhibit A at ¶ 6 (stating that this information "reflects payments made to
7 and negotiations with counsel whom Epic retained for this litigation").  The substance of these
8 negotiated fee arrangements goes beyond the standard rates billed and includes bespoke
9 arrangements negotiated for this specific case.  *Id.*  In *TVIIM*, the district court held that
10 "'confidential business information' concerning special fee arrangements" was sealable precisely
11 because it went beyond the information generally available to the public about law firm and legal
12 vendor rates.  *See TVIIM, LLC*, 2015 WL 5116721, at *2; *see also Herb Reed Enters. v. Monroe
13 Powell's Platters, LLC*, 2013 U.S. Dist. LEXIS 96948, at *2 (D. Nev. Jul. 11, 2013) (sealing
14 counsel's billing records that were "not generally available to the public and . . . competitively
15 sensitive").

16    Epic and its counsel will suffer competitive harm if the foregoing sensitive information is
17 disclosed.  Epic's negotiated fee arrangements between various law firms and legal vendors are
18 not public information, and the release of such information could prejudice Epic in its future
19 dealings with legal service providers, and could prejudice those service providers in future
20 negotiations with other clients and in efforts to compete with other service providers.

21    Finally, Epic has sought to use the least restrictive alternative to seal the information in
22 the Fees Motion and Accompanying Materials because it does not seek to seal the entirety of the
23 Fees Motion or the Accompanying Materials.  *See* Civil L.R. 79-5.  The Fees Motion and
24 Accompanying Materials are narrowly redacted and seek only to seal information that would
25 reveal the business arrangements between Epic, its law firms and vendors.  Tailoring redactions
26 to be narrow, as Epic has, satisfies the least restrictive alternative requirement under Rule 79-5.
27 *See, e.g.*, *Adtrader, Inc. v. Google LLC*, 2020 WL 6389186, at *2 (N.D. Cal. Feb. 24, 2020)

28

(rejecting plaintiffs' motion to seal the entirety of its documents where line-item redactions were possible and granting plaintiffs' motion to seal with tailored redactions).

## **CONCLUSION**

For the foregoing reasons, the Court should grant Epic's Administrative Motion to File Under Seal.

DATED: August 22, 2025

Respectfully submitted,

By: */s/ Gary A. Bornstein*
    Gary A. Bornstein

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein *(pro hac vice)*
gbornstein@cravath.com
Yonatan Even *(pro hac vice)*
yeven@cravath.com
Lauren A. Moskowitz *(pro hac vice)*
lmoskowitz@cravath.com
Michael J. Zaken *(pro hac vice)*
mzaken@cravath.com
M. Brent Byars *(pro hac vice)*
mbyars@cravath.com

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)