UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date: November 6, 2025  
Judge: Hon. James Donato

Time: 52 Minutes

Case Nos.   **3:21-md-02981-JD In re Google Play Store Antitrust Litigation**  
**3:20-cv-05671-JD Epic Games, Inc. v. Google LLC et al (*Epic I*)**  
**3:20-cv-05761-JD In re Google Play Consumer Antitrust Litigation**  
**3:21-cv-05227-JD State of Utah et al v. Google LLC et al**  
**3:24-cv-06843-JD Epic Games, Inc. v. Google LLC et al (*Epic II*)**

Attorney(s) for Plaintiff(s):   Yonatan Even/Gary Bornstein/Lauren Moskowitz/  
Michael Zaken/Haesung Nam/ Karma Giulianelli/  
Michael Jorgenson/Brian Wang/Elizabeth Pritzker/  
Jayme Weber/Marie Martin  
Attorney(s) for Defendant(s):   Kuruvilla Olasa/Sujal Shah/Glenn Pomerantz/  
Justin Raphael/Lauren Beck/Michael Zaken/Jessica Phillips

Deputy Clerk: Lisa R. Clark    Court Reporter: Ana Dub

PROCEEDINGS

Status Conferences -- Held

NOTES AND ORDERS

I.    *Epic I*

For the parties' settlement and their jointly-filed motion to modify the permanent injunction, MDL Dkt. No. 1119, the Court has concerns about whether the proposed modifications are consistent with the public interest in free and unfettered competition, which the antitrust laws are designed to protect. *See Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1256-57 (9th Cir. 1999); MDL Dkt. No. 1016 at 5; *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130-31 (1969). In particular, the Court questions whether the injunction as modified by the parties would adequately redress the network effects of Google's anticompetitive conduct. *See, e.g.*, MDL Dkt. No. 1016. The Court also questions whether material circumstances have changed to warrant a modification.

1

To answer these questions, and the other issues discussed during the conference, an evidentiary hearing will be scheduled. The Court will take testimony from witnesses the parties wish to present. Dr. Douglas Bernheim should be invited to testify on the adequacy of the injunction as modified to address the competition concerns he testified about during the trial and remedies proceedings. The parties will propose a date for the evidentiary hearing between December 8, 2025, and January 30, 2026.

The Court invites interested parties to file proposed amicus briefs. The Court is particularly interested in hearing again from the Federal Trade Commission, whose amicus brief was helpful in the remedies stage.

The parties will also file by November 13, 2025, a redline that compares the proposed modified injunction to the permanent injunction that was entered. The redline must show every proposed deletion and addition to the injunction order at MDL Dkt. No. 1017.

For the joint request to seal the term sheet and two exhibits, MDL Dkt. No. 1120, the parties will file by November 13, 2025, a proposed redacted version with a narrower set of redactions. The parties may file further declarations in support of sealing but should not file additional legal argument about the sealing standards.

The permanent injunction remains in full force and is not stayed in any respect. For the parties' dispute about ex parte communications with the party-designated committee members, no party will have any ex parte communications with the committee members. Any communications of substance must include the opposing party and all three committee members. The Court will set a hearing at which the Court will personally admonish the two party-designated committee members about this prohibition on ex parte communications. The Court will also periodically call for declarations from the committee members to be submitted under penalty of perjury, confirming the absence of any ex parte communications on any substantive topics relating to the implementation of the injunction.

   II.    *States' and Consumers' Cases*

On the basis of the parties' representations that there will be no friction between the proposed States' and Consumers' settlement and the permanent injunction in *Epic I*, *see* MDL Dkt. No. 1067, the Court will grant the motion to give notice of the proposed *parens patriae* settlement. Case No. 21-5227, Dkt. No. 522. The States will submit a Word version of an updated proposed order to jdpo@cand.uscourts.gov.

The Consumer counsel's fees motion is terminated as premature. MDL Dkt. No. 1098. Counsel may file a revised motion after notice has been given for the settlement. The consumers who will be subject to the *parens patriae* settlement will have a minimum of 60 days to file any objections to the fees motion.

III.     *Epic II*

The request to stay the case pending the Court's consideration of the modification of the injunction in *Epic I* is denied.  Dkt. No. 122.

For the parties' discovery disputes, Dkt. Nos. 110, 116, Epic may request the production of documents from August 14, 2020, forward.  Google's request to exclude documents prior to November 18, 2022, is denied.  For the parties' search term disputes, Google will run the search strings using a "w/7" numerical limiter.

The Court will enter the parties' proposed amended schedule at Dkt. No. 121 at 16, with adjustments as discussed on the record.