Paul J. Riehle, Bar No. 115199
paul.riehle@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc.*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | Case No. 3:21-md-02981-JD<br><br>**STATUS REPORT REGARDING PERMANENT INJUNCTION**<br><br>Judge:   Hon. James Donato |

At the Court's direction, Defendants Google LLC et al. ("Google") and Plaintiff Epic Games, Inc. ("Epic"; collectively, "The Parties") respectfully submit this "status report on the implementation of the injunction." Dkt. No. 1130 (Dec. 1, 2025).[1]

The Parties previously submitted a Joint Statement Regarding Permanent Injunction, which, at the Court's direction, described "implementation steps and a timeline with milestone dates for the permanent injunction." Dkt. No. 1118 (Oct. 29, 2025). The Joint Statement described Google's compliance, as of October 29, 2025, with each of the provisions of the injunction.

On December 9, 2025, Google announced details regarding its developer programs for in-app alternative billing[2] and for external links to transactions and downloads.[3] Google has announced that developers wishing to avail themselves of in-app alternative billing and/or links to transactions and downloads must comply with certain requirements, such as complying with the Payment Card Industry Data Security Standard (PCI-DSS) if handling credit and debit card data, providing customer support for users of the alternative billing system, and integrating with the requisite APIs, by January 28, 2026. Epic announced that it supports the requirements Google will require developers to comply with by January 28. Google also announced, as part of these programs, certain service fees that Google intends to apply in the future in connection with these programs. Google has indicated that it will not apply these services fees at this time. Epic has indicated that it opposes the service fees that Google announced it may implement in the future and that Epic will challenge these fees if they come into effect. The Parties therefore do not have any present disputes regarding Google's compliance with the injunction. Google will notify Epic in advance of implementing any fees for these programs in the United States so that any disputes

---

[1] All references to Dkt. No. are to the MDL docket, *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD, unless otherwise noted.

[2] See *Offering an alternative billing system for users in the United States*, https://support.google.com/googleplay/android-developer/answer/16497028?hl=en (last visited Dec. 11, 2025).

[3] See *Enrolling in the external content links program for users in the US*, https://support.google.com/googleplay/android-developer/answer/16470497?hl=en (last visited Dec. 11, 2025).

can be raised with the Court.

With respect to Paragraphs 11 (catalog access) and 12 (distribution of third-party app stores on Google Play), Google has until July 22, 2026, to implement the technology necessary to comply with these paragraphs. Google is working on its plans for implementation of Paragraphs 11 and 12 and will share those plans with Epic on a timing and cadence determined by the Technical Committee, but no later than March 31, 2026.

DATED:  December 19, 2025

**MUNGER, TOLLES & OLSON LLP**
Glenn D. Pomerantz
Kuruvilla Olasa
Jonathan I. Kravis
Justin P. Raphael
Dane P. Shikman
Lauren N. Beck

By:   /s/ *Kuruvilla Olasa*

Kuruvilla Olasa

*Counsel for Defendants Google LLC et al.*

DATED:  December 19, 2025

**MORGAN, LEWIS & BOCKIUS LLP**
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Leigha Beckman

By:   /s/ *Brian C. Rocca*

Brian C. Rocca

*Counsel  for Defendants Google LLC et al.*

DATED:  December 19, 2025

**CRAVATH, SWAINE & MOORE LLP**
Gary A. Bornstein (*pro hac vice*)
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Michael J. Zaken *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

**FAEGRE DRINKER BIDDLE & REATH LLP**
Paul J. Riehle (SBN 115199)

By:   */s/ Gary A. Bornstein*
───────────────────────────
Gary A. Bornstein

*Counsel for Plaintiff Epic Games, Inc.*

**CIVIL L.R. 5-1(i)(3) ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the filer of this document attests that concurrence in the filing of the document has been obtained from each of the other signatories.

By:  */s/ Kuruvilla Olasa*
     Kuruvilla Olasa