# EXHIBIT B

# EXHIBIT 4

**Revised Modified Injunction**

This modified permanent injunction is entered in MDL member case *Epic Games, Inc. v. Google LLC et al.*, Case No. 20-cv-05671-JD, based on the joint motion filed by the parties. This injunction supersedes the permanent injunction entered by the Court on October 7, 2024, ECF No. 1017.

1.      This injunction applies to Google LLC and each of its parent, affiliated, and subsidiary entities, officers, agents, employees, and any person in active concert or participation with them, who receive actual notice of this order by personal service or otherwise (together, Google). The term "Android" as used in this injunction refers to smartphones and tablets that run the Android operating system and the term "Android apps" refers to apps for Android smartphones and tablets.  The term "app" or "apps" means all applications, including games, but excludes app stores.

2.      Unless otherwise stated, the effective date of the injunction was October 29, 2025.

3.      The geographic scope of the injunction is the United States of America.

4.      For a period of three years ending on October 29, 2028, Google may not share revenue generated by the Google Play Store with any person or entity that distributes Android apps, or has stated that it will launch or is considering launching an Android app distribution platform or store.

5.      For a period of three years ending on October 29, 2028, Google may not condition a payment, revenue share, or access to any Google product or service, on an agreement by an app developer to launch an app first, exclusively, or at the same time in the Google Play Store, anywhere in the world, as compared to the launch date of that app on another app distribution platform or store for smartphones and/or tablets in the United States. Notwithstanding the prior sentence, Google may condition a payment, revenue share, or access to any Google product or service on an agreement by an app developer to launch an app first, exclusively or at the same time on the Android platform, provided that the developer is free to choose any Android app store for distribution in the United States.

6.      For a period of three years ending on October 29, 2028, Google may not condition a payment, revenue share, or access to any Google product or service, on an agreement by an app developer not to launch on a third-party Android app distribution platform or store in the United States a version of an app that includes features not available in, or is otherwise different from, the version of the app offered on the Google Play Store (anywhere in the world).

7.      For a period of three years ending on October 29, 2028, Google may not condition a payment, revenue share, or access to any Google product or service, on an agreement with an original equipment manufacturer (OEM) or carrier to refrain from placing a third party Android app store on any specific location on an Android device.

8.      For a period of three years ending on October 29, 2028, Google may not condition a payment, revenue share, or access to any Google product or service, on an agreement with an OEM or carrier not to preinstall an Android app distribution platform or store other than the Google Play Store.

9.      For a period of three years ending on October 29, 2028, Google may not require the use of Google Play Billing in apps distributed on the Google Play Store, or prohibit the use of in-app payment methods other than Google Play Billing. Google may not prohibit a developer from communicating with users about the availability of a payment method other than Google Play Billing.  Google may not require a developer to set a price based on whether Google Play Billing is used.

10.      For a period of three years ending on October 29, 2028, Google may not prohibit a developer from communicating with users inside or outside of an app about the availability or pricing of an app (including an app store) outside the Google Play Store.  This paragraph does not require Google to permit a developer to include an in-app link leading to an app or app store download within apps installed or updated on the Google Play Store.

11.      For a period of three years, Google will permit third-party Android app stores to access the Google Play Store's catalog of apps so that they may offer the Play Store apps to users. For apps available only in the Google Play Store (i.e., that are not independently available through the third-party Android app store), Google will permit users to complete the download of the app through the Google Play Store on the same terms as any other download that is made directly through the Google Play Store. Google may keep all revenues associated with such downloads. Google will provide developers with a mechanism for opting out of inclusion in catalog access for any particular third-party Android app store.  Google will have until July 22, 2026 to implement the technology necessary to comply with this provision, and the three-year time period will start once the technology is fully functional.

12.      For a period beginning seven days after the Court enters this Modified Injunction through September 30, 2032, Google will continue to permit third-party app stores to operate on Android free of charge and will continue to permit the direct downloading of apps from developer websites and third-party stores without any fees being imposed for those downloads unless the downloads originate from linkouts from apps installed/updated by Google Play (excluding web browsers).  Starting no later than December 31, 2026 or 45 days after the Court enters this modified injunction, whichever is later, Google will develop and release a process to certify an Android app store as a "Registered App Store" and will maintain this feature through September 30, 2032.

     a.  Starting no later than December 31, 2026 or 45 days after the Court enters this modified injunction, whichever is later, and continuing through September 30, 2032, Google will modify future versions of the Android operating system so that a user can install a Registered App Store from a website by clicking on a single store install screen using neutral language. This will also grant the permission to the store to install apps.

    b.   Google may create reasonable requirements for certification as a Registered App Store, including but not limited to review of the app store by Google's Android team and the payment of reasonable fees to cover the operational costs associated with the review and certification process.  Such fees may not be revenue proportionate.

13.    The parties will recommend to the Court a three-person Technical Committee. Epic and Google will each select one member of the Technical Committee, and those two members will select the third member. After appointment by the Court, the Technical Committee will review disputes or issues relating to the technology and processes required by the preceding Paragraphs. If the Technical Committee cannot resolve a dispute or issue, a party may ask the Court for a resolution. The Technical Committee may not extend any deadline set in this order.  Each party will bear the cost of compensating their respective party-designated committee member for their work on the committee. The third member's fees will be paid by the parties in equal share.

14.    The Court will retain jurisdiction over the injunction for all purposes. Google or Epic may request a modification of the injunction for good cause.

3