Aaron Teitelbaum (SBN 298135)
aaron@kressinpowers.com
Andrew Chang (SBN 319009)
andrew@kressinpowers.com
**KRESSIN POWERS LLC**
400 Seventh Avenue NW
Washington, DC 20004
Telephone: (202) 464-2905

*Counsel for Plaintiff Aptoide, S.A.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **EPIC GAMES, INC., V. GOOGLE LLC ET AL.,** <br><br> THIS DOCUMENT RELATES TO: <br><br> *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD | Case No. 3:20-cv-05671-JD <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED [CIV. L.R. 3-12, 7-11]** <br><br> <u>Case to be Related:</u> <br> *Aptoide, S.A. v. Google LLC, et al.*, Case No. 3:26-cv-3165; filed April 14, 2026 |

APTOIDE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1

TO THE COURT AND ALL OTHER PARTIES OF RECORD:

Pursuant to N.D. Cal. Civil Local Rules 3-12(b) and 7-11(a), Plaintiff Aptoide, S.A. ("Aptoide") respectfully submits this administrative motion to consider whether *Aptoide. S.A. v. Google LLC, et al.*, Case No. 3:26-cv-3165 ("*Aptoide v. Google*") filed on April 14, 2026, should be related to *Epic Games, Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD ("*Epic v. Google*"). A copy of the *Aptoide v. Google* complaint is attached as an exhibit to this Motion.

*Aptoide v. Google* is a civil action for violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2; the California Cartwright Act, Cal. Bus. & Prof. Code §§ 16700, *et seq.*; and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

Under Civil Local Rule 3-12(a), actions are related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both criteria are met here.

***First***, both actions involve the same defendants, transactions, and events. The defendants in *Aptoide v. Google* are the same as in *Epic v. Google*—Google LLC and its wholly-owned subsidiaries Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. In addition, both actions allege that Google engaged in unlawful monopolization and unreasonable restraints of trade in the same geographic and product markets in violation of the same federal and state statutory provisions.

In *Epic v. Google*, a jury found that Google willfully acquired or maintained monopoly power by engaging in anticompetitive conduct in both the Android App Distribution Market and Android In-App Billing Market in violation of Sections 1 and 2 of the Sherman Act and the Cartwright Act. *See* ECF No. 606, *Epic Games, Inc. v. Google LLC* (N.D. Cal. No. 20-cv-05671) at 2-3. Aptoide's present claims against Google stem, in part, from the same conduct and markets at issue in *Epic v. Google*. As the operator of a competing Android app store that offers in-app billing services, Aptoide alleges that Google's anticompetitive conduct in the Android App Distribution Market and Android In-App Billing Market restricts Aptoide's ability to fairly

compete.  Additionally, Aptoide's Complaint relies in significant part on evidence developed in *Epic v. Google*.

*Second*, this case presents issues of fact and law that are common to *Epic v. Google*, such that duplication of labor and potentially conflicting results may be avoided by assigning the case to the Honorable James Donato, who presides over *Epic v. Google*.  By way of example only, both cases present the following common issues:

- Relevant market definitions concerning (1) the market for the distribution of apps on smartphones that are compatible with the Android mobile operating system and (2) the market for in-app billing services for digital goods and services transactions that are compatible with the Android mobile operating system;

- Google's monopoly power in those markets;

- Google's tying of its in-app payment processing service, Google Play Billing, to the use of Google's app distribution platform, the Google Play Store; and

- The anticompetitive friction imposed by Google on users who download apps from developers' websites and the pretextual claims that such friction is necessary to protect user security.

Accordingly, Aptoide respectfully requests that this Court enter an order relating Case No. 3:20-cv-05671-JD and Case No. 3:26-cv-3165 and notify the Clerk to reassign the latter case to the Honorable James Donato.

Dated: April 14, 2026                    Respectfully Submitted,

By: /s/ Aaron Teitelbaum
Aaron Teitelbaum (SBN 298135)
Andrew Chang (SBN 319009)
KRESSIN POWERS LLC
400 7th St. NW, Suite 300
Washington, DC 20004
Telephone: (202) 922-5962
Fax: (202) 998-9319
Email: aaron@kressinpowers.com
Email: andrew@kressinpowers.com

*Counsel for Plaintiff Aptoide, S.A.*

APTOIDE'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

4