United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | MDL Case No. 21-md-02981-JD |
|---|---|
| | Member Case No. 20-cv-05671-JD |
| | **ORDER RE SECOND EVIDENTIARY HEARING RE PROPOSED INJUNCTION MODIFICATIONS** |

For the parties' second request to modify the injunction entered in *Epic Games, Inc. v. Google LLC et al.*, Case No. 20-cv-05671-JD, MDL Dkt. No. 1179, a hearing will be set for the presentation of testimony and other evidence with respect to these topics:

1) Will the replacement of the provision requiring distribution of alternative app stores on Google Play Store (GPS) with the proposed "Registered App Store" program cause anticompetitive effects or barriers to entry of rival app store providers, particularly for, but not limited to, smaller rivals? How will this proposed modification remediate anticompetitive effects in light of prior testimony that users have been conditioned by Google's monopolization of app distribution to look only at GPS for app distribution?

2) What are the estimated costs of rivals to reach users via store downloads on the internet versus a download via GPS? What scale of operations would likely be needed to make an app store based solely on internet downloads profitable given those costs? Will such costs exclude all rivals other than rivals with the scale of Amazon, Microsoft, and the like?

3) What is the competitive effect of deleting the provision that Google cannot condition payment, revenue sharing, or access to Google products on an agreement with an OEM or carrier to preinstall GPS on any specific location on an Android device? Why would allowing those agreements not reinstate the exclusionary placement practices of GPS?

What evidence is there that OEMs or carriers are willing to place more than one app store in a prominent position on the home screen?

4) What is the justification for deleting the provision that Google cannot prohibit a developer from providing a link to download an app outside GPS? If that provision is deleted, what will prevent Google from returning to its prior practice of banning such links?

5) If such links are retained, what will the competitive effects be if Google charged link-outs the same service fee as for distribution through GPS?

6) Will the proposed modifications, taken individually or collectively, reduce the injunction's redress of the network effects of Google's anticompetitive conduct?

As discussed at the hearing, the parties will propose by May 8, 2026, several dates for the evidentiary hearing after July 7, 2026. The Court will then set the date.

The parties' testimony and evidence should hew closely to the evidence admitted at the jury trial, and the jury verdict. This is not an opportunity to contest or attempt to revise the trial record or verdict. To the extent new evidence is warranted, the parties may propose to introduce it. Unless the parties request otherwise, the Court anticipates that testimony will be from one or two expert witnesses. Dr. Nancy Rose will continue to serve as a court-appointed expert witness on the same terms currently in place.

To maximize the fairness and efficiency of the hearing, the parties will file at least 30 days before the hearing a proffer that summarizes the substance of their proposed testimony and evidence for the listed topics. Dr. Rose will file a response to the parties' proffer, and the parties may depose her if they request, under procedures the Court will order as warranted.

**IT IS SO ORDERED.**

Dated: April 21, 2026

_____
JAMES DONATO
United States District Judge